**United States District Court,**
**District of Columbia**

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia   23664

    Plaintiff, *in propria persona*

        v.

Michael Richard Pompeo
2201 C St NW,
Washington, D.C.  20520
(202) 647-6575
    *in his official capacity as Secretary*
    *of State, of the United States of America*

    and

The United States

Case: 1:19-cv-02316
Assigned To : Contreras, Rudolph
Assign. Date : 7/31/2019
Description: Pro Se Gen. Civ. (F-DECK)

)
)
)
)
)
)
)
)
)
)
)
)

**Complaint For**
Federal Question, Religious
Accommodation, Writ of
Mandamus, Declaration,
Injunction, Compensation
Damages

RECEIVED
Mail Room

JUL 3 1 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## INTRODUCTION

This is a civil action about a federal question regarding government accommodation for

religion.  The Defendant has more than once provided a religious accommodation for my request

for the Defendant to issue to me a passport starting in 2008, notwithstanding that I did not

identify with a Social Security Number (hereinafter "SSN").  It may have helped that evidence

for the bona fides of the sincerity and the practice of my Christian religion is from the judgments

against the government that I obtained in a SSN religious accommodation case in 2002-2006 in

*David Alan Carmichael v. United States,* 297 F3d. 1367, U.S. Ct. App. (Fed. Cir. 2002)

(dismissal vacated); 66 Fed. Cl. 115, U.S. Ct. Fed. Cl. (2005) (unlawful dishcharge and military

pay); 70 Fed. Cl. 81, 86 (2006)(E.A.J.A.)  I have vouched for the sincerity of the faith of some

people in the past in order for them to receive an accommodation for their religion to not identify

with a SSN to get their passport. Recently some told me that their passport renewals request were denied because they did not provide a SSN, though my accommodation was granted. When I contacted the passport agencies, Congressional Representatives, and the White House to try to get access to a policy/practice correction for the other people, an agent of the Defendant (whose conduct appears to me to be rogue) retaliated by sua sponte cancelling my current passport that had been obtained by religious accommodation. Beside the First Amendment, the Religious Freedom Restoration Act, and the President's Executive Order 13798 Promoting Free Speech and Religious Liberty (82 FR 21675) and its accompanying memorandum by the Attorney General, the US Code relating to passports prohibits the refusal of a passport for things protected by the First Amendment (free exercise of religion being one of those). The rogue agent in Sterling, Virginia, will allow an accommodation to the SSN if someone can prove that a SSN has never been associated with them or for other 'technical' reasons, but seems hell-bent on excluding a passport to those who cannot identify with a SSN for reasons of religion.

There is a U.S. Supreme Court SSN religious objection case, *Bowen v. Roy*, 476 U.S. 694, 708 (1986), whose approach to religion jurisprudence diverged from the compelling interest standard of *Sherbert v. Verner*, 374 U.S. 398 (1963), and was cited in the Employment Division v. Smith, 494 U.S. 872 (1990) to support its divergence from the *Sherbert* rule. Yet, even in *Bowen's* analysis, the Court said that hostility toward religion would be shown if the agency grants an exception for one reason yet denies the exception for religion.

This matter requires the court's declaration of law as it relates to the constitutionality of the conduct of United States officers and agents, the guiding statutes and regulations. The remedy required is writ of mandamus, declaratory judgment, and injunction for protection of religion, and other relief in law and equity, and compensation for costs and fees where allowable

by statute.  The case is brought 'pro se' until such time as I can find a lawyer to assist me notwithstanding my poverty.

## PARTIES

1.  I, David Alan Carmichael, am the Plaintiff, *domicil of origin* in California.  I reside in Virginia.  I have the civil rights of a natural born citizen of the United States of America, for the *personam* jurisdiction of the courts of the United States.

2.  The Defendant is, Michael Richard Pompeo, in his official capacity as the Secretary of State of the United States of America.  The Defendant may also be co-conspirators and agents that shall be identified or confirmed upon discovery.  The offices of his are located at 2201 C. Street, N.W., Washington, D.C., 20520.

3.  The Defendant is also the United States, accountable for the Constitutionality of its positive law and the regulations of its agents; and is accountable for costs, compensation not sounding in tort, or other things sounding in tort allowable under the Federal Tort Claims Act; or where redress, relief, compensation or other things are provided by Acts of the Congress of the United States.

## JURISDICTION

4.  The court has original jurisdiction in this case of law and equity, and the laws of the United States, pursuant to the Constitution, according to United States Statutes At Large encoded in the United States Code series at 5 USC §552a, §§701-706; 18 USC §241, §245; 42 USC §408, §2000bb-1; 28 USC §1331, §1346, §1361, §2201, §2202 for Writ of Mandamus, Declaratory Judgment, Injunction, Restitution of costs and fees, Damages where allowable and Further Relief.

## VENUE

5. Pursuant to Federal Civil Procedure, 28 USC §1391 and §88, venue is properly in the United States District Court, District of Columbia, where the Defendant and his agency's headquarters are in the City of Washington, D.C.

## STATEMENT OF FACTS

6. I have a need, a desire, a duty of religion and a right to exit and reenter the United States at will in the ordinary course of life, business, and Christian evangelism ministry. I have for the purposes of religion gone to another country where the use of my United States passport (hereinafter "passport") was a necessity to accomplish that Christian ministry duty. I have been invited to assist in Christian missions-ministry where the use of a passport is necessary to exit this country, enter another, and to return. The law of the United States at 8 USC §1185 says "…it shall be unlawful for any citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid United States passport." I have no other documents for travel or that will suffice for the purposes of a passport. Denial of a United States passport for which I am without a reason to be denied, wherein it makes me an outlaw to travel to and from the United States for purposes of Christian Ministry and evangelism, **places a substantial burden upon my religion**.

7. The U.S. passport application/renewal forms, DS-11 and DS-82 state:

> "FAILURE TO PROVIDE INFORMATION REQUESTED ON THIS FORM, INCLUDING YOUR SOCIAL SECURITY NUMBER, **MAY** RESULT IN SIGNIFICANT PROCESSING DELAYS AND/OR THE DENIAL OF YOUR APPLICATION." (Emphasis added)

8. I am prohibited from identifying with a Social Security Number (hereinafter SSN) on the basis of the Christian religion. My belief and practices are sincere and bona fide. Any demand for me to identify with a SSN **places a substantial burden upon my religion**.

9. The sincerity and bona fides of my belief and practice of religion, as well as the

substantial burden identifying with a SSN places upon my religion, have been tested in the case *David Alan Carmichael v. United States,* 297 F3d. 1367, U.S. Ct. App. (Fed. Cir. 2002) (vacating dismissal); 66 Fed. Cl. 115, U.S. Ct. Fed. Cl. (2005) (unlawful dishcharge and military pay); 70 Fed. Cl. 81, 86 (2006)(E.A.J.A.), where I prevailed substantially, obtaining a judgment in a military pay case where my request for religious accommodation was not processed in accordance with law and regulation.

10. I applied for a U.S. Passport on or about December 17, 2007, requesting a religious accommodation to the requirement to identify with a SSN. I explained that my belief and practices of religion makes identifying with a SSN something which I cannot do. The accommodation request was approved and I was issued a U.S. Passport on or about January 23, 2008, passport #436634760.

11.    On or about January 20, 2018, I applied to renew my passport. I explained in writing a reiteration of the basis for my request for religious accommodation to not have to identify with a SSN. I particularly addressed my letter to "The Honorable Rex W. Tillerson, Secretary of State." I addressed it to Secretary Tillerson, since I understood that he had the authority and particular responsibility to apply the laws protecting religion for the accommodation of my religion. I invoked 42 USC § 2000bb and the First Amendment. My accommodation request was approved and I was issued a U.S. Passport in January 30, 2018, passport #573308010.

12.    A rogue agent of the Defendant recently sent a letter to me saying that my current passport has been cancelled and cannot ever be renewed unless I identify myself with a SSN. It appears that the action was taken against me by the agent, *sua sponte*, in retaliation for my trying to intervene for other members of my Christian community and my sending correspondence to the White House requesting access to the Religious Freedom Task Force.

13.    I have overseen a Christian evangelism and discipleship missions-ministry since 1998. In about 1999, I founded a ministry of biblical pastoral counseling and comfort, to those who abide by the Christian religion of not identifying with the 'Number of the Beast' SSN. I serve there under the auspices of the American Christian Liberty Society (hereinafter A.C.L.S.)

14.    I was given power-of-attorney by one member of A.C.L.S. (Named Redacted – Hereinafter "W.P.") so that I might provide administration for him in a matter where his passport renewal was denied for his not identifying with a SSN, by a passport processing center in Virginia. On his behalf, on or about March 12, 2019, I contacted the agency in Sterling, Virginia by telephone and spoke to Christine L. McClean, Branch Director, who introduced herself as Chris McClean without disclosing her title.

15.    When I stated to Chris McClean that W.P. was told in a letter that he could not have an appeal hearing because he had not given a SSN, and that Defendant had not disclosed an alternative to the appeal hearing to obtain a religious accommodation, Chris McClean, stated that there was no other process than the appeal hearing for accommodation of religion and that the law did not give the Defendant any discretion regarding religion. I rebutted her. The conversation was:

> Me:    "...,. He recently got a letter back and it merely stated that it was from Bureau of Consular Affairs, Passport Services, Office of Legal Affairs, Law Enforcement Liaison. It sort of said, 'No, we can't do it. You don't get an appeal hearing if you don't provide a SSN.' But one of the things about his letter, it was very clear. It was a request for religious accommodation. He certainly wasn't willfully, intentionally, negligently or recklessly not providing an SSN. And so he addressed the issue of, it says they "may" turn it down but it doesn't say "must" turn it down. He put a FOIA in there asking actually who it is that makes the determinations, so that if he's going to have to get it turned down or has to deal with the situation that they actually know the person who it is that's making the determination. So I'm calling, (--), to find information about who it is, if there is no hearing over it being denied over an SSN, what is the process for religious accommodation because that process has not been disclosed here?"

C.M.: "The process for religious accommodation? There is not a separate process for that. The law does not give the Department of State any discretion. So (--)"

Me: (interrupting) "Except the word is may. May is pretty discretionary."

16.    On or about March 12, 2019, Chris McClean stated that W.P.'s February 20, 2019 letter to Defendant Mike Pompeo had been forwarded to the proper office according to his directive.

17.    On or about March 12, 2019, I sent a letter to Chris McLean.  She did not reply to the letter in accordance with my request for information.  In my letter, I stated:

Chris McLean,

"In the references (*sic*) conversation, I pointed out that the denial of the passport for not providing a SSN on the application is not something that "requires" disapproval.  Support for that position is adequately addressed in W.P.'s letter requesting the appeal hearing and religious accommodation.

It is improper to deny an appeal hearing.  Your office, or some office which needs to be disclosed, needs to assign a hearing officer who will schedule the hearing and allow the hearing to take place.  The "hearing" once requested is not something that a hearing board has the discretion to deny.  It must occur, and then let the hearing board or officer make their ruling, and let the accountability fall where it may.

In our conversation, you said that W.P.'s letter to the Secretary of State was forwarded to the proper office.  You did not say which office that was.  Please provide the contact information to the office and person to whom W.P.'s letter was sent.  Please provide the name and title of the person in your Office of Legal Affairs that has the highest supervisory position.  Who is the person in the agency who is supposed to assign a hearing officer when someone requests an appeal hearing?  Again, I have been granted power of attorney by W.P. to speak to your agency in this matter."

18.    On or about March 13, 2019, I sent to the Department of State FOIA Officer, a Freedom Of Information Act (hereinafter FOIA) to which requested documents showing:

"1.    The Freedom Of Information Act Officer or Officers at the Bureau of Consular Affairs, Passport Services at Sterling, Virginia.
2.    The Name, Title and contact phone number of the Officers of the State Department that serve at the Bureau of Consular Affairs, Passport Services at Sterling, Virginia;

and of the Officers of the Bureau of Consular Affairs, Passport Services, Office of Legal Affairs; and of the Officers of the Bureau of Consular Affairs, Passport Services, Office of Legal Affairs, Law Enforcement Liaison.

3.   The meaning of department codes shown on the enclosure "CA/PPT/S/L JN59".  I can deduce that CA means Consular Affairs; Particularly, I need to see a document that would show what the "JN59" code means, or who JN59 is, what is the person's name, title and phone contact number.

4.   The Title of and office of Chris McLean who works at that bureau cited herein and that can be found at phone number (202) 485-6400"

19.   Defendant's FOIA Officer did not respond to my FOIA of March 13, 2019.

20.   May 9, 2019, on behalf of myself and the American Christian Liberty Society, I sent

letters to the Congresspersons Honorable Elaine Luria, Honorable Mark Warner, Honorable Tim

Caine, to the Vice President, and to the President saying:

"Many in our Christian Fellowship are being denied original passports or renewed passports unless we violate our Christian religious practices.  The passport processing service in Sterling, Virginia has granted some of our applications for passports on the basis of our request for religious accommodation; and have denied some applications saying that they are not authorized to honor requests for religious accommodation.  One officer, Chris McLean, told me on the phone today that our denied applications are not allowed an appeal hearing and that there is no appeal process for reasons of religion.  She said there is an accommodation for some people for technical reasons, but no accommodation for religion.  Her statement is squarely contrary to your Executive Order 13798 and the Attorney General's "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES, Federal Law Protections for Religious Liberties."  Substantiating documentation is available upon your request.

Please provide access to the Religious Liberty Task Force so that we can find relief to the substantial burden being placed upon us."

21.   On or about June 22, 2019, I received a letter from the White House stating that they

sent my correspondence to the appropriate Federal agency, without saying what agency to which

they referred my correspondence.

22.   On or about June 24, 2019, I received express delivery by United Parcel Service,

from JN59, DOS-CA/PPT/HQ, 600 19TH STREET, N.W., WASHINGTON  DC 20006,

tracking number 1ZX3370W3694466644.  In the envelope was a letter from the United States

Department of State, Washington, D.C. 20520, dated JUN 2 0 2019 to me at my home. The

letter stated:

> "The Department of State has revoked U.S. Passport number 573308010, issued
> to you in error on January 30, 2018. This action is taken in accordance with 22
> C.F.R. § 51.62 (a)(2), which provides that a U.S. passport may be revoked when it
> has been determined that the passport was obtained illegally, fraudulently or
> erroneously. The regulations cited in this letter may be found at
> http://www.ecfr.gov.

> Department records show that you submitted an application for a U.S. passport by
> mail in May 2018, without listing a social security number (SSN) on the
> application. You also submitted a statement about why you would not provide
> your SSN.

> Consistent with 22 U.S.C. 2714a and 22 C.F.R. 51.60(f) the Department requires
> that passport applicants provide their SSN on their application, if they have been
> issued one. For applicants who were never issued an SSN, then the Department
> requires a declaration under penalty of perjury to that effect. Failure to provide
> the SSN, or "willfully, intentionally, negligently, or recklessly" providing an
> incorrect or invalid SSN, or failing to provide an appropriate declaration, will
> result in the denial of the application. As you did not provide your SSN or an
> appropriate declaration, U.S. Passport number 5773308010 should not have been
> issued and is revoked pursuant to 22 C.F.R. § 51.62 (a)(2).

> Under 22 C.F.R. §§51.7 and 51.66, the U.S. passport remains the property of the
> U.S. Government and must be surrendered upon demand. Please immediately
> return U.S. Passport number 573308010 to the following address:  U.S.
> Department of State, CA/PPT/S/L/LA, 44132 Mercure Circle, P.O. Box 1227,
> Stering, VA 20166-1227.

> You may request a hearing under 22 C.F.R. §§ 51.70-51.74. The hearing would
> take place in Washington, DC and would only address the basis upon which the
> Department revoked your passport. If you choose to request a hearing you must
> submit your request in writing by mail to the address above within sixty (60) days
> from receipt of this letter. The revocation is final and is not stayed by a request
> for a hearing.

> Because the passport was issued based on our error, you may reapply for a
> passport without paying additional fees by submitting a new complete Form DS-
> 82, U.S. Passport Renewal Application that includes your SSN **within 90 days** to:

>> National Passport Center
>> Attn: Jason Galvin
>> 44231 Mercure Circle

P.O. Box 1108
Sterling, VA  20166-1108

If you do not submit this application within 90 days, should you wish to obtain a passport, you will need to re-apply by properly submitting a new passport application along with all required documents and paying all application fees, following the instructions found at http:travel.state.gov.

Sincerely,

Bureau of Consular Affairs
Passport Service
Office of Legal Affairs and
Law Enforcement Liaison"

23.     On or about July 2, 2019, I received a letter dated June 25, 2019, post marked June

26, 2019, from the Defendant, CA/PPT/S/L ST12, stating:

Thank you for contacting The White House regarding your concerns surrounding the U.S. passport application process.  This response assumes that your concerns surround the social security number requirement on U.S. passport applications. Your inquiry was forwarded to this office for response.

Pursuant to 22 U.S.C. 2714a, passport applicants must provide their social security number (SSN) on their application, if they have been issued one.  Failure to provide the SSN, or "willfully, intentionally, negligently, or recklessly" providing an incorrect or invalid SSN will result in the denial of the application. See 22 C.F.R. 51.60 (f).  Pursuant to 22 C.F.R. 51.70, a hearing is not provided for applications denied or passports revoked for failure to provide a social security number.  However, if the applicant does not have a social security number and has never been issued one, they cannot provide one on their application.  However, in such an instance they are required to provide a declaration signed under penalty of perjury explaining the reasons.  You may also see the FAQs found at https://travel.state.gov/content/travel/en/passports /apply-renew-passport/faqs.html#ssn for additional information.

24.     The Defendant Agent's June 25, 2019, cited above was not signed but merely cited,

"Office of Legal Affairs and Law Enforcement Liaison, Office of Passport Services, Bureau of

Consular Affairs.

25.     Among the letters I had been shown by the members of my family and others in my

Christian Fellowship of the A.C.L.S., I've been shown the affidavit that the Defendant, in

particular one in the Sterling, Virginia office, wants us to sign in order to get a passport without providing a SSN.  Though in their June 25, 2019, statement they said that a declaration "explaining the reasons" was sufficient to obtain an application without a SSN, their practice is to exclude religious reasons and only allow one 'technical' reason.  The Defendant, particularly Christine L. McClean, requires an affidavit that declares that the Social Security Administration (hereinafter SSA) has never "issued" such a number associated with the applicant.  In my case, the situation is ambiguous.  I sent a letter to the Commissioner of SSA on October 1, 1996, voiding any application that might have been done on my behalf or those of my household and explaining that my motive was based upon direct and extrinsic fraud, and that I was prohibited by religion from identifying with a SSN.  The Commissioner did not send a response letter nor did the Commissioner refute my claim.  I cannot sign such an "affidavit" because I have never been able to get the SSA to suppress their records for my name like they are doing for other Christian sects like the Amish; and because I cannot in good conscience sign an affidavit about a third person about whose records I cannot have first hand knowledge.  I understand the command of religion "thou shalt not bear false witness" applies to testimony about which one is not a witness.

26.    The Defendant Agent's June 20, and June 25, 2019, letters reiterated the circular reasoning that I must continue to apply for a passport, that there will be no appeal hearing, and that the matter of religion and the laws, Executive Order and other things protecting religious were wantonly disassociated from my clear request for accommodation of my religion.  It showed that there is an accommodation for secular technical reasons, but the particular agent deciding upon the matter in this instance is hostile toward religion.  So hostile, that (probably she) retroactively and *sua sponte* usurped the higher authority of the Secretary of State and the

law Secretary Rice applied the accommodation in 2008 and Secretary Tillerson in 2018.

27.    The Defendant's Agent excluded the matter of religion in each of her official letters.

Those acts are direct and extrinsic fraud.

28.    The fraudulent supposed-cancellation of my passport appears to be retaliation or

retribution for my administrative actions to help W.P., and others in our Christian Fellowship, to

secure the renewal of his or their passports obtained by religious accommodation.

29.    The Social Security Administration, in an April 11, 2003 letter from Charles A.

Mullen, Social Security Administration, Associate Commissioner, Office of Public Inquiries,

made the official statement that:

> "The Social Security Act does not require a person to have a Social Security
> number to live and work in the United States, nor does it require a Social Security
> number simply for the purpose of having one."

30.    **The statutes controlling passports, at 22 USC §2721 says:**

> "A passport may not be denied issuance, revoked, restricted, or otherwise limited
> because of any speech, activity, belief, affiliation, or membership, within or
> outside the United States, which, if held or conducted within the United States,
> **would be protected by the first amendment** to the Constitution of the United
> States." (Emphasis added)

31.    The government has no compelling interest in associating me with a SSN, especially

for the purposes for which the SSN is requested relating to the passport.

32.    The U.S. Supreme Court indicated in *Bowen v. Roy*, a SSN religious objection case

that under the circumstances of the my case, the accommodation I requested was properly

granted and unlawfully supposedly spontaneously cancelled:

> ""**If a state creates such a mechanism, its refusal to extend an exemption to an
> instance of religious hardship suggests a discriminatory intent.** Thus, as was
> urged in Thomas, to consider a religiously motivated resignation to be "**without good
> cause**" tends to exhibit hostility, not neutrality, towards religion. See Brief for
> Petitioner 15, and Brief for American Jewish Congress as Amicus Curiae 11,
> in Thomas v. Review Board of Indiana Employment Security Div., O. T. 1979, No.

79-952. See also Sherbert, supra, at 401-402, n. 4; United States v. Lee, 455 U. S., at 264, n. 3 (STEVENS, J., concurring in judgment)"" [Emphasis added] *Bowen v. Roy*, 476 U.S. 694, 708 (1986)

33.    The U.S. passport/renewal forms state:

"You do not have to supply this information unless this collection displays a currently valid control number. If you have comments on the accuracy of this burden estimate and/or recommendations for reducing it, please send them to: U.S. Department of State, Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison, 44132 Mercure Cir, P.O. Box 1227, Sterling, Virginia 20166-1227"

34.    The U.S. passport/renewal applications state:

"WARNING: False statements made knowingly and willfully in passport applications, including affidavits or other documents submitted to support this application, are punishable by fine and/or imprisonment under U.S. law including the provisions of 18 U.S.C. 1001, 18 U.S.C. 1542, and/or 18 U.S.C. 1621."

35.    Nowhere in the "Proof of Identity" section of the U.S. passport/renewal application

forms is the SSN stated to be required though it says later that the SSN is used to verify identity.

36.    It is the Tax Law section of the U.S. passport U.S. passport/renewal application

forms that state the reason and authority that allows the State Department to ask for a Social

Security Number is:

"Section 6039E of the Internal Revenue Code (26 U.S.C. 6039E) and 22 U.S.C 2714a(f) require you to provide your Social Security number (SSN), if you have one, when you apply for or renew a U.S. passport. If you have never been issued a SSN, you must enter zeros in box #5 of this form. If you are residing abroad, you must also provide the name of the foreign country in which you are residing. The U.S. Department of State must provide your SSN and foreign residence information to the U.S. Department of the Treasury. If you fail to provide the information, your application may be denied and you are subject to a $500 penalty enforced by the IRS. All questions on this matter should be referred to the nearest IRS office."

37.    Thus says, Section 6039E of the Internal Revenue Code (26 USC 6039E):

"(a) General rule  Notwithstanding any other provision of law, any individual who—
(1) applies for a United States passport (or a renewal thereof), or shall include with any such application a statement which includes the information described in subsection (b).

(b)Information to be provided  Information required under subsection (a) shall include—
   (1) the taxpayer's TIN (if any), (4)  such other information as the Secretary may prescribe.
(c)Penalty
Any individual failing to provide a statement required under subsection (a) shall be subject to a penalty equal to $500 for each such failure, unless it is shown that such failure is due to reasonable cause and not to willful neglect."

38.    The enforcement of 26 USC 6039E is not the denial of a passport, but a $500 fine,

"unless it is shown that such failure is due to reasonable cause and not to willful neglect." I

provided "reasonable cause" information to the Defendant, and I did not commit "willful"

neglect but rather conveyed the "reasonable cause."

39.    **The Use of Social Security Number** section on the U.S. passport/renewal

application forms state:

> "Your Social Security number will be provided to U.S. Department of Treasury, used in connection with debt collection and checked against lists of persons ineligible or potentially ineligible to receive a U.S. passport, among other authorized uses.

40.    **The Privacy Act Statement** section on the U.S. passport/renewal application forms

state:

> **"AUTHORITIES**: Collection of this information is authorized by 22 U.S.C. 211a et seq.; 8 U.S.C. 1104; 26 U.S.C. 6039E, 22 U.S.C. 2714a(f), Section 236 of the Admiral James W. Nance and Meg Donovan Foreign Relations Authorization Act, Fiscal Years 2000 and 2001; Executive Order 11295 (August 5, 1966); and 22 C.F.R. parts 50 and 51.

> **PURPOSE**: We are requesting this information in order to determine your eligibility to be issued a U.S. passport. Your Social Security number is used to verify your identity.

> **ROUTINE USES**: This information may be disclosed to another domestic government agency, a private contractor, a foreign government agency, or to a private person or private employer in accordance with certain approved routine uses. These routine uses include, but are not limited to, law enforcement activities, employment verification, fraud prevention, border security, counterterrorism, litigation activities, and activities that meet the Secretary of State's responsibility to protect U.S. citizens and non-citizen nationals abroad. More information on the Routine Uses for the system can be found in System of Records Notices State-05, Overseas Citizen Services Records and State-26,

Passport Records.

**DISCLOSURE:** Providing information on this form is voluntary. Be advised, however, that failure to provide the information requested on this form <u>may</u> cause delays in processing your U.S. passport application and/or <u>could</u> result in the refusal or denial of your application. Failure to provide your Social Security number <u>may</u> result in the denial of your application (consistent with 22 U.S.C. 2714a(f)) and <u>may</u> subject you to a penalty enforced by the Internal Revenue Service, as described in the Federal Tax Law section of the instructions to this form. Your Social Security number will be provided to the Department of the Treasury and may be used in connection with debt collection, among other purposes authorized and generally described in this section." (Emphasis of 'underline' added)

41.    The passport renewal application form DS-82 has the same, or substantially the same statements quoted at the paragraphs above relating to the passport application form DS-11.

42.    I am not one of those who is subject to the denial of my passport renewal on the basis of those things listed or referenced on the application form.

43.    The Defendant is hiding or allowing his agents to unlawfully hide the identity of those who have acted, and are acting, to violate the laws of the United States to my injury and the injury of my religion.

44.    The Defendant failed to follow the directives of Executive Order 13798 and its implementing memorandum for all departments entitled Federal Law Protections For Religious Liberties. He has also failed to disseminate it to his subordinate actors and train them to apply E.O. 13798 and its implementing directives.

45.    The Defendant and his agents knew and should have known that to cancel my passport, knowing the lack of SSN was on the basis of sincere and bona fide religion that is substantially burdened, was clear violation of the Bill of Rights; 42 USC §2000bb, et seq.; E.O. 13798 and its implementing directives from the Attorney General; and 22 USC §2721.

46.    The Defendant and his agents, acted in bad faith to spontaneously after the fact cancel my approved religious accommodation request and passport, knowing it was approved as a

matter of religious accommodation while deliberately and artfully dodging that fact in their correspondence stating they had cancelled the passport.

47.    It took two or more persons, the named Defendant and other actors of his to conspire together for some of the unlawful acts and deprivation of my rights cited in this complaint.

48.    The U.S. Passport of mine was arbitrarily, capriciously, in bad faith, in abuse of discretion, colorably cancelled contrary to the facts, law and national policy in effect when the action was taken on June 20, 2019.

49.    On September 28, 2019, I am scheduled to attend a reunion of the first ship upon which I served, the USS PAUL F FOSTER, EDD-964, the only Spruance Class destroyer remaining in service. It is on a secure military base. I am using my passport as "identification" suitable for entering the military property of the United States to visit that ship with my shipmates. I have no other "identification" documents that can serve that purpose. The Defendant's unlawful interference with this limited opportunity is gravely egregious to my life, liberty and property rights, and is a great offence to my very soul.

## FIRST CAUSE OF ACTION
### (Violation of 22 USC §2721)

50.    The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

51.    Defendant unlawfully denied, revoked, restricted and otherwise limited my passport renewal applications or cancelled my passport or its application because of my speech, activity, belief, affiliation, or membership, within or outside the United States which is protected by the first amendment to the Constitution of the United States, in violation of 22 USC §2721.

52.    The failure of the Defendant to comply with 22 USC §2721 and apply an accommodation for religion that was previously granted to me by the Defendant's predecessor

was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation

and mandatory published procedure whereby I was seriously prejudiced, resulting in the

unlawful denial of my passport renewal applications;  wrongfully causing me expenses and

injury to my property right in the application and its process,  under the colorable cancellation,

wrongfully causing me injury to my property and liberty rights in travel and the applied-for

passport necessary to that travel; and monetary injury in the amounts and ways set forth in the

demand for relief below.

### SECOND CAUSE OF ACTION
### (Violation of 42 USC §2000bb, et. seq.)

53.    The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged

and incorporated herein by presumed reference.

54.    The Defendant is unlawfully placing a substantial burden upon my bona fide belief

and practice of Christian religion, demanding that I identify with a Social Security Number

which is prohibited in the Revealed law that is of higher authority, penalty and reward of any

worldly law.  The Defendant is unlawfully placing that substantial burden without any

compelling interest of government toward me or in general.  The Defendant is unlawfully

ignoring those less restrictive means that are already being used by his department to renew or

issue passports without identifying with a Social Security Number for technical reasons and

denying that same accommodation to me in opposition to my religion.  Thereby, the Defendant

violates the positive law of the United States that protects religion shown at 42 USC §2000bb, *et*

*seq.*

55.    The failure of the Defendant to comply with 42 USC §2000bb, et seq., is arbitrary,

capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory

published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my

passport renewal applications, wrongfully causing me injury to my property and liberty rights in travel and the applied-for passport, and monetary injury in the amounts and ways set forth in the demand for relief below.

### THIRD CAUSE OF ACTION
### (Violation of Executive Order 13798)

56.    The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

57.    The Defendant is unlawfully violating the policy of the United States, of the Executive Order 13798 and its implementing "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, "Federal Law Protections for Religious Liberties." The Defendant, in opposition to that United States policy is wantonly using the color of a statute or regulation as an unreasonable excuse to unlawfully deny, revoke, restrict and otherwise limit my passport renewal application or cancelling my passport, placing a substantial burden upon my bona fide belief and practice of Christian religion, demanding that I identify with a Social Security Number which is prohibited in the Revealed law which is of higher authority, penalty and reward of any worldly law.  Though the statute and regulations, upon which the Defendant supposedly relies, says his department "may" deny a passport application the Defendant has said that the department "must" deny the application.  Though the United States policy clearly shows that there is a positive duty for the Defendant to find an accommodation unless truly impossible or unjustly injures another's life, liberty or happiness, the Defendant has falsely said that the law and policy does not allow for accommodation of religion.  Thereby, the Defendant violates the Executive Order 13798 and its implementing memorandum in violation of the public policy of the United States.  He has also failed to disseminate the information to his subordinates.

58.     The failure of the Defendant to comply with the policy of the United States, of the

Executive Order 13798 and its implementing "MEMORANDUM FOR ALL EXECUTIVE

DEPARTMENTS AND AGENCIES titled, "Federal Law Protections for Religious Liberties." is

arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and

mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful

denial or cancellation of my passport renewal applications, wrongfully causing me expenses and

injury to my property right in the application and its process, injury to my property and liberty

rights in travel and the applied-for passport necessary to that travel, and monetary injury in the

amounts and ways set forth in the demand for relief below.

## FOURTH CAUSE OF ACTION
### (Violation of 22 CFR 51.70 and the Fifth Amendment to the U.S. Constitution)

59.     The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged

and incorporated herein by presumed reference.

60.     The Defendant is unlawfully violating the law of the Fifth Amendment to the

Constitution of the United States by wantonly denying access to the appeal process pursuant to

22 Code of Federal Regulations §51.70(b)(2) since the appeal process is denied by that

regulation only to those who fail to provide a social security number, or purposefully providing

an incorrect number.   The Defendant is also unlawfully prohibiting any reasonable due process

by which to obtain a passport or accommodation for religion by saying that I must continue to

reapply for a passport under that same conditions that the Defendant says will warrant the denial

of my application for passport.   I did not fail to provide social security number information nor

did I provide an incorrect number.   I provided the social security number information that applies

to me.   That information I provided on the form is just as valid, if not more valid, as is the

Defendant's affidavit form sent to other people which the law and regulations said I need not file

since it does not have a valid OMB number.  The Defendant allows other people in lieu of an 'actual' SSN to use terms such as "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", "n/a", "not applicable", "religious prohibition" as the fulfillment of the social security number information requirement.  Therefore, like other people who have had their passports approved and renewed without using the exact numbers of a SSN, I did not "fail" to provide a social security number and my information provided was purposefully correct.  Therefore, I have indeed fulfilled the provisions of 22 CFR 61.60 (f) and therefore ought not to be denied the due process of an appeal hearing.

61.    The unlawful failure of the Defendant to provide an appeal hearing was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application; wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## FIFTH CAUSE OF ACTION
### (22 CFR 51.60  is Overbroad in violation of the First and Fifth Amendments to the U.S. Constitution)

62.    The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

63.    The Defendant is through his regulation 22 CFR §51.60 with 22 CFR §51.70 violating the law of due process protected by the Fifth Amendment to the Constitution of the United States since it is overbroad.  It affects the denial of rights protected by fundamental, and other law, of those who cannot, by reason of volition or religion, apply or participate with the program related to the SSN, arbitrarily imposing upon rights whose protection is guaranteed by

that Constitution.

64.    The failure of the Defendant to confine his acts within the boundaries of the

United States Constitution is arbitrary, capricious, in bad faith, without any rational basis and

contrary to law, regulation and mandatory published procedure whereby I was seriously

prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my

passport or its application, wrongfully causing me expenses and injury to my property right in

the application and its process, injury to my property and liberty rights in travel and the applied-

for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in

the demand for relief below.

### SIXTH CAUSE OF ACTION
### (Violation of 42 USC §408(a)(8))

65.    The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged

and incorporated herein by presumed reference.

66.    The Defendant did, and is, violating 42 USC §408(a)(8) where he unlawfully compels

"the disclosure of the social security number of any person in violation of the laws of the United

States." Though there is authorization for him to ask for such a number, it is unlawful for him to

use his power of coercion over destroying my property an liberty rights attached to my passport,

for which I obtained in 2008 and have been attempting to renew, since I am prohibited by the

higher law of religion from identifying with such a number and he has been made aware of it.

67.    The unlawful coercion by the Defendant upon me by unlawfully demanding that I

identify with a SSN, willingly and knowingly attacking me in my duties of religion in violation

of the laws of the United States, is a felonious act according to 42 USC §408(a). I was thereby

seriously prejudiced, resulting in the unlawful denial of my passport renewal applications;

wrongfully causing me expenses and injury to my property right in the application and its

process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## SEVENTH CAUSE OF ACTION
### (Violation of 5 USC 552A)

68.     The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

69.     The Defendant did and is violating the Privacy Act, 5 USC §552(a) where he says on his passport application/renewal forms that " failure" to provide information requested on the form, including your social security number, may result in significant processing delays and/or the denial of your application. Yet he neglected to correctly state in what conditions make it voluntary and what make it mandatory; and in what conditions the consequence for not providing a SSN will result in a denial and what conditions the consequence for not providing a SSN will result in approval. He failed to particularly notify of the fact, and apply the provisions for, "good cause."

70.     The unlawful failure of the Defendant to apply the requirements and boundaries of the Privacy Act, 5 USC 552a, injured me and my rights where I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application; wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## EIGHTH CAUSE OF ACTION
### (Violation of First and Fifth Amendments, Abridging The Right of Redress of Grievances by Hiding Perpetrators)

71.     The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

72.     The Defendant unlawfully refused to comply with law, regulation and his own rules and policy in assigning an Authorizing Officer and an Appeal Officer who is named and can be known to me in the application for passport renewal processing, who can be communicated to about my case with which they are cognizant and for which they are accountable. The Defendant refused to provide that information forthrightly, and denied to me that information when I requested or demanded it. The Defendant is thereby hiding perpetrators of unlawful actions cited in this complaint.

73.     The unlawful refusal to disclose to me the names of the actors who refused to comply with law, regulation and his own rules and policy and deny my passport renewal, and injure me for the sake of my practice of Christian religion violates the self-executing provisions of the First, Fifth and/or Ninth Amendments to the Constitution of the United States. I was thereby seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application, , wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## NINTH CAUSE OF ACTION
### (Violation of 18 USC §241, Conspiracy against rights)

74.     The allegations contained in Paragraphs 1 through 49 of this Complaint are re-alleged and incorporated herein by presumed reference.

75.     In violation of 18 USC § 241, the Defendant and his agents, unlawfully conspired to

injure, oppress, threaten, or intimidate me in the District of Columbia and across state boarder lines in the free exercise or enjoyment of any right or privilege secured to me by the Constitution or laws of the United States, and is doing so in retaliation to my attempts to exercise my rights protected by those laws regarding my property right, privilege, and equal access to the renewal of my previously secured passport and to also freely exercise religion.

76. The wonton violation of 18 USC § 241 conspiring to deny me the exercise of rights and privileges of the right renew my passport while also exercising my Christian religion was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application; wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## RELIEF

77. Assume jurisdiction of this case;

78. Pursuant to 42 USC §2000bb-1, 5 USC §706, 28 USC §1361, §§2201-2201 and the statutes associated thereto, to the extent necessary to decision and when presented, decide relevant questions of law, interpret constitutional and statutory provisions and apply them, and determine the meaning or applicability of the terms of an agency action. Also:

(1) compel (mandamus or injunction) the Defendant or agency action unlawfully withheld or unreasonably delayed, namely **void** the cancellation of the renewal of the my passport for which I applied was granted religious accommodation by the issue of my

passport 5733088010; or otherwise compel the renewal of my passport application without fee unless the Defendant can show a lawful prohibition of my freely exiting and entering this and other friendly countries, and

(2)  hold unlawful and set aside the Defendant or agency action, findings, and conclusions found to be—

(A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B)  contrary to constitutional right, power, privilege, or immunity;

(C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D)  without observance of procedure required by law;

(E)  unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)  unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

(3)  find, hold, and declare unlawful the actions of the defendant and any conspirators, co-conspirators, or other persons acting under the color of official policy or power, that were arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure.

79.   Enjoin Defendant and his agency to not deny passport applications for reasons of failure to be identified with a SSN on the basis of their religion, for me, my family, and those of my religious belief and practice who cannot identify with a SSN for reasons of religion whether or not the SSA or any other agency may claim to have associated that person with a SSN.

80.   Award to me a civil penalty against the Defendant pursuant to relief available under United States law, 5 USC 552a(g)(1), and attorney's fees pursuant to 5 USC 552a(g)(3); and actual damages sustained by me but in no case less than the sum of $1,000 and attorney's fees as determined by the court pursuant to 5 USC 552a(g)(4).

81.   Award money to me as restitution and a penalty against the Defendant in the amount of no more that $500,000 for the felonious acts by the organization pursuant to pursuant to 42 USC 408(b) and 28 USC §3571(a) and (c)(3).

82.   Award money damages to me as a punitive measure and for restitution for the Defendant and his agents in their official capacity violating 18 USC §241 conspiring to deny my rights to the passport/renewal for which I applied, and for willfully injuring my right to access and to be protected by those laws protecting in the free exercise of my Christian religion.

83.   Award money damages to me for the extra fees I paid for any additional applications which were not necessary, nor appropriate since my application was for renewal of my passport which was still valid when I began the process to renew it.

84.   Provide other relief that might be known or found to be suitable, lawful, equitable or otherwise which is in the power of the court to grant in keeping with the Federal Tort Claims Act.

85.   Award money to me of Cost of Attorney's fees and other expenses, pursuant to the Equal Access To Judgment Act, 5 U.S.C. §504; 28 U.S.C. §1361, §2412, with adjustments for particular specialty of legal aid and experts and for cost of living increases like the process set forth in *Carmichael v. United States*, 70 Fed. Cl. 81, 85 (2006).

## SEVERABILITY

86.   Any such paragraphs, counts, claims, or other things herein which might be

determined based upon facts and law to be limited by immunity, qualified immunity, or sounding in tort not particularly allowable to be brought against the United States or an officer acting in their official capacity, or upon a person acting merely under the color of law of the United States or a State, shall be severable from this case specifically limited to where those portions are limited by immunity or qualified immunity or sounding in tort and where relief is not been provided by an Act of the Congress of the United States. Any such disqualification for reasons of immunity, qualified immunity or sounding in tort, shall be reserved for a separate suit where any person discovered to be acting under the color of law rather than their official capacity can be held accountable for their own actions where the United States or Defendant Michael Richard Pompeo acting in his official capacity retain the blessings of sovereign immunity.

I, David Alan Carmichael, swear that the foregoing statements are true.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664
(757) 850-2672
david@freedomministries.life

City of Hampton
Commonwealth of Virginia

The foregoing instrument was subscribed and sworn before me

this _29_ day of July, 2019 by _David Alan Carmichael_

_Kelley S Williams_ (Notary Public's signature) Notary

registration number:_7530077_

My commission expires: _February 29, 2020_

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by
(hand)/ ~~mail~~, my July 30 , 2019, my letter to the Clerk
of the U.S. District Court, Washington, D.C., regarding the
filing of my complaint against Secretary of State Mike
Pompeo, and the United States, with such Complaint delivered
with this certificate, and the filing fee of $400.00 ~~cash~~ *postal / Money Order*
delivered to the Clerk at:

> Angela D. Caesar
> Clerk of Court, District Court of the United States, *I was denied*
> United States Courthouse *entrance to*
> 333 Constitution Ave NW *the building*
> Washington, DC 20001 *because I did*

The copies of the documents were then mailed to the *not have*
Defendants and their Attorney at: *"Valid I.D."*

> Michael R. Pompeo
> Harry S. Truman Building
> 2201 C St NW *I included*
> Washington, DC  20520 *the "Civil Cover" Sheet*

> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

*They would not
let me in
The building
to file a
Summons*

I accept service at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

*Dac*

Wherefore, I hereby certify under the penalty of perjury
under the laws of the United States that the foregoing is
true.

David Alan Carmichael                July 30 2019
_____                _____
David Alan Carmichael                Date