**United States District Court,
District of Columbia**

RECEIVED
NOV 25 2019
Clerk, U.S. District and
Bankruptcy Courts

David Alan Carmichael )
   *et al.* )
  )
v. ) Case No: **1:19-cv-02316**
  )
Michael Richard Pompeo )
   *et al.* )

**Plaintiff's Augment To "Objection To Defendant Motion for Extension of Time To Reply and Cross Motion To Deny the Defendant's Request, and To Declare Default"**

1. On November 12, 2019, the Defendant's Attorney notified me of his intent to request an extension of time. I explained the nature of my objection and offered a means of settlement should the Defendant act to uphold law protecting religion.

2. Without having access to the actual written motion by the Defendant, I immediately drafted an objection and cross-motion and got it in the mail that day, certified mail. I reserved the right to augment the objection and motion within the time limit allowed for responding to motions.

3. The post-mark of the Motion by the Defendant indicates that it was mailed to me on the next day, the day after the Defendant's 60-day deadline and did not arrive at my home until the end of the day on Saturday, four days after the deadline. The following Augment to my initial immediate submission of an objection is here below provided now that I have had access to the Defendant's actual written motion:

**Defendant's Misrepresentation**

4. The Defendant <u>misrepresented</u> his motion for an extension of time where the Defendant's 'eleventh-hour' motion was '<u>couched</u>" as a response to a motion of mine. Any response to my motion for complaint-amendment, which I served within a week of my serving the Defendant with the original complaint, should have been responded to <u>no later than</u> October 9th. The Defendant neglected to meet the deadline required for responding to my motions according to the

p. 1 of 4

Rules-of-Court, LCvR 7(b), and should not be given-a-pass especially where his 'response' to my motion is given more than a month passed the deadline. The Court ought to treat my motion as conceded by the Defendant, especially since the motions to amend were timely, in accordance for the rules for complaint-amendment <u>without</u> leave of Court.

5.  The Defendant <u>misrepresented</u> his motion to join Parties where it is <u>'couched' as a motion of his own</u>. His color of proposal is merely a reconstruction of my motion for Joinder which he had acquiesced 34 days earlier when he failed to respond by the October 9th deadline. The Defendant's 'motion,' related to amendments, ought to be ignored or dismissed as untimely, dilatory, moot and irrelevant since the motions of mine were filed and served within twenty-one days of the original complaint service upon the Defendant, requiring no leave of Court, and the Defendant neglected to respond.

6.  The Defendant <u>misrepresented</u> Local Rule 7(i). The submission of an entire complaint 'as amended' is only required on a motion for "<u>leave</u> to file an amended pleading." There is no "leave" required. The assertion that time is necessary for me to change the form, of the Complaint and motion documents, is unjustly dilatory. As I understand it, the Complaint is actually amended by those things that I have submitted. I used the word "constructively" and provided a proposed order which has not been acted upon and may not be necessary. It is the prerogative of the Court or the Clerk to direct me to make physical changes to the form of the complaint should it be necessary.

7.  <u>The documents that I've submitted, in their current form, do not interfere with substantive due process and are in fact helpful in isolating the facts related to each complainant</u>.

**Only Relevant - Is The Defendant's 'Alternative' Motion**

8.  The substantive motion of the Defendant's is, "Alternatively, Defendants respectfully

request an additional 30 days, *i.e.*, until December 12, 2019, to respond to Plaintiff's complaint." There is no statement of a "good cause" to justify any additional time.

9. The Defendant's itemizing the elements of his job description are not sufficient to make his "neglect" excusable. The propensity of the Defendant to be sued, and to not hire sufficient staff to handle the load, cannot make the Defendant's neglect excusable.

10. I am injured and prejudiced, by the Defendant's delays, in my time, stress and interference with my main vocation, family duties and travels. I was recently unable to travel to and from the West Coast to accompany my infirmed family member because my supposed 'cancelled' passport cannot be used for a travel document. The interference with my approved passport threatens me with otherwise unwarranted pains continually.

11. The Defendant's response that ought to have been provided, if the Attorney's Department's purpose is indeed justice, is to admit all facts as claimed and take measures to correct the injury and settle the matter.

12. Therefore, on the matter of the Defendant's 'actual' rather than merely alternative motion, the Court ought to dismiss the Defendant's motion.

13. My Cross-Motion sent on November 12, 2019 still stands wherein it stated:

> "I cross-move the Court to **deny a request by the Defendant to extend time** to respond. I move that this motion be ruled upon without a hearing."

14. My Motion sent on November 12, 2019 still stands wherein it stated:

> "I move the Court to **Declare the Defendant in Default**; that all statements of facts by the complainant in his complaint as presumed fact prima facie, be found to be uncontested by the Defendant and thereby agreed to by the Defendant tacitly."

15. My Motion sent on November 12, 2019 still stands wherein it stated:

> "I move the Court schedule a **"Scheduling Conference"** to set dates for motions by the Complainant to move the Court to rule on matters of law and remedy cited in the Complaint."

**Testament**

I, David Alan Carmichael, submit the foregoing facts of paragraphs 1. through 15. to be true, under the penalty of perjury under the laws of the United States.

_David Alan Carmichael_      _November 23, 2019_
David Alan Carmichael              Date
1748 Old Buckroe Road
Hampton, Virginia 23664
(757) 850-2672
david@freedomministries.life

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by mail, my November 22, 2019, ""Plaintiff's Augment To "Objection To Defendant Motion for Extension of Time To Reply and Cross Motion To Deny the Defendant's Request, and To Declare Default."" I sent the documents by mail to the Court at:

>Angela D. Caesar
>Clerk of Court, District Court of the United States
>United States Courthouse
>333 Constitution Ave NW
>Washington, DC 20001

Certified U.S. Mail
# 7015 0640 0002 8790 0027

A copy of the objection and motion was sent to:

>United States Attorney
>United States Attorney's Office
>Attn: Christopher Hair
>555 4th Street, N.W.
>Washington, D.C.  20530

>Lawrence Donald Lewis
>966 Bourbon Lane
>Nordman, Idaho  83848

>William Mitchell Pakosz
>Box 25
>Matteson, Illinois  60443

I accept service at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_____        _____
David Alan Carmichael                   Date  November 22, 2019



1748 Old Buckroe Road
Hampton, Virginia 23664

7015 0640 0002 8790 0027

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Court House
333 Constitution Avenue, N.W.
Washington, D.C. 20001