**United States District Court,**
**District of Columbia**

David Alan Carmichael )
1748 Old Buckroe Road )
Hampton, Virginia   23664 )
)
Plaintiff, *in propria persona* )   Case No: **19-CV-2316**
)
v. )   **Complaint 'Amended' For**
)   Federal Question, Religious
Michael Richard Pompeo )   Accommodation, Writ of
2201 C St NW, )   Mandamus, Declaration,
Washington, D.C.  20520 )   Injunction, Compensation
(202) 647-6575 )   Damages
   *in his official capacity as Secretary* )
   *of State, of the United States of America* )
)
   and )
)
The United States )

**Complaint - Amended**

RECEIVED
Mail Room

DEC – 3 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**INTRODUCTION**

1.    This is a civil action about a federal question regarding government accommodation

for religion.  The Defendant has more than once provided a religious accommodation for

Plaintiffs' requests for the Defendant to issue to a passport starting in 2007 and 2008,

notwithstanding that the Plaintiffs did not identify with a Social Security Number (hereinafter

"SSN").  It may have helped Carmichael to obtain a passport in 2008 and a passport renewal in

2018 due to evidence of the bona fides, sincerity, and the practice, of his Christian religion was

from the judgments against the government that he obtained in a SSN religious accommodation

case in 2002-2006 in David Alan Carmichael v. United States, 297 F3d. 1367, U.S. Ct. App.

(Fed. Cir. 2002) (dismissal vacated); 66 Fed. Cl. 115, U.S. Ct. Fed. Cl. (2005) (unlawful

dishcharge and military pay); 70 Fed. Cl. 81, 86 (2006)(E.A.J.A.)

2.    Carmichael had vouched for the sincerity of the faith of some people in the past in order for them to receive an accommodation for their religion to not identify with a SSN to get their passport.  Plaintiff Pakosz told Carmichael that his passport renewals request was denied because he did not provide a SSN.  Unlike Pakosz, Carmichael's accommodation was granted January, 2018.  Yet, Plaintiff Lewis recently had his passport denied for the same reason as Pakosz.

3.    When Carmichael contacted the passport agencies, Congressional Representatives, and the White House to try to get access to a policy/practice correction for William and others, an agent of the Defendant retaliated by sua sponte cancelling Carmichael's current passport that had been obtained by religious accommodation.  Beside the First Amendment, the Religious Freedom Restoration Act, and the President's Executive Order 13798 Promoting Free Speech and Religious Liberty (82 FR 21675) and its accompanying memorandum by the Attorney General, the US Code relating to passports prohibits the refusal of a passport for things protected by the First Amendment (free exercise of religion, etc.).  The agent in Sterling, Virginia, will allow an accommodation to the SSN if someone can prove that a SSN has never been associated with them or for other 'technical' reasons, but seems hell-bent on excluding a passport to those who cannot identify with a SSN for reasons of religion.

4.  There is a U.S. Supreme Court SSN religious objection case, *Bowen v. Roy*, 476 U.S. 694, 708 (1986), whose approach to religion jurisprudence diverged from the compelling interest standard of *Sherbert v. Verner*, 374 U.S. 398 (1963), and was cited in the Employment Division v. Smith, 494 U.S. 872 (1990) to support its divergence from the *Sherbert* rule.  Yet, even in *Bowen's* analysis, the Court said that hostility toward religion would be shown if the agency grants an exception for one reason yet denies the exception for religion.

5. This matter requires the court's declaration of law as it relates to the constitutionality of the conduct of United States officers and agents, the guiding statutes and regulations. The remedy required is writ of mandamus, declaratory judgment, and injunction for protection of religion, and other relief in law and equity, and compensation for costs and fees where allowable by statute. The case is brought 'pro se' until such time as any of the Plaintiffs can find a lawyer to assist them, notwithstanding their poverty. This is the Complaint submitted by Carmichael on July 31, 2019, amended to include Joined parties in accordance with the Directive of the Court Order of November 21, 2019.

## PARTIES

6. I, David Alan Carmichael (herein "Carmichael"), am the Plaintiff, domicil of origin in California. I reside in Virginia. I have the civil rights of a natural born citizen of the United States of America, for the personam jurisdiction of the courts of the United States. Within a week of filing my complaint, I Joined as complainant William Mitchell Pakosz (herein "Pakosz"), born in Illinois, and Lawrence Donald Lewis (herein "Lewis"), born in New Jersey; having all the natural, common and civil rights of nationals or citizens of a State and the United States. Facts in each Lewis's and Pakosz's situation are parallel to Carmichael's; the Defendant's, the Jurisdiction, Venue, counts, and the relief are the same.

7. The Defendant is, Michael Richard Pompeo, in his official capacity as the Secretary of State of the United States of America. The Defendant shall also be the United States Department of State, and may also be co-conspirators and agents that shall be identified or confirmed upon discovery. The offices of his are located at 2201 C. Street, N.W., Washington, D.C., 20520.

8. The Defendant is also the United States, accountable for the Constitutionality of its positive law and the regulations of its agents; and is accountable for costs, compensation not

sounding in tort, or other things sounding in tort allowable under the Federal Tort Claims Act; or where redress, relief, compensation or other things are provided by Acts of the Congress of the United States.

## JURISDICTION

9.   The court has original jurisdiction in this case of law and equity, and the laws of the United States, pursuant to the Constitution, according to United States Statutes At Large encoded in the United States Code series at 5 USC §552a, §§701-706; 18 USC §241, §245; 42 USC §408, §2000bb-1; 28 USC §1331, §1346, §1361, §2201, §2202 for Writ of Mandamus, Declaratory Judgment, Injunction, Restitution of costs and fees, Damages where allowable and Further Relief.

## VENUE

10.   Pursuant to Federal Civil Procedure, 28 USC §1391 and §88, venue is properly in the United States District Court, District of Columbia, where the Defendant and his agency's headquarters are in the City of Washington, D.C.

## STATEMENT OF FACTS

11.   Each of us has a need, a desire, a duty of religion and a right to exit and reenter the United States at will in the ordinary course of life, business, and Carmichael for the sake of Christian evangelism ministry.   Carmichael has for the purposes of religion gone to another country where the use of the United States passport (hereinafter "passport") was a necessity to accomplish that Christian ministry duty.   Carmichael has been invited to assist in Christian missions-ministry where the use of a passport is necessary to exit this country, enter another, and to return.

12.   The law of the United States at 8 USC §1185 says "…it shall be unlawful for any

citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid United States passport." The Plaintiffs have no other documents for travel that will suffice for the purposes of a passport. Denial of a United States passport for which each is denied, unlawfully, makes the Plaintiffs' outlaws to travel to and from the United States, notwithstanding that some of that travel is for Christian Ministry and evangelism. It **places a substantial burden upon Plaintiffs' religion, liberty and property rights.**

13.    The U.S. passport application/renewal forms, DS-11 and DS-82 state:

"FAILURE TO PROVIDE INFORMATION REQUESTED ON THIS FORM, INCLUDING YOUR SOCIAL SECURITY NUMBER, **MAY** RESULT IN SIGNIFICANT PROCESSING DELAYS AND/OR THE DENIAL OF YOUR APPLICATION." (Emphasis added)

14.    Each of the Plaintiffs are prohibited from identifying with a Social Security Number (hereinafter SSN) on the basis of the Christian religion. Each man's belief and practices are sincere and bona fide. Any demand for either of them to identify with a SSN **places a substantial burden upon their religion.**

15.    The sincerity and bona fides of Carmichael's belief and practice of religion, as well as the substantial burden identifying with a SSN places upon his religion, were tested in the case *David Alan Carmichael v. United States*, 297 F3d. 1367, U.S. Ct. App. (Fed. Cir. 2002) (vacating dismissal); 66 Fed. Cl. 115, U.S. Ct. Fed. Cl. (2005) (unlawful dishcharge and military pay); 70 Fed. Cl. 81, 86 (2006)(E.A.J.A.), where he prevailed substantially, obtaining a judgment in a military pay case where his request for religious accommodation was not processed in accordance with law and regulation.

16.    Carmichael applied for a U.S. Passport on or about December 17, 2007, requesting a religious accommodation to the requirement to identify with a SSN. He explained that his belief and practices of religion makes identifying with a SSN something which he cannot do. The

accommodation request was approved and he was issued a U.S. Passport on or about January 23, 2008, passport #436634760.

17.    December 2007, Pakosz was issued a passport from the Department of State without having to identify with a social security number. His application included a request for religious accommodation with a letter to Secretary of State Condoleezza Rice explaining the bona fides of his religious beliefs and practices that prohibit him from identifying with a SSN. The section below, "Other Facts Particular to Plaintiff William Mitchell Pakosz" contains matters relating to the recent denial of his passport renewal application.

18.    Lewis applied for a passport in the year 2008. He made a request for religious accommodation on the basis of Christian religion which demands that he cannot provide a Social Security Number (hereinafter "SSN"). He explained the duties of his religion in a letter enclosed with the passport application. The Defendant provided a religious accommodation for my request and issued a passport to him on May 02, 2008, Passport Number 445066501, notwithstanding that he did not identify with a SSN. The section below, "Other Facts Particular to Plaintiff Lawrence Donald Lewis" contains matters relating to the recent denial of his passport renewal application.

19.    On or about January 20, 2018, Carmichael applied to renew his passport. He explained in writing a reiteration of the basis for his request for religious accommodation to not have to identify with a SSN. He addressed his letter to "The Honorable Rex W. Tillerson, Secretary of State." He addressed it to Secretary Tillerson, since he understood that he had the authority and particular responsibility to apply the laws protecting religion for the accommodation of my religion. He invoked 42 USC § 2000bb and the First Amendment. His accommodation request was approved and he was issued a U.S. Passport in January 30, 2018,

passport #573308010.

20.    On or about August 16, 2017, Pakosz submitted his application to renew his passport that was originally issued December 11, 2007. In keeping with the renewal application instructions, he submitted his then-current passport with the renewal application. His application for passport renewal was sent with a request for religious accommodation and a note in the SSN block, "Religious Prohibition 42 USC 2000bb." He sent a copy of that correspondence to the Defendant as an exhibit 1 in his letter to him on February 20, 2019.

21.    April 3, 2019, Lewis submitted his Passport Renewal Application, with his then current passport, a photograph suitable for the passport, and a payment of $110.00 for the required renewal fee. Included with his application was an express request for religious accommodation to get relief from the form's request to identify with a SSN. He addressed his letter to "The Honorable Mike Pompeo, Secretary of State, United States Department of State, Via: National Passport Processing Center, P.O. Box 90155, Philadelphia, Pennsylvania 19190-0155."

22.    Pakosz contacted Carmichael and asked for assistance in getting a passport. Pakosz allowed Carmichael to act as Pakosz agent in contacting the Defendant's offices in Sterling, Virginia. Carmichael knows of other people in his Christian fellowship or association that are facing similar problems obtaining passports. When Carmichael found that the Defendant's Branch Director of the Sterling, Virginia Office was particularly involved in the denial of Pakosz renewal request, Carmichael and others wrote letters to the U.S. President, Vice-President, and legislators in the attempt to obtain a political solution. He asked for access to the White House's Religious Freedom Task Force that was announced in the news media. Instead of sending Carmichael's correspondence to the Task Force, or giving Carmichael a contact there, the White

House sent Carmichael's correspondence to the very office of the Defendant that was the problem.

23.     Apparently in retaliation to his redress activities, a rogue agent of the Defendant sent a letter to Carmichael saying that his current passport renewed on January 30, 2018, has been cancelled and cannot ever be renewed unless he identifies himself with a SSN.

24.     Carmichael oversees a Christian evangelism and discipleship missions-ministry since 1998. In about 1999, he founded a ministry of biblical pastoral counseling and comfort, to those who abide by the Christian religion of not identifying with the 'Number of the Beast' SSN. He serves3there under the auspices of the American Christian Liberty Society (hereinafter A.C.L.S.)

25.     Carmichael contacted the Defendant's agency on behalf of Pakosz on or about March 12, 2019. He contacted the agency in Sterling, Virginia, by telephone and spoke to Christine L. McClean, Branch Director, who introduced herself as Chris McClean without disclosing her title.

26.     When Carmichael stated to Chris McClean that Pakosz was told in a letter that he could not have an appeal hearing because he had not given a SSN, and that Defendant had not disclosed an alternative to the appeal hearing to obtain a religious accommodation, Chris McClean, stated that there was no other process than the appeal hearing for accommodation of religion and that the law did not give the Defendant any discretion regarding religion. Carmichael rebutted her. The conversation was:

> Carmichael:   "…,. He recently got a letter back and it merely stated that it was from Bureau of Consular Affairs, Passport Services, Office of Legal Affairs, Law Enforcement Liaison. It sort of said, 'No, we can't do it. You don't get an appeal hearing if you don't provide a SSN.' But one of the things about his letter, it was very clear. It was a request for religious accommodation. He certainly wasn't willfully, intentionally, negligently or recklessly not providing an SSN. And so he addressed the issue of, it says they "may" turn it down but it doesn't say "must" turn it down. He put a FOIA in there asking actually who it is that makes the determinations, so that if he's going to have to get it turned down or has to deal with the situation that they actually know the person who it is that's making the

determination. So I'm calling, (--), to find information about who it is, if there is no hearing over it being denied over an SSN, what is the process for religious accommodation because that process has not been disclosed here?"

Defendant.: "The process for religious accommodation? There is not a separate process for that. The law does not give the Department of State any discretion. So (--)"

Carmichael: (interrupting) "Except the word is may. May is pretty discretionary."

27.    On or about March 12, 2019, Chris McClean stated that Pakosz's February 20, 2019

letter to Defendant Mike Pompeo had been forwarded to the proper office according to Pakosz's

directive.

28.    On or about March 12, 2019, Carmichael sent a letter to Chris McLean. She did not

reply to the letter in accordance with Carmichael's request for information.  Carmichael stated:

"In the references (*sic*) conversation, I pointed out that the denial of the passport for not providing a SSN on the application is not something that "requires" disapproval. Support for that position is adequately addressed in William Pakosz's letter requesting the appeal hearing and religious accommodation.

It is improper to deny an appeal hearing. Your office, or some office which needs to be disclosed, needs to assign a hearing officer who will schedule the hearing and allow the hearing to take place. The "hearing" once requested is not something that a hearing board has the discretion to deny. It must occur, and then let the hearing board or officer make their ruling, and let the accountability fall where it may.

In our conversation, you said that William Pakosz's letter to the Secretary of State was forwarded to the proper office. You did not say which office that was. Please provide the contact information to the office and person to whom William Pakosz's letter was sent. Please provide the name and title of the person in your Office of Legal Affairs that has the highest supervisory position. Who is the person in the agency who is supposed to assign a hearing officer when someone requests an appeal hearing? Again, I have been granted power of attorney by William Pakosz to speak to your agency in this matter."

29.    On or about March 13, 2019, Carmichael sent to the Department of State FOIA

Officer, a Freedom Of Information Act (FOIA) to which requested documents showing:

"1.   The Freedom Of Information Act Officer or Officers at the Bureau of Consular
      Affairs, Passport Services at Sterling, Virginia.

2.    The Name, Title and contact phone number of the Officers of the State Department
      that serve at the Bureau of Consular Affairs, Passport Services at Sterling, Virginia;
      and of the Officers of the Bureau of Consular Affairs, Passport Services, Office of
      Legal Affairs; and of the Officers of the Bureau of Consular Affairs, Passport
      Services, Office of Legal Affairs, Law Enforcement Liaison.

3.    The meaning of department codes shown on the enclosure "CA/PPT/S/L JN59".  I
      can deduce that CA means Consular Affairs; Particularly, I need to see a document
      that would show what the "JN59" code means, or who JN59 is, what is the person's
      name, title and phone contact number.

4.    The Title of and office of Chris McLean who works at that bureau cited herein and
      that can be found at phone number (202) 485-6400"

30.   Defendant's FOIA Officer did not respond to Carmichael's FOIA of March 13, 2019.

31.   May 9, 2019, on behalf of himself and the American Christian Liberty Society,

Carmichael sent letters to the Congresspersons Honorable Elaine Luria, Honorable Mark

Warner, Honorable Tim Caine, to the Vice President, and to the President saying:

"Many in our Christian Fellowship are being denied original passports or renewed
passports unless we violate our Christian religious practices.  The passport processing
service in Sterling, Virginia has granted some of our applications for passports on the
basis of our request for religious accommodation; and have denied some applications
saying that they are not authorized to honor requests for religious accommodation.  One
officer, Chris McLean, told me on the phone today that our denied applications are not
allowed an appeal hearing and that there is no appeal process for reasons of religion.  She
said there is an accommodation for some people for technical reasons, but no
accommodation for religion.  Her statement is squarely contrary to your Executive Order
13798 and the Attorney General's "MEMORANDUM FOR ALL EXECUTIVE
DEPARTMENTS AND AGENCIES, Federal Law Protections for Religious Liberties."
Substantiating documentation is available upon your request.

Please provide access to the Religious Liberty Task Force so that we can find relief to the
substantial burden being placed upon us."

32.   On or about June 22, 2019, Carmichael received a letter from the White House stating

that they sent his correspondence to the appropriate Federal agency, without saying what agency

to which they referred his correspondence.

33.   On or about June 24, 2019, Carmichael received express delivery by United Parcel

Service, from JN59, DOS-CA/PPT/HQ, 600 19TH STREET, N.W., WASHINGTON DC

20006, tracking number 1ZX3370W3694466644.  In the envelope was a letter from the United

States Department of State, Washington, D.C.  20520, dated JUN 2 0 2019 to me at Carmichael's

home.  The letter stated:

> "The Department of State has revoked U.S. Passport number 573308010, issued
> to you in error on January 30, 2018.  This action is taken in accordance with 22
> C.F.R. § 51.62 (a)(2), which provides that a U.S. passport may be revoked when it
> has been determined that the passport was obtained illegally, fraudulently or
> erroneously.  The regulations cited in this letter may be found at
> http://www.ecfr.gov.
>
> Department records show that you submitted an application for a U.S. passport by
> mail in May 2018, without listing a social security number (SSN) on the
> application.  You also submitted a statement about why you would not provide
> your SSN.
>
> Consistent with 22 U.S.C. 2714a and 22 C.F.R. 51.60(f) the Department requires
> that passport applicants provide their SSN on their application, if they have been
> issued one.  For applicants who were never issued an SSN, then the Department
> requires a declaration under penalty of perjury to that effect.  Failure to provide
> the SSN, or "willfully, intentionally, negligently, or recklessly" providing an
> incorrect or invalid SSN, or failing to provide an appropriate declaration, will
> result in the denial of the application.  As you did not provide your SSN or an
> appropriate declaration, U.S. Passport number 5773308010 should not have been
> issued and is revoked pursuant to 22 C.F.R. § 51.62 (a)(2).
>
> Under 22 C.F.R. §§51.7 and 51.66, the U.S. passport remains the property of the
> U.S. Government and must be surrendered upon demand.  Please immediately
> return U.S. Passport number 573308010 to the following address:  U.S.
> Department of State, CA/PPT/S/L/LA, 44132 Mercure Circle, P.O. Box 1227,
> Stering, VA 20166-1227.
>
> You may request a hearing under 22 C.F.R. §§ 51.70-51.74.  The hearing would
> take place in Washington, DC and would only address the basis upon which the
> Department revoked your passport.  If you choose to request a hearing you must
> submit your request in writing by mail to the address above within sixty (60) days
> from receipt of this letter.  The revocation is final and is not stayed by a request
> for a hearing.
>
> Because the passport was issued based on our error, you may reapply for a
> passport without paying additional fees by submitting a new complete Form DS-
> 82, U.S. Passport Renewal Application that includes your SSN **within 90 days** to:

National Passport Center
Attn: Jason Galvin
44231 Mercure Circle
P.O. Box 1108
Sterling, VA  20166-1108

If you do not submit this application within 90 days, should you wish to obtain a passport, you will need to re-apply by properly submitting a new passport application along with all required documents and paying all application fees, following the instructions found at http:travel.state.gov.

Sincerely,

Bureau of Consular Affairs
Passport Service
Office of Legal Affairs and
Law Enforcement Liaison"

34.     On or about July 2, 2019, Carmichael received a letter dated June 25, 2019, post

marked June 26, 2019, from the Defendant, CA/PPT/S/L ST12, stating:

Thank you for contacting The White House regarding your concerns surrounding the U.S. passport application process.  This response assumes that your concerns surround the social security number requirement on U.S. passport applications. Your inquiry was forwarded to this office for response.

Pursuant to 22 U.S.C. 2714a, passport applicants must provide their social security number (SSN) on their application, if they have been issued one.  Failure to provide the SSN, or "willfully, intentionally, negligently, or recklessly" providing an incorrect or invalid SSN will result in the denial of the application. See 22 C.F.R. 51.60 (f).  Pursuant to 22 C.F.R. 51.70, a hearing is not provided for applications denied or passports revoked for failure to provide a social security number.  However, if the applicant does not have a social security number and has never been issued one, they cannot provide one on their application.  However, in such an instance they are required to provide a declaration signed under penalty of perjury explaining the reasons.  You may also see the FAQs found at https://travel.state.gov/content/travel/en/passports /apply-renew-passport/faqs.html#ssn for additional information.

35.     The Defendant Agent's June 25, 2019, cited above was not signed but merely cited,

"Office of Legal Affairs and Law Enforcement Liaison, Office of Passport Services, Bureau of

Consular Affairs.

36. Among the letters Carmichael had been shown by the members of his family and others in the Plaintiff's Christian Fellowship of the A.C.L.S., they were shown the affidavit that the Defendant, in particular one in the Sterling, Virginia office, wants them to sign in order to get a passport without providing a SSN. Though in their June 25, 2019, statement they said that a declaration "explaining the reasons" was sufficient to obtain an application without a SSN; **their practice is to <u>exclude religious reasons</u> and only allow one 'technical' reason.** The Defendant, particularly Christine L. McClean, requires an affidavit that declares that the Social Security Administration (hereinafter SSA) has never "issued" such a number associated with the applicant. In each of the Plaintiff's case, the situation is ambiguous. Each has sent a letter to the Commissioner of SSA on October 1, 1996 or some other office relating to the matter, to void application that might have been done on their behalf or those of their households. In Carmichael's letter, he explained that the SSN agency associated his name with their records due to direct and extrinsic fraud, and that he was prohibited by religion from identifying with a SSN. The other Plaintiffs sent similar letters. The Commissioner did not send a response letter nor did the Commissioner refute Carmichael or the other Plaintiff's claim of being disassociated from the SSN.

37. The Plaintiffs cannot sign an "affidavit" saying that 'they' have never been associated with a SSN. They have never been able to get the SSA to officially suppress their records for their name like the SSA does for other Christian sects like the Amish. The Plaintiffs cannot, in good conscience, sign an affidavit about a third person about whose records they cannot have first-hand knowledge. They understand the command of religion "thou shalt not bear false witness" applies to testimony about which one is not a witness.

38. The Defendant Agent's June 20, and June 25, 2019, letters reiterated the circular

reasoning that Carmichael, and the Plaintiffs, must continue to apply for a passport, that there will be no appeal hearing, and that the matter of religion and the laws, Executive Order and other things protecting religious are wantonly disassociated from their clear requests for accommodation of religion. The Defendants showed that there is an accommodation for secular technical reasons, but the particular agent deciding upon the matter in this instance is hostile toward religion. So hostile, that (probably she) retroactively and *sua sponte* usurped the higher authority of the Secretaries of State Secretary Rice and Tillerson who applied the accommodation in 2007 and 2008 for the Plaintiffs and in 2018 for Carmichael in a manner that upholds the law protecting religion.

39.    The Defendant's Agent excluded the matter of religion in each of her official letters. Those acts of the Defendant are direct and extrinsic fraud.

40.    The fraudulent supposed-cancellation of Carmichael's passport appears to be retaliation or retribution for his administrative actions to help Pakosz and others in their Christian Fellowship, to secure the renewal of his or their passports obtained by religious accommodation.

### Other Facts Particular to Plaintiff Lawrence Donald Lewis

41.    I applied for a passport, to be issued by the Defendant, in the year 2008. I had to make a request for religious accommodation in order to have the passport issued. On the basis of Christian religion, I could not provide a Social Security Number (hereinafter "SSN"). I explained the duties of my religion in a letter enclosed with the passport application. The Defendant provided a religious accommodation for my request and issued to me a passport on May 02, 2008, Passport Number 445066501, notwithstanding that I did not identify with a SSN.

42.    April 3, 2019, I, Plaintiff Lewis, submitted my Passport Renewal Application, my then current passport, a photograph of me suitable for the passport, and a payment of $110.00 for

the required renewal fee. Included with my application was an express request for religious accommodation to get relief from the form's request for me to identify with a SSN. I addressed my letter to "The Honorable Mike Pompeo, Secretary of State, United States Department of State, Via: National Passport Processing Center, P.O. Box 90155, Philadelphia, Pennsylvania 19190-0155."

43.   In my letter explaining my request for religion accommodation, I asked for the Defendant to apply "the Religious Freedom Restoration Act, 42 USC §2000bb, et seq.; and the self-executing First Amendment, whether or not there is a statutory requirement to obtain or identify with a SSN for a passport of (sic) for any other reason." I also cited other ordinances:

> ""Thank you for implementing and applying Executive Order 13798 and its "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, "Federal Law Protections of Religious Liberties." Thank you also for honoring 22 USC Section 2721. (Which states, in pertinent part:
>
> **22 USC §2721, Impermissible basis for denial of passports.**
>
> A passport may not be denied issuance, revoked, restricted, or otherwise limited because of any speech, activity, belief, affiliation, or membership, within or outside the United States, which, if held or conducted within the United States, would be protected by the first amendment to the Constitution of the United States."
>
> (Aug 1, 1956, ch. 841, title I, §49, as added <u>Pub. L. 102-138, title I</u>, §113, Oct 28, 1991, <u>105 Stat. 655</u>.)""

44.   In my request for accommodation, I pointed out that I am 69 years old, I would be eligible for Social Security but do not collect it due to my obligations of religion.

45.   I signed my request for religious accommodation under the Penalty of Perjury.

46.   I received a reply from the Defendant, from his Sterling, Virginia, office. The letter was dated May 1, 2019 and referenced their tracking number 297428458. The letter stated:

> "Dear Mr. Lewis:
> Thank you for your recent passport application.

However, your Social Security Number was not provided on your passport application. Please provide your Social Security Number by clearly writing it in the spaces provided below.

_____-_____-_____

If you have never been issued a Social Security Number, please submit a signed statement under penalty of perjury to that effect or used the following:
To whom it may concern,
I,_____ (*print full name*) declare under penalty of perjury under the laws of the United States of America that the following is true and correct: I have never been issued a Social Security Number by the Social Security Administration.
Executed on:_____
                                (DATE)
Signature:_____
            (Sign using full name as indicated on the passport application)"

47.   The Defendant's May 1, 2019 letter stated that I had ninety days to comply.  At the

ninety-day mark, July 29, 2019, I responded to the Defendant's letter.  I sent again a copy of my

original letter pointing out my request for religious accommodation.  I pointed out that the

Defendant either had not read or was ignoring my request for religious accommodation.  I

reproved the Defendant for ignoring and violating law protecting religion.  I also stated:

> ""A federal lawsuit will be hugely costly of time and money.  Please avoid this by
> READING and correctly APPLYING my "Request for Religious
> Accommodation," originally allowing issuance of the original Passport
> approximately 11 years ago WITHOUT SSN for duty of religion.  I am sure is
> (sic) in the file you currently have.""

48.   I signed my July 29, 2019 letter "Under penalty of perjury, under the laws of the

United States, the foregoing statement and enclosures I hereby declare to be true."

49.   August 29, 2019, the Defendant responded to my July 29, 2019 letter.  There the

Defendant stated:

> "Thank you for your passport request.  Your passport application was submitted
> on **4/3/2019**.  You submitted a passport application that did not provide your
> correct Social Security Number.
> Under the 22 U.S.C 2714a, a passport application may be denied if the applicant
> does not provide her/his Social Security Number or willfully, intentionally,
> negligently, or recklessly provides an incorrect or invalid Social Security Number.

On **5/1/2019**, we requested that you provide your Social Security Number. You either did not provide your Social Security Number or provided an incorrect or invalid Social Security Number. Therefore, a U.S. passport cannot be issued to you at this time, and your application is denied.

Sincerely,

Customer Service Department

Enclosure(s):
Passport # 445066501"

50.     The Defendant committed acts of direct and extrinsic fraud in his August 29, 2019 denial letter. The Defendant excluded the facts relating to the express request for religious accommodation. The Defendant included a citing of "22 U.S.C 2714a," yet excluded his duty under, and the citing of, 22 U.S.C. § 2721. He falsely, without having any evidence to support it, stated or inferred that I "willfully, intentionally, negligently, or recklessly provided an incorrect or invalid Social Security Number."

51.     Like the Carmichael complaint for which I join, the Defendant, or his agent, communicated that the matter of religion and the laws, Executive Order and other things protecting religious freedom were wantonly disassociated from my clear request for accommodation of my religion. It showed that there is an accommodation for secular technical reasons, but the particular agent deciding upon the matter in this instance is hostile toward religion. So hostile, that (probably she) usurped the higher authority of the law that Secretary of State Rice applied the accommodation in 2008.

### Other Facts Particular to Plaintiff William Mitchell Pakosz

52.     I, William Mitchell Pakosz, had presented facts that established requisite elements of the bona fides of my religion and the Defendant in no way challenged those, tacitly admitting to their fidelity. Without any facts contradicting me, and without any law to support his and his

agency's acts (5 USC §701 – definition of agency), the Defendant and his agency do not have the
discretion in law to deny my applications for passport renewal under the facts, circumstances and
law put before him, whereby they place a substantial burden upon my religion.

53.     December 2007, I was issued a passport from the Department of State without my
having to identify with a social security number, notwithstanding that the passport application
form requested that I identify with such a number. My application included a request for
religious accommodation with a letter to Secretary of State Condoleezza Rice explaining my
bona fides of my religious beliefs and practices that prohibit me from identifying with a SSN.

54.     At the time that my religion was accommodated and my passport issued without my
identifying with a SSN in 2007, the laws of the United States that give permission for the
Defendant to ask for such a number are either exactly the same or are substantially the same as
they are today. Recently, the Defendant has been unlawfully denying my requests for renewal of
my passport contrary to the prior practice.

55.     On or about August 16, 2017, I submitted my application to renew my passport that
was originally issued December 11, 2007. In keeping with the renewal application instructions, I
submitted my passport with the renewal application. My application for passport renewal was
sent with a request for religious accommodation and a note in the SSN block, "Religious
Prohibition 42 USC 2000bb." I sent a copy of that correspondence to the Defendant as an
exhibit 1 in my letter to him on February 20, 2019.

56.     On or about, September 1, 2017, the Defendant acting through his Passport
Processing Center in Sterling Virginia sent a letter requesting me to provide a Social Security
Number or sign an affidavit regarding the records of the Social Security Administration. I
understand that I cannot rightfully execute an affidavit about somebody else's records of which I

have no first hand knowledge. I understand that I have not cognitively applied for a SSN; that any association of my name with any sort of SSA record is or would be a matter of identity theft from direct or extrinsic fraud. The form sent by the Defendant had no OMB Number. The United States Code of Federal Regulations explains at 5 CFR §1320 explains that I have no duty to answer such a query from the Defendant when there is no valid OMB number on the query form. I sent a copy of that correspondence to the Defendant as an exhibit 2 in my letter to him on February 20, 2019.

57.     On or about, September 8, 2017, I sent a letter to the Defendant explaining that I was requesting a religious accommodation, that it is necessary, and that it had been accommodated by the State Department previously. I sent a copy of that correspondence to the Defendant as an exhibit 3 in my letter to him on February 20, 2019.

58.     On or about September 22, 2017, the Defendant through the Passport Processing Center in Sterling Virginia sent a letter explaining that my passport application "may" be denied, but not that it "must" be denied if I "willfully, intentionally, negligently, or recklessly" provides an incorrect or invalid social security number. None of those things applied to my application. I sent a copy of that correspondence to the Defendant as an exhibit 4 in my letter to him on February 20, 2019.

59.     On or about October 3, 2017, I reiterated my request for a passport renewal to Secretary of State Rex Tillerson. I enclosed with that request to renew my passport my recent passport, the September 22, 2017 denial letter, and the letter I had sent to Secretary of State Condoleezza Rice the first time my passport was approved with a religious accommodation. I sent a copy of that correspondence to the Defendant as an exhibit 5 in my letter to him on February 20, 2019.

60.   On or about November 10, 2017, I reiterated my request for my passport renewal in a letter to Secretary of State Rex Tillerson.  I sent a copy of that correspondence to the Defendant as an exhibit 6 in my letter to him on February 20, 2019.

61.   On or about January 12, 2018, I called the National Passport Center phone number, 877-487-2778 and spoke to David.  I explained my difficulty in obtaining a passport under 42 USC 2000 bb and he recommended to wait for a phone call from the passport center.  Geno called me and gave me instructions to (1) reapply for a passport at the National Passport Center and (2) attempt to get the expired passport back from Secretary of State Rex Tillerson's office that I sent on the October 3, 2017.

62.   On or about January 13, 2018, I supplied another passport application to the Defendant as directed by Geno from the National Passport Processing Center to renew my passport that was originally issued #434370467.  I paid the fee again.  Nobody ever told me about a process for appeal, only to reapply and pay again.  I sent a copy of that correspondence to the Defendant as an exhibit 7 in my letter to him on February 20, 2019.

63.   On or about January 13, 2018, I wrote a letter to Secretary of State Rex Tillerson's office asking them to return the original passport that I had mailed to him with my request for religious accommodation.  I sent a copy of that correspondence to the Defendant as an exhibit 8 in my letter to him on February 20, 2019.

64.   On or about February 2, 2018, I contacted the passport office again at 202-485-6373 and spoke to Cheryl Muzzo.  I sent with my letter, DS11 passport renewal form and DS64 lost or stolen passport form because I was told to do so.  I also reiterated my request for religious accommodation.  I sent a copy of that correspondence to the Defendant as an exhibit 9 in my letter to him on February 20, 2019.

65.     On or about February 12, 2018, I was contacted by the Defendant through a Susan from the U.S. Department of State National Passport Center who told me that I needed to send in a Social Security Statement Form.

66.     On or about February 14, 2018, in reply to Susan's request of February 12, 2018, I sent a letter to the Defendant via the National Passport Center reiterating my request for religious accommodation and referencing the two docket numbers that were assigned to my case, 286329363 and 284901802. I included the affidavit form that they requested, expressing specifically my convictions of religion. I sent a copy of that correspondence to the Defendant as an exhibit 10 in my letter to him on February 20, 2019.

67.     On or about March 22, 2018, I sent a follow-up letter and a reiteration of my request for religious accommodation. I sent a copy of that correspondence to the Defendant as an exhibit 11 in my letter to him on or about February 20, 2019.

68.     On or about April 2, 2018, the Defendant through the National Passport Center, Sterling, Virginia, sent an unsigned letter to me from the "Customer Service Department" stating that I had submitted a passport application on January 15, 2018. "You submitted a passport application that did not provide your correct social security number." The letter then stated that they request "that you provide your Social Security Number." Notwithstanding my request for religious accommodation, the letter from the Customer Service Department stated, "Therefore, a U.S. passport cannot be issued to you and your passport is denied." I had no way of knowing who it was at the passport center in Sterling, Virginia that is violating the law. The statute cited as an authority only says that a passport "may" be denied under circumstances that do not apply to me or my situation. I was not told of any appeal process. I sent a copy of that correspondence to the Defendant as an exhibit 12 in my letter to him on or about February 20, 2019.

69.    On or about April 12, 2018, I replied to the Defendant's denial letter pointing out that I had also sent other information to verify my identity. I sent information that explains the SSN offence against religion in a document called "The Mark of The Beast... It Is Here, Now". I sent a copy of that correspondence to the Defendant as an exhibit 13 in my letter to him on or about February 20, 2019.

70.    On or about April 12, 2018, I submitted an information letter to Senator Duckworth asking her to do anything that he could to help me.

71.    On or about May 8, 2018, I wrote directly to the Secretary of State, Mike Pompeo (Defendant), with a copy of my application for passport that I sent on January 15, 2018 with a copy of my letter to Senator Duckworth and a copy of a U.S. District court document where my religious accommodation was upheld for the sake of voting. I sent a copy of that correspondence to the Defendant as an exhibit 14 in my letter to him on or about February 20, 2019.

72.    On or about June 26, 2018, I wrote a letter to Senator Dick Durbin asking him to intervene. I sent a copy of that correspondence to the Defendant as an exhibit 15 in my letter to him on or about February 20, 2019.

73.    On or about August 30, 2018, I wrote to the Defendant via the National Passport Center in Sterling, Virginia, pointing out that I had responded to their denial letter in a timely fashion. I requested the name of the Authorizing Officer (As defined in 22CFR§51.1) who is approving or disapproving my passport. I requested information that ought to be provided according to the Freedom Of Information Act. Customer Service Department is not the Authorizing Officer. I also requested the means of appeal. I sent a copy of that correspondence to the Defendant as an exhibit 16 in my letter to him on or about February 20, 2019.

74.    On or about October 2, 2018, the Defendant via the National Passport Center in

Portsmouth, New Hampshire sent a letter saying they are returning documents to me without saying which they were returning, for what reason. I sent a copy of that correspondence to the Defendant as an exhibit 17 in my letter to him on or about February 20, 2019.

75.    On or about November 16, 2018, I wrote to the Defendant via that same National Passport Center in Portsmouth, New Hampshire and I requested an Administrative Hearing under Section 51.70, a Written Determination signed by the Administrative Officer or his Delegate covering 42 USC 2000bb and Executive Order 13798, and answer to my Freedom Of Information Request. I sent a copy of that correspondence to the Defendant as an exhibit 18 in my letter to him on or about February 20, 2019.

76.    On or about November 20, 2018, I sent a letter again to the Secretary of State Mike Pompeo asking for a religious accommodation request regarding my passport application. I sent a copy of that correspondence to the Defendant as an exhibit 19 in my letter to him on or about February 20, 2019.

77.    On or about December 4, 2018, the Defendant via the National Passport Center in Sterling, Virginia responded and said that they sent my request to the Bureau of Consular Affairs, Passport Services, Office of Legal Affairs. I sent a copy of that correspondence to the Defendant as an exhibit 20 in my letter to him on or about February 20, 2019.

78.    On or about December 12, 2018, I sent a letter to the Defendant via the office of legal affairs reminding them that I was seeking a religious accommodation. I sent a copy of that correspondence to the Defendant as an exhibit 21 in my letter to him on or about February 20, 2019.

79.    On or about February 20, 2019, I sent a letter with twenty two exhibits that was intended to be my last attempt at administrative redress to the Defendant. I sent a letter

addressed directly to him, Mike Pompeo via his office in Sterling, Virginia via the Legal Affairs

office where provided and copy to that Legal Affairs office and directed them to send my letter

to Mike Pompeo where I said:

> ""My application for passport renewal was sent to you with a request for religious
> accommodation (See Enclosures 1 -21 associated with the enclosed timeline). The passport
> application form directed me to identify myself with a Social Security account number
> (SSN), which I cannot do for reasons of religion. I have sent many timely correspondences
> to your officers regarding my applications to renew my passport, yet the passport offices
> have not fulfilled their legal duties. Your denial was based on a form that I am not required
> to answer since it has been sent to at least ten people and it has no OMB number (5 CFR
> 1320). There is no actual denial of my request since the purported "denial" was done without
> authority in law and without fulfilling the specifications cited by the CFR, and my protests
> have been timely, my passport renewal request is not expired.""

80. As well, my February 20, 2019 letter to the Defendant exclaimed that:

   a. My passport renewal application gave me a right to an administrative hearing, that my

application ought to be approved, or otherwise for him to cite the authority that permitted

him from denying it on the basis of religious accommodation."

   b. I cited his legal ministerial duty to approve my application showing that I the laws

which would legitimately deny a passport did not apply to me.

   c. I pointed out that the purpose of Congress giving authority to the Secretary of State to

deny a passport application for the applicant refusing to provide a SSN is clearly **not** stated

for the purpose of forcing someone to make the SSN an element of their identity.

   d. I stated:

> ""In my case, I am not a person who qualifies for denial under 22 UCS
> 1714a(f)(1)(A)(i) or (ii). I placed the words, "None, Religious Prohibition" in
> the SSN blocks to indicate my need for religious accommodation. **I am duty
> bound by religion to not participate in identifying with a SSN.** Secondly, the
> Social Security Administration has power over its records, not over me. They
> issue numbers to account records. An SSN might only be contemplated as mine
> if I had cognitively applied for such a number. That is not the case. There
> cannot be a "correct" SSN related to me. The Social Security Administration
> Commissioner said the "correct" SSN for someone in my position is "Religious

Objector.""  (Enclosure 22 of my February 20, 2019 letter)

e. I cited the reasons and provisions for a "good cause" and cited *Bowen v. Roy*, 476 US

693, 708 (1986):

> """**If a state creates such a mechanism, its refusal to extend an exemption to an instance of religious hardship suggests a discriminatory intent.** Thus, as was urged in Thomas, to consider a religiously motivated resignation to be **"without good cause"** <u>tends to exhibit hostility</u>, not neutrality, towards religion. See Brief for Petitioner 15, and Brief for American Jewish Congress as Amicus Curiae 11, in Thomas v. Review Board of Indiana Employment Security Div., O. T. 1979, No. 79-952. See also Sherbert, supra, at 401-402, n. 4; United States v. Lee, 455 U. S., at 264, n. 3 (STEVENS, J., concurring in judgment)"" [Emphasis added]

f. I cited Executive Orders 9397 and 13478 that say the Defendant "may" not "must" use

a SSN as a matter of convenience not a compelling mandate.

g. I cited and explained the application of the Religious Freedom Restoration Act,

explaining that I had sincere and bona fide religious beliefs and practices against which his

SSN demand placed a substantial burden.

h. I cited Executive Order 13798 and the implementing "MEMORANDUM FOR ALL

EXECUTIVE DEPARTMENTS AND AGENCIES, Federal Law Protections for Religious

Liberties" explaining that the Defendant has <u>a duty to provide a mechanism for</u>

<u>accommodation of religion</u>.

i. I quoted the Memorandum – Protections for Religious Liberties where it said:

> **"It shall be the policy of the executive branch to vigorously enforce Federal law's robust protections for religious freedom.** ...Federal law <u>protects the freedom of Americans</u> and their organizations <u>to exercise religion and participate fully in civic life without undue interference</u> by the Federal Government. **The executive branch will honor and enforce those protections.**" (Emphasis added)

> " **Religious liberty is not merely a right to personal religious beliefs or even to worship in a sacred place.** It also encompasses religious observance and practice. <u>Except in the narrowest circumstances, no one should be forced to choose between living out his or her faith and complying with the law.</u> Therefore, to the greatest extent practicable and permitted by law, religious observance and practice should be reasonably

accommodated in all government activity, including employment, contracting, and programming."

"Constitutional protections for religious liberty are not conditioned upon the willingness of a religious person or organization to remain separate from civil society."

"RFRA applies to all actions by federal administrative agencies, including rulemaking, adjudication or other enforcement actions, and grant or contract distribution and administration."

"In general, a government action that bans an aspect of an adherent's religious observance or practice, <u>compels an act inconsistent with that observance or practice, or substantially pressures the adherent to modify such observance or practice</u>, will qualify as a substantial burden on the exercise of religion."  (emphasis added)

"That analysis <u>requires the government to show</u> that it cannot accommodate the religious adherent while achieving its interest through a viable alternative, which may include, in certain circumstances, expenditure of additional funds, modification of existing exemptions, or creation of a new program."  (emphasis added)

"In formulating rules, regulations, and policies, administrative <u>agencies should also proactively consider potential burdens on the exercise of religion and possible accommodations of those burdens</u>.  Agencies should consider designating an officer to review proposed rules with religious accommodation in mind or developing some other process to do so...."

""<u>The depth and breadth of constitutional and statutory protections for religious observance and practice in America confirm the enduring importance of religious freedom to the United States</u>.  They also provide clear guidance for all those charged with enforcing federal law:  The free exercise of religion is not limited to a right to hold personal religious beliefs or even to worship in a sacred place.  It encompasses all aspects of religious observance and practice.  **To the greatest extent practicable and permitted by law, such religious observance and practice should be reasonably accommodated in all government activity, including employment, contracting, and programming**.  See Zorach v. Clauson, 343 U.S. 306, 314 (1952) ("[Government] follows the best of our traditions ... [when it] respects the religious nature of our people and accommodates the public service to their spiritual needs.").""  (emphasis added)

j.  I said in summary and reiterated my request:

"Wherefore, I can find no authority in law for the Secretary of State to refuse my passport renewal application.  Therefore, I respectfully request that my passport renewal application be immediately approved and that the renewed passport be sent to me."

81.  On or about March 12, 2019, by way of my agent, I contacted the Defendant via his

offices in Sterling, Virginia. My agent spoke to the Defendant's agent Chris McLean, in the office of Legal Affairs, Law Enforcement Liaison that was referenced on the DS-11 and DS-82 forms and by correspondence I received from the Defendant directing me to that office to obtain access to an appeal hearing.

82.    When my agent stated that I was told in a letter that I could not have an appeal hearing because I had not given a SSN, and that Defendant had not disclosed an alternative to the appeal hearing to obtain a religious accommodation, Chris McLean, stated that there was no other process than the appeal hearing for accommodation of religion and that the law did not give the Defendant any discretion regarding religion. My agent rebutted her. The conversation is cited at Paragraph 26. above.

83.    On or about March 12, 2019, Chris McLean stated to my agent that my February 20, 2019 letter to Defendant Mike Pompeo had been forwarded to the proper office according to my directive.

84.    On or about March 20, 2019, the Defendant sent me a list of things they would need in order to fulfill my Freedom Of Information Act request. They said I needed to send a copy of my valid passport, or other identification which I do not possess in order for them to fulfill the FOIA request.

85.    On or about April 8, 2019, I wrote a letter to Christine L. McLean, Branch Director, Bureau of Consular Affairs, Passport Services, Office of Legal Affairs, 44132 Mercure Circle, P.O. Box 1227, Sterling, Virginia  20166-1227. I reiterated my request for passport record information. I sent a $50 postal money order. I pointed out that the request for information form did not fulfill the regulatory requirements of a valid "OMB" number resulting in a form which has not 'mandate' authority for the request of private information. None-the-less, I sent an

affidavit with a current photo the fulfills passport specifications. I have not received a response.

86. On or about May 7, 2019, I wrote a letter to the Vice-President of the United States, telling him of my previous religious accommodation and of the current difficulties I am having with the Defendant imposing upon my religion. I asked him to provide information giving me access to the Religious Liberty Task Force. I did not receive a reply.

87. On or about June 14, 2019, I wrote a letter to the Christine L. McLean, Branch Director, U.S. Department of State, CA/PPT/S/L, 44132 Mercure Circle, P.O. Box 1227, Sterling, Virginia 20166-1227. I explained to her the grave injury she has where she has damaged my soul where I am denied visits with my family in foreign lands to commemorate the evils our family has suffered through persecution by the Nazis.

88. The Defendant has not told me, nor does the Defendant believe, that any of the information I have given is false and I am not under any threat of being prosecuted under 18 USC §§1001, 1542, 1621. The U.S. passport/renewal applications state:

> "WARNING: False statements made knowingly and willfully in passport applications, including affidavits or other documents submitted to support this application, are punishable by fine and/or imprisonment under U.S. law including the provisions of 18 U.S.C. 1001, 18 U.S.C. 1542, and/or 18 U.S.C. 1621."

89. I provided "reasonable cause" information to the Defendant, and I did not commit "willful" neglect but rather conveyed the "reasonable cause."

90. I am not one of those persons for which the Defendant needs to scrutinize for tax or debt collection purposes, or for malevolent conduct, or for any other disqualifier for a passport. I gave a declaration to the Defendant regarding that.

### Other Facts Related to All Plaintiffs

91. Each Plaintiff has a need and want to be able leave and return to the United States, and travel to other countries while carrying a valid passport. They have no other documents for

travel or that will suffice for the purposes of passport use.

92.    The Social Security Administration, in an April 11, 2003 letter from Charles A.

Mullen, Social Security Administration, Associate Commissioner, Office of Public Inquiries,

made the official statement that:

> "The Social Security Act does not require a person to have a Social Security
> number to live and work in the United States, nor does it require a Social Security
> number simply for the purpose of having one."

93.    **The statutes controlling passports, at 22 USC §2721 says:**

> "A passport may not be denied issuance, revoked, restricted, or otherwise limited
> because of any speech, activity, belief, affiliation, or membership, within or
> outside the United States, which, if held or conducted within the United States,
> **would be protected by the first amendment** to the Constitution of the United
> States." (Emphasis added)

94.    The government has no compelling interest in associating the Plaintiffs with a SSN,

especially for the purposes for which the SSN is requested relating to the passport.

95.    The U.S. Supreme Court indicated in *Bowen v. Roy*, a SSN religious objection case

that under the circumstances of the Plaintiffs' case, the accommodation that they requested was

improperly denied and Carmichael's was unlawfully supposedly spontaneously cancelled:

> ""**If a state creates such a mechanism, its refusal to extend an exemption to an
> instance of religious hardship suggests a discriminatory intent.** Thus, as was
> urged in Thomas, to consider a religiously motivated resignation to be "**without good
> cause**" tends to exhibit hostility, not neutrality, towards religion. See Brief for
> Petitioner 15, and Brief for American Jewish Congress as Amicus Curiae 11,
> in Thomas v. Review Board of Indiana Employment Security Div., O. T. 1979, No.
> 79-952. See also Sherbert, supra, at 401-402, n. 4; United States v. Lee, 455 U. S., at
> 264, n. 3 (STEVENS, J., concurring in judgment)"" [Emphasis added]  *Bowen v. Roy*,
> 476 U.S. 694, 708 (1986)

96.    The U.S. passport/renewal forms state:

> "You do not have to supply this information unless this collection displays a
> currently valid control number. If you have comments on the accuracy of this burden
> estimate and/or recommendations for reducing it, please send them to: U.S.
> Department of State, Bureau of Consular Affairs, Passport Services, Office of Legal

Affairs and Law Enforcement Liaison, 44132 Mercure Cir, P.O. Box 1227, Sterling, Virginia 20166-1227"

97.    The Form sent by the Defendant, demanding information, did not display a currently valid control number.

98.    The U.S. passport/renewal applications state:

"WARNING: False statements made knowingly and willfully in passport applications, including affidavits or other documents submitted to support this application, are punishable by fine and/or imprisonment under U.S. law including the provisions of 18 U.S.C. 1001, 18 U.S.C. 1542, and/or 18 U.S.C. 1621."

99.    Nowhere in the "Proof of Identity" section of the U.S. passport/renewal application forms is the SSN stated to be required though it says later that the SSN is used to verify identity.

100.    It is the Tax Law section of the U.S. passport U.S. passport/renewal application forms that state the reason and authority that allows the State Department to ask for a Social Security Number is:

"Section 6039E of the Internal Revenue Code (26 U.S.C. 6039E) and 22 U.S.C 2714a(f) require you to provide your Social Security number (SSN), if you have one, when you apply for or renew a U.S. passport. If you have never been issued a SSN, you must enter zeros in box #5 of this form. If you are residing abroad, you must also provide the name of the foreign country in which you are residing. The U.S. Department of State must provide your SSN and foreign residence information to the U.S. Department of the Treasury. If you fail to provide the information, your application may be denied and you are subject to a $500 penalty enforced by the IRS. All questions on this matter should be referred to the nearest IRS office."

101.    Thus says, Section 6039E of the Internal Revenue Code (26 USC 6039E):

"(a) General rule  Notwithstanding any other provision of law, any individual who—
(1) applies for a United States passport (or a renewal thereof), or shall include with any such application a statement which includes the information described in subsection (b).
(b)Information to be provided  Information required under subsection (a) shall include—
(1) the taxpayer's TIN (if any), (4)  such other information as the Secretary may prescribe.
(c)Penalty
Any individual failing to provide a statement required under subsection (a) shall be subject to a penalty equal to $500 for each such failure, unless it is shown that such

failure is due to reasonable cause and not to willful neglect."

102.    The enforcement of 26 USC 6039E is not the denial of a passport, but a $500 fine,

"unless it is shown that such failure is due to reasonable cause and not to willful neglect." The

Plaintiff's provided "reasonable cause" information to the Defendant, and did not commit

"willful" neglect but rather conveyed the "reasonable cause."

103.    **The Use of Social Security Number** section on the U.S. passport/renewal

application forms state:

> "Your Social Security number will be provided to U.S. Department of Treasury, used
> in connection with debt collection and checked against lists of persons ineligible or
> potentially ineligible to receive a U.S. passport, among other authorized uses.

104.    **The Privacy Act Statement** section on the U.S. passport/renewal application forms

state:

> **"AUTHORITIES:** Collection of this information is authorized by 22 U.S.C. 211a et
> seq.; 8 U.S.C. 1104; 26 U.S.C. 6039E, 22 U.S.C. 2714a(f), Section 236 of the Admiral
> James W. Nance and Meg Donovan Foreign Relations Authorization Act, Fiscal Years
> 2000 and 2001; Executive Order 11295 (August 5, 1966); and 22 C.F.R. parts 50 and
> 51.

> **PURPOSE:** We are requesting this information in order to determine your eligibility
> to be issued a U.S. passport. Your Social Security number is used to verify your
> identity.

> **ROUTINE USES:** This information may be disclosed to another domestic government
> agency, a private contractor, a foreign government agency, or to a private person or
> private employer in accordance with certain approved routine uses. These routine uses
> include, but are not limited to, law enforcement activities, employment verification,
> fraud prevention, border security, counterterrorism, litigation activities, and activities
> that meet the Secretary of State's responsibility to protect U.S. citizens and non-citizen
> nationals abroad. More information on the Routine Uses for the system can be found in
> System of Records Notices State-05, Overseas Citizen Services Records and State-26,
> Passport Records.

> **DISCLOSURE:** Providing information on this form is voluntary. Be advised,
> however, that failure to provide the information requested on this form may cause
> delays in processing your U.S. passport application and/or could result in the refusal or
> denial of your application. Failure to provide your Social Security number may result

in the denial of your application (consistent with 22 U.S.C. 2714a(f)) and <u>may</u> subject you to a penalty enforced by the Internal Revenue Service, as described in the Federal Tax Law section of the instructions to this form. Your Social Security number will be provided to the Department of the Treasury and may be used in connection with debt collection, among other purposes authorized and generally described in this section." (Emphasis of 'underline' added)

105.    The passport renewal application form DS-82 has the same, or substantially the same statements quoted at the paragraphs above relating to the passport application form DS-11.

106.    The Plaintiff's are not those who are subject to the denial of their passport renewal on the basis of those things listed or referenced on the application form.

107.    The Defendant is hiding or allowing his agents to unlawfully hide the identity of those who have acted, and are acting, to violate the laws of the United States to the Plaintiffs' injury and the injury of their religion.

108.    The Defendant failed to follow the directives of Executive Order 13798 and its implementing memorandum for all departments entitled Federal Law Protections For Religious Liberties. He has also failed to disseminate it to his subordinate actors and train them to apply E.O. 13798 and its implementing directives.

109.    The Defendant and his agents knew and should have known that to cancel Carmichael's passport and to deny Plaintiffs' passport renewals, knowing the lack of SSN was on the basis of sincere and bona fide religion that is substantially burdened, was clear violation of the Bill of Rights; 42 USC §2000bb, et seq.; E.O. 13798 and its implementing directives from the Attorney General; and 22 USC §2721.

110.    The Defendant and his agents acted in bad faith to deny Plaintiffs Lewis and Pakosz passport renewal applications and to spontaneously after-the-fact cancel Carmichael's approved religious accommodation request and passport, knowing their previous passport and Carmichael's current passport was approved as a matter of religious accommodation while

deliberately and artfully dodging that fact in the Defendant's correspondence about the matter.

111.   It took two or more persons, the named Defendant and other actors of his to conspire together for some of the unlawful acts and deprivation of the Plaintiffs' rights cited in this complaint.

112.   The U.S. Passports of the Plaintiffs were arbitrarily, capriciously, in bad faith, in abuse of discretion, colorably cancelled or their renewals were denied contrary to the facts, law and national policy in effect when the actions by the Defendant were taken.

113.   On September 28, 2019, Carmichael was scheduled to attend a reunion of the first ship upon which he served, the USS PAUL F FOSTER, EDD-964, the only Spruance Class destroyer remaining in service.  His lack of a passport excluded him from having identification suitable for entering the military property of the United States to visit that ship with his shipmates.  He had no suitable identification to travel to California by air on November 15th to collect his aged and infirmed mother to transfer her to his home in Virginia to lived with him there permanently.   The Defendant's unlawful interference with this limited opportunity is gravely egregious to the Plaintiffs' life, liberty and property rights, and is a great offence to their very soul.

### FIRST CAUSE OF ACTION
### (Violation of 22 USC §2721)

114.   The allegations contained in Paragraphs 1 through 113of this Complaint are re-alleged and incorporated herein by presumed reference.

115.   Defendant unlawfully denied, revoked, restricted and otherwise limited my passport renewal applications or cancelled my passport or its application because of my speech, activity, belief, affiliation, or membership, within or outside the United States which is protected by the first amendment to the Constitution of the United States, in violation of 22 USC §2721.

116.    The failure of the Defendant to comply with 22 USC §2721 and apply an accommodation for religion that was previously granted to me by the Defendant's predecessor was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications;  wrongfully causing me expenses and injury to my property right in the application and its process,  under the colorable cancellation, wrongfully causing me injury to my property and liberty rights in travel and the applied-for passport necessary to that travel; and monetary injury in the amounts and ways set forth in the demand for relief below.

### SECOND CAUSE OF ACTION
### (Violation of 42 USC §2000bb, et. seq.)

117.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

118.    The Defendant is unlawfully placing a substantial burden upon my bona fide belief and practice of Christian religion, demanding that I identify with a Social Security Number which is prohibited in the Revealed law that is of higher authority, penalty and reward of any worldly law.  The Defendant is unlawfully placing that substantial burden without any compelling interest of government toward me or in general.  The Defendant is unlawfully ignoring those less restrictive means that are already being used by his department to renew or issue passports without identifying with a Social Security Number for technical reasons and denying that same accommodation to me in opposition to my religion.  Thereby, the Defendant violates the positive law of the United States that protects religion shown at 42 USC §2000bb, *et seq*.

119.    The failure of the Defendant to comply with 42 USC §2000bb, et seq., is arbitrary,

capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications, wrongfully causing me injury to my property and liberty rights in travel and the applied-for passport, and monetary injury in the amounts and ways set forth in the demand for relief below.

### THIRD CAUSE OF ACTION
### (Violation of Executive Order 13798)

120.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

121.    The Defendant is unlawfully violating the policy of the United States, of the Executive Order 13798 and its implementing "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, "Federal Law Protections for Religious Liberties." The Defendant, in opposition to that United States policy is wantonly using the color of a statute or regulation as an unreasonable excuse to unlawfully deny, revoke, restrict and otherwise limit my passport renewal application or cancelling my passport, placing a substantial burden upon my bona fide belief and practice of Christian religion, demanding that I identify with a Social Security Number which is prohibited in the Revealed law which is of higher authority, penalty and reward of any worldly law. Though the statute and regulations, upon which the Defendant supposedly relies, says his department "may" deny a passport application the Defendant has said that the department "must" deny the application. Though the United States policy clearly shows that there is a positive duty for the Defendant to find an accommodation unless truly impossible or unjustly injures another's life, liberty or happiness, the Defendant has falsely said that the law and policy does not allow for accommodation of religion. Thereby, the Defendant violates the Executive Order 13798 and its implementing memorandum in violation of the public policy of

the United States. He has also failed to disseminate the information to his subordinates.

122.   The failure of the Defendant to comply with the policy of the United States, of the Executive Order 13798 and its implementing "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, "Federal Law Protections for Religious Liberties." is arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial or cancellation of my passport renewal applications, wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary injury in the amounts and ways set forth in the demand for relief below.

### FOURTH CAUSE OF ACTION
### (Violation of 22 CFR 51.70 and the Fifth Amendment to the U.S. Constitution)

123.   The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

124.   The Defendant is unlawfully violating the law of the Fifth Amendment to the Constitution of the United States by wantonly denying access to the appeal process pursuant to 22 Code of Federal Regulations §51.70(b)(2) since the appeal process is denied by that regulation only to those who fail to provide a social security number, or purposefully providing an incorrect number.  The Defendant is also unlawfully prohibiting any reasonable due process by which to obtain a passport or accommodation for religion by saying that I must continue to reapply for a passport under that same conditions that the Defendant says will warrant the denial of my application for passport.  I did not fail to provide social security number information nor did I provide an incorrect number.  I provided the social security number information that applies to me.  That information I provided on the form is just as valid, if not more valid, as is the

Defendant's affidavit form sent to other people which the law and regulations said I need not file since it does not have a valid OMB number. The Defendant allows other people in lieu of an 'actual' SSN to use terms such as "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", "n/a", "not applicable", "religious prohibition" as the fulfillment of the social security number information requirement. Therefore, like other people who have had their passports approved and renewed without using the exact numbers of a SSN, I did not "fail" to provide a social security number and my information provided was purposefully correct. Therefore, I have indeed fulfilled the provisions of 22 CFR 61.60 (f) and therefore ought not to be denied the due process of an appeal hearing.

125.    The unlawful failure of the Defendant to provide an appeal hearing was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application; wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## FIFTH CAUSE OF ACTION
### (22 CFR 51.60 is Overbroad in violation of the First and Fifth Amendments to the U.S. Constitution)

126.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

127.    The Defendant is through his regulation 22 CFR §51.60 with 22 CFR §51.70 violating the law of due process protected by the Fifth Amendment to the Constitution of the United States since it is overbroad. It affects the denial of rights protected by fundamental, and other law, of those who cannot, by reason of volition or religion, apply or participate with the

program related to the SSN, arbitrarily imposing upon rights whose protection is guaranteed by that Constitution.

128.    The failure of the Defendant to confine his acts within the boundaries of the United States Constitution is arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application, wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## SIXTH CAUSE OF ACTION
### (Violation of 42 USC §408(a)(8))

129.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

130.    The Defendant did, and is, violating 42 USC §408(a)(8) where he unlawfully compels "the disclosure of the social security number of any person in violation of the laws of the United States." Though there is authorization for him to ask for such a number, it is unlawful for him to use his power of coercion over destroying my property an liberty rights attached to my passport, for which I obtained in 2008 and have been attempting to renew, since I am prohibited by the higher law of religion from identifying with such a number and he has been made aware of it.

131.    The unlawful coercion by the Defendant upon me by unlawfully demanding that I identify with a SSN, willingly and knowingly attacking me in my duties of religion in violation of the laws of the United States, is a felonious act according to 42 USC §408(a). I was thereby seriously prejudiced, resulting in the unlawful denial of my passport renewal applications;

wrongfully causing me expenses and injury to my property right in the application and its

process, injury to my property and liberty rights in travel and the applied-for passport necessary

to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief

below.

### SEVENTH CAUSE OF ACTION
### (Violation of 5 USC 552A)

132.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-

alleged and incorporated herein by presumed reference.

133.    The Defendant did and is violating the Privacy Act, 5 USC §552(a) where he says on

his passport application/renewal forms that " failure" to provide information requested on the

form, including your social security number, may result in significant processing delays and/or

the denial of your application.  Yet he neglected to correctly state in what conditions make it

voluntary and what make it mandatory; and in what conditions the consequence for not providing

a SSN will result in a denial and what conditions the consequence for not providing a SSN will

result in approval.  He failed to particularly notify of the fact, and apply the provisions for, "good

cause."

134.    The unlawful failure of the Defendant to apply the requirements and boundaries of

the Privacy Act, 5 USC 552a, injured me and my rights where I was seriously prejudiced,

resulting in the unlawful denial of my passport renewal applications or cancelled my passport or

its application; wrongfully causing me expenses and injury to my property right in the

application and its process, injury to my property and liberty rights in travel and the applied-for

passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the

demand for relief below.

## EIGHTH CAUSE OF ACTION
### (Violation of First and Fifth Amendments, Abridging The Right of Redress of Grievances by Hiding Perpetrators)

135.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

136.    The Defendant unlawfully refused to comply with law, regulation and his own rules and policy in assigning an Authorizing Officer and an Appeal Officer who is named and can be known to me in the application for passport renewal processing, who can be communicated to about my case with which they are cognizant and for which they are accountable. The Defendant refused to provide that information forthrightly, and denied to me that information when I requested or demanded it. The Defendant is thereby hiding perpetrators of unlawful actions cited in this complaint.

137.    The unlawful refusal to disclose to me the names of the actors who refused to comply with law, regulation and his own rules and policy and deny my passport renewal, and injure me for the sake of my practice of Christian religion violates the self-executing provisions of the First, Fifth and/or Ninth Amendments to the Constitution of the United States. I was thereby seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application, , wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

## NINTH CAUSE OF ACTION
### (Violation of 18 USC §241, Conspiracy against rights)

138.    The allegations contained in Paragraphs 1 through 113 of this Complaint are re-alleged and incorporated herein by presumed reference.

139.    In violation of 18 USC § 241, the Defendant and his agents, unlawfully conspired to injure, oppress, threaten, or intimidate me in the District of Columbia and across state boarder lines in the free exercise or enjoyment of any right or privilege secured to me by the Constitution or laws of the United States, and is doing so in retaliation to my attempts to exercise my rights protected by those laws regarding my property right, privilege, and equal access to the renewal of my previously secured passport and to also freely exercise religion.

140.    The wonton violation of 18 USC § 241 conspiring to deny me the exercise of rights and privileges of the right renew my passport while also exercising my Christian religion was arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation and mandatory published procedure whereby I was seriously prejudiced, resulting in the unlawful denial of my passport renewal applications or cancelled my passport or its application; wrongfully causing me expenses and injury to my property right in the application and its process, injury to my property and liberty rights in travel and the applied-for passport necessary to that travel, and monetary suffering in the amounts and ways set forth in the demand for relief below.

### RELIEF

The Plaintiffs demand the Court to:

141.    Assume jurisdiction of this case;

142.    Pursuant to 42 USC §2000bb-1, 5 USC §706, 28 USC §1361, §§2201-2201 and the statutes associated thereto, to the extent necessary to decision and when presented, decide relevant questions of law, interpret constitutional and statutory provisions and apply them, and determine the meaning or applicability of the terms of an agency action. Also:

(1) compel (mandamus or injunction) the Defendant or agency to take action to restore

the Plaintiff Carmichael's passport that was unlawfully cancelled by **voiding** the

"cancellation" of Plaintiff Carmichael's passport; compel the Defendant or agency to take

action to renew the Plaintiffs' passport for which they applied but were unlawfully delayed or

denied notwithstanding their previous religious accommodation grants; or otherwise compel

the renewal of their passport applications without fee unless the Defendant can show a lawful

prohibition of their freely exiting and entering this and other friendly countries, and

(2)  hold unlawful and set aside the Defendant or agency action, findings, and

conclusions found to be—

(A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law;

(B)  contrary to constitutional right, power, privilege, or immunity;

(C)  in excess of statutory jurisdiction, authority, or limitations, or short of statutory

right;

(D)  without observance of procedure required by law;

(E)  unsupported by substantial evidence in a case subject to sections 556 and 557 of

this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)  unwarranted by the facts to the extent that the facts are subject to trial de novo by

the reviewing court.

(3)  find, hold, and declare unlawful the actions of the defendant and any conspirators,

co-conspirators, or other persons acting under the color of official policy or power, that were

arbitrary, capricious, in bad faith, without any rational basis and contrary to law, regulation

and mandatory published procedure.

143.    Enjoin Defendant and his agency to not deny passport applications for reasons of

failure to be identified with a SSN on the basis of their religion, Plaintiffs, their families, and those of their religious belief and practice who cannot identify with a SSN for reasons of religion whether or not the SSA or any other agency may claim to have associated that person with a SSN.

144.   Award to Plaintiffs a civil penalty against the Defendant pursuant to relief available under United States law, 5 USC 552a(g)(1), and attorney's fees pursuant to 5 USC 552a(g)(3); and actual damages sustained by them but in no case less than the sum of $1,000 and attorney's fees should they eventually be applicable pursuant to 5 USC 552a(g)(4).

145.   Award money to Plaintiffs as restitution and a penalty against the Defendant in the amount of no more that $500,000 for the felonious acts by the organization pursuant to pursuant to 42 USC 408(b) and 28 USC §3571(a) and (c)(3).

146.   Award money damages to Plaintiffs as a punitive measure, and for restitution, penalizing the Defendant and his agents in their official capacity violating 18 USC §241 conspiring to deny Plaintiffs' rights to the passport/renewal for which they applied, and for willfully injuring their right to access to a passport and to be protected by those laws protecting in the free exercise of my Christian religion.

147.   Award money damages to Plaintiffs for the extra fees they paid for any additional applications which were not necessary, nor appropriate since their application was for renewal of their passports which were still valid when they began the process to renew it.

148.   Provide other relief that might be known or found to be suitable, lawful, equitable or otherwise which is in the power of the court to grant in keeping with the Federal Tort Claims Act.

149.   Award money to Plaintiffs for Cost of Attorney's fees and other expenses, pursuant to

the Equal Access To Judgment Act, 5 U.S.C. §504; 28 U.S.C. §1361, §2412, with adjustments

for particular specialty of legal aid and experts and for cost of living increases like the process

set forth in *Carmichael v. United States*, 70 Fed. Cl. 81, 85 (2006).

## SEVERABILITY

150.    Any such paragraphs, counts, claims, or other things herein which might be

determined based upon facts and law to be limited by immunity, qualified immunity, or sounding

in tort not particularly allowable to be brought against the United States or an officer acting in

their official capacity, or upon a person acting merely under the color of law of the United States

or a State, shall be severable from this case specifically limited to where those portions are

limited by immunity or qualified immunity or sounding in tort and where relief is not been

provided by an Act of the Congress of the United States.  Any such disqualification for reasons

of immunity, qualified immunity or sounding in tort, shall be reserved for a separate suit where

any person discovered to be acting under the color of law rather than their official capacity can

be held accountable for their own actions where the United States or Defendant Michael Richard

Pompeo acting in his official capacity retain the blessings of sovereign immunity.

I, David Alan Carmichael, swear that the foregoing statements known by me first-hand are true.
The other facts, deducible by the facts and circumstances, are believed by me to be true unless
refuted by proof.

Signed ___*David Alan Carmichael*___    Date: ___*November 29, 2019*___
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 850-2672 / david@freedomministries.life

I, William Mitchell Pakosz, do swear that the foregoing statement of facts for which I have first-hand knowledge are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. Under the penalty of perjury under the laws of the United States:

Signed _William Mitchell Pakosz_          Date: _27th Nov 2019_

William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443
(708) 748-8585

I, Lawrence Donald Lewis, do swear that the foregoing facts in the statement of facts, known by me first-hand, are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. Under the penalty of perjury under the laws of the United States:

Signed _Lawrence Donald Lewis_

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848
(208) 443-3852
larrynordlewis@povn.com

Date: _11-25-2019_
_November 29th, 2019_

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that in compliance
with Rules of Court 5(b), I delivered by mail, the
Plaintiffs' November 29, 2019, "Complaint - Amended" for
case # 19-CV-2316 in the United States District Court,
District of Columbia.  I mailed the document with a
certificate of service to the Court at:

    Angela D. Caesar
    Clerk of Court, District Court of the United States
    United States Courthouse
    333 Constitution Ave NW
    Washington, DC 20001    *Certified U.S. Mail #7015 0640 0002 8790 0248*

The Complaint-Amended, and a Certificate of Service was sent *Roc*
to:

    United States Attorney
    United States Attorney's Office
    Attn:  Christopher Hair          *Certified U.S. Mail # 7015 0640 0002 8790 259*
    555 4th Street, N.W.
    Washington, D.C.   20530

    Lawrence Donald Lewis
    966 Bourbon Lane
    Nordman, Idaho  83848

    William Mitchell Pakosz
    Box 25
    Matteson, Illinois   60443

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury
under the laws of the United States that the foregoing is
true.

_David Alan Carmichael_ _____     _November 29, 2019_
David Alan Carmichael               Date



U.S. POSTAGE PAID
FCM LG ENV
HAMPTON, VA
23663
NOV 29, 19
AMOUNT
$5.70
R2304H108324-20

1024

20001



CERTIFIED MAIL

7015 0640 0002 8790 0898

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

Angela D. Caesar
Clerk of Court District Court of The United States
United States Court House
333 Constitution Avenue, N.W.
Washington, D.C. 20001