**United States District Court,**
**District of Columbia**

**RECEIVED**

DEC 27 2019

David Alan Carmichael
    *et al.*

Clerk, U.S. District and
Bankruptcy Courts

v.

Case No: **1:19-cv-02316-RC**

Michael Richard Pompeo
    *et al.*

)
)
)
)
)
)
)

## Plaintiffs' Objection To Defendants' Second Motion for Additional Time To Respond to Complaint, Cross-Motion, And Memorandum In Support

1. I, Plaintiff, David Alan Carmichael, submit my objection to the Defendants' motion for

additional time to respond to the Complaint – Amended. I received notice by email at the close

of the day, December 18, 2019. After deliberation with fellow Plaintiffs, I and we, hereby object

for the reasons set forth in the Memorandum here below.

### Memorandum In Support of Objection to Defendants' Second Motion for Additional Time To Respond to Complaint

2. **The following maxims apply**:

"To do justice and judgment is more acceptable to YeHoVaH than sacrifice" The Holy
Scriptures, Proverbs 21:3

"To no one will we sell, to no one will we refuse or delay right or justice." Magna Carta or
1215, clause 40.

"To delay justice is injustice" - William Penn, ca 1693, *Some Fruits of Solitude,* Headly,
1905, p. 86.

"Justice too long delayed is justice denied" Martin Luther King, Jr., Letter From
Birmingham Jail. 1963

### Background

3. On November 12, sixty days after the Defendant was served with the original complaint, the

Court received a motion from the Defendant to request additional time to respond to the

complaint (30 days). <u>There was no citing of anything that qualifies as good cause or excusable</u>

neglect, merely a job description of the United States Attorney. With that motion for addition time was a response to my motions served in Mid-September. The post-mark of the motion sent to me was November 13, 2019.

4.   In consideration of the combined motions, the Court ordered me and the joining plaintiffs to submit an amended complaint that included the information that I had provided in my September motions to add the United States Department of State as a Defendant and to join William Mitchell Pakosz and Lawrence Donald Lewis to the case. The Court ordered the Defendant to provide a response to the amended complaint within fourteen (14) days of our serving the Defendant.

5.   The Court order was improperly served by the Clerk and returned to the Clerk, but a friend who has access to pacer.gov was providing docket information to me and emailed the Court's order to me. Within five days of having the Court order, I and the joining Plaintiffs provided the Court and the Defendants with an amended complaint, having to draft it and then obtain each Plaintiffs signature over a 2500 mile span.

6.   We submitted the "Complaint – Amended" by mail, certified, on November 29, 2019, with the Parties changed in the substance of the complaint. However, each of us overlooked changing the Caption that should have listed each of the Plaintiffs and Defendants or should have said, David Alan Carmichael, et al., Plaintiffs v. Michael Richard Pompeo, *is his official...., et al.*, Defendants.

7.   According to rule 5(b)(2)(C), the Defendant was served upon my mailing the document on November 29, 2019, since it is in the possession of the United States upon it being mailed.  The certified mail tracking shows the amended complaint arriving to the Clerk on December 3, 2019, at 2:50 pm (USPS certified mail tracking#70150640000287900898); and arriving at the

Defendant Attorney on December 4, 2019, 5:50 am (USPS certified mail
tracking#70150640000287902519). The Docket shows the amended complaint being filed
December 3, 2019, entered December 5, 2019.

8.    According to Rule 5(b)(2)(C), the deadline for the Defendant to respond to the complaint
was Friday, December 13, 2019. If the time is tolled from the document being delivered to the
Defendant, the deadline would be December 18, 2019.

9.    On December 18, 2019, the Defendant Attorney contacted Plaintiff Lewis by phone and
explained that he wanted to know our position on Defendant motion for additional time.
Defendant Attorney attempted to contact me by phone at home but I was in the hospital for
emergency surgery. I got home as fast a possible and found the email from the Defendant
Attorney explaining that he was requesting time. I attempted to contact the Plaintiffs only
getting Mr. Pakosz. I scheduled a conference with Plaintiffs for December 19, 2019, after their
working hours. I emailed the Defendant Attorney explaining that I would draft different options
that I was considering and proposed for the Plaintiffs to consider, one being an appeasement and
another an objection. The Defendant did not accept the attempted stipulated appeasement.

### Facts, Rules, Law, Equity and Justice Demand Refusal
### of The Defendants' Motion For Additional Time

10.    **Justice has been too long delayed by each branch of government, arbitrarily and
capriciously, to the injury on the Plaintiffs'.**

11. July 31, 2019, while trying to file the case, obtain the issuing of summons, and wanting to
deliver the summons forms to the Marshall's office in the Courthouse, **I was refused access to
the Courthouse because I did not have valid government issued ID** (Identification
document). The security officer in charge refused to provide me an alternative to the
requirement to have government or U.S. employer identification. I specifically requested that he

provide an officer to escort me, as do other Court buildings, and Federal Government and Military facilities. The security officer refused to contact the Marshall's service, for whom he is acting to secure the building, in order for the Marshall to escort me to the Clerk's office or to provide the Security Officer with information that would allow me access to the Clerk. He refused me communication to any of his supervisors to whom I could appeal. He flippantly stated that the Judge who signed the order refusing me access to the building was too busy to talk to me about getting a waiver. He refused to identify himself, or the witness officers who were by-standing, or the name of his superior. He merely stated the website for his company. He told me to contact the Clerk to see if they would meet with me at the entrance of the building. I contacted the Clerk's office and they said that they don't do that.

12.   That lawless obstruction of Justice on the first day of my seeking redress has had a continual negative, unjust and injurious impact on my seeking redress of government. It made the simple face-to-face communication with the Clerk impossible. It denied me access to having the Clerk explain the procedures specific to the context of the document I was filing. It exacerbated the confusion of what it takes to get a complaint amended without leave of court and it ended up having the effect of the Clerk flippantly sending back to me the service of summons form I submitted for the Department of State.

13.   Now, the Defendant, including Department of State, being notified by mail on July 31, 2019 without the service of summons form, and being notified again in August in my attempt to get the Defendant to accept notice of the suit waiving the service of summons form, and being notified again on September 13, 2019, having the bonus response time of 60 days, did not respond to the complaint since he spent no effort to consider it.

14.   The Defendant, on November 12, 2019, asked for an additional thirty (30) days to respond,

making his own deadline of December 12, 2019. On December 18, having made no effort to consider the complaint, the Defendant asks again for additional time to respond so that the holiday season will not be impacted. The Defendant makes no consideration that I had to spend weeks driving across the country to solve a family emergency instead of getting on an airplane for lack of valid identification and making the trip in a matter of hours, being away from my family and ministry at home for weeks, and imposing significant addition costs needed because of the travel. The Defendant does not consider that we Plaintiffs are in a perpetual state of being refused travel for ministry, business, and Holiday visits. Had the Defendant made his own deadline of December 18, 2019, we would have to have our response in by Christmas or the days immediately following Christmas, the time we would rather be spending with the portion of family left to our local access.

15.   The Defendant explained by email that beside the Christmas holiday, the Attorney is preparing for a trial in January. Reason tells me that Defendant Attorney cannot not take much notice of our complaint while he is conducting or preparing for a trial. None of Defendants' reasons fulfill the definition of what constitutes good cause or excusable neglect.

16.   When I submitted the four summons forms to the Clerk in September, and the Clerk believed my Complaint Caption and Parties statement to be insufficient, the Clerk had a duty to notify me, or demand, that I provide an amended complaint for the summons to be served upon the defendant rather than merely mailing the service summons for back with a post-it note attached saying "not a party." The Defendant United States Department of States was inferred as those agents of the Secretary of State in his official capacity. The duty of the Clerk was to issue the summons and leave it to the summoned party to make the claim that he was not a party to the case. If the Clerk thought that the Complaint did not fulfill the Rules of Court as to the words I

used to identify a summoned party in the complaint (the agents of the Secretary of State), then

the duty of the Clerk was to direct me to file an amended complaint if indeed a amendment

without leave of court was required to fulfill the same rules as those amended complaints

requiring the leave of court.  That interference with my application to file a summons for the

Defendant United States Department of State, and the Clerk's failure to act according to the rules

and provide a directive to provide a fully inclusive amended complaint, again is mounting a

barrier to the redress of government for which we labor so intently.

17.  **Therefore, on the basis on the significant interference that we have suffered by**

**obstructions, misfeasance, and gross neglect on the part of the Courthouse and the**

**Defendant, and Defendant Attorney:**

> a. **My, and now our, Cross-Motion sent on November 12, 2019 and again on November**

**22, 2019 still stands:**

>> "I, and now we, cross-move the Court to **deny a request by the Defendant for additional**
>> **time** to respond.  I, and now we, move that this motion be ruled upon without a hearing."

> b. **My, and now our, Motion sent on November 12, 2019, and November 22, 2019, still**

**stands:**

>> "I, and now we, move the Court to **Declare the Defendant in Default;** that all
>> statements of facts by the complainant in his complaint as presumed fact prima facie,
>> be found to be uncontested by the Defendant and thereby agreed to by the Defendant
>> tacitly."

> c. **My, and now our, Motion sent on November 12, 2019 still stands:**

>> "I, and now we, move the Court schedule a **"Scheduling Conference"** to set dates for
>> motions by the Complainant to move the Court to rule on matters of law and remedy cited
>> in the Complaint."

18.  The Plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz are responsible for signing this document in their own original, on pages 8 and 9 respectively, and sending the originally signed pages to the Court by the Clerk with a copy to other parties.

**Jurat / Testament**

I, David Alan Carmichael, swear that the foregoing statements known by me first-hand are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof.  I have printed and signed an original of the objection and cross-motion and promise to file this complete document, lacking only pages 8 and 9 which I understand will be signed by William Mitchell Pakosz and Lawrence Donald Lewis, respectively, and sent by them to the Court by the Clerk.

David Alan Carmichael          Date          December 23, 2019

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia   23664
(757) 850-2672
david@freedomministries.life

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by
mail, the Plaintiffs' December 23, 2019, "Plaintiffs'
Objection To Defendants' Second Motion for Additional Time
To Respond to Complaint, Cross-Motion, And Memorandum In
Support." I mailed the document with this certificate of
service to:

        Angela D. Caesar
        Clerk of Court, District Court of the United States
        Attn: Tonya Hightower      U.S. Mail Certified
        United States Courthouse   #7015 0640 0002 8790 0911
        333 Constitution Ave NW
        Washington, DC 20001

I sent A copy of the document and certificate of service to:

        United States Attorney      U.S. Mail Certified
        United States Attorney's Office  # 7015 0640 0002 8790 0300
        Attn: Christopher Hair
        555 4th Street, N.W.
        Washington, D.C.  20530

        Lawrence Donald Lewis
        966 Bourbon Lane
        Nordman, Idaho  83848

        William Mitchell Pakosz
        Box 25
        Matteson, Illinois  60443

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury
under the laws of the United States that the foregoing is
true.

David Alan Carmichael                December 23, 2019
David Alan Carmichael                Date

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664



CERTIFIED MAIL

7015 0640 0002 8790 0911



1024

20001

U.S. POSTAGE PAID
FCM LG ENV
HAMPTON, VA
23665
DEC 23, 19
AMOUNT
$4.80
R2304H108324-08

Angela D. Caesar
Clerk of Court District Court of the United States
United States Court House
333 Constitution Avenue, N.W.
Washington, D.C. 20001

