UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CARMICHAEL, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL RICHARD POMPEO, in his official capacity as Secretary of State<br><br>*Defendant*. | Civil Action No.19-CV-2316 |

## DECLARATION OF JONATHAN M. ROLBIN

I, Jonathan M. Rolbin, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the Director of the Office of Legal Affairs and Law Enforcement Liaison within the Passport Services Directorate of the U.S. Department of State's Bureau of Consular Affairs.

2. I submit this declaration in support of the Department's motion in the above-captioned case. I am familiar with the cases of plaintiffs David Carmichael, Lawrence Lewis, and William Paskosz. I base this declaration on my review of Department of State records and discussions with Department of State employees.

3. On December 19, 2007, Plaintiff David Carmichael applied for a passport. In box five of the application form in effect at that time, applicants were asked to provide their Social Security number ("SSN"). Mr. Carmichael wrote "42 USC § 2000bb Religious Prohibition."

4. On December 4, 2015, President Obama signed the Fixing America's Surface Transportation (FAST) Act into law. Section 2714a(f) of the Act authorizes the Department to

deny a passport application if the applicant fails to provide their SSN. On September 2, 2016, the Department published implementing regulations requiring applicants to provide their SSNs on the application. Prior to the passage of the FAST Act, the Department was not permitted by law to require that an applicant provide their SSN. The Department issued Mr. Carmichael U.S. Passport Number 436634760 on January 24, 2008 without him providing his SSN because it was not required at that time. There was no consideration of his claim for a religious accommodation.

5. In addition to revising the Federal Regulations, the Department also implemented policies consistent with these legal changes. Beginning on October 1, 2016, if applicants did not provide their SSNs, the Department would deny their applications.

6. On January 20, 2018, Mr. Carmichael applied to renew his passport. The instructions on the DS-82 form he submitted state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one. Persons who fail to provide their SSNs or who insert zeros are contacted in writing. Those who were never issued a SSN are required to confirm this fact by providing a written declaration under penalty of perjury stating the facts. In box five of the application form, in which applicants are instructed to write their SSNs or provide zeros, Mr. Carmichael instead wrote "see letter." In the letter, Mr. Carmichael requested a religious accommodation to the requirement that he provide his SSN.

7. On January 30, 2018, a passport adjudicator mistakenly approved Mr. Carmichael's passport application. The adjudicator failed to follow Department policy, which required that the adjudicator send Mr. Carmichael an IRL instructing him to either provide his SSN or provide a declaration under penalty of perjury stating that he was never issued one. Because of the adjudicator's error, the Department erroneously issued U.S. Passport Number

573308010 to Mr. Carmichael on January 30, 2018. He was not issued a passport without providing a SSN based on a religious accommodation.

8. On June 17, 2019, the National Passport Center, a passport adjudication agency within the Department, informed my office that it erroneously issued U.S. Passport Number 573308010 and requested that it be revoked.

9. The Department notified Mr. Carmichael by letter dated June 20, 2019, that it revoked U.S. Passport Number 573308010 because it was issued in error. The letter also informed Mr. Carmichael that he was entitled to a hearing on the revocation action. Mr. Carmichael never requested a hearing.

10. Plaintiff Lawrence Lewis applied for a passport on March 24, 2008. In box five of the application form in effect at that time, applicants were asked to provide their SSNs. Mr. Lewis wrote "religious prohibition see attachment." In this attachment, Mr. Lewis stated that his religious beliefs prevented him from identifying himself using an SSN.

11. Mr. Lewis' 2008 application pre-dated passage of the FAST Act and the corresponding updates to Department policy, so the Department was not permitted by law to require that an applicant provide their SSN. The Department issued Mr. Lewis U.S. Passport Number 445066501 on May 2, 2008 without him providing his SSN because it was not required at that time. There was no consideration of his claim for a religious accommodation.

12. On April 3, 2019, Mr. Lewis applied to renew his passport using Form DS-82. The instructions on the DS-82 form he submitted state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one. Persons who fail to provide their SSNs or who insert zeros are contacted in writing. Those who were never issued a SSN are required to confirm this fact by providing a written declaration under penalty of

perjury stating the facts. In box five of the application form, in which applicants are instructed to write their SSNs or provide zeros, Mr. Lewis wrote "religious prohibition see letter." In that letter, he requested a religious accommodation to the requirement that he provide his SSN.

13. On May 1, 2019, the Department sent Mr. Lewis a letter requesting that he either provide his SSN or declare under penalty of perjury that he had never been issued one.

14. On July 29, 2019, Mr. Lewis sent a letter to the Department repeating his request for a religious accommodation and stating that he would not provide his SSN.

15. On August 29, 2019, the Department denied Mr. Lewis's passport application because he failed to provide his SSN.

16. On December 3, 2007, Plaintiff William Pakosz applied for a passport. In box five of the application form in effect at that time, applicants were instructed to write their SSNs. Mr. Pakosz wrote "religious prohibition."

17. Mr. Pakosz's 2007 application pre-dated passage of the FAST Act and the corresponding updates to Department policy, so the Department was not permitted by law to require that an applicant provide their SSNs. The Department issued Mr. Pakosz U.S. Passport Number 434370467 on December 11, 2007 without him providing his SSN because it was not required at that time. There was no consideration of his claim for a religious accommodation.

18. On August 16, 2017, Mr. Pakosz applied to renew his passport using Form DS-82. The instructions on the DS-82 form he submitted state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one. Persons who fail to provide their SSNs or who insert zeros are contacted in writing. Those who were never issued an SSN are required to confirm this fact by providing a written declaration under penalty of

perjury stating the facts. In box five of the application form, in which applicants are instructed to write their SSNs or provide zeros, Mr. Pakosz wrote "religious prohibition 42 USC 2000bb1."

19. On September 1, 2017, the Department sent Mr. Pakosz a letter requesting that he either provide his SSN or declare under penalty of perjury that he had never been issued one.

20. On September 8, 2017, Mr. Pakosz responded with a letter requesting a religious accommodation to the requirement that he provide his SSN.

21. On September 22, 2017, the Department denied Mr. Pakosz's passport application because he failed to provide his SSN.

22. On January 13, 2018, Mr. Pakosz submitted another passport renewal application, using Form DS-82. The instructions on the DS-82 form he submitted state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one. Persons who fail to provide their SSNs or who insert zeros are contacted in writing and required to confirm this fact through written declaration under penalty of perjury stating the facts. In box five of the application form, in which applicants are instructed to write their SSNs or provide zeros, Mr. Pakosz wrote "42 USC 2000bb religious prohibition." Mr. Pakosz also did not submit his most recent passport as is required for applicants using Form DS-82 to renew their passports.

23. On January 23, 2018, the Department sent Mr. Pakosz a letter requesting that he either submit his passport book issued in 2007 or submit a DS-11 passport application and DS-64 Statement Regarding Lost or Stolen Passport. The letter also instructed Mr. Pakosz to provide his SSN or declare under penalty of perjury that he had never been issued one.

24. On February 3, 2018, Mr. Pakosz submitted a DS-11 passport application and a completed DS-64 Statement Regarding Lost or Stolen Passport. The instructions on the DS-11

form he submitted state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one. Persons who fail to provide their SSNs or who insert zeros are contacted in writing. Those who were never issued an SSN are required to provide a written declaration under penalty of perjury stating the facts. In box five of the application form, in which applicants are instructed to write their SSNs or provide zeros, Mr. Pakosz wrote "religious prohibition 42 USC 2000bb-1" on the passport application.

25.     On April 2, 2018, the Department denied Mr. Pakosz's passport application because he failed to provide his SSN.

26.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 16 day of January, 2020.

_____
Jonathan M. Rolbin