# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael | ) | |
| *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State* | ) | |
| *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Cover Sheet**

**Plaintiffs' Combined Response**

**To Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In The Alternative For Summary Judgment under Rule 56;**

**and Plaintiffs Cross-Motion for Declaratory Partial Summary Judgment and Injunction On The First Cause of Action**



RECEIVED
Mail Room

FEB 2 4 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

David Alan Carmichael )
*et al.* )
)
*Plaintiffs* )
)
v. )      Civil Action No.  1:19-CV-2316-RC
)
Michael Richard Pompeo )
*In his Official Capacity as Secretary of State* )
*et al.* )
)
*Defendants* )

**Plaintiffs' Combined Response to Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In The Alternative For Summary Judgment under Rule 56;**
**and Plaintiffs Cross-Motion for Declaratory Partial Summary Judgment and Injunction On The First Cause of Action**

**A.    Defendants' Motions For Dismissal On Rule 12(a)(1), lack of subject matter jurisdiction, and 12(a)(6)  failure to state a claim upon which relief can be granted, Fail As A Matter of Fact And Law On All Causes**

1.    The Defendants' motions to dismiss on Rule 12(b)(1) and 12(b)(6) fail as a matter of law and facts supporting the merits of law.  Support for this proposition is provided herein, in our Combined Memorandum in Support of our response and cross-motion on the first cause of action, and our *Plaintiffs Statement of Disputed Facts*.  We demur their inadequate and erroneous claims on the merits.

2.    All causes of action are based upon either the Defendants' violations of the U.S. Constitution, law, or regulations.  The law grants jurisdiction to the District Court.  There are remedies and relief available based upon statutes cited, the facts alleged or confirmed, the laws and regulations which control the Defendants.  We adequately invoked all of these by fact and law declared in the Complaint pleadings, declarations, Causes of Action, and Relief and Remedy demanded.

3.    Statutes, regulations and orders cited in the complaint, and those evoked by the motion of the Defendant, are sufficient to give us access to the U.S. District Court (jurisdiction), impose on the Defendants' duties to perform, and give us access to remedy and relief on all Causes of Action where

the Defendants injure us contrary to law, regulation and public policy.  Among others, there are,  28

U.S.C. § 1331, Federal Question; 28 U.S.C. § 1346, United States as Defendant;  28 U.S.C. § 1346,

United States as Defendant; 28 U.S.C. § 1361, Action to compel an officer of the United States to

perform his duty; 28 U.S.C. § 2201, Declaratory Judgments – Creation of Remedy; 28 U.S.C. § 2202,

Declaratory Judgments – Further Relief; 5 U.S.C. § 552a, Records Maintained On Individuals; 5 U.S.C.

§ 701, Application – Definitions; 5 U.S.C. § 702, Right of Review; 5 U.S.C. § 703, Form and Venue of

Proceeding; 5 U.S.C. § 704, Actions Reviewable; 5 U.S.C. § 705, Relief Pending Review; 5 U.S.C. §

706, Scope of Review; 22 U.S.C. § 211a, Authority to grant, issue, and verify passports; 22 U.S.C. §

2714a, Revocation or denial of passport in case of certain unpaid taxes; 22 U.S.C. § 2721, Impermissible

bases for the denial of passports; Executive Order 13798, Promoting Free Speech and Religious Liberty;

22 C.F.R §51.65, Notification of denial, revocation or cancelation of passports and Consular Reports of

Birth Abroad; 18 USC §241, Conspiracy Against Rights; 18 USC §245, Federally Protected Activities;

42 USC §408, Penalties; 42 U.S.C. § 2000bb-1, Free Exercise of Religion Protected; 44 U.S.C. § 3512,

Public Protection; Presidential Executive Order 13798, Promoting Free Speech And Religious Liberty,

Donald J. Trump (May 4, 2017), pursuant to 22 U.S.C. 211a.

4.    We have succeeded in stating a claim upon which the court has subject-matter jurisdiction in the

first instance, for which the Court can grant relief.  Curran v. Holder, 626 F. Supp. 2d 30, 32 (D.D.C.

2009) *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Plaintiffs established

by the preponderance of the evidence that the Court possesses jurisdiction. See, e.g., *United States ex*

*rel. Digital Healthcare, Inc. v. Affiliated Computer*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citing

Hollingsworth v. Duff, 444 F. Supp. 2d 61, 63 (D.D.C. 2006)).  "The plaintiff's factual allegations in the

complaint bear up under close scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6)

motion for failure to state a claim." quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185

F. Supp. 2d 9, 13-14 (D.D.C. 2001)  The Plaintiff presented factual allegations that are sufficiently

detailed to survive the Defendants' Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). The Plaintiffs stated claims that are plausible on their face.

5.     The District Court is required to deem the factual allegations in the complaint as true and

consider them in the light most favorable to the non-moving Plaintiff when evaluating a motion to

dismiss under Rule 12(b)(6). *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). The complaint pleads

facts that show the Defendants' are not only liable, they are violating laws critically important to the

public welfare and public policy, and to the most important values for which government is instituted.

Those violations of law are injuring the Plaintiffs, and threaten future injury to all of their religious

community and class.  There are laws that provide for relief and remedy only through the mechanism of

the U.S. District Court, Washington, D.C.

6.     Therefore, the Defendants' motion for dismissal on Rule 12(b)(1) and 12(b)(6) should be

dismissed with prejudice.  Further support is provided in our Combined Memorandum In Support.

**B.   Defendants' Motions For Summary Judgment, Rule 56, Is Not Allowed Due To Genuine
      Dispute of Facts Material To Their Motion**

7.     Summary Judgment pursuant to Rule 56 on the First Cause of Action on the Defendants' motion

is not allowable since there are material facts in the complaint that the Defendant disputes; there are

material facts proposed by the Defendant that the Plaintiffs dispute; and those material facts are critical

to the success of the Defendants' motion as it relates to the First Cause of Action.  "Summary judgment

is appropriate when there are no genuine issues of material fact and the moving party is entitled to

judgment as a matter of law. RCFC 56(c)"; *Carmichael v. United States,* 66 Fed. Cl. 115, 120 (2005);

The party moving for summary judgment bears the initial burden of demonstrating the absence of any

genuine issues of material fact. *Ibid*  "A fact is material if it might significantly affect the outcome of

the suit under the governing law." *Ibid*  "If the moving party demonstrates an absence of a genuine

issue of material fact, the burden then shifts to the non-moving party to show that a genuine issue

exists." *Ibid*  "Alternatively, if the moving party can show there is an absence of evidence to support

the non-moving party's case, then the burden shifts to the non-moving party to proffer such

evidence." *Ibid* "The court must resolve any doubts about factual issues in favor of the party

opposing summary judgment." *Ibid Carmichael* citing *Litton Indus. Prods., Inc. v. Solid State Sys.*

*Corp.,* 755 F.2d 158, 163 (Fed.Cir.1985), "to whom the benefits of all favorable inferences and

presumptions run." *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir.1984).

8.    The Defendant's through their memorandum in support for their motion, and in their associated

Declarations, dispute allegations of fact made by the Plaintiffs that are material to support the

Defendants' motion for Summary Judgment.  They did not "bear the burden" of "demonstrating"

through clear and convincing evidence that there is no genuine issue of fact.  They did not even fulfill

the prerequisite of providing their record before making the dispositive motion.  There exists genuine

issues necessary to be litigated.  Our *Plaintiffs' Statement Of Disputed Facts* submitted herewith

supports our contention.

**C. Defendants' Motions For Summary Judgment On Rule 56 Fails On The First Cause of Action As A Matter Of Law**

9.    The Defendants motion for Summary Judgment fails on the undisputed material facts and merits

as a matter of law as it relates to the First Cause of Action.  Each cause of action is tied to, and built

upon, the facts and law touching on the First Cause of Action.  Our cross-motion upon the First Cause of

Action is ripe for partial summary judgment since there are undisputed facts that are material and

sufficient to support our motion for partial summary judgment, declaration and injunction.

10.    Defendants' motion for summary judgment on the First Cause of Action should be denied with

prejudice.  Plaintiffs' Cross-Motion for Partial Summary Judgment should be granted in accordance with

our *Plaintiffs' Combined Memorandum In Support of:  Response to Defendants' Motions to Dismiss*

*Rule 12(b)(1) and (6), or In The Alternative For Summary Judgment under Rule 56; and Plaintiffs'*

*Cross-Motion for Declaratory Partial Summary Judgment and Injunction On The First Cause of Action,*

and our *Plaintiffs' Proposed Order On Their Motion For Declaratory Partial Summary Judgment and*

*Injunction As Partial Relief On The First Cause of Action.*

**D.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The Second Cause of Action For Facts In Dispute, And As A Matter Of Law.**

11.  The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Second Cause of Action under Rules 12 and 56.

12.  The ambiguity evoked by the Defendant in confusing the meaning or application of "substantial" burden is <u>no bar</u> to our prevailing substantially on the Second Cause of Action.  On its face, our complaint, and the Defendants' Declarations, confirm that it is for religion that we do not identify with a SSN.  We have in our complaint and our declaratory statements in our memorandum in support of our cross-motion express clearly the sincerity, depth, gravity, and consequences of that belief and practice of religion.  We don't know the artful or 'magic' words necessary to trigger the threshold that will obligate the Court to rule the Defendants' actions placed a "substantial burden" on religion.  The Attorney General of the United States expressed the definition in his October 4, 2017 memorandum to all Executive Departments.

> "In general, a government action that bans an aspect of an adherent's religious observance or practice, compels an act inconsistent with that observance or practice, or substantially pressures the adherent to modify such observance or practice, will qualify as a substantial burden on the exercise of religion."  MEMORANDUM FOR ALL DEPARTMENTS AND AGENCIES, *Federal Law Protections For Religious Liberty*, United States, The Attorney General (Oct. 6, 2017)

13.  The refusal to grant our passports, unless we forsake religion, is substantial pressure to attempt to make us modify our observance and practice.  We have met the burden of showing the first two prongs of the strict scrutiny requirement of the Religious Freedom Restoration Act, 42 USC §2000bb, *et seq.*

14.  As a matter of law, the Defendant cannot "demonstrate" by clear and convincing evidence that they can prove a "compelling" interest **"to the person"** of us.  The 'interest' they declare is ""to refuse a passport where "the applicant was participating in illegal conduct, trying to escaped the toils of the law, promoting passport frauds, or otherwise engaging in conduct which would violate the law of the United States." *Kent v. Dulles*, 357 U.S. 116, 137 (1958)"" (Defendants' Memorandum, p. 16)  Neither of those miscreant characteristics applies to our **persons**.  The Defendant quotes the Immigration act that cites

good causes for the Secretary of State to deny or revoke a passport, "if it appears that such document was illegally, fraudulently, or erroneously obtained from, or was created through illegality or fraud practice upon, the Secretary." (Defendants' Memorandum, p. 17)  Neither of those malevolent acts applies to our **persons**.  The Defendant then goes on to attest to the good logic of the Ninth Circuit where they said that the Secretary is prohibited "from revoking a passport solely on the basis of 'second thoughts,'" *Magnuson v. Baker*, 911 F.2d 330 (9th Cir. 199).  Citing 8 U.S.C. §1504's addition of "erroneously obtained" in 1994, the Defendants' erroneously elevate "second thoughts" to a power exceeding the text of the *Magnuson v. Baker* statutes 8 U.S.C. §§ 1451, 1453; and elevate it in supremacy to the RFRA, the Impermissible Basis To Deny and Passport 22 U.S.C. § 2721, the Bill of Rights, and the Holy Bible.  The Defendants' then declare that their two-bad-choices-affidavit option, that has nothing to do with the legitimate interest of government to disqualify miscreants, justifies their usurpation of the laws protection religion.  (Defendants' Memorandum, pp. 17-18)

15.     There is no reason to examine the final test of least restrictive means.  They demonstrated a less restrictive means to fulfill their lesser interests; since it is supposedly 'no error' to issue a passport to someone who is silly enough to sign an affidavit attesting to someone else's records.  It is not a hurdle too big to check their identity or criminality.

16.     The Second Cause of Action is not yet ripe until we deal with the First Cause of Action that rests directly upon the passport statutes.

17.     Defendants' motion for summary judgment on the Second Cause of Action should be denied.

**E.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The Third Cause of Action For Facts In Dispute, And As A Matter Of Law.**

18.     The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Third Cause of Action under Rules 12 and 56.

19.     The Defendants' motion, the revelations of the Defendants' Declarations, as well as statutes and cases shown by them or discovered by us, has revealed that the Complaint needs to be amended on the

Third Cause of Action.  The law which demands the Defendant to apply Executive Order 13798 is 22 U.S.C. §211a, which demands that the Defendant abide by the rules prescribed by the president.  The language of E.O. 13798 indicates that it applies to all actions of the Executive Departments and agencies.  The Administrative Procedures Act authorizes the Court to examine actions of the Agency when its conduct is arbitrary or capricious.  The Court can ascertain whether the administrative agency examined the relevant data and articulated a rational connection between the facts found and the decision made, and whether the agency considered all relevant factors and whether there was clear error in judgment resulting from its process.  The case of *Zzyym v. Pompeo*, 341 F. Supp. 3d 1248 (D. Colo. 2018) is an example.  E.O. 13798 is clearly something that the Defendant is obligated to consider but did not consider in taking the unlawful actions against us.

20.     The Defendants' misapply the case law that they cite (Defendant Memorandum, p. 22).  The E.O. 13798 fulfills the elements cited in the referenced case.  It is of general applicability to all federal departments and agencies.  It is of future effect.  It is intended to "implement, interpret or prescribe law or policy." *Daingerfield Island Protective Soc. V. Babbitt*, 823 F. Supp. 950, 957 (D.C. Cir. 1993), citing *In re FTC Corporate Patterns Report Litigation*, 432 F. Supp. 291, 301 (D.D.C. 1977).  The E.O. 13798, Sec. 6.(c) provision cited by the Defendants (Defendant Memorandum, Para V.a., p. 22) does not immunize the Defendants' from implementing the directives of Sections 1 through 4 of E.O 13798.  The Constitution of the United States of America, and the laws of the United States enacted by Congress pursuant to its powers under Article 1, redress available via Article III, and those rights particularly protected in the Bill of Rights, institute those benefits or rights, substantive and procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.  The Congress, through 22 U.S.C. § 241a, giving power to the Defendant Secretary to grant, issue, and validate passport constrained by the obligation abide by the "rules as the President shall designate and prescribe for and on behalf of the United States."  The Congress has obliged the Defendant to obey the rules of E.O. 13798.  Those rules of E.O. 13798

and its implemented memorandum by the Attorney General, are by their nature and obvious context applicable to any apparently permissive or discretionary power left to the Defendant in whether they issue a passport to someone who for reasons of religion cannot identify with a SSN.  The rule of the President has the force of law empowered by the Act of Congress, 22 U.S.C. § 241a, imposes a duty on the Defendant to <u>not</u> revoke and <u>not</u> deny the Plaintiffs' passport and renewal applications.

21.    The Third Cause of Action is not yet ripe until we adjudicate the First Cause of Action.  The issue of E.O. 13798 is visited in the memorandum of support to deny the Defendants' motion for summary judgment on the First Cause of Action.

22.    Defendants' motion for summary judgment on the Third Cause of Action should be denied.

**F.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Fourth</u> Cause of Action For Facts In Dispute And As A Matter Of Law.**

23.    The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Fourth Cause of Action under Rules 12 and 56.

24.    The Fourth Cause of Action is not yet ripe until we adjudicate the First Cause of Action. Elements of this Fourth Cause of Action were addressed in our memorandum in support of our motion to deny the Defendants' motion for summary judgment on the First Cause of Action.

25.    The Defendant is unlawfully violating the law of the Fifth Amendment to the Constitution of the United States by wantonly denying access to the appeal process pursuant to the Defendant-promulgated 22 Code of Federal Regulations §51.70(b)(2).  The appeal process is denied to us and those of our religious class who fail to provide a social security number.  We have indeed fulfilled the provisions of 22 CFR 61.60 (f), and therefore ought not to be denied the due process of an appeal hearing according to the Fifth Amendment to the Constitution of the United States of America.  22 CFR § 51.70 provides:

§ 51.70 **Request for hearing to review certain denials and revocations**.

(a) A person whose <u>passport</u> has been <u>denied</u> or <u>revoked</u> under 22 CFR 51.60(b)(1) through (10), 51.60(c), 51.60(d), 51.61(b), 51.62(a)(1), or 51.62(a)(2), or whose Consular Report of Birth Abroad is cancelled under § 51.62(c)(1) or § 51.62(c)(2), <u>may request a hearing</u> to review the basis for the denial, revocation, or cancellation, provided that the Department receives such a request, in writing, from such person or his or her attorney within 60 days of his or her receipt of

the notice of the denial, revocation, or cancellation. Failure to timely request a hearing means the denial, revocation, or cancellation is the Department's final action.

(b) The provisions of §§ 51.70 through 51.74 **do not apply to** any action of the Department denying, restricting, revoking, cancelling or invalidating a passport or Consular Report of Birth Abroad, or in any other way adversely affecting the ability of a person to receive or use a passport or Consular Report of Birth Abroad, for reasons not set forth in § 51.70(a), including, as applicable, those listed at:

> **(1)** Section 51.60(a) (instances where the Department may not issue a passport, except for direct return to the United States);
>
> **(2) Section 51.60(f) (failure to provide a social security number, or purposefully providing an incorrect number);**
>
> **(3)** Section 51.60(g) (denial of passport cards to certain convicted sex offenders);
>
> **(4)** Section 51.61(a) (denial of passports to certain convicted drug traffickers);
>
> **(5)** Section 51.62(b) (revocation of passports for non-U.S. nationals or where a certificate of citizenship or naturalization has been cancelled);
>
> **(6)** Section 51.62(c)(3) (cancellation of a Consular Report of Birth Abroad upon the Department's determination that the bearer is not a U.S. national or where a certificate of citizenship has been cancelled);
>
> **(7)** Section 51.62(d) (revocation of passports issued to certain convicted sex offenders);
>
> **(8)** Section 51.64 (specially validated passports);
>
> **(9)** Any other provision not listed at § 51.70(a).
> (Emphasis added)

26.   The Defendants' statement makes a categorically false statement in their memorandum to support their motion, "Mr. Carmichael was also informed of his opportunity to request a hearing, which Mr. Carmichael failed to avail himself of." (Defendants' Memorandum, p. 20)  According to the Defendants' regulation 22 C.F.R. 51.70, there is no appeal hearing available under the circumstances. There is no opportunity to bring to bear the facts and law regarding our situation of religion, the passport law protecting religion, and the conflict with mere efficiency preferences.  Evidence proffered in our Complaint, in the Defendants' Declarations, shows that we did not "fail" to provide the SSN information.  It was that the information we provided was true rather than merely procedural.

27.   The Defendants mischaracterize our complaint and misapply the case of *United to Protect Democracy v. Presidential Advisory Comm'n on Election Integrity*, 288 F. Supp. 3d 99 (D.D.C. 2017) regarding the violation of the Paperwork Reduction Act (PRA) (44 U.S.C. §3501, *et seq.*) protecting us

from the "burden" of being penalized for not filing the Defendants' unauthorized forms.  (Defendant Memorandum, p. 21)  Our injury of denial or revocation of passport for not filing within the limits of the invalid form "is the type of harm that Congress sought to remedy..." *United to Protect Democracy v. Presidential Advisory Comm'n on Election Integrity*, 288 F. Supp. 3d 99, 106 (D.D.C. 2017)  The unauthorized form is not only redundant to the OMB approved DS-11 and DS-82 forms, it does not have the requisite Privacy Act driving information like those forms, nor does it make available the parental supervision necessary to ensure that it does not institute the dangerous innovation to commit a force-of-law offense of overbreadth.  The Defendants' themselves in their Memorandum and Declarations connect their unauthorized form to our concrete injury, thereby causing the Article III standing whereby our case and controversy claims an "injury in fact," "actual or imminent" invasion of a legally protected interest that is both "concrete and particularized."  We and the Defendants' show a causal connection between the injury and the challenged conduct such that the injury is fairly connected to the challenged conduct.  It is "likely," rather than "speculative," that the injury will be "redressed by a favorable decision case, and the Court, can provide remedy.  Ibid, citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)  The Defendants' Memorandum and Declarations indicate that they are proud of the fact that our passports were denied or revoked particularly because we did not respond to their unauthorized form.  That injury to us is a penalty prohibited by the PRA:

> 44 U.S. Code § 3512.  **Public protection**
> (a)Notwithstanding any other provision of law, <u>no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if</u>—
> (1) the <u>collection of information does not **display** a valid control number</u> assigned by the Director in accordance with this subchapter; **or**
> (2) the agency **fails** to inform the person who is to respond to the collection of information that such person <u>is not required to respond to the collection of information unless it displays a valid control number.</u>
> (b) **The protection provided by this section may be raised** in the form of a complete defense, bar, or **otherwise** at any time during the agency administrative process or **judicial action applicable thereto.**  (Added Pub. L. 104–13, § 2, May 22, 1995, 109 Stat. 181; amended Pub. L. 106–398, § 1 [[div. A], title X, § 1064(b)], Oct. 30, 2000, 114 Stat. 1654, 1654A–275.)
> (Emphasis added)

28.   The PRA provides adequate protection for the mischief of the Defendants' unsavory SSN

confession form.  This Cause of Action is not ripe for Summary Judgment for the Defendant according to the assertions in the Defendants' Memorandum and Declarations since we challenging their assertions that the particulars of the unauthorized form was contemplated by the Director of OMB (Defendant Memorandum, p. 21)  Their motion for summary judgment on the Fourth Cause of Action is not supported as a matter of law.

### G.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Fifth</u> Cause of Action For Facts In Dispute And As A Matter Of Law.

29.    The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Fifth Cause of Action under Rules 12 and 56.

30.    The Fifth Cause of Action is not yet ripe until we adjudicate the First Cause of Action.  Elements of this Fifth Cause of Action were addressed in our memorandum in support of our motion to deny the Defendants' motion for summary judgment on the First Cause of Action.

31.    The Defendant is through his regulation 22 CFR §51.60 with 22 CFR §51.70 violating the law of due process protected by the Fifth Amendment to the Constitution of the United States since it is overbroad.  It affects the denial of rights protected by fundamental, and other law, of those who cannot, by reason of volition or religion, apply or participate with the program related to the SSN, arbitrarily imposing upon rights whose protection is guaranteed by that Constitution.

32.    Defendants' motion for summary judgment on the Fifth Cause of Action should be denied.

### H.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Sixth</u> Cause of Action For Facts In Dispute And As A Matter Of Law.

33.    The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Sixth Cause of Action under Rules 12 and 56.

34.    The Sixth Cause of Action is not yet ripe until we adjudicate the First Cause of Action.   It is necessary to determine whether the laws of the United States were violated to bring 42 U.S.C. § 408 to bear on the action.

35.    The Defendants did, and are, violating 42 USC §408(a)(8), where they unlawfully compel "the

disclosure of the social security number of any person in violation of the laws of the United States."
Though there is authorization for the Defendants to ask for such a number, it is unlawful for Defendants
to use their power of coercion over destroying our property and liberty rights attached to our passports,
for which we obtained in 2008 and have been attempting to renew; since the Defendants were made
aware the we are prohibited by the higher law of religion from identifying with such a number.

36.   The Defendants actually proffer support that they violated the law since there is no support by any
fact that we obtained passports where "it appears that such a document was illegally, fraudulently, or
erroneously obtained from, or was created through illegality or fraud practice upon the Secretary."
(Defendant Memorandum, pp. 22-23)

37.     The Defendants' contemplation of our liberty interest is wholly repugnant to the American
traditions of law and liberty.   The do affirm however that our travel liberty (and property right according
to the traditions of law and liberty protected by the Ninth Amendment) "can (only) be regulated within
the bounds of due process." (Defendant Memorandum, p. 23)

> "It must now be accepted that travel abroad is more than a mere privilege accorded
> American citizens.  It is a right, and attribute of personal liberty, which may not be
> infringed upon or limited in any way unless there be full compliance with requirements of
> due process. *Shachtman v. Dulles*, D.C. Cir., 1955, 225 F.2d 938; *Bauer v.* Acheson,
> D.C. 1952, 106 F. Supp. 445; *Williams v.* Fears, 1900, 179 U.S. 270, 274, 21 S. Ct. 128,
> 45 L.Ed. 186  Travel beyond the confines of our sovereign borders requires the
> possession of a passport.  It is not only unlawful for a citizen to travel to Europe without
> a passport but it is virtually impossible to enter a European country without one.  See 8
> U.S. C. 1185, and *Shachtman v. Dulles*, SUPRA  The denial of a passport must comply
> with due process requirements." *Boudin v. Dulles*, 136 F. Supp. 218, 220 (1955)

38.     Unjust means produce unjust ends.   The result of the injustice to us is evidence that due process,
referred to in *Shactman v. Dulles*, cited by *Boudin*, has not been applied.   Due process is a minister of
God for our good, for the ends of justice.

13:[1] Let every soul be subject unto the higher powers. For there is no power but of God: the
powers that be are ordained of God.   [2] Whosoever therefore resisteth the power, resisteth the
ordinance of God: and they that resist shall receive to themselves damnation.  [3] For rulers are not
a terror to good works, but to the evil. Wilt thou then not be afraid of the power? do that which is
good, and thou shalt have praise of the same:  [4] For he is the minister of God to thee for good.
But if thou do that which is evil, be afraid; for he beareth not the sword in vain: for he is the

minister of God, a revenger to execute wrath upon him that doeth evil. [5] Wherefore ye must needs be subject, not only for wrath, but also for conscience sake. [6] For for this cause pay ye tribute also: for they are God's ministers, attending continually upon this very thing. [7] Render therefore to all their dues: tribute to whom tribute is due; custom to whom custom; fear to whom fear; honour to whom honour. [8] Owe no man any thing, but to love one another: for he that loveth another hath fulfilled the law. [9] For this, Thou shalt not commit adultery, Thou shalt not kill, Thou shalt not steal, Thou shalt not bear false witness, Thou shalt not covet; and if there be any other commandment, it is briefly comprehended in this saying, namely, Thou shalt love thy neighbour as thyself. [10] Love worketh no ill to his neighbour: therefore love is the fulfilling of the law. [11] And that, knowing the time, that now it is high time to awake out of sleep: for now is our salvation nearer than when we believed. [12] The night is far spent, the day is at hand: let us therefore cast off the works of darkness, and let us put on the armour of light. [13] Let us walk honestly, as in the day; not in rioting and drunkenness, not in chambering and wantonness, not in strife and envying. [14] But put ye on the Lord Jesus Christ, and make not provision for the flesh, to fulfil the lusts thereof. *Holy Bible*, Romans, Chapter 13

39.   The Defendant knew, or had a duty to know, that they were violating the laws of the United States when they unlawfully denied the right, benefit or privilege of being issues a passport renewal or not having the Plaintiff's passport revoked. The conduct of the Defendant is felonious according to 42 USC § 408(a). We are entitled to compensatory and punitive damages as allowable by the laws of the United States.

40.   Adjudicating other counts of the complaint, regarding the requirements of the law upon the Defendant, is necessary before reaching the matter of the Sixth Cause of Action. Discovery is warranted to determine who the specific actors were, and to discover the duties of each actor, their training, their responsibilities, and the motives for their acts or neglect, among other things.

41.   The unlawful coercion by the Defendant upon me by unlawfully demanding that I identify with a SSN, willingly and knowingly attacking me in my duties of religion in violation of the laws of the United States, is a felonious act according to 42 USC §408(a). Our *Plaintiffs Submission of Undisputed Or Uncontroverted Facts Relevant To The First Cause Of Action* attests to the unlawful conduct of the Defendants.

42.   We are seriously prejudiced, resulting in the unlawful denial of our passport renewal applications; wrongfully causing us expenses and injury to our property and liberty rights in the application and its process, injury to our property and liberty rights in travel and the applied-for passport

necessary to that travel, and monetary suffering.

43.    Defendants' motion for summary judgment on the Sixth Cause of Action should be denied.

**I.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Seventh</u> Cause of Action For Facts In Dispute And As A Matter Of Law.**

44.    The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Seventh Cause of Action under Rules 12 and 56.

45.    The Seventh Cause of Action is not yet ripe until we adjudicate the First Cause of Action.   It is necessary to determine what laws of the United States were violated, and to adjudicate the facts about what is voluntary and what is mandatory about the Defendants' demand for identification with a SSN.

46.    The Defendants did, and are, violating the Privacy Act, 5 USC §552(a) where he says on his passport application/renewal forms that " failure" to provide information requested on the form, including your social security number, may result in significant processing delays and/or the denial of your application.  Yet the Defendants neglected to correctly state in what conditions make it voluntary and what make it mandatory; and in what conditions the consequence for not providing a SSN will result in a denial and what conditions the consequence for not providing a SSN will result in approval.  The Defendants failed to particularly notify of the fact, and apply the provisions for, "good cause."  Our *Plaintiffs Submission of Undisputed Or Uncontroverted Facts Relevant To The First Cause Of Action* attests to the unlawful conduct of the Defendants.

47.    The Defendants violated 5 U.S.C. § 552a(e)(3)(A) & (D).  The Defendants' statements of disclosure of the SSN being mandatory were false and the threats of, and actual, denial and revocation of passport was unlawful and contrary to this Privacy Act, 5 U.S.C. § 552a(e)(3)(A) and (D).  The Defendants' exclusive list of things that we did not claim as violations of privacy act does not negate the violations that we do cite.  Their statements of mandatory, voluntary, and authority must be actually true in order to fulfill the requirement of the Privacy Act.  Their statements and demands were invalid.

(e)  Agency Requirements.—**Each agency** that maintains a system of records **<u>shall</u>**—

(3) <u>inform each individual</u> whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—

(A) the **authority** (whether granted by <u>statute</u>, or by <u>executive order of the President</u>) which authorizes the solicitation of the information and <u>whether disclosure of such information</u> is **mandatory** or **voluntary**;

(B) the **principal purpose** or purposes for which the information is intended to be used;

(C) the routine uses which may be made of the information, as published pursuant to paragraph (4)(D) of this subsection; and

(D) the effects on him, if any, of not providing all or any part of the requested information;  (Privacy Act, 5 U.S.C. § 552a(e)(3)(A-D))

(g)

(1)Civil Remedies.—**Whenever any agency**

(D) **fails to comply with any other provision of this section**, or any rule promulgated thereunder, **in such a way as to have an adverse effect on an individual**, the individual may bring a civil action against the agency, and the <u>district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.</u>

...  (4)In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which **was intentional or willful**, the United States shall be liable to the individual in an amount equal to the sum of—

(A)  actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

(B)  the costs of the action together with reasonable attorney fees as determined by the court.

(Privacy Act, 5 U.S.C. § 552a(g)(1)(D) & (4)(A-B)) (Emphasis added)

48.  This District Court of the United Stats has jurisdiction for this "civil action against the agency.

Each of the complainants here so far is entitled to recovery to receive no less than $1,000, and costs, etc.

49.  Defendants' motion for summary judgment on the Seventh Cause of Action should be denied.

**J.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Eighth</u> Cause of Action For Facts In Dispute And As A Matter Of Law.**

50.  The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Eighth Cause of Action under Rules 12 and 56.

51.  The Eighth Cause of Action is not yet ripe until we adjudicate the First Cause of Action. Discovery is necessary to learn who the actors were whose actions caused the deprivation of our rights contrary to law, regulation, and public policy.  With discovery, we shall identify who acted within the discretion of their office and who acted outside the boundary of their office and might be liable in their private capacity for civil or criminal liability.

52.     The Code of Regulations, 22 C.F.R. § 51.5, Adjudication and issuance of passports, provides for a Passport Authorizing Officer, defined at 22 C.F.R. § 51.1.  The Authorizing Officer may adjudicate applications and authorize the issuance of passports after examining the passport application and all documents, photographs and statements submitted in support of the application in accordance with guidance issued by the Department.  Though the Authorizing Officer of Plaintiff Carmichael's passport was probably not Defendants' Declarants Fultz or Rolbin, and the Defendant claims that the adjudicator of Carmichael's passport was done without consideration of the passport law protecting religion, we have no statement from the 'first-hand' principal who adjudicated that passport.  In each Plaintiffs passport adjudication, we had no official communication from the Defendants' to indicate who it was who decided not to apply the law protecting religion, or upon whose discretion the Defendants' relied.  We did not know who it was above the head of the adjudicator we needed to call, or how to contact them, to get to the person who has the ultimate duty to apply the non-discretionary 'discretion' to apply the law protecting religion.  The artificial person "Customer Service Department" is not the Secretary of State who ultimately has the discretion to apply the law, policy and discretion to apply the law protecting religion.  The Constitutional First Amendment guarantee of redress, and the Fifth Amendment guarantee of due process, are violated when the identity of the Defendants' actors are cloaked so that we do not know who to hold accountable for not giving us access to the protections of law or redress to the Secretary of State.  Plaintiff Carmichael's case for unlawful discharge and back pay is parallel.  *Carmichael v. United States*, 66 Fed. Cl. 115 (2005)

53.     Violation of our rights protected by the First, Fifth and/or Ninth Amendments to the Constitution of the United States are implicated in the Defendants hiding the record of those who have taken unlawful action against us, abused their discretion, or acted outside the boundary of their office.

54.     The action under this Eighth Cause of Action is necessary for the sake of Declaratory Judgment and Injunction to motivate the Defendants' to no longer persecute us, our posterity, or those of our religious class.

55.  Defendants' motion for summary judgment on the Eighth Cause of Action should be denied.

**K.  Defendants' Motions For Summary Judgment On Rule 56 Fails On The <u>Ninth</u> Cause of Action For Facts In Dispute And As A Matter Of Law.**

56.  The facts listed in our *Plaintiffs' Statement of Disputed Facts* are material and necessary to support the Defendants' motions to dismiss the Ninth Cause of Action under Rules 12 and 56.

57.  The Ninth Cause of Action is not yet ripe until we adjudicate the First Cause of Action, among other things.  Discovery is necessary to learn who the actors were whose actions caused the deprivation of our rights contrary to law, regulation, and public policy.  With discovery, we shall identify who acted within the discretion of their office and who acted outside the boundary of their office and might be liable in their private capacity for civil or criminal liability.

58.  The Ninth Cause of Action cites claims that the Defendants' injured us in those rights protected by the Constitution of the United States.  18 U.S.C. 241 is implicated as an offense by the Defendants on the basis of the facts in this case.  The particular statute is a law that the Defendants violated.  There are other statutes that are invoked or called to bear when the statute is violated by the Defendants.  22 U.S.C. 2721 was violated; 5 U.S.C. § 552a was violated; the United States Constitution's amendments 1, 5, and 9 were violated; and 42 U.S.C. § 408 in particular holds conduct of the Defendants felonious when such conduct cause us to be denied rights, benefits, and privileges, because of our refusal to identify with a SSN, and the Defendants' conduct is in violation of United States law.  Though it would be helpful to have a verdict already determined in a criminal trial against any of the Defendants, a criminal trial ought not to be a prerequisite.  Not having a previously determined verdict in a criminal court only leaves the deliberations of the jury in this civil suit to be based upon the preponderance of the evidence produced by us, or that which is found or verified through the process of discovery.

> Damages may be obtained for injuries consequent upon violation of U.S.C.A. Const. Amend. 4 by federal officials.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, N.Y. 1971; 91 S. Ct. 1999, 403 U.S. 388, 29 L. Ed. 2d 619

59.  Jurisdictional statutes waiving sovereign immunity were adequately invoked in the U.S. Code and the Federal Tort Claims Act cited in the complaint (Complaint paras 4. and 148.), giving a statutory right of action and relief.  The private right of action is not "precluded" since there are other statutory basis for inferring that a civil cause of action exists:

> Although the express "provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages," such a provision in a "bare criminal statute," with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy. *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77-78 (D.C. Cir. 2017) citing *Cort v. Ash*, 422 U.S. 66, 79–80, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) ; *see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994).

60.  Defendants' motion for summary judgment on the Eighth Cause of Action should be denied.

## L.  The First Cause of Action Is Ripe For Partial Summary Judgment, Declaration and Injunction

61.  Our *Plaintiffs Submission of Undisputed Or Uncontroverted Facts Relevant To The First Cause Of Action* attests to the unlawful conduct of the Defendants sufficiently to sustain our motion for Partial Summary Judgment, Declaration and Injunction.  Our *Plaintiffs' Combined Memorandum In Support of: Response to Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In The Alternative For Summary Judgment under Rule 56; and Plaintiffs Cross-Motion for Declaratory Partial Summary Judgment and Injunction On The First Cause of Action* provides sufficient support on the merits of the law to support this motion.

62.  We, the Plaintiffs, move that the court Declare:

a.  The material facts for which there is no genuine issue show the Plaintiffs have a sincerely held, bona fide belief and practice of religion that prohibits them from identifying with a SSN.

b.  The first amendment to the constitution of the United States of America protects the free exercise of religion.

c.  The passport statute 22 U.S.C. § 2721 imposes a duty on the Defendant to not deny the Plaintiffs' passports, since the reason for their not identifying with a SSN in block five of the

passport or passport renewal forms, or any other form, was due to religion.

d.   The passport statute 22 U.S.C. § 2714a allows for an accommodation of Plaintiffs practice of religion, and does not compel the Defendant to prohibit accommodation.

e.   The Defendant is compelled by 22 U.S.C. § 211a to apply the directives of E.O. 13798, a rule as the President shall designate and prescribe for and on behalf of the United States, to provide accommodation for religion in the context and application of the "MEMORANDUM FOR ALL DEPARTMENTS AND AGENCIES, *Federal Law Protections For Religious Liberty* promulgated by the United States Attorney General (Oct. 6, 2017) .

f.   The Defendants denying passports to the Plaintiffs who cannot identify with a SSN on the basis of religion, yet issuing passports to those who have never been associated with a SSN, shows hostility to the Plaintiffs on account of their religion or hostility to that exercise of religion.

> The "good cause" standard created a mechanism for individualized exemptions. If a state creates such a mechanism, its refusal to extend an exemption to an instance of religious hardship suggests a discriminatory intent. Thus, as was urged in Thomas, to consider a religiously motivated resignation to be "without good cause" tends to exhibit hostility, not neutrality, towards religion. See Brief for Petitioner 15, and Brief for American Jewish Congress as Amicus Curiae 11, in *Thomas v. Review Board of Indiana Employment Security Div.*, O. T. 1979, No. 79-952. See also *Sherbert*, supra, at 401-402, n. 4; *United States v. Lee*, 455 U. S., at 264, n. 3 (STEVENS, J., concurring in judgment) (Thomas and Sherbert may be viewed "as a protection against unequal treatment rather than a grant of favored treatment for the members of the religious sect"). In those cases, therefore, it was appropriate to require the State to demonstrate a compelling reason for denying the requested exemption. *Bowen v. Roy*, 476 U.S. 796, 707-708 (1986)

g.   The Defendant's interest in efficiency, or difficulty, preferred methods, are not sound and are groundless since the Plaintiffs not identifying with a SSN has no effect on their being reasonably identified for the purposes of the passport; it does not make them a danger to national security; and it is admitted by the Defendants' forms that others who do not identify with a SSN for technically legal reasons are not denied passports.

h.   The Defendants violated 22 U.S.C. § 2721 when they denied the Plaintiffs' passports solely for their not identifying with a SSN in block five of the SSN or on an affidavit preferred by the

Defendant.  The Defendants' actions were at least arbitrary, capricious, without any rational basis and contrary to law, regulation and mandatory published procedure.  The Plaintiffs were seriously prejudiced, resulting in the unlawful revocation or denial of their passport renewal applications.  It causes injury to their property and liberty rights in travel.

    i.   The Revocation of Carmichael's passport is voidable as a matter of law since it was contrary to the express law of 22 U.S.C. §2721 and the application of other law, regulations, policies or orders protecting religion.  Plaintiff Carmichael is entitled to the voiding of the revocation of his passport, notwithstanding his refusal to identify with a SSN as a matter of religion, to provide a portion of the relief that he seeks.

    j.   The denial of the passports of Plaintiffs Lewis and Pakosz was a violation of the express law of 22 U.S.C. §2721 and the application of other law, regulations, policies or orders protecting religion.  Plaintiffs Lewis and Pakosz are entitled to the approval of their passport renewal applications, notwithstanding their refusal to identify with a SSN as a matter of religion, to provide a portion of the relief that they seek.

63.   Our *Plaintiffs' Proposed Order On Their Motion For Declaratory Partial Summary Judgment and Injunction As Partial Relief On The First Cause of Action* is submitted for consideration.  We hereby reserve the right to further remedy and relief, and to address the facts and law regarding second through ninth causes of action after an opportunity to confer with the Defendant upon the application of the effects of partial summary judgment, declaration and injunction on the first cause of action.

I, David Alan Carmichael, declare that I have conferred with the two other plaintiffs on this

*Plaintiffs' Combined Response to Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In*

*The Alternative For Summary Judgment under Rule 56; and Plaintiffs Cross-Motion for*

*Declaratory Partial Summary Judgment and Injunction On The First Cause of Action.*  I agree

with them that this is our response to the Defendants' motions and our desire for partial relief,

with reservation for further relief.

Signed _David Alan Carmichael_     Date: _February 20, 2020_

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia   23664
(757) 850-2672
david@freedomministries.life

I, William Mitchell Pakosz, declare that I have conferred with the two other plaintiffs on this *Plaintiffs' Combined Response to Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In The Alternative For Summary Judgment under Rule 56; and Plaintiffs Cross-Motion for Declaratory Partial Summary Judgment and Injunction On The First Cause of Action.* I agree with them that this is our response to the Defendants' motions and our desire for partial relief, with reservation for further relief.

Signed _William M Pakosz_          Date: _18 Feb 2020_
William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443

I, Lawrence Donald Lewis, declare that I have conferred with the two other plaintiffs on this

*Plaintiffs' Combined Response to Defendants' Motions to Dismiss Rule 12(b)(1) and (6), or In*

*The Alternative For Summary Judgment under Rule 56; and Plaintiffs Cross-Motion for*

*Declaratory Partial Summary Judgment and Injunction On The First Cause of Action.*  I agree

with them that this is our response to the Defendants' motions and our desire for partial relief,

with reservation for further relief.

Signed *Lawrence D. Lewis*          Date: 17 FEB 2020
          Lawrence Donald Lewis
          966 Bourbon Lane
          Nordman, Idaho 83848