# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| David Alan Carmichael <br> *et al.* <br><br> *Plaintiffs* <br><br> v. <br><br> Michael Richard Pompeo <br> *In his Official Capacity as Secretary of State* <br> *et al.* <br><br> *Defendants* | Civil Action No. 1:19-CV-2316-RC |

**Cover Sheet**

**Plaintiffs' Statement of Disputed Facts**



# United States District Court
for the
District of Columbia

| | |
|---|---|
| David Alan Carmichael<br>    *et al.*<br><br>*Plaintiffs*<br><br>v.<br><br>Michael Richard Pompeo<br>    *In his Official Capacity as Secretary of State*<br>    *et al.*<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:19-CV-2316-RC<br>)<br>)<br>)<br>)<br>)<br>) |

**Plaintiffs' Statement Of Disputed Facts**

1. We Plaintiffs have a genuine dispute of the statements of fact made by the Defendants' in their January 21st motion to dismiss or in the alternative motion for summary judgment, and those statements made by Jonathan L. Rolbin and Florence Fultz submitted by the Defendants in support of their motions. Every Cause of Action in the Complaint is implicated by these facts, all of them are genuinely at issue, and they need to be resolved before any motion for summary judgment can be had in favor of the Defendants.

2. The Declarations of Jonathan M. Rolbin and Florence Fultz submitted, by the Defendant in support of their motion, <u>expose genuine disputed material issues of fact</u>.[1]

3. **The Defendants' through their memorandum in support for their motion and their Declarations dispute the following important material facts of the Plaintiffs' complaint:**

    a. The Defendant has more than once provided a religious accommodation for Plaintiffs' requests for the Defendant to issue to a passport starting in 2007 and 2008, notwithstanding that the Plaintiffs did not identify with a Social Security Number (hereinafter "SSN"). (Compl. Paras

---

[1] Rohner v. Union R. Co. (CA10 Colo) 225 F2d 272, 61 ALR2d 337 (73 AM Jur 2d, p.722).

#1,2,3,16,*pasim*.)  The Defendants' ignore the fact that our original passport applications had block 5 on the DS-11 forms for the same reasons that it is on there now, including the threat of penalty upon us motivated by the IRS tax law demands.  They ignore the fact that the same terms regarding religious accommodations were used in our 2017/2018 passport applications.

    b.  The U.S. passport application/renewal forms, DS-11 and DS-82 state: "FAILURE TO PROVIDE INFORMATION REQUESTED ON THIS FORM, INCLUDING YOUR SOCIAL SECURITY NUMBER, **MAY** RESULT IN SIGNIFICANT PROCESSING DELAYS AND/OR THE DENIAL OF YOUR APPLICATION." (Emphasis added) (Compl. Para. 26.)  The Defendants communicate it in so many words as a duty to "deny" our applications rather than merely "delay" the applications.

    c.  That Plaintiffs were told that an appeal hearing was prohibited to those who have their passport applications, or renewal applications denied for not providing a SSN.  (Compl. Paras. 26., 31.)  The Defendants' claim that we were notified of an appeal process but neglected to point our that the appeal process for others was denied to us in particular by their regulations since we did not identify ourselves with a SSN.

    d.  The Defendants in their Declaration dispute their own position of whether or not the applicant who does not provide an SSN is required "to confirm this fact by providing a written declaration under penalty of perjury stating the facts." (Roblin para. 6.); or to "provide his SSN or provide a declaration under penalty of perjury stating that he was never issued one." (Roblin para. 7.); or to "provide a declaration signed under penalty of perjury explaining the reasons." (Compl., paras. 34., 36.); or provide a statement saying, "I have never been issued a Social Security Number by the Social Security Administration." (Compl., para. 46.)  There is not a fixed-in-law, absolute, or particular requirement of what actually needs to be said in an applicant's affidavit explaining why the applicant does not identify with a SSN.

  e. The DS-11 and DS-82 forms of 2007 and 2008 were exactly the same or are substantially the same as they are today. (Compl. Para. 54.) The only difference is the citing of 22 U.S.C. §2714a(f) which does not justify their placing of block 5 on the DS-11 and DS-82 on the new forms any more than there was justification for the old forms.

  f. That Plaintiff Pakosz had formally requested an appeal but was ignored consistent with Defedants' Christine McCleans statement that no appeal is available to those who are denied passports for not providing a SSN. (Compl. Paras. 73., 80., 82.) Due process is excluded to us.

  g. "Religious Objector" is a "correct" SSN for someone in Plaintiff Pakosz's position according to the Commissioner of the Social Security Administration. (Compl. Para 80.f.)

  h. The government has no compelling interest in associating the Plaintiffs with a SSN, especially for the purposes for which the SSN is requested relating to the passport. (Compl. Para. 94.) There are no facts or evidence of law that can elevate the pragmatic use of a SSN, as a unique personal identifier, to the law of the highest order.

  i. There is no <u>mandate</u> on the DS-11 or DS-82 form that says the applicant must either place 'their' SSN or all zeros in block five <u>or</u> "provide his SSN or provide a declaration under penalty of perjury stating that he was never issued one." (Roblin para. 7.); <u>or</u> provide a statement saying, "I have never been issued a Social Security Number by the Social Security Administration." (Compl., para. 46.) The 22 U.S.C. § 2714a, "Revocation or denial of passport in case of certain unpaid taxes" merely provides the Defendants' a mechanism to support the general Tax Law section of the U.S. passport U.S. passport/renewal application forms that state the reason and authority that allows the State Department to ask for a Social Security Number is:

> "Section 6039E of the Internal Revenue Code (26 U.S.C. 6039E) and 22 U.S.C 2714a(f) require you to provide your Social Security number (SSN), if you have one, when you apply for or renew a U.S. passport. If you have never been issued a SSN, you must enter zeros in box #5 of this form. If you are residing abroad, you must also provide the name of the foreign country in which you are residing. The

U.S. Department of State must provide your SSN and foreign residence information to the U.S. Department of the Treasury. If you fail to provide the information, your application may be denied and you are subject to a $500 penalty enforced by the IRS. All questions on this matter should be referred to the nearest IRS office." (Compl. Para 100.)

j. The actual law that permits the Defendant to ask for a number, 26 USC 6039E, does not demand the refusal of a passport for not providing an SSN put instead provides:

"(a) General rule  Notwithstanding any other provision of law, any individual who—
  (1) applies for a United States passport (or a renewal thereof), or shall include with any such application a statement which includes the information described in subsection (b).
(b)Information to be provided  Information required under subsection (a) shall include—
  (1) the taxpayer's TIN (if any), (4)  such other information as the Secretary may prescribe.
(c)Penalty
Any individual failing to provide a statement required under subsection (a) shall be subject to a penalty equal to $500 for each such failure, unless it is shown that such failure is due to reasonable cause and not to willful neglect." (Compl. Para 101.)

k. The Declarants neglected to point out that one or more of the Plaintiffs expressly cited and partially quoted, not merely the Religious Freedom Restoration Act, 42 USC §2000bb, et seq., but also:  The self-executing First Amendment; Executive Order 13798 and its MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, Federal Law Protections of Religious Liberties; and 22 USC §2721, Impermissible basis for denial of passports. (Compl. Paras… & 80. et seq.) They admit that they made no effort to consider a religious accommodation, the law protecting religion, or the United States President's policies regarding the protection of religion, notwithstanding that the matter of the conflict with religion was put squarely to them.

l. The enforcement of 26 USC 6039E is not the denial of a passport, but a $500 fine, "unless it is shown that such failure is due to reasonable cause and not to willful neglect." The

Plaintiff's provided "reasonable cause" information to the Defendant, and did not commit "willful" neglect but rather conveyed the "reasonable cause." (Compl. Para. 102.)

m.  The Enforcement and search of persons ineligible or potentially ineligible to receive a passport in connection with debt collection is not a power of Florence Fultz, or anyone in her Department's chain of command, but is instead in the U.S. Department of the Treasury. (Compl. Para. 103.)

n.  The denial of a passport application for not providing a SSN is not mandated upon the Defendant in contrast to the text of the latest passport application "The Privacy Act Statement" which indicates that the Secretary is subject to the rules promulgated by the President 22 U.S.C. 211a, et seq. and 22 U.S.C. 2714a(f).  Executive Orders regarding the protection of religion are imposed upon the Defendants by Congress.  The denial of passports for things protected by the First Amendment 22 USC § 2721 is impermissible and in contrast to the Privacy Act "DISCLOSURE" statement that says providing information on this form is voluntary and that failure to provide the information "may" cause delays… "and/or could result" in refusal or denial of your application. (Compl. Para. 104.)

o.  The Defendant and his agents acted in bad faith to deny Plaintiffs Lewis and Pakosz passport renewal applications and to spontaneously after-the-fact cancel Carmichael's approved religious accommodation request and passport, knowing their previous passport and Carmichael's current passport was approved as a matter of religious accommodation while deliberately and artfully dodging that fact in the Defendant's correspondence about the matter. (Compl. Para. 110.)

**4. The Defendants' through their memorandum in support for their motion and their Declarations do not necessarily admit or dispute the following important material facts of the Plaintiffs' complaint, but with discovery the Plaintiffs intend to prove:**

a. It took two or more persons, the named Defendant and other actors of his to conspire together for some of the unlawful acts and deprivation of the Plaintiffs' rights cited in this complaint. (Compl. Para2. 110,111.)

b. The U.S. Passports of the Plaintiffs were arbitrarily, capriciously, in bad faith, in abuse of discretion, colorably cancelled or their renewals were denied contrary to the facts, law and national policy in effect when the actions by the Defendant were taken. (Compl. Para2. 112.)

c. The Defendants' through their memorandum in support for their motion and their Declarations did not contest nor address that On September 28, 2019, Carmichael was scheduled to attend a reunion of the first ship upon which he served, the USS PAUL F FOSTER, EDD-964, the only Spruance Class destroyer remaining in service. His lack of a passport excluded him from having identification suitable for entering the military property of the United States to visit that ship with his shipmates. He had no suitable identification to travel to California by air on November 15th to collect his aged and infirmed mother to transfer her to his home in Virginia to lived with him there permanently. The Defendant's unlawful interference with this limited opportunity is gravely egregious to the Plaintiffs' life, liberty and property rights, and is a great offence to their very soul. (Compl. Para2. 113.)

**5. The Defendants declared through their witnesses, and the Plaintiffs' <u>dispute</u>, that:**

a. Declarant Rolbin's Declaration statements of fact were actually based upon his review of Department of State records and discussions with Department of State employees. He made conclusion statements couched as statement of facts that could only been known by records and discussions but contradict the recollections of the Plaintiffs. (Rolbin Declaration) When found inaccurate by means of discovery, Mr. Rolbin might be found to have willfully committed perjury, and the facts of his conduct will support our complaints regarding the denial of rights, benefits or privileges contrary to law, regulation and public policy; and our demand for damages,

restitution and other relief.

b. The FAST Act, 22 USC §2714(e) or (f) authorizes (meaning mandates or permits under these circumstances) the Department to deny a passport application if the applicant, fails to provide 'their' SSN. (Rolbin para. 4., 11., 17.)

c. Prior to the passage of the FAST Act, the Department was not permitted by law to require that a applicant provide their SSN (sort of yes, sort of no) (Rolbin, para. 4, 11., 17.) Their statement implies that they did not, prior to that, demand the SSN on the DS-11 forms in 2017/2018. It is a mincing of words. They certainly demanded identification with a SSN under the color of law and the 'tax law' demands for identification with a SSN on passports was the same.

d. The department issued Plaintiffs a passport in 2007 and 2008 without providing 'his' SSN "because it was not required at that time." (Rolbin, para. 4, 11., 17.) Again, The 22 U.S.C. § 2714a, title is "Revocation or denial of passport in case of certain unpaid taxes." 26 U.S.C. 6039E was the same then as it is now.

e. Regarding the 2007/2008 Plaintiffs' passport issuance, "There was no consideration of his claim for a religious accommodation." (Rolbin, paras. 4, 11., 17.) Because the Plaintiffs' remember phone conversations with passport office staff at the time, and have copies of the correspondence, and the IRS never attempted to levy a $500 fine against us, we believe there was consideration for accommodation of religion and doubt the statement of Rolbin that he interviewed those who adjudicated our applications is 2007/2008.

f. Beginning on October 1, 2016, if applicants did not provide their SSNs, the Department would deny their applications (not absolutely) (Rolbin para. 5.) That is not true. Plaintiff Carmichael's application was approved in short order. Other information we have about other people, who are not parties to this case, might be brought forth and may substantiate the need for

their joining or for a class action.

g. On January 30, 2018, a passport adjudicator "mistakenly" approved Mr. Carmichael's passport application. (Rolbin para. 7.) Plaintiffs dispute that the adjudicator was merely acting in mistake.

h. The adjudicator failed to follow Department policy. (Rolbin para. 7.) We disagree. The adjudicator clearly followed Department policy regarding accommodation for religion as it is contemplated in The 22 U.S.C. § 2714a(f)(1)(A) and (B)'s permissive language, the mandate of 22 U.S.C. § 2721 impermissible basis for denial of passports and 42 U.S.C. § 2000bb, et. seq. cited on the Plaintiffs' applications, and the President's E.O. 13798 and its ensuing memorandum to all Deparments for the protection of religious freedom. We have no doubt <u>that the person who instigated the revocation</u> of the Carmichael passport <u>failed to follow Department policy</u>.

i. The adjudicator of Carmichael's 2018 passport committed error. (Rolbin para. 7.) Again, the adjudicator of Carmichael's passport applied law and policy rightly.

j. Carmichael was not issued a passport without providing a SSN based on a religious accommodation. (Rolbin para. 7.) That statement demands discovery where we can interview the adjudicator to determine their motive and whether or not they considered the statutes and orders regarding protection of religion.

k. Mr. Carmichael was told "accurately" that he was entitled to a hearing on the revocation action, that it was the proper procedure on the basis of Defendants' policies and practices or whether it fulfills due process. (Rolbin para. 9.) That is a false statement. The regulation regarding availability for appeal does not allow for appeal for a denial, revocation or cancelation for not identifying with a SSN under 22 C.F.R. § 51.60 sub-paragraph (f). 22 C.F.R. § 51.70(a), "Request for hearing to review certain denials and revocations" only allows for appeal for reasons denied or revoked under sub-paragraphs (b)(1) through (10), (c) and (d). 22 C.F.R. §

51.70 says:

> (a) A person whose passport has been denied or revoked under 22 CFR 51.60(b)(1) through (10), 51.60(c), 51.60(d), 51.61(b), 51.62(a)(1), or 51.62(a)(2), or whose Consular Report of Birth Abroad is cancelled under § 51.62(c)(1) or § 51.62(c)(2), may request a hearing to review the basis for the denial, revocation, or cancellation, provided that the Department receives such a request, in writing, from such person or his or her attorney within 60 days of his or her receipt of the notice of the denial, revocation, or cancellation. Failure to timely request a hearing means the denial, revocation, or cancellation is the Department's final action.

l. All plaintiffs are denied "Request for hearing to review certain denials and revocations"

under 22 C.F.R. § 51.70(b).

> **(b) The provisions of §§ 51.70 through 51.74 <u>do not apply to</u>** any action of the Department **denying, restricting, revoking, cancelling or invalidating a passport** or Consular Report of Birth Abroad, or in any other way adversely affecting the ability of a person to receive or use a passport or Consular Report of Birth Abroad, for reasons not set forth in § 51.70(a), including, as applicable, those listed at:
>
> **(1)** Section 51.60(a) (instances where the Department may not issue a passport, except for direct return to the United States);
>
> **(2) Section 51.60(f) (failure to provide a social security number, or purposefully providing an incorrect number);** (Emphasis added)
>
> **(3)** Section 51.60(g) (denial of passport cards to certain convicted sex offenders);
>
> **(4)** Section 51.61(a) (denial of passports to certain convicted drug traffickers);
>
> **(5)** Section 51.62(b) (revocation of passports for non-U.S. nationals or where a certificate of citizenship or naturalization has been cancelled);
>
> **(6)** Section 51.62(c)(3) (cancellation of a Consular Report of Birth Abroad upon the Department's determination that the bearer is not a U.S. national or where a certificate of citizenship has been cancelled);
>
> **(7)** Section 51.62(d) (revocation of passports issued to certain convicted sex offenders);
>
> **(8)** Section 51.64 (specially validated passports);
>
> **(9)** Any other provision not listed at § 51.70(a).

m. We deny the complete accuracy of the statement, "The instructions on the DS-82 form state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one." (Rolbin para. 12.) When the law being reference is investigated,

the appropriate paragraphs indicate the permissibility of not identifying with a SSN and show a 'good cause' exception to the identification with the SSN. The DS-82 form says:

> Section 6039E of the Internal Revenue Code (26 USC 6039E) and 22 U.S.C. 2714a(f) require you to provide your Social Security number (SSN), if you have one, when you apply for or renew a U.S. passport. If you have never been issued a SSN, enter zeros in box #5 of this form. If you are residing abroad, you must also provide the name of the foreign country in which you are residing. The U.S. Department of State must provide your SSN and foreign residence information to the U.S. Department of Treasury. If you fail to provide the information, you are subject to a $500 penalty enforced by the IRS. All questions on this matter should be directed to the nearest IRS office.

n.   We deny the words of 26 USC 6039E "federal tax law" spell out a mandate to identify with a SSN. It demands a "TIN." The term "n/a" is acceptable to use in lieu of a SSN in the TIN block on reporting forms to the Treasury Secretary for those who have religious objections to identifying with a SSN, according to the practices of the government in the past regarding Plaintiff Carmichael (both for the reporting of payments to Carmichael and for payments of taxes to the Treasury). The exact text of 26 USC § 6039E shows that there is not a mandate but rather a directory provision, including the contemplation for allowances for accommodation of religion (emphasis added below):

> (a) GENERAL RULE   Notwithstanding any other provision of law, any individual who—
>    (1) applies for a United States passport (or a renewal thereof), or
>    (2) applies to be lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws,
> shall include with any such application a statement which includes the information described in subsection (b).
> (b) INFORMATION TO BE PROVIDED   Information required under subsection (a) shall include—
>    (1) the taxpayer's TIN (<u>if any</u>),
>    (2) in the case of a passport applicant, any foreign country in which such individual is residing,
>    (3) in the case of an individual seeking permanent residence, information with respect to whether such individual is required to file a return of the tax imposed by chapter 1 for such individual's most recent 3 taxable years, and
>    (4) such other information as the Secretary may prescribe.

(c) **Penalty**
Any individual failing to provide a statement required under subsection (a) shall be subject to a penalty equal to $500 for each such failure, **unless** it is shown that **such failure is due to reasonable cause** and not to willful neglect.
(d) Information TO BE PROVIDED TO SECRETARY  Notwithstanding any other provision of law, any agency of the United States which collects (or is required to collect) the statement under subsection (a) shall—
  (1) provide any such statement to the Secretary, and
  (2) provide to the Secretary the name (and any other identifying information) of any individual refusing to comply with the provisions of subsection (a). Nothing in the preceding sentence shall be construed to require the disclosure of information which is subject to section 245A of the Immigration and Nationality Act (as in effect on the date of the enactment of this sentence).
(e) Exemption
The Secretary may by regulations exempt any class of individuals from the requirements of this section if he determines that applying this section to such individuals is not necessary to carry out the purposes of this section.
(Added Pub. L. 99–514, title XII, § 1234(a)(1), Oct. 22, 1986, 100 Stat. 2565; amended Pub. L. 100–647, title I, § 1012(*o*), Nov. 10, 1988, 102 Stat. 3515.)

o. We deny the complete accuracy of the statement, "The instructions on the DS-82 form state that applicants are required by law to provide their SSNs and to provide zeros in box 5 if they were never issued one." (Rolbin para. 12.) When the law being reference is investigated, the appropriate paragraphs indicate the permissibility of not identifying with a SSN and show a good cause exception and the Privacy Act imposes a duty upon the Defendant to point out the aspects of the non-mandatory, directory, nature of the form's request for a SSN. The statutes give the Defendants' permission to ask for a SSN, not permission that they demand the Plaintiffs identify themselves with a SSN.

The statement regarding the SSN that is requirement by the Privacy Act, 5 U.S.C. § 552a is:

**AUTHORITIES**: Collection of this information is authorized by 22 U.S.C. 211a et seq.; 8 U.S.C. 1104; 26 U.S.C. 6039E, 22 U.S.C. 2714a(f), Section 236 of the Admiral James W. Nance and Meg Donovan Foreign Relations Authorization Act, Fiscal Years 2000 and 2001; Executive Order 11295 (August 5, 1966); and 22 C.F.R. parts 50 and 51.
**PURPOSE**: We are requesting this information in order to determine your eligibility to be issued a U.S. passport. Your Social Security number is used to verify your identity.
**ROUTINE USES**: Your Social Security number will be provided to the

>Department of the Treasury and <u>may</u> be used in connection with debt collection, among other purposes authorized and generally described in this section. This information <u>may</u> be disclosed to another domestic government agency, a private contractor, a foreign government agency, or to a private person or private employer in accordance with certain approved routine uses. These routine uses include, but are not limited to, law enforcement activities, employment verification, fraud prevention, border security, counterterrorism, litigation activities, and activities that meet the Secretary of State's responsibility to protect U.S. citizens and non-citizen nationals abroad. More information on the Routine Uses for the system can be found in System of Records Notices State-05, Overseas Citizen Services Records and State-26, Passport Records.
>**DISCLOSURE**: Providing information on this form is <u>voluntary</u>. Be advised, however, that failure to provide the information requested on this form <u>may</u> cause delays in processing your U.S. passport application and/or <u>could</u> also result in the refusal or denial of your application. Failure to provide your Social Security number <u>may</u> result in the denial of your application (consistent with 22 U.S.C. 2714a(f)) and may subject you to penalty enforced by the Internal Revenue Service, as described in the Federal Tax Law section of the instructions to this form.  (<u>Underline</u> emphasis added)

p. We deny "Those who were never issued a SSN are required to confirm this fact by providing a written declaration under penalty of perjury stating the facts." (Rolbin para. 12.) That might be the Defendants' current practice but we deny that there is a textual provision of law to permit it or require it.  The tax law, 26 U.S.C. § 6039E, sub-paragraph (d)(1) requires the Defendant to provide the Plaintiffs statement that is on the DS-82 form to the Secretary of the Treasury; and (d)(2) <u>provide to the Secretary the name (and any other identifying information) of any individual refusing to comply with the provisions of subsection</u> (a).

q. We deny that Mr. Roblin's Declaration is full disclosure of the facts and documents that were communicated to the Defendant to substantiate the Plaintiffs support for religious accommodation in their various correspondences with the Defendant (Rolbin Declaration).

r. We deny that Mr. Roblin actually examined the adjudicators, and all documents and information upon which they based their decisions for approval, of the Plaintiffs' passport and renewal applications of 2007 through 2019 . (Rolbin Declaration)

 s. We deny the statements made in the Declaration of Florence Fultz are based upon Florence Fultz's personal knowledge.

 t. The Plaintiffs dispute nearly the entirety of Declarant Fultz's declaration since each paragraph contains either an absolute falsehood, is unsubstantiatable, or mixed with half-truths.

**6. The Plaintiffs genuinely and reasonable believe that the Defendants' have discoverable evidence that is now hidden from the Plaintiffs by the Defendants, and that the information will support the Plaintiffs claims, show unlawful Defendant conduct that is negligent, bad faith, or potentially criminal, and will support their demand for damages, restitution and other relief. The Plaintiffs need to discover by interrogatory, deposition, or other means, from the Defendants' Declarants regarding:**

 a. Jonathan M. Rolbin's full role in the denial of the Plaintiffs' passports; his knowledge about the actions of Defendants' officers and employees conduct within his purview regarding the adjudication of Plaintiffs' cases; his knowledge of policies and procedures regarding the Department's policies and practices on accommodations for religion. (Rolbin para 2.)

 c. Jonathan M. Rolbin's communications and document exchanges with the person who contacted him on June 20, 2019 and asked that Carmichael's passport be revoked, among other things. (Rolbin para. 8.)

 c. Florence Fultz's actual role in the denial or revocation of the Plaitiffs passports; her knowledge of policies and procedures regarding the Department's policies and practices on accommodations for religion; and her knowledge about the actions of Defendants' officers and employees conduct within her purview regarding the adjudication of Plaintiffs' cases. (Fultz para. 2.)

    d.  Information to substantiate that, with a valid U.S. passport, the bearer has visa free access to 184 countries, and to find which countries prohibit the Plaintiff's entrance without passports. (Fultz para. 2.)

I, David Alan Carmichael, declare that I have conferred with the two other plaintiffs on this *Plaintiffs' Statement Of Disputed And Controverted Facts*. I agree with them that these are material facts which we genuinely dispute.

Signed *[signature]*      Date: *February 19, 2020*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

I, William Mitchell Pakosz, declare that I have conferred with the two other plaintiffs on this *Plaintiffs' Statement Of Disputed And Controverted Facts*. I agree with them that these are material facts which we genuinely dispute.

Signed _William M Pakosz_    Date: _18 Feb 2020_
William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois 60443

I, Lawrence Donald Lewis, declare that I have conferred with the two other plaintiffs on this *Plaintiffs' Statement Of Disputed And Controverted Facts*. I agree with them that these are material facts which we genuinely dispute.

Signed *Lawrence Donald Lewis*   Date: 17 FEB 2020
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848