UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

    *Plaintiffs,*

v.

MICHAEL RICHARD POMPEO, in his official capacity as Secretary of State, *et al.*,

    *Defendants*.

Civil Action No. 19-2316 (RC)

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz each refused to provide their social security numbers on their passport applications. As a result, the State Department denied their applications, with the exception of Mr. Carmichael. In his case, the State Department revoked his passport after concluding that the Department had issued the passport in error. Because of these actions, Plaintiffs filed the instant action alleging that the State Department violated the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, among other laws, and seeking declaratory and injunctive relief and monetary damages. *See* Am. Compl. (ECF No. 15) ¶¶ 142-49.

    As established in Defendants' motion to dismiss or, in the alternative, for summary judgment (*see* ECF No. 24), Plaintiffs' amended complaint warrants dismissal because they have failed to allege sufficient facts to demonstrate that Defendants have substantially burdened their religious exercise. Indeed, federal law expressly authorizes the State Department to deny passport applications where no social security number is provided. Moreover, the State

Department's implementing regulations serve a compelling governmental interest of preventing potential fraud and verifying an applicant's eligibility for a passport. Plaintiffs' opposition to Defendants' motion (*see* ECF No. 27[1]) fails to demonstrate otherwise. Moreover, Plaintiffs' motion for partial summary judgment with respect to their claim under the Passport Act, 22 U.S.C. § 2721, lacks merit. Specifically, Plaintiffs have failed to adduce any evidence that the State Department denied or revoked Plaintiffs' passport applications because of their protected religious exercise. Further, Plaintiffs' motion fails to rebut the declarations filed in support of Defendants' motion by Jonathan M. Rolbin and Florence Fultz, which provide that Plaintiffs were denied passports because they failed to provide a social security number. Accordingly, the Court should deny Plaintiffs' partial summary judgment motion and grant Defendants' motion.

## ARGUMENT

### I. Requiring A Social Security Number On A Passport Application Is Not A Substantial Burden On Religious Exercise.

As established in Defendants' brief, Plaintiffs have failed to demonstrate that Defendants' actions imposed a substantial burden on their religious exercise. *See* Defs' Mem. (ECF No. 24-1) at 6; *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 281 F. Supp. 3d 88, 113 (D.D.C. 2017) ("*WMATA*"). Indeed, "only 'substantial' burdens on religious exercise require accommodation, and that an adherent may not use a religious objection to dictate the conduct of the government or of third parties." *Priests For Life v. HHS*, 772 F.3d 229, 246 (D.C. Cir. 2014), *vacated on other grounds by Zubik v. Burwell*, 136 S.Ct. 1557 (2016). Accordingly, Plaintiffs' RFRA claim must fail.

---

[1] Because Plaintiffs' opposition and cross-motion filings are divided into several different subparts, Defendants cite to Plaintiffs' filings by the ECF docket and page numbers for consistency and convenience.

In *Kaemmerling v. Lappin*, the D.C. Circuit explained that "[a] substantial burden exists when government action puts 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" 553 F.3d 669, 678 (D.C. Cir. 2008) (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981)). A burden does not rise to the level of being substantial when it places "[a]n inconsequential or de minimis burden" on an adherent's religious exercise. *Id.* (citing *Levitan v. Ashcroft*, 281 F.3d 1313, 1320-21 (D.C. Cir. 2002)). An asserted burden is also not an actionable substantial burden when it falls on a third party, not the religious adherent. *See, e.g., Bowen v. Roy*, 476 U.S. 693, 699 (1986).

In their opposition, Plaintiffs argue that it violates their religion to "identify" with a social security number, which Plaintiffs refer to as the "number of the beast." ECF No. 27-1 at 18. Further, Plaintiffs disclaim any intention to receive social security benefits, although some Plaintiffs may be eligible for such benefits. *Id.* at 20. However, the requirement that Plaintiffs disclose their social security numbers on their passport applications, if they have one, does not place substantial pressure on Plaintiffs to modify their behavior or change their beliefs. *See WMATA*, 281 F. Supp. 3d at 113.

As an initial matter, if Plaintiffs did not have a social security number, they could have simply provided a declaration to the State Department confirming this fact. *See* Rolbin Decl. (ECF No. 24-2) ¶ 6. Although Plaintiffs claim that whether they have a social security number is "irrelevant," *see* ECF No. 27-1 at 26-27, the burden placed on the religious exercise "must be more than an inconvenience," *Graham v. Comm'r of Internal Revenue Serv.*, 822 F.2d 844, 851 (9th Cir. 1987). And, as more relevant here, informing the State Department of their social security numbers, if they have one, does not present "a significantly great restriction or onus

3

upon religious exercise." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004).

To be sure, the D.C. Circuit has noted that constitutional free exercise cases remain instructive when determining RFRA's requirements. *See Priests For Life*, 772 F.3d at 244; *Kaemmerling*, 553 F.3d at 678-80. And, as noted in Defendants' brief, the Supreme Court's opinion in *Bowen v. Roy* is instructive here. Specifically, the Court in *Bowen* provided the following:

> The statutory requirement that applicants provide a Social Security number is wholly neutral in religious terms and uniformly applicable. There is no claim that there is any attempt by Congress to discriminate invidiously or any covert suppression of particular religious beliefs. **The administrative requirement does not create any danger of censorship or place a direct condition or burden on the dissemination of religious views.** It does not intrude on the organization of a religious institution or school. It may indeed confront some applicants for benefits with choices, but in no sense does it affirmatively compel appellees, by threat of sanctions, to refrain from religiously motivated conduct or to engage in conduct that they find objectionable for religious reasons. **Rather, it is appellees who seek benefits from the Government and who assert that, because of certain religious beliefs, they should be excused from compliance with a condition that is binding on all other persons who seek the same benefits from the Government.**

476 U.S. at 703 (emphasis added).

As explained in Mr. Rolbin's declaration, the State Department began requiring every passport applicant to provide a social security number, if he or she has one, in order to receive a passport in light of the Fixing America's Surface Transportation ("FAST") Act, Pub. L. No. 114-94. *See* Rolbin Decl. ¶¶ 4-5. Accordingly, if an applicant fails to provide his or her a social security number on the application, the Department will issue an information request letter ("IRL") asking the applicant to provide his or her social security number or, alternatively, a sworn declaration stating that he or she has never been issued a social security number. *Id.*; *see also* Fultz Decl. ¶ 7. If an applicant fails to respond to the IRL, the Department will deny the

4

application absent circumstances not relevant here.  *See* 22 U.S.C. § 2714a(f)(1)(B); Rolbin Decl. ¶¶ 5-6; Fultz Decl. ¶ 7.

Here, in light of *Bowen*, Plaintiffs have no RFRA claim against the State Department's requirement that passport applicants disclose their social security numbers.  The Department's policy in this regard does not pressure Plaintiffs to change their behavior and violate their religion.  Although Plaintiffs may have a religious objection to what the Department does with their social security numbers, RFRA does not necessarily permit Plaintiffs to impose a restraint on the State Department's actions based on the claim that the action is religiously abhorrent.  Such a claim would appear to seek to require the government to conduct its affairs in conformance with Plaintiffs' religious beliefs.  *See Kaemmerling*, 553 F.3d at 680.  Accordingly, Plaintiffs failed to allege a "substantial burden" under the RFRA.

## II.     Even If Plaintiffs Have Alleged A Substantial Burden, Defendants Are Entitled To Summary Judgment Regarding Their RFRA Claim

Even if the Court were to conclude that Plaintiffs had adequately pled a substantial burden, the uncontroverted declarations provided in support of Defendants' motion establish that the State Department's requirement for passport applicants to provide their social security numbers is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest.  Therefore, the State Department is entitled to summary judgment with respect to Plaintiffs' RFRA claim.

As discussed in Defendants' brief, the State Department has developed policies and procedures for adjudicating the identity of each applicant, identifying and preventing fraud, and ensuring an applicant is otherwise entitled to a U.S. passport.  *See* Defs' Mem. at 11-15; Fultz Decl. (ECF No. 24-3) ¶¶ 3-4.  And, as explained by Ms. Fultz, social security numbers are the most significant and reliable piece of information that the Department considers when

5

adjudicating an applicant's identity, as these numbers can help differentiate individuals with common names, incomplete biographical information, or typographical errors on their applications. *Id.* ¶¶ 5, 8-10.[2] Indeed, the applicant's social security number ensures that the Department can efficiently and accurately adjudicate the applicant's identity. *Id.* In essence, "[a]ny alternative method of identification would be less effective in identifying [applicants] and much more easily capable of evasion, thus 'adversely affect[ing]' the government's compelling interests." *Kaemmerling*, 553 F.3d at 255 (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 236 (2012)).

Moreover, the State Department's use of social security numbers in passport adjudications serves an important anti-fraud purpose. *Id.* at 5-6. For a variety of reasons, the Department uses social security numbers to run background checks on each applicant against information provided by other agencies. *Id.* ¶ 5-6. As Ms. Fultz notes in her declaration, the Department cannot efficiently, effectively, and/or completely and accurately adjudicate an applicant's identity, detect and prevent fraud, and protect the integrity of the passport issuance system without applicants providing their social security numbers. *Id.*

Moreover, the use of social security numbers assists the State Department in determining entitlement to a passport under 22 C.F.R. § 51.60. Under that regulation, a passport applicant may be ineligible if the applicant has "been certified by the Secretary of the Treasury as having a seriously delinquent tax debt as described in 26 U.S.C. [§] 7345." 22 C.F.R. § 51.60(a)(3); 22 U.S.C. § 2714a(e). In addition, an applicant may be ineligible if he or she is the subject of a

---

[2] As one Tax Court decision noted in the context of a RFRA challenge, "[social security numbers] are unique numerical identifiers that are used to ferret out fraudulent applications through the use of computer matching techniques." *Davis v. Comm'r of Internal Revenue*, No. 12859-98, 2000 WL 924630, at *3 (U.S. Tax Court Jul. 10, 2000). "Through cross-matching of [social security numbers], respondent can detect erroneous or fraudulent claims by identifying whether [a social security number] has been claimed on another return for the year." *Id.*

warrant of arrest for a felony offense, *see* 22 C.F.R. §§ 51.60(b)(1), (b)(9), or has been certified by the Secretary of Health and Human Services to have child support arrears over a threshold amount. *Id.* at § 51.60(a)(2). The State Department uses social security numbers in making these determinations. Fultz Decl. ¶¶ 11-13. And, because social security numbers are unique to each applicant, they are the least restrictive means by which the Department can verify an applicant's identify and ensure against potential fraud. *See id.* ¶¶ 10, 14.

Plaintiffs' opposition makes no effort to refute the governmental interests at issue here. It is not enough that Plaintiffs deny that they are engaged in any fraud or other "malevolent acts." *See* ECF No. 27 at 6-7. To be sure, the Supreme Court in *Bowen* rejected this argument in assessing the government's interests in preventing fraud in welfare benefit applications. *See* 476 U.S. at 711 n.18 ("Without in any way questioning the conclusion that appellees are law-abiding citizens, we believe that the District Court misperceived the nature of the Government's interest . . . [in] ensuring a fraud-resistant system in the event that a fraudulent application *is made*[.]") (emphasis in original). Here, the same important governmental interests apply—the State Department's use of social security numbers in the passport application process serves to ensure eligibility for a government benefit (*i.e.*, a passport) while also preventing potential fraud.

### III. Plaintiffs' Summary Judgment Motion Regarding Their Passport Act Claim Lacks Merit

Plaintiffs seek summary judgment with respect to their claim involving Defendants' alleged violation of the Passport Act, which provides that "[a] passport may not be denied issuance [or] revoked . . . because of any speech, activity, belief, affiliation, or membership . . . protected by the first amendment to the Constitution of the United States." 22 U.S.C. § 2721.

At the outset, there can be little doubt that the State Department possesses the authority to request passport applicants to disclose their social security numbers. Indeed, pursuant to the

7

Passport Act, the Secretary of State is "authorized to not issue a passport" to an individual that "does not include the social security account number issued to that individual[.]" 22 U.S.C. § 2714a(f)(1)(A). Moreover, State Department regulations provide that "the Department may refuse to issue a passport to an applicant who fails to provide his or her Social Security account number on his or her passport application or who willfully, intentionally, negligently, or recklessly includes an incorrect or invalid Social Security account number." 22 C.F.R. § 51.60(f).

Moreover, Plaintiffs adduce no evidence that would demonstrate that the State Department's application denials and revocation were based on (or "because of") any religious exercise. In their statement of undisputed facts,[3] Plaintiffs merely restate facts contained in Defendants' declarations and repeat the legal conclusions in their amended complaint. *See generally* ECF No. 27-3. Plaintiffs expressly admit that the State Department denied Mr. Lewis's and Mr. Pakosz's passport applications "because [they] failed to provide [their] SSN." *See* ECF No. 27-3 at 3-4. As established in Defendants' motion, the State Department's actions in this regard are fully consistent with the Passport Act and the State Department's implementing regulations. Plaintiffs claim that their "motive" in not disclosing their social security numbers is "due to religion," *id.* at 2-4, but they provide no admissible evidence whatsoever that this motivation made any difference in the State Department's adherence to its requirement that passport applicants provide a social security number, if they have one, to obtain a passport.

---

[3] While Plaintiffs' signed their complaint under penalty of perjury (so their allegations may be treated as an affidavit, *see Pinson v. Dep't of Justice*, 61 F. Supp. 3d 164, 170 n.2 (D.D.C. 2015)), their conclusory statements regarding alleged violations of law have no bearing on the merits of their claims. *See, e.g.*, ECF No. 27-3 at 5 (alleging that the denial of Plaintiffs' passports "was [a] clear violation of the Bill of Rights" etc.).

In addition, Plaintiffs continue to erroneously claim that the State Department has "more than once provided a religious accommodation for Plaintiffs' requests" in 2007 and 2008. *See* ECF No. 27-2 at 3. But Plaintiffs provide no evidence for this allegation, other than the fact that Plaintiffs were previously issued passports without having to provide a social security number. However, as noted by Mr. Rolbin, the State Department did not require passport applicants to provide social security numbers until 2015, well after Plaintiffs had previously received passports. Rolbin Decl ¶ 4. Accordingly, the State Department did not consider Plaintiffs' request for a religious accommodation. *Id.* ¶¶ 4, 11, & 17. Nonetheless, Plaintiffs' mistaken belief regarding the circumstances of their prior passport approvals is irrelevant to whether the State Department denied Plaintiffs a passport because of any protected religious speech or exercise.

## IV. Plaintiffs' Remaining Claims Must Fail

Plaintiffs state that each of their remaining claims are "tied to, and build upon" their first claim. *See* ECF No. 27 at 5. Accordingly, Plaintiffs state that their other claims are not "ripe" until their Passport Act claim is adjudicated. *See, e.g., id.* at 7, 9. Defendants' agree that these claims are substantially similar to Plaintiffs' RFRA and Passport Act claims, and (for similar reasons) also warrant dismissal. Moreover, for the reasons discussed in Defendants' opening brief, Plaintiffs' remaining claims also lack merit.

### a. Executive Order 13798

Executive Order 13798, "Promoting Free Speech and Religious Liberty" requires the State Department "to vigorously enforce Federal law's robust protections for religious freedom" and also to "respect and protect the freedom of persons and organizations to engage in religious and political speech."

9

As established by the declarations of Ms. Fultz and Mr. Rolbin, the only reason that Plaintiffs' failed to receive a passport was due to their failure to provide a social security number and not "because of" any religious affiliation, belief, or protected speech of the Plaintiffs. Moreover, as noted in Defendants' brief, the Executive Order does note "create any right or benefit, substantive or procedural, enforceable at law[.]" E.O. 13798. Plaintiffs' reliance on *Zzyym, v. Pompeo*, 341 F. Supp. 3d 1248 (D. Colo. 2018), which involved a challenge under the Administrative Procedure Act ("APA") to the State Department's gender policy for passport applications, is misplaced. First, Plaintiffs do not purport to bring an APA challenge in this lawsuit; rather, they challenge the Department's adherence to E.O. 13798. Moreover, although the court in *Zzyym* concluded that the State Department exceeded its authority when it denied the plaintiff's passport application based on gender identity, *id.* at 1251, Plaintiffs do not dispute that the Secretary has the authority to deny a passport application based on a failure of an applicant to provide a social security number. *See* 22 U.S.C. § 2714a(f)(1)(A). Therefore, Plaintiffs' argument that the Executive Order "imposes a duty" on the State Department to approve Plaintiffs' passport applications lacks any support in the text of the Executive Order and, accordingly, must fail. *See* ECF No. 27 at 9.

### b. State Department Regulations and the U.S. Constitution

In their fourth and fifth causes of action, Plaintiffs allege that Department regulations (*i.e.*, 22 C.F.R. §§ 51.60, 51.70) violate their rights under the First and Fifth Amendments of the U.S. Constitution. *See* Am. Compl. ¶¶ 123-28. In their opposition, Plaintiffs argue that the State Department's regulations governing the appeal process for passport application denials violates the Fifth Amendment. *See* ECF No. 27 at 9.

Here, State Department regulations authorize the revocation of a passport when the agency determines the passport was issued in error. *See* 22 C.F.R. § 51.62(a). Under this authority, the State Department revoked Mr. Carmichael's passport upon determining that he had failed to provide a social security number. *See* Rolbin Decl. ¶ 9. The Department provided written notice to Mr. Carmichael that his passport was revoked on June 20, 2019. *Id.* The notification "set forth the specific reasons for the . . . revocation," 22 C.F.R. § 51.65(b), by stating that Mr. Carmichael failed to provide his social security number or an adequate statement explaining why he could not provide a social security number. Mr. Carmichael was also informed of his opportunity to request a hearing. *See* Rolbin Decl. ¶ 9. Mr. Carmichael does not dispute this; rather, Plaintiffs argue (incorrectly) that State Department regulations do not provide for an appeal hearing in this circumstance. *See* ECF No. 27 at 10. However, because Mr. Carmichael's passport was revoked because it was initially issued in error, 22 C.F.R. § 51.70 provides for an opportunity for a hearing. However, Mr. Carmichael does not allege that he ever actually requested such a hearing.

Further, while Defendants note that an applicant who refuses to provide his or her social security number on a passport application may have that application denied without the opportunity for a hearing, Plaintiffs do not dispute that the State Department provided Plaintiffs with express warnings regarding the requirement to submit a social security number with their relevant applications. In addition, the State Department subsequently issued letters providing Plaintiffs with the opportunity to submit the requested information or submit a declaration that they had never been issued one. *See* Rolbin Decl. ¶¶ 6, 12-13, 18-19, and 23; *see* Am. Compl. ¶¶ 46, 65. Under these circumstances, Plaintiffs have failed to establish that the Constitution's due process guarantees require any more here. *See Haig v. Agee*, 453 U.S. 280, 310 (1981).

11

### c. Privacy Act.

Plaintiffs' seventh cause of action seeks monetary damages for purported violations of the Privacy Act, 5 U.S.C. § 552a. In their opposition, Plaintiffs clarify that they believe the State Department's passport application form violates the Privacy Act's requirement that an agency "inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual – (A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary; . . . and (D) the effects on him, if any, of not providing all or any part of the requested information." 5 U.S.C. § 552a(e)(3).

The Office of Management and Budget's Privacy Act Guidelines note that "[i]mplicit in this subsection is the notion of informed consent since an individual should be provided with sufficient information about the request for information to make an informed decision on whether or not to respond." 40 Fed. Reg. at 28,961. Generally, an agency does not need to explain "all of [its] rules and regulations" on "one small form" to meet the substantive requirements of subsection (e)(3). *Glasgold v. Sec'y of HHS*, 558 F. Supp. 129, 150 (E.D.N.Y. 1982); *see also Field v. Brown*, 610 F.2d 981, 987 (D.C. Cir. 1979) (holding that the agency's form "contained all the elements required by 5 U.S.C. § 552a(e)(3)").

In evaluating the requirements of subsection (e)(3)(A), it has been held that "[n]othing in the Privacy Act requires agencies to employ the exact language of the statute to give effective notice." *United States v. Wilber*, 696 F.2d 79, 80 (8th Cir. 1982) (per curiam) (finding that an IRS notice was in compliance with subsection (e)(3)(A) even though it did not use the word "mandatory"); *see Thompson v. Dep't of State*, 400 F. Supp. 2d 1, 17 (D.D.C. 2005) (finding that

12

the uses of the information to which plaintiff specifically objected to could be reasonably inferred from the warning given by the agency).

Here, the very uses of the information to which Plaintiffs specifically object (*i.e.*, the State Department's request for passport applicants to provide a social security number), can be reasonably inferred from the requirements of the Passport Act, the State Department's regulations, and the passport application forms themselves. Plaintiffs have failed to allege any facts that would provide any plausible basis to infer that the State Department willfully or intentionally violated the Privacy Act by somehow failing to make these requirements clear. In fact, in support of their cross-motion, Plaintiffs' point to the State Department's express warning that a failure to provide a social security number may result in processing delays and or the denial of the application. *See* ECF No. 27-3 at 5-6 (referencing State Department Forms DS-11 and DS-82 regarding passport applications).[4] The State Department also warns that an applicant's social security number will be provided to the U.S. Department of Treasury in connection with debt collection and checked against lists of ineligible (or potentially ineligible) persons. *Id.* Moreover, the State Department's passport applications forms also contain detailed instructions that demonstrate full compliance with Section 552a(e)(3). Accordingly, Plaintiffs' Privacy Act claim must fail. Further, Plaintiffs gain no further traction on this claim due to their apparent speculation that the State Department intentionally or willfully misled Plaintiffs' in requesting their social security numbers.

### d. Criminal Laws

In their sixth and ninth causes of action, Plaintiffs allege that the State Department violated several criminal statutes. Specifically, Plaintiffs allege a violation of 42 U.S.C. §

---

[4] Available at https://eforms.state.gov/Forms/ds11.pdf (Form DS-11) and https://eforms.state.gov/Forms/ds82.pdf (Form DS-82) (last visited March 25, 2020).

408(a)(8), which provides that anyone who "discloses, uses, or compels the disclosure of the social security number of any person in violation of the laws of the United States" is guilty of a felony.  42 U.S.C. § 408(a).  Plaintiffs also allege that Defendants have violated 18 U.S.C. § 241 by conspiring to deny their passports and infringe on their ability to exercise their right to freely practice their religion.

As established in Defendants' motion, there is no implied private right of action in any of the criminal statutes cited by Plaintiffs.  *See* Defs' Mem. at 23-24 (citing *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017)).  Plaintiffs' opposition fails to establish any private right of action here.  *See* ECF No. 27 at 19 (arguing that such claims are not necessarily "precluded").  To be sure, there is none.  Accordingly, Plaintiffs' civil claims regarding alleged violations of the criminal code warrant dismissal.

## CONCLUSION

For the reasons set forth above and also in Defendants' opening brief, Defendants respectfully request that the Court grant Defendants' motion, dismiss Plaintiffs' amended complaint, and deny Plaintiffs' cross-motion for partial summary judgment.

Dated March 25, 2020          Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar No. 437437
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

/s/   *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov

14

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2020, I caused the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant U.S. Attorney