# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| David Alan Carmichael<br>    *et al.*<br><br>*Plaintiffs*<br><br>v.<br><br>Michael Richard Pompeo<br>    *In his Official Capacity as Secretary of State*<br>    *et al.*<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  1:19-CV-2316-RC |

### Coversheet

### Plaintiffs' Combined Motion To Compel Defendants
### To Answer Plaintiffs' Production of Documents And Interrogatory Demands

## UNITED STATES DISTRICT COURT

for the
District of Columbia

| | |
|---|---|
| David Alan Carmichael<br>　　*et al.*<br><br>　*Plaintiffs*<br><br>　　　v.<br><br>Michael Richard Pompeo<br>　*In his Official Capacity as Secretary of State*<br>　　*et al.*<br><br>　*Defendants* | Civil Action No.  1:19-CV-2316-RC |

**Plaintiffs' Combined Motion To Compel Defendants
To Answer Plaintiffs' Production of Documents And Interrogatory Demands**

1.　We move the Court to compel the Defendants' to answer our discovery "Plaintiff's First Demand For Production Of Documents" (Attachment 1), Discovery Query, Interrogatory To Jonathan M. Rolbin (Attachment 2), and Discovery Query, Interrogatory To Florence Fultz (Attachment 3).

2.　We submitted our first demand for production of documents on December 31, 2019, which the Defendants received on January 6, 2020, according to the U.S. Certified Mail report. They have not responded (hereinafter "Disc. 1st Prod. Docs."). On March 12, 2020, along with our discovery queries of our interrogatories to Jonathan M. Rolbin (hereinafter "Interrogatory Rolbin") and Florence Fultz (hereinafter "Interrogatory Fultz"), we submitted a reminder to the Defendants' attorney that we looked forward to their first production of documents that we sent December 31st.  The Defendants received those interrogatory demands on March 16, 2020, according to the U.S. Certified Mail report.  We demanded a response within ten working days, but the Defendants' have not responded.

3. Our case is currently before the Court after our Complaint (ECF 1); our Complaint-Amended (ECF 15); the Defendants' motion for dismissal under Rule 12(b)(1) & (6) or in the alternative for Summary Judgment on all causes of action (ECFs 24, 30, 31); and our response and cross-motion for Summary Judgment on the First Cause of Action; and our reply (ECF 27, with Atts. 1-4 & ECF 32,33,34… ?? – Plaintiffs' Reply with Addenda 1-5).

4. We pointed out in our response (ECF 27) to Defendants' motions (ECF 24) that the Defendants did not submit a copy of the record upon which much of our case rests with regard to their motion for Summary Judgment. They did not send lists of facts disputed or not disputed to accompany their Motions (ECF 24) and Response/Reply (ECF 30/31).

5. The Defendants have submitted two declarations from officers of the Defendants' but we have not had an opportunity to depose those officers under oath. Should we have the opportunity, we expect to have the testimony of those officers validate our complaints, bolster our case, produce material evidence, and expose principals who violated law, *inter alia*.

6. In our "Plaintiffs' First Demand For Production Of Documents" that we submitted on December 31, 2019, we asked for the "name, title, office, address, telephone number phone (sic) and any other contact information for some named, or otherwise described persons who are principals in the activities related to the Defendants denial or revocation of our passports. (Disc. 1st Prod. Docs. Para 1, subparas. a.- o.)

7. We demanded that Defendants "Produce a copy or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, written Government document, law, or regulation, policy and procedure, or audio or video media, including…" … various things that provide the information that guides the Defendants adjudicating our passports according to the

special circumstances of our case (Disc. 1st Prod. Docs. Para 2. subparas. a.-o.)

8. We demanded other pertinent information that will substantiate our claims; that will lead to discovery of material and admissible evidence, or to principals who can offer or substantiate such evidence material and necessary to our complaint, causes of action, relief, remedy, damages, etc. (Disc. 1st Prod. Docs. Paras 3.-6.)

9. The interrogatories to Jonathan M. Rolbin and Florentz Fultz (Attachments 1 & 2 respectively), are questions intended to get a fuller and more relevant understanding of their authority, powers, and their role in the denial or revocation of Plaintiffs' passports; to discover what is their actual knowledge by first hand, second hand, by document, by assumption, etc.; to discover other principals, their authority, powers, and role, etc.; and to discover what authorities, regulations, policies, practices, etc. they relied upon in the process of the denial or revocation of our passports. Their testimony is reasonably expected to substantiate our claims or lead to other evidence that is material and relevant to the substantiation of our claims, relief and remedy.

10. Without the discovery that we seek, the Court certainly cannot find in favor of the Defendants upon Rule 56 summary judgment. We believe that the Court can grant summary judgment for our first cause of action upon the verified and uncontested facts that are material to that cause of action and our motion (ECF 15, 24, 27, 30, 32). However, the Court ought not to decide by summary judgment, at this stage, on any <u>other</u> causes of action without our having full due process of sufficient discovery.

11. Since, discovery is a vital element of due process that is necessary to vindicate our rights, privileges and benefits according to our Complaint – Amended, **we move the Court to compel the Defendants to answer** our "Plaintiff's First Demand For Production Of Documents" and our "Interrogatory To Jonathan M. Rolbin" and "Interrogatory To Florence Fultz".

I, David Alan Carmichael, declare that I have conferred with the two other Plaintiffs on this Plaintiffs' Combined Motion To Compel Defendants' To Answer Plaintiffs' Production of Documents And Interrogatory Demands." I agree with the other Plaintiffs that this is our motion to compel discovery. The foregoing statements of fact known by me first-hand are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. I so swear under the penalty of perjury under the laws of the United States of America.

Signed _David Alan Carmichael_   Date: _April 10, 2020_
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 850-2672
david@freedomministries.life

I, William Mitchell Pakosz, declare that I have conferred with the two other Plaintiffs on this Plaintiffs' Combined Motion To Compel Defendants' To Answer Plaintiffs' Production of Documents And Interrogatory Demands." I agree with the other Plaintiffs that this is our motion to compel discovery. The foregoing statements of fact known by me first-hand are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. I so swear under the penalty of perjury under the laws of the United States of America.

Signed _William M Pakosz_        Date: _6 April 2020_
William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443

I, Lawrence Donald Lewis, declare that I have conferred with the two other Plaintiffs on this Plaintiffs' Combined Motion To Compel Defendants' To Answer Plaintiffs' Production of Documents And Interrogatory Demands." I agree with the other Plaintiffs that this is our motion to compel discovery. The foregoing statements of fact known by me first-hand are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. I so swear under the penalty of perjury under the laws of the United States of America.

Signed _____  Date: MON 6 APRIL 2020
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848