# UNITED STATES DISTRICT COURT

for the
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael | ) | |
| *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State* | ) | |
| *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Coversheet**

**Plaintiffs' Combined Motion To Compel Defendants
To Answer Plaintiffs' Production of Documents And Interrogatory Demands**

**Attachment 1**

**Plaintiffs' First Demand For Production Of Documents**

## United States District Court,
## District of Columbia

David Alan Carmichael )
et al., )
)                    Case No: **1:19-CV-2316**
Plaintiffs )
v. )                    **Discovery:  Plaintiff's First**
)                    **Demand For Production of**
Michael Richard Pompeo )                    **Documents**
et al., )
)
Defendants )

## DISCOVERY

### Plaintiff's First Demand For Production Of Documents

The Plaintiffs demand that the Defendants produce and provide to the Plaintiffs these things:

1. **Produce the name, title, office, address, telephone number phone and any other contact information for:**

   a.   Each person likely to have discoverable information – along with subjects of that information – that the Defendants may use to support its claims or defenses unless the use would be solely for impeachment:

   b.   The person identified as Christine McClean in the Sterling, Virginia Office.

   c.   The person who made the determination to cancel Plaintiff Carmichael's Passport issued January 2018.

   d.   Each person who was part of the discussion, correspondence and other actions or communications relating to:

      i.   The Cancellation of Plaintiff Carmichael's Passport issued January 2018.

      ii.   The denial of Plaintiff Pakosz's Passport Renewal Application.The denial of Plaintiff Lewis's Passport Renewal Application.

iii.  The person who identified themselves as "Bureau of Consular Affairs, Passport

Service, Office of Legal Affairs and Law Enforcement Liaison" on the June 20, 2019

letter (from JN59, DOS-CA/PPT/HQ, 600 19TH STREET, N.W., WASHINGTON

DC 20006, UPS tracking number 1ZX3370W3694466644) to Plaintiff David Alan

Carmichael, informing him that his passport was canceled.

e.  The person who is authorized to make a final determination, approval, or disapproval of

requests for religious accommodation in the Department of State, and Defendant's

agencies.

f.  The person in the Department of State, and Defendant's agencies who has the duty to

ensure that the laws protecting religion are enforced.

g.  Any person that had any involvement in the production of documents; research;

gathering, sorting, distributing information; communicating to, giving advice to, or who

had decision making or advisory activity upon the matter relating to David Alan

Carmichael passport cancellation.

h.  Any person that had any involvement in the production of documents; research;

gathering, sorting, distributing information; communicating to, giving advice to, or who

had decision making or advisory activity upon the matter relating to William Mitchell

Pakosz's Passport Renewal application.

i.  Any person that had any involvement in the production of documents; research;

gathering, sorting, distributing information; communicating to, giving advice to, or who

had decision making or advisory activity upon the matter relating to Lawrence Donald

Lewis's Passport Renewal application.

j.   The person whose duty it is to ensure the Secretary, Department, Officers, Employees or its agents, implement Executive Orders.

k.  The person whose duty it is to ensure the Executive Orders are enforced upon the Secretary, the Department, its Officers, its Employees or its agents.

l.   The person whose duty it is to implement Executive Order 13798.

m.     The person whose duty it is to implement the United States Attorney General's "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES, Federal Law Protections for Religious Liberties."

n. The person who identified themselves as "Customer Service Department" on the Defendants' August 29, 2019, letter to Plaintiff Lawrence Donald Lewis, denying Lewis's passport renewal application.

o.  The person who identified themselves as "Customer Service Department" on the Defendants' April 2, 2018, letter to Plaintiff William Mitchell Pakosz, denying his passport renewal application.

**2.  Produce a copy or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, written Government document, law, or regulation, policy and procedure, or audio or video media, including:**

a.   That is the training manual for processing requests for religious accommodation.

b.   That caused the Passport Application to be required to request a SSN associated with the applicant.

c.   That provides the guidelines for determining what is a compelling governmental interest related to the processing of passport applications.

d.  That provides guidelines on determining the authenticity of religion relating to a person's request for religious accommodation.

e.  That prohibits the Defendant or his agency from providing an appeal process to those whose passport applications are denied for not identifying with a SSN.

f.  That shows the process or measures to determine whether "willfully, intentionally, negligently, or recklessly" is or can be attributed acts expressly stated as being motivated by religion.

g.  That exempts the Department from providing due process appeal when the Defendant or one of his officers, employees or agents makes a determination of whether an act was done "willfully, intentionally, negligently, or recklessly" with regard to a passport application.

h.  That shows the meaning of department codes shown on the enclosure "CA/PPT/S/L JN59".

i.  That permits the Defendants to determine the parameters of a person's affidavit, when that affidavit is about facts particular to the affiant.

j.  That permits the Defendants to demand affiants declare things which cannot be first-hand-knowledge of theirs.

k.  That permits the Defendants to exclude matters of religion on affidavits.

l.  That allows Defendants to be exempted from Acts of Congress and Regulations, at 5 CFR §1320, that prohibits denial of benefits when an applicant does not provide information that is demanded from the Defendant on a form that does not have any, or a valid, OMB Number.

m.  That enables the Defendant to limit answering Freedom Of Information Act request to only those who have government-produced identification.

n.   That allow the Defendant to claim that they are denying or cancelling a passport or a

passport application for false statements but allows them to not prosecute the offense under

18 USC §1001, 18 USC §1542 and/or 18 USC 1621.

o.   That the Defendants may use to support its claims or defenses, unless the use would be

solely for impeachment.

3.   Produce all correspondence and communications, written, audio, video or other recordings

or records among people, officers, employees of the Secretary of State as such correspondence

relates to the determinations of the passports and passport applications of Plaintiffs David Alan

Carmichael, William Mitchell Pakosz and Lawrence Donald Lewis.

4.   Produce the expired Passport of William Mitchell Pakosz, passport number 434370467,

that was submitted with his application to renew his passport.

5.   Produce the audio recording of the conversation between Plaintiff Carmichael and

Christine McClean on or about March 12, 2019.

6.   Produce a list of the people who applied for passports or passport renewals and whose

applications were denied because they refused to provide a SSN, for the years 2017, 2018, 2019.

a.   Provide as a subset, a list of those people who specifically cited religion, religious

accommodation, the Bible, the First Amendment, 42 USC §2000bb, et seq., or other law,

regulation or policy relating to religion as a reason for their not providing a SSN.

7.   Produce an identification of each document or other exhibit, including summaries of other

evidence—separately identifying those items the party expects to offer and those it may offer if

the need arises.

I, Plaintiff David Alan Carmichael, demand that the Defendant provide the information cited above. The information can be provided by the Defendant can be provided to the me via my custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.

Signed _David Alan Carmichael_                Date: _December 27, 2018_
        David Alan Carmichael
        1748 Old Buckroe Road
        Hampton, Virginia   23664
        (757) 850-2672
        david@freedomministries.life

I, Plaintiff William Mitchell Pakosz, demand that the Defendant provide the information cited

above.  The information can be provided by the Defendant can be provided to me via my

Custodian, by means of United States mail or sending in by computer media, in a commonly

accessible format, by email at david@freedomministries.life or by mail at the address of Plaintiff

Carmichael listed previously.


Signed _*William Mitchell Pakosz*_          Date: _16 Dec 2019_
William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443
(708) 748-8585

I, Plaintiff Lawrence Donald Lewis, demand that the Defendant provide the information cited

above in this First Demand for Production of Documents.  The information can be provided by

the Defendant can be provided to me via my Custodian, by means of United States mail or

sending in by computer media, in a commonly accessible format, by email at

david@freedomministries.life or by mail at the address of Plaintiff Carmichael listed previously.

:

Signed _Lawrence D. Lewis_ Date: 13 Dec 2019
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848
(208) 443-3852

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael | ) | |
| *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State* | ) | |
| *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Coversheet**

**Plaintiffs' Combined Motion To Compel Defendants
To Answer Plaintiffs' Production of Documents And Interrogatory Demands**

**Attachment 2**

**Discovery Query
Interrogatory To Jonathan M. Rolbin**

# United States District Court

for the
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael | ) | |
| *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State* | ) | |
| *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Discovery Query**
**Interrogatory To Jonathan M. Rolbin**

On January 16, 2020, Jonathan M. Rolbin, Director of the Office of Legal Affairs and Law

Enforcement Liaison within the Passport Services Directorate of the U.S. Department of State's

Bureau of Consular Affairs signed the "DECLARATION OF JONATHAN M. ROLBIN in the

case of Carmichael, et al. v. Pompeo, et. al.  This is an Interrogatory for the purpose of discovery

related to that case and that declaration.  Mr. Rolbin, answer the questions, herebelow, fully:

1.  What are your duties as Director of the Office of Legal Affairs and Law Enforcement

    Liaison?

2.  Do you have authority to order a passport to be revoked?

3.  Whom do you know has the authority to order a passport to be revoked, that is the most

    senior person in the Department of State among those you know have the authority to revoke

    a passport?

4.  To whom do you immediately report; or who is your supervisor; or to whom would we have

    to speak to appeal a decision or action that you take in your official capacity?

5.  What is your official position in relation to Florence Fultz's official position? Is she one to whom you report? What power does she have over the denial or revocation of passports? Did she have any roll in the denial or revocation of the Carmichael, Pakosz or Lewis passports? What roll did she have, and to whose passport?

6.  If you or another person makes a decision to deny or a revoke a passport that we want to appeal to the Secretary of State, to whom should we need to speak to arrange such an appeal?

7.  What is the State Department policy manual or policy directive regarding accommodation for religion?

8.  Who authorized the revocation of David Alan Carmichael's passport? Provide their name, title, office code, contact phone, contact mailing address, and contact email.

9.  With which employee did you speak relating to the "David Carmichael, Lawrence Lewis, and William Pakosz" passport applications that were adjudicated for them in 2007 and 2008?

10. With which employee did you speak relating to the "David Carmichael" passport application of December 19, 2007? Did you speak to the employees who adjudicated Carmichael's 2007 application? What is their name, title, office code, contact phone, contact mailing address, and contact email?

11. Does 26 U.S.C. 6039E not require and applicant to provide 'their' SSN?

12. Which employee, that adjudicated the Carmichael 2007 application, told you that "There was no consideration of his claim for a religious accommodation?

13. In the letter from Plaintiff Carmichael, to which you referred in paragraph 6. of your declaration "see letter", did the letter "state(ing) the facts" relating to why he did not provide a SSN on the application?

14. Referring to paragraph 7. of your declaration, who is the adjudicator who approved Mr. Carmichael's passport application? What is their name, title, office code, contact phone,

contact mailing address, and contact email?  Did you speak to that adjudicator prior to signing your declaration?

15. Referring to paragraph 7. of your declaration, what was insufficient with the "stating the facts" of the Carmichael letter referred to in paragraph 6. that would require an addition correspondence to Carmichael prior to the issuance of his passport?

16. Referring to paragraph 7. of your declaration, did the adjudicator of the Carmichael passport say, report, record or communicate that there was no consideration of an accommodation for religion in the adjudication of the Carmichael passport?

17. Is there a written policy or requirement that adjudicators of passports know the statutes regarding passports?  If so, what is it?

18. Are the adjudicators of passports required to take an oath to support or defend the Constitution of the United States of America as a prerequisite to assuming or performing the job of adjudicator of passports?  If so, did the adjudicator of the Carmichael passport take such an oath?

19. Who was it, on June 17, 2019, that informed your office that the Department erroneously issued U.S. Passport Number 573308010, and who requested that it be revoked?  What is their name, title, office code, contact phone, contact mailing address, and contact email?  Did they show you or your office the application?  Did they show you or your office the letter that was attached to the application?  Did they inform you or your office of Carmichael's request for religious accommodation as it related to the passport renewal?

20. How did you discover that "On June 17, 2019, the National Passport Center, informed your office that it erroneously issued U.S. Passport Number 573308010 and requested that it be revoked?

21. Did anyone tell you or your office about any telephone communications that Mr. Carmichael had with the passport processing agency or Office of Legal Affairs and Law Enforcement Liaison?

22. Did anyone tell you or your office about any written correspondence from Mr. Carmichael to the White House about passports?

23. Did anyone tell you or your office about any written correspondence from the White House regarding Mr. Carmichael's letters to the White House regarding passports?

24. With which employee did you speak relating to the "Lawrence Lewis"passport application of March 8, 2008?  Who are the employees that participated in the adjudication of Mr. Lewis's 2008 passport renewal application?  Did you speak to the employees who adjudicated Lewis's 2008 application?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

25. Which employee, that adjudicated the Lewis 2008 application, told you that "There was no consideration of his claim for a religious accommodation?"

26. In the letter from Plaintiff Lewis, to which you referred in paragraph 12. of your declaration "religious prohibition see letter", did the letter "state(ing) the facts" relating to why he did not provide a SSN on the application?

27. Who was it that sent a letter to Mr. Lewis on May 1, 2019 requesting that he either provide his SSN or declare under penalty of perjury that he had never been issued one?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

28. Why did the adjudicator not apply an accommodation for religion in Mr. Lewis's passport renewal?  Is their a written directive prohibiting approval?  What directive?

29. Who are the employees that participated in the adjudication of Mr. Pakosz's December 3, 2007 passport renewal application?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

30. Referring to paragraph 21. of your declaration, what was insufficient with the "stating the facts" of the Pakosz letter referred to in paragraph 20. of your declaration?

31. Who has Mr. Pakosz's (now) expired passport434370467?  What did the adjudicator of his passport renewal application do with that passport?

32. What are the procedures to identify oneself for someone who sends his current passport in as evidence of identity, and your Department/Agency does not return it, but then needs identification for the sake of a continual passport applications, or for fulfilling a passport records copy request?

33. What statements in your Declaration of January 16, 2020, are first-hand knowledge of yours? Quote them and identify the paragraph.

34. What is the written policy or directive, to or from your office, to explain to employees how to enforce 22 U.S.C. § 2721?

35. What is your procedure for adjudicating passports for those who will sign an affidavit saying that they have never been issued a SSN?  Provide the written policy, directive, instructions explaining how to adjudicate that passports; as well as forms, communiqué or other things that you send as a report or statement to other agencies to explain why there is no SSN on the passport application.

36. Provide a copy of each adjudicated record in their entirety, including email, audio recordings, or any other document, record, media or other thing; to each of the Plaintiffs, Carmichael, Lewis and Pakosz, individually.

I, David Alan Carmichael, have conferred with the other Plaintiffs and we agree that this is our first interrogatory to Jonathan M. Rolbin.  We respectfully demand that it be answered within ten working days of this interrogatory being delivered to the mail of the United States Attorney for District of Columbia.  Documents, records and, etc. may be provided within an additional ten days.  The information can be provided by the Defendant to the Plaintiff Carmichael, to his Custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.

Signed _David Alan Carmichael_          Date _March 11, 2020_
    David Alan Carmichael

I, William Mitchell Pakosz, have conferred with the other Plaintiffs and we agree that this is our first interrogatory to Jonathan M. Rolbin.  We respectfully demand that it be answered within ten working days of this interrogatory being delivered to the mail of the United States Attorney for District of Columbia.  Documents, records and, etc. may be provided within an additional ten days.  The information can be provided by the Defendant to the Plaintiff Pakosz, to his Custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.


Signed   _William M. Pakosz_          Date  _28 Feb 2020_
          William Mitchell Pakosz

I, Lawrence Donald Lewis, have conferred with the other Plaintiffs and we agree that this is our first interrogatory to Jonathan M. Rolbin.  We respectfully demand that it be answered within ten working days of this interrogatory being delivered to the mail of the United States Attorney for District of Columbia.  Documents, records and, etc. may be provided within an additional ten days.  The information can be provided by the Defendant to the Plaintiff Lewis, to his Custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.

Signed *Lawrence Donald Lewis*   Date *27 February 2020*
Lawrence Donald Lewis

# UNITED STATES DISTRICT COURT

for the
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael | ) | |
| *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State* | ) | |
| *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Coversheet**

**Plaintiffs' Combined Motion To Compel Defendants
To Answer Plaintiffs' Production of Documents And Interrogatory Demands**

**Attachment 3**

**Discovery Query
Interrogatory To Florence Fultz**

# United States District Court

for the
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael<br>*et al.* | ) | |
| | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:19-CV-2316-RC |
| | ) | |
| Michael Richard Pompeo | ) | |
| *In his Official Capacity as Secretary of State*<br>*et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

### Discovery Query
### Interrogatory To Florence Fultz

On January 16, 2020, Florence Fultz, Managing Director of Passport Issuance Operations

within the Passport Services Directorate of the U.S. Department of State's Bureau of Consular

affairs signed the "DECLARATION OF FLORENCE FULTZ" in the case of Carmichael, et al.

v. Pompeo, et. al.  This is an Interrogatory for the purpose of discovery related to that case and

that declaration.  Florence Fultz, answer the questions, herebelow, fully:

1.  What are your duties as Director of the Office of Managing Director of Passport Issuance
    Operations?

2.  Do you have authority to order a passport to be revoked?

3.  Whom do you know has the authority to order a passport to be revoked, that is the most
    senior person in the Department of State among those you know have the authority to revoke
    a passport?

4.  To whom do you immediately report; or who is your supervisor; or to whom would we have
    to speak to appeal a decision or action that you take in your official capacity?

5. If you or another person makes a decision to deny or a revoke a passport that we want to appeal to the Secretary of State, to whom should we need to speak to arrange such an appeal?

6. What is the State Department policy manual or policy directive regarding accommodation for religion?

7. When did you first learn, if ever, that there is a statute (22 U.S.C. § 2721) saying that it is impermissible to deny a passport for things protected by the first amendment to the U.S. Constitution?  Never?  While reading this question?  While discussing the cases of Carmichael, Pakosz or Lewis?  Last week, year, month, etc.?  Explain when you learned of it, and the circumstances that caused you to learn of it.

8. Who authorized the revocation of David Alan Carmichael's passport?  Provide their name, title, office code, contact phone, contact mailing address, and contact email.

9. Did you speak to any employees regarding denial or revocation of the passports or passport applications of David Alan Carmichael, Lawrence Donalad Lewis, or William Michell Pakosz?  With which employees did you speak?  When did you speak to them?  What was the discussion?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

10. Does 26 U.S.C. 6039E not require and applicant to provide 'their' SSN?

11. Do you have first-hand knowledge of whether there was, or was not, any consideration of Carmichael, Pakosz, or Lewis's claim for a religious accommodation?

12. Does your Department (the Department of State), approve passport applications for those who have never been associated with a SSN?

13. What procedures does your department take particular to adjudicating those passports without SSNs?  What procedures does your department take to communicate those passport

forms, or the information on those forms, to other Departments such as the Internal Revenue Service or the Department of Health and Human Services?

14. Who is the adjudicator who approved Mr. Carmichael's passport application in January of 2018? Did you speak to that adjudicator prior to signing your declaration? What is their name, title, office code, contact phone, contact mailing address, and contact email?

15. Who in the office of Office of Legal Affairs and Law Enforcement Liaison has authority to deny the Pakosz and Lewis passport applications?

16. Who in the office of Office of Legal Affairs and Law Enforcement Liaison has authority to revoke the Carmichael passport?

17. Is there a written policy or requirement that adjudicators of passports know the statutes regarding passports? If so, what is it?

18. Are the adjudicators of passports required to take an oath to support or defend the Constitution of the United States of America as a prerequisite to assuming or performing the job of adjudicator of passports? If so, did the adjudicators of the Carmichael, Pakosz, and Lewis passports take such an oath?

19. Are you required to take an oath to support or defend the Constitution of the United States of America as a prerequisite to assuming or performing your office? Did you take such an oath? Did you take any other oath? What was that oath?

20. When were you made aware of the denial of the Pakosz or Lewis passports? When were you made aware of the revocation of the Carmichael passport? What roll did you have in either or those denials or revocations?

21. Did anyone tell you or your office about any telephone communications that Mr. Carmichael had with the passport processing agency or Office of Legal Affairs and Law Enforcement Liaison?

22. Did anyone tell you or your office about any written correspondence from Mr. Carmichael to the White House about passports?

23. Did anyone tell you or your office about any written correspondence from the White House regarding Mr. Carmichael's letters to the White House regarding passports?

24. With which employee did you speak relating to the "Lawrence Lewis"passport application of March 8, 2008?  Who are the employees that participated in the adjudication of Mr. Lewis's 2008 passport renewal application?  Did you speak to the employees who adjudicated Lewis's 2008 application?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

25. Who was it that sent a letter to Mr. Lewis on May 1, 2019 requesting that he either provide his SSN or declare under penalty of perjury that he had never been issued one?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

26. Why did the adjudicator not apply an accommodation for religion in Mr. Lewis's passport renewal?  Is their a written directive prohibiting approval?  What directive?

27. Who are the employees that participated in the adjudication of Mr. Pakosz's December 3, 2007 passport renewal application?  What is their name, title, office code, contact phone, contact mailing address, and contact email?

28. Who has Mr. Pakosz's (now) expired passport434370467?  What did the adjudicator of his passport renewal application do with that passport?

29. What are the procedures to identify oneself for someone who sends his current passport in as evidence of identity, and your Department/Agency does not return it, but then needs identification for the sake of a continual passport applications, or for fulfilling a passport records copy request?

30. What statements in your Declaration of January 16, 2020, are first-hand knowledge of yours? Identify the paragraph, and quote the particular thing that you know to be true, not speculation.

31. What is the written policy or directive, to or from your office, to explain to employees how to enforce 22 U.S.C. § 2721?

32. What is your procedure for adjudicating passports for those who will sign an affidavit saying that they have never been issued a SSN? Provide the written policy, directive, instructions explaining how to adjudicate that passports; as well as forms, communiqué or other things that you send as a report or statement to other agencies to explain why there is no SSN on the passport application.

33. Provide a copy of each adjudicated record in their entirety, including email, audio recordings, or any other document, record, media or other thing; to each of the Plaintiffs, Carmichael, Lewis and Pakosz, individually. Coordinate that with the United States Attorney Christopher hair to ensure that there is not a duplication of documents.

34. Who is "Paul Peek" whose name is on the opening line of the "DECLARATION OF FLORENCE FULTZ"? What is his, title, office code, contact phone, contact mailing address, and contact email? What roll did he have in the denial of the passports of Pakosz and Lewis, or the revocation of the passport of Carmichael?

35. Regarding paragraph 3. of your declaration? What resource did you use to understand that a passport bearer has visa free access to 184 countries?

36. What countries prohibit access to those from the United States of America that have no passport?

37. What resource did you use to learn or verify that "In addition to being a travel document, passports are used for many things, such as opening bank accounts worldwide, transferring property, registering to vote, and to prove one can legally work in the U.S."?

38. How will the denial or renewal, or cancellation of Carmichael, Lewis, and Pakosz's passports effect their bank accounts worldwide, transferring property, registering to vote, and proving they can work legally in the U.S.?

39. What are the Departments "… policies and procedures for adjudicating each applicant's identity, identifying and preventing fraud, as well as comparing against date from various federal and state sources, in order to ensure the applicant is who they say they are and is otherwise entitled to a U.S. passport?  Are those the same policies and procedures that the Department used to adjudicate the Carmichael, Pakosz and Lewis passport applications of 2007 and 2008?  How are they different?  How was the Department able to adjudicate the applicant's identity, etc., then but not so now?

40. How can the Department "adjudicate(e) each applicant's identity, identifying and preventing fraud, as well as comparing against date from various federal and state sources, in order to ensure the applicant is who they say they are and is otherwise entitled to a U.S. passport" for those who have no SSN?  Why can that same process not be used to adjudicate Carmichael, Pakosz and Lewis's passports now?

41. Provide access to that resources used to substantiate the information in paragraph 3. by electronic media, printed document, or by access for Plaintiffs' inspection.

42. Regarding paragraph 5. of your declaration, what United States law requires Carmichael, Pakosz or Lewis to make the SSN an element of their identity?  How often, in the last ten years, were incorrect SSNs ("incorrect" meaning - something other than "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" appearing to be a real SSN) used by applicants to obtain a passport?  How many passports

have been issued in the last ten years to those who literally committed fraud to obtain the

passport using an "incorrect" SSN?

43. Do you or your Department have any information indicating Plaintiffs Carmichael, Pakosz or

Lewis committed fraud on their passport or renewal applications?

44. Do you or your Department have any information indicating Plaintiffs Carmichael, Pakosz or

Lewis are ineligible for a U.S. passport other than that they did not put a SSN on the

application forms?

45. Regarding paragraph 6. of your declaration, how do you perform those functions listed there

upon the adjudication of those who have never been associated with a SSN?  Do you,

"efficiently, effectively and/or completely and accurately adjudicate an applicant's identity,

detect fraud, and protect the integrity of the issuance system?

46. Is your statement in paragraph 6. of your declaration, is basis of your statement first-hand

knowledge, personal speculation, someone elses's speculation, or documented empirically

based findings, where you declared, "Without the SSN, the Department cannot efficiently,

effectively and/or completely and accurately adjudicate an applicant's identity, detect fraud,

and protect the integrity of the issuance system."

47. Did you draft the declaration?  Was it a copy-paste of someone else's declaration?  Is it

copied from a declaration of Mr. Peek?

48. Did you go to law school?

49. Based upon your common understanding, not asking you to make a legal conclusion, is

religion something that is protected by the first amendment to the Constitution of the United

States of America?

50. Is your purpose of denying a passport to Carmichael, Pakosz and Lewis to ensure that they

are never allowed to disassociate with a SSN?  Or, it your purpose of asking for a SSN,

though is some cases it is not required, to ensure that passports are not given to "wanted felons and fugitives, persons who have criminal court orders prohibiting travel, persons delinquent with child support payments, certain sex offenders, and persons in arrears on federal taxes?"

51. In your common understanding, not asking for a legal conclusion, is it possible for those who have never been associated with a SSN capable of being a "wanted felons and fugitives, persons who have criminal court orders prohibiting travel, persons delinquent with child support payments, certain sex offenders, and persons in arrears on federal taxes?"

52. Is it impossible to discover whether a person who has never been issued a SSN is a, "wanted felons and fugitives, persons who have criminal court orders prohibiting travel, persons delinquent with child support payments, certain sex offenders, and persons in arrears on federal taxes?"

53. Is the interest of your government Department to ensure passports are not issued to "wanted felons and fugitives, persons who have criminal court orders prohibiting travel, persons delinquent with child support payments, certain sex offenders, and persons in arrears on federal taxes?", or is the interest of your government Department to make sure that Carmichael, Pakosz and Lewis never have a passport (banking, traveling, authorized to work, transfer property, vote) because they refuse to make the SSN an element of their identity?

54. Why did you or your Department not give a affidavit form to Carmichael, Pakosz, or Lewis that had them declare under the penalty of perjury that they were not, "wanted felons and fugitives, persons who have criminal court orders prohibiting travel, persons delinquent with child support payments, certain sex offenders, and persons in arrears on federal taxes?"

55. Regarding paragraph 12. of your declaration, have you or has your Department received any transmission from the Treasury Department of a list of those with seriously delinquent tax debt that lists Carmichael, Lewis or Pakosz specifically?

56. Is it your common understanding, not asking for a legal conclusion, that a man is to be presumed innocent until proven guilty?  What directive requires you, or for what justification, do you or your Department presume a man is ineligible for a passport unless you "cannot efficiently, effectively or accurately verify confirm (sic) that an applicant is or is not eligible for a passport on this basis"?

57. What is your common understanding or opinion, not asking for a legal conclusion, is it more important to make sure that no individual escapes overseas, or frustrates the government's tax collection efforts; or is it more important to ensure that law abiding people are not prevented from going overseas?

58. Regarding paragraph 13. of your declaration, is it impossible to discover if a person who has never been associated with a SSN is a felon or fugitive by transmitting passport applicant date to law enforcement agencies without giving a SSN?

59. Regarding paragraph 14. of your declaration, what national security dangers are there with those who have never been associated with a SSN?  Provide the resource reference that provides empirical data.  Provide the official declaration by the United States that those who have never been associated with a SSN are a national security threat.  Provide the official declaration by the United States that those who do not associate with a SSN for reasons of religion are a national security threat.

I, David Alan Carmichael, have conferred with the other Plaintiffs and we agree that this is our first interrogatory to Florence Fultz.  We respectfully demand that it be answered within ten working days of this interrogatory being delivered to the mail of the United States Attorney for District of Columbia.  Documents, records and, etc. may be provided within an additional ten days.  The information can be provided by the Defendant to the Plaintiff Carmichael, to his Custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.

Signed *David Alan Carmichael*   Date *March 11, 2020*
David Alan Carmichael

I, William Mitchell Pakosz, have conferred with the other Plaintiffs and we agree that this is our first interrogatory to Florence Fultz. We respectfully demand that it be answered within ten working days of this interrogatory being delivered to the mail of the United States Attorney for District of Columbia. Documents, records and, etc. may be provided within an additional ten days. The information can be provided by the Defendant to the Plaintiff Pakosz, to his Custodian, by means of United States mail or sending in by computer media, in a commonly accessible format, by email at david@freedomministries.life.

Signed *William M. Pakosz*          Date *28 Feb 2020*
       William Mitchell Pakosz

I, Lawrence Donald Lewis, have conferred with the other Plaintiffs and we agree that this is our

first interrogatory to Florence Fultz. We respectfully demand that it be answered within ten

working days of this interrogatory being delivered to the mail of the United States Attorney for

District of Columbia. Documents, records and, etc. may be provided within an additional ten

days. The information can be provided by the Defendant to the Plaintiff Lewis, to his Custodian,

by means of United States mail or sending in by computer media, in a commonly accessible

format, by email at david@freedomministries.life.

Signed _____  Date _____
       Lawrence Donald Lewis

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by
email, the "Plaintiffs' Combined Motion To Compel Defendants
To Answer Plaintiffs' Production of Documents And
Interrogatory Demands" for case #1:19-CV-2316-RC, Carmichael
v. Pompeo.  Pursuant to the Court order of April 2, 2020,
COVID-19 Standing Order 20-19 Extension of Postponed Court
Proceedings, paragraph 8.c., I emailed the documents to:

  Angela D. Caesar
  Clerk of Court, District Court of the United States
  333 Constitution Ave NW
  Washington, DC 20001
  Via email - dcdml_intake@dcd.uscourts.gov

I sent A copy of the document and certificate of service to:

  United States Attorney
  United States Attorney's Office
  Attn:  Christopher Hair
  555 4th Street, N.W.
  Washington, D.C.  20530
  Via email - Christopher.Hair@usdoj.gov

  Lawrence Donald Lewis
  966 Bourbon Lane
  Nordman, Idaho  83848 (U.S. Mail or Alternative)

  William Mitchell Pakosz
  Box 25
  Matteson, Illinois  60443 (U.S. Mail or Alternative)

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury
under the laws of the United States that the foregoing is
true.

_David Alan Carmichael_    _April 10, 2020_
David Alan Carmichael     Date

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

April 10, 2020

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001

Re:   Case #1:19-CV-2316-RC, Carmichael v. Pompeo, Plaintiffs' Combined
      Motion To Compel Defendants To Answer Plaintiffs' Production of
      Documents And Interrogatory Demands

Clerk Caesar,

Enclosed is our filing for the Court.  We submit it via email pursuant to the Court
order of April 2, 202, COVID-19 Standing Order 20-19 Extension of Postponed
Court Proceedings, paragraph 8.c. (dcdml_intake@dcd.uscourts.gov)

Attached with the primary document of our motion to compel are three
attachments which are copies of the documents referenced in the motion, and
my certificate of service.

Respectfully,

David Alan Carmichael

DAC/slf

cc:    William Mitchell Pakosz
       Lawrence Donald Lewis
       U.S. Attorney for D.C.