UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MICHAEL RICHARD POMPEO, in his official capacity as Secretary of State, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-2316 (RC) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz, each proceeding *pro se*, challenge the State Department's adverse actions regarding Plaintiff Carmichael's passport or Plaintiffs Lewis and Pakosz's passport applications for failure to provide social security numbers as part of their respective applications. Defendants have filed a motion to dismiss, or alternatively for summary judgment, with respect to all of Plaintiffs' claims. *See* ECF No. 24. Without consulting with Defendants' counsel, Plaintiffs now move this Court to compel Defendants to respond to Plaintiffs' written discovery requests, consisting of interrogatories and requests for the production of documents. *See* Pls.' Mot. to Compel (ECF No. 40). Defendants oppose this motion because discovery in this case is inappropriate until Defendants' dispositive motion, which is now fully-briefed, has been decided. Moreover, Plaintiffs have failed to confer with counsel for Defendants, as required, prior to filing their motion to compel.

**ARGUMENT**

**I.     Discovery Should Not Be Permitted During the Pendency of Defendant's Dispositive Motion.**

This Court has broad discretion to manage the conduct of discovery in a case and decide whether a stay of discovery is appropriate. *See, e.g.*, *Islamic American Relief Agency v. Gonzales*, 477 F.3d 728, 737 (D.C. Cir. 2007). Discovery should be stayed when a motion that would completely dispose of the claims in the Complaint is pending. *See, e.g., Loumiet v. United States*, 225 F. Supp.3d 79, 82 (D.D.C. 2016); *Sai v. Dep't of Homeland Security*, 99 F. Supp.3d 50, 58 (D.D.C. 2015); *Little v. Wash. Metro Area Transit Auth.*, 100 F. Supp.3d 1, 3 (D.D.C. 2015). As the Court stated in *Moore v. Castro*, Civ. A. No. 14-2109, 2016 WL 10674309 (D.D.C. Jan. 14, 2016), "it is often the case that discovery is inappropriate during the pendency of a dispositive motion." *Id.* at *1. Indeed, "'[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Moore*, 2016 WL 10674309, at *1, *quoting Chavous v. D.C. Fin. Responsibility and Management Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation marks omitted). The same is true with respect to the holding of a Rule 26(f) Meet and Confer Conference. *Moore*, 2016 WL 10674309, at *1.

Moreover, as a general rule, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by the[ ] rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see Sky Angel U.S., LLC v. National Cable Satellite Corp.*, 296 F.R.D. 1, 2 (D.D.C. 2013) (denying plaintiff's motion to conduct discovery prior to Rule 26(f) conference). "Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early

discovery as governed by a good cause standard." 8A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2046. 1, at 288 (3d ed. 2010). And "[c]ourts tend to find good cause at this early stage only in narrow circumstances, such as where a party seeks information related to the issues of identity, jurisdiction, or venue." *See Sky Angel U.S., LLC*, 296 F.R.D. at 2.

Defendants' memorandum in support of their motion to dismiss, or in the alternative for summary judgment, establishes that Plaintiffs' complaint warrants dismissal because Plaintiffs have failed to state a claim under the Religious Freedom Restoration Act ("RFRA"), the U.S. Constitution, or any other law relevant to the State Department's issuance of passports. *See* Defs.' Mem. (ECF No. 24-1) at 1-2. Defendants have demonstrated that the State Department's requirement for Plaintiffs to provide a social security number on their passport applications did not impose a substantial burden on their religious beliefs or practices. *Id.* at 8-11.

Plaintiffs' motion fails to establish good cause for compelling early discovery in this case. Plaintiffs argue that they lack "a copy of the record upon which much of our case rests" and they have not had the opportunity to depose Defendants' declarants, who submitted declarations under penalty of perjury in support of the government's motion. Mot. to Compel at 2. Accordingly, Plaintiffs seek to "bolster [their] case, produce material evidence, and expose principals who violated law, inter alia." *Id.* As Plaintiffs do not seek any discovery that would establish jurisdiction or venue, which may warrant early discovery in such circumstances, their motion should be denied. *See Sky Angel U.S., LLC*, 296 F.R.D. at 2.

Further, Plaintiffs' motion fares no better to the extent that they seek to compel the disclosure of the identities of State Department employees involved in processing their application. *See, e.g., Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 36-37 (D.D.C. 2011) (applying a "good cause" standard to a motion for jurisdictional discovery related to the

real identities of various IP address assignees).  Plaintiffs provide no reason why naming the specific State Department employees involved in adjudicating their applications and/or revoking Plaintiff Carmichael's passport would make any difference to this action.  Indeed, their complaint actually names several State Department employees who communicated with Plaintiffs during their attempts to obtain a passport.  *See, e.g.*, Am. Compl. (ECF No. 15) ¶¶ 25-26.  Moreover, as pointed out in Defendants' brief, Plaintiff Carmichael failed to avail himself of the right to a hearing regarding the revocation of his passport; thus, the Department could not assign any officer to oversee such a hearing.  *See* Defs. Mem. at 20.  And Plaintiffs Lewis and Pakosz did not receive any hearing because they were not entitled to hearings per State Department regulations.  *See id.* at 19.

In sum, it would be manifestly unfair to Defendants to require them to engage in discovery, or further scheduling matters such as a Rule 26(f) conference, when they have raised threshold defenses as to whether Plaintiffs have even stated a claim in the Amended Complaint.  Accordingly, Defendants submit that Plaintiffs' motion to compel should be denied.  There should be no discovery in this case until Defendants' dispositive motion has been resolved.

**II.     Plaintiffs Have Failed to Confer, As Required, Before Filing Their Motion to Compel.**

Plaintiffs' motion also warrants dismissal because, contrary to Local Civil Rule 7(m) and Federal Rule of Civil Procedure 37(a)(2)(A), Plaintiffs have failed to confer with Defendants' counsel prior to filing their motion to compel.  Prior to filing a motion to compel discovery, both the Local Rules of this Court and the Federal Rules of Civil Procedure impose upon the moving party a duty to confer with opposing counsel and make a good faith effort to resolve the dispute without judicial intervention.  Specifically, the Local Rules provide:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether

> there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. *The duty to confer also applies to non-incarcerated parties appearing pro se.* A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR 7(m) (emphasis added). The Federal Rules of Civil Procedure contain a similar requirement for any motion to compel. *See* Fed. R. Civ. P. 37(a)(1) (A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action).

Failure to comply with the duty to confer requirement set forth in these rules is grounds for dismissing a motion to compel. *See, e.g., U.S. ex rel. Hockett v. Columbia/HCA Healthcare, Corp.*, 498 F. Supp. 2d 25, 34 (D.D.C. 2007) (failure to attach a certification that counsel had conferred with opposing counsel before filing a motion seeking leave to file a surreply was grounds for denying the motion); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (denying discovery motions for failure to comply with LCvR 7(m)); *U.S. ex rel Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 528 (D.D.C. 2006) (denying a motion to compel for failure to comply with FRCP 37(a)(2)(A) and LCvR 7(m)).

Here, Plaintiffs' motion fails to include any certification that they made any attempt to confer with Defendants' counsel prior to submitting their motion. Nor is undersigned counsel for Defendants aware of any attempt by Plaintiffs to confer regarding the instant motion (or, indeed, any discovery matters whatsoever). Merely serving Defendants with interrogatories and requests for the production of documents is insufficient. The Local Rule is clear that compliance with the duty to confer requirement necessitates something more than an exchange of discovery requests or letters. Accordingly, Plaintiffs' motion should be denied.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs' motion to compel should be denied.

> TIMOTHY J. SHEA, D.C. Bar No. 437437
> United States Attorney
>
> DANIEL F. VAN HORN, D.C. Bar No. 924092
> Chief, Civil Division
>
> /s/   *Christopher C. Hair*
> CHRISTOPHER C. HAIR, PA Bar No. 306656
> Assistant United States Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530
> (202) 252-2541
> Christopher.Hair@usdoj.gov
>
> *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2020, I caused the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant U.S. Attorney
