# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| David Alan Carmichael  )  <br>     *et al.*                ) <br>                    ) <br>    *Plaintiffs*     ) <br>                    ) <br>      v.           ) <br>                    ) <br> Michael Richard Pompeo   ) <br>  *In his Official Capacity as Secretary of State*  ) <br>     *et al.*          ) <br>                    ) <br>    *Defendants*    ) | Civil Action No.  1:19-CV-2316-RC |

**Plaintiffs' Reply To Defendants' Memorandum In Opposition
To Plaintiffs' Motion To Compel Discovery**

1. On April 10, 2020, we Plaintiffs filed our motion to compel production of documents and for Defendant Declarants to answer interrogatories (ECF 40).  We followed that motion with an unopposed motion to schedule a hearing (ECF 37).  Twenty (20) days later, the Defendants responded in opposition to our motion to compel.  I, Plaintiff David Alan Carmichael, reply hereby with the concurrence of my brethren Plaintiffs Lewis and Pakosz.

**Abstract**

2. The Defendants convey:

    a. Having a dispositive motion of theirs before the court warrants the denial of our motion to compel.  We disagree.

    b. Our not conferring with the Defendants prior to submitting our motion to compel warrants denial of our motion to compel.  We disagree.

3. Plaintiffs plead for movement without delay.

**On The Matter of Defendants' Dispositive Motion**

4. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)  The Court cannot be beyond doubt that the Plaintiffs can prove no set of facts, if the process of proving facts is prohibited.  While the Defendants continue to avoid or evade accountability for their unlawful actions, or to right the wrongs, we have a duty to collect and verify evidence to empower the Court to most appropriately declare the law as applied to all existing evidence.  Hence, we have begun systematic discovery to collect and verify evidence in the most succinct and logical way that our reason can muster.  Prior to depositions, we are exhausting processes such as to find and examine documents that control or direct the Defendants' duties, and to apply scrutiny to the declarations and Declarants introduced to the court by the Defendants' under the color of evidence.

5.  The Defendants not only moved for dismissal under Rule 12(b)(1) & (6), they moved to 'dispose' of our action by Summary Judgment on the merits.  They placed us in a position of defense, whereby it would be a gross injustice to 'dispose' of our action without providing the discovery due process fitting for the action.

6.  The Defendants' citing of *Moore v. Castro*, 192 F. Supp. 3d 18 (D.D.C. 2016) is out of context with our case.  There, the plaintiff had relief in a different venue where jurisdiction for their cause of action was reserved.  In our case, there is no other place for relief.  The Defendants say that we had redress for an appeal, but their statement contradicts statements by the Defendants over the phone, in letters, and their regulation that expressly denies relief to our cause by appeal.

> "§ **51.70 Request for hearing to review certain denials and revocations.**
>     (b) The provisions of §§ 51.70 through 51.74 (*referring to the process of appeal*) **do not apply to** any action of the Department denying, restricting, revoking, cancelling or invalidating a passport or Consular Report of Birth Abroad, or in any other way adversely affecting the ability of a person to receive or use a passport or Consular Report of Birth Abroad, for reasons not set forth in § 51.70(a), including, as applicable, those listed at:
>     (2) Section 51.60(f) (**failure to provide a social security number, or purposefully providing an incorrect number**);
>                     22 C.F.R. §51.70 (*italicized* and **Bold** emphasis added)

7. The statement of the Defendants, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by the [ ] rules, by stipulation, or by court order.", shows that the Court has power to grant our motion.  There is **good cause** to justify the order to compel:

    a. Unless there is some technical shortcoming in the wording of our complaint, it seems obvious to us un-law-schooled injured men that our complaint is sufficient and the Defendants' Rule 12(b)(1) & (6) motion is <u>dilatory</u> rather than <u>dispositive</u>.

    b. Some of those things that we have demanded are required to be provided to us as *initial disclosure* without a discovery request pursuant to Rule 26(a)(1)(A).  Our action is not confined within the boundaries of those things exempt from initial disclosure in Rule 26(a)(1)(B).

    c. The Court by its denial of our access to the courthouse for our not having government issued identification, delayed our processing service to the Defendants (ECF 1-4).  The Defendants having 60 days to answer our complaint, waited till the last day to say they were not answering in time and did not provide information or evidence that their delinquency was due to good cause or excusable neglect (ECF 7-9).  They delayed another 30 days without any information or evidence that their delinquency was due to good cause or excusable neglect. (ECF 19)

    d. We moved for scheduling conference (ECF 10,13), electronic filing access (ECF 23), and a hearing on the motions (ECF 37).

    e. We observe them escaping their obligations to respond to our complaint in accordance with the time limits of the Rules.

    f. We communicated non-dispositive motion intentions for electronic filing access and hearing on the motions to the Defendants, and they communicated no opposition.  **The Court has not acted on those motions**.

    g. We suspect, whether true or not, that the Court is tending to avoid acting one way or the other on our motions unless they are accompanied by some motion by the government Defendant. We are in fear that our action will lay stagnant without our doing something to prompt constructive progress.

    h. The Rule 56 motion by the Defendant begs for examination of relevant, material, and verified evidence.

    i. The declarations provided by the Defendants appear to us to not meet the muster of credible evidence. They do indicate that the declarants might have access to information that will show the Defendants procedures, conduct, and other things support our cause of action and that their conduct violated reason, good faith, procedure, policy, and law among other things.

    j. Our demand for production of documents and to answer interrogatories is relevant to the subject matter involved in the motions and the action. It is reasonably calculated to lead to the discovery of admissible evidence.

**On The Matter of Not Conferring With The Defendant**

    8. We did not confer with the Defendants before we submitted our motion to compel for the following good reasons:

    a. We submitted our December 31, 2019 demand for production of documents by letter received by the Defendant on January 6, 2020 and the Defendant did not respond at all.

    b. We reiterated our December 31st demand in our forwarding letter, with our demand for Declarants Rolbin and Fultz to answer interrogatories, which the Defendant received on March 16. The Defendants did not respond at all.

    c. By observing the Defendants' manner of conducting the case, we reasonably presumed that they would oppose our motion. We provided the motion to them by email the same time we filed it with the Clerk by email pursuant to Court Standing Order 20-19.

    d. Because we objected to the Court acting on motions without allowing adequate time for response (ECF 12), we reasonably presumed the Court would allow the Defendant 14 days to respond any opposition before the Court acted on our motion. The Defendant responded in 20 days (ECF 41), and opposed the motion.

**About Other Defendants' Statements In Their Memorandum In Opposition**

9. The Defendants, in their memorandum in opposition to our motion to compel, reiterated their disagreement with our views on the merits of the case. Their statements have been adequately addressed in our Response, our Cross-motion and its reply, and won't be addressed here.

**Summary**

10. The Defendants offered up Declarants Rolbin and Fultz to this process related to their dispositive motion. Let us, without delay, examine them with the process of discovery of documents and interrogatory to begin the effort to see if either the Defendants' motion or Plaintiffs' cross-motion warrants summary judgment.

I, David Alan Carmichael, have conferred with Plaintiffs Lewis and Pakosz on yesterday, and today, May 4, 2020. I hereby submit this reply on behalf of myself, with their concurrence. The foregoing statements known by me first-hand are true. The other facts, deducible by the facts and circumstances, are believed by me to be true unless refuted by proof. I so swear under the penalty of perjury under the laws of the United States of America.

Sign: _David Alan Carmichael_     Date: _May 4 2020_
David Alan Carmichael, Plaintiff

## C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by email, the "Plaintiffs' Reply To Defendants' Memorandum In Opposition To Paintiffs' Motion To Compel Discovery" for case #1:19-CV-2316-RC, Carmichael v. Pompeo.  Pursuant to the Court order of April 2, 2020, COVID-19 Standing Order 20-19 Extension of Postponed Court Proceedings, paragraph 8.c., I emailed the documents to:

    Angela D. Caesar
    Clerk of Court, District Court of the United States
    333 Constitution Ave NW
    Washington, DC 20001
    Via email - dcdml_intake@dcd.uscourts.gov

I sent A copy of the document and certificate of service to:

    United States Attorney          (U.S. Mail Cert.#
    United States Attorney's Office (7015 0640 0002 8790 1864)
    Attn:  Christopher Hair
    555 4th Street, N.W.
    Washington, D.C.  20530
    & Via email - Christopher.Hair@usdoj.gov on 5/4/2020

    Lawrence Donald Lewis
    966 Bourbon Lane
    Nordman, Idaho  83848 (U.S. Mail or Alternative)

    William Mitchell Pakosz
    Box 25
    Matteson, Illinois  60443 (U.S. Mail or Alternative)

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL:   (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_____      _____
David Alan Carmichael                Date   May 4, 2020

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

May 4, 2020

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001

Re:   Case #1:19-CV-2316-RC, Carmichael v. Pompeo, Plaintiffs' Reply To Defendants' Memorandum In Opposition To Paintiffs' Motion To Compel Discovery

Clerk Caesar,

Enclosed is our filing for the Court.  It is our reply to the Defendants' opposition which you filed as Docket item #41.  We submit it via email pursuant to the Court order of April 2, 202, COVID-19 Standing Order 20-19 Extension of Postponed Court Proceedings, paragraph 8.c. (dcdml_intake@dcd.uscourts.gov)

Attached with the primary document of our motion to compel are three attachments which are copies of the documents referenced in the motion, and my certificate of service.

Respectfully,

*David Alan Carmichael*
David Alan Carmichael

DAC/slf

cc:   William Mitchell Pakosz
      Lawrence Donald Lewis
      U.S. Attorney for D.C.