**United States District Court,**
**District of Columbia**

RECEIVED
Mail Room

SEP 3 0 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

| | |
|---|---|
| David Alan Carmichael, et al.,     ) | Civil Action No:  19-2316-RC |
|     Plaintiffs - Petitioners     ) | |
|     ) | Re: Document No: 44 |
|     v.     ) | |
|     ) | |
| Michael Richard Pompeo, et al.     ) | |

## PLAINTIFFS' MOTION TO AMEND THE COMPLAINT
## REGARDING DUE PROCESS

1.     The Memorandum Opinion of August 28, 2020 (ECF 45), on page 18, said, "The Court will grant Plaintiffs leave to amend their complaint with respect to their fourth cause of action related to Carmichael's passport revocation, noting that to survive a subsequent motion to dismiss, they must allege sufficient facts that demonstrate that the procedure Carmichael received was constitutionally defective." Wherefore, we submit the following motion to amend the complaint to include the allegation of sufficient facts, to augment the cause of action, according to the facts which are material that relate to facts already submitted in the complaint, and that relate to those things proffered by the Defense.

**I.  Motion To Consider Memorandum In Support And Exhibits**

2.   We move that the Court consider the Plaintiffs' Memorandum In Support Of Motion To Amend The Complaint Regarding Due Process, and the exhibits attached therewith, to contextualize the facts and augmentation to the cause of action submitted hereafter.

**II.  Motion To Add Items To The Statement Of Facts In The Complaint**

3.   We move that the Court approve the addition of the following facts to the statement of facts in the complaint, after paragraph 113; with additions labeled as "Amendment Two, ¶."

**Amendment Two ¶1.**     Plaintiff Carmichael was told by several people, as well as Plaintiffs Lewis and Pakosz, that their U.S. passports were denied for not providing a SSN, even though the applicant had explained their religious prohibition against identifying with a SSN. Those people said that the passport agency sent them the same affidavit form sent to Plaintiffs Pakosz and Lewis.  The passport agency explained that they would have to apply again, but would continue to be denied a passport unless they identified with a SSN or filled out the affidavit form swearing, "I (name) declare under the penalty of perjury under the laws of the United States that the following is true and correct:  I have never been issued a Social Security Number by the Social Security Administration."  Plaintiff Carmichael understood that his reapplying would manifest the same denial-result and Plaintiffs Lewis, Pakosz, and others who were told to continue reapplying, only next time provide a SSN or fill in the form which Plaintiff Carmichael could not file in good conscience.  Carmichael understood that he cannot rightly swear to hearsay information, nor could he in good conscience participate in the violation of 44 U.S.C. §3512, nor could he swear to something that was a distortion of the matter at hand.

**Amendment Two ¶2.**     Notwithstanding that he made a forthright request for religious accommodation, Plaintiff Pakosz was told that he must continue to reapply for a passport, with the anticipation that his next application would be denied so long as he did not identify with a SSN, or file an affidavit saying , "I (name) declare under the penalty of perjury under the laws of the United States that the following is true and correct:  I have never been issued a Social Security Number by the Social Security Administration."  Plaintiff Pakosz objections were the same as those of Carmichael cited in Amendment Two ¶1.

**Amendment Two ¶3.**     Plaintiff Lewis received a letter from the passport agency, saying his passport was denied because he did not identify with a SSN or file an affidavit saying,

"I (name) declare under the penalty of perjury under the laws of the United States that the following is true and correct:  I have never been issued a Social Security Number by the Social Security Administration."  Plaintiff Lewis's objections were the same as those of Carmichael cited in Amendment Two ¶1.

**Amendment Two ¶4.**    Because we believe that the Social Security Administration only has power to issue Social Security Account Numbers to their Social Security Account records; each of us Plaintiffs believe that we can honestly say the phrase, "**I** have never been issued a Social Security Number by the Social Security Administration."  Each of us also believe that we cannot in good faith file an affidavit about somebody else's activities or records but that affidavits are only relevant and valid if they are done as a testimony of what is a matter of our first-hand cognizance and experience rather than what might be based upon hearsay.

**Amendment Two ¶5.**    Each of us Plaintiffs believe that no man has any authority to issue any thing to us individually against our individual will, especially when the thing issued is prohibited by the absolute law of the Creator as revealed in the Bible.

**Amendment Two ¶6.**    Plaintiff Pakosz, in 2018, gave to Plaintiff Carmichael a copy of every correspondence, and notes from every conversation, that he had with the State Department regarding his passport applications and denials.  Plaintiff Carmichael was aware of the conditions put upon Pakosz and other people to swear "I have never been issued a Social Security Number by the Social Security Administration" and of the futility of reapplying to reach the same result.

**Amendment Two ¶7.**Notwithstanding the semantics of making a statement saying "I" have never been issued a SSN where records can only be issued a Social Security Account record number, all Plaintiffs presume that swearing such a statement might be perceived as a fraud by some who have a different understanding of the semantics.

**Amendment Two ¶8.**Each of the Plaintiffs knows of no way that they are a threat to national security and have not been told by any person that they are a threat to national security.

**Amendment Two ¶9.**The Defendants <u>falsely</u> claim, in their memoranda to the District Court, that they provided Carmichael due process through a post-revocation hearing.  Their June 21, 2019 revocation letter cited where appeals processes are found but <u>misstated</u> that an appeal was available (Memorandum [Memo.] Attachment 1).  The opposite is true under the circumstances according to the regulations that apply, namely 22 U.S.C. §51.60(f) and §51.70(b)(2). The Defendants truthfully claimed that such appeal due process <u>is not available</u> where they stated in correspondence to Carmichael and in correspondence to Pakosz and to Lewis, of which Carmichael was privy, saying:

> "In your letter, you also requested an administrative hearing.  Please be advised that **you are <u>not </u>entitled to a hearing under Sections 51.70 through 51.74** of the passport regulations in Title 22 of the Code of Federal Regulations.  **A hearing is <u>not</u> provided in a case of an adverse passport action taken for failure to provide a SSN.**"  Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison ltr. to William Pakosz, FEB 26 2019, of which David Alan Carmichael was made privy contemporaneously.  (Memo. Attachment 2) (Emphasis added)

> "However, **our regulations <u>don't</u> provide hearings for no security number** for denial. And there are certainly other legal avenues available outside the administrative hearing process."  Christine McClean, Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison statement to David Alan Carmichael, March 12, 2019 in phone conversation.  (Memo. Attachment 3)  (Emphasis added)

> "Pursuant to 22 C.F.R. 51.70, **a hearing is <u>not</u> provided** for applications denied **or passports revoked** for failure to provide a social security number." Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison ltr. to David Alan Carmichael, June 25, 2019, regarding correspondence forwarded to them by the White House. (Memo. Attachment 4)  (Emphasis added)

**Amendment Two ¶10.**    Plaintiff Carmichael's passport was renewed, January 30, 2018, after Carmichael submitted a passport renewal application on January 20, 2018, along with a request for religious accommodation because he could not identify with a SSN. (Memo.

Attachment 5).  The letter requesting religious accommodation text is herebelow:

"David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

January 20, 2018

The Honorable Rex W. Tillerson
Secretary of State
United States Department of State
Via:  National Passport Processing Center
P.O. Box 90155
Philadelphia, PA  19190-0155

RE:  Passport Application Without SSN For Sincere and Bona Fide Religion

Mr. Secretary,

I have enclosed my current passport (Encl. 1) and my passport renewal application and photograph (Encl. 2) along with my payment of $110.00 (Encl. 3), and evidence of the United States recognizing and accommodating my practice of religion (Encl.4).

I came to understand that participation in Social Security and identification with its number is prohibited in the scriptures of the Holy Bible.  I discovered that any association of my name with a SSN had been done as a matter of fraud.  I wrote to the Social Security Administration over twenty years ago, October 1, 1996, rescinding the application that had been submitted associating my name with a SSN, explaining the fraud and a particularly the prohibitions of religion .  Over ten years ago, I won a money judgment against the United States when my government employer opposed my disassociation with SSN identification.  David Alan Carmichael v. United States, 298 F3d. 1367, U.S. Ct. App. (Fed. Cir., Aug. 2002); 66 Fed. Cl. 115, U.S. Ct. Fed. Cl. (2005).  Through that judgment as well as its judgment payment (Encl. 4, showing the term "n/a" in the TIN block), the United States government has demonstrated that it recognizes the religion-based self-executing exception from the requirement of identifying with a SSN.  Your recognizing the self-executing exception to the requirement on the issuing of my current passport reinforced that important principle of law.

I understand that you use an electronic chip embedded in the passport book that enables the passport.  Ensure that there is no SSN associated with your records since any association of my name with a SSN would have to be on the basis of fraud and fraudulent identity theft and I would therefore not be able to use such a passport without participating with the fraud as well as violating the prohibitions of the Holy Bible, Revelation, Chapter Thirteen, inter alia.

Please continue to provide accommodation on the basis of religion according to the Religious Freedom Restoration Act, 42 USC 2000bb, et seq., and the self-executing First Amendment, whether or not there is any statutory requirement to obtain or identify with a SSN for a passport or any other reason.

Thank you for your service.  May our Heavenly Father continue and increase His favor upon you as you serve as one of His ministers according to His grace and power.

Respectfully yours,


Under the penalty of perjury, under the laws of the United States, the foregoing statement and enclosures I hereby declare true:

[*Signature – David Alan Carmichael*]
DAC/slf

1)   Current Passport
2)   Passport Renewal Application, Form DS 82, with current photo (Memo. Attachment 6)
3)   Payment $110.00, Draft# 051406543 1333572301 1232
4)   Judgment Fund Voucher For Payment, 1JAN2006 Fax from U.S. Justice Dept. to U.S. Treasury Dept." (Memo. Attachment 7)

**Amendment Two ¶11.**   In Block "5.  Social Security Number" of the passport renewal form DS-82, I, Plaintiff David Alan Carmichael wrote, "N/A 42 USC 2000bb see letter." I referred to my letter addressed to Secretary of State Rex W. Tillerson, requesting religious accommodation, mailed with my passport renewal application DS-82. (Memo. Attachment 6)

**Amendment Two ¶12.**   Enclosed with my passport renewal application form DS-82 on January 20, 2018, Plaintiff David Alan Carmichael provided a copy of Judgment Fund Voucher For Payment, 1JAN2006 Fax from U.S. Justice Dept. to U.S. Treasury Dept (Memo. Attachment 7).  That form was a communication from the United States Department of Justice to the United States Department of Treasury, regarding the payment and tax reporting of a money judgment payment of $165,020.50 to me where I paid approximately $38,000 in taxes.  The Department of

Justice in block "6. **Taxpayer Identification Number(s):" used the term "n/a" which means**

**not applicable**. According to Treasury Regulations, the Taxpayer Identification Number for

individuals is the Social Security Number.

        **Amendment Two ¶13.**    The full conversation between David Alan Carmichael and

Christine McClean of Consular Affairs, Passport Services, Legal Affairs, Law Enforcement

Liaison was recorded by David Alan Carmichael on March 12, 2019, and turned into a transcript

verified under oath by affidavit on March 21, 2019.  The verified conversation transcript is

(Memo. Attachment 3) :

> "Chris McLean:  Hello, Chris McLean.
>
> David:  Hello, I'm David Alan Carmichael.  I'm calling on behalf of the American Christian Liberty Society and for one of our members who made a request for religious accommodation, and he's given me power of attorney.  I drafted a letter for him a couple of weeks ago, and he signed it, and it was a request for religious accommodation.  He recently got a letter back and it merely stated that it was from Bureau of Consular Affairs, Passport Services, Office of Legal Affairs, Law Enforcement Liaison.  It sort of said, 'No, we can't do it.  You don't get an appeal hearing if you don't provide a SSN.'  But one of the things about his letter, it was very clear.  It was a request for religious accommodation.  He certainly wasn't willfully, intentionally, negligently or recklessly not providing an SSN.  And so he addressed the issue of, it says they "may" turn it down but it doesn't say "must" turn it down.  He put a FOIA in there asking actually who it is that makes the determinations, so that if he's going to have to get it turned down or has to deal with the situation that they actually know the person who it is that's making the determination.  So I'm calling, on behalf of, to find information about who it is, if there is no hearing over it being denied over an SSN, what is the process for religious accommodation because that process has not been disclosed here.
>
> Chris McLean:  The process for religious accommodation.  There is not a separate process for that.  The law does not give the Department of State any discretion.  So….
>
> David:  (interrupting)  Except the word is may.  May is pretty discretionary.
>
> Chris McLean:  Have you, yeah, I'm just trying to pull it up.  Give me a moment here.
>
> David:  And we do have other members who have had their passports approved, in the same circumstance.  In fact out of Sterling, Virginia.
>
> Chris McLean:  **They have Social Security Numbers, and have they gotten passports**

**recently**.

David: Then I can explain that, pretty well. There are people who were identified with a SSA record years ago when they were children, and then as adults came to the conclusion that they couldn't participate. They couldn't identify with the number. And then, at that point, you know, the response from the Social Security Administration is 'Well just don't identify with the number.' So, okay, press on smartly. And then, when you get in situations like this, like you request a passport, to get it renewed, then it depends on who is across the isles. Some people, they'll send back this thing, 'please sign this affidavit that says you've never had an SSN. Well, as I understand, you're probably a lawyer, but that's a little problematic because how do you an affidavit of first-hand-knowledge of second-hand information. That's a little squirley. Because there are some people, depending on when they wrote the Social Security Administration, either their records were suppressed, or I think the proper term is suppressed. And they've gotten letters from the Social Security Administration saying, 'You've never had a number' because the record was suppressed. Then there was a point when they stopped that procedure. So people are caught in this quagmire. As we see it, especially if it says "may", they may disapprove it if its, you know, somebody's committing fraud or they owe fifty-thousand dollars or more to the IRS and their trying to dodge it, that would be a reasonable reason to deny a passport. And we're all for it. But when you put a person in a position where, hey! I can't help what somebody else's record is but I personally cannot identify with that thing and a passport is an identification thing, and if you look at the Religious Freedom Restoration Act and also the current memorandum to all departments on religious freedom, it goes into great detail about the back-flips that government needs to do when it has a conflict with somebody like William and myself. Because I'm in the situation and of course but my passport got approved. And there's other people across the country who got their passport approved, but then William's is not. So we're trying to find out who is it? You can look at the, like the hearing officer, is there something that prohibits a hearing officer from looking at the specifics here and say, "What's the intention of the statute?" The intention is against those who owe fifty-thousand dollars or more, have had due process with the IRS. The intention is to identify them and to keep them at home. Of course, there is great history in law for that. But there's also great history in law for saying, 'okay, you don't really fulfill the compelling interest that we're looking for here.' 'You're an honest guy with sincere abiding convictions even to the point where it hurts you.' 'So we believe you're sincere, and of course, all we want to make sure it that you are a nice guy whose not trying to dodge something and leave the country.' Seems to me that there, the appeal process ought to be able to address all the laws, not just 22 USC 2714a. (*sic*)

Chris McLean: Okay. That'd be nice. I understand the point you are making. However, **our regulations don't provide hearings for no security number**.

David: Okay.

Chris McLean: … **for denial**. And there are certainly other legal avenues available **outside the administrative hearing process**. But this Department's position on this is

very clear and fairly articulated which is that in order to obtain a United States passport, which is not an entitlement, ?? then you need to comply with the requirements set by the Department, and those requirements include either providing a social security number or certifying that you do not have a social security number, meaning that a social security number has never been issued to you.

 David:  So there's one question that I have, to kind of close out, and a statement.  But I'll start with my statement.  There was a very interesting Social Security Number that went to the Supreme Court.  It was Bowen versus Roy, it was Bowen B O W E N versus Roy. One of the things that Bowen versus Roy said there, and actually it precipitated the Smith versus Employment Division case that Congress actually wrote the RFRA to counter. But one thing about Bowen versus Roy, it said, if a agency provides a alternative for some non-religious reason, that it shows hostility toward religion when it provides a, let's say, technical accommodation, but not one for religion.  I don't know where you are on the policy.  Most likely you're probably somebody who has great input on how your department or your branch looks at these things.  So I encourage you to do that.  So, and so we kinda gotta close this conversation here – What I'd like to do now is to know whether the accommodation request was sent to the Secretary of State because it seems to me, and us when we put the thing together, that if nobody else has the prerogative, it's not in the hearing processing, the due process through the, you know, appeal hearing or whatever, that no doubt that the Secretary of State who makes regulations would have the reservation and prerogative, and actually I think ministerial duty if he looks at the facts, to actually provide the accommodation.  How do we know whether, cause we don't see it in this letter, whether that request was actually forwarded to the proper office.

Chris McLean:  It was forwarded to the proper office.

David:  That's fabulous.

Chris McLean:  And again, Department policy is very clear and it is set out in multiple locations that a Social Security Number is required (--).

David:  Again, my encouragement to you is to consider the Executive Memorandum that was published, I think two years ago, almost two years ago, in October 2017, for all Departments that they would apply religious accommodations.  And that's it.  I really appreciate your information.  And the very important thing was to know yes that it was forwarded, because there is a stress reliever right there.  That was really helpful.  Thank you very much.  You're Chris McLean and I appreciate your time.

Chris McLean:  Hm, hm.

David:  Okay, b-bye."

**Amendment Two ¶14.**   Christine McClean of Consular Affairs, Passport Services,

Legal Affairs, Law Enforcement Liaison discovered that Carmichael's passport had been

approved without a SSN during the conversation where Carmichael said, "Because I'm in the situation and of course but my passport got approved." (Memo. Attachment 3)

**Amendment Two ¶15.**   There is no statute or regulation that would mandate the Defendants send to the Plaintiffs, a form demanding a statement regarding those things that do, or might, disqualify someone from being issued a passport pursuant to 22 C.F.R. §51.60(a)-(h).

**Amendment Two ¶16.**   There is no statute or regulation that prohibits the Defendants from issuing passports to Carmichael, Pakosz or Lewis, unless they first fill out a statement form other than the passport application, declaring their status or other information regarding thing that do or might disqualify someone from being issued a passport pursuant to 22 C.F.R. §51.60(a)-(h).

**Amendment Two ¶17.**   The person who initiated Carmichael's passport revocation has not been disclosed by the Defendants.  On the basis of the conversation Carmichael had with Christian McClean on March 12, 2019, and the other correspondence between Carmichael, Pakosz and the Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison, Plaintiff Carmichael believes that it is likely that Christine McClean initiated the passport revocation in what Carmichael believes is a retaliation because of his attempts to help Pakosz achieve accommodation for religion, and for Carmichael's whistle-blowing to the White House.

**Amendment Two ¶18.**   Plaintiff Carmichael believes it is likely that the passport revocation initiator did not communicate to Jonathan Rolbin the fact that there was a request for religious accommodation with regard to Carmichael's passport, but it must be confirmed by discovery.

**Amendment Two ¶19.**   Plaintiff Carmichael believes it is likely that the passport

revocation initiator did not communicate to Jonathan Rolbin the fact Carmichael had been assisting Pakosz with communications regarding a religious accommodation for Pakosz's passport.

**Amendment Two ¶20.**   Plaintiff Carmichael believes it is likely that the passport revocation initiator did not communicate to Jonathan Rolbin the fact that there was correspondence from the White House regarding Carmichael's query seeking intervention for the accommodation of religion regarding the processing of passports.

**Amendment Two ¶21.**   Plaintiff Carmichael believes it is likely that Christine McClean falsely stated that William Pakosz's request for religious accommodation was forwarded to the proper office that could either communicate his request to the Secretary of State to whom he directed the request, or to the proper office or officer who could intervene to grant the accommodation.

**Amendment Two ¶22.**   The Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison instituted a statement form relating to 22 C.F.R. §51.60(f), lacking the power of discretion by law or regulation.

**Amendment Two ¶23.**   The Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison without due process required by law, instituted a statement form relating to 22 C.F.R. §51.60(f), though they did not create the same or similar innovations regarding 22 C.F.R. §51.60(a)-(h).

**Amendment Two ¶24.**   The Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison without due process required by law, instituted a statement form relating to 22 C.F.R. §51.60(f), but they did not create the same or similar innovations regarding an opportunity to make a statement seeking religious accommodation for

humanitarian reasons in keeping with 22 U.S.C. § 2721, and 22 U.S.C. § 2714a(1)(B), and the Religious Freedom Restoration Act..

**Amendment Two ¶25.**   The Bureau of Consular Affairs, Passport Services, Office of Legal Affairs and Law Enforcement Liaison obstructed William Pakosz's request for religious accommodation to the Secretary of State by not forwarding it to the Secretary of State as requested by Mr. Pakosz.

**Amendment Two ¶26.**   The Defendant sent letters to Mr. Lewis and Pakosz, explaining that they could not file an appeal for the passport renewal denial, but could continue to reapply, notwithstanding that the result of the next application would be the same (Memo. Attachment 2).

**Amendment Two ¶27.**   Neither of the Plaintiffs are those certified by the Secretary of the Treasury as having seriously delinquent tax debt.

**Amendment Two ¶28.**   Neither of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(a), "The Department may not issue a passport, except a passport for direct return to the United States, in any case in which the Department determines or is informed by competent authority that:

> "(1)  The Applicant is in default on a loan received from the United States under 22 U.S.C. 2671(b)(2)(B) for the repatriation of the applicant and, where applicable, the applicant's spouse, minor child(ren), and/or other immediate family members, from a foreign country (see 22 U.S.C. 2671(d)); or
> (2) The applicant has been certified by the Secretary of Health and Human Services as notified by a state agency under 42 U.S.C. 652(k) to be in arrears of child support in an amount determined by statute.
> (3) [Reserved]
> (4) The applicant is a covered sex offender as defined in 22 U.S.C. 212bI(1), unless the passport, no matter the type, contains the conspicuous identifier placed by the Department as required by 22 U.S.C. 212b."

**Amendment Two ¶29.**   Neither of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(b), "The Department may refuse to issue a passport in any case in which

the Department determines or is informed by competent authority that:

"(1) The applicant is the subject of an outstanding Federal warrant of arrest for a felony, including a warrant issued under the Federal Fugitive Felon Act (18 U.S.C. 1073); or

(2) The applicant is subject to a criminal court order, condition of probation, or condition of parole, any of which forbids departure from the United States and the violation of which could result in the issuance of a Federal warrant of arrest, including a warrant issued under the Federal Fugitive Felon Act; or

(3) The applicant is subject to a U.S. court order committing him or her to a mental institution; or

(4) The applicant has been legally declared incompetent by a court of competent jurisdiction in the United States; or

(5) The applicant is the subject of a request for extradition or provisional request for extradition which has been presented to the government of a foreign country; or

(6) The applicant is the subject of a subpoena received from the United States pursuant to 28 U.S.C. 1783, in a matter involving Federal prosecution for, or grand jury investigation of, a felony; or

(7) The applicant is a minor and the passport may be denied under 22 CFR 51.28; or

(8) The applicant is subject to an order of restraint or apprehension issued by an appropriate officer of the United States Armed Forces pursuant to chapter 47 of title 10 of the United States Code; or

(9) The applicant is the subject of an outstanding state or local warrant of arrest for a felony; or

(10) The applicant is the subject of a request for extradition or provisional arrest submitted to the United States by a foreign country."

**Amendment Two ¶30.**   Neither of the Plaintiffs are those to whom, pursuant to 22

C.F.R §51.60I, "The Department may refuse to issue a passport in any case in which:

(1) The applicant has not repaid a loan received from the United States under 22 U.S.C. 2670(j) for emergency medical attention, dietary supplements, and other emergency assistance, including, if applicable, assistance provided to his or her child(ren), spouse, and/or other immediate family members in a foreign country; or

(2) The applicant has not repaid a loan received from the United States under 22 U.S.C. 2671(b)(2)(B) or 22 U.S.C. 2671(b)(2)(A) for the repatriation or evacuation of the applicant and, if applicable, the applicant's child(ren), spouse, and/or other immediate

family members from a foreign country to the United States; or

(3) The applicant has previously been denied a passport under this section or 22 CFR 51.61, or the Department has revoked the applicant's passport or issued a limited passport for direct return to the United States under 22 CFR 51.62, and the applicant has not shown that there has been a change in circumstances since the denial, revocation or issuance of a limited passport that warrants issuance of a passport; or

(4) The Secretary determines that the applicant's activities abroad are causing or are likely to cause serious damage to the national security or the foreign policy of the United States."

**Amendment Two ¶31**.    Neither of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(d), "The Department may refuse to issue a passport in a case in which the Department is informed by an appropriate foreign government authority or international organization that the applicant is the subject of a warrant of arrest for a felony."

**Amendment Two ¶32**.    Neither of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(e), "The Department may refuse to issue a passport, except a passport for direct return to the United States, in any case in which the Department determines or is informed by a competent authority that the applicant is a minor who has been abducted, wrongfully removed or retained in violation of a court order or decree and return to his or her home state or habitual residence is necessary to permit a court of competent jurisdiction to determine custody matters."

**Amendment Two ¶33**.    Because the accusation is false and not the truth according to the particular facts and circumstances, none of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(f), "The Department may refuse to issue a passport to an applicant who fails to provide his or her Social Security account number on his or her passport application or who willfully, intentionally, negligently, or recklessly includes an incorrect or invalid (SSN).

**Amendment Two ¶34**.    Neither of the Plaintiffs are those to whom, pursuant to 22 C.F.R §51.60(g), "The Department shall not issue a passport card to an applicant who is a

covered sex offender as defined in 22 U.S.C. 212bI(1).

**Amendment Two ¶35.**   Neither of the Plaintiffs are those to whom, pursuant to 22

C.F.R §51.60(h), "The Department may not issue a passport, except a limited

validity passport for direct return to the United States or in instances where the Department finds

that emergency circumstances or humanitarian reasons exist, in any case in which:

> **(1)** The Department is notified by the Attorney General that, during the covered
> period as defined by 22 U.S.C. 212a:
>
> > **(i)** The applicant was convicted of a violation of 18 U.S.C. 2423, and
> >
> > **(ii)** The individual used a passport or passport card or otherwise crossed an
> > international border in committing the underlying offense.
>
> **(2)** The applicant is certified by the Secretary of the Treasury as having a
> seriously delinquent tax debt as described in 26 U.S.C. 7345.
>
> > **(i)** In appropriate circumstances, where an individual's passport application is
> > denied or passport revoked consistent with this part, the Department may issue
> > a limited validity passport good only for direct return to the United States.
>
> > [72 FR 64931, Nov. 19, 2007, as amended at 81 FR 60609, Sept. 1,
> > 2016; 81 FR 66185, Sept. 27, 2016; 83 FR 21874, May 11, 2018; 84 FR
> > 67185, Dec. 9, 2019]

**Amendment Two ¶36.**   Neither of the Plaintiffs were demanded to file a statement

regarding the disqualifying conditions of 51.60(a) and 51.60(b), or the potentially disqualifying

conditions of 51.60(b)-(h) except for a request for social security number information which

might relate to 51.60(f).

**Amendment Two ¶37.**   The word "may" in 22 C.F.R. 51.60(f) indicates that the

"Department" is not mandated to deny a passport to an applicant who fails to provide his or her

Social Security account number on his or her passport application or who willfully, intentionally,

negligently, or recklessly includes an incorrect or invalid Social Security account number.

**Amendment Two ¶38.**   Neither of the Plaintiffs "fail(ed)" to provide his or her Social

Security account number but in fact exercised due diligence in requesting religious

accommodation

**Amendment Two ¶39.**   The words 22 C.F.R. 51.60(f) "willfully, intentionally, negligently, or recklessly" are descriptive of words that indicate an action of wrong rather than an action of right.

**Amendment Two ¶40.**   The accusation that the Plaintiffs "failed to" or "willfully, intentionally, negligently, or recklessly" or incorrectly, did not identify with a SSN are false accusations, there has not been an adversarial trial, indictment, or other prosecution to prove the accusation according to the law of our land.  We are not guilty of anything that justifies the Defendants' denial of our right to international travel.  We did not fail to provide social security number information nor did we provide an incorrect number.  We provided the social security number information that applies to us, individually.  That information we provided on the form is just as valid, if not more valid, as is the Defendant's affidavit form sent to other people which the law and regulations said we need not file since it does not have a valid OMB number.  The Defendant allows other people, in lieu of an 'actual' SSN, to use terms such as "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", "n/a", "not applicable", "religious prohibition" as the fulfillment of the social security number information requirement.  Therefore, like other people who have had their passports approved and renewed without using the exact numbers of a SSN, we did not "fail" to provide a social security number and our information provided was purposefully correct.  Therefore, we have indeed fulfilled the provisions of 22 CFR 61.60 (f) and therefore ought not to have our passport renewal be denied or revoked or be denied the due process of an appeal hearing.

## III.   Motion To Correct And Augment The Fourth Cause Of Action

4.   We move that the Court approve the addition of the following corrections and augmentation to the Fourth Cause of Action to secure justice.  The corrections and additions

clarify the matter in the context of the facts and law that was originally complained, and to dispel

the confusion that has been wrought in the contentions of the Defendants.  Therefore, let the

Fourth Cause of Action strike the language currently in the complaint at paragraphs 123-125 and

replace the text with the following:

## FOURTH CAUSE OF ACTION
### (Violation of the Fifth Amendment to the U.S. Constitution)

123.    The allegations contained in Paragraphs 1 through 113, AND Amendment Two,

paragraphs 1-40 of this Complaint are re-alleged and incorporated herein by presumed reference.

124.    The Defendants Unlawfully Revoked Plaintiff Carmichael's passport without pre-

revocation adversarial due process.  They denied Plaintiffs Lewis's and Pakosz's passport

renewals contrary to due process.  They deny all the Plaintiffs post revocation and post denial

adversarial due process.  They strip all the Plaintiffs of their right to international travel

arbitrarily, without the Plaintiffs doing anything wrong, yet punish the Plaintiffs under the guise

of arbitrary and capricious color-of-law machinations.       .

a.    The Defendants on one hand communicated to Carmichael in conversations on the

phone about the denial of Plaintiff Pakosz passport renewal, that no process for appeal or

religious accommodation is available, saying, "The process for religious accommodation.  There

is not a separate process for that.  The law does not give the Department of State any

discretion…...  However, our regulations don't provide hearings for no security number."

(Memo. Attachment 3)  They then collaterally say they offered a prohibited appeal process

b.    The Defendants said to Carmichael in an official letter, ""Pursuant to 22 C.F.R.

51.70, **a hearing is <u>not</u> provided** for applications denied **or passports revoked** for failure to

provide a social security number." (Emphasis added)  Bureau of Consular Affairs, Passport

Services, Office of Legal Affairs and Law Enforcement Liaison ltr. to David Alan Carmichael,

June 25, 2019, regarding correspondence forwarded to them by the White House.  (Emphasis added) (Memo. Attachment 2)

     c.    The Defendants wantonly deny access to any adversarial appeal process through the Defendants' regulation, 22 Code of Federal Regulations (C.F.R.) §51.70(b)(2) in conjunction with 22 C.F.R. § 51.60(f), whereby the appeal process normally afforded to the majority of others is denied to the Plaintiffs when their passport applications are denied or revoked.  Those who are **accused** of failing to provide a Social Security Number, or who are **accused** of "willfully, Intelligently, knowingly, or negligently" not identifying with a Social Security Number are denied adversarial due process to determine whether their not identifying with a Social Security Number was a wrong or a right under the particular facts and circumstances.

     d.    The Defendants regulation §51.60(f) paired with §51.70(b)(2) is a violation of the constitution and due process in that it too broadly, unnecessarily, and improperly sweeps those of us who are doing acts of righteous religion, hurting nobody, in with those who are doing acts of wrong.  They unlawfully punish us like miscreants or frauds who are not identifying with a social security number because of a willful, intelligent, negligent or reckless acts of wrong.  The Defendants indiscriminate classification of innocent with malevolent activity must fall as an assertion of arbitrary power.  The regulation is not narrowly drawn to prevent the supposed evil, which according to the FAST Act is prohibiting travel to those who have by full due process been certified by the Secretary of the Treasury as having seriously delinquent tax debt.

     e.    The Defendants regulation §51.60(f paired with §51.70(b)(2) is a violation of the constitution and due process in that it sets up a standard that would deny and revoke a passport, and exclude an appeal process for that denial and revocation, using words that are vague, are not defined in statute, and are arbitrarily applied since it is not clearly spelled out whether those

words apply to those whose motive is to do a wrong or to also those whose motive is to do a right. The Regulation says that failure to identify with a SSN on the passport application form "may" cause the application to be delayed or denied but those who implement the regulation are acting as if the passport application "must" be delayed and denied. There is no standard guiding the decision process to determine what facts and circumstances ought to be included, or which ought to be excluded, in determining whether a passport is or is not delayed or denied for not identifying with a SSN.

      f.    The Defendants violated the constitution and due process when they allowed someone who was not in the chain of decision making, when the Carmichael passport renewal was adjudicated, to *sua sponte* become a super-secretary adjudicator after the fact. Waiver provisions were properly applied in the reign of Secretary of State Rex Tillerson who had the prerogative under the 22 U.S.C. 2714a(f)(1)(B) to waive the SSN requirement of Carmichael's passport renewal for humanitarian reasons, of which religion is one of those reasons. Secretary Tillerson also had the prerogative to waive the SSN requirement for reasons of religion pursuant to 22 U.S.C. §2721 since free exercise of religion is protected by the first amendment and includes not merely belief, but activity, membership, association, etc. In the after-the-fact retroactive action by the Defendant against Carmichael, the Secretary of State's successor to whom the religious accommodation was addressed was not consulted regarding the waiver prerogatives that remain reserved to the Secretary of State. The violations of due process by the Defendants cause the Plaintiffs to be detained without being convicted of a crime and there is no probable cause for issuing a warrant of arrest by the standards of the Fourth Amendment.

      g.    The Defendants violated the constitution and due process prohibiting any reasonable due process by which to obtain a passport or accommodation for religion by saying that we must

continue to reapply for a passport under the same conditions that the Defendant says will warrant the denial or revocation of our applications for passport.  The Defendant is unconstitutionally demanding that we can recapture our freedom to travel by simply in good faith abandoning our activity of religion.  *See Aptheker v. Secretary of State*, 378 U.S. 500, 507 (1964)

h.    The Defendants violated the constitution and due process where the Defendant will rightfully issue passports to people who do not identify with a SSN and have either successfully evaded any association with a SSN or have succeeded in having the Social Security Administration suppress any record that was associated with them.  The Defendants' process for determining which of the 'haves' or 'have-nots' gets a passport is not <u>substantive</u> **due** process.

i.    The Defendants violated the constitution and due process where their procedure to separate the 'SSN-haves and have-nots' is to demand that those who have already filed a passport application under oath, fill out a particular secondary form, demanding a particular statement under oath, where such statement is not prescribed by statute or regulation.  In fact, their demanding the particular attestation under oath on the particular form is a process **pro**scribed by statute 44 U.S.C. § 3512.  Contrary to the due process protected by 44 U.S.C. § 3512 we are penalized by the denial of our right to travel, without due process, where that law of Congress says that we cannot be penalized for not completing the form.

j.    The Defendants violated due process in that the Statute 22 U.S.C. §2714a(f), subparagraph (1)(A) that "authorizes" them in permissive terms to deny or revoke a passport in some instances where an applicant does not identify with a SSN; but the Defendant excludes a provision for our gaining access to the Secretary of State to apply for a waiver, or to enable us to obtain the waiver provided for in 22 U.S.C. §2714a(f), subparagraph (1)(B).

k.    The Defendants violated due process where the Statute 22 U.S.C. §2714a(f),

subparagraph (1)(A) uses permissive language to the Secretary of State to deny a passport related to instances where someone does not identify with a SSN.  The Defendants' regulations §51.60(f) paired with §51.70(b)(2) institute a mandate to those who apply the regulations that they should deny or revoke passports when someone does not identify with a SSN; notwithstanding that the statute has left to the discretion of the Secretary of State the retained power do not deny a passport over someone not identifying with a SSN.

125.    The actions of the Defendants to deny Plaintiffs Lewis's and Pakosz's passport renewal applications and to revoke Carmichael's passport without substantive due process of law is arbitrary, capricious, an abuse of discretion, an act of reprisal for whistle-blowing, a depravation of the right to travel abroad without due process of law, in violation of the Fifth Amendment to the Constitution of the United States; and affects the deprivation of rights secured by the First and Ninth Amendments.  It is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel, injuring our constitutional liberty closely related to free speech, association, religion, and right to redress grievances.  It penalizes and punishes plaintiffs and restricts our liberty on without even legislative or administrative fact-findings that we are subversives; penalizing us as if we had committed a crime but without benefit a trial according to due process, which requires a trial by jury before an independent judge, after an indictment, and in accordance with all the other procedural protections of the Fourth, Fifth and Sixth Amendments.  It denies the plaintiffs freedom of speech, association, religion, and redress which the First Amendment guarantees and punishes conduct that is protected by the First and Ninth Amendments. *Aptheker v. Secretary of State*, 378 U.S. 500, 507 (1964)

**IV.    Afterword**

We do believe that the FAST Act which produced 22 U.S.C. §2714a(f) can be held as constitutional if the Defendant can construe the permissive language to enable the Secretary of State to apply statutes designed to protect religion, speech, association, due process, privacy, etc. are applied; namely the U.S. Code sections 22 U.S.C. §2721, 42 U.S.C. §2000bb, et. seq., and 44 U.S.C. §3512, 5 U.S.C. 552a, 42 U.S.C. §408.  If the language of 22 U.S.C. §2714a(f) is too vague or overbroad to allow for our having passports without identifying with the number of the beast Social Security Number, then we reserve the right to move for amendment of the complaint to challenge the constitutionality of that section of the FAST Act.

On Friday, September 25, 2020, we notified the Defendants of our intention to file the motion for amendment of the complaint on the fourth cause of action.  We've not heard a reply and presume the Defendant intends to reserve their right to respond in accordance with the rules.

I, David Alan Carmichael, declare that this foregoing "PLAINTIFFS' MOTION TO AMEND THE COMPLAINT REGARDING DUE PROCESS" is produced by myself in agreement with my fellow plaintiffs, Lawrence Lewis and William Pakosz.  With my signature here below, I declare the statements know to me by first hand knowledge true, or understood by me to be true by evidence of which I am aware.  I so swear it to be true in subjection to the witness and judgment by our Heavenly Father, the Son Jesus Messiah, and the Holy Spirit.

Sign: _David Alan Carmichael_   Date: _September 28, 2020_
David Alan Carmichael

I, Lawrence Donald Lewis, declare that this foregoing "PLAINTIFFS' MOTION TO AMEND THE COMPLAINT REGARDING DUE PROCESS" is produced by Plaintiff Carmichael with my agreement with him and fellow plaintiff William Pakosz. With my signature here below, I declare the statements know to me by first hand knowledge true, or understood by me to be true by evidence of which I am aware. I so swear it to be true in subjection to the witness and judgment by our Heavenly Father, the Son Jesus Messiah, and the Holy Spirit.

Sign: _Lawrence Donald Lewis_ Date: _27 SEP 2020_

Lawrence Donald Lewis

I, William Mitchell Pakosz, declare that this foregoing "PLAINTIFFS' MOTION TO AMEND THE COMPLAINT REGARDING DUE PROCESS" is produced by Plaintiff Carmichael with my agreement with him and fellow plaintiff Lawrence Lewis. With my signature here below, I declare the statements know to me by first hand knowledge true, or understood by me to be true by evidence of which I am aware. I so swear it to be true in subjection to the witness and judgment by our Heavenly Father, the Son Jesus Messiah, and the Holy Spirit

Sign: _____        Date: _____
William Mitchell Pakosz