RECEIVED
Mail Room

OCT 2 – 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**United States District Court,
District of Columbia**

| | | |
|---|---|---|
| David Alan Carmichael, *et al*., | ) | Plaintiffs, *in propria persona* |
| Plaintiffs | ) | Case No:  **19-CV-2316-RC** |
| | ) | |
| v. | ) | RE:  ECF 45 |
| | ) | |
| Michael Richard Pompeo, *et al*. | ) | |
| | ) | |
| Defendants-Respondents | ) | |

**Remonstrance, Objections, And Preservation of Error**

**Regarding The Dismissal Opinion And Memorandum Of August 31, 2020**

TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................... ii

I.     Introduction ................................................................................................ 1

II.    Objections To The Introduction of The Court's Opinion ........................... 2

III.   Objections To The Factual Background of The Court's Opinion ................ 3

IV.    Remonstrance And Objections To The Court's Opinion, The Section IV., A.
       Plaintiff's First Cause of Action ............................................................... 3

V.     Agreement To The Court's Opinion, The Section IV., B. Plaintiffs' Second Cause of
       Action, With Caveat Against Dangerous Innovations Introduced By the Court .............. 8

VI.    Objection To The Court's Opinion, The Section IV., C. Plaintiffs' Third
       Cause of Action, Plaintiffs Reserve The Right To Amend The Cause
       Based Upon 22 U.S.C. § 211a ..................................................................... 15

VII.   Response To The Court's Opinion, The Section IV., D. Plaintiffs' Fourth
       Cause Of Action ......................................................................................... 17

VIII.  Objection To The Court's Dismissal, The Section IV., E. Fifth Cause Of Action
       / Over breadth & Vagueness Of Regulation ............................................. 18

IX.    Affirming The Court's Opinion, The Section IV., F. Plaintiffs' Seventh Cause of
       Action, Providing Some Points For Clarity .............................................. 19

X.     Objection To The Court's Dismissal, The Section IV., G. Plaintiffs' Eighth Cause
       of Action .................................................................................................... 20

XI.    Objection To The Court's Dismissal, The Section IV., H. Plaintiffs' Sixth and Ninth
       Causes of Action ........................................................................................ 20

Summary ................................................................................................................ 21

Benediction ............................................................................................................ 21

Signature Page – Carmichael ............................................................................... 22

Signature Page – Lewis ......................................................................................... 23

Signature Page – Pakosz ....................................................................................... 24

# TABLE OF AUTHORITIES

**United States Constitution**

Article I ..................................................................................................16, 20
Article II .......................................................................................................20
Article III ................................................................................................16, 20
First Amendment ...........................................................4, 5, 6, 7, *passim*
Fifth Amendment .......................................................................................2, 20
Sixth Amendment ..........................................................................................20
Ninth Amendment..........................................................................................20

**United States Supreme Court Decisions**

***Aptheker v. Secretary of State***................................................................17
    378 U.S. 500 (1964)
*Bowen v. Roy*................................................................9, 10, 11, 12, 13
    476 U.S. 693 (1986)
*Haig v. Agee* ...............................................................................1, 17
    476 U.S. 693 (1986)
*Wisconsin v. Yoder* .......................................................................10, 11
    406 U.S. 205 (1972)

**United States Court of Appeals Decisions**

*Callahan v. Woods,*
    U.S. Ct. App., 736 F.2d 1269 (9th Cir., 1984) ..........................................12

**United States District Court**

*Daingerfield Island Protective Soc. V. Babbitt*.................................................16
    823 F. Supp. 950, 957 (D.C. Cir. 1993)
*In re FTC Corporate Patterns Report Litigation*..............................................16
    432 F. Supp. 291, 301 (D.D.C. 1977)
*Stevens v. Berger* ...............................................................................12
    428 F.Supp. 896 (E.D. N.Y. 1977)

**United States Code**

5 U.S.C. § 552a...................................................................................3, 19, 20
    Privacy Act
22 U.S.C. § 211a.............................................................................15, 16, 17
    Authority to grant, issue, and verify passports
22 U.S.C. § 2714a...................................................................................13
    Revocation or denial of passport in case of certain unpaid taxes
22 U.S.C. § 2714a(f)..............................................................................3, 18
    Revocation or denial of passport in case of individual without social security
    account number
U.S.C. § 2714a(f)(1)(B) ...........................................................................9, 18

## TABLE OF AUTHORITIES

Emergency and humanitarian situations
22 U.S.C. § 2721 ..................................................................................4, 5, 6, 9
    Impermissible Basis For Denial of Passports
42 U.S.C. § 2000bb, et seq............................................................................9
    Religious Freedom Restoration Act
44 U.S.C. § 3512 ..........................................................................................3, 20
    Paperwork Production Act - Public Protection

## Code of Federal Regulations

22 C.F.R. § 51.60(f) ....................................................................................3
    provide his or her Social Security account number…
22 C.F.R. § 51.62(a)(2) ................................................................................3
    Revocation or limitation of passports and cancellation of Consular Reports
    of Birth Abroad – The Department may revoke or limit a passport when…
22 C.F.R. § 51.70-74 ..................................................................................4, 17
    Procedures for Review of Certain Denials and Revocations
22 C.F.R. § 51.70(b)(2)..................................................................................3
    Request for hearing to review certain denials and revocations (where it does not
    Apply for failure to provide a social security number or purposefully providing
    an incorrect number)

## Other Authorities

Executive Order 9379 ...................................................................................13
    Numbering Systems For Federal Accounts Relating To Individuals
Executive Order 13798 ..................................................................................15, 16, 17
    Promoting Free Speech and Religious Liberty
Constitution of Virginia
    Article 1, Section 16 .................................................................................6

The Revealed Law ........................................................................................12, 20

The law of Nature .........................................................................................20

The law of Reason ........................................................................................20

**United States District Court,**
**District of Columbia**

| | | |
|---|---|---|
| David Alan Carmichael, *et al*., | ) | |
| | ) | Plaintiffs, *in propria persona* |
| Plaintiffs | ) | Case No: **19-CV-2316-RC** |
| | ) | |
| v. | ) | RE: ECF 45 |
| | ) | |
| Michael Richard Pompeo, *et al*. | ) | |
| | ) | |
| Defendants-Respondents | ) | |

**Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion**
**And Memorandum Of August 31, 2020**

## I.    Introduction

1.    The memorandum and opinion of the Court on August 31, 2020, rightly opined that we have standing on the Second, Fourth and Seventh Causes of Action but excluded the other causes of action in error or prematurely.  The error in dismissing the Fourth Cause of Action as it pertains to Plaintiff Carmichael was from the misapplication of *Haig v. Agee*, as well as overlooking particular points made by the Plaintiffs in their filings.  The Court was misdirected by a misstatement in the Defendant's revocation letter to Carmichael, and did not apply the express text of the regulation cited in the revocation letter, and did not apply other official statements in the Defendants' communications to Plaintiff Carmichael.  The regulations indeed exclude pre and post denial/revocation appeal hearings to all Plaintiffs.

2.    The revocation of Mr. Agee's passport without the pre-revocation adversarial process is otherwise unlawful except for the extreme circumstances related to Mr. Agee.  Mr. Agee's facts, circumstances, and law do not apply to the without-pre-revocation adversarial due process afforded to Carmichael.

3.     Among other reasons, Plaintiff Carmichael does indeed have standing on the Fourth Cause of Action.  Therefore, by Monday, September 28, 2020, we will file an amendment on the matter of Carmichael's standing on the Fourth Cause of action, in accordance with the directive of the Court, and we will address the law and facts in support.

4.     The Court also dismissed the Fifth Cause of Action because it did not spell out the particular theory of law regarding the over breadth or vagueness of the regulation of which we complained.  We object to the complete dismissal.  We believed that the complaint did not need go into the depth described by the Court.  It appeared to our novice minds that we had gone into much more depth than what was asked for in the standard pro-se complaint form that is cited in the rules.  We believe an opportunity to amend the complaint would have been more appropriate under the circumstances.  The issues of the overbreadth or vagueness of the regulations or the statute, claimed by the Defendant as justifying our passport denials and revocation, are closely tied to the Fourth cause of action.

## II.     Objections To The Introduction of The Court's Opinion

5.     The opening summary left out the fact that the Tort Claims Act was invoked in the complaint. We also note that the opening summary did not include the fact that the Court upheld Plaintiffs Lewis's and Pakosz's standing on the Fourth Cause of Action regarding due process, violation of the Fifth Amendment.  We object to the possessive pronouns used by the court because they infer that the Plaintiffs actually have a social security number as a matter of law.  If there is or ever was what we know to be such a damnable number associated with us, it would have been done by fraud and against our will, and is or would be void *ab initio*.  Therefore, we object to every inference that a SSN is a part of our identity, that any use of his, their or any possessive pronoun is a lie of Satan and wrong as a matter of law so far as it asserts that any of

us 'have' a SSN with which to identify.

## III.  Objections To The Factual Background of The Court's Opinion

6.    The Court neglected to point out that each of the Plaintiffs, Pakosz, Carmichael, and

Lewis, in 2017, 2018, and 2019 respectively, sent their requests for religious accommodation

addressed particularly to the <u>Secretary of State</u>, Rex Tillerson and Michael Pompeo.

7.    The Court neglected to list on page 4, 1st ¶, the fact that the "sign a statement" form

did not contain a valid OMB number.  The Court did not cite the fact that the text of 44 U.S.C.

§3512, Paperwork Reduction Act, has language prohibiting the penalizing anyone who does not

respond to such forms that do not have a valid OMB number.

8.    The Court summarized the application form's Privacy Act (5 U.S.C. § 552a)

statement rather than citing the actual fact.  The Privacy Act statement on the approved form is:

> "Providing information on this form is voluntary. Be advised, however, that
> failure to provide the information requested on this form <u>may</u> cause delays in
> processing your U.S. passport application and/or <u>could</u> result in the refusal or
> denial of your application. Failure to provide your Social Security number <u>may</u>
> result in the denial of your application (consistent with 22 U.S.C. 2714a(f)) and
> <u>may</u> subject you to a penalty enforced by the Internal Revenue Service, as
> described in the Federal Tax Law section of the instructions to this form. Your
> Social Security number will be provided to the Department of the Treasury and
> may be used in connection with debt collection, among other purposes authorized
> and generally described in this section." (Emphasis of 'underline' added)

9.    On pages 4-5, the Court neglected to add the fact that the express statements of the

Defendants said that 22 C.F.R. § 51.70(b)(2) pursuant to § 51.60(f) preclude an appeal

notwithstanding the Defendant's arbitrary statement that an appeal hearing could be had pursuant

to 22 C.F.R. § 51.62(a)(2), according to 22 C.F.R. §§ 51.70-74.

## IV.   Remonstrance And Objections To The Court's Opinion, The Section IV.,  A. Plaintiffs' First Cause of Action

10.    The Court dismissed our first cause of action seemingly without grasping our cross-

motion which is our response to the Defendants' motion for dismissal.  On one hand, the court later explained that our not identifying with a SSN for reasons of religion was inextricably tied to our not identifying with a SSN on the passport renewal application form or the Defendant's secondary query form.  The Defendants certainly made claims that their denial and revocation of the Plaintiff's passports were mere sterile technical ministerial duties related to the statute that they cite.  However, their statements were indeed challenged by statements of fact by the Plaintiffs that were not denied by the defendants, and were cited as matters of material facts that were in dispute.  The Defendants' misled the Court over whether there was truly an avenue of appeal via "51.70-74" when the text there precludes appeal when the reason is because of being "accused" of "failing" to provide a SSN; when for reasons of religion "failure" did not occur.  The denial or revocation for being "accused" of "willfully, knowingly, intentionally or negligently" not identifying with a SSN; also, because of religion, those accusations are false.

11.    Discovery will substantiate the Plaintiffs' accusations that the Defendants did deny, revoke, restrict, or otherwise limit because of <u>any</u> speech, activity, belief, affiliation, or membership within or outside the United States, which if held or conducted within the United States, would be protected by the First Amendment…" 22 U.S.C. § 2721  The dismissal of that count is premature.

12.    In substantiating its reasons for dismissing the count one, the Court miss quotes the statute protecting the Plaintiffs.  The Court said, "Plaintiffs do not cite any facts suggesting that the Government instead denied and revoked their passports because of their religious belief." The statute is much broader than that.  As well as belief, it includes speech, activity, affiliation, or membership.  All of those things are contemplated in the First Amendment's protection of "religion."  The First Amendment did not say that Congress shall make no law which would be

expressly attacking a man's 'religious' "belief." It said Congress shall make no law against the free "exercise" of "religion." Religion is defined in American law as "The Duty we owe the Creator." The Government denied and revoked our passports for our "activity" (or exercise) of religion which is motivated by religious (belief), which controls our activity as well as our speech, affiliation and membership as a duty of religion.

13.     The Creator does not merely require "belief" as a duty. The duties that we owe the Creator require action. Action is referred to as activity in 22 U.S.C. § 2721. Belief is a superb motivator to help us fulfill the actions of which we are obliged to the Creator that cause us to face persecution. Belief came in handy when I, Plaintiff Carmichael, realized I had a duty to pray for the healing of a young man whose left leg was grotesquely bent and more than an inch-and-a-half shorter than the other leg. The activity of praying and healing was my duty, my belief was the sublime motivator. My belief was encouraged the next day when the young man showed me his perfectly straight left leg that matched the length of the right leg. The Governor of Virginia recently commanded, with the threat of one year in jail and up to a $2,500 fine, that I keep social distance of six feet from people and wear a mask when near people. An unmasked man sitting on the sidewalk asked me for alms. I knew that I had a duty of religion to give the man the money that I had and to pray for him. I closed the six feet, gave him the money that I had, I held his hand and I prayed for him. It was an activity of religion motivated by sincerely held belief. The Governor of Virginia did not order that I change my religious belief, he merely made a demand that my activity conform to his preferences. Religion, the duty that I owe the creator, demanded that I not conform to the Governor's demands. This Court would have it that my activity of handing money to the stranger, touching him, and speaking to him unmasked and in close proximity were a violation of the Governor's command and would not be protected by

the First Amendment.  Though my activity was a duty of religion, **the Governor did not require me to change my belief**.

14.     We used the word "religion" over and over in the complaint because "religion" is the duty.  It involves behavior as well as the religious motivation of belief.

15.     The Religious Freedom Restoration Act is there for situations where a seemingly neutral and generally applied government edict requires a person to act contrary to religion, the duty they owe the creator, when there is no particular prescription for relief in the particular procedures of the particular government edict.  However, with regard to passports, the Defendants are given what appears to me and my fellow plaintiffs as an unambiguous mandate in 22 U.S.C. §2721.  When our activity is one of sincere and bona fide religion, and when free exercise of religion is expressly protected by the First Amendment, the Defendant Secretary of State and his subordinates are obligated to adhere to the mandate of 22 U.S.C. § 2721.

> "That religion, or the duty which we owe to our Creator, and the manner of discharging it, can be directed only by reason and conviction, not by force or violence; and therefore all men are equally entitled to the free exercise of religion, according to the dictates of conscience; and that it is the mutual duty of all to practice Christian forbearance, love, and charity towards each other." Constitution of Virginia, Article 1, Section 16.

16.     The fact that 22 U.S.C. § 2721 exists shows the reality that the Defendants' interest in regulating the issuance of passports does not rise to the level of the duty of the Defendants to uphold and defend the First Amendment to the United States Constitution.  Protection of free exercise of religion, speech, peaceful assembly, redress, etc., is the compelling interest of government.  Thus, the Court rightfully quoted the U.S. Supreme Court saying that, ""The standard is "exceptionally demanding."" Yet, this Court has erroneously elevated the agency's passport administration preferences, and Congresses grant of 'permission' to deny passport's to those who do not identify with a the administrative-efficiency SSN, as a matter of conduct that is

intended as a willful, intentional, negligent or reckless wrong.

17.     Our not identifying with a SSN is not willful, intentional, negligent nor reckless.  It is not a wrong activity such as those.  It is a right thing; fulfilling a duty of the highest law.  Must we each give an affidavit of the anguishing prayer and fasting that we undertook in our efforts to plead to the Creator that He remove that cup from us?  It is a duty to which we owe the Creator even though it can be contrary to our will, intentions, due diligence or careful conduct and makes us subject to the scorn and abuse of those who willfully or unwittingly worship the Beast.

18.     You may not apply for such a passport without first making a declaration that is a litmus test of religion.  Like the Islamic religious tradition of it being a capital crime to change religion, the Secretary of State and his subordinates have taken the position that you may never change your religious association and religious dependency on the Beast and its social security dependency membership.  You are allowed to be an unnumbered man in the United States of America, though slightly inconvenienced compared to your fellow national, so long as you've always been an unnumbered man; just as you can be a Christian in certain Islamic nations, though slightly inconvenienced compared to your fellow national, so long as you've always been a Christian.  But in the United States of America, according to the position taken by the Defendants, should you be associated as a numbered man, notwithstanding it being fraudulent, and then because of new-found Christian religion become an apostate to the state religious belief and conduct, you cannot get a passport unless you can prove you've never been in association with the State socialist religion.

19.     The Court's statement grossly misses the facts and the merits where it stated; "Plaintiffs do not cite any facts suggesting that the Government instead denied and revoked their passports because of their religious belief."  Is our activity of religion protected by the First

Amendment?  This Court says it is not.  Somehow, there is one activity of religion that is not protected.  That one activity is being obedient to the scriptural mandate of not confessing the number of the beast as an element of one's identity.  My speech is, "I have never applied for the voluntary SSN."  Is my speech protected by the First Amendment?  If I put my speech in writing, is it protected by the First Amendment?  If I refuse to speak, is my refusal to speak protected by the First Amendment?  If I refuse to put my speech in writing, is that protected by the First Amendment?  If I refuse to associate with the society that volunteers to participate in social security, is my association protected by the First Amendment?  Is my belief that I do not have a SSN protected by the First Amendment?  Is my belief that the SSN is the number of the beast protected by the First Amendment?  Is my belief that it is a damnable sin for me to identify with the number of the beast SSN protected by the First Amendment?  Is my membership in the society that does not identify with a SSN protected by the First Amendment?  Am I denied a passport because my belief, speech, activity, membership and association is not an avowed socialist with my membership conveyed on a SS-5 membership form?  Is that non-membership protected by the First Amendment, let's say just as is a communist's belief, speech, activity, membership and association is protected by the First Amendment?  This Court would have it that the government can indeed demand that I renounce my speech, activity, belief, affiliation, and membership regarding their number of the beast and dependency on an anti-Christ society or I cannot have a passport.  The Court does not get it, notwithstanding that it recognized that the religious accommodation request was inextricably linked to the <u>inability</u> for us to identify with a SSN.

## V.     Agreement To The Court's Opinion, The Section IV., B. Plaintiffs' Second Cause of Action, With Caveat Against Dangerous Innovations Introduced By the Court

20.    The Court, in its considerations for the second cause of action miss states the

plaintiffs' assertions (Order p. 11, ¶2nd).  We Plaintiffs indeed say that requiring us to identify

with a SSN in order to retain our passports burdens the exercise of our religion, not merely

religious beliefs.  It is not merely the demand that we put a SSN on the application, it is that we

are required to be identified with a SSN.  Read the PURPOSE for the passport application asking

for the applicant to identify with a SSN:

> "We are requesting this information in order to determine your eligibility to be
> issued a U.S. passport. Your Social Security number is used to <u>verify your
> identity</u>" (Emphasis added)

21.    Those who have successfully avoided having any of their name information

associated with a Social Security Administration record, and those such as the Amish who have

had the agency suppress records previously associated with the Amish person, are free to not

need a Social Security Number to verify their identity.  We cannot have that number of the beast

as an element of our identity, and it is certainly not necessary for the purposes of a passport

where our "identities" are not in question.

22.    I, Plaintiff Carmichael, for one got kicked out of the Navy because I refused to

identify with a SSN whether or not it was something that I or somebody else put on the

application.  In the Navy's case, there was a mechanism for the use of a different number and a

regulation that required the consideration of accommodation.  In this case, there is a mechanism

for the use of no number, a statutory mandate to not deny the passport (22 U.S.C. § 2721), a

statute to consider accommodation (42 U.S.C. 2000bb, et seq.), a statutory provision for

accommodation (22 U.S.C. § 2714a(f)(1)(B), and an Executive Order and a memorandum from

the Attorney General which expressed the United States policy on the protection of religion.

23.    We object to the Court, on page 11 of the order, misapplying *Bowen v. Roy*, putting

words "… in other words…" in the Supreme Court justice's mouth.  This Court inferred that "the

government's use of the social security number did not affect the plaintiff's behavior or ability to exercise his religious beliefs." The Court correctly quoted *Bowen* but misconstrued the meaning of the statement, "Just as the Government may not insist that appellees engage in any set of religious observance, so appellees may not demand that the Government join in their chosen religious practices by refraining from using a number to identify their daughter." The *Bowen* case is distinguished from ours, among other ways, in that the Roy family was applying to the social security benefit program and they asked the Social Security Administration to not use its own social security account number. The passport is not a social security benefit. We are not asking the Social Security Administration to provide any benefit. We are demanding, for reasons of religion, that it leave us non-beneficiaries alone.

24.     Another distinction is that the government already has a practice of administering passports without the passport holder being associated with a SSN, a situation that did not apply to the Roy family. We are not demanding that the government change its behavior to conform to our religious preferences, we are demanding that the government change its unlawful conduct to comply with the fundamental law, the laws of the United States, and the policy of the United States.

25.     The other distinction of our case from *Bowen*, is the standard that the Defendants are asking this Court to apply from the *Bowen* case is the standard that the Congress, and the United States as a matter of policy, has rejected. The *Bowen* court did not apply the *Wisconsin v. Yoder* standard, saying, that the government should not be put to the least restrictive means test if the government demonstrates that a challenged requirement for governmental benefits, neutral and uniform in its application, is a <u>reasonable</u> means of promoting a <u>legitimate</u> public interest. In our case, it is not merely a governmental benefit which we demand through the passport application.

Also, their requirement is not "neutral or uniform in its application." The Government's assertion that it is not attacking religion on purpose, to support its being neutral, is voided by the other prong of uniformity in its application. Fortunately, the Government at least still recognizes and applies the reality that participation in Social Security is voluntary from its inception and on the basis of the nature of the program. It would be an absurdity to demand a number from someone who has no number. It would be a moral wrong against natural right to use the passport to coerce a man into 'volunteering' in the program as a prerequisite to passport approval. Therefore, naturally, the requirement is not uniform and rightfully so.

26.     This Court wrongly considers *Bowen* as being controlling, or even instructional, as far as giving carte blanch to the government's preferences of administrative efficiency when they collide with absolute rights. The *Bowen* Court held that the use of the SSN was merely a **reasonable means** to the **legitimate end**. Then, the Chief Justice Warren Brrger made a cavalier departure from the high standard demanded for the protection of absolute rights:

> The test applied in cases like Wisconsin v. Yoder, 406 U. S. 205 (1972), is not
> appropriate in this setting. In the enforcement of a facially neutral and uniformly
> applicable requirement for the administration of welfare programs reaching many
> millions of people, the Government is entitled to wide latitude. The Government
> should not be put to the strict test applied by the District Court; that standard
> required the Government to justify enforcement of the use of Social Security
> number requirement as the least restrictive means of accomplishing a compelling
> state interest.[Fn 17] Absent proof of an intent to discriminate against particular
> religious beliefs or against religion in general, the Government (708) meets its
> burden when it demonstrates that a challenged requirement for governmental
> benefits, neutral and uniform in its application, is a reasonable means of
> promoting a legitimate public interest. *Bowen v. Roy*, 476 U. S. 693, 707-708
> (1986)

27.     The nature of the thing provided by the Government in our case is wholly different from that which was sought by the *Roy* family. The Roy family had many options available other than seeking for governmental welfare benefits. Family is a natural benefactor and an

institution that is ordained by the revealed law to provide mutual support.  There are churches who provide subsistence whether or not you apply to the particular exercise of belief or faith.  In our situation, there is no other institution that has the power or jurisdiction to issue passports.

28.     On page 14, the Court correctly holds that the Defendants Declarations do not support their assertion that they require social security numbers in general and that the government lacks other means of achieving its goals.  The Court also recognized that the record suggests that the Plaintiffs requests for religious accommodation were not seriously considered on their merits when submitted.

29.     The Court overlooked the fact that the one thing that the *Bowen* Court determined properly is that the use of the SSN by the government as a tool for combating fraud or other things **does <u>not</u> rise to the level of a compelling interest**.  The U.S. Supreme Court in *Bowen* did not hold that the government using the SSN as an element of a person's identity even for the sake of social security benefits rose to the level of a "compelling" governmental interest <u>even in general.</u>  Neither did the 9th Circuit Court of Appeals in Callahan, nor did the U.S. District Court, E.D. New York, in *Stevens v. Berger*, even though it was for the purpose of obtaining state welfare benefits which were no doubt funded by the federal social security system.  Though this Court correctly stated that in our situation, there is certainly no "compelling" governmental interest to <u>the persons</u> of us, the Court should <u>not</u> have ascribed a compelling interest <u>in general</u> to the use of a SSN for the governmental efficiency relating to passports.

30.     In the hierarchy of government interest, religion is one of those rights which government is instituted to protect.  Hence, the free exercise provision is the fundamental law of the law of the land.  Secondly, the government's protection of itself against being defrauded of money is a lower interest, rightly described by the *Bowen* Court as a legitimate end."  The 22

U.S.C. §2714a statute's prohibition against tax debtors, being **certified** (after full due process) to owe more than $50,000, and those found by a court to be sex crime offenders (after full due process), and those found by a court or other tribunal (after full due process) as failing to fulfill their child support obligations, are legitimate ends of government.  If the "failure" to provide a SSN is done as a malevolent act, the government certainly has a legitimate interest in prosecuting such offenders.  There is a certification already on the passport form for those who are certain, or to the best of their belief, that they have never been associated with a SSN.  The form says to indicate all zeros in block 5, and the form is verified as being a true statement by means of an oath.  Still, the policing of these things does not constitute a "compelling" governmental interest in the sense of how that word is applied by the Supreme Court of the United States of America.

31.     Lower than that are the reasonable means to achieve legitimate ends of government.  President Franklin Delano Roosevelt (FDR) described the use of the SSN as a means to achieve efficiency in Executive Order 9379.  He directed, not mandated, that the various department heads had the discretion to use the SSN as a sole identifier.  President Bush clarified that directive with softer language, changing FDR's word "shall" use exclusively to "may" use exclusively.  The dangerous innovation of FDR to use the SSN as a sole record identifier, for the means of efficiency, fulfills Biblical prophecy.  It instituted a soul identifier.  It dooms its adherents to not be able to do things ordinarily necessary in life and business without confessing the number of the Beast.

32.     The Court is right in saying that in our case, we are not asking the government to change its behavior in the sense of the accusation by Chief Justice Warren Burger in *Bowen*.  We are asking the government to adhere to the behavior mandated by the People, the States, and the United States according to the Constitution; and to adhere to the behavior provided by Congress

that enables them to use their preferred means of efficiency but not to the extent that it imposes or infringes on those 'right' behaviors of ours that the government is instituted to protect.

33.    The Defendant denying passports unless a man forsake his obligation of religion to oppose identification with the SSN is hostile to religion.  They admit that they readily issue passports efficiently for those who have absolutely for sure never been associated with a SSN. Thus, they could never say that the real "legitimate" interest of preventing fraud, and preventing due-processed significant-tax debtors, and sex offenders, and dead-beat parents from obtaining passports is not met by a lesser means of treating the religious accommodation seeker just as they treat the confirmed non-religious unnumbered.

34.    Again, on page 13, in the opening part of the 2nd paragraph, the Court misconstrues the entirety of our complaint and  memoranda supporting our responses, motions, and replies. The Court has misrepresented our position where it states, "Plaintiffs here do not challenge the Government's internal use of social security numbers; they challenge the requirement that they provide a social security number on their passport applications."  We in fact pointed out that we want to be treated like the Amish for whom the government suppresses any records initiated for their behalf, and like those who can guarantee to the best of their belief that they have never been associated with such a number.  Fortunately, the Court continued on in the paragraph to rightly say, "Here, in contrast, Plaintiffs do object to identifying themselves with and providing social security number.  The Court rightly found, "… that Plaintiffs have alleged sufficient facts to state a claim under RFRA."

35.    We strongly admonish the Court to not set us up for torment. '…You can have your passport, but to be sure… that identification document will be inextricably associated with the passport agency behind your back, notwithstanding that you don't put the number on the form.'

The Court's position is not spawned by any assertion of the Plaintiffs or the Defendants' in this case. Since the Defendants do indeed already provide the accommodation we seek, to those who place all zeros in block five according to the limits of their understanding, the Defendants exhibit hostility toward religion should they yield to the Satanic inspiration to adhere the number of the beast to our identity under the guise of the statutes and regulations of administrative efficiency.

## VI.     Objection To The Court's Opinion, The Section IV., C. Plaintiffs' Third Cause of Action, Plaintiffs Reserve The Right To Amend The Cause Based Upon 22 U.S.C. § 211a

36.     The dismissing of our third cause of action is premature. We ought to be given the opportunity to amend the complaint to cite the proper right of action related to the facts of the Governments violation of the President's orders and the resulting injury to us. In answering the Government's motion for dismissal of our third count, their disclosure of the guiding statute 22 U.S.C. 211a which directs the Secretary to obey the orders of the President, we discovered the right of action where the Executive Order 13798 itself does not give a right of action.

37.     The opening statement of our response to the Defendants motion for dismissal pointed out that the complaint needed to be amended. The Court, in its dismissing the third cause of action made no determination on the theory set forth in our response. The law which demands the Defendant to apply Executive Order 13798 is not E.O. 13798 itself. It is **22 U.S.C. §211a**, which demands that the Defendant abide by the rules prescribed by the president. The Administrative Procedures Act authorizes the Court to examine actions of the Agency when its conduct is arbitrary or capricious. The Court can ascertain whether the administrative agency examined the relevant data and articulated a rational connection between the facts found and the decision made, and whether the agency considered all relevant factors and whether there was clear error in judgment resulting from its process. That is why the Complaint needs to be amended regarding the relevance of the Defendants actions, or non-actions as far as applying the

orders of the President and the Agency's instructions as to how to deal with requests for religious accommodation.

38.    The Defendants' misapply the case law that they cite (Defendant Memorandum, p. 22). The E.O. 13798 fulfills the elements cited in the referenced case. It is of general applicability to all federal departments and agencies. It is of future effect. It is intended to "implement, interpret or prescribe law or policy." *Daingerfield Island Protective Soc. V. Babbitt*, 823 F. Supp. 950, 957 (D.C. Cir. 1993), citing *In re FTC Corporate Patterns Report Litigation*, 432 F. Supp. 291, 301 (D.D.C. 1977). The E.O. 13798, Sec. 6.(c) provision cited by the Defendants (Defendant Memorandum, Para V.a., p. 22) does not immunize the Defendants' from implementing the directives of Sections 1 through 4 of E.O 13798. The Constitution of the United States of America, and the laws of the United States enacted by Congress pursuant to its powers under Article 1, redress available via Article III, and those rights particularly protected in the Bill of Rights, institute those benefits or rights, substantive and procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person. The Congress, through 22 U.S.C. § 211a, giving power to the Defendant Secretary to grant, issue, and validate passport constrained by the obligation to abide by the "rules as the President shall designate and prescribe for and on behalf of the United States." The Congress has obliged the Defendant to obey the rules of E.O. 13798. Those rules of E.O. 13798 and its implemented memorandum by the Attorney General, are by their nature and obvious context applicable to any apparently permissive or discretionary power left to the Defendant in whether they issue a passport to someone who for reasons of religion cannot identify with a SSN. The rule of the President has the force of law empowered by the Act of Congress. The statutory law, 22 U.S.C. § 211a, imposes a duty on the Defendant to not

revoke and not deny the Plaintiffs' passport and renewal applications according to the President's policy of the duty of the Executive Branch Departments to protect religion.

39.     We reserve the right to file for an amended complaint on this issue as the case develops, discovery is had, and a greater understanding is gained as to the relevance of E.O. 13798, and the application of 22 U.S.C. 211a to the internal policies of the Department of State.

**VII.     Response To The Court's Opinion, The Section IV., D. Plaintiffs' Fourth Cause Of Action**

40.     We are submitting a motion to amend the complaint in accordance with the Court's directive regarding the Fourth Cause of Action.  In reaction to the Court's indicating that our complaint was not adequate in the detail of facts in different areas, we are adding more detail than we thought necessary in the original filing of our complaint.  The amendment motion, the facts, the update to the cause of action statement, and the memorandum in support, will adequately address the Court's concern regarding the due process claim for the Carmichael revocation without hearing, among other due process violations.  They are more discernable now that the Defendants have communicated some information about their opinions and conduct.  We address the fact that *Haig v. Agee* is not the rule nor instructive as it applies to our case, but rather *Aptheker v. Secretary of State*, 378 U.S. 500 (1964) is the rule and instructive.  Among other things, we point out that there was neither a pre or post revocation process actually available according to the regulations which were put to the Court.  The arbitrary statement, in the Defendants' letter to Carmichael notifying him of the revocation of his passport, saying that an appeal could be had under 22 C.F.R. §§ 51.70-51.74 was a false or misstatement and it contradicted the controlling regulations cited elsewhere in the same letter.

41.     The objections and information we provide there is sufficient for the purpose of this preservation of error, objection and remonstrance, so that the same matters need not be

duplicated here.

## VIII.   Objection To The Court's Dismissal, The Section IV., E. Fifth Cause Of Action / Over breadth & Vagueness Of Regulation

42.     Knowing that the Court has a duty to uphold the legality of a statute where ever it can construe a statute to be constitutional, we did not make a cause of action against the Fixing Americas Surface Transportation Act cited at 22 U.S.C. §2714a(f).  We considered that 22 U.S.C. §2721 should be applied as preeminent over directives in 22 U.S.C. § 2714a(f).  We saw that the statute's language was permissive rather than mandatory.  22 U.S.C. § 2714a(f) said that the Secretary of State is "authorized" to deny or revoke a passport if someone does not identify with a SSN.  It did not say that the Secretary was mandated to deny or revoke a passport.  The waiver provision of 22 U.S.C. § 2714a(f)(1)(B) for humanitarian reasons appeared to us to be another relief valve to keep the Secretary of State from injuring us, in our religion and travel, over our not identifying with a SSN for reasons of religion.  We believed at the outset that the statute ought not to be held unconstitutional for its intrusion on religion, as being over broad, or vague.  However, on the basis of the statements and arguments made by the United States Attorney and the opinion of the Court that 22 U.S.C. § 2721 provides no protection to our religion (including speech, belief, activity, etc…), our reasonable understanding is different from the presumably reasonable understanding of those across the aisle and bench from us.  The statute may be subject to voiding as unconstitutional for it being vague and overbroad as it applies to us.

43.     Presuming the statute to be tolerable as constitutional so long as the relief valves were working, we complained that it is the application of the regulations that are causing the unlawful injury to us.  In our untrained pro-se approach to the complaint, we did not know that we had to lay out the particular distinct doctrines of vagueness and overbreadth as cited by the Court in its

dismissal.

44.     Therefore, we object to the Court dismissing the Fifth Cause of Action outright

without giving the opportunity for revision to explain in detail the wrongs of the regulation and

how it is being applied contrary to the fundamental and statutory law.  Some of the dangers

resulting from the vague and overbroad regulations are becoming more apparent as light is being

shined on them in the motions, responses and replies.  Therefore, we urge the Court to consider

that this Fifth Cause of Action be reinstituted upon considerations of the information that will be

provided in our motion to amend the complaint on the matters of Due Process, Violation of the

Fifth Amendment, the Fourth Cause of Action.

## IX.     Affirming The Court's Opinion, The Section IV., F. Plaintiffs' Seventh Cause of Action, Providing Some Points For Clarity

45.     The Court's characterization of the Plaintiffs' Privacy Act (5 U.S.C. § 552a) claim is

adequately correct for the sake of jurisdiction but not wholly correct as far as the full violation of

the law by the Defendants and the injury to the Plaintiffs.  "The Court understands Plaintiffs'

claim to be that while the Privacy Act Statement indicates that providing a social security

number is voluntary, it is in fact mandatory and, therefore, the Government has not complied

with the statutory requirements."  Depending on the facts and circumstances, 'disclosing' a

social security number is not mandatory as a matter of law.  Yet, contrary to law, the Defendant's

treat it as if it is mandatory.  The OMB approved DS-11 and DS-82 forms correctly use the term

"may" when describing the consequences of not identifying with a SSN, since there is

prerogative of discretion reserved to the Secretary of State.  The Defendants, contrary to several

laws, undermine the lawful authority of the Secretary of State.  It is as if any individual or rogue

subordinate can unilaterally legislate the conditions of when not identifying with a SSN is

tolerable.  Without checks and balances, the Secretary's subordinate has instituted an alternative

process that is not approved by law, regulation and the due process necessary to establish law and regulation in our mixed government.  The law of the Paperwork Reduction Act, the Privacy Act, the Religious Freedom Restoration Act, the Fixing Americas Surface Transportation Act, Articles I, II, and III of the United States Constitution, the First, Fourth, Fifth, Sixth and Ninth Amendments to the United States Constitution, as well as the law of nature and reason, are all violated.  Hence, such violations as far as they reach our injuries as it relates to the Defendant's demanding that we identify with a SSN, violate the Privacy Act.

## X.    Objection To The Court's Dismissal, The Section IV., G. Plaintiffs' Eighth Cause of Action

46.    We admit that the Eighth Cause of Action is not clearly articulated.  Nonetheless, the matter of having an artificial or anonymous person signing off as the authority for an action that injures a man in his revealed, natural, and fundamental rights, and well as privileges, is evil.  Not knowing whom to address or to hold accountable is a tangible obstacle to justice and the protection of the right to redress guaranteed by the First Amendment.  Should we not have other clearly actionable causes, we might have needed to file a petition for discovery before filing the action in order to uncloak the perpetrators.  It is our opinion that there is need for injunctive relief to impose upon the Defendant conduct that brings the name of responsible officers and agents to the light of day in these matters that effect fundamental rights.

## XI.    Objection To The Court's Dismissal, The Section IV., H. Plaintiffs' Sixth and Ninth Causes of Action

47.    We object to The Court dismissing the Sixth and Ninth Causes of Action.  The Court cited several cases saying the statutes do not provide a private right of action.  It is true that we are learning communicating law and procedure as we go, and we have not quite got it figured out yet.  However, the Complaint did in two places cite the Federal Tort Claims act that gives a

private right of action where the Defendant injures the Plaintiffs by the Defendants' unlawful conduct.  The statutes cited are crimes, *mala prohibita* and *mala in se*.  We claimed the Defendants' violated those statutes in injury to our rights of liberty and property, related to travel, religion and other rights, that are to be protected under the Bill of Rights.

48.    We pointed out that we had cited the Federal Tort Claims Act and that citing was not challenged.  We pointed out that the dismissal was not ripe since there were material facts that supported our claim that were either not disputed by the Defendant or were disputed by the Defendant.  We pointed out that it was first necessary to discover and prove all the material facts to come to a determination on the claims of whether the laws of the United States were proved to be violated and whether two or more persons knowingly conspired to injure, oppress, threaten, or intimidate us in the free exercise or enjoyment of our rights or privileges secured to us by the Constitution.

49.    The claims ought not to have been dismissed outright, but should necessarily be held in abeyance awaiting the progress, discovery, and declarations on the other counts.

**Summary**

We reserve the right to propose by motion amendments to the complaint regarding the Counts that have thus far been dismissed.  The revealing of material facts related to the remaining causes of action should substantiate the necessity of reinstating certain causes of action in order to reach ultimate justice.

**Benediction**

May the grace of God All Mighty be on the mind and heart of the magistrate, the ministers of the United Department of Justice, and those of us who seek the justice and will of the Heavenly Father to be done on the land as it is in Heaven.

I, David Alan Carmichael, declare that this foregoing "Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And Memorandum Of August 31, 2020." I have conferred with Plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz on the production of it. With my signature here below, I declare the statements of fact herein are true by my first hand knowledge or and understood by me to be true, with the Heavenly Father, the Son, and the Holy Spirit as my witness.

Sign: _David Alan Carmichael_    Date: _September 25, 2020_
David Alan Carmichael

I, Lawrence Donald Lewis, declare that this foregoing "Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And Memorandum Of August 31, 2020." I have conferred with Plaintiffs David Alan Carmichael and William Mitchell Pakosz on the production of it. With my signature here below, I declare the statements of fact herein are true by my first hand knowledge or and understood by me to be true, with the Heavenly Father, the Son, and the Holy Spirit as my witness.

Sign: _Lawrence Donald Lewis_ Date: _25 September 2020_

Lawrence Donald Lewis

I, William Mitchell Pakosz, declare that this foregoing "Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And Memorandum Of August 31, 2020." I have conferred with Plaintiffs Lawrence Donald Lewis and David Alan Carmichael on the production of it.  With my signature here below, I declare the statements of fact herein are true by my first hand knowledge or and understood by me to be true, with the Heavenly Father, the Son, and the Holy Spirit as my witness.


Sign: _William M. Pakosz_       Date: _25 Sept 2020_
        William Mitchell Pakosz

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by
mail, the Plaintiffs' "Remonstrance, Objections, And
Preservation of Error Regarding The Dismissal Opinion And
Memorandum Of August 31, 2020" for case #1:19-CV-2316-RC,
Carmichael v. Pompeo. I mailed the documents with this
certificate of service to the Court at:

    Angela D. Caesar
    Clerk of Court, District Court of the United States
    Attn: Tonya Hightower
    United States Courthouse
    333 Constitution Ave NW
    Washington, DC 20001
        U.S. Certified Mail #7015 0640 0002 8789 1103

I sent A copy of the document and certificate of service to:

    United States Attorney
    United States Attorney's Office
    Attn: Christopher Hair
    555 4th Street, N.W.
    Washington, D.C. 20530
        U.S. Certified Mail #7015 0640 0002 8789 1127

    Lawrence Donald Lewis
    966 Bourbon Lane
    Nordman, Idaho  83848

    William Mitchell Pakosz
    Box 25
    Matteson, Illinois  60443

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

I do not accept service, but can be reached informally at:
TEL: (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury
under the laws of the United States that the foregoing is
true.

_____        _____
David Alan Carmichael                          Date

U.S. POSTAGE PAID
FCM LG ENV
HAMPTON, VA
23663
SEP 25, 20
AMOUNT
$5.55
R2304N1185609

20001



UNITED STATES
POSTAL SERVICE®
1024

7015 0640 0002 8789 1103

David Alan Carmichæ
1748 Old Buckroe Road
Hampton, Virginia 23664

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001