UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, | |
| *Plaintiffs,* | |
| v. | Civil Action No. 19-2316 (RC) |
| MICHAEL RICHARD POMPEO, in his official capacity as Secretary of State, *et al.*, | |
| *Defendants.* | |

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's Minute Order dated November 11, 2020, Defendants, Michael R. Pompeo, in his official capacity as the Secretary of State, and the U.S. Department of State, respectfully submit this status report and proposal for further proceedings in this action. Defendants attempted to confer with Plaintiffs regarding the submission a joint filing (as previously agreed to by the Parties and ordered by the Court), but Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz informed counsel for Defendants, via several emails sent between November 30th and December 3rd, that they did not wish to file a joint report. Defendants further understand that Plaintiffs have already submitted a separate status report by mail. Accordingly, Defendants hereby state as follows:

1.     In this matter, Plaintiffs challenge the Department of State's revocation of Plaintiff Carmichael's passport and denial of Plaintiffs Lewis and Pakosz's passport renewal applications for failure to provide social security numbers as part of their respective applications. *See* 2d Am. Compl. (ECF No. 50) ¶ 1. Each Plaintiff alleges that they requested a religious accommodation to omit their social security number on their respective passport applications. *Id.*

2.      As a result of their claims, Plaintiffs request damages, declaratory relief, and injunctive relief including an order compelling the State Department "to take action to restore the Plaintiff Carmichael's passport . . . [and] renew the Plaintiffs' passport for which they applied[.]" *Id.* at 60 (Plaintiffs' Prayer for Relief).

3.      On August 28, 2020, the Court granted in part and denied in part Defendants' motion to dismiss, leaving Plaintiffs' claims under the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment, and the Privacy Act. *See* Mem. Op. (ECF No. 45) at 2. The Court also afforded Plaintiffs the opportunity to file an amended complaint with respect to their claim related to Mr. Carmichael's passport revocation under the Fifth Amendment, *id.* at 18, which Plaintiffs have now filed, *see* ECF No. 50.

4.      On November 11, 2020, the Court stayed Defendants' response to Plaintiffs' second amended complaint in order to permit the parties to confer regarding Defendants' proposal for a voluntary remand to allow the State Department to reconsider the relevant passport adjudications and determine whether it can grant Plaintiffs' religious accommodation requests. Accordingly, Defendants recently conferred with Plaintiffs regarding the possibility of a stay and voluntary remand. On November 30, 2020, Plaintiff Carmichael responded on behalf of the Plaintiffs that they are opposed to a remand.

5.      Defendants continue to believe that a remand is the most efficient way to resolve, or substantially narrow, the disputed issues in this action. This Court has broad discretion to remand an agency decision when the agency intends to revisit the challenged agency decision on review. *See Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir. 2017); *see also Franciscan Alliance, Inc. v. Price*, Civ. A. No. 7:16-0108, 2017 WL 3616652, at *3-*4 (N.D. Tex. Jul. 10, 2017) (granting, in part, a motion for voluntary remand in a RFRA action). Here, the

Department of State acknowledges that it did not consider Plaintiff's religious accommodation requests and, accordingly is willing to reconsider Plaintiffs' applications based on alternative methods of identity verification and passport entitlement.

6.      Defendants understand that Plaintiffs oppose a remand and wish to proceed to discovery—specifically, a Rule 26(f) conference.  But doing so would be inefficient at this juncture because Defendants intend to respond to Plaintiffs' second amended complaint with a dispositive motion, which will likely further define the scope of any discovery.  Further, Plaintiffs' desire to seek discovery as to Defendants' reasons for their actions (*see, e.g.*, Pl.'s Mot. to Compel (ECF No. 40)) is largely unnecessary in light of Defendants' acknowledgment that their religious accommodation requests were *not* considered, as well as Defendants' willingness to reconsider Plaintiffs' passport adjudications and their religious accommodation requests.

7.      In light of the above, Defendants respectfully request that the Court continue to stay their response to Plaintiffs' second amended complaint and permit Defendants to file a motion for a voluntary remand within 14 days, *i.e.*, December 19, 2020.  Alternatively, Defendants propose that they be permitted to respond to Plaintiffs' second amended complaint by December 19, 2020.

A proposed order is attached.

*       *       *

Dated December 4, 2020                    Respectfully submitted,

                                          MICHAEL R. SHERWIN
                                          Acting United States Attorney

                                          DANIEL F. VAN HORN, D.C. Bar No. 924092
                                          Chief, Civil Division

                                          /s/   *Christopher C. Hair*
                                          CHRISTOPHER C. HAIR, PA Bar No. 306656
                                          Assistant United States Attorney
                                          555 Fourth Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 252-2541
                                          Christopher.Hair@usdoj.gov

                                          *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2020, I caused the foregoing status report to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DAVID ALAN CARMICHAEL, *et al.*,

*Plaintiffs,*

v.

MICHAEL RICHARD POMPEO, in his
official capacity as Secretary of State, *et al.*,

*Defendants.*

Civil Action No. 19-2316 (RC)

---

**[PROPOSED] ORDER**

Upon consideration of the Parties' joint status report, it is hereby **ORDERED** that Defendants shall file their motion for a voluntary remand by December 19, 2020.  It is **FURTHER ORDERED** that Defendants' deadline to respond the amended complaint shall be stayed pending the Court's resolution of Defendants' remand motion and further order of the Court.

**SO ORDERED**.

_____
Date

_____
Hon. Rudolph Contreras
United States District Judge

6