**United States District Court,
District of Columbia**

David Alan Carmichael, *et al.*,                    )
                                                    )          Plaintiffs, *in propria persona*
          Plaintiffs                                )          Case No:  **19-CV-2316-RC**
                                                    )
               v.                                   )          RE:  JOINT STATUS
                                                    )          REPORT
Michael Richard Pompeo, *et al*.                    )
                                                    )
          Defendants                                )


**PLAINTIFFS' JOINT STATUS REPORT**



TABLE OF CONTENTS

Table of contents ............................................................................................................. i

I.  PLAINTIFFS' SUMMARY OF PARTIES' POSITIONS ..................................... 1

II.  SUPPORT FOR PLAINTIFFS' POSITION TO PROCEED TO SCHEDULE ................. 1
    DISCOVERY

    A.  Parties Have Conferred, Fulfilling Rule of Court 26(f) ................................. 1

    B.  Defendants' Statements To The Court Contradict Statements To The Plaintiffs ......... 2

    C.  Plaintiffs Requested Input From The Defendant Regarding The Plaintiffs' ................ 4
        Motion For Ruie 16(b) Scheduling Conference

III.  OBJECTION TO DEFENDANTS' PROPOSED STAY AND REMAND ...................... 5

    A.  Bad Faith ........................................................................................... 5

    B.  Estoppel bars the Defendants from taking advantage of opposite positions: ............... 5

    C.  Jurisdiction Lies Squarely In The District Court ........................................... 6

    D.  The Defendants Already Have A Duty To Provide Relief As A Matter Of Law .......... 6

VERIFICATION

    David Alan Carmichael Signature ...................................................................... 9

    Lawrence Donald Lewis Signature .................................................................... 10

    William Mitchell Pakosz Signature ................................................................... 11

**United States District Court,**
**District of Columbia**

| | |
|---|---|
| David Alan Carmichael<br>    *Et al.*<br><br>          v.<br><br>Michael Richard Pompeo<br>    *In his official capacity, et al.,* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No: 19-CV-2316-RC

## PLAINTIFFS' JOINT STATUS REPORT

## I. PLAINTIFFS' SUMMARY OF PARTIES' POSITIONS

1.     The Plaintiffs are moving the Court to proceed to schedule discovery and further proceedings on the causes of action for which the Court has jurisdiction.

2.     The Defendants have stated that they intend to move the Court to stay the proceedings and remand the case back to the Defendants' discretionary processing.

## II. SUPPORT FOR PLAINTIFFS' POSITION TO PROCEED TO SCHEDULE DISCOVERY

### A. Parties Have Conferred, Fulfilling Rule of Court 26(f)

3.     On October 20, 2020, the Plaintiffs sent to the Defendants, "Plaintiffs' Motion For Rule 16(b) Conference (draft 1 for Defendant consideration)" (Attachment 1). Along with that motion draft, the Plaintiffs submitted to the Defendants a letter regarding "Carmichael, et al. v. Pompeo, et al., 1:19-cv-2316-RC, Rule 26(f) Party Conference For Initial Discovery And First Scheduling Conference" (Attachment 2). In that letter (Attachment 2), the Plaintiffs detailed particular items that they believe ought to be submitted by the Defendants in their initial disclosures. The Plaintiffs pointed out that there were people, records, and other things relied upon by the Defendants in support of their motions but the Defendants had not yet specifically

identified or provided those people, records, etc.

4.    The Defendants only response or attempt to 'confer' was three weeks later in an email on November 9th (Attachment 3).  The email introduced the Defendants' plan to file for a stay of proceeding and remand to the Defendant Department of State. The bottom of the email message cited Federal Rule of Evidence 408.

5.    The following report of the details of the email and the related discussion by the parties is something that the Court <u>can</u> see since it qualifies in the exceptions provided in Rule 408.  It is relevant to the requirement of the Rule of Court 26(f) which requires parties to confer; the conversation and correspondence were not in the nature of a "valuable consideration" (Rule 408(1)); it is related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority (Rule 408(2) exceptions);  and it is relevant to the Court's consideration for another purpose such as considering undue delay, obstruction, candor, inter alia (Rule 408(b).

6.    Before Plaintiff Carmichael had checked his email from November 9th, the Defendant Attorney, Christopher Hair, contacted Plaintiff Carmichael on November 10th by telephone to discuss the Defendants' stay and remand proposal.

7.    The two discussed whether the Defendants' November 11th deadline was for docketing the Plaintiffs' complaint amendment on the Fourth Cause of Action or for the Defendant to respond to the merits.

**B.  Defendants' Statements To The Court Contradict Statements To The Plaintiffs**

8.    Attorney Hair explained that **the remand would be premised upon the Defendant honoring the religious accommodation requested by the Plaintiffs**, <u>explaining that the Plaintiffs would not be required to be identified with a SSN</u>.  Attorney Hair explained that it was an opportunity for the Plaintiffs to give input as to the process needed to identify people like the

Plaintiffs who have religious objections to identifying with a SSN.  Attorney Hair's statement is inconsistent with his email and the statements in his motion for a stay until December 4, 2020.

9.     Attorney Hair explained that he was seeking agreement from the Plaintiffs to improve the likelihood that the Court would agree to the proposal.  Carmichael explained the he needed to put the matter to the other Plaintiffs, and that there would presumably be an opportunity for the Plaintiffs to offer minimum conditions that they would require even under the hypothesis that the Plaintiffs could agree to such a proposal.

10.     Carmichael explained, in detail, the gravity of the injuries that the Plaintiffs have suffered and the dangers faced by his posterity and those in his religious persuasion.

11.     In response to Attorney Hair's discussion of a Joint Status Report where the parties could convey their interests in further proceedings, Carmichael suggested December 4th.  That period of time was agreed to be sufficient to have the Plaintiffs confer, prepare a response to the Defendant Department of State's proposal, and also account for family time around the Thanksgiving holiday.

12.     After the telephone discussion, Plaintiffs Carmichael and Lewis read the email sent by Attorney Hair on November 9th.  The intentions and demands of the Defendants expressed in the email were then found by them to be <u>inconsistent</u> with what Plaintiff Carmichael heard or understood from the telephone conversation.

13.     On November 11, 2020, Attorney Hair submitted the Defendants' motion to stay the proceedings until December 4, 2020 (ECF-50).

14.     The Plaintiffs consider the proposed order submitted by the Defendants, and the ensuing MINUTE ORDER by the Court as suitable for the purposes contemplated by the parties regarding a Joint Status Report <u>that would include</u> the opportunity for the Defendants stay and

remand motion <u>and</u> the Plaintiffs motion for a scheduling conference to commence discovery.
**However**, <u>Plaintiffs Carmichael and Lewis agreed with one another that they object to the</u>
<u>language of the statement made by the Defendants to the Court in their explanation of the intent</u>
<u>of their proposal for an indefinite stay and remand</u>.

15.    In the Defendants' statement to the Court, they say that they want to remand the case
to determine if they can grant a religious accommodation.  The Plaintiffs were told that the
accommodation for religion was a foregone conclusion and the issue to be investigated was the
administrative process.  The email is not consistent with those telephone statements of Mr. Hair.
Rather than offer a mechanism for Plaintiffs' input into Department of State processes, the email
merely promises interrogation of the Plaintiffs (Attachment 3).

16.    November 12, 2020, Plaintiff Carmichael reached Plaintiff Pakosz by telephone and
discussed the matters relating to the Nov. 10th phone conversation with Attorney Hair and the
motion for the Dec. 4th Joint Status Report.  With the blessing of the two other Plaintiffs,
Carmichael sent a letter to the Defendant Attorney (Attachment 4).  In that letter Carmichael
expressed his concerns over the statement in the Defendants' motion that was inconsistent with
the explanation on the telephone, and inconsistent with the Nov. 9th email (Attachment 3).

   **C.   Plaintiffs Requested Input From The Defendant Regarding The Plaintiffs' Motion**
   **For Rule 16(b) Scheduling Conference**

17.    In his October 20th letter, Plaintiff Carmichael asked the Defendant to provide input to
the Plaintiffs' motion for a Rule 16(b) scheduling conference by November 30th saying:

> "If you have any response particular to our draft motion to schedule a Rule 16(b)
> scheduling conference, please provide it no later than November 30th so that we
> can make adjustments to our draft to be ready for publishing for a Joint Status
> Report.  It would of course be modified to include addressing our motion to
> schedule discovery in juxtaposition to your proposal for a stay and remand.  We
> should likely each file separate documents in order to ensure that the elements
> necessary for clear communication are applied." (Attachment 4)

## III.   OBJECTION TO DEFENDANTS' PROPOSED STAY AND REMAND

### A.  Bad Faith

18.   **The motion for stay and remand is <u>not</u> a motion in good faith** for the sake of establishing justice and complete remedy and relief for the Plaintiffs.

### B.  Estoppel bars the Defendants from taking advantage of opposite positions:

19.   The Defendants have to argue opposite of that which they relied upon to make their Rule 12 and 56 motions for dismissal and summary judgment.  There, they conveyed that law prohibited them from granting the accommodation demanded by the Plaintiffs.  Was their motion for dismissal and summary judgment in bad faith, for the purpose of delay, to impound the arduous burden of litigation on the Plaintiffs to disadvantage them contrary to justice?  Have they abandoned their statements that the law prohibits them from accommodating the religious practice of the Plaintiffs not identifying with a SSN?  Are they able to admit that the Plaintiffs were denied the right, benefit or privilege of a passport in violation of the laws of the United States when the Plaintiffs refused to identify with a SSN?

20.   The Defendants argued that their agency is prohibited from allowing appeal for this instance where the denial was based upon the Plaintiffs not identifying with a SSN.  In fact, they are right about the regulation prohibiting them from granting an appeal and it goes to our Fourth cause of action.  They cannot remand for purposes of appeal or any administrative processing while also opposing our fourth cause of action.  Such a extra-judicial process at this stage is not the remedy nor does it provide complete relief.

21.   The Defendants have no claim that there is any question about the verity of the identity of the Plaintiffs.  The Declaration of Jonathan Rolbin affirmed the validity of the Plaintiffs passport from 2007 and 2008.  To challenge the Plaintiffs' identities now is an opposite position

from their affirming the validity of the Plaintiffs' original passports.  Mr. Rolbin and the

arguments by the Defendants' Attorney affirm that the sole reason for revoking or not issuing the

renewed passports has nothing to do with any question about the Plaintiffs' identity but is solely

about the Plaintiffs' inability to identify themselves with a SSN.  They Defendants appear to

want to institute a unique inquisition tailored to the Plaintiffs under the color of questioning their

identity?

22.     Thus far, the Defendants have taken the position that there is <u>no</u> jurisdiction that is

reserved for them to administer.  In fact, they have argued against their having discretion to

approve the Plaintiffs passports, and against their having discretion to provide appeal processing

since their regulation prohibits it for the cause of the Plaintiffs not identifying with a SSN.

**C.  Jurisdiction Lies Squarely In The District Court**

23.     **The U.S. District Court has ruled that it has jurisdiction on at least two of the**
**Plaintiff's causes of action**.  Complete remedy and relief by those causes of action are not in the

power or prerogative of the Defendant to provide.

**D.  The Defendants Already Have A Duty To Provide Relief As A Matter Of Law**

24.     **The Defendants already have a <u>duty</u> to provide the relief** for which they say they

intend to search.  Such a search should have been spawned by the Plaintiffs forthright requests

for religious accommodation.  The search was further encouraged by the Plaintiffs in their filing

the action nearly a year-and-a-half ago.  Ongoing litigation does not prevent their internal search

of whether accommodating the Plaintiffs, and others, is something of which they are capable.

They've already admitted that they issue passports to those who swear that they believe they've

never been associated with a Social Security account record, and who don't understand that the

form they are signing does not meet the requirements of law.

25.    **Repairing their case** appears to be the motivation of the Defendants.  They appear to be attempting victory through procedural artifice in order to evade judicial scrutiny.  It appears that the Defendants will subject the Plaintiffs to further obstructive processes.  It appears that the Defendants want to exercise power to interrogate the Plaintiffs to their disadvantage and the Defendants' advantage without the Defendants themselves being subject to investigation.

26.    **Admitting they have violated the laws is implied by the Defendants** suggesting that they are lawfully capable of coming to a different conclusion if it tries again.

27.    At this stage, with such egregious acts done by the Defendants U.S. Department of State against the Plaintiffs; and the Defendants arguing opinions of law that contradict the Constitution, the policies of the Executive Administration, the public pronouncements of the Defendant Pompeo, the Executive Memorandum promulgated by the head of the U.S. Department of Justice, and against acts of Congress, inter alia; the renewal of passports for Plaintiffs Lewis and Pakosz, and the voiding of the revocation of Plaintiff Carmichael's passport is the **minimum mandatory requirement** and does not yet provide complete relief.

28.    **A final judgment against the Plaintiffs <u>would be the effect</u> of granting the Defendants' motion for stay and remand.**

29.    To grant the Defendants' stay and remand would be saying…. ' Okay Department of State!  You win!  We will ignore that the Plaintiffs have brought an actionable case to the court, where only the court can provide suitable, and asked-for, remedy and relief.  We will allow you again to make the Plaintiffs run the gauntlet of a quasi-administrative, cloaked, application and adjudication process.  The Department of Deep State can continue to make its own quasi-laws without the authority of the Legislature.  It can make its own quasi-regulations without the parental supervision of the ordinary regulation process mandated by the Legislature.  It can

operate according to its own practices that ignore statutes protecting religion and other abuses

targeted by the Religious Freedom Restoration Act, Administrative Procedures Act and the

Privacy Act. It can evade the scrutiny of the Secretary of State where the buck is supposed to

stop. It can ensure that every malefactor can evade the accountability for their actions which

have tortured and tormented the Plaintiffs for over three years. The Plaintiffs will be denied

access to seek relief in the Court as was Plaintiff Carmichael refused access at the door of the

Courthouse for his inability to conform to the numbered-man norm.

30.    The greatest ill of the malevolent acts against us by the Defendant Department of State

is that they are obliterating law protecting religion, and other fundamental laws, at the arbitrary

and in our case capricious whim of unelected government officials. **A stay and remand would**

**enable their destructive addiction and exacerbate the injury to the Plaintiffs and the public**.

> "Administrative agencies have long been required by law to adhere to certain procedural
> standards when they evaluate options and assess alternatives with respect to the
> implementation of policy objectives. See, e.g., 5 U.S.C. § 553(b)–(c) (requiring agencies
> to provide notice and solicit public participation as part of agency rulemaking, commonly
> known as "notice and comment"). This is by design; statutory requirements that pertain to
> how an agency conducts its internal deliberations are intended to promote transparency
> and **to prevent arbitrary decision making by unelected government officials.** See
> *Batterton v. Marshall*, 648 F.2d 694, 703 (D.C. Cir. 1980) ("The essential purpose of
> according . . . notice and comment opportunities is <u>to reintroduce public participation and</u>
> <u>fairness to affected parties after governmental authority has been delegated to</u>
> <u>unrepresentative agencies.</u>" (footnote omitted)); *Wong Yang Sun v. McGrath*, 339 U.S.
> 33, 40–41 (1950), superseded by statute on other grounds (explaining that the
> Administrative Procedure Act, 5 U.S.C. § 551 et seq., was enacted to supplant
> unregulated rule making by independent commissions, and that one of the Act's
> "fundamental . . . purpose[s]" was "**to curtail and change the practice of embodying in**
> **one person or agency the duties of prosecutor and judge**"). Thus, even when an
> agency has the authority to make a final policy decision, procedural mandates that
> constrain its decision making processes <u>operate as safeguards of individual liberty</u>, and
> therefore, are entirely consistent with foundational democratic and constitutional norms."
> *United States District Court Opinion, MAKE THE ROAD NEW YORK, et al., Kevin*
> *McAleenan*, Acting Secretary of the Department of Homeland Security, et al., Case 1:19-
> cv-02369-KBJ Document 40 Filed 09/27/19 Page 3 of 126 (Emphasis added)

**Summary**

The Plaintiffs and the Defendants are heading in opposite directions.  Discovery needs to be commenced rather than continued to be stalled.  The Plaintiffs have supplied a reasoned plan for discovery.  The Defendants have relied upon unnamed people and policy documents that need to be provided to the Plaintiffs.  The Defendants' plot to stay and remand the case is for the evasion of justice.  The Court has jurisdiction and it ought to be exercised properly to the end of justice and the remedy of relief of the injured parties.  The Defendants ought to be estopped from gaining advantage from taking opposite positions.  The Plaintiffs should <u>not</u> be made to run the gauntlet a second time so that the malefactors can repair their case and cover their tracks.  Plaintiff Lewis pronounced prophetically the seriousness of the matter in his July 29, 2019, letter, urging the Defendants to rightly apply the law to his request for religious accommodation (Attachment 5):

> "Until such behaviour on the part of bureaucrats is addressed by public humiliation, and forfeiture of pension and severe censure otherwise for oppression and violation of sacred duty and rights granted – not by U.S. Constitution – but by Almighty God, nothing will change.  This needs to be done from lowest level employees all the way up to the highest officials."

**VERIFICATION**

I, David Alan Carmichael, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of fact are true or are believed by me to be true as I have deduced it by information available to me.   I likewise declare that I conferred with the other Plaintiffs and agree that this is my input for the Joint Status Report.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

December 1, 2020
Date

I, Lawrence Donald Lewis, declare by the penalty of perjury under the laws of the United

States of America, that the foregoing statements of facts herein are true or are believed by me to

be true as I have deduced it by information available to me.   .   I likewise declare that I conferred

with the other Plaintiffs and agree that this is my input for the Joint Status Report.

Lawrence Donald Lewis          23 NOVEMBER 2020
Lawrence Donald Lewis                    Date
966 Bourbon Lane
Nordman, Idaho  83848

I, William Mitchell Pakosz, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of facts herein are true or are believed by me to be true as I have deduced it by information available to me.   I likewise declare that I conferred with the other Plaintiffs and agree that this is my input for the Joint Status Report.


_William M. Pakosz_____          _27 Nov 2020_____
William Mitchell Pakosz                                     Date
Box 25
Matteson, Illinois  60443

**United States District Court,**
**District of Columbia**

David Alan Carmichael )
    *Et al.* )
                         )      Case No: 19-CV-2316-RC
                         )
                         )
Michael Richard Pompeo )
    *Et al.* )

## PLAINTIFF JOINT STATUS REPORT

### ATTACHMENT 1

**Plaintiffs' Draft Motion For Rule 16(b) Scheduling Conference**
**Mailed To Defendants' U.S. Attorney Hair**
**October 20, 2020**

**United States District Court,**
**District of Columbia**

David Alan Carmichael, *et al.*,                          )
                                                                          )          Plaintiffs, *in propria persona*
     Plaintiffs                                                    )          Case No:  **19-CV-2316-RC**
                                                                          )
         v.                                                        )          RE:  Scheduling Conference
                                                                          )
Michael Richard Pompeo, *et al.*                         )
                                                                          )
     Defendants-Respondents                             )


**Plaintiffs' Motion For Rule 16(b) Conference (draft 1 for Defendant consideration)**

1.   We, the Plaintiffs, move for a conference in accordance with Rule 16(b), and to postpone the scheduling of a trial until after a status conference following depositions.

2.   The Defendants' dispositive motions are no longer a barrier to proceeding in discovery.

3.   The parties have conferred in accordance with Rule 26 (f) and provide a report  herein:

**MATTERS DISCUSSED BY THE PARTIES**

4.   The format here below conforms to the outline provided in Local Rule 16(c), Matters To Be Discussed By The Parties:

**(1) Disposition** - The Court has ruled on the Defendant's dispositive motions (ECF 45). The Plaintiffs have submitted their objections to that ruling, mailed September 25, 2020 (ECF 47).  In accordance with the Court's order, the Plaintiffs have filed for an amendment to the complaint, mailed September 28, 2020 (ECF 46).  The amended complaint in its entirety was submitted with the motion to amend, and was included with the memorandum in support, listed in the table of contents as Attachment 9, and styled as "Complaint – Second Amendment."

(2) **The date by which any other parties shall be joined or the pleadings amended -** is still to be determined.

a)  It has not yet been determined if the Defendants intend to assert any facts with regard to the records of any other agency.  Such submission might prompt the inclusion of that agency and its Secretary as Defendants, in order for Plaintiffs to protect their vital natural and fundamental rights.

b)  Discovery may expose certain natural persons who acted outside the boundaries of their office, in injury to the Plaintiffs, and need to be made a party for determinations of fact, law, damages and punitive action.

c)  The Court, by its order, has narrowed the issues that are currently before the Court whether or not the Court reconsiders its ruling (ECF 45) or allows for later amendments to the complaint. The current issues before the Court are the Plaintiffs' Second, Fourth, and Seventh Causes of action, RFRA, Fifth Amendment, and Privacy Act respectively.

(3) **A magistrate judge** – The Plaintiffs do not consent to a magistrate judge.  This is a case of first impression that has far reaching ramifications related to constitutional, statutory, and regulatory law and processes.

(4) **Settlement -** There is no indication that the Defendants intend to settle the case.

(5) **Alternative dispute resolution** (ADR) - ADR might be suitable, considering the climate of protection to religious liberty protection being touted by the President and the Secretary of State in their public rhetoric.  Such dispute resolution was the metaphoric 'parental supervision' that the Plaintiffs sought prior to filing the case but it resulted in whistle-blower retaliation. The Plaintiffs consider:

(i) The Plaintiffs goal in bringing the litigation is:

(a) To obtain passport renewal and the voiding of the revoked passport.

(b) To have, retain, and renew their passports without being identified with a damnable SSN of any sort, as a matter of their obligations of religion and their natural and reserved rights.

(c) To have the law upheld and applied, which laws appear intended to protect the Plaintiffs, their posterity, and their religious community from the injuries to which the Defendants are subjecting the Plaintiffs.

(d) To obtain monetary relief in compensatory, punitive, and tort damages.

(e) To motivate the change of practice and policy of the Defendants by the means of a judgment or a settlement agreement that establishes justice, upholds that law of the land, and glorifies the Living God by the show of the magistrate demonstrating the acts and character of a minister of God for our good.  Such the magistrate is if the highest law and justice are applied.

(ii) Settlement talks have not occurred.

(iii) Settlement or ADR would be most appropriate only…:

(aa) after informal exchange or production through discovery of specific items of information; and

(bb) should take place after judicial resolution of key legal issues such as the determination of the First, Second, Fourth, and Seventh Causes of Action.

(iv) The parties might benefit from a neutral evaluation of their case, but do not know what that is since they are not trained in the processes of litigation.  The position relied upon by the Plaintiffs is the correct position, but their correct position seems alien to the agents of the bureaucracy which appears to not be able to understand the legal merits of the claim.  It

would definitely help to have an assessment of damages and/or the potential settlement value of the case since the Plaintiffs suffer from an uphill battle of education at every step.

(v) There is no practical cost benefit from a stay of discovery or other pre-trial proceedings while an ADR process is pending since there are no lawyer fees being paid by the Plaintiffs. They have not yet found any lawyer who is willing to take up the burden of our case. There are three deterrents: The necessary time commitment to do the case justice; lack for sympathy or empathy to our cause; or the inadequacy of the EAJA rates.

(6) **Dispositive Motions** – The Defendant's Rule 12(b) motions to dismiss, and motion for summary judgment were partially denied and partially granted (ECF 45).

(7) **Initial Disclosures -** The parties should proceed with the first two elements of the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Certain elements must be delayed until other discovery is complete.

a) Discoverable people - The name, address, and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses should be provided as soon as possible in order to facilitate admissions, interrogatories, and depositions.

b) Production of documents - is necessary as soon as practicable for the sake of facilitating admissions, interrogatories, and depositions. Again, it will be augmented as discovery proceeds.

c) Damages - A computation of each category of damages cannot be completely identified until completion of discovery and court findings on the application of the law. However, we have each been injured, and are continuing to be injured by being fettered within the walls of the boundaries of the United States; being kept from planned visitation of

family, and family memorials in Europe; being kept from attending religious celebrations ordinarily attended in Canada; being banned from courthouses; being banned from commercial transportation; being banned from entry into a United States Navy reunion on the secure property ceded to the United States where a valid passport would allow passage; having to spend weeks in slow motion travel that quashed normal life, ministry and ordinary business activities; being not able to access public accommodations needing identification verification; being relegated to a societal status less than that of dhimmi; inter alia.

8) **The anticipated extent of discovery**:

    a)  Production of Documents - The Plaintiffs must obtain Defendant documents regarding:

        (i)     The policies and procedures regarding the things that they introduced in the declaration of Jonathan Rolbin and in the document titled, "THE DECLARATION OF FLORENCE FULTZ."

        (ii)    Policies, procedures, chain of authority, etc., relating to the accommodation of practices of religion, the application of executive orders, and the policies and processes available for redress to the Secretary of State, among other things.

        (iii)   Internal and external communications relating to the Defendants actions and adjudication of the Plaintiffs' passports, and who those people are that were involved.

    b)  Admissions - We will try to utilize admissions to their fullest establish material facts and to avoid otherwise unnecessary discovery.

    c)  Interrogatories

        (i)     We will likely file interrogatories to the Secretary of State, to avoid if possible having to subject him to deposition, or to narrow matters for deposition to keep it as

succinct as possible.  If the Rules limit on the number of interrogatories makes it likely

that a deposition of Mr. Pompeo is necessary, then we request the Defendants and the

Court consider an exemption from the rule on the number of interrogatories, particularly

for the purpose of getting written testimony from the Secretary to avoid or minimize his

deposition.

     (ii)    We will try to utilize interrogatories to their fullest, to obtain substantive

information that is, or leads to, admissible and material evidence, and to focus the scope

of depositions.

d)  <u>Depositions</u>

     (i)    We need to depose, Jonathan Rolbin, Paul Peek, Florence Fultz, Christine

McClean, and potentially anyone discovered who is a key principal in the adjudication of

the Plaintiffs' passport issues.

     (ii)    The Secretary of State may need to be deposed because his public rhetoric is

in stark contrast to the actions of those who denied or revoked the Plaintiffs' passports

e) <u>Timing</u>

    (i)    The Plaintiffs ask that the Thanksgiving week (Nov. 21 – 29), and the last two

weeks of the year (Dec. 19 – Jan. 03) be excluded from being considered working days

for the purposes of discovery or motion deadlines.

    (ii)    14 days after the scheduling conference, the Defendants should produce the

Rule 26(a)(1) initial disclosures and produced documents.  (S.C. +14)

    (iii)    14 days, after the initial disclosures and production of documents, are needed

for us to process them for determination of further discovery related them. (S.C. + 28)

    (iv)    14 days after completing the processing the documents and initial disclosures,

we need another fourteen days afterward to produce interrogatories related to those things found or omitted in the documents and disclosures. (S.C. + 42)

(v)    14 days after receiving interrogatories, the Defendants will respond with completed interrogatories.  (S.C. + 56) with buffer as per para (i) (S.C. + 77)

(vi)    We anticipate scheduling Depositions for January or February, 2021, depending on the court's scheduling conferences to commence the discovery.

(f) **Status Conference** – The Plaintiffs move for the scheduling of a status conference upon the completion of depositions.  At the status conference, a timeline should be determined for the scheduling of a bench trial or motions for summary judgment.

(9) **Issues About Disclosure, Discovery, Preservation, Product**

(a) Issues about Disclosure – None

(b) Discovery – None

(c) Preservation – The Defendants need to ensure that electronic files, paper documents, recordings, or any other media related to the processing of the Plaintiffs passport applications, passport renewals, or revocation, are not destroyed or misplaced.

(d) Product -  Discovery requests by Plaintiffs Carmichael and Lewis, or joint requests, can be answered electronically with documents in PDF or DOC format to Carmichael and Lewis individually, or joint requests to Carmichael as case manager for the Plaintiffs. Discovery requests by Pakosz should be mailed, or can be sent electronically with a courtesy copy email notice sent to Carmichael so that he can notify Pakosz that electronic media has been sent to him.

(10) **Privilege Issues** - will be dealt with forthrightly, as discretely as possible, should there be inadvertent or unwarranted disclosures of privileged information.

(11) **Expert Witnesses** - The Plaintiffs can think of two expert witnesses that ought to be called.

a)  Jefferson Beauregard Sessions.  He was Senator when the F.A.S.T. Act was passed, and is the Author of the memorandum on religious freedom that went to all executive departments regarding Executive Order 13798.

b)  The second Expert witness that might have been called is the sponsor of H.R. 22 of the 114th Congress, Representative Rodney Davis from Illinois, or any of the co-sponsor Congressmen that are close to home in Virginia.  His bill that was passed by a strong majority in the House was to exempt veterans who were covered under TRICARE from being counted in an Employers list of people needing to be insured under the Affordable Care act.  However, I could see nothing in his one-page bill having anything to do with the Fixing America's Surface Transportation (FAST) Act that came back out of the Senate labeled as H.R. 22.

c)  Senator Mitch McConnell might then be called since he sponsored the FAST Act. Senator McConnell originated the twelve-hundred-page taxing and spending bill under the color of an amendment to H.R. 22 and changed its name, contents, and purpose, to the Fixing America's Surface Transportation (FAST) Act.  I need to discover from the originator of the bill, what is the origin of the provision to deny passports at section 32101 and whether the waiver provision of its subparagraph (f)(1)(B) was intended to be suitable for allowing an accommodation of religion.

(12) **Class Action** - is not yet before the Court.

(13) **Bifurcation** - The process of the case should be bifurcated or managed in phases.

(a) Firstly - discovery, summary judgment or trial on the Second, Fourth, and Seventh

causes of action.

(b) Secondly – Consideration of whether the complaint should be amended to challenge the constitutionality of the FAST Act, Section 32101, on the basis of what is discovered and the contradiction of interpretation by the parties, experts, etc.

(c) Thirdly - Reconsideration of the First and Fifth Causes of Action ought to be adjudicated.

(c) Fourthly – Consideration of relief or remedy such as mandamus, injunction and statutory or tort damages and compensation available to the Plaintiffs.

(14) **Pretrial Conference Date** - should be determined at a status conference upon completion of depositions.

(15) **Should the Court set a firm trial date at the first scheduling conference?** No. A firm trial date should not be set until after completion of depositions, especially since the matter may be determined on motion for summary judgment after discovery.

(16) **Other matters -**

(a) Video/Telephonic Conference - The Plaintiffs request the scheduling conference be conducted by video/telephone.

(i)    The COVID precautions can be well served by keeping us each sequestered to the safety of our homes or home states.

(ii)    Larry Lewis has computer audio/video conferencing capability.  William Pakosz will have to either participate by phone without video, or find a friend or family member that has the capabilities, or we can contract with a commercial enterprise that provides those services.

(iii)    Larry Lewis is about 2,500 mile away, William is near Chicago.  We are

prohibited from getting on airplanes without our passports.  The long 2-way drive is overly arduous.

    (iv)    The courthouse refuses to let us in the building without our passports.

  (b)  <u>The mail is extra-slow</u> -  It has taken an extraordinary amount of time for delivery in this last year, due to reorganization in the Postal Service according to national news reports.  Plaintiff Pakosz did not get the latest Court order (ECF 45) until three weeks after it was issued.  The Plaintiffs have been sending courtesy copies to the Defendants via email on the day of each filing.

  (c)  <u>Delivery of Discovery Materials</u>:

    (i)    Any information found by discovery shall be presumed open to publishing unless expressly moved by any party (or agreed to or stipulated by the parties) to be particularly redacted, with specificity of the particular words to be redacted, the justification for their redaction, and time or situation limit for the redaction depending on the outcome of the litigation.

    (ii)    The Plaintiffs propose that initial discovery information should be supplied to Plaintiff David Alan Carmichael, who shall be considered the case manager for the Plaintiffs. The information shall be served to Plaintiff Carmichael in accordance with the Rules and the service of process information on the initial summons signed by the Clerk in September 2019.  Plaintiff Carmichael, as case manager for the Plaintiffs has the duty to provide the information immediately to the Plaintiffs Lewis and Pakosz by mail or electronically.  A forwarding letter, from the party providing discovery information to the case manager, shall be included with the discovery information provided, with an inventory of the things provided.  A hardcopy of the forwarding letter shall be sent to Plaintiffs Lewis and Pakosz by

mail.

(iii)The Plaintiffs propose that Discovery materials such as documents of Department policy manuals, or policy directives, policies, procedures or other Department written guidance called by any other name, shall be provided in one hardcopy to the Plaintiff's case manager Plaintiff Carmichael. The parties may agree or stipulate to the exchange of a particular document in electronic form where the percentage of information that might be material to the case is slight compared to the volume of the document.


**The foregoing is a draft of the Plaintiffs motion for scheduling conference. The Plaintiffs have conferred on the document. We are submitting it to the Defendants' Attorney, Chris Hair, via the office of the United States Attorney, District of Columbia.**

**Feedback is requested from the United States Attorney. The Plaintiffs intend to submit it to the court as a motion in its current form unless there are changes that need to be made in accordance with timely input from the United States Attorney. The document is supplied by case manager for the Plaintiffs.**

*David Alan Carmichael* Oct 20, 2020

**David Alan Carmichael**
**Plaintiff / Case Manager**

**United States District Court,**
**District of Columbia**

David Alan Carmichael                    )
    *Et al.*                                    )
                             )     Case No: 19-CV-2316-RC
                             )
                             )

Michael Richard Pompeo                    )
    *Et al.*                                    )

**PLAINTIFF JOINT STATUS REPORT**

**ATTACHMENT 2**

**Carmichael Letter to U.S. Attorney Hair**
**October 20, 2020**

**With Certificate of Service & Tracking History**

David Alan Carmichael                                            October 20, 2020
1748 Old Buckroe Road
Hampton, Virginia  23664

United States Attorney
United States Attorney's Office
Attn:  Christopher Hair
555 4th Street, N.W.
Washington, D.C.  20530

Re:     Carmichael, et al. v. Pompeo, et al., 1:19-cv-2316-RC, Rule 26(f) Party Conference For
        Initial Discovery And First Scheduling Conference

Dear Mr. Hair,

Our first draft of our motion for a scheduling conference is enclosed for your consideration.

Please review it and provide feedback regarding those things upon which you can agree, the

things to which you are indifferent, the things upon which you disagree, and suggestions for

changes.  It is written as our motion but can be changed, or it can add statements about the thing

upon which you agree, disagree, or can include any other thing which you communicate.

I am aware that the Court historically allows for telephonic scheduling conferences, and more

so these days video conferences.  You no doubt have more knowledge and experience as to how

that is normally conducted.  Does the Court merely issue a time for which we all stand by our

phones, or is there a phone number or website that we access by computer?  I can schedule a

video/telephone conference on my own account at www.zoom.us if needed.

Let me know by email what you would like to do to arrange for the three of us plaintiffs to

conference with you either by your arrangement or by my zoom account.  It may be that our

exchange of correspondence me be sufficient and a video/telephone conference is not necessary.

As we are considering the way to accomplish discovery both effectively and efficiently, we

intend to get as much out of the admissions and interrogatory process as possible.  Though

depositions will be the largest part of the costs of our litigation without a lawyer, the cost should

not be so burdensome as to limit the number of depositions or time allotted for each deposition.
It is for the sake of decreasing the burden of wear and tear on the deponents that we want to
make sure that we use the other processes to narrow the scope of the interviews.

In consideration of the benefits and limitations of the duties of initial disclosure under Rule
26(a)(1)(A), we know that you may be providing information to us about those things upon
which you intend to rely in your defense.  Rather than wait to see what all those things might be,
we've identified some things upon which you have already relied but have not yet provided in
accordance with the initial disclosures, which are:

> "(i) the name and, if known, the address and telephone number of each individual
> likely to have discoverable information—along with the subjects of that information—
> that the disclosing party may use to support its claims or defenses, unless the use would
> be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents,
> electronically stored information, and tangible things that the disclosing party has in its
> possession, custody, or control and may use to support its claims or defenses, unless the
> use would be solely for impeachment;

Those things in paragraphs (i) through (ii) above are required to be disclosed, and they do not
count against the number of interrogatories each of the Parties have the privilege to submit.  The
information cited in paragraph (i) above is generally "contact" information necessary to contact
people to be interviewed or call as a witness.  In this case, nearly all of the people whom you will
need to disclose have your contact address and phone number.  In this situation, the position title,
office code, and location of the office in which they work, is in fact their contact information.

The documentary items necessary to be disclosed pursuant to paragraph (ii) above, is a
description of all documents by category and location.  Therefore, we ask for you to provide as a
matter of initial disclosure, the things listed in paragraph (ii).  However, it might be helpful to
expedite the process of discovery if you provide a copy, on-line hyperlink reference, of
document in electronic format when you provide to us those things listed in paragraph (ii) since

they will be requested for production of documents.  Anything that you can provide will also decrease the logistical burden of a visit for record inspection.

Therefore, we here below list those things that we ask you to provide as <u>initial disclosure</u> since they are already relied upon by the Defendant parties in their defense.  Providing them in the initial disclosure will allow for the interrogatories to be used most effectively and will enable the production of documents to be most productive.

**Things Relied Upon In Their Defense By The Disclosing Party, The United States Department of State, In The Declaration of Jonathan Rolbin**

1.  Mr. Rolbin (Hereinafter sometimes, "He") said that he made his declaration based upon his review of Department of State records and discussions with Department of State employees (Rolbin Decl. ¶2).  Please provide, in your initial disclosure, those records or where they can be obtained and the contact information including the position title, office code, and location of the office in which they work (hereinafter "contact information") and their relationship to the matter.

2.  Mr. Rolbin said that the department implemented policies related to the F.A.S.T. Act but he did not provide or cite the particular policy documents.  Please provide, in your initial disclosures, those policy documents in (Rolbin Decl. ¶¶ 2, 11, 17) or where they can be obtained.

3.  In Mr. Rolbin's Declaration (¶¶ 5, 6, 12, 18, 22, 24), he detailed particular procedures but did not cite the policy or procedure manual reference, nor did he provide it to us.  Please provide them in your initial disclosures or where they can be obtained.

4.  Paragraph 7 of the Rolbin Declaration, he mentioned a particular "adjudicator" upon whom he relied for information, but failed to provide the name or contact information of that adjudicator.  He also mentioned particular policies and procedures but did not cite their reference or provide them.  Please provide, in your initial disclosures, the adjudicator's contact information and the documents showing the policy and procedures to which Mr. Rolbin referred, or where

they can be obtained.

5. Paragraph 8 of the Rolbin Declaration, he mentioned that "the National Passport Center, a passport adjudication agency...informed (his) office..." but he did not say which natural person, with their particular office or title within that agency, contacted him.  Please provide, in your initial disclosures, that natural person's contact information and the documents communicated to, from, and produced by or for Mr. Rolbin regarding that matter, or provide where they can be obtained.

6. Paragraph 11, Mr. Rolbin made statements that would require him to look at documents and speak to employees who were involved in adjudicating Plaintiff Lewis's passport in 2008. Mr. Rolbin did not provide the contact information with those to whom he spoke, nor did he provide the records upon which he relied to determine that, "There was no consideration of his claim for a religious accommodation."  Please provide, in your initial disclosures, that contact information and those records upon which he relied in his defensive declaration in your initial disclosure, or provide where they can be obtained.

**Things Relied Upon In Their Defense By The Disclosing Party, The United States Department of State, In The DECLARATION OF FLORENCE FULTZ**

7. The Defendants' submitted a declaration entitled "DECLARATION OF FLORENCE FULTZ."  However, the opening of the declaration says, "I, Paul Peek, pursuant to 28 U.S.C. § 1746, declare and state as follows:"  It is "Executed this 16 day of January, 2020." by Florence Fultz.  Then, the first paragraph says, "The statements made in this declaration are based upon my personal knowledge."  Please provide the documentary evidence of the rule of law that allows for Paul Peek to declare a statement based upon his personal knowledge (cognizance) to which Florentz Fultz swears or signs under penalty of perjury pursuant to 28 U.S.C. § 1746; and, provide documentary evidence of the rule of law that allows for Florentz Fultz to swear or sign

under penalty of perjury pursuant to 28 U.S.C. § 1746 attesting to the personal knowledge

(cognizance) of Paul Peek.  Provide the evidence of that law in documentary form or where it

can be obtained.  Otherwise, it shall be presumed to be admitted by the Defendants that to swear

or sign under penalty of perjury pursuant to 28 U.S.C. § 1746 attesting to the personal

knowledge (cognizance) of some person other than the signer is unconscionable and not valid as

a matter of law.

8.   In paragraph 2, the declarant identifies themselves as Managing Director of Passport

Issuance Operations within the Passport Services Directorate of the U.S. Department of State's

Bureau of Consular Affairs (DECLARATION OF FLORENCE FULTZ, hereinafter "Decl. FF").

They did not provide documentary evidence to substantiate whether one, either, or both the

declarant or executor fit that office.  Please provide in your initial disclosures the documents that

indicate that either the declarant or the executor, or both, are such Managing Director at the time

of the Declaration or provide how the documentary evidence can be obtained.

9.   In Paragraph 3, of Decl. FF, the statement was made that, "The U.S. passport is the only

document recognized by federal law as both proof of U.S. citizenship and identity." It did not

provide the reference upon which such a statement must rely.  Please provide, with the initial

disclosures, the reference to the federal law upon which the declarant relied.

10.   In paragraph 3, of Decl. FF, the declarant made statements that of many things for which

passports are used but there are no references upon which to rely to substantiate the declaration

upon which the Party relied in its defense.  Please provide, with the initial disclosures, the

reference to the law, regulation, policy, or practice manual upon which the declarant relied to

substantiate their particular knowledge.

11.   In the last sentence of paragraph 3, the declarant relied upon "policies and procedures"

but did not cite the reference to those policies and procedures or provide them. Please provide, with the initial disclosures, those policies and procedure documents, or provide where they can be obtained.

I can be readily contacted via my cell phone for voice conversation or text at (757) 320-2220. Otherwise, the alternative is my home landline at (757) 850-2672. I certify that I have conferred with my fellow plaintiffs, Lawrence Donald Lewis and William Mitchell Pakosz who have given input or feedback on this letter and the draft motion for the scheduling conference.

Sincerely,

David Alan Carmichael

cc:    Lawrence Donald Lewis and William Mitchell Pakosz (hardcopy & email)

Encl:   **Plaintiffs' Motion For Rule 16(b) Conference (draft 1 for Defendant consideration)**

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by mail, for Case #1:19-cv-0216-RC, my letter to the United States Attorney regarding the Plaintiffs' draft motion for a scheduling conference, with a list of items for the Defendants' intitial disclosures included:

I mailed the document with this certificate of service to:

        United States Attorney
        United States Attorney's Office
        Attn:  Christopher Hair
        555 4th Street, N.W.
        Washington, D.C.  20530

                Certified mail #7015 0640 0002 8789 1042

I served the other plaintiffs by mail at:

        Lawrence Donald Lewis
        966 Bourbon Lane
        Nordman, Idaho  83848

        William Mitchell Pakosz
        Box 25
        Matteson, Illinois  60443

I served myself at:
1748 Old Buckroe Road
Hampton, Virginia  23664

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_David Alan Carmichael_ (signature)          _October 20 2020_ (date)
David Alan Carmichael                         Date

11/12/2020                                        USPS.com® - USPS Tracking® Results

# USPS Tracking®

**FAQs** >

Track Another Package  **+**

**Tracking Number:** 70150640000287891042

Remove ✕

Your item was delivered at 5:05 am on October 23, 2020 in WASHINGTON, DC 20530.

## ⊘ Delivered

October 23, 2020 at 5:05 am
Delivered
WASHINGTON, DC 20530

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**                                                             ⌄

---

**Tracking History**                                                                ⌃

October 23, 2020, 5:05 am
Delivered
WASHINGTON, DC 20530
Your item was delivered at 5:05 am on October 23, 2020 in WASHINGTON, DC 20530.

---

October 22, 2020, 10:21 am
Available for Pickup
WASHINGTON, DC 20530

---

October 22, 2020, 6:16 am
Arrived at Unit
WASHINGTON, DC 20018

**October 21, 2020**
In Transit to Next Facility

**October 20, 2020, 9:14 pm**
Arrived at USPS Regional Origin Facility
NORFOLK VA DISTRIBUTION CENTER

**October 20, 2020, 4:39 pm**
Departed Post Office
HAMPTON, VA 23663

**October 20, 2020, 12:27 pm**
USPS in possession of item
HAMPTON, VA 23663

**Product Information** ⌄



See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**United States District Court,**
**District of Columbia**

David Alan Carmichael          )
    *Et al.*          )
             )          Case No: 19-CV-2316-RC
             )
             )
Michael Richard Pompeo          )
    *Et al.*          )

**PLAINTIFF JOINT STATUS REPORT**

**ATTACHMENT 3**

**Email – November 9, 2020 From Christopher Hair, U.S. Attorney For Defendants**
**To Plaintiff and Case Manager Carmichael**
**Regarding Defendant Proposal For Stay And Remand**

11/13/2020                                    Workspace Webmail :: Print

<u>Print</u>  |  <u>Close Window</u>

Subject:  **Carmichael v. Pompeo, Civ. A. No. 19-2316 (RC)**
   From:  **"Hair, Christopher (USADC)" <Christopher.Hair@usdoj.gov>**
   Date:  **Mon, Nov 09, 2020 2:58 pm**
      To:  **"david@freedomministries.life" <david@freedomministries.life>**

Mr. Carmichael:

As you know, the Court has ordered the State Department to respond to Plaintiffs' motion to amend their complaint by November 11th. In advance of that deadline, I wanted to confer with you about a potential resolution of this matter. If Plaintiffs would be willing to temporarily stay this litigation, the State Department would be willing to review its prior passport adjudications to consider plaintiffs' religious accommodation requests regarding providing their SSNs on their applications. This may, of course, require State to confirm plaintiffs' identities through the use of other means. Therefore, State would need all plaintiffs to comply with any requests for information the State Department might send them.

We believe that this offer would provide Plaintiffs' requested relief now: a guarantee that the State Department will review and consider whether it can identify plaintiffs' identities through means other than social security numbers. Further, this approach would be the most efficient means of resolving this matter because, if the passports are issued, further litigation regarding this process would be unnecessary. Would that approach work for plaintiffs? If not, could you please let me know plaintiffs' position regarding a motion for a voluntary remand motion to accomplish the same objectives outlined above?

Happy to discuss this matter with you further. Please note that this offer of compromise is confidential and subject to Federal Rule of Evidence 408.

Sincerely,

Christopher Hair
Assistant U.S. Attorney
District of Columbia
555 4th St. NW
Washington, D.C. 20530
Office: (202) 252-2541
Mobile: (202) 809-5387
Christopher.Hair@usdoj.gov

Copyright © 2003-2020. All rights reserved.

**United States District Court,**
**District of Columbia**

David Alan Carmichael    )
    *Et al.*    )
        )    Case No: 19-CV-2316-RC
        )
        )
Michael Richard Pompeo    )
    *Et al.*    )


**PLAINTIFF JOINT STATUS REPORT**

**ATTACHMENT 4**

**November 12, 2020 Letter From Plaintiff Carmichael**
**To Christopher Hair, U.S. Attorney For Defendants**
**Regarding Defendant Proposal For Stay And Remand**
**Plaintiff Objections, Reservations, And Reminder Of Request**
**For Rule 26(f) Input For Rule 16(b) Conference Motion**

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

November 12, 2020

United States Attorney
United States Attorney's Office
Attn:  Christopher Hair
555 4th Street, N.W.
Washington, D.C.  20530

Attorney Hair,

I've spoken with Larry, but have not been able to reach William yet.  I briefed Larry on the particulars of the statements that you made to me on the telephone a few hours after my conversation with you. Today, Larry and I thoroughly reviewed your document filed to the Court and your email to us from November 9th.  There are a few things about which we have concern regarding the statement that you made to the Court in support of the proposed order that you submitted.  We believe that the proposed order that you submitted is certainly appropriate.

Without being briefed on my concerns about your statement to the Court, Larry communicated the same concerns to me as we began our conversation today.  When considering what to do about it, we knew that we needed to communicate those concerns to you, but not to the Court.  Larry's admonition came from the scripture, 1 Corinthians 13:7, where he said to me, "Love believes the best."  He also admonished me that there are six elements of communications of which we must consider, "1 – What I think I said; 2 – What I actually said; 3- What I meant by what I said; 4 – What you actually heard; 5 – What you think I said; 6 – What you think I meant by what I said."  Larry explained to me that the nature of what you and I were doing was vague communication.  I explained to Larry that my thoughts are in the middle of development in the midst of my speech and yours may be in the middle of development as you speak.  Thus,

we concluded that it is important for us to communicate to you that which we understood about your proposal and those things that you communicated by email and telephone.

**Inconsistent Statement In The Motion of November 11th**

When you and I had spoken on Tuesday, November 10th, I had not yet seen the email that you had sent to me on November 9th. There is a statement that you made to me in the telephone conversation that is inconsistent with the statement that you sent to the Court. Early in the conversation, you explained to me that the government intended to file a motion to grant a voluntary remand to "reopen" the application process with based upon that fact that the government would grant the religious accommodation to each of us that we would not need to be identified with a SSN. Yet, in your statement to the Court, you said the reason for the voluntary remand was, "...to reconsider the passport adjudications relevant to this matter and determine **whether it can grant Plaintiffs' religious accommodation requests**." (Emphasis added)   In your explanation to me, the process that you would have the government reopen would merely address issues of how to identify us using other means and not identifying us with a SSN. You went on to say that there was no question about the verity of our identity based upon the communications in the case process thus far. The gist of the conversation was that we would benefit from having our case resolved speedily rather than continuing to should the burden of communication. The issue of concern for myself and Plaintiff Lewis is that the nature of the government's purposes to seek the stay was communicated to me differently from that which was communicated to the court on Wednesday, November 11, 2020.

**Regarding Whether Nov. 11th Deadline Was For Response On The Merits**

Larry and I both had concerns about what we believed the process to be and the matter of your November 11, 2020, deadline. You explained to me on the telephone that the Court order

of October 28, 2020, required you to respond to whether the Court ought to allow the complaint "amendment" to be "docketed" whereby then you would have a different deadline to respond to the amended complaint according to the merits once the amendment had been "docketed." I explained in our conversation and in a follow-up email yesterday that I had the understanding that you were required to answer on the merits by November 11th. In your filing to the Court, you said, "In lieu of responding to the complaint, however, the Department of State intends to seek a temporary stay of proceedings and a voluntary remand to reconsider the passport adjudications relevant to this matter and determine whether it can grant Plaintiffs' religious accommodation requests." That could mean that you wanted a stay of the November 11th deadline to respond to the complaint, or it could mean that the stay that you are seeking is something that you are going to submit. In the context of our discussion, it would mean an impending intent, but the Court was not privy to our discussion and your writing could mean that you want a stay of the duty to respond on November 11th. Later in the filing, you went on to say, "In the meantime, Defendants request that the Court stay their deadline to respond to Plaintiffs' amended complaint." That statement on its face means that you are asking to stay your obligation to meet whatever deadline that you have for November 11th. Those statements together allude to the idea that the deadline of November 11, 2020, was a deadline that required you to respond to the merits of the motion. Whether or not that is your intention of communication, it has the appearance of being your intention as I sit in my seat as a mere reader. Larry had the same reaction without any prompting from me.

Based on our discussion, if it is true that the Court's order for your "response" is merely for the amendment to be "docketed" and then the Court would reset the schedule for a "response" on the merits, we both wanted to have until December 4 to assuage the Court's scheduling

another deadline before we had a chance to consider your proposal and draft a response.  Under the "docketed" theory of your deadline of today, that would make your statement for a request for a stay until Dec. 4th appropriate.

**Why the response deadline today appeared to us as one where you were to respond on the merits**

Our motion to amend was not a new innovation on our part, it was in obedience to the order of the Court to provide the amendment by the date that we provided it.  We got it to the Court on time (Mailed Sept. 28th), with a courtesy copy to you, and with the entire amended complaint included in our original filing.  The Defendants have had seven weeks to consider and provide a response due to the hard-to-comprehend *faux pas* of the Clerk's office not properly "docketing" Attachment 9 of the amended complaint.  Also, the Courts order of October 2nd, did not actually appear on the docket until October 15th, and appears to have never been mailed to any of us.  The Clerk's failure was egregious and it might have been grave had we not arranged for a notification mechanism by a third party service that notified us two weeks before the end of the 30-day deadline.

Notwithstanding what happens with regard to our plan for a joint status report for Dec. 4th, I need to be clear on the matter should the "docketing" theory not be on point.

If it is true that you were required to respond to the merits of the amendment by November 11, 2020, we believe that is a deadline to which you are obligated.  Our non-lawyer understanding does not control such requirements and we cannot cognitively voluntarily agree to an extension of that deadline.  I had carved out in my schedule starting tomorrow, the room for "replying" to your response that was due today.  Yet, we understand that what the Court actually meant in its order and what we think the Court said, can be just far enough apart to cause us to

trip over our own brains.  Nonetheless, we thought it important to chronicle what we believed the

process to be.

**The Language Use Of The Word "Proposal" Did Not Specify Our Non-Objection Was Limited To The Scheduling Of The Dec. 4th Status Report Proposal**

Your statement saying the we agreed to your "proposal" is of concern to me and Plaintiff

Lewis because the word itself might be considered to reach your proposal of the "remand" idea.

Notwithstanding the concerns we have about some of the language used in your Nov. 11th

filing, and the inconsistent statement of the nature of the purpose for a remand, the proposed

order that you submitted is proper in that it proposes an opportunity for all parties to submit our

proposal of what the process should be from December 4th, forward.

**These Communications Fulfill The Rule 26(f) Conferring Of Parties At Least 21 Days Prior To A Scheduling Conference.**

In consideration of the draft motion for a scheduling conference that I provided to you on

October 2nd for which you have not provided a response though there has been plenty of time;

your communicating on November 9th your desire for a remand in lieu of proceeding with

discovery; and our indepth conversation about our concerns for full remedy for the ordeal that

we've suffered to date and the need for us to establish protections for our religious community

who are also suffering and waiting in the wings; you and we are fulfilling the pre-scheduling

conference discussion of Rule 26(f).  If you have any response particular to our draft motion to

schedule a Rule 16(b) scheduling conference, please provide it no later than November 30th so

that we can make adjustments to our draft to be ready for publishing for a Joint Status Report.  It

would of course be modified to include addressing our motion in juxtaposition to your proposal

for a stay and remand.  We should likely each file separate documents in order to ensure that the

elements necessary for clear communication are applied.

in juxtaposition to your proposal for a stay and remand. We should likely each file separate documents in order to ensure that the elements necessary for clear communication are applied.

I have the advice and blessing of Plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz as far as this written communication with you.

May God save us all from the pestilence on the land, and may you and your family be healthy and blessed as we continue this adversarial process without succumbing to the temptation of being adversaries as men.

Sincerely,

David Alan Carmichael

Nov, 12, 2020

(David copy)

copy:  Lawrence Donald Lewis
       William Mitchell Pakosz

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by mail, Plaintiff Carmichael's letter to U.S. Attorney Hair regarding docket item #050 in the case #19-CV-2316, Carmichael v. Pompeo in the U.S. District Court, District of Columbia. I mailed the document with this certificate of service to:

> United States Attorney
> United States Attorney's Office
> Attn:  Christopher Hair
> 555 4th Street, N.W.
> Washington, D.C.  20530

I sent copies by mail and electronically to:

> Lawrence Donald Lewis
> 966 Bourbon Lane
> Nordman, Idaho  83848
>
> William Mitchell Pakosz
> Box 25
> Matteson, Illinois  60443

I served myself at:
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
TEL:  (757) 850-2672
EMAIL: david@freedomministries.life

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_David Alan Carmichael_____     _November 12, 2020_____
David Alan Carmichael              Date

11/22/2020                                                  USPS.com® - USPS Tracking® Results

# USPS Tracking®

**FAQs** ›

## Track Another Package  +

**Tracking Number:** 70150640000287904346                    Remove ✕

Your item was delivered at 4:45 am on November 16, 2020 in WASHINGTON, DC 20530.

## ⊘ Delivered

November 16, 2020 at 4:45 am
Delivered
WASHINGTON, DC 20530

**Get Updates** ⌄



---

**Text & Email Updates**                                      ⌄

---

**Tracking History**                                          ⌃

**November 16, 2020, 4:45 am**
Delivered
WASHINGTON, DC 20530
Your item was delivered at 4:45 am on November 16, 2020 in WASHINGTON, DC 20530.

**November 14, 2020, 10:41 am**
Available for Pickup
WASHINGTON, DC 20530

**November 14, 2020, 9:57 am**
Arrived at Unit
WASHINGTON, DC 20018

**November 14, 2020, 4:34 am**
Arrived at USPS Regional Destination Facility
WASHINGTON DC DISTRIBUTION CENTER

**November 13, 2020**
In Transit to Next Facility

**November 12, 2020, 8:55 pm**
Arrived at USPS Regional Origin Facility
NORFOLK VA DISTRIBUTION CENTER

**November 12, 2020, 4:32 pm**
USPS in possession of item
HAMPTON, VA 23663

**Product Information**                                          ∨



**See Less** ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**United States District Court,**
**District of Columbia**

David Alan Carmichael                       )
    *Et al.*                             )
                                 )      Case No: 19-CV-2316-RC
                                 )
                                 )
Michael Richard Pompeo             )
    *Et al.*                             )

**PLAINTIFF JOINT STATUS REPORT**

**ATTACHMENT 5**

**Lawrence D. Lewis 29 July 2019 letter to United States Department of State**
**Regarding Passport Renewal Application Without SSN**
**for Sincere and Bona Fide Religion**

*COPY As Sent*
*MON 29 July 20.*

# Lawrence Donald Lewis

Lawrence D. Lewis
966 Bourbon Lane
Nordman, Idaho 83848-9759          208-443-3852

Monday July 29th, 2019

e-mail:  larrynordlewis@povn.com

United States Department of State
Via:  National Passport Processing Center
Customer Service Department
44132 Mercure Circle    P.O. Box 1198
Sterling, Virginia   20166-1108

Re:   Passport Renewal Application Without SSN for Sincere and *Bona* Fide Religion

Also YOUR REFERENCE Number from YOUR 1 May 2019 letter: 297428458

Dear Customer Service Department,

I have enclosed:

1. A copy of your denial letter for renewal of my expired Passport, as requested by you in that May 1st, 2019 letter (2 pages – Attachment #1 to 29 July letter)

2. Another copy of what I DID enclose with application "Passport Renewal Application without SSN for Sincere and Bona Fide Religion." (Originally signed under penalty of perjury). (2 pages – Attachment #2 to my 29 July 2019 letter) .

3. This -- my letter of response to YOUR 1 May 2019 letter to me – dated 29 Jul 2019.

It appears that either you never read the enclosed or are ignoring my short but adequately legally detailed request for religious accommodation.

The statue to collect SSN's does not have an absolute requirement for collecting SSN's.  It is worded MAY – NOT 'shall." That is not the "Highest Law of the Land."  Other precepts ARE. Relative to this topic, Duty to Almighty God (religious accommodation) has always in this country been of the highest order of precept, not violable on a whim by government officials.

The below needs to be honoured and upheld, (as required by what I detailed in my application) as:

> "22 USC § 2721, Impermissible basis for denial of passports.
>
> A passport may not be denied issuance, revoked, restricted, or otherwise limited because of any speech, activity, belief, affiliation, membership, within or outside of the United States, which, if conducted within the United States, would be protected by the first amendment to the Constitution of the United States.
>
> (Aug 1, 1956, ch. 841, title I, §49, as added Pub. L. 102-138, title I, §113, Oct 28, 1991, 105 Stat. 655.)

AND:  Executive order setting forth REQUIREMENT for government officials to RESPECT freedom / duty of religion, also referenced in my application:

Thank you for implementing and applying Executive Order 13798 and its "MEMORANDUM FOR ALL EXECUTIVE DEPARTMENTS AND AGENCIES titled, "Federal Law Protections of Religious Liberties."  .

A good friend – Mr. David Carmichael, had his Passport renewed very recently with such a religious accommodation, WITHOUT SSN.  Subsequently, while helping another fellowship member, when discovered that renewal without SSN had occurred, his Passport was revoked (just a few short weeks ago.)  This exhibits animus (hatred) toward religion NOT a bureaucratic duty.  We are in process of filing this Tuesday a lawsuit in Federal Court for denial of our rights / redress of grievance.

I CANNOT and WILL not comply with your form, requiring me to provide a SSN.

Until such behaviour on the part of bureaucrats is addressed by public humiliation, and forfeiture of pension and severe censure otherwise for oppression and violation of sacred duty and rights granted – not by U.S. Constitution – but by Almighty God, nothing will change. This needs to be done from lowest level employees all the way up to the highest officials.

A federal lawsuit will be hugely costly of time and money.  Please avoid this by READING and correctly APPLYING my "Request for Religious Accommodation," originally allowing issuance of the original Passport approximately 11 years ago WITHOUT SSN for duty of religion.  I am sure is in the file you currently have.

Please issue renewed Passport according to LAW, without SSN, which I cannot and do not use and have not for 20 or more years, based on a Duty to Almighty God.

Respectfully yours,

Under penalty of perjury, under the laws of the United States, the foregoing statement and enclosures I hereby declare to be true.

Lawrence D. Lewis      dated this 29th day of July 2019 A.D.