**United States District Court,**
**District of Columbia**

David Alan Carmichael, *et al*.,     )
                       )      Plaintiffs, *in propria persona*
     *Plaintiffs*          )      Case No:  **19-CV-2316-RC**
                       )
         v.            )      RE:  Scheduling Conference
                       )
Michael Richard Pompeo, *et al*.   )
                       )
     *Defendants*       )

**PLAINTIFFS' MOTION FOR RULE 16(b) SCHEDULING CONFERENCE**



## TABLE OF CONTENTS

Table of contents...........................................................................................................i

I.  MOTION.............................................................................................................1

II.  Disposition Of The Case.....................................................................................1

   a)  Conferring By The Parties ...............................................................................2

   b)  Rule 26(f) Conferring Fulfilled.......................................................................4

   c)  Matters To Be Discussed By The Parties ........................................................4

      1)  The case will <u>not</u> be disposed of by dispositive motion. ...........................4

      2)  The date by which any other parties shall be joined or the pleadings ...................5
          amended

      (3) A magistrate judge is not desired....................................................................5

      (4) Settlement .......................................................................................................6

      (5) Alternative dispute resolution.........................................................................6

         (a) The Plaintiffs goal in bringing the litigation............................................6

         (b) Settlement talks have not occurred .........................................................7

         (c) Settlement or ADR would be most appropriate only…..........................7

         (d) Whether the parties might benefit from a neutral evaluation ...................7

         (e) There is practical cost benefit from a stay of discovery ...........................7

      (6) Dispositive Motions.........................................................................................7

      (7) Initial Disclosures ...........................................................................................8

         (a) Discoverable People...............................................................................8

         (b) Production Of Documents......................................................................8

         c)  Damages.................................................................................................8

      (8) The Anticipated Extent Of Discovery..............................................................9

         (a) Production Of Documents......................................................................9

(b) Admissions ........................................................................ 9

(c) Interrogatories .................................................................. 9

(d) Depositions ...................................................................... 10

**   **(e) Timing** ....................................................................... **10**

(f) Status Conference .......................................................... 10

(9) Issues About Disclosure, Discovery, Preservation, Product .................... 11

(10) Privilege Issues ................................................................. 11

(11) Expert Witnesses ................................................................ 11

(12) Class Action ...................................................................... 12

(13) Bifurcation ....................................................................... 12

(14) Pretrial Conference Date ....................................................... 13

(15) The Court Should Not Set A Firm Trial Date At The First Conference ........ 13

(16) Other Matters .................................................................... 13

(a) Video/Telephonic Conference ........................................... 13

(b) Delivery of Discovery Materials ........................................ 14

(c) Mail Either Never Arrives Or Arrives Weeks Late ................. 15

VERIFICATION

David Alan Carmichael Signature .................................................. 16

Lawrence Donald Lewis Signature ................................................. 17

William Mitchell Pakosz Signature ................................................ 18

**United States District Court,**
**District of Columbia**

| | | |
|---|---|---|
| David Alan Carmichael, *et al.*, | ) | |
| | ) | Plaintiffs, *in propria persona* |
| *Plaintiffs* | ) | Case No: **19-CV-2316-RC** |
| | ) | |
| v. | ) | RE: Scheduling Conference |
| | ) | |
| Michael Richard Pompeo, *et al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**PLAINTIFFS' MOTION FOR RULE 16(b) SCHEDULING CONFERENCE**

## I.  MOTION

We, the Plaintiffs, move for a conference in accordance with Rule 16(b), and to postpone

scheduling a trial until after a status conference following full discovery, including depositions.

## II. Disposition Of The Case

The Court has ruled on the Defendant's dispositive motions (ECF 45).  The Defendants'

dispositive motions are no longer a barrier to proceeding in discovery since the Court found at

least two counts that are actionable.  The Plaintiffs submitted their objections to that ruling,

mailed September 25, 2020 (ECF 47).  In accordance with the Court's order, the Plaintiffs have

filed for an amendment to the complaint, mailed September 28, 2020 (ECF 46).  The amended

complaint in its entirety was submitted with the motion to amend, and was included with the

memorandum in support, listed in the table of contents as Attachment 9, and styled as

"Complaint – Second Amendment."  Discovery can proceed notwithstanding that the Defendant

has opportunity to respond on the facts and merits relating to the Complaint being amended with

respect to the Fourth Cause of Action.  The parties have conferred in accordance with Rule 26 (f)

as reported herein.  The format here below conforms to the outline provided in Local Rule 16(c), Matters To Be Discussed By The Parties:

    **a) Conferring By The Parties** On October 20, 2020, the Plaintiffs sent to the Defendants, "Plaintiffs' Motion For Rule 16(b) Conference (draft 1 for Defendant consideration)" (Plaintiff Joint Status Report Attachment 1) (hereinafter "PJSR Att. #"). Along with that motion draft, the Plaintiffs submitted to the Defendants a letter regarding "Carmichael, et al. v. Pompeo, et al., 1:19-cv-2316-RC, Rule 26(f) Party Conference For Initial Discovery And First Scheduling Conference" (PJSR Att. 2).  In that letter (PJSR Att. #2), the Plaintiffs detailed particular items that they believe ought to be submitted by the Defendants in their initial disclosures.  The Plaintiffs pointed out that there were people, records, and other things relied upon by the Defendants in support of their dispositive motions but they have not yet identified or provided access to those people, records, etc..

    1)  The Defendants only response or attempt to 'confer' was three weeks later in an email on November 9th (PJSR Att. 3).  The email introduced the Defendants' plan to file for a stay of proceeding and remand to the Defendant Department of State.

    2)  Before Plaintiff Carmichael had checked his email from November 9th, the Defendant Attorney, Christopher Hair, contacted Plaintiff Carmichael on November 10th by telephone to discuss the Defendants' stay and remand proposal.

    3)  The two discussed whether the Defendants' November 11th deadline was for docketing the Plaintiffs' complaint amendment on the Fourth Cause of Action or for the Defendant to respond to the merits.

    4)  Attorney Hair explained that **the remand would be premised upon the Defendant honoring the religious accommodation requested by the Plaintiffs,**

<u>explaining that the Plaintiffs would not be required to be identified with a SSN</u>.  Attorney Hair explained that it was an opportunity for the Plaintiffs to give input as to the process needed to identify people like the Plaintiffs who have religious objections to identifying with a SSN.  Attorney Hair's statement is <u>inconsistent</u> with his email and the statements in his motion for a stay until December 4, 2020.

5)  Attorney Hair explained that he was seeking agreement from the Plaintiffs to improve the likelihood that the Court would agree to the proposal.  Carmichael explained the he needed to discuss the matter with the other Plaintiffs, and that he presumed there would be an opportunity for the Plaintiffs to offer minimum conditions that they would require even under the hypothesis that they could agree to the proposal.

6)  Carmichael explained, in detail, the gravity of the injuries that the Plaintiffs have suffered and the dangers faced by his posterity and those in his religious persuasion.

7)  In response to Attorney Hair's discussion of a Joint Status Report where the parties could convey their interests in further proceedings, Carmichael suggested December 4th.  That period of time was agreed to be sufficient to have the Plaintiffs confer, prepare a response to the Defendant Department of State's proposal, and also account for family time around the Thanksgiving holiday.

8)  After the telephone discussion, Plaintiffs Carmichael and Lewis read the email sent by Attorney Hair on November 9th.  The intentions and demands of the Defendants expressed in the email were then found by them to be <u>inconsistent</u> with what Plaintiff Carmichael heard or understood from the telephone conversation.

9)  On November 11, 2020, Attorney Hair submitted the Defendants' motion to stay the proceedings until December 4, 2020 (ECF-50).

10)   With the blessing of the two other Plaintiffs, Carmichael sent a letter to the

Defendant Attorney (PJSR Att. 4).  In that letter Carmichael expressed his concerns over

the statement in the Defendants' motion that was inconsistent with the explanation on the

telephone, and inconsistent with the Nov. 9th email (PJSR Att. 3).  Plaintiffs closing

statement was:

> "If you have any response particular to our draft motion to schedule a Rule
> 16(b) scheduling conference, please provide it no later than November 30th so
> that we can make adjustments to our draft to be ready for publishing for a Joint
> Status Report.  It would of course be modified to include addressing our motion
> to schedule discovery in juxtaposition to your proposal for a stay and remand.
> We should likely each file separate documents in order to ensure that the
> elements necessary for clear communication are applied." (PJSR Att. 4)

**b)  Rule 26(f) Conferring Fulfilled  -**  The communications by the Plaintiffs of their

October 20th draft motion for a scheduling conference (PJSR Att. 1), their October 20th

letter regarding initial discovery communicated as part of their 'conferring' with the

Defendants (PJSR Att. 2); the Defendant's email and telephone communications of

November 9th and 10th (PJSR Att. 3); and the Plaintiffs' letter to the Defendant's Attorney on

November 12th (PJSR Att. 4); together show that the Plaintiffs have made a good faith effort

to confer with the Defendants in keeping with Rule 26(f) and that the Defendants have had

more than adequate time to consider and respond to the Plaintiffs' proposals.  The

Defendants' proposal for a stay of proceedings and remand appears to be their response.

Therefore, there should no longer be any delay for the Court to schedule a Rule 16(b)

Scheduling Conference hearing or to act upon the sufficiency of this filing.

**c)  MATTERS TO BE DISCUSSED BY THE PARTIES**

**1)  The case will <u>not</u> be disposed of by dispositive motion.  -**  The Court has ruled

that the Plaintiffs have stated a claim that is actionable on the second, fourth and seventh

causes of action.  The Defendants have an opportunity to respond to the Complaint's second amendment but it is limited to a challenge to the standing of only Carmichael on the fourth cause of action.  **Discovery should <u>not</u> await a decision** on any motion by the Defendant to contest the merits of the Complaint's second amendment.

2) **The Date By Which Any Other Parties Shall Be Joined Or The Pleadings Amended -** is still to be determined.

a)  It has not yet been determined if the Defendants intend to assert any facts with regard to the records of any other agency.  Such submission might prompt the inclusion of that agency and its Secretary as Defendants, in order for Plaintiffs to protect their vital natural and fundamental rights.

b)  Discovery shall likely expose certain natural persons who acted outside the boundaries of their office, in injury to the Plaintiffs, and need to be made a party for determinations of fact, law, damages and punitive action.

c)  The Court, by its order, has narrowed the issues that are currently before the Court whether or not the Court reconsiders its ruling (ECF 45) or allows for later amendments to the complaint. The current issues before the Court are the Plaintiffs' Second, Fourth, and Seventh Causes of action, RFRA, Fifth Amendment, and Privacy Act respectively. Though the Defendants may yet contest the portions of the Complaint Amended by Court order of November 11, 2020 (ECF 50), any further delay to discovery adds unjust injury to the Plaintiffs rights of liberty and substantive redress of grievances which are already acknowledged actionable.

3) **A magistrate judge is not desired** – The Plaintiffs do not consent to a magistrate judge.  This is a case of first impression that has far reaching ramifications related to

constitutional, statutory, and regulatory law and processes.

4) **Settlement** - There is no indication that the Defendants intend to settle the case. The current proposal of the stay and remand appears to the Plaintiffs as a move by the Defendants to repair their case by more artfully repressing the Plaintiffs, to evade accountability, and to obstruct justice which the Plaintiffs seek through the interview, interrogation, or investigation of witnesses, records and to identify persons of interest for pecuniary damages or potential prosecution.

5) **Alternative dispute resolution** (ADR) - ADR might be suitable, considering the climate of protection to religious liberty protection being touted by the President and the Secretary of State in their public rhetoric. Such dispute resolution was the metaphoric 'parental supervision' that the Plaintiffs sought prior to filing the case but it resulted in whistle-blower retaliation. The Plaintiffs consider:

(a) **The Plaintiffs goal in bringing the litigation is:**

(i)   To obtain passport renewal and the voiding of the revoked passport.

(ii)  To have, retain, and renew their passports without being identified with a damnable SSN of any sort, as a matter of their obligations of religion and their natural and reserved rights.

(iii) To have the law upheld and applied, which laws appear intended to protect the Plaintiffs, their posterity, and their religious community from the injuries to which the Defendants are subjecting the Plaintiffs.

(iv) To obtain monetary relief in compensatory, punitive, and tort damages.

(v) To motivate the change of practice and policy of the Defendants by the means of a judgment or a settlement agreement that establishes justice, upholds that law of the

land, and glorifies the Living God by the show of the magistrate demonstrating the acts and character of a minister of God for our good.

(b) Settlement talks have not occurred, except for an offer by the Plaintiffs to condition their support for Defendants' second request for addition of time in December 2019. The current proposal by the Defendant for a stay and remand does not appear to the Plaintiffs to be an offer of settlement.

(c) Settlement or ADR would be most appropriate only…:

    (i) after production through discovery of specific items of information; and

    (ii) should take place after judicial resolution of key legal issues such as the determination of the First, Second, Fourth, and Seventh Causes of Action.

(d) The parties might benefit from a neutral evaluation of their case, but do not know what that is since they are not trained in the processes of litigation. The position relied upon by the Plaintiffs is the correct position, but their correct position seems alien to the agents of the bureaucracy which appears to not be able to understand the legal merits of the claim. It would definitely help to have an assessment of damages and/or the potential settlement value of the case since the Plaintiffs suffer from an uphill battle of education at every step.

(e) There is no practical cost benefit from a stay of discovery or other pre-trial proceedings while an ADR process is pending since there are no lawyer fees being paid by the Plaintiffs. **We have not yet found any lawyer who is willing to take up the burden of our case**. There are three deterrents: The necessary time commitment to do the case justice; lack for sympathy or empathy to our cause; or the inadequacy of the EAJA rates.

(6) **Dispositive Motions** – The Defendant's Rule 12(b) motions to dismiss, and motion for summary judgment were partially denied and partially granted (ECF 45).

(7) **Initial Disclosures** - The parties should proceed with the first two elements of the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Certain elements must be delayed until other discovery is complete.

(a) <u>Discoverable people</u> - The name, address, and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses should be provided as soon as possible in order to facilitate admissions, interrogatories, and depositions. The discoverable people of "Initial Disclosures" are at least those people so far relied upon by the Defendants in the Declaration by Jonathan Rolbin and in the document entitled "DECLARATION OF FLORENCE FULTZ."

(b) <u>Production of documents</u> - The discoverable documents of "Intitial Disclosures" are at least those documents so far relied upon by the Defendants in the Declaration by Jonathan Rolbin and in the document entitled "DECLARATION OF FLORENCE FULTZ." It is necessary as soon as practicable for the sake of facilitating admissions, interrogatories, and depositions. The list will likely be augmented as discovery proceeds.

(c) <u>Damages</u> - A computation of each category of damages cannot be completely identified until completion of discovery and court findings on the application of the law. However, we have each been injured, and are continuing to be injured by being fettered within the walls of the boundaries of the United States; being kept from planned visitation of family, and family memorials in Europe; being kept from attending religious celebrations ordinarily attended in Canada; being banned from courthouses; being banned from commercial transportation; being banned from entry into a United States Navy reunion on the secure property ceded to the United States where a valid passport would allow passage;

having to spend weeks in slow motion travel that quashed normal life, ministry and ordinary business activities; being not able to access public accommodations needing identification verification; being relegated to a societal status less than that of dhimmi; *inter alia*.

8) **The Anticipated Extent Of Discovery**:

(a) <u>Production of Documents</u> - The Plaintiffs must obtain Defendant documents regarding:

(i)     The policies and procedures regarding the things that they introduced in the declaration of Jonathan Rolbin and in the document titled, "THE DECLARATION OF FLORENCE FULTZ."

(ii)     Policies, procedures, chain of authority, etc., relating to the accommodation of practices of religion, the application of executive orders, and the policies and processes available for redress to the Secretary of State, among other things.

(iii)     Internal and external communications relating to the Defendants actions and adjudication of the Plaintiffs' passports, and who those people are that were involved.

(b) <u>Admissions</u> -  We will try to utilize admissions to their fullest establish material facts and to avoid otherwise unnecessary discovery.

(c) <u>Interrogatories</u>

(i)     **We need to have Secretary of State submit to interrogatories immediately**, while he is still in office.  We would have tried to submit interrogatories and admissions to narrow the questions put to the Secretary.  Because of the unwarranted delays of the case and the outcome of the 2020 election, we don't have any wiggle room for discovery upon Defendant Michael Pompeo in his official capacity.

(ii)     We will try to utilize interrogatories for to their fullest for other witnesses, to

obtain substantive information that is, or leads to, admissible and material evidence, and to focus the scope of other depositions.

(d) <u>Depositions</u>

(i)     **We need to depose the Secretary of State immediately**, while he is still in office.  His public rhetoric is in stark contrast to the actions of those who denied or revoked the Plaintiffs' passports.

(ii)     We need to depose, Jonathan Rolbin, Paul Peek, Florence Fultz, Christine McClean, and potentially anyone discovered who is a key principal in the adjudication of the Plaintiffs' passport issues.

** **(e) <u>Timing</u>**

(i)     14 days after the scheduling conference or after order by the Court, the Defendants should produce the Rule 26(a)(1) initial disclosures and produced documents. (Scheduling Conference (or order) plus 14 days – Hereinafter "S.C. +14")

(ii)     14 days, after the initial disclosures and production of documents, are needed for us to process them for determination of further discovery related them. (S.C. + 28)

(iii)     14 days after completing the processing the documents and initial disclosures, we need another fourteen days afterward to produce interrogatories related to those things found or omitted in the documents and disclosures. (S.C. + 42)

(iv)     14 days after receiving interrogatories, the Defendants will respond with completed interrogatories (S.C. + 56).

(f) **<u>Status Conference</u>** – The Plaintiffs move for the scheduling of a status conference upon the completion of depositions.  At the status conference, a timeline should be determined for the scheduling of a bench trial or motions for summary judgment.

9) **Issues About Disclosure, Discovery, Preservation, Product**

   (a) Issues about Disclosure – None

   (b) Discovery – None

   (c) Preservation – The Defendants need to ensure that electronic files, paper documents, recordings, or any other media related to the processing of the Plaintiffs passport applications, passport renewals, or revocation, going back to 2007 are not destroyed or misplaced.  Plaintiffs shall make the same effort.

   (d) Product -  Discovery requests by Plaintiffs Carmichael and Lewis, or joint requests, can be answered electronically with documents in PDF or DOC format to Carmichael and Lewis individually, or joint requests to Carmichael as case manager for the Plaintiffs. Discovery requests by Pakosz should be mailed, or can be sent electronically with a courtesy copy email notice sent to Carmichael so that he can notify Pakosz that electronic media has been sent to him.

(10) **Privilege Issues** - will be dealt with forthrightly, as discretely as possible, should there be inadvertent or unwarranted disclosures of privileged information.

(11) **Expert Witnesses** - The Plaintiffs can think of two expert witnesses that ought to be called.

   a)   Jefferson Beauregard Sessions or Alternate.  He was Senator when the F.A.S.T. Act was passed, and might be the Author of the memorandum on religious freedom that went to all executive departments regarding Executive Order 13798.  Otherwise, the Expert Witness might be whomever it was that authored the memorandum if it was not actually Mr. Sessions. Alternatively, the Expert should be whomever it was that crafted the memorandum.

   b)  The second Expert witness that might have been called is the sponsor of H.R. 22 of

the 114th Congress, Representative Rodney Davis from Illinois, or any of the co-sponsor Congressmen that are close to home in Virginia.  His bill that was passed by a strong majority in the House was to exempt veterans who were covered under TRICARE from being counted in an Employers list of people needing to be insured under the Affordable Care act.  However, I could see nothing in his one-page bill having anything to do with the Fixing America's Surface Transportation (FAST) Act that came back out of the Senate labeled as H.R. 22.

    c)   Senator Mitch McConnell or his Alternate might then be called since he sponsored the FAST Act.  Senator McConnell originated the twelve-hundred-page taxing and spending bill under the color of an amendment to H.R. 22 and changed its name, contents, and purpose, to the Fixing America's Surface Transportation (FAST) Act.  I need to discover from the originator of the bill, what is the origin of the provision to deny passports at section 32101 and whether the waiver provision of its subparagraph (f)(1)(B) was intended to be suitable for allowing an accommodation of religion.  Alternatively, the Expert should be whomever is was to was among Senator McConnell's staff who instigated the proposal of the FAST Act under the banner of HB 22.

(12) **Class Action -** is not yet before the Court.  Mr. Hair was informed, in his conversation with Plaintiff Carmichael on Nov. 10th, that Carmichael had learned of rumors that at least twenty-five people were considering joining the case.  Carmichael has spoken with many people who have the same religious convictions and are suffering the same injuries. Some people are very hesitant, fearing the retaliation suffered by Plaintiff Carmichael.

(13) **Bifurcation -** The process of the case should be bifurcated or managed in phases.

    (a) Firstly - discovery, summary judgment or trial on the Second, Fourth, and Seventh

causes of action.

(b) Secondly – Consideration of whether the complaint should be amended to challenge the constitutionality of the FAST Act, Section 32101, on the basis of what is discovered and the contradiction of interpretation by the parties, experts, etc.

(c) Thirdly - Reconsideration of the First and Fifth Causes of Action ought to be adjudicated.

(c) Fourthly – Consideration of relief or remedy such as mandamus, injunction and statutory or tort damages and compensation available to the Plaintiffs.

(14) **Pretrial Conference Date** - should be determined at a status conference upon completion of depositions.

(15) **Should the Court set a firm trial date at the first scheduling conference?** <u>No</u>. A firm trial date should not be set until after completion of depositions, especially since the matter may be determined on motion for summary judgment after discovery.

(16) **Other Matters** -

(a) <u>Video/Telephonic Conference</u> - The Plaintiffs request the scheduling conference be conducted by video/telephone.

(i) The COVID precautions can be well served by keeping us each sequestered to the safety of our homes or home states.

(ii) Plaintiff Lewis has computer audio/video conferencing capability. Plaintiff Pakosz will have to either participate by phone without video, or find a friend or family member that has the capabilities, or we can contract with a commercial enterprise that provides those services.

(iii) Plaintiff Lewis is about 2,500 mile away. Plaintiff Pakosz is near Chicago. The

lack of passports are prohibiting some of us from getting on airplanes.  The long 2-way

drive is overly arduous.

(iv)    The courthouse refuses to let us in the building without government-issued

identification documents.

(b) <u>Delivery of Discovery Materials</u>:

(i)    Any information found by discovery shall be presumed open to publishing unless

expressly moved by any party (or agreed to or stipulated by the parties) to be particularly

redacted, with specificity of the particular words to be redacted, the justification for their

redaction, and time or situation limit for the redaction depending on the outcome of the

litigation.

(ii)    The Plaintiffs propose that initial discovery information should be supplied to

Plaintiff David Alan Carmichael, who shall be considered the case manager for the Plaintiffs.

The information shall be served to Plaintiff Carmichael in accordance with the Rules and the

service of process information on the initial summons signed by the Clerk in September

2019.  Plaintiff Carmichael, as case manager for the Plaintiffs has the duty to provide the

information immediately to the Plaintiffs Lewis and Pakosz by mail or electronically.  A

forwarding letter, from the party providing discovery information to the case manager, shall

be included with the discovery information provided, with an inventory of the things

provided.  A hardcopy of the forwarding letter shall be sent to Plaintiffs Lewis and Pakosz by

mail.

(iii)    The Plaintiffs propose that Discovery materials such as documents of Department

policy manuals, or policy directives, policies, procedures or other Department written

guidance called by any other name, shall be provided in one hardcopy to the Plaintiff's case

manager Plaintiff Carmichael.  The parties may agree or stipulate to the exchange of a

particular document in electronic form where the percentage of information that might be

material to the case is slight compared to the volume of the document.

(c)  The Mail Either Never Arrives or Arrives Weeks Late -  It has taken an extraordinary

amount of time for delivery in this last year, due to reorganization in the Postal Service

according to national news reports.  Plaintiff Pakosz did not get the latest Court order (ECF 45)

until three weeks after it was issued.  <u>The Court order of October 2, 2020, appears to have **never**

been mailed to the Plaintiffs</u>.  The Plaintiffs send courtesy copies to the Defendants via email on

the day of each their filings.

**VERIFICATION**

    I, David Alan Carmichael, declare by the penalty of perjury under the laws of the United

States of America, that the foregoing statements of fact are true or are believed by me to be true

as I have deduced it by information available to me.   I likewise declare that I conferred with the

other Plaintiffs and agree that this is my input for the Plaintiffs' Motion For Rule 16(b)

Scheduling Conference.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

December 1, 2020
Date

I, Lawrence Donald Lewis, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of facts herein are true or are believed by me to be true as I have deduced it by information available to me.  I likewise declare that I conferred with the other Plaintiffs and agree that this is my input for the PLAINTIFFS' MOTION FOR RULE 16(b) SCHEDULING CONFERENCE.

_Lawrence Donald Lewis_     23 NOVEMBER 2020

Lawrence Donald Lewis                              Date
966 Bourbon Lane
Nordman, Idaho  83848

I, William Mitchell Pakosz, declare by the penalty of perjury under the laws of the United

States of America, that the foregoing statements of facts herein are true or are believed by me to

be true as I have deduced it by information available to me.  I likewise declare that I conferred

with the other Plaintiffs and agree that this is my input for the PLAINTIFFS' MOTION FOR

RULE 16(b) SCHEDULING CONFERENCE.


_____        _____
William Mitchell Pakosz                                   Date
Box 25
Matteson, Illinois 60443