## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MIKE POMPEO, in his official capacity as Secretary of State, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-2316 (RC) |

## DEFENDANTS' MOTION FOR A VOLUNTARY REMAND

Defendants, Michael R. Pompeo, in his official capacity as the Secretary of State, and the U.S. Department of State ("Department"), respectfully submit this motion for a voluntary remand regarding the passport renewal and revocation actions for Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz. Plaintiffs' Second Amended Complaint challenges these agency actions under the Religious Freedom Restoration Act ("RFRA"), Fifth Amendment of the U.S. Constitution, and Privacy Act and seeks a Court order to compel the Department to void the revocation of Plaintiffs' passports and enjoin the Department from denying passports to applicants who refuse to provide social security numbers on the basis of religion. *See* 2d Am. Compl. ¶¶ 142-43. Specifically, Plaintiffs request an Order compelling the Department "to take action to restore the Plaintiff Carmichael's passport . . . [and] renew the Plaintiffs' passport for which they applied[.]" *Id.* ¶ 142 (Plaintiffs' Prayer for Relief). Plaintiffs also seek money damages. *See id.* ¶¶ 144-47.

Defendants respectfully request a voluntary remand for the Department to reconsider its prior renewal and revocation actions relevant to this action. Providing an opportunity for the

Department to reconsider its actions and directly address Plaintiffs' religious objections to providing their social security numbers in their passport proceedings would promote judicial economy by permitting the Department to reconsider any alleged legal error in this matter. Further, a remand would not prejudice Plaintiffs because it would provide a portion of their requested relief *now* and would reduce the need for unnecessary litigation regarding the reasons for the Department actions, which there is no dispute did not consider alternate means of verifying Plaintiffs' identifies. In addition, Defendants request a stay of proceedings to permit the passport proceedings to conclude.

## **BACKGROUND**

### I. **PLAINTIFFS' LAWSUIT.**

Plaintiffs' operative complaint alleges that they "are prohibited from identifying with a social security number . . . on the basis of the Christian religion." 2d Am. Compl. ¶ 14. All three Plaintiffs allege that they were previously issued a passport without being required to provide a social security number. Plaintiff Carmichael alleges that he applied for a passport on or about December 17, 2007, requested a religious accommodation regarding the requirement to provide a social security number, and was subsequently issued a passport on January 23, 2008. *Id.* ¶ 16. Plaintiff Pakosz alleges that he was issued a passport in December 2007, after requesting a similar religious accommodation. *Id.* ¶ 17. The same occurred for Plaintiff Lewis, who alleges he was issued a passport on May 2, 2008, under similar circumstances. *Id.* ¶ 18.

According to Plaintiffs, the instant dispute began when the previously-issued passports were required to be renewed. Mr. Carmichael alleges that he applied on January 20, 2018, to renew his passport along with a renewed request for a religious accommodation. *Id.* ¶ 19. Mr. Pakosz did the same in February 2019, as did Mr. Lewis on April 3, 2019. *Id.* ¶¶ 20-21. However, because of Plaintiffs' refusal to provide a social security number on their respective applications,

only Carmichael was successful in obtaining a renewed passport.  However, after the Department realized that Carmichael had also refused to provide a social security number, the agency revoked it.  *Id.* ¶ 23.

## II.   PROCEDURAL HISTORY.

On August 28, 2020, the Court granted in part and denied in part Defendants' motion to dismiss, leaving Plaintiffs' claims under the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment, and the Privacy Act.  *See* Mem. Op. (ECF No. 45) at 2.  The Court also afforded Plaintiffs the opportunity to file an amended complaint with respect to their Fifth Amendment claim related to Mr. Carmichael's passport revocation, *id.* at 18, which Plaintiffs have now filed, *see* ECF No. 50.

On November 11, 2020, the Court stayed Defendants' response to Plaintiffs' Second Amended Complaint in order to permit the parties to confer regarding Defendants' proposal for a voluntary remand to allow the Department to reconsider the relevant passport adjudications and determine whether it can grant Plaintiffs' religious accommodation requests.  Accordingly, the parties conferred and Plaintiffs ultimately indicated that they oppose a remand.  *See* ECF Nos. 52, 54 (status reports).

## III.   PASSPORT ISSUANCE.

Passports are travel documents attesting to the bearer's identity.  *See* 22 C.F.R. § 51.1.  The Department uses social security numbers to determine an applicant's identity and if an applicant whose identity (and citizenship) has been confirmed is otherwise eligible for a U.S. passport.  *See* 22 C.F.R. § 51.60 (providing a list of reasons why an individual would be ineligible for a U.S. passport).  For example, Department regulations provide that an applicant is ineligible for a passport if the applicant has "been certified by the Secretary of the Treasury as having a seriously delinquent tax debt as described in 26 U.S.C. [§] 7345."  22 C.F.R. § 51.60(a)(3); 22 U.S.C. §

2714a(e).  An applicant may also be ineligible for a passport for other specified reasons, *e.g.* if the applicant was the subject of a warrant of arrest for a felony offense, *see* 22 C.F.R. §§ 51.60(b)(1), (b)(9), or has been certified by the Secretary of Health and Human Services to have child support arrears over a threshold amount.  *Id.* § 51.60(a)(2).

As previously described in the government's motion to dismiss, the Department has developed policies and procedures for adjudicating the identity of each applicant, identifying and preventing fraud, and ensuring an applicant is otherwise entitled to a U.S. passport.  *See* Fultz Decl. (ECF No. 24-3) ¶ 4.  The Department considers many pieces of information when adjudicating a passport application, including but not limited to the applicant's name, gender, date of birth, place of birth, and social security number.  The Department considers social security numbers to be the most helpful and reliable piece of information that the agency can use when adjudicating an applicant's identity, as these numbers can help differentiate individuals with common names, incomplete biographical information, or typographical errors on their applications.  *Id.* ¶ 5.

## LEGAL STANDARDS

### I.    VOLUNTARY REMAND.

A federal agency has the "inherent power to reconsider [its] own decisions through a voluntary remand."  *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015).  Courts "have broad discretion to grant or deny an agency's motion to remand."  *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 439 (D.C. Cir. 2018) (citing *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)).  Courts "generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review.'"  *Id.* (quoting *Limnia, Inc.*, 857 F.3d at 386).  "This is not to say that an agency need confess error or

impropriety in order to obtain a voluntary remand.  But the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."  *Limnia, Inc.*, 857 F.3d at 387.

Indeed, Courts usually "prefer[] to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."  *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see id.* at 524 n.3 (collecting cases); *Sierra Club v. EPA*, 705 F.3d 458, 463 (D.C. Cir. 2013) (remanding portion of rule that EPA stated functioned in a manner that EPA "did not intend"); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) ("when an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons").  "As such, 'if the agency's concern is substantial and legitimate, a remand is usually appropriate.'"  *Id.* (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

Finally, a stay of proceedings before the district court is appropriate while the case is remanded to the agency.  *See, e.g., Code v. McHugh*, 139 F. Supp. 3d 465, 466 (D.D.C. 2015).

## ARGUMENT

## I.    A VOLUNTARY REMAND IS APPROPRIATE.

Defendants believe that a remand is the most efficient way to resolve, or substantially narrow, the disputed issues in this action.

Here, the Department acknowledges that it did not previously consider Plaintiffs' religious accommodation requests.  The Department's current guidance is to generally deny passport applications when applicants fail to provide their social security numbers.  *See* Fultz Decl. ¶ 7.

The Department is currently evaluating the need for additional guidance in this area regarding religious objections.  The Department is willing to consider Plaintiffs' religious accommodation requests as it reconsiders Plaintiffs' applications.  Under these circumstances, a remand would reduce unnecessary litigation regarding the Department's rationale for its actions and thereby preserve the Court's and the parties' resources.  *See Carpenters*, 734 F. Supp. 2d at 132 ("[E]ven in the absence of new evidence or an intervening event, . . . courts retain the discretion to remand an agency decision when an agency has raised substantial and legitimate concerns in support of remand."); *see also Palisades Gen. Hosp. Inc., v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005); *Utahans for Better Transp. v. Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002); *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010).  Further, the fact that this case arises under RFRA does not affect the Court's ability to grant a voluntary remand of the Department's actions.  *See, e.g.*, *Franciscan Alliance, Inc. v. Price*, Civ. A. No. 7:16-0108, 2017 WL 3616652, at *3-*4 (N.D. Tex. Jul. 10, 2017) (granting, in part, a motion for voluntary remand in a RFRA action).

Importantly, a voluntary remand would not prejudice Plaintiffs.  To the contrary, a remand would effectively grant the same relief to which Plaintiffs would ordinarily be entitled should they prevail on their claims.  As noted above, Plaintiffs specifically request an Order compelling the Department "to take action to restore the Plaintiff Carmichael's passport . . . [and] renew the Plaintiffs' passport for which they applied[.]"  2d Am. Compl. at 60.  The Department is now willing to permit Plaintiffs to submit additional evidence and reconsider its prior actions.

Defendants note that this does not mean that Plaintiffs are necessarily eligible for the passports they seek.  Indeed, Plaintiffs appear to acknowledge as much in their Second Amended Complaint.  *See* 2d Am. Compl. ¶ 142 (requesting the Court to compel the renewal of each of

Plaintiff's passports "unless the [Department] can show a lawful prohibition" of their receiving one).  Subsequent to a remand, Plaintiffs would be afforded the opportunity to present evidence to substantiate their RFRA claim, and would need to submit appropriate evidence to sufficiently verify their respective identities and demonstrate that they are otherwise eligible for a passport. *See* 22 C.F.R. § 51.60.  However, the fact that Plaintiffs are not automatically entitled to a passport should not prevent a remand to permit consideration of their religious objections because, "[w]hen a district court reverses agency action and determines that the agency acted unlawfully, ordinarily the appropriate course is simply to identify a legal error and then remand to the agency[.]" *N. Air Cargo v. USPS*, 674 F.3d 852, 861 (D.C. Cir. 2012) (citing *PPG Indus., Inc. v. United States*, 52 F.3d 363, 365 (D.C. Cir. 1995)).  Indeed, in a RFRA lawsuit involving the government's mandate to provide employees with health insurance coverage for contraceptives, the Supreme Court noted that, on remand, the parties should "be afforded an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans 'receive full and equal health coverage[.]'").  *See Zubik v. Burwell*, 136 S. Ct. 1557, 1560 (2016).  Plaintiffs would therefore not be prejudiced by obtaining the type of relief they seek now instead of at the end of the litigation, if they were to prevail on their claims.

Finally, Defendants do not request a remand simply to engage in *post hoc* rationalization for its passport actions.  *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (noting that courts may not usually accept *post hoc* rationalizations for agency action).  Rather, as noted above, the remand would permit the Department to consider alternate means of identification *for the first time*.  As the Supreme Court recently noted, a court may remand for the agency to "deal with the problem afresh" by taking new agency action.  *Dep't of Homeland*

*Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1908 (2020) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947)).  "An agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action."  *Id.*  Defendants' requested voluntary remand is simply to permit the Department to consider whether it can accommodate Plaintiffs by requesting alternate identification information in order to fulfill its responsibility to issue passports lawfully.

## II.   THE COURT SHOULD TEMPORARILY STAY PROCEEDINGS TO PERMIT A REASONABLE AMOUNT OF TIME TO PERMIT A DECISION ON REMAND.

This Court has broad discretion to stay proceedings.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  In determining whether to grant a stay, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed by either side." *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970).  Here, the Department requests a reasonable period of time (*i.e.*, 90 days) to request Plaintiffs to submit evidence to verify their identities and for the agency to reconsider its prior actions with respect to the renewals of Plaintiffs' passport applications.  After conclusion of each of these actions, Defendants propose that the parties jointly submit a status report within 14 days to propose a schedule for further proceedings.  *See* Defs.' Proposed Order (attached hereto).  Under these circumstances, a temporary stay is appropriate. *See Code*, 139 F. Supp. 3d at 466 (granting Secretary of the Army's motion for voluntary remand and stay of proceedings pending decision on remand); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23, 25 (D.D.C. 2008) ("an agency wishing to reconsider its action should move the court to remand or hold the case in abeyance pending the agency's reconsideration," in part because remand "will serve the interest of allowing [the agency] to cure its own potential mistake rather than needlessly wasting the  Court's and the parties' resources").

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' motion, remand the passport renewal and revocation actions to the Department, and stay these proceedings for a period of 90 days to permit that reconsideration to conclude.

Dated December 18, 2020          Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

/s/   *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID ALAN CARMICHAEL, *et al.*,

              *Plaintiffs,*

         v.

MIKE POMPEO, in his official capacity as Secretary of State, *et al.*,

              *Defendants*.

Civil Action No. 19-2316 (RC)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for voluntary remand and stay, Plaintiff's opposition thereto, and the entire record herein, it is hereby ORDERED that Defendants' motion is GRANTED; the passport applications regarding each Plaintiff are hereby REMANDED to the Department for a period of 90 days; Plaintiffs are hereby ORDERED to comply with Defendants' requests for further information in furtherance of Defendants' remand efforts.  After conclusion of the remand period, the Parties shall submit a joint status report within 14 days proposing a schedule for further proceedings.

It is FURTHERED ORDERED that this action, including all deadlines, is STAYED during the remand period.

SO ORDERED.


_____
Date

_____
RUDOLPH CONTRERAS
United States District Judge