United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *Et al.* ) | |
| ) | |
| *Plaintiffs* ) | Case No: 1:19-CV-2316-RC |
| ) | |
| v. ) | Re: ECF 52 |
| ) | |
| Michael Richard Pompeo, *Et. Al.* ) | |
| ) | |
| *Defendants* ) | |

## PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT

**Background**

1. The Plaintiffs claim that Defendants, Michael Richard Pompeo, the United States, and the United States Department of State, violated fundamental and statutory law when they revoked the Passport of Plaintiff Carmichael and denied the passport renewal of Plaintiffs Lewis and Pakosz; because Plaintiffs did not identify with a Social Security Number (SSN) for reasons of religion.

2. The Court denied the Defendants' Rules 12(b) and 56 motion to dismiss on three of the Plaintiffs causes of action (ECF 44, 45). The Court determined that the Plaintiffs have standing on their claims that the Defendants violated the Religious Freedom Restoration Act (RFRA) (2nd Cause of Action), the Fifth Amendment to Consitution (4th Cause of Action), and the Privacy Act (7th Cause of Action). The Court gave opportunity for Plaintiffs to amend their complaint as it related to Fourth Cause of Action. The Plaintiffs filed objections to the Court's dismissals (ECF 47), and then filed an amended the complaint as per the Court's order (ECF 51).

3. The Plaintiffs, on October 20, 2020, communicated to the Defendants regarding the

requirement for parties to confer pursuant to Rule 26(f) (ECF 54, Attachment 1). The Plaintiffs presented to the Defendants a draft of a motion for a Rule 16(b) scheduling conference to commence discovery. They also sent to the Defendants a list of things believed by the Plaintiffs required as a matter of obligated initial disclosures (ECF 54, Attachment 2). Those things included information that was already relied upon by the Defendants to support their Rule 56 motion for dismissal, in the Declaration of Jonathan Rolbin, and the document called DECLARATION OF FLORENCE FULTZ which was testified by Paul Peek and executed by Florence Fultz.

    4. The Defendants, on November 11, 2020, made a motion to docket the Plaintiffs amended complaint, along with moving for a stay proceedings until December 4, 2020 (ECF 50). The purpose of the stay was for the Plaintiffs to have time to discuss among themselves a proposal by the Defendants to stay the case proceedings indefinitely, and to have the Plaintiffs agree to support the Defendants' intended motion for a voluntary remand of the case to Defendants. The Court docketed the amended complaint and responded to the motion for stay until December 4, 2020, ordering the parties to submit a joint status report that was to propose a schedule for further proceedings (Minute Order Re: ECF 50, Nov. 11, 2020).

    5. The Plaintiffs filed their own status report, titled as "Plaintiffs Joint Status Report." It arrived at the Courthouse on Thursday, December 3, 2:40 pm but was docketed out of order, among four other filings, on Monday, December 7, 2020 (ECF 54). The Defendants Status Report (ECF 52) was docketed as soon as submitted at about 5 pm, on Friday, December 4th.

    6. The Plaintiffs second filing was a Motion for Rule 16(b) Scheduling Conference (ECF 55). It was substantially the draft given to the Defendants by email on October 20, 2020, and which the Defendants received in the mail on October 22nd. (ECF 54, Attachment 2).

7. The Plaintiffs each filed another notice and demand document whereby they entered their objection to the Defendants' assertion that there was some question about their identities (ECFs 53, 56, 57).

8. The Defendants did not, on or before December 4, 2020, provide a draft of their motion for a proposed stay and remand for the Plaintiffs to consider. The Defendants instead merely promised in their Defendants' Status Report to deliver their motion by fourteen days after December 4th which would be Friday, December 18th. Yet, the Defendants placed with their motion a proposed order that would give them a fifteen day deadline of Saturday, December 19, 2020, pushing their ultimate deadline of Monday, December 21 (ECF 52).

9. The Plaintiffs oppose the Defendant's motion for the proposed order.

10. The facts of the case presented thus far have defeated the Defendants' motion for summary judgment. Discovery and verification of more facts will bolster the Plaintiffs' case and dissolve the case of the Defendants. The Defendants have read the writing on the wall that says the lawfulness of the Defendants' conduct has been weighed in the balance and has been found wanting. Voiding of the revocation of Plaintiff Carmichael's renewed passport and the renewal of the passports of Plaintiffs Lewis and Pakosz is inevitable. Nonetheless, the Defendants' fight on, having unlimited resources, the U.S. Attorney fulfilling his niche in the ecosystem of justice.

11. The Defendants cited merely a propensity of Courts to remand. The tool applied by the Attorney in this case, is a tool that is tolerated by the courts but happens to blight the Constitutional institution. In the American constitutional mixed government, courts do not get their authority to exercise particular powers from the propensity of courts. The Defendants are asking the man of wisdom behind the bench to pass the baton of discernment to the man of power, forgetting that the institution requires the judiciary to resist every encroachment on its

office. "Ambition must be made to counteract ambition." [1]

12. Had there been some real adjudication process, rather than the unilateral, arbitrary, capricious, and hostile to religion actions by the yet unnamed Executive, there might be some sort of agency review on appeal and there might be some sort of record on review.

13. The Court cannot force the Plaintiffs to be subjected to the proceedings by a magistrate or arbitration that operates within the branch of the judiciary. How then can the District Court force the Plaintiffs into the jaws of the Executive Branch who is acting as their own lawmaker, judge and executioner against the rights of the Plaintiffs?

**The Controlling Case Cited By The Defendants Supports The Plaintiffs Opposition To Stay And Remand**

14. In paragraph "5." of the Status Report, the Defendants say, "Defendants continue to believe that a remand is the most efficient way to resolve, or substantially narrow, the disputed issues in this action." In support of their claim, Defendants cite *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir. 2017).

15. Like our objection voiced in our status report (ECF 54, paras 28. and 29.), Limnia objected to the District Court's granting the government agency's voluntary remand request, and closing Limnia's judicial action. On Appeal, the D.C. Circuit said that it had to "…determine whether it was proper for the District Court to do so." *Ibid* at 381. Limnia contended that, "to

---

[1] Madison, James. **Federalist** No. 10: "*The Same Subject Continued: The Union as a Safeguard Against Domestic Faction and Insurrection.*" New York Daily Advertiser, November 22, 1787. "But the great security against a gradual concentration of the several powers in the same department, consists in giving to those who administer <u>each department</u> the necessary constitutional means and personal motives to <u>resist encroachments</u> of the others. The provision for defense must in this, as in all other cases, be made commensurate to the danger of attack. Ambition must be made to counteract ambition. The interest of the man must be connected with the constitutional rights of the place. It may be a reflection on human nature, that such devices should be necessary to control the abuses of government. But what is government itself, but the greatest of all reflections on human nature? If men were angels, no government would be necessary. If angels were to govern men, neither external nor internal controls on government would be necessary. In framing a government which is to be administered by men over men, the great difficulty lies in this: you must first enable the government to control the governed; and in the next place <u>oblige it to control itself</u>. (Emphasis added)

grant the voluntary remand request functioned as a dismissal of Limnia's APA claims. *Ibid* at 381. Writing for the D.C. Circuit, jurist Kavanaugh stated, "We agree with Limnia."

16. The Defendants in their Status Report quoted Circuit Judge, now Supreme Court Justice Kavanaugh, without reading the disqualifying caveat that followed. Kavanaugh for the D.C. Circuit said, "A district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand (Defendants' quote). **But a voluntary remand is typically appropriate only when the agency intends to revisit the challenged agency decision on review** (Caveat left out by Defendants – Emphasis added)." *Ibid* 381

17. Our case is not one that is merely an appeal of an agency tribunal, "an agency decision of review" but it is an Article III action against the person of the agency and its actors who violated the law, and the laws of the United States, with injury to our life, liberty, and property resulting from their wrong. The agency is not the statutory remedy provided for by the Legislature, nor do they have power to provide complete relief.

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331

**The Defendants' Motion Is Foreclosed By The Regulation Which We Challenge In Our Fourth Cause of Action**

18. In our case, the Defendants' hands are tied by their own regulations which exclude review to the Plaintiffs. The Court has power to provide remedy and relief to the Plaintiffs Fourth Cause of Action claim that 22 U.S.C. 2714a(f), 22 CFR 51.60(f) and 51.70(b) violate the fundamental law. Until that is accomplished, the Defendants "Review" is barred by that rule in the Code of Federal Regulations 22 CFR §51.70(b) which excludes agency appeal to us under the Defendants' accusation that the Plaintiffs can be characterized as "willfully, intentionally, negligently, or recklessly" or "failing" to identify with a SSN.

**The Defendants' Wrongs Can Only Be Remedied By The District Court**

19. The Defendants have a whole lot of admitting to do, which is still not a replacement for summary or bench trial judgment for which we have petitioned for relief. Violation of the Privacy Act is no small matter and needs scrutiny of the court for relief of the Plaintiff and to protect society. The same goes for the Defendants violation of the Paperwork Reduction Act, and penalizing the Plaintiffs contrary to 44 U.S.C. § 3501, et seq.

20. Even with a remand for the agency to review its conduct in order to conform to the law, the injury to the plaintiffs in their fifth amendment rights, and the relief due them, remains in the sole jurisdiction of the court.

**Scheduling A Rule 16(b) Scheduling Conference To Commence Discovery Is Just And Efficient**

21. The Plaintiffs submitted with their status report, a timely motion for a Rule 16(b) scheduling conference (ECF 55). It thoroughly explained each item to be discussed by the parties to facilitate the conferring of parties required by Rule 26(f). The Plaintiffs provided their scheduling conference draft to the Defendants by email on October 20, and also by mail delivered October 22, 2020 (ECF 54, Attachment 2). On November 12, 2020, the Plaintiffs reminded the Defendants of the need for input for the Scheduling Conference and asked the Defendants to provide their input by Monday, November 30th in time for the Plaintiffs' motion for a Rule 16(b) scheduling conference to be edited to include the input of the Defendants. The Defendants provided no response or input to the Plaintiffs' draft scheduling conference motion.

22. **We urge the Court to deny the Defendants motion and proposed order that was embedded in their Status Report.** We reserve the right to respond to the motions on this same topic not yet submitted by the Defendants.

**Verification**

I, David Alan Carmichael, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of fact are true or are believed by me to be true as I have deduced it by information available to me. I likewise declare that my PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT here is in good faith in the cause of my seeking to establish justice, and not for evasion, delay or any other maladministration.

_[signature]_                                                    _December 15, 2020_
David Alan Carmichael                                  Date
1748 Old Buckroe Road
Hampton, Virginia  23664

I, Lawrence Donald Lewis, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of fact are true or are believed by me to be true as I have deduced it by information available to me. I likewise declare that my PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT here is in good faith in the cause of my seeking to establish justice, and not for evasion, delay or any other maladministration.

*Lawrence Donald Lewis*        14 DEC 2020

Lawrence Donald Lewis                 Date
966 Bourbon Lane
Nordman, Idaho 83848

I, William Mitchell Pakosz, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of fact are true or are believed by me to be true as I have deduced it by information available to me. I likewise declare that my PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT here is in good faith in the cause of my seeking to establish justice, and not for evasion, delay or any other maladministration.

_____          _____
William Mitchell Pakosz                                    Date
P.O. Box 25
Matteson, Illinois  60443

I, David Alan Carmichael, certify under penalty of perjury, that I sent a copy of this document to William Mitchell Pakosz. William was not able to print the document due to equipment loss and failure. I read the document aloud to him over the phone. He stated to me that he agrees with this response to the Defendant's motion and order embedded in their Status Report of Dec. 4, 2020. I explained to him that I would apply this certification to the document and requested him to apply his signature to his document just as soon as he can print it.
I so swear and certify
David Alan Carmichael
December 15, 2020

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

December 15, 2020

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001

Re: Case #1:19-CV-2316-RC, Carmichael v. Pompeo, PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT

Clerk Caesar,

Submit for filing is the referenced Response enclosed herewith, and its certificate of service.

Respectfully,

*[signature]*
David Alan Carmichael

DAC/slf

cc:   William Mitchell Pakosz
      Lawrence Donald Lewis
      U.S. Attorney for D.C.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

December 15, 2020

United States Attorney
United States Attorney's Office
Attn: Christopher Hair
555 4th Street, N.W.
Washington, D.C. 20530

Re: Case #1:19-CV-2316-RC, Carmichael v. Pompeo, PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT

Dear Mr. Hair,

Enclosed is our Response to the motion and proposed order contained in Defendants' Status report of December 4, 2020 (ECF 52).

Respectfully,

*[signature]*
David Alan Carmichael

DAC/slf

cc: William Mitchell Pakosz
    Lawrence Donald Lewis

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by mail, "PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT for case #1:19-CV-2316-RC, Carmichael v. Pompeo. I mailed the documents with this certificate of service to the Court at:

    Angela D. Caesar
    Clerk of Court, District Court of the United States
    Attn: Tonya Hightower
    United States Courthouse
    333 Constitution Ave NW
    Washington, DC 20001
       U.S. Certified Mail #~~7019 0160 0000 9640 6647~~
       Priority Express #EJ 446 932 619 US

I sent A copy of the document and certificate of service to:

    United States Attorney
    United States Attorney's Office
    Attn: Christopher Hair
    555 4th Street, N.W.
    Washington, D.C. 20530
       U.S. Certified Mail #7019 0160 0000 9640 6654

With copies to:
    Lawrence Donald Lewis
    966 Bourbon Lane
    Nordman, Idaho 83848

    William Mitchell Pakosz
    Box 25
    Matteson, Illinois 60443

I served myself at:
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_David Alan Carmichael_        _December 16, 2020_
David Alan Carmichael                        Date

I, William Mitchell Pakosz, declare by the penalty of perjury under the laws of the United States of America, that the foregoing statements of fact are true or are believed by me to be true as I have deduced it by information available to me. I likewise declare that my PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION AND PROPOSED ORDER IN DECEMBER 4, 2020 DEFENDANT STATUS REPORT here is in good faith in the cause of my seeking to establish justice, and not for evasion, delay or any other maladministration.

_____           _17 Dec 2020_____
William Mitchell Pakosz                                    Date
P.O. Box 25
Matteson, Illinois  60443