## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, | |
| *Plaintiffs,* | |
| v. | Civil Action No. 19-2316 (RC) |
| MICHAEL POMPEO, in his official capacity as Secretary of State, *et al.*, | |
| *Defendants.* | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A VOLUNTARY REMAND

In seeking a voluntary remand in this action, the Department of State (the "Department") announced its intention to reconsider the specific passport denial and revocation actions that Plaintiffs here challenge pursuant to the Religious Freedom Restoration Act ("RFRA") and other laws. *See* Defs.' Mot. for Voluntary Remand (ECF No. 61) at 5-8. Under such circumstances, the D.C. Circuit has noted that courts "generally grant" an agency's motion for a remand. *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 439 (D.C. Cir. 2018) (citing *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)). Plaintiffs' opposition to Defendants' motion asserts that a remand is foreclosed because it lacks legal support and would prejudice Plaintiffs by denying them their day in court. *See generally* Opp'n (ECF No. 65). However, as explained below, none of Plaintiffs' arguments or conclusory allegations of bad faith or prejudice provides any persuasive reason why a remand is inappropriate here. To the contrary, a remand in this action is supported by D.C. Circuit precedent and would actually *benefit* the Plaintiffs by permitting them to seek a passport without the need to provide their social security numbers, and could provide them the relief they seek more expeditiously than through litigation. Accordingly, the Court

should grant Defendants' motion and remand this matter for the Department to reconsider its prior denial and revocation actions for these Plaintiffs.

**ARGUMENT**

## I.    A VOLUNTARY REMAND IS APPROPRIATE.

In this case, the Department has acknowledged that it did not previously consider Plaintiffs' religious accommodation requests.  *See* Mot. at 5.  Indeed, as noted in Defendants' motion, the Department's current guidance is to generally deny passport applications when applicants fail to provide their social security numbers, unless the applicant certifies that they do not have one.  *See* Fultz Decl. (ECF No. 24-3) ¶ 5; Rolbin Decl. (ECF No. 24-2) ¶ 18.  While the Department is currently evaluating the need for additional guidance in this area regarding religious objections, the Department is now willing to reconsider Plaintiffs' respective passport applications and, in doing so, consider Plaintiffs' religious accommodation requests.  *See* Mot. at 5-6.  This would provide Plaintiffs with the opportunity to present evidence to verify their respective identities and demonstrate their eligibility for a passport, which the Department is duty-bound to consider pursuant to 22 C.F.R. §§ 51.23 and 51.60.  Plaintiffs would also be able to substantiate their religious objections.

Plaintiffs' opposition offers no persuasive reason as to why the Court should not grant Defendants' motion.  They begin by mischaracterizing Defendants' positions by arguing that the Department has taken the position that 22 U.S.C. § 2714a(f) "mandates" the denial of passport applications without social security number.  *See* Opp'n at 1.  However, Defendants have never taken such a position, which is unsupported by the text of the statute.  Indeed, the statute provides that the Secretary of State is "authorized to deny" a passport application "upon receiving an application for a passport from an individual that . . . does not include the social security account

2

number issued to that individual[.]" 22 U.S.C. § 2714a(f)(1)(A).  As this Court has already noted, this is precisely what happened here.  *See Carmichael v. Pompeo*, Civ. A. No. 19-2316, 2020 WL 5095466, at *4 (D.D.C. Aug. 28, 2020) (concluding that the government acted within its authority to deny passports to applicants who fail to provide their social security numbers under Section 2714a(f)(1), and to revoke passports that have been issued erroneously, under Section 2714a(f)(2)). In any event, Defendants do not take the position that the statute *mandates* the results Plaintiffs challenge in this action.   To the contrary, Defendants have requested a remand to consider Plaintiffs' religious accommodation requests and potentially *approve* their passport applications.

Plaintiffs also claim that the relief they seek "is not in the power or prerogative of the Defendant [sic] to adjudicate."  Opp'n at 3.  To the extent Plaintiffs doubt whether the Department may accommodate Plaintiffs' religious objections, their assertion is at odds with their complaint, which specifically requests the Court to compel the Department "to take action to restore the Plaintiff Carmichael's passport . . . [and] renew the Plaintiffs' passport[s] for which they applied[.]"  *See* 2d Am. Compl. ¶ 142.  It stands to reason that Plaintiffs cannot reasonably ask the Court to order the agency to take action that is otherwise unlawful.  Moreover, Defendants seek a remand to provide Plaintiffs' requested relief, subject to Plaintiffs' demonstration that they are eligible for the passports they seek.   Indeed, later in their opposition, Plaintiffs appear to acknowledge that a remand effectively would result in a favorable outcome, akin to winning summary judgment.  *See* Opp'n at 11.  However, contrary to Plaintiffs' assertions, a remand would not somehow rob them of any meaningful "benefit of discovery" or "opportunity to frame the discussion," *see* Opp'n at 11, as there is little to be gained from further litigation.  To be sure, the Department has already conceded that it did not consider Plaintiffs' religious objections in adjudicating their passports.  And, as this Court previously noted, "Plaintiffs do not cite any facts

suggesting that the Government instead denied and revoked their passports because of their religious belief." *See Carmichael*, 2020 WL 5095466, at *7. As discussed above, Defendants did not consider Plaintiffs' requests for a religious accommodation and, for substantially this reason, Defendants now request a remand to do so.

Further, Plaintiffs do not elaborate on what benefit discovery would provide here other than to, in their view, "expose the extent of the Defendants' failure to fully apply the rule of law." Opp'n at 12. Plaintiffs appear to seek litigation for litigation's sake. In the circumstances presented here, further litigation could serve only to delay the relief sought by Plaintiffs while forcing the Court and parties to expend significant resources to potentially wind up in the same place. For much the same reason, Plaintiffs' argument that a remand would prejudice them by denying them their "day in court" also misses the mark. *See* Opp'n at 20. Plaintiffs are currently unable to travel as they desire due to the lack of a passport. A voluntary remand would provide them an opportunity to remedy that harm, potentially without the need for any further litigation. Accordingly, Plaintiffs would not be prejudiced by a voluntary remand in this action.

Plaintiffs also argue that the Court lacks the statutory authority to remand this matter back to the Department. But Plaintiffs confuse a remand to an executive agency with an appellate court's power to remand a case to a lower court under 28 U.S.C. § 2106. *See* Opp'n at 4. Plaintiffs also cite 28 U.S.C. § 2112, which provides for requirements regarding the time and manner of the submission of an administrative record in cases challenging agency action that are filed in the courts of appeals. *Id.* at 5-6. Further evidencing Plaintiffs' confusion, they point to Plaintiff Carmichael's prior litigation where the Federal Circuit reversed the Court of Federal Claims' dismissal, for lack of jurisdiction, of Carmichael's claims for military back pay and reinstatement, and ordered the case remanded to the lower court to determine both whether the Navy failed to

follow its regulations at the time Carmichael similarly sought a religious accommodation, and whether any such failure directly caused his separation from the Navy. *See Carmichael v. United States*, 298 F.3d 1367, 1376 (Fed. Cir. 2002). None of these authorities precludes a remand here, as the D.C. Circuit has made clear that "[a] district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand." *Limnia*, 857 F.3d at 381.

Plaintiffs pivot and argue that a remand is "foreclosed" by *Limnia* because, in their view, Defendants lack the requisite intent to revisit the challenged actions at issue. In *Limnia*, the Department of Energy requested a remand not to reconsider the agency actions challenged in that lawsuit (*i.e.*, Limnia's loan applications submitted in 2009); rather, the Department of Energy sought a remand to review any *new* loan applications Limnia might choose to file in the future. *See Limnia*, 857 F.3d at 387. The D.C. Circuit found that a remand was improper under those circumstances because the Department of Energy did not intend to revisit the original application decisions under review. *Id.* at 388. The D.C. Circuit made clear that an agency "need [not] confess error or impropriety in order to obtain a voluntary remand." *Id.* at 387. Rather, at a minimum the agency must "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Id.* Here, the Department revoked Plaintiff Carmichael's passport in 2019 and denied the passport renewal applications of Plaintiffs Paskoz and Lewis in 2018 and 2019, respectively. *See* Rolbin Decl. ¶¶ 9, 15, & 25. These are the decisions challenged in Plaintiffs' complaint and are the subject of Defendants' motion for a voluntary remand, and, if Plaintiffs establish upon remand their eligibility for passports, their 2018 and 2019 passport applications will be granted and the revocation of Plaintiff Carmichael's passport will be rescinded. These circumstances militate in favor of a voluntary remand. *See*

*Limnia*, 857 F.3d at 386-87.  Defendants do not, as Plaintiffs speculate, seek to "back the Plaintiffs up to a time prior to their original passport issuances in 2007 and 2008."  *See* Opp'n at 10.

Further, Plaintiffs are wrong that a remand is barred by Department regulations.  *See* Opp'n at 22 (citing 22 C.F.R. §§ 51.60(f) & 51.70(b)).  This Court dismissed Plaintiffs' Fifth Cause of Action, which challenged these regulations as overbroad in violation of the First and Fifth Amendments to the U.S. Constitution.  *See Carmichael*, 2020 WL 5095466, at *9.  As relevant here, Section 51.60(f) gives the Department the *authority* to deny passports to those who fail to provide their social security number in their passport applications.  And Section 51.70(b)(2) states that, where passport applications were denied or were revoked for a non-exhaustive list of reasons (including failing to provide a social security number), the applicant does not receive an opportunity for a *hearing*.  Contrary to Plaintiffs' assertions, however, neither of these provisions constrains the Department's discretion to reconsider its actions and potentially provide a religious accommodation, as Plaintiffs request.  Therefore, they do not preclude a voluntary remand.

Throughout their opposition, Plaintiffs make numerous vague assertions of bad faith.  However, Plaintiffs fail to identify any specific instance regarding Defendants' conduct that constitutes anything close to bad faith.  Rather, Plaintiffs merely repeat their claims (some of which this Court previously has dismissed), reassert their desire to proceed to discovery, and argue that Defendants' motion is "frivolous" because, in their self-estimation, "there has never been a question" as to their identities or other ineligibility considerations for passports.  *See* Opp'n at 11.  But Plaintiffs' argument lacks merit, because the prior issuance of a passport does not necessarily warrant an "automatic" approval of any subsequent renewal application.  While there is a separate process for applicants who have previously been issued a passport valid for 10 years in his or her own name (*see* 22 C.F.R. § 51.21(b)), no statute or regulation provides that a passport holder is

entitled to a passport in the future just because the Department previously issued her one.  In fact, the Department's passport regulations require all passport authorizing officers to review each and every "passport application and all documents, photographs and statements submitted in support of the application in accordance with guidance issued by the Department." *See* 22 C.F.R. § 51.5(b). This necessarily includes passport renewal applications.

Like all other passport applications, passport renewal applications must be reviewed to ensure the identity and nationality of the applicants.  *See* 22 C.F.R. §§ 51.23-24 (identity verification), 51.25 (reviewing name discrepancies), 51.40-45 (citizenship verification).  What is more, the regulations afford the Department discretion to ask for additional evidence of a passport renewal applicant's identity and nationality.  *See* 22 C.F.R. §§ 51.23(c) and 51.45.  Additionally, the Department is duty-bound to determine whether applicants have other ineligibilities for a U.S. passport.  These include, among others, persons who are wanted felons and fugitives, persons who have criminal court orders prohibiting travel, certain persons delinquent with child support payments, certain sex offenders, and certain persons in arrears on federal taxes.  *See* 22 C.F.R. § 51.60.  In order to identify these persons, the Department receives electronic data transmissions from various federal and state agencies, and this data is run against various data points on each and every application.  *See* Fultz Decl. ¶ 11.  Thus, it can hardly be said that having previously been issued a passport entitles a passport holder to future passports.

Finally, that Plaintiffs apparently intend to press their request for money damages does not militate against a remand.  While Defendants maintain that Plaintiffs are not entitled to any money damages based on their official capacity claims in this litigation, such issues would be more efficiently resolved after the gravamen of Plaintiffs' claims are resolved.  The approach advocated by Defendants makes sense because it would permit the Department to consider whether it may

accommodate Plaintiff's religious objections without "wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be . . . incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). If Plaintiffs are dissatisfied with the outcomes on remand, they will be free to continue to press their claims.

## II.  THE COURT SHOULD TEMPORARILY STAY PROCEEDINGS TO PERMIT A REASONABLE AMOUNT OF TIME TO PERMIT A DECISION ON REMAND.

Plaintiffs' opposition does not dispute that a stay would be appropriate if the Court were to grant Defendants' motion for a voluntary remand. Indeed, a stay of proceedings is usually appropriate while the case is remanded to the agency. *See Code v. McHugh*, 139 F. Supp. 3d 465, 466 (D.D.C. 2015). Therefore, the Court should temporarily stay these proceedings during the remand period in order to streamline this litigation.

## CONCLUSION

For these reasons and those in Defendants' motion, Defendants respectfully request that the Court grant Defendants' motion, remand the passport renewal and revocation actions to the Department, and stay these proceedings for 90 days to permit that reconsideration to conclude.

Dated January 6, 2021

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/   *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of January, 2021, I will cause Defendants' Reply In Support of Motion for a Voluntary Remand to be  served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis,  via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*/s/ Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant United States Attorney