UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

    *Plaintiffs,*

v.

MICHAEL POMPEO, in his official capacity as Secretary of State, *et al.*,

    *Defendants*.

Civil Action No. 19-2316 (RC)

### DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS

Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and William Mitchell Pakosz have each filed papers styled as a "Notice and Demand," each demanding that Defendants "cease and desist from delaying, remanding, staying, obstructing or in any otherwise [sic] impeding the judicial process of this civil action under the guise of needing to verify [Plaintiffs'] identify with regard to the processing of [Plaintiffs'] passport renewal applications[.]"  *See* ECF No. 57 at 4 (regarding Plaintiff Carmichael); ECF No. 53 (Plaintiff Pakosz) at 5; and ECF No. 56 (Plaintiff Lewis) at 2.  Although Plaintiffs' "demands" are addressed to Defendants directly, and do not specifically request an Order from the Court, these filings were subsequently docketed as motions for an order to show cause.  *See* ECF Nos. 58, 59, & 60.  To the extent these filings are constituted as separate motions (apart from Defendants' pending motion for a voluntary remand, *see* ECF No. 61), they should be denied.

The crux of Plaintiffs' collective "demand" is that, in Plaintiffs' view, the State Department has no basis to question or verify Plaintiffs' identities or eligibility for the passport benefits they seek because it is undisputed that the Department previously issued passports to each Plaintiff.

However, as explained by Defendants in requesting a remand, *see* Defs.' Reply (ECF No. 66) at 6, the prior issuance of a passport does not necessarily warrant an "automatic" approval of any subsequent renewal application. While there is a separate process for applicants who have previously been issued a passport valid for 10 years in his or her own name (*see* 22 C.F.R. § 51.21(b)), no statute or regulation provides that a passport holder is entitled to a passport in the future just because the Department previously issued her one. In fact, the Department's passport regulations require all passport authorizing officers to review each and every "passport application and all documents, photographs and statements submitted in support of the application in accordance with guidance issued by the Department." *See* 22 C.F.R. § 51.5(b). This necessarily includes passport renewal applications.

Like all other passport applications, passport renewal applications must be reviewed to ensure the identity and nationality of the applicants. *See* 22 C.F.R. §§ 51.23-24 (identity verification), 51.25 (reviewing name discrepancies), 51.40-45 (citizenship verification). What is more, the regulations afford the Department discretion to ask for additional evidence of a passport renewal applicant's identity and nationality. *See* 22 C.F.R. §§ 51.23(c) and 51.45. Additionally, the Department is duty-bound to determine whether applicants have other ineligibilities for a U.S. passport. These include, among others, persons who are wanted felons and fugitives, persons who have criminal court orders prohibiting travel, certain persons delinquent with child support payments, certain sex offenders, and certain persons in arrears on federal taxes. *See* 22 C.F.R. § 51.60. In order to identify these persons, the Department receives electronic data transmissions from various federal and state agencies, and this data is run against various data points on each and every application. *See* Fultz Decl. (ECF No. 24-3) ¶ 11. Thus, it can hardly be said that previously being issued a passport entitles a passport holder to future passports.

For these reasons, Plaintiffs lack any legal basis to seek an order to prohibit Defendants from fulfilling their obligations to review their passport applications for any potential ineligibilities under Department regulations.  Moreover, Plaintiffs point to no legal authority, nor can they, that mandates the renewal of passports under the circumstances presented in this matter.  As discussed above, the fact that each Plaintiff previously obtained a passport is insufficient to establish eligibility for future passports.  Notably, Defendants' motion for a voluntary remand (which Plaintiffs oppose) would provide Plaintiffs with an opportunity to potentially establish their eligibility without the need to submit any social security numbers.  Therefore, to the extent Plaintiffs seek an order to show cause that would ultimately prohibit Defendants from fulfilling their responsibilities under Department regulations, the Court should deny those motions.

Dated January 6, 2021               Respectfully submitted,

                                    MICHAEL R. SHERWIN
                                    Acting United States Attorney

                                    BRIAN P. HUDAK
                                    Acting Chief, Civil Division

                                    /s/   Christopher C. Hair
                                    CHRISTOPHER C. HAIR, PA Bar No. 306656
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 252-2541
                                    Christopher.Hair@usdoj.gov

                                    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2021, I caused a copy of the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*/s/ Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant United States Attorney