United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.* ) | |
| ) | |
| *Plaintiffs* ) | Case No: 1:19-CV-2316-RC |
| ) | |
| v. ) | Re: ECF 67, 57, 56, 53 |
| ) | |
| Michael Richard Pompeo, *et Al.* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS**

1. The Defendants, in their consolidated response to Plaintiffs' notices and demands, admit and do not contest the facts that are put forth in the Plaintiffs notices to which the Defendants respond. The Defendants admitted and did not contest that their Attorney affirmed on November 10, 2020, in a statement made to Carmichael that there was no question as to the validity of the identity of any of the Plaintiffs made by the Defendants in this case (ECF 53, p. 5, para. 10; ECF 56, p. 2, para. 7; ECF 57, p. 2, para. 7; ECF 54, Att. 4, 2nd page, page 40 of 50 as docketed). The Plaintiffs notices and demands establish a threshold of evidence for which the Defendants cannot surmount with their fallacious rhetorical strategy, whereby their rationale for a remand is shown disingenuous.

2. The Defendants' citing of the Code of Federal Regulations, in the way that it was cited and the conclusory statements made referring to them, is deceptive. We address that matter in Paragraph 12. herein below.

3. In their consolidated response, they misidentify ""The crux of Plaintiffs' collective "demand."" (ECF 67, p. 1, para. 2) The "Demand" (as written in ECF 57) is: "**show by clear**

p. 1 of 18

**and convincing evidence** why the verity of my identity as a man communicated to the Defendants for the purposes of my passport application of 2008 or my passport renewal application of January 2018, should be questioned by the United States District Court or any party, agency or other natural or artificial person." (ECF 57 example, last paragraph of ECFs 53, 56, 57)

4. The Plaintiffs' notice and demands were made in reaction to the Defendants' notice by email that they intended to move the court to stay the adjudication and remand the process back to the agency on the false innovation that there is, or ever was, some question about the Plaintiffs' identities or that the Defendants were not capable of verifying the Plaintiffs identities without a SSN (ECF 54, Att. 3, p. 37 of 50 as docketed). The Defendants said in their email: "This may of course require State to confirm Plaintiffs identities through the use of other means. Therefore, State would require all Plaintiffs to comply with any requests for information the State Department might send them. ¶ We believe that this would provide Plaintiffs requested relief now; a guarantee that the State Department will review and consider whether it can identify Plaintiffs identities through means other than social security numbers." (ECF 54, pp. 36-37 / filed Dec 3, 2020 with ECF 53, 56, 57 but erroneously listed as Dec. 7 on the Docket) We were then able to anticipate that the Defendants would put forth an insincere proffer, without the support of any facts or record, that there was still a necessity to identify the Plaintiffs.

5. As forecast by the Plaintiffs in their anticipation that the Defendants would put forth a frivolous claim that a remand was needed because of some question of the Plaintiffs identities, the Defendants said in their motion for remand, "which there is no dispute did not consider alternate means of verifying Plaintiffs' identifies." (Def. Mot. For Remand, ECF 61, p. 2, 1st para.) The Defendants "did not consider alternate means of verifying Plaintiffs' identities"

because **there was no need to do so**, according to the 22 C.F.R. § 51.21(b) system of application that applied to the Plaintiffs' renewal by mail. The demands of the regulation regarding establishing identity for the purpose of renewal of the passports was fulfilled by the Plaintiffs according to 22 C.F.R. § 51.23(b):

> "(b) The applicant must establish his or her identity **by the submission of a previous passport**, other state, local, or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit of an identifying witness. 22 C.F.R. § 51.23(b) (Emphasis added)

6. The Defendants' response (ECF 67) makes a statement regarding the notion that 'generally' ""the prior issuance of a passport does not necessarily warrant an "automatic" approval of any subsequent renewal application."" (ECF 67, p. 2 – Emphasis added) Take note, the prior issuance of a passport generally validates the identity of the passport renewal applicant according to 22 C.F.R. 51.23(b). Take note that their "not necessarily warrant" statement does not exclude an "automatic" approval of any subsequent application so long as there is no substantial disqualifier. There is no disqualifier with regard to these Plaintiffs, with regard to the Complaint allegations that the Defendants do not deny, and with regard to the statements by the Defendants as to the cause of the denial of the passports of Lewis and Pakosz and the revocation of Plaintiff Carmichael's passport.

7. The Defendants misuse a factual statement to bait the Court into a conceiving a falsehood (ECF 67, p. 2). The Defendant says, "… no statute or regulation provides that a passport holder is entitled to a passport in the future just because the Department previously issued her one." Before we go on to explain, take note that no statute or regulation provides that a passport holder is not entitled to a passport in the future when the Department previously issued her one. The Plaintiffs pointing out in their notices and demands that they've already been issued a passport is not to say that it provides an automatic right to a renewal in general to

all people, though the reading of the regulation 22 C.F.R. §§ 51.21(b) and 51.23(b) implies that it is generally automatic. The point is that the issue of the Plaintiffs' identities was already adjudicated at the first issuance of the passport, that there is plenty to confirm those same identities, and there is nothing to challenge those identities. Indeed, the Defendants fulfilled what they cite in their consolidated response as their responsibility saying, ""In fact, the Department's passport regulations require all passport authorizing officers to review each and every "passport application and all documents, photographs and statements submitted in support of the applications in accordance with guidance issued by the Department." *See* 22 C.F.R. § 51.5(b).""" When you read 22 C.F.R. §§ 51.21(b) and 51.23(b), the regulation that lists those documents, photographs and statements submitted in support of the applications in accordance with guidance issued by the Department, you find that all of those things have been fulfilled in each of the Plaintiffs' situations (Attachment 1, 22 C.F.R. §§ 51.20 through 51.28).

8. The adjudicator of Plaintiff Carmichael's passport no doubt must be presumed to have fulfilled the identity requirement pursuant to 22 C.F.R. §§ 51.21(b) and 51.23(b) when his passport was renewed in January 2018. The reason it was revoked was not because that identification requirement was not fulfilled. The adjudicator of Carmichael's passport renewal did not (like the revoker) violate the Privacy Act, the Religious Freedom Restoration Act, 22 U.S.C. § 2721, 44 U.S.C. § 3512, or any other fundamental or statutory law but indeed upheld those laws and lawfully adjudicated and approved the passport renewal. The rogue agent that vindictively initiated the revocation of Plaintiff Carmichael's passport did not question the identity of Carmichael or the information in the Department's records that were used to verify Carmichael's identity for the purpose of a passport or passport renewal. She did so because she got wrapped around the axel when she discovered from Carmichael - that he does not identify

with a SSN, he made a request for religious accommodation when he applied for passport renewal, and his passport renewal was approved. She knew about it because of a conversation she had with Carmichael three months earlier regarding the adjudication of Plaintiff Pakosz's passport renewal (ECF 51 Amended complaint STATEMENT OF FACTS; Notices ECFs 53, 56, 57). She knew that it was for reasons of religion that Carmichael did not identify with a SSN. She was fully confident of Carmichael's identity. She made no claim that Carmichael was not the one to whom William Pakosz had given power of attorney. She made no claim that Carmichael appeared to be someone, or someone else, who was lawfully excluded from international travel. She believed that there is no such thing as a religious accommodation available with regard to passport applications, though she should have known better as an officer in the "law enforcement" liaison office. She knew or should have known that 44 U.S.C § 3512(a)(1) & (2) prohibited her from penalizing Carmichael for not answering a form not approved by the Congressional Office of Management and Budget. She had no problem identifying Plaintiff Carmichael and his passport in reference to the correspondence that was forwarded to her from the White House. The only error alleged by the Defendants' and their rogue agent has nothing to do with any question of Carmichael's identify or the identity of the other Plaintiffs.

**THE DEFENDANTS ADMIT THE FACTS OF THE PLAINTIFFS' NOTICES BY NOT REFUTING THEM IN THEIR CONSOLIDATED RESPONSE**

9.  The Defendants willful and intelligent neglect to refute any facts regarding the Plaintiffs identities and the Department of State's not questioning their identities in the Plaintiffs' notices and demands (ECFs 57, 56, 53) is **their composite response's (ECF 67) tacit affirmation that the Plaintiffs identities were not an issue in the adjudication of their passport renewals**.

A.   The Defendants have therefore admitted or waived contest to the following facts regarding Plaintiff David Alan Carmichael as put for in his **"Plaintiff Carmichael Gives Notice To Defendants And Demands That Defendants Show Cause By Clear And Convincing Evidence If The Identity Of Carmichael Is In Question"** (ECF 57):

1) The Defendants have admitted that the passport issued for Carmichael on January 24, 2008, was done so lawfully. (ECF 57, para. 1)

2) The passport issued for Carmichael on January 24, 2008, has never been questioned by the defendant as being improperly or unlawfully issued. (ECF 57, para. 2)

3) The passport issued for Carmichael on January 24, 2008, by the Defendants in response to his DS-11 U.S. Passport Application has never been questioned by the defendant as being issued due to erroneous, or lacking, information to support the verity of Carmichael's identity. (ECF 57, para. 3)

4) In Carmichael's conversation with Christine McClean regarding Plaintiff William Pakoz, on March 12, 2019, she never said that there was any question regarding verity of William's identity.  She readily spoke to Carmichael about William's case which causes Carmichael to understand that McClean had read the document made by William that granted to Carmichael his power of attorney for the matter of his passport processing. She had no question about Carmichael's identity as being the one who had William's power of attorney. (ECF 57, para. 4)

5) In the correspondence from the Defendants, they have never asserted that their revoking Carmichael's passport issued on January 30, 2018 was on the basis of their not being certain about his identity. (ECF 57, para. 5)

6) Nowhere in any of the correspondence to Carmichael from the Defendants, do the

Defendants at any time indicate that there is any question to the verity of his identity. (ECF 57, para. 6)

7) By citing 22 C.F.R. § 51.21(b), the Defendants admit that the ordinary procedure in renewing a passport for Carmichael in response to his DS-82 passport renewal application is to use the previously issued passport as evidence of identity. There is normally no other requirement. The DS-82 U.S. Passport renewal applications are normally sent by the applicant through the mail to the Defendants, along with the U.S. Passport holder's previously issued passport. If there is no reason to believe that the sender of the renewal application is not the person sending in the renewal application, there is no change in the residence or mailing address, there is a current photograph, and the proper fees are submitted, the passport is ordinarily renewed and sent to the renewal applicant by mail. (ECF 57, para. 7; Att. 1, 22 C.F.R. § 51.21(b))

8) David Alan Carmichael is the same man who applied for a passport in 2007 on form DS-11, and had a U.S. Passport issued for Carmichael, passport number 436634760. Carmichael has not changed his identity, residence, domicile, religion, or any other thing relevant to the administration or law relating to United States passports. (ECF 57, para. 8)

9) The Defendants in the case referenced and styled above, have made no good faith allegation that there is any question regarding Carmichael's true identity, or that they do not believe that Carmichael is the man that he says he is, and that Carmichael said he was when he applied for a passport in 2007 and was issued a passport on January 24, 2008. (ECF 57, para. 9)

10) The Defendants, through their Attorney, affirmed on November 10, 2020, in a statement made to Carmichael that there was no question as to the validity of the identity

of any of the Plaintiffs made by the Defendants in this case. (ECF 57, para. 10)

11) The Defendants admit that they issue passports to people who have never been associated with a Social Security Number. (ECF 57, para. 11)

12) Carmichael observed that the Defendants do not normally send a supplemental questionnaire to determine identity for a U.S. passport to those who have never been associated with a SSN when they apply to renew their passports and are approved. (ECF 57, para. 12)

B.   The Defendants have therefore admitted or waived contest to the following facts regarding Plaintiff Lawrence Donald Lewis as put forth in his "**Plaintiff Lewis Gives Notice To Defendants And Demands That Defendants Show Cause By Clear And Convincing Evidence If The Identity Of Lewis Is In Question**" (ECF 56):

1) The Defendants have admitted that the passport issued for Lawrence Donald Lewis (hereinafter Lewis) on May 2, 2008 was done so lawfully. (ECF 56, para. 1)

2) The passport issued to Lewis on May 2, 2008, has never been questioned by the Defendants as being improperly or unlawfully issued. (ECF 56, para. 2)

3) The passport issued to Lewis on May 2, 2008, by the Defendants in response to Lewis's DS-11 U.S. Passport Application has never been questioned by the Defendant as being issued due to erroneous, or lacking, information to support the verity of Lewis's identity. (ECF 56, para. 3)

4) By citing 22 C.F.R. § 51.21(b), the Defendants admit that the ordinary procedure in renewing a passport for Lewis in response to his DS-82 passport renewal application is to use the previously issued passport as evidence of identity. There is normally no other requirement. The DS-82 U.S. Passport renewal applications are normally sent by the

applicant through the mail to the Defendants, along with the U.S. Passport holder's previously issued passport. If there is no reason to believe that the sender of the renewal application is not the person sending in the renewal application, there is no change in the residence or mailing address, there is a current photograph, and the proper fees are submitted, the passport is ordinarily renewed and sent to the renewal applicant by mail. (ECF 56, para. 4)

5) Lawrence Donald Lewis is the same man who applied for a passport in April, 2008 on form DS-11, and had a U.S. Passport issued for Lewis, passport number 445066501. Lewis has not changed his identity, residence, domicile, religion, or any other thing relevant to the administration or law relating to United States passports. (ECF 56, para. 5)

6) The Defendants in the case referenced and styled above, have made no good faith allegation that there is any question regarding Lewis's true identity, or that they do not believe that Lewis is the man that he said that he is, and that Lewis said he was when he applied for a passport in April 2008 and was issued a passport on May 2, 2008. (ECF 56, para. 6)

7) The Defendants, through their Attorney, affirmed on November 10, 2020, in a statement made to Plaintiff David Alan Carmichael that there was no question as to the validity of the identity of any of the Plaintiffs made by the Defendants in this case. (ECF 56, para. 7)

8) The Defendants admit that they issue passports to people who have never been associated with a Social Security Number. (ECF 56, para. 8)

C. The Defendants have therefore admitted or waived contest to the following facts

regarding Plaintiff William Mitchell Pakosz as put forth in his "**Plaintiff Pakosz Gives Notice To Defendants And Demands That Defendants Show Cause By Clear And Convincing Evidence If The Identity Of Pakosz Is In Question**" (ECF 53):

1) The Defendants have admitted that the passport issued for William Mitchell Pakosz (hereinafter "Pakosz") on December 11, 2007, was done so lawfully. (ECF 53, para. 1)

2) The passport issued for Pakosz on December 11, 2007, has <u>never</u> been questioned by the defendant as being improperly or unlawfully issued. (ECF 53, para. 2)

3) The passport issued on December 11, 2007, by the Defendants in response to my DS-11 U.S. Passport Application has never been questioned by the defendant as being issued due to erroneous, or lacking, information to support the verity of Pakosz's identity. (ECF 53, para. 3)

4) Attachment 1, "20 Feb. 2019 Letter To Mike Pompeo, Secretary of State, Passport Renewal Application and Request For Religious Accommodation" is an accurate copy of the letters, and their attachments that Pakosz signed and sent to the Defendants on "20 Feb. 2019. It includes Pakosz's letter and its exhibits particularly address to the Secretary of State, Mike Pompeo. This is Pakosz's evidence that Pakosz is the man for whom Defendants issued a passport on December 11, 2007. Pakosz is that same man who made several attempts to renew his passport under the same auspices of a request for religious accommodation that Pakosz made for his 2007 passport. (ECF 53, para. 4)

5) The elements of Attachment 1, pages 1 through 130, sent with the "Plaintiff Pakosz Gives Notice To Defendants And Demands That Defendants Show Cause By Clear And Convincing Evidence If The Identity Of Pakosz Is In Question" are a true and

accurate copy of the documents sent by Pakosz to Defendant Michael Richard Pompeo in his official capacity for the purpose of Pakosz renewing his passport. (ECF 53, para. 5)

6) Nowhere in any of the correspondence to Pakosz from the Defendants do they at any time indicate that there is any question to the verity of Pakosz's identity. (ECF 53, para. 6)

7) By citing 22 C.F.R. § 51.21(b), the Defendants admit that the ordinary procedure in renewing a passport for Pakosz in response to his DS-82 passport renewal application is to use the previously issued passport as evidence of identity. There is normally no other requirement. The DS-82 U.S. Passport renewal applications are normally sent by the applicant through the mail to the Defendants, along with the U.S. Passport holder's previously issued passport. If there is no reason to believe that the sender of the renewal application is not the person sending in the renewal application, there is no change in the residence or mailing address, there is a current photograph, and the proper fees are submitted, the passport is ordinarily renewed and sent to the renewal applicant by mail. (ECF 53, para. 7)

8) William Mitchell Pakosz, is the same man who applied for a passport in 2007 on form DS-11, and had a U.S. Passport issued for Pakosz, passport number 434370467. Pakosz has not changed his identity, residence, domicile, religion, or any other thing relevant to the administration or law relating to United States passports. (ECF 53, para. 8)

9) The Defendants in the case referenced and styled above, have made no good faith allegation that there is any question regarding Pakosz's true identity, or that they do not believe that Pakosz is the man that he said his is, and that Pakosz said he is when Pakosz applied for a passport in 2007 and was issued a passport on December 11, 2007. (ECF 53,

para. 9)

10) The Defendants, through their Attorney, affirmed on November 10, 2020, in a statement made to Plaintiff David Alan Carmichael that there was no question as to the validity of the identity of any of the Plaintiffs made by the Defendants in this case. (ECF 53, para. 10)

## THE DEFENDANTS SHOW IN THEIR CONSOLIDATED RESPONSE AND FACTUALLY RELATED MOTION TO REMAND THAT THEY TRY TO CAMOUFLAGE THEIR ATTEMPT AT A "POST HOC RATIONALIZATION FOR ITS PASSPORT ACTIONS"

10. Even in their motion for remand, the Defendants admit, "However, after the Department realized that Carmichael had also refused to provide a social security number, the agency revoked it. Id. ¶ 23." (ECF 61, pp. 2-3) There is nothing in this case about the Defendants' questioning the identity of Carmichael, and there is no evidence of the Defendants questioning the identities of Pakosz and Lewis. In fact, they admit that the notion of an identity issue is being generated *ad hoc* as an alternative tactic to achieve an unwarranted remand. They say that their attempt "to engage in *post hoc* rationalization for its passport actions" is now accompanied by a "new agency action."

> "Finally, Defendants do not request a remand simply to engage in post hoc rationalization for its passport actions. See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) (noting that courts may not usually accept post hoc rationalizations for agency action). Rather, as noted above, the remand would permit the Department to consider alternate means of identification for the first time. As the Supreme Court recently noted, a court may remand for the agency to "deal with the problem afresh" by taking new agency action. Dep't of Homeland Case 1:19-cv-02316-RC Document 61 Filed 12/18/20 Page 7 of 10 8 Sec. v. Regents of the Univ. of Cal., 140 S. Ct. 1891, 1908 (2020) (quoting SEC v. Chenery Corp., 332 U.S. 194, 201 (1947)). "An agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action." Id. Defendants' requested voluntary remand is simply to permit the Department to consider whether it can accommodate Plaintiffs by requesting alternate identification information in order to fulfill its responsibility to issue passports lawfully." (ECF 61, pp. 7-8)

## THE DECLARATION OF FLORENCE FULTZ IS INVALID AND NOT SUFFICIENT EVIDENCE TO WARRANT DEFENDANT CLAIM THAT IDENTITY IS AN ISSUE

11. The Defendants not only admit the non-issue of the Plaintiffs identities in their non-responsive consolidated response, they cling to a glaringly invalid reference overreaching for an iota of evidence to show the Plaintiffs identity is suddenly an issue since they still after a decade do not identify with a SSN. The DECLARATION OF FLORENCE FULTZ is the primary document referenced by the Defendant regarding identifying passport applicants with a SSN (Consolidated Response, ECF 67, p. 2, last para.) . As unverified, it is invalid. The text says that it is a declaration of the personal knowledge of Paul Peek and it is executed by Florence Fultz. It is information that cannot be the first hand knowledge of either of the people without them personally being the scholar who compiled the statistical information. There is no information regarding the references, studies, or reports that might proffer the information summaries in the unverifiable declaration. It has no information regarding the Plaintiffs and it makes no claim that the Plaintiffs have not been sufficiently identified. It also glaringly ignores the fact that people are granted passport without identifying with a SSN so long as they sign an unlawful form. Yet the "DECLARATION" argues as if it is an absolute necessity to qualify a person for a passport unless a SSN is used. (ECF 24, Att. 3)

## THE DEFENDANTS' CITING OF THE CODE OF FEDERAL REGULATIONS, IN THE WAY THAT IT WAS CITED AND THE CONCLUSORY STATEMENTS MADE REFERRING TO THEM, IS DECEPTIVE

12. The Defendants' citing of the Code of Federal Regulations, in the way that it was cited and the conclusory statements made referring to them, is deceptive. The Defendant is manufacturing a fictitious process that is some powerful vortex into which all passport processing is trapped. Misquoting the text and twisting the context, citing 22 C.F.R. § 51.5 they

describe the power of the vortex with words that are not in the C.F.R. text saying, "the Department's passport regulations require all passport authorizing officer to review and every…" The text of the C.F.R. does not emphasize as "require" or "all" or "review" or "every". Instead it says, "A passport authorizing officer <u>may</u> adjudicate applications and authorize the issuance of passports." (Attachment 2, 22 C.F.R. § 51.5(a), Emphasis added). The Defendant artfully and deceptively implies by their focus on 22 C.F.R. § 51.5(b) that there is some necessary remaining examination (not review) of the passport application and all documents, photographs and statements submitted in support of the application in accordance with guidance issued by the Department." Was this not done by Carmichael's adjudicator in 2018? Indeed it was done. However, the one who worked diligently to deny and revoke the Plaintiffs passports did not "examine" but instead flatly and unlawfully disqualified the "statements" regarding religion submitted in support of the application or the passports would not have been denied or revoked.

> § 51.5 Adjudication and issuance of passports. (a) A passport authorizing officer may adjudicate applications and authorize the issuance of passports. (b) A passport authorizing officer will examine the passport application and all documents, photographs and statements submitted in support of the application in accordance with guidance issued by the Department. 22 C.F.R. § 51.5

13.     The Defendant then misquotes the titles of 22 C.F.R. §§ 51.23 and 51.25 to falsely allude to a powerful vortex, saying, "(identity verification)" and "(reviewing name discrepancies)" where the actual titles are "Identity of Applicant" and "Name of applicant to be used in passport" respectively. They then allude to the potential new reason to remand for a new agency action on the matter of the Plaintiffs' nationality by citing 22 C.F.R. § 51.45. (ECF 67 p. 2, 2nd para.) They go on to explain their being "duty bound" to determine whether applicants have other ineligibilities for a U.S. passport. They glaringly ignore that they are "duty bound" to apply law protecting religion, and honor the Plaintiffs' natural and fundamental right to travel

that ought not to be restricted without due process of law. They also mislead the Court into the fictitious vortex where they say their duty is "to determine whether applicants have other ineligibilities for a U.S. passport (citing 22 C.F.R. § 51.60). The regulation that they cite says, "Denial and restriction of passports. (a) The Department may not issue a passport, except a passport for direct return to the United States, in any case in which the Department determines or is informed by competent authority that:…" - those things listed in that regulation and in the Defendants' Consolidated reply such as 'felons and fugitives, persons who have criminal court orders prohibit travel, … delinquent child support, sex offenders, …tax debtors' by the Defendants admissions or non-contest **admittedly do not apply to the Plaintiffs**.

14. The Defendants end their second page by saying, "Thus, it can hardly be said that previously being issued a passport entitles a passport holder to future passports." There they obfuscate. What it can surely be said is that previously being issued a passport entitles a person to use the Defendants own passport document as substantial evidence of a passport holder renewal applicant's identity pursuant to 22 C.F.R. § 51.23(b).

**SUMMARY**

15. The Defendants generally using the SSN as one of many means to compare information among records to differentiate between people eligible or ineligible for travel outside the United States, before and after the F.A.S.T. Act in 2015, has no bearing "to the person" of each of the Plaintiffs identities in this case. The Defendants did not contest that there has never been a claim or allegation that there is anyone of the same name and other identifying information that is legally or lawfully excluded from travel outside the United States, or that is someone that cannot be distinguished from the Plaintiffs whether or not there is any issue regarding their right to international travel.

16. The tacit admissions of the Defendants by their CONSOLIDATED RESPONSE failure to deny or show cause, and their inaccurate and misleading citing and application of the relevant Federal Regulations, shows their remand litigation tactic is to delay and obfuscate. It is an abuse of process. It is prejudicing the Plaintiffs in that each day of delay dulls the memory of the Plaintiffs' witnesses who are principals in the case and in the employ of the Defendants.

17. The Defendants have tacitly waived their opportunity to show cause to prove any legitimacy of their notion of a "new agency" action. It is incumbent upon the Court to apply the applicable facts of the case, and the process thus far, and hold up the facts admitted and not denied by the Defendants. The Court must deny the Defendants' motion to remand on the basis of their needing to process 'alternate' means to establish the Plaintiffs identities. There is yet much more information to be had to substantiate the Plaintiffs' notices (ECF 53, 54, 57), and to show the insincerity of the Defendants' identification claims, by way of the Court granting the Plaintiffs' overdue scheduling conference and discovery.

I, David Alan Carmichael, declare that I join with my fellow Plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz in this our "**PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS.**" I likewise declare that the statements of fact are true or are believed by me to be true as I have deduced it by information available to me. By penalty of perjury, under the laws of the United States of America.

_David Alan Carmichael_ _____   _January 18, 2021_ _____
David Alan Carmichael                                    Date
1748 Old Buckroe Road
Hampton, Virginia 23664

I, Lawrence Donald Lewis, declare that I join with my fellow Plaintiffs David Alan Carmichael and William Mitchell Pakosz in this our "**PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS**." I likewise declare that the statements of fact are true or are believed by me to be true as I have deduced it by information available to me. By penalty of perjury, under the laws of the United States of America.

_____  18 JAN 2021
Lawrence Donald Lewis                Date
966 Bourbon Lane
Nordman, Idaho 83848

I, William Mitchell Pakosz, declare that I join with my fellow Plaintiffs David Alan Carmichael and Lawrence Donald Lewis in this our "**PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS.**" I likewise declare that the statements of fact are true or are believed by me to be true as I have deduced it by information available to me. By penalty of perjury, under the laws of the United States of America.

_____  
William Mitchell Pakosz  
P.O. Box 25  
Matteson, Illinois  60443

18 Jan. 2021  
Date

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by mail, the "PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICES AND DEMANDS" with its attachments for Carmichael v. Pompeo, case #1:19-CV-2316-RC.

I certify that I am no longer sick with COVID-19.  Therefor, I mailed the documents to:

> Angela D. Caesar
> Clerk of Court, District Court of the United States
> United States Courthouse
> 333 Constitution Ave NW
> Washington, DC 20001
>     Certified mail #7019 0160 0000 9640 7514
>
> I certify that I sent A copy of the document and certificate of service to:
>
> United States Attorney
> United States Attorney's Office
> Attn:  Christopher Hair
> 555 4th Street, N.W.
> Washington, D.C.  20530
>     Certified mail #7019 0160 0000 9640 7200
>
> William Mitchell Pakosz
> Box 25
> Matteson, Illinois  60443
>
> Lawrence Donald Lewis
> 966 Bourbon Lane
> Nordman, Idaho  83848
>
> And I served myself

Under penalty of perjury under the laws of the United States, the foregoing is true.

Signed: _David Alan Carmichael_   Date: _January 19, 2021_

    David Alan Carmichael
    1748 Old Buckroe Road
    Hampton, Virginia  23664