**United States District Court,**
District of Columbia

David Alan Carmichael, *et al.*          )
                                         )
       *Plaintiffs*                      )       Case No:  1:19-CV-2316-RC
                                         )
              v.                         )       Re:  Remand Order – Jan. 19, 2021
                                         )
Michael Richard Pompeo, *et Al.*         )
                                         )
       *Defendants*                      )


**Plaintiffs' Objection To Stay And Remand Order;**
**Motion For  Reconsideration And Rescission;**
**Alternate Motion For Stay Of Remand For The Purpose Of**
**Plaintiffs Motion For Declaration;**
**And Alternate Motion To Certify The Order For Interlocutory Appeal**



RECEIVED
Mail Room

FEB 1 0 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

TABLE OF CONTENTS

Table of Contents ................................................................................................ i

Table of Authorities ........................................................................................... iii

I.   Introduction ................................................................................................ 1

II.  Motions ...................................................................................................... 5

     A.  Motion For Reconsideration And Rescission ..................................... 5

     B.  Alternate Motion To Stay Remand Order For The Court To Consider ............. 5
         Plaintiffs' Declaratory Judgment Motion Or Judgment On Partial Findings
         Pursuant to Rule 52(c)

     C.  Alternate Motion For The Court To Certify Its Remand Order For ..................... 5
         Interlocutory Appeal

III. Objections .................................................................................................. 6

     A.  The Court Did Not Fairly Provide Opportunity For The Plaintiffs To Reply To ............... 6
         Defendants' Response And Therefore Did Not Fairly Consider The Established
         Facts And Law That Have Merit As Cited By The Plaintiffs' Reply

     B.  The Court Ignored Plaintiff-Supplied Facts That Qualify As Evidence, Acted ................. 7
         Contrary To Those Facts, And Did So Without The Defendant Having Any
         Evidence Or Facts To Support Their Motion Upon Which The Court Acted
         In Their Favor

     C.  The Court Misapplied 22 C.F.R. §§ Based Upon The False Narrative Of The .................. 8
         Defendants' Consolidated Response (ECF 67), Not Having Allowed Time For The
         Plaintiffs Timely Reply (ECF 68)

     D.  The Court Ignored Unrefuted Evidence That Indicates The Defendants Motion Is ............ 8
         An *Ad Hoc* Tactic To Engage In Post *Hoc Rationalization For Their Unlawful
         Actions In Order To Unfairly Repair* Their Case

     E.  The Court Has No Evidence From The Defendants To Support The Court's ..................... 9
         Granting Of The Defendants' Motion, Except For Unverified Hearsay That
         Is Not Evidence, But Was The Core Of What The Court Must Have Relied Upon
         Support The Granting Of The Remand Motion

     F.  There Is No Statutory Authority To Support The Court Ordering Remand ....................... 9

     G.  There Is No Rule Promulgated By The Supreme Court To Support The Court ................ 10
         Ordering The Remand

H. There Is No Record For Which The Court Can Examine In Order To .............................10
Justify A Remand

I. There Is Harm To The Plaintiffs, The Court Has Jurisdiction To Address The Harm, .....11
And There Is No Justification For The Court To Remand As If The Case Was One
Of Harmless Error

J. The Remand Order Of The Court Is A Violation Of Due Process Where It Is Like .........12
The Granting Of A Writ Of Mandamus Without A Party Filing The Demand For
A Writ, Without An Injury Or Factual Support To Warrant The Writ, And
Without Common Or Civil Law Authority Upon Which The Writ Might Rest

K. The Remand Order Of The Court Is A Violation Of Due Process Where It Is Like ........12
The Granting Of An Injunction Without A Party Filing For Injunction, Without
An Injury To The Party, Without Factual Support To Warrant The Injunction, And
Without The Mechanism For Appeal Ordinarily Available For An Interlocutory
Injunction

L. The Remand Order Of The Court Is A Violation Of Due Process Where It Is Like .........13
Ordering The Plaintiffs To Submit To Defendants Discover While Barring The
Plaintiffs From Discovery Plaintiffs' Notice Of Interlocutory Appeal

M. The Remand Order Of The Court Is A Violation Of Due Process Where It Is Like .........13
Ordering The Plaintiffs To Submit To Interrogation That Would Ordinarily Be
Objectionable And To Be Barred In A Deposition Or Interrogatory Under The
Ordinary Rules Of Discover And The Rules Of Evidence

N. The Court Gives No Instructions To The Defendants That Would Guide Them In ..........13
Correcting Their Behavior As Would Be Appropriate In A Legitimate Grant Of
Review, Vacate And Remand For Further Proceedings

IV. Summary ................................................................................................................15

V. Proposed Orders ....................................................................................................15

A. [Proposed] Order ...............................................................................................16

B. [Proposed] Alternative Order ............................................................................16

C. [Proposed] Alternative Order Or Additional Order .........................................16

Verification Of Plaintiff Lewis By Signature .............................................................17

Verification Of Plaintiff Pakosz By Signature ............................................................18

Verification Of Plaintiff Carmichael By Signature .....................................................19

TABLE OF AUTHORITIES

**Constitution of the United States of America**

    U.S. Const. Amend V. ................................................................................11

    U.S. Const. Amend IX.. ..............................................................................11

**United States Statutes At Large**

    *Rules Enable Act*, Public Law 100-702, 102 Stat. 4658 (Dec. 1, 1988) .............................4

    *Privacy Act*, P.L. 93-579, 88 Stat. 1896 (Dec. 31, 1974) .................................................11

    *Religious Freedom Restoration Act*, P.L. 103-141, 107 Stat. 1488 (Nov. 16, 1993) ........11

**United States Code**

    28 U.S.C. § 1292(b), *Interlocutory Decisions* ................................................5, 6

    28 U.S.C. § 2072, *Rules Of Procedure And Evidence; Power To Proscribe* .....................4

    28 U.S.C. § 2106, *Determination* ..............................................................1, 10

    28 U.S.C. § 2112, *Record On Review And Enforcement Of Agency Orders* .................2, 10

    28 U.S.C. § 2201, *Creation Of Remedy* .........................................................5

**Federal Rules Of Civil Procedure**

    Rule 11(b), *Representations To The Court* ....................................................9, 11

    Rule 41(a)(2), *Involuntary Dismissal; Effect* ...................................................11

    Rule 52(a)(2), *For An Interlocutory Injunction* ..............................................4, 8

    Rule 52(c), *Judgment On Partial Findings* ...................................................4, 5

**Code Of Federal Regulations**

22 C.F.R. § 51.21, *Execution Of Passport Application* ........................................................8

22 C.F.R. § 51.23, *Identity Of Applicant* ............................................................8

22 C.F.R. § 51.5, *Adjudication And Issuance Of Passports* ...............................................8

**Scholarship**

Richard D. Freer and Wendy Collins Perdue........................................................................3
    *Civil Procedure:  Cases, Materials, And Questions, Third Edition*

**United States District Court,**
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael, *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | Case No:  1:19-CV-2316-RC |
| | ) | |
| v. | ) | Re:  Remand Order – Jan. 19, 2021 |
| | ) | |
| Michael Richard Pompeo, *et Al.* | ) | |
| | ) | |
| *Defendants* | ) | |

**Plaintiffs' Objection To Stay And Remand Order; Motion For  Reconsideration And Rescission; Alternate Motion For Stay Of Remand For The Purpose Of Plaintiffs Motion For Declaration; And Additional Alternate Motion To Certify The Order For Interlocutory Appeal**

## I.    INTRODUCTION

1.     The remand ordered by the Court shocks the conscience of the Plaintiffs.

2.     The remand ordered by the Court mistakenly excluded substantive input from the Plaintiff by not considering the Plaintiffs' timely reply (ECF 68) to the Defendants' response (67) which was part of the basis upon which the Court granted the Defendants' remand motion.

3.     The first thought of the Plaintiffs is to consider "by what authority" is the court acting.  The Plaintiffs' response (ECF 65) to the Defendants' motion for remand (ECF 61) only found authority for the judiciary to "remand" from an appellate court to the court having original jurisdiction, 28 U.S.C. § 2106 (Determination).  The notion of the power to remand comes from the phrase in the statute, "or require such further proceedings to be had as may be just under the circumstances".

4.     Because the Defendants' cite no authority in statutory law or in any rule promulgated by the United States Supreme Court, for the Court to yield to the Defendants' request that the

Court remand to a party outside the judiciary, the Plaintiffs had to search the statutes which give power to the U.S. District Court. We could find none. We found only 28 U.S.C. § 2112 (Record on review and enforcement of agency orders). There the power is granted and specified for an appeals court to "enjoin, set aside, suspend, modify, or otherwise review or enforce orders." That statute gives no power for a District Court, having original jurisdiction of the case, to remand anything to either of the parties (Plaintiffs' Reply, ECF 65, pp. 5-6, paras. 14-16). Also, the nature of this action appears to not be that which is contemplated by the 'Record on review…' statute of 28 U.S.C. § 2112.

5.    In the Court's remand order, there is no statement of the authority by which the Court acts, no finding of fact, no conclusion of law. It appears that the Court gives no credence to the Plaintiffs, who plainly and squarely called for the court to consider the facts in evidence as a matter of law. (ECF 65, pp. 5-6, paras. 14-16).

6.   There is no citing of a rule promulgated by the Supreme Court that might indicate the District Court has the power to remand a case to any party.

7.    The act of the Court in partnership with the Defendant is a dangerous innovation that it is not available as a procedure to orthodox rulings, findings, orders or other actions of a District Court. The order of the Court is novel in that:

   a.    It is like the Defendant has been granted a writ of mandamus against the Plaintiffs whereby the Plaintiffs are ordered to comply with whatever unspecified thing the Defendants' demand, or the penalty is that the whole case will be dismissed. Such a dismissal is threatened notwithstanding the past concrete damage to the Plaintiffs substantial rights being actionable no matter what future passport status of the Plaintiffs. Yet, the Defendants have not put forth the writ, the law, or evidence to warrant such a

mandate.

      b.    It is like an injunction order where the Court is enjoining the Plaintiffs future noncompliance with the Defendants demands, under threat of sanction, and enjoining the Plaintiffs from proceeding in the action at law.  Yet, the Defendants have not put forth the writ, the law, or the evidence to warrant such an injunction.  The action of the Court is colored as something where the rules do not provide for an interlocutory appeal as would plainly stated injunction.

      c.    It is like the Court ordering the Plaintiffs to submit to discovery at the discretion of the Defendant while at the same time barring the Plaintiffs from the right to mandatory initial disclosures as well as any ordinary discovery.  Yet, the Defendants and the Court can not put forth the rule of civil procedure that could enable such a grossly unfair process.  It goes nowhere to preserve evidence for the moving Defendant, but increases the likelihood of loss of evidence held in the minds of Defendant employees; expands the issues frivolously rather than narrowing them; and permit only one party to acquire greater information about their own and the other side's case.  Only the Defendant is being allowed discovery to strengthen their own case, yet they are the alleged wrongdoer and the strongest evidence is in their possession.

> "The discovery rules serve three basic purposes.  They permit the preservation of evidence that might otherwise be lost before trial, provide mechanisms for narrowing the issues in dispute between the parties, and permit the parties to acquire greater information about their own and the other side's case."  Richard D. Freer, Robert and Wendy Collins Perdue, *Civil Procedure – Cases, Materials, and Questions, Third Edition*, © 2001[1], p. 377

---

[1]  D. Freer, Robert Howell, Hall Professor of Law and Dean of Faculty, Emory University School of Law, Atlanta, Georgia & Wendy Collins Perdue, Associate Dean and Professor of Law Georgetown Unitversity Law Center, Washington, D.C. *Civil Procedure – Cases, Materials, and Questions, Third Edition*, Anderson Publishing Co., Cincinnati, © 2001, p. 377

"The discovery rules also permit parties to acquire information for the purpose of strengthening their own cases. In many types of cases, the strongest evidence of wrongdoing will be in the possession of the alleged wrongdoer." *Ibid*, p. 379

8.      The Court's order should contain the court's finding of fact and conclusions of law according to Rule 52 if the order been an orthodox order such as injunction, or some other thing squarely titled in the Rules of Civil Procedure.[2]

    a.      Rule 52(a)(1) says, (2) *For an Interlocutory Injunction. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.*

    b.      Rule 52(c) says, "A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a)."

9.      Yet, because the Court's order (mandamus/injunction/preferential discovery order) is based upon a motion colorably titled a motion for voluntary remand, the Court's order on its face seems to slide under the necessity of findings of facts and conclusions of law. Had the Plaintiffs response not pointed out the want of statutory, evidentiary and other support for the motion; and had they not pointed out the injury to the substantial rights of the Plaintiffs which is something that even a rule provided by the Supreme Court is not allowed to do;[3] the need for findings of facts and conclusions of law might be missed. However, this dangerous innovation that is not supported by statutory rules of civil procedure, nor the Supreme Court promulgated rules of procedure, is on par with an injunction as a matter of its effect. It binds or mandates the conduct

---

[2] Federal Rules of Civil Procedure, With Forms, December 1, 2014, Printed for the use of The Committee On The Judiciary, House of Representatives; Historical Note: "The Supreme Court prescribes rules of civil procedure for the district courts pursuant to section 2071 of Title 28, United States Code, as enacted by Title IV "Rules Enabling Act" of Pub. L. 100-702, approved Nov. 18, 1988, 102 Stat. 4658", effective December 1, 1988.
[3] 28 U.S.C.§ 2072, Rules of procedure and evidence; power to prescribe
    (b) Such rules shall not abridge, enlarge or modify any substantive right.

of the Plaintiffs with a penalty, affecting an injury to substantial rights of the Plaintiffs without due process.  Ordinarily, such an interlocutory order would not only demand finding of fact and conclusions of law, it clearly could be appealed to the Circuit Court pursuant to 28 U.S.C. §1292(a)(1) as an interlocutory appeal.

## II.   MOTIONS

### A.   MOTION FOR RECONSIDERATION AND RESCISSION

10.     We move the Court to reconsider its mistake, error, and abuse of discretion, and rescind the order.

### B.   ALTERNATE MOTION TO STAY REMAND ORDER FOR THE COURT TO CONSIDER PLAINTIFFS' DECLARATORY JUDGMENT MOTION OR JUDGMENT ON PARTIAL FINDINGS PURSUANT TO RULE 52(c)

11.     Alternatively, we move the Court to stay its remand order so that the Court can consider our motion for Declaratory Judgment pursuant to 28 U.S.C. §2201, or a Judgment On Partial Findings pursuant to Rule 52(c), on the matter of whether the court has any lawful power to remand to the agency on the basis of the law, especially as it applies to the facts and verified evidence.  We intend to file the motion within fourteen (14) days of the filing of this document.

### C.   ALTERNATE MOTION FOR THE COURT TO CERTIFY ITS REMAND ORDER FOR INTERLOCUTORY APPEAL

12.     Alternatively, we move the Court to certify in writing that the remand order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  Then, we can take the matter to the Court of Appeals, District Of Columbia Circuit, pursuant to 28 U.S.C. § 1292(b).

> "(b)  When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference

of opinion and that an immediate appeal from the order may materially advance
the ultimate termination of the litigation, he shall so state in writing in such order.
The Court of Appeals which would have jurisdiction of an appeal of such action
may thereupon, in its discretion, permit an appeal to be taken from such order, if
application is made to it within ten days after the entry of the order: Provided,
however, That application for an appeal hereunder shall not stay proceedings in
the district court unless the district judge or the Court of Appeals or a judge
thereof shall so order." 28 U.S.C. § 1292(b)

## III.  OBJECTIONS

13.     In the following paragraphs, we Plaintiffs cite the most significant of our objections

to the Court's remand order of Tuesday, January 19, 2021 which arrived at Plaintiff

Carmichael's service address 180 miles away, nine days later, Thursday, January 28, 2021:

### A.     THE COURT DID NOT FAIRLY PROVIDE OPPORTUNITY FOR THE PLAINTIFFS TO REPLY TO DEFENDANTS' RESPONSE AND THEREFORE DID NOT FAIRLY CONSIDER THE ESTABLISHED FACTS AND LAW THAT HAVE MERIT AS CITED BY THE PLAINTIFFS' REPLY

14.     We object to the Court giving an order without providing due time for the Plaintiffs to

complete their filings which were relevant to the matter upon which the court gave its order (For

the second time; see Plaintiffs objection of November 25, 2019, ECF 12).  The court made a

mistake or abused discretion when it gave the remand order on the thirteenth day after

defendants' response (ECF 67) without allowing for the plaintiffs' timely reply (ECF 68) filed by

mail on the same day.  The substance of the plaintiffs' timely reply (13 days) and proposed order

(filed by mail on the fourteenth day after ECF 67, not yet docketed) was relevant to the court's

remand order and substantially showed the facts and merits to justify the denial of the

defendants' remand motion.

15.     In its order, the Court said that its decision was based upon, "and the entire record

herein."  The Court therefore considered the Defendants response (ECF 67) regarding the matter

of the Plaintiffs' identities and did not give the Plaintiffs opportunity to "reply" to the

Defendants' response (Plaintiffs' reply ECF 68, and the undocketed Plaintiffs' [Proposed] Order). The Plaintiffs reply, among other things, included regulations printed out to show that the Defendants' misquoted and misapplied the regulation in their rhetoric that persuaded that Court (ECF 68, Att. 1). **The substantive matters of fact and law that have bearing on the merits of the Defendants' remand motion, and the Plaintiffs opposition thereto, were not fairly or reasonably considered prior to the Court's order**. The lack of consideration for the Plaintiffs' timely reply harmed the plaintiffs, exacerbated the court's order's abuse of discretion, and compounded the error.

### B.    THE COURT IGNORED PLAINTIFF-SUPPLIED FACTS THAT QUALIFY AS EVIDENCE, ACTED CONTRARY TO THOSE FACTS, AND DID SO WITHOUT THE DEFENDANT HAVING ANY EVIDENCE OR FACTS TO SUPPORT THEIR MOTION UPON WHICH THE COURT ACTED IN THEIR FAVOR

16.    We object to the Court's wantonly ignoring the record that shows:

a.    The Defendants have had ample opportunity to contest the facts of the Complaint (ECFs 1, 15, 51) Response, and Plaintiffs' Notices and Demands (ECFs 53, 56, 57) and yet have correctly refused to contest the facts proffered by the Plaintiffs' under oath.

b.    Thereby, the Defendants admit that the original passports issued in 2007 and 2008 for the Plaintiffs were done so lawfully, and the Plaintiffs identities were verified adequately notwithstanding that they did not identify with a SSN.

c.    Thereby as well, the Defendants admit that they already approve passports notwithstanding the applicant does not identify with a Social Security Number (hereinafter "SSN").

d.    The Defendants admit that there is no need to investigate whether they can

identify the Plaintiffs or accommodate the Plaintiffs practice of not identifying with a SSN as a matter of religion.

17.     Those facts conceded, <u>among other facts outlined in the Plaintiffs reply</u> (ECF 68) to Defendants response (ECF 67) to Plaintiffs' Notices (ECFs 53, 56, 57) and Plaintiffs Response (ECF 65) to Defendants' motion for remand (ECF 61), show that the Defendants' motion for remand is frivolous as a matter of fact.  We object to the court ignoring plaintiff supplied facts that qualify as evidence.  We object to the court acting contrary to those facts.  We object to the court doing so without the defendant proffering any evidence or facts to support their motion upon which the court acted in their favor.  It is abuse of discretion that compounded error.

### C.    THE COURT MISAPPLIED 22 C.F.R. §§ 51.21, 51.23, and 51.5 BASED UPON THE FALSE NARRATIVE OF THE DEFENDANTS CONSOLIDATED RESPONSE (ECF 67), NOT HAVING ALLOWED TIME FOR THE PLAINTIFFS TIMELY REPLY (ECF 68)

18.     We object to the Court succumbing to the false narrative of the Defendant regarding the Code of Federal Regulations, 22 C.F.R. §§ 51.21, 51.23 and 51.5, in consideration for those things that we stated in our reply (ECF 68, with Attachments) which the Court did not give itself opportunity to consider (ECF 68, pp. 2-5, paras. 5-8).  The sophistry of the Defendants (ECFs 52, 61, 66, 67) persuaded the Court to act erroneously.

### D.    THE COURT IGNORED UNREFUTED EVIDENCE THAT INDICATES THE DEFENDANTS MOTION IS AN *AD HOC* TACTIC TO ENGAGE IN *POST* HOC RATIONALIZATION FOR THEIR UNLAWFUL ACTIONS IN ORDER TO UNFAIRLY REPAIR THEIR CASE

19.     We object to the Court granting the Defendants' remand motion even though it is observable in their "Motion" (ECF 61, pp. 7-8) that they must notionally overcome the prohibition against generating an *ad hoc* identity issue as an alternative tactic to achieve an unwarranted remand.  The Court has allowed the Defendants "to engage in *post hoc*

rationalization for its passport actions" colored under a "new agency action" that is manufactured

with no basis in fact as it relates to the persons of the Plaintiffs and the facts of this case.  (ECF

68, p. 12, para. 10., not yet considered by the Court)  The Defendants' motion is an unfair and

unjustified tactic to repair their case.  The passport denials and revocation were solely based

upon the Plaintiff not filling in a particular form (not an identity questionnaire but a SSN

questionnaire) where the form and the penalty against the Plaintiffs for not filling in the form are

all prohibited by law.  Based upon the facts and the law, the Defendants lose the case.  This ploy

is for the purpose of evading the facts and the law of the case, contrary to Rule 11(b) constraints.

The Court's order is abuse of discretion and error.

### E.   THE COURT HAS NO EVIDENCE FROM THE DEFENDANTS TO SUPPORT THE COURT'S GRANTING OF THE DEFENDANTS' MOTION, EXEPT FOR AN UNVERIFIED HEARSAY TEXT THAT IS NOT EVIDENCE, YET WAS THE CORE OF WHAT THE DEFENDANTS RELIED UPON TO SUPPORT THEIR MOTION

20.    We object to the Court allowing the Defendants to use the "DECLARATION OF

FLORENCE FULTZ" as their basis of there being a matter of identification being the controlling

factor (ECF 61, pp. 4, 5; ECF 66, pp. 2, 6; ECF 67, p. 2).  It is not a valid as evidence, and it in

no way introduces any evidence of a question of identification 'to the person' of the Plaintiffs.

The unverified text of the "DECLARATION…" even if it were declared and verified by the

same natural person, would be considered hearsay.  We object to its being considered as

evidence by the Court.  We also object to being denied to examine by deposition either Paul Peek

or Florence Fultz show where the text of the "DECLARATION…" is false, misstated, incorrect,

irrelevant, and etc.

### F.   THERE IS NO STATUTORY AUTHORITY TO SUPPORT THE COURT ORDERING REMAND

21.    We object to the Court granting the Defendants' "voluntary remand" motion where

there is no statutory authority for the judiciary to remand an action to one of the parties.  There is

no authority for the "District Court" to do so under 28 U.S.C. § 2112, which gives power to the

Court of Appeals rather than the District Court.  That statute is limited to certain review of

agency actions which do not include the Department of State.  And the power to "order further

proceedings" is not available to the court as it is in 28 U.S.C. § 2106 which can still only order

further proceedings to another court.  The Court's order is abuse of discretion and erroneous as a

matter of law.

### G.    THERE IS NO RULE PROMULGATED BY THE SUPREME COURT TO SUPPORT THE COURT ORDERING THE REMAND

22.    We object to the Court granting the Defendants' "voluntary remand" where there is

nothing in any rule of the Supreme Court giving the District Court any power, discretion,

guidance or other things regarding a remand of an actionable claim to one of the parties upon the

request of a party against the objection of another party.  The Rules give instruction regarding

discovery, and regarding injunctions, and such, but none regarding voluntary remand.  It is a

power that does not exist.  It is error in that it has no support in the law, it violates the

constitutional separation of powers doctrine, and it is abuse of discretion for those reasons and

that it is patently unfair to the party of the Plaintiffs.

### H.    THERE IS NO RECORD FOR WHICH THE COURT CAN EXAMINE IN ORDER TO JUSTIFY A REMAND

23.    We object to the Court gratuitously remanding the actionable cause to the Defendant

as if the District Court were a super-appeals court conducting a record on review, especially

without having a record to review.  The Defendants' record is so far concealed.  The Plaintiffs

would love to see "the record" held by the Defendants because it supports our case and causes of

action.  The Court has acted as if the Defendants have filed a record on review case against the

Plaintiffs, and then asked the court to enable the complainant (Defendants) to voluntarily retract

or stay the proceedings so that they could reconsider their case and controversy that they brought

to the court.  The provision in the rules for such a thing is a voluntary motion by the complainant

for a dismissal without prejudice where the complainant can try again within a year, Rule

41(a)(2).  The Court has to weigh in to ensure it is harmless, where there is no injury to the other

party, and whether Rule 11 sanctions might apply.  But, if this were such a case that was merely

a record on review, whether the complainants are one of the people or the government agency,

the Court of Appeals is restricted by statute to "enjoin, set aside, suspend, modify, or otherwise

review or enforce orders."  Reviewing the record of the agency would be the basis of their

decision.  There is here no record for review before the Court.  The record, if allowed to be

discovered, will not support the Court's remand order.  The Court's order is abuse of discretion

and erroneous.

## I.   THERE IS HARM TO THE PLAINTIFFS, THE COURT HAS JURISDICTION TO ADDRESS THE HARM, AND THERE IS NO JUSTIFICATION FOR THE COURT TO REMAND AS IF THE CASE WAS ONE OF HARMLESS ERROR

24.   We object to the Court treating the case as if it is one of no harm having been done, or

being done, or predictably done in the future; where in this case harm has been done, is being

done, and predictably shall be done in the future to the Plaintiffs as well as others.  Though there

are cases that the Defendants cited where the Court of Appeals contemplated a case being

remanded, we cannot find a "Rule" or a statute which authorizes the practice.  According to the

Statutes, it is not the Circuit Court or the District Court which has been empowered by the

Constitution or the Congress to make such a procedure.  There was trespass injury to our natural,

fundamental, and civil rights protected by Fifth Amendment, Ninth Amendment, the Religious

Freedom Restoration Act, and the Privacy Act.  The Court is erroneously and unfairly rewarding

the Defendant trespasser for their weird procedural tactic, where the Defendant offers admission of negligence as an affirmative defense.

### J.   THE REMAND ORDER OF THE COURT IS A VIOLATION OF DUE PROCESS WHERE IT IS LIKE THE GRANTING OF A WRIT OF MANDAMUS WITHOUT A PARTY FILING THE DEMAND FOR A WRIT, WITHOUT AN INJURY OR FACTUAL SUPPORT TO WARRANT THE WRIT, AND WITHOUT COMMON OR CIVIL LAW AUTHORITY UPON WHICH THE WRIT MIGHT REST

25.    We object to the Court committing error and abusing discretion where they grant what is in effect a writ of mandamus against the Plaintiffs where there is no lawful duty to act that would authorize such a writ, where the party of the Defendant has not filed such a writ, the Defendant has not provided facts or evidence to warrant such a writ, and where there is neither common law or civil law authority or procedure upon which the writ might rest.  The Plaintiffs have erroneously and abusively been ordered to comply with whatever unspecified thing the Defendants' demand, or the penalty is that the whole case will be dismissed.  Such a dismissal is threatened notwithstanding the past concrete damage to the Plaintiffs substantial rights being actionable no matter what future passport status of the Plaintiffs.  The Court's order is abuse of discretion and erroneous.

### K.   THE REMAND ORDER OF THE COURT IS A VIOLATION OF DUE PROCESS WHERE IT IS LIKE THE GRANTING OF AN INJUNCTION WITHOUT A PARTY FILING FOR INJUNCTION, WITHOUT AN INJURY TO THE PARTY AND FACTUAL SUPPORT TO WARRANT THE INJUNCTION, AND WITHOUT THE MECHANISM FOR APPEAL ORDINARILY AVAILABLE FOR AN INTERLOCUTORY INJUNCTION

26.    We object to the Court ordering that the Plaintiffs case be not adjudicated (injunction) until we first participate in a procedure that is not contemplated in the statutes or rules of court. The Court is enjoining the Plaintiffs future noncompliance with the Defendants demands, under threat of sanction.  Yet, the Defendants have not put forth the motion for injunction, the law, or

the evidence to warrant such an injunction.

**L.    THE REMAND ORDER OF THE COURT IS A VIOLATION OF DUE PROCESS WHERE IT IS LIKE ORDERING THE PLAINTIFFS TO SUBMIT TO DEFENDANTS DISCOVERY WHILE  BARRING THE PLAINTIFFS FROM DISCOVERY**

27.     We object to the Court ordering the Plaintiffs to submit to discovery at the discretion

of the Defendant while at the same time barring the Plaintiffs from the right to mandatory initial

disclosures as well as any ordinary discovery.  Yet, the Defendants and the Court can not put

forth the rule of civil procedure that could enable such a grossly unfair process.  It is erroneous in

that there is no provision in the law, the statutes, or the Supreme Courts' Rules and it is an abuse

of process in that it is patently unfair, not supported by and evidence from the Defendants, and

contrary to the evidence put to the Court record by the Plaintiffs

**M.    THE REMAND ORDER OF THE COURT IS A VIOLATION OF DUE PROCESS WHERE IT IS LIKE ORDERING THE PLAINTIFFS TO SUBMIT TO INTERROGATION THAT WOULD ORDINARILY BE OBJECTIONABLE AND TO BE BARRED IN A DEPOSITION OR INTERROGATORY UNDER THE ORDINARY RULES OF DISCOVERY AND THE RULES OF EVIDENCE**

28.     We object to the court effectively, erroneously, and abusively ordering the plaintiffs

to submit to interrogation that would ordinarily be objectionable and would be barred in a

deposition or interrogatory under ordinary rules of discovery and rules of evidence.  The

question postulated in the Defendants' remand motion has been asked and answered.  The

Plaintiffs are being badgered and bullied.  There is no factual foundation for the interrogation.

**N.    THE COURT GIVES NO INSTRUCTIONS TO THE DEFENDANTS THAT WOULD GUIDE THEM IN CORRECTING THEIR BEHAVIOR AS WOULD BE APPROPRIATE IN A LEGITIMATE GRANT OF REVIEW, VACATE AND REMAND FOR FURTHER PROCEEDINGS**

29.     We object to the Court granting a remand with no parental supervision, parens patria,

to the government power such as that they must:  1.  Determine if they would have granted the

religious accommodation had they considered it in light of the First Amendment, the Religious

Freedom Restoration Act, the fact that 22 U.S.C. § 2714a uses directory rather than mandatory

language, and that 22 U.S.C. § 2714a(1)(B) allows a waiver for humanitarian reasons, and that

they had previously issued the Plaintiff's passports, the United States has adjudicated the bona

fides of Plaintiff Carmichael's belief and practice of religion and has already accommodated it in

the context of treasury regulations when they used the term "N/A" in the TIN block for payment

of the six figure taxable judgment, etc.  2.  Determine whether the legitimate interest of

government is to ensure everyone should lawfully be permitted to travel outside the boundaries

of the United States unless it is proven that they are barred by law, or whether everyone is

automatically barred unless they can prove that they are not a pedophile, child neglecter, or

significant-tax debtor.  3.  Determine whether an American should be denied travel if their

identity cannot be not distinguishable from someone who has a similar identity but is barred

from travel, or should they be presumed to be a lawful traveler unless in can be proven without

reasonable doubt, or demonstrated by clear and convincing evidence that the passport applicant

is indeed barred from travel.  What should happen according to the natural and fundamental

rights protected by the Constitution of the United States of America if the evidence to distinguish

the two people is in equipoise?  4.  Determine whether their record can show that the matter of

the denial and revocation of the Plaintiffs passports was a matter of any real question of their

identity or because they did not fill in a particular form regarding a SSN.  5.  Determine if there

is now, or ever had been a question of these Plaintiffs identities, other than the SSN issue, since

the Plaintiff were issued their original passports.  Determine if there is any person who they have

discovered is barred from travel whose identity information is similar to the Plaintiffs so much

that further information is needed to persuade by the preponderance of the evidence that the two

people can be distinguished.  Etcetera.

## IV.  Summary

30.    The Court made a mistake in that it gave its order without considering the Plaintiff's reply (ECF 68) and proposed order (Not yet docketed) that was forthcoming in a timely submission.  The Court was influenced by its consideration of the Defendants reply document (ECF 67) and had not the opportunity to be shown by Plaintiffs' reply (ECF 68) that the Defendant made inaccurate citings of law or regulation that was designed to persuade the Court into its faulty remand order.  The Court's order, if it were lawful, would have clear guidance to direct the accused Defendant, who has expressly admitted negligence, what it needs to do in order to fulfill their duty under the law while protecting the rights of the other party.  The Court's order, that injures substantial rights of the Plaintiffs, was given with no finding of fact or conclusions of law to support it.  The Plaintiffs have through their Status Report (ECF 54), Response (ECF 65) and Reply (ECF 68 – not considered) provided significant points of law which ought to have influenced the Court to conclude that a remand order is improper.  The Court, by its mistaken premature order, has opened the door to its reconsideration of its remand order and an opportunity to rescind it.  The Plaintiffs alternatively seek for a finding of fact and conclusions of law from the Court by its own declaration of the law, or by the Circuit Court on appeal.  It is not because the Plaintiffs are litigious.  It is because there is a case of an injury claim and controversy that have been imposed upon the Plaintiffs; and they have a duty of religion to uphold the institution that is ordained of God (I Peter 2:13).  We need to get this case right, through a means to reach the ends objective justice rather than merely subjective efficiency.

## V.  [PROPOSED] ORDERS

### A.   [PROPOSED] ORDER

*Upon consideration of Plaintiffs' motion for reconsideration and rescission, the Court's remand and stay order of January 19, 2021, is hereby rescinded.*

### B.   [PROPOSED] ALTERNATIVE ORDER

*Upon consideration of Plaintiffs' motion for reconsideration, the remand order is hereby stayed for the Court to consider the Plaintiffs' motion for Declaratory Judgment or Judgment On Partial Findings on the matter of whether the court has any lawful power to remand to the agency on the basis of the law, especially as it applies to the facts and verified evidence. The Plaintiff is ordered to file their motion no later than February 16, 2021. The Defendant may file a response no later than fourteen days after the Plaintiffs' motion is filed, with the Plaintiffs being allowed fourteen days thereafter to reply. The Court will not act without the Plaintiffs documents being able to traveled by mail which is slowed as a consequence of the COVID-19 emergency.*

### C.   [PROPOSED] ALTERNATIVE ORDER OR ADDITIONAL ORDER

*Upon consideration of Plaintiffs' motion for reconsideration motion, pursuant to 28 U.S.C. § 1292(b), the Court to certifies that the remand order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The case is stayed pending the Plaintiffs filing an interlocutory appeal to the Circuit Court according to the time requirements of the Rules.*

I, Lawrence Donald Lewis, declare that I join with my fellow Plaintiffs David Alan Carmichael

and William Mitchell Pakosz in this our "PLAINTIFFS' OBJECTION TO STAY AND

REMAND ORDER; MOTION FOR  RECONSIDERATION AND RESCISSION;

ALTERNATE MOTION FOR STAY OF REMAND FOR THE PURPOSE OF PLAINTIFFS

MOTION FOR DECLARATION; AND ADDITIONAL ALTERNATE MOTION TO

CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL.  I likewise declare that the

statements of fact are true or are believed by me to be true as I have deduced it by information

available to me.  I certify that it is not being presented for any improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law; the

factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and the

denials of factual contentions are warranted on the evidence or, if specifically so identified, are

reasonably based on belief or a lack of information.

*Lawrence Donald Lewis*      1 February 2021
Lawrence Donald Lewis                                                    Date
966 Bourbon Lane
Nordman, Idaho  83848

I, William Mitchell Pakosz, declare that I join with my fellow Plaintiffs David Alan Carmichael and Lawrence Donald Lewis in this our "PLAINTIFFS' OBJECTION TO STAY AND REMAND ORDER; MOTION FOR RECONSIDERATION AND RESCISSION; ALTERNATE MOTION FOR STAY OF REMAND FOR THE PURPOSE OF PLAINTIFFS MOTION FOR DECLARATION; AND ADDITIONAL ALTERNATE MOTION TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL. I likewise declare that the statements of fact are true or are believed by me to be true as I have deduced it by information available to me. I certify that it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

William M. Pakosz

_____
William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443

/ Feb 2021
_____
Date

p. 16 of 16
18 of 18

I, David Alan Carmichael, declare that I join with my fellow Plaintiffs Lawrence Donald Lewis

and William Mitchell Pakosz in this our "PLAINTIFFS' OBJECTION TO STAY AND

REMAND ORDER; MOTION FOR RECONSIDERATION AND RESCISSION;

ALTERNATE MOTION FOR STAY OF REMAND FOR THE PURPOSE OF PLAINTIFFS

MOTION FOR DECLARATION; AND ADDITIONAL ALTERNATE MOTION TO

CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL.  I likewise declare that the

statements of fact are true or are believed by me to be true as I have deduced it by information

available to me.  I certify that it is not being presented for any improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law; the

factual contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery; and the

denials of factual contentions are warranted on the evidence or, if specifically so identified, are

reasonably based on belief or a lack of information.

By penalty of perjury, under the laws of the United States of America.


_David Alan Carmichael_                    _February 2, 2021_
David Alan Carmichael                                  Date
1748 Old Buckroe Road
Hampton, Virginia  23664

# C E R T I F I C A T E   O F   S E R V I C E

I, David Alan Carmichael, hereby certify that I delivered by mail, the "Plaintiffs' Objection To Stay And Remand Order; Motion For  Reconsideration And Rescission; Alternate Motion For Stay Of Remand For The Purpose Of Plaintiffs Motion For Declaration; And Additional Alternate Motion To Certify The Order For Interlocutory Appeal" for Carmichael v. Pompeo, case #1:19-CV-2316-RC.

Therefor, I mailed the documents to:

    Angela D. Caesar
    Clerk of Court, District Court of the United States
    United States Courthouse
    333 Constitution Ave NW
    Washington, DC 20001
        Certified mail #7019 0160 0000 9640 7576

    I certify that I sent A copy of the document and certificate of service to:

    United States Attorney
    United States Attorney's Office
    Attn:  Christopher Hair
    555 4th Street, N.W.
    Washington, D.C.  20530
        Certified mail #7019 0160 0000 9640 7552

    William Mitchell Pakosz
    Box 25
    Matteson, Illinois  60443

    Lawrence Donald Lewis
    966 Bourbon Lane
    Nordman, Idaho  83848

    And I served myself

Under penalty of perjury under the laws of the United States, the foregoing is true.

Signed : _David Alan Carmichael_ Date: _Feb 7, 2021_
        David Alan Carmichael
        1748 Old Buckroe Road
        Hampton, Virginia  23664