United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.*  )<br>  )<br>   *Plaintiffs*  )<br>  )<br>     v.  )<br>  )<br>Antony John Blinken, *in his*  )<br>*Official capacity as Secretary of State, et al.,*  )<br>  )<br>   *Defendants*  ) | Case No: 1:19-CV-2316-RC<br><br>Re: ECF (Pltf) 68, 65, 54, 57, 56, 53<br>& (Def) 67, 66, 61, 52 |

**PLAINTIFFS' MOTION FOR DELCARATORY JUDGEMENT
OR PARTIAL FINDING OF FACTS AND CONCLUSIONS OF LAW
REGARDING REMAND ORDER OF JANUARY 19, 2021**

1. We Plaintiffs move the Court to DECLARE its finding of fact and conclusions of law that justify its remand order of January 19, 2021, in this case.

2. The authority for the Court to act in accordance with our motion is the Declaratory Judgments Act 28 U.S.C. § 2201, and Rules 57 and 52 of the Federal Rules of Civil Procedure pursuant to 28 U.S.C. § 2072.

3. Considering the foundation laid in our Memorandum In Support, Section II, paragraphs. A. through H., **find fact and conclude law** as to whether it is lawful or just for the Court to remand without the grant of authority specified by a particular statute or Rule of the United States Supreme Court.

4. Considering our pleas and the law cited our Memorandum In Support, Section III, paragraphs. A. through D., **find fact and conclude law** as to whether the statutes of 5 U.S.C. Chapter 7, *Judicial Review*, shows that:

   A.  5 U.S.C. § 704, *Actions reviewable* cannot be the basis for remand.

  B. Remand in our case is not contemplated by 5 U.S.C. § 705, *Relief Pending Review*, especially where there is no pending review.

  C. 5 U.S.C § 706, *Scope of review*, shows remand is neither necessary nor appropriate.

  D. The Administrative Procedures Act Imposes The Burden Of Proof Upon The Agency To Justify Their Action.

 5. Considering our pleas and the law cited our Memorandum In Support, Section IV, **find fact and conclude law** as to whether the court order unjustly allows the defendants to unilaterally enforce a virtual *writ ne exeat republica*, a power reserved to the district court by statute; and whether it does so flipping the burden of proof on its head contrary to fundamental right.

 6. Considering our pleas and the law cited our Memorandum In Support, Section V, paragraphs A. and B., **find fact and conclude law** as to whether the nature of the restricted liberty right demands strict scrutiny in a court of law; and whether:

  A. Preventing all men from acting in order to disable any man from acting wrongly is not the purpose for which this government is instituted.

  B. The oath on the DS-11 and DS-82 forms fulfills the threshold necessary to affirm identity and liberty to travel.

 7. Considering our pleas and the law cited our Memorandum In Support, Section VI, paragraphs A. and B., **find fact and conclude law** as to whether the nature of this case is distinguished from the cases cited by the defendants; and whether remand is not appropriate to the persons or to the subject matter.

  A. Relying upon district and circuit courts' dictum regarding remand usurps the

Constitution, eviscerating the power of the Congress and the Supreme Court.

  B. Remand is an abuse-of-discretion reach to subjective equity when the process is directed by law.

  8. Considering our pleas and the law cited our Memorandum In Support, Section VII, **find fact and conclude law** as to whether the Privacy Act says that the District Court has jurisdiction to adjudicate the complaint and to order the agency to correct its record.

  9. Considering our pleas and the law cited our Memorandum In Support, Section VIII, **find fact and conclude law** as to whether remand is unnecessary and inappropriate where the defendant uses the excuse of trying to discover if they can reach a least restrictive means (4th prong of RFRA) without first proving compelling interest (3rd prong of RFRA).

  10. Considering our pleas and the law cited our Memorandum In Support, Section IX, find **fact and conclude law** as to whether the model case showing how this court must adjudicate is the federal circuits' grant of appeal, vacate of judgment, and remand to the lower court (GVR) in *Carmichael v. United States*, 298 F.3d 1367 & 66 Fed. Cl. 115.

  11. Considering our pleas and the law cited our Memorandum In Support, Section X, paragraphs A. through C., **find fact and conclude law** as to whether:

  A. The weight of evidence in the matter of verification of identity shows that the defendants have not demonstrated or shown substantial evidence that there is a question of the plaintiffs' identity apart from a SSN; and whether it is not material given that the regulations say the previous passport is sufficient.

  B. The statutory passport eligibility requirements, 22 U.S.C. § 212, are shown to be fulfilled by the weight of evidence, with no evidence of ineligibility.

  C. The correct application the regulations as they apply to the weight of evidence

and the arguments of our Reply (ECF 68, p. 14-15, ¶ 13.) is that the identification requirements of 22 C.F.R. §§ 51.23, 51.25 and 51.5 are presumed fulfilled in the initial passport.

12. Considering our pleas and the law cited our Memorandum In Support, Section XI, paragraphs A. through D., find fact and conclude law as to whether remand undermines or causes unnecessary interference or delay with the plaintiffs discovery for the purpose of complete relief on all causes of action; and whether:

    A.  Remand undermines or cause delay with plaintiffs' discovery and complete relief regarding RFRA.

    B.  Remand undermines or causes delay with plaintiffs' discovery and complete relief regarding Privacy Act.

    C.  Remand undermines or causes delay with plaintiffs' discovery and complete relief regarding the claims on the Fifth Amendment and due process.

    D.  The premise upon which the remand motion is based has any support in fact; otherwise find that the motion on its face is frivolous and for the purpose to delay or deny plaintiffs discovery and complete relief.

13. According to the findings of fact and conclusions of law, limited to the Courts record which does not include the agency record, and without recourse to discovery thus far, the Court is moved to report such findings of fact and conclusions of law as it relates to the Court's remand order of January 19, 2021.  As a matter of the statutes, the Rules, and the compelling and persuasive motions and arguments of the Plaintiffs, the Court should rescind its remand order and should commence discovery.  Since the Plaintiffs cannot move for summary judgment until all discovery is finished, the Court should *sua sponte* coerce the

Defendant to either grant passport to Plaintiffs William Mitchell Pakosz and Lawrence Donald Lewis, and to void the revocation of Plaintiff David Alan Carmichael's passport or alternatively show evidentiary proof why such partial relief should not be granted. Should the Court not be persuaded by our motion and memorandum, grant our alternative motion to certify the court's finding of fact, conclusions of law, and the Court's order for our interlocutory appeal to the D.C. Circuit.

14. We refrain from submitting a proposed order due to the complexity of the relief sought here.

I hereby David Alan Carmichael, Plaintiff, hereby certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) The motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. I have conferred with the other Plaintiffs for the drafting of this motion which they intend to join.

/s/ *David Alan Carmichael*

David Alan Carmichael, Plaintiff
1748 Old Buckroe Road
Hampton, Virginia  23664
david@freedomministries.life
(757) 850-2672