# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MICHAEL POMPEO, in his official capacity as Secretary of State, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-2316 (RC) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A REMAND, STAY, AND CERTIFICATION FOR INTERLOCUTORY APPEAL

On January 21, 2021, the Court granted Defendants' motion for a voluntary remand to permit the U.S. Department of State (the "Department") to reconsider the specific passport denial and revocation actions that Plaintiffs challenge in this lawsuit under the Religious Freedom Restoration Act ("RFRA") and other laws. *See* 1/21/21 Minute Order (hereafter "Remand Order"); Defs.' Mot. for Voluntary Remand (ECF No. 61) at 5-8. Plaintiffs now move for reconsideration of the Court's Remand Order. *See generally* Pls.' Mot. (ECF No. 72). Alternatively, Plaintiffs request that the Court stay its Remand Order to permit the opportunity for Plaintiffs to submit additional motions, or for the Court to certify its remand order for interlocutory appeal. *Id.*

Plaintiffs' motion should be denied. *First*, their motion fails to establish any clear error in the Court's Remand Order or demonstrate injustice caused by the Order. *Second*, their request for a stay to permit additional motions practice is premature and only frustrates the purpose of the Remand Order. *Third, and finally*, Plaintiffs have failed to demonstrate that certification of the Court's Remand Order for interlocutory appeal of the Remand Order is appropriate under the circumstances presented in this case.

**LEGAL STANDARDS**

I. **Motions for Reconsideration.**

Within 28 days of an order, an unsatisfied litigant may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).[1] A motion under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). The Supreme Court has observed that "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (internal quotation marks and citation omitted). "The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

The clear-error standard for Rule 59(e) is "very exacting." *Bond v. U.S. Dep't of Justice*, 286 F.R.D. 16, 22 (D.D.C. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414,

---

[1] Although Plaintiffs do not specify which rule they seek reconsideration under, Defendants presume that they seek relief under Rule 59(e). Rule 60(b)(6) allows the Court to relieve a party from a final judgment for "any . . . reason that justifies relief." This rule sets forth a more lenient schedule than Rule 59(e). *See* Fed. R. Civ. P. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time"). However, the D.C. Circuit has "observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

422 (D.D.C. 2005)). As the Seventh Circuit has observed, "[t]o be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

Similarly, manifest injustice under Rule 59(e) "does not result merely because a harm may go unremedied." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013). "Instead, "manifest injustice" must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Id.*

## II. Certification for Interlocutory Appeal.

Section 1291 of Title 28 of the U.S. Code grants the courts of appeals "jurisdiction of appeals from all final decisions of the district courts." This finality requirement "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974). The narrow exception to this finality requirement in 28 U.S.C. § 1292(b) permits an interlocutory appeal when the district court "shall be of the opinion [(1)] that [a nonfinal] order involves a controlling question of law as to which there is substantial ground for difference of opinion and [(2)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

If the district court certifies a question for interlocutory review, the relevant court of appeals retains the "discretion" to determine whether to permit the appeal or not. *Id.* Courts of appeals construe such statutory grants of interlocutory review narrowly, "applying them only when a district court's challenged ruling might be of 'serious, perhaps irreparable, consequence' to a litigant and therefore merit immediate review." *Banks v. Office of Senate Sergeant-At-Arms &*

3

*Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1345 (D.C. Cir. 2006) (quoting *Cobell v. Kempthorne*, 455 F.3d 317, 321 (D.C. Cir. 2006)). Absent a certification by the district court, however, the court of appeals is without jurisdiction to consider the matter. *See Kahl v. Bureau of Nat'l Affairs*, 856 F.3d 106, 118 n.2 (D.C. Cir. 2017).

## ARGUMENT

### I. The Court Should Deny Plaintiffs' Request for Reconsideration.

Plaintiffs' reconsideration motion should be denied because they have failed to identify any intervening change of controlling law, new evidence, clear error, or any manifest injustice. *See Messina*, 439 F.3d at 758. Instead, Plaintiffs merely repeat their prior arguments that this Court lacks the authority to grant Defendants' remand motion. *See* Pl.'s Mot. at 1-2. However, as Defendants previously pointed out, Plaintiffs confuse a remand to an executive agency with an appellate court's power to remand a case to a lower court. *See* Def.'s Reply (ECF No 66) at 4-5. Moreover, in the circumstances presented here (where the Department has announced its intention to reconsider Plaintiffs' specific passport denial and revocation actions), courts "generally grant" an agency's motion for a remand. *See id.* (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 439 (D.C. Cir. 2018); *see also Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017). Plaintiffs point to no intervening change in the law regarding a court's discretionary authority to permit a voluntary remand or new evidence that would call into question the providence of doing so here.

Plaintiffs also argue that reconsideration is warranted because the Court did not duly consider Plaintiffs' pleading submitted after the Court issued its remand order. *See* Pl.'s Mot. at 15. But Plaintiffs do not argue that they have not been afforded a full and fair opportunity to oppose Defendants' remand motion. Nor can they, *see* Pl.'s Opp'n (ECF No. 65) (opposing

4

Defendants' remand motion). Instead, they argue that the Court should have considered their reply brief (ECF No. 68), which was submitted in further support of their prior motions to "show cause" demanding that Defendants "cease and desist from delaying, remanding, staying, obstructing or in any otherwise [sic] impeding the judicial process of this civil action under the guise of needing to verify [Plaintiffs'] identify with regard to the processing of [Plaintiffs'] passport renewal applications[.]" *See* ECF No. 57 at 4 (regarding Plaintiff Carmichael); ECF No. 53 (Plaintiff Pakosz) at 5; and ECF No. 56 (Plaintiff Lewis) at 2. Simply put, Plaintiffs' reply brief has no bearing on Defendants' remand motion and fails to even mention it. Moreover, the Court already denied Plaintiffs' "show cause" motions in light of its Remand Order, *see* 1/21/21 Minute Order.

Plaintiffs also fail to identify any manifest injustice that would result from the Court's Remand Order. *See Slate*, 12 F. Supp. 3d at 35. Plaintiffs argue that they have been effectively "ordered to comply with whatever unspecified thing the Defendants' demand," Pl.'s Mot. at 2, and "to submit to discovery at the discretion of the Defendant[s] while at the same time barring the Plaintiffs from the right to mandatory initial disclosures as well as any ordinary discovery." *Id.* at 3. The Court's Remand Order, however, did no such thing. Indeed, the Court addressed Plaintiffs' concerns and concluded that, "[n]otwithstanding Plaintiffs' argument that no further information is required from them to adjudicate their requests for accommodation (because their identity is not at issue given their submission of their prior passports by mail), Plaintiffs are encouraged to comply with Defendants' reasonable requests for further information in furtherance of Defendants' efforts on remand." 1/21/21 Minute Order. The Court also noted that the "refusal by Plaintiffs to provide such requested information, if the Court finds that Defendants' new requests were justified, may serve as a basis for the State Department to legitimately deny the requests for accommodation." *Id.* Thus, the Court made clear that Plaintiffs are not required to do anything at

5

all. Instead, the Remand Order serves to provide an opportunity to efficiently resolve the parties' dispute, potentially without the need for further litigation. This is precisely the purpose of a voluntary remand. And, as Defendants point out, it actually benefits Plaintiffs' in this case. *See* Def.'s Reply at 1. Accordingly, Plaintiffs' erroneous characterization of the Court's Remand Order does not demonstrate any manifest injustice here.

Plaintiffs make various other arguments in support of their motion, but they merely raise arguments that either were, or could have been, raised in their opposition to Defendants' remand motion. *Exxon Shipping Co.*, 554 U.S. at 485 n. 5. Accordingly, Plaintiffs provide no basis for the Court to revisit its Remand Order. Because they have also failed to identify any manifest injustice, their reconsideration motion should be denied.

## II. The Court Should Also Deny Plaintiffs' Request for A Stay.

Plaintiffs also request a stay to permit additional litigation based on their recently-filed motion for declaratory judgment. *See* ECF No. 75 (docketed on Feb. 25, 2021). However, the Remand Order has already stayed this action. Plaintiffs appear to acknowledge this fact based on their subsequent motion for the Court to lift the stay and consider their declaratory judgment, *see* ECF No. 76. In any event, Plaintiffs' apparent desire to proceed to the merits provides no basis to disturb the Court's Remand Order or lift the stay prematurely. "Typically, a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed." *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015). In light of the Court's Remand Order, the Court should not permit any further filings until after the remand period ends. Doing so would require Defendants to devote significant resources to further litigation instead of focusing on their reconsideration efforts, thereby frustrating the purpose of the Remand Order.

Plaintiffs' motion should also be denied because they have made no attempt whatsoever to confer with Defendants regarding their motions regarding the lifting of the stay. Local Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR R. 7(m). Failure to adhere to the Local Rules is appropriate grounds for denying a party's motion. *See Borum v. Brentwood Village*, Civ. A. No. 16-1723, 2020 WL 5291982, at *10 (D.D.C. Sept. 4, 2020) (collecting cases).

Thus, primarily because permitting Plaintiffs to prematurely proceed to the merits of this lawsuit would frustrate the purpose of the Remand Order, the Court should decline to disturb the stay and deny Plaintiffs' motion for declaratory judgment without prejudice.

### III. The Court Should Deny Plaintiffs' Request to Certify The Court's Remand Order for Interlocutory Appeal.

Alternatively, Plaintiffs move the Court under 28 U.S.C. § 1292(b) to certify in writing that the remand order involves a controlling question of law as to which there is substantial ground for difference of opinion. *See* Pl.'s Mot. at 5. This request should also be denied.

First, Plaintiffs have failed to identify any "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Court's Remand Order is consistent with D.C. Circuit precedent, see *Limnia, Inc.*, 857 F.3d at 386, because the Department expressly intends to reconsider Plaintiffs' passport applications. Neither Plaintiffs' opposition to Defendants' remand motion nor the instant motion sheds any light of a "substantial ground" for a difference of opinion here. Rather, Plaintiffs merely press their prior arguments regarding the Department's authority to consider social security numbers in adjudicating passports, some of which this Court addressed in its prior Order granting in part and denying in part the

7

government's motion to dismiss.  *See Carmichael v. Pompeo*, Civ. A. No. 19-2316, 2020 WL 5095466, at *4 (D.D.C. Aug. 28, 2020) (concluding that the government acted within its authority to deny passports to applicants who fail to provide their social security numbers).  Further, as noted above, Plaintiffs have failed to identify any harm caused by the Remand Order, much less any "serious, perhaps irreparable, consequence" to them.  *Banks*, 471 F.3d at 1345 (internal quotation marks omitted).  This further militates against certification for interlocutory appeal.

Second, Plaintiffs have failed to demonstrate that an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Here, the remand period ordered by the Court (*i.e.*, 90 days) is reasonable, and is likely less time than it would take the parties to fully litigate an appeal.  Thus, an interlocutory appeal is likely to prolong, rather than to speed up, the conclusion of this litigation.  And Plaintiffs would be no worse off having received and replied to the State Department's requests for additional information.  No matter what Plaintiffs' response to those requests, they will be free to further litigate their claims if they remain dissatisfied after the remand period.

\*     \*     \*

## CONCLUSION

For the reasons discussed above, Defendants request that the Court deny Plaintiffs' motion for reconsideration, for a stay, and for the Court to certify its remand order for interlocutory appeal. Plaintiffs' motion for declaratory judgment should also be denied without prejudice.

Dated February 26, 2021       Respectfully submitted,

                                         MICHAEL R. SHERWIN
                                         Acting United States Attorney

                                         BRIAN F. HUDAK
                                         Acting Chief, Civil Division

                                         /s/   *Christopher C. Hair*
                                         CHRISTOPHER C. HAIR, PA Bar No. 306656
                                         Assistant United States Attorney
                                         555 Fourth Street, N.W.
                                         Washington, D.C. 20530
                                         (202) 252-2541
                                         Christopher.Hair@usdoj.gov

                                         *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2021, I caused the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

*/s/ Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MICHAEL POMPEO, in his official capacity as Secretary of State, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-2316 (RC) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' motion for reconsideration, for a stay, and for the Court to certify its remand order for interlocutory appeal, Defendants' opposition, and the entire record, it is hereby **ORDERED** that Plaintiffs' motion is **DENIED**. It is **FURTHER ORDERED** that Plaintiffs' motion for declaratory judgment is **DENIED** without prejudice.

**SO ORDERED**.

_____  
Date

_____  
Rudolph Contreras  
United States District Judge