United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.*     ) | |
|                                    ) | |
| *Plaintiffs*                       ) | Case No: 1:19-CV-2316-RC |
|                                    ) | |
| v.                                 ) | Re: ECF 77 (Def.) |
|                                    ) | ECFs 72, 75, 76 (Plaint.) |
| Antony John Blinken, *in his*      ) | |
| *Official capacity as Secretary of State, et al.,*  ) | |
|                                    ) | |
| *Defendants*                       ) | |

**PLAINTIFFS' REPLY TO "DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A REMAND, STAY, CERTIFICATION FOR INTERLOCUTORY APPEAL"**

1.   The day after were filed our comprehensive motion[1], with memorandum (Feb. 25th)(ECF 75), for the Court to declare the law and facts regarding its 'minute' order of Jan. 20th, the Defendants filed their response (ECF 77) to the Plaintiffs objections to the stay and remand minute order (ECF 72).[2]   In their response to which we here reply, they made statements that we thoroughly refuted in our motion and memorandum document submitted the previous day (ECFs 75, 76).  **It is for the Court to read the motions and memoranda to determine whether we indeed sufficiently raised objections to the courts order on the basis of fact and law that amounts to clear error and abuse of discretion** - that either injures the Plaintiffs or works an injustice to the Plaintiffs and society as a matter of our system of justice in the Constitutional frame.  Our hope is that the Court will take a good look at our objections, and motion for

---

[1] Plaintiffs' Motion For Declaratory Judgment Or Partial Finding Of Facts And Conclusions Of Law Regarding Remand Order Of January 19, 2021 (ECF 75)
[2] Plaintiffs' Objection To Stay And Remand Order; Motion For Reconsideration And Rescission; Alternate Motion For Stay of Remand For The Purpose Of Plaintiffs Motion For Declaration; And Alternate Motion To Certify The Order For Interlocutory Appeal

declaratory judgment and partial finding of fact; and will consider that law, the rules, and the articulation of their application by the U.S. Supreme Court, to determine that the remand order is indeed clear error, a violation of law and an abuse of discretion.

**The Allegations In The Defendants' Response Are False As A Matter of Fact And Law**

2.   The defendants allege firstly that our "motion fails to establish any clear error in the Court's Remand Order, and that it fails to "demonstrate injustice caused by the Order" Secondly, the Defendants allege that our "request for a stay to permit additional motions practice is premature and only frustrates the purpose of the Remand Order." Thirdly, the Defendants allege that we "have failed to demonstrate that certification of the Court's Remand Order for interlocutory appeal of the Remand Order is appropriate under the circumstances presented in this case." (ECF 77, p. 1)   Their allegations are false as a matter of fact and law.  We address points made by the Defendants (quoted, italicized, and emphasized).

**The Defendants Rightly Characterize The Effects Of The Order.  It Helps Identify The Clear Error Of The Order**

3.   In the "Legal Standards I" section, the Defendants used a case citing that relates to a Rule 59(e) reconsideration motion.  They used the term "judgment."  There, they support exactly what we complain about in our objections, reconsideration, and ultimately our demand for finding of fact and conclusions of law.  The Defendants show that they consider the court's remand order as a "judgment." Yet, the Court docketed the order as a "minute" order.  It is so minute that it did not even rate a docket number.  The law and the rules require such a judgment to find fact and make conclusions of law that is not minute or that takes merely a minute.

4.   The Defendants argued that a Rule 59 reconsideration "*is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest*

*injustice.'"* Citing *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006), inter alia. *The Supreme Court has observed that "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008).* We are not re-litigating the issue. We are reacting to the conduct of the Court's executing a judgment that did not address any of the fact or law put before it, and hiding it under the bushel of a "minute" order. The Defendants are ignoring, and asking the Court to ignore, the substance of not only our response to the remand motion, but the substance in fact and law that in our reply (ECF 68) to their response (ECF 67) document that categorically affirmed the facts that weighed heavily against their remand motion. They also ignore the fact that our objections and motions to the Court about the remand order are particularly about the gross manifest injustice of giving such an order without finding of fact and law, especially when there was so much fact and law put before the court by the Plaintiffs.

**Our Objection, Reconsideration and Motion Document Is Replete With Notice of Clear Error That The Defendant Falsely States Is Missing**

5. The Defendants' case quotations against us are shocking in that they substantiate our justification for our demand for an "adversarial" process in which all "*parties are expected to bring <u>all</u> arguments before the <u>court</u>*." (Emphasis added) ""*The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court and the ability of the parties and others to rely on the finality of judgments." U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos., Inc.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).""  Replete with complaints of clear error are our filings of the Status Report (ECF 54), our Response to the remand motion, (ECF 65) before the remand order (pseudo judgment); our Reply (ECF 68) that

should have been part of the consideration; our objections (ECF 72) and motion for declaratory judgment (ECF 75) after the order (pseudo-judgment).  Whether or not ""The clear-error standard for Rule 59(e) is "very exacting.""" We've fulfilled that "exacting standard as a matter of clear error and due to the "new" information of which the Court mistakenly did not avail itself (notwithstanding the timeliness of the Plaintiffs submission (ECF 68)).  We celebrate the Defendants taking such a stance to protect and apply the Rules.  They ought to be estopped from doing the opposite when it comes to applying the Rules of Court pursuant to 28 U.S.C. §§ 1292, 2106, 2113.

6. Whatever Rule allows the Court to act on our motion for declaratory judgment, let the Court act according to the Rules.  Whether or not a rule is used sparingly, let it be for the sake of justice.  The Defendants accuse us of trying to employ the reconsideration and declaration motions as "simply to rescue a litigant from strategic choices that later turn out to be improvident."  That applies not to us, but to the Defendants and their unsupportable innovation of the notion that we have not already been sufficiently identified.  The Defendants' strategic choices were violations of law that have reaped predictable rather than merely improvident consequences.  The only strategic choice made by the Plaintiffs thus far was filing in the District Court, District of Columbia.  We trust that Providence leans in our favor since we are doggedly striving to uphold the law of God and the law of men.

**Unjust Means Cannot Reach Just Ends**

7. The Defendants have argued that approving our motions will be an injustice since they think it might be stretching the rules a bit.  "*Sparingly*" applied process appears to mean to them that such a process is excluded to us in the rules.  "*Unrefrigerated dead fish*" is not an objective standard to measure manifest injustice.  The objective standard is the quote the

Defendants make, "Instead, "manifest injustice" must entail <u>more than just a clear and certain prejudice to the moving party</u>, but also a result that is **<u>fundamentally unfair in light of governing law</u>**." *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013). Manifest injustice is the remand order's forsaking the "*light of governing law*" and the Rules that have the force of law, that describe the procedure for **fair** due process.

**The Defendants Elevate Termination Above Justice**

      8.  The Defendants quote 28 U.S.C. § 1291, saying the finality requirement "*embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals*." The remand order offends this principle in that it obstructs and impeded an ongoing judicial proceeding. The Defendants' next quote from 28 U.S.C. § 1292(b) cites the particular motivation for our alternative motion. It "*involves a controlling question of law as to which there is substantial ground for difference of opinion*." 28 U.S.C. § 1292(b)(1),  Our substantial grounds took 44 pages of memorandum in support of the declaratory judgment motion, as well as the treatise submitted intended to stave off the Court's error and abuse of process. The Court did not offer an iota of fact or conclusions of law to contradict those differences, yet acted notwithstanding the differences. The rules pursuant to 28 U.S.C. § 1292(b)(2), place the burden of adjudicating the action upon the District Court. The remand causes an interruption in the process that is designed to reach "termination" with justice rather than merely clearing the docket. Departure from the law and the Rules motivates the Plaintiffs to initiate whatever process is appropriate to reach justice and uphold the institution that is supported by the law and the rules. That interference with termination is not on the shoulders of the Plaintiffs who are merely reacting to dangerous innovations moved by the Defendants and tolerated by the Court.

9. The Defendants are careful to remind the Court of the laws leaving the certification of the remand order to the "discretion" of the Court. The Plaintiffs have been faithful to remind the Court of the lack of discretion imposed upon the Court by the laws and the Rules, directing the Court in its procedure providing for adjudication. We've also been faithful to remind the Court that the law and the Rules lack any directive or permissive language regarding a remand for a record on review. The statutes and Rules indicate the Court has no discretion. The Court is obligated to demand a certified record from the agency before the Court makes a record-on-review decision. The Defendants attempt to persuade the Court to subjectively but "strictly" consider that the Court would certify for an interlocutory appeal, "only when a district court's challenged ruling might be of 'serious, perhaps irreparable, consequence' to a litigant and therefore merit immediate review." Among other injustices that we've described in our filings, (ECFs 53-57, 65, 68, 72, 75, 76) which we do not abandon, one irreparable consequence of the one-sided discovery 90-day delay is that it delays our reaching agency witnesses that will substantiate our just claims. It makes it worse in that it is unjustified. The departure from the Rules invites secondary adjudication over the law of the Court actions. The consequence of usurpation of the constitutional frame is irreparable. Those are serious consequences. The only thing that can be reversed is the trend.

10. We are each conscious of irreparable injury to each of our lives due to the unlawful denial and delay of our passports. We each have suffered the irreparable injury of denial of our pursuit of relationships that resulted from the denial and revocation of our passports. Those details of fact will become more relevant as we consider tort and other statutory damages relief. Our concern right now is the ultimate reach for justice. This ultimate reach for justice can only be attained by someone in competent authority, the Court, ordering the State Department actors

of the highest and lowest rank to obey and apply the law.

**Appeals Court Rules Regarding Record-On-Review Substaniate Plaintiffs Motion Contrary To Response Rhetoric Of The Defendants**

11. We have to admit, it is only after reading this latest document from the Defendants that we discovered a separate set of rules for the Circuit Court of Appeals. Those rules match our quotations of statute in our motion for declaratory judgment. The procedure is for the Plaintiffs to move for a stay of proceedings in the agency action, if there is indeed a record on review proceeding in the Circuit court. Just the opposite of what the District Court has ordered. The agency then has to certify the agency's record of the administrative proceedings, and send that record up to the Court that is conducting the record on review. Instead of having the agency make maneuvers to quash the Plaintiffs discovery, the record is produced for the Plaintiffs and the world to see. It is not discretionary. (Federal Rules Appellate Proceedure, Rules 15-20)

12. Should the Defendant agency actually initiate the threatened frivolous interference with our passport acquisition and maintenance, we have the option to file for a record-on-review proceeding. Upon our motion, the agency has no discretion but to stay the execution of their threatened denial. They have no discretion but to produce all of the record.

13. Those rules that we have just found show that our motion for finding of fact and conclusions of law has substantial justification in law. The statutes and the Rules which implement the statutes show that our actionable case and controversy is, for the sake of justice, the responsibility of the District Court to adjudicate.

**Defendants Claim Of Our Confusion Is Accurate.  We Are Confused How The "Law" Allows Remand Where There Is Not Sight Of It In Statute Or Rules**

14. In their argument section, the Defendants reiterate their statement saying that we have failed to identify any intervening "…, new evidence, clear error, or any manifest injustice." That

is a false statement which we addressed in our previous paragraphs.

15. The Defendants cite what they consider as our confusion. There is no doubt we are confused by the disconnect between the statute-driven rules and the order of the Court that came with no finding of fact and conclusions of law to evidence any validity of the order in fact or law. Indeed, we can find no intervening change in the law that might indicate that there is any "discretionary authority to permit a voluntary remand…" Though we have begged for it, the Defendants have yet to cite the law or the Rule that gives the general grant of remand which some courts have claimed themselves to have as discretion. The Defendants have yet to cite where in the law is the grant to the Circuit courts the power to manufacture judicial procedure law and rules of court by the means of repeating dictum. We've pointed out that the power of making such rules 'that have the force of law' is delegated by the law to the Supreme Court. They issues rules under the blessing and scrutiny of the Congress pursuant to 28 U.S.C. 1292. The Defendants have shown no statute that contradicts our argument.

**Plaintiffs' Replay (ECF 68) Has Every Bearing On Defendants Remand Motion And The Remand Order**

16. We strongly disagree with the Defendants' statement, "*Simply put, Plaintiffs reply brief has no bearing on Defendants' remand motion and fails to even mention it.*" Our reply (ECF 68) to the Defendants response (ECF 67) had every bearing on the Defendants' remand motion and did indeed reference its relevance to the motion. We explained the relationship of our Reply (ECF 68, ¶ 4.) to the Defendants' remand motion (ECF 61). It is also significantly relevant because it established facts related to the Defendants' motion that should have been considered by the Court for a finding of fact and conclusions of law. Those facts weigh heavily against the justification and reasonableness of the order.

17. In their Response (ECF 67) to our Notices (ECFs 53, 56, 57), the Defendants

associated the relevance of the Notices to their Motion (ECF 61). Their entire response was one big demurrer of the Notices. They focused their demurer on the grounds of the importance of the regulations regarding the agency's considering passport applications and issuances 22 C.F.R. §§ 51.21(b), 51.23(b), 51.23-24, 51.25, 51.40-45 and 51.5. Their demurrers were woven with false statements, false quotations, and exclusion of statutes and regulation quotes that contradicted their demurer. Those falsehoods demanded our reply:

> *"Like all other passport applications, passport renewal applications must be reviewed to ensure the identity and nationality of the applicants. See 22 C.F.R. §§ 51.23-24 (identity verification), 51.25 (reviewing name discrepancies), 51.40-45 (citizenship verification). What is more, the regulations afford the Department discretion to ask for additional evidence of a passport renewal applicant's identity and nationality. See 22 C.F.R. §§ 51.23(c) and 51.45. Additionally, the Department is duty-bound to determine whether applicants have other ineligibilities for a U.S. passport. These include, among others, persons who are wanted felons and fugitives, persons who have criminal court orders prohibiting travel, certain persons delinquent with child support payments, certain sex offenders, and certain persons in arrears on federal taxes. See 22 C.F.R. § 51.60. In order to identify these persons, the Department receives electronic data transmissions from various federal and state agencies, and this data is run against various data points on each and every application. See Fultz Decl. (ECF No. 24-3) ¶ 11. Thus, it can hardly be said that previously being issued a passport entitles a passport holder to future passports."*

18. In our Reply (ECF 68) to these above misstatements, we actually quoted the regulation that refuted the misleading conclusions of the Defendant in their Response (67), "*Thus it can hardly be said that previously being issued passport entitles a passport holder to future passports*." As a matter of an applicant's identity and the relevant regulation which the Defendants evaded, it certainly does indicate that previously being issued a passport entitles a passport holder to future passports. Our Reply quoted the regulation (ECF 68, para. 5.):

> "(b) The applicant must establish his or her identity **by the submission of a previous passport**, or other state, local, or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit on an identifying witness. 22 C.F.R. § 51.23(b) (Emphasis added)"

19. The Defendants' closing paragraph explained that their Response (ECF 67) to our

Notices and Demands (ECFs 53, 56, 57) were intricately associated with the credibility of their Remand motion.

> *"For these reasons, Plaintiffs lack any legal basis to seek an order to prohibit Defendants from fulfilling their obligations to review their passport applications for any potential ineligibilities under Department regulations. Moreover, Plaintiffs point to no legal authority, nor can they, that mandates the renewal of passports under the circumstances presented in this matter. As discussed above, the fact that each Plaintiff previously obtained a passport is insufficient to establish eligibility for future passports. Notably, Defendants' motion for a voluntary remand (which Plaintiffs oppose) would provide Plaintiffs with an opportunity to potentially establish their eligibility without the need to submit any social security numbers. Therefore, to the extent Plaintiffs seek an order to show cause that would ultimately prohibit Defendants from fulfilling their responsibilities under Department regulations, the Court should deny those motions. Dated January 6, 2021"* (ECF 67, p. 3.)

20. What is especially striking about the Defendants' Response (ECF 67) is that it glaringly did not make any attempt to refute the facts formally put to the Defendants on the Court record (ECFs 53, 56, 57). They knowingly, willfully, intelligently, and recklessly, failed to refute those facts put to them before two or more witnesses. It is becoming increasingly difficult to imagine what more we have to do validate facts regarding the frivolity of the Defendants' remand for identification.

21. The Defendants' made strategic use of a Response (ECF 67) which wove itself into the rationale for its remand motion. It was submitted prior to the Court's decision about remand. It was submitted with the knowledge that the "[PROPOSED] ORDER" included that statement, "and the entire record herein." It also gave itself the opportunity to refute the facts of the Notices and Demands (ECFs 53, 56, 57) and abandoned the contest of those facts.

22. Another false statement of the Defendants is, : ""*Moreover, the Court already denied Plaintiffs' "show cause" motions in light of its Remand Order, see 1/21/21* (Sic) *Minute Order.""* Our reply (ECF 68) was ready for filing Monday, January 18, 2021, but the post office was closed due to the holiday. The U.S. Postal Service tracking shows that we sent it certified

mail at 10:50 a.m. on January 19, 2021.  We did not know about the Court's "minute order" of January 19th until we got a third-party automated email alert about the docketing of the order on January 20th at 11:24 p.m.  Yet, the Defendants said that our Reply (68) were submitted subsequent to the Court's order  Our certificate of service attests to that fact that our document was in the mail most likely before the Court order was signed, and a day before it was docketed.

**The Defendants Cite The Manifest Injustice While Saying There Is No Manifest Injustice**

23. The Defendants again use the very manifest injustice, of which we complained, to try to show that we failed to identify any manifest injustice.  It is Orwellian truth-speak.  "*Plaintiffs also fail to identify any manifest injustice that would result from the Court's Remand Order. See Slate, 12 F. Supp. 3d at 35. Plaintiffs argue that they have been effectively "ordered to comply with whatever unspecified thing the Defendants' demand," Pl.'s Mot. at 2, and "to submit to discovery at the discretion of the Defendant[s] while at the same time barring the Plaintiffs from the right to mandatory initial disclosures as well as any ordinary discovery.*"  The unbridled grant of interrogatory powers to the accused offending party while simultaneously excluding those powers to the accusing injured party is patently unfair on its face.  That unfairness is manifest injustice.  It cannot manifest anything but injustice.

**It Is Impossible To Find Requests Are Justified Without Having Facts To Counterweigh**

24. Then, the Defendants celebrate the Court's warning, "*if the Court finds that Defendants' new requests were justified, may serve as a basis for the State Department to legitimately deny the requests for accommodation*."  On its face, it is impossible for the Court to "find" that requests are "justified" if the Court has no counter-balancing facts with which to make such a determination.  There is no record before the Court to determine whether the information already in possession of the plaintiffs meets or exceeds the requirements of the law

and 22 C.F.R. § 51.23(b). There is no discovery power available to the Plaintiffs to extract the information in possession of the Defendants to show that their requests for new information are unreasonable let alone "justified." Seeing that inevitability, our notices and demands were filed.

**The Defendants Arguments To Deny Lifting Of Stay Are Not Persuasive**

25. The Defendants combine their response to the Plaintiffs' stay motion (ECF 76) with their Response (ECF 77) to our Objections, Reconsideration and Motions filing (ECF 72), saying: "*The Court Should Also Deny Plaintiffs' Request for A Stay. Plaintiffs also request a stay to permit additional litigation based on their recently-filed motion for declaratory judgment.*" The following precise words used by the Defendants are deceptive. "*Plaintiffs' apparent desire to proceed to the merits provides no basis to disturb the Court's Remand Order or lift the stay prematurely*." It is not for "proceeding on the merits" that the lifting of the stay is moved for by the Plaintiffs in their discovery judgment motion (ECF 76). It is not re-litigating the remand motion. It is particularly an action against the conduct of the court *in situ*, due to the court arbitrarily (hopefully not capriciously) taking action without addressing the facts or the merits that were squarely put before it, making no finding of fact and law, not citing any law or rule upon which the Court exercised the power. If the Court cannot find fact and law that supports its remand, the Court has a duty to stay the remand until it can find fact and law to support it. The Defendants stated, ""*Typically, a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed." Grimes v. District of Columbia, 794 F.3d 83, 90 (D.C. Cir. 2015).*"" Until the Court finds fact and concludes law to justify its order, the "broad discretion" is abused.

26. The Defendant complains that litigating the lawfulness of the Order interferes with the Defendants' reconsideration efforts. So far, we see no effort by the Defendants to those ends.

The Defendants' Attorney's litigation work has nothing to do with the agency either considering the correction of their behavior or their trying to figure out how they can manufacture an unjustified new action on the matter of Plaintiffs identity without subjecting themselves to sanctions.  A request for the Court to make a finding of fact and conclusions of law in conformance with the non-discretionary law and rules is better than the workload on the Court, the Plaintiffs, the Defendants, a panel of three judges, staff and clerk across the street on a writ to compel the Court to act according to the non-discretionary law and rules.

**The Defendants Elevate The Rules Above The Substance Of The Facts That Warrant Discretion While At The Same Time Persuading The Court To Ignore The Rules That Dissuade Discretion**

27. To the Defendants' lifting of the value of the rules we say Amen!!!  The Defendants complain that we violated Local Rule 7(m).  The Defendant is straining a gnat and swallowing a camel.  We explained in our motion for stay that we did not confer with the Defendants because "… they are presumed to be in objection on the basis of (ECF 52, 61, 66, 67), and no doubt intend to file the ordinary objection due within 14 days of these filings or according to a date set by order of the Court."  Our Objection/Reconsideration/Motion document gave notice, warning that within 14 days of its filing, the Declaratory Judgment/Partial Finding of Fact motion was coming.  That is the gnat that they strain.  Their quoting the reason why the Court's remand order is unjustified is the swallowed camel.  "Failure to adhere to the Local Rules is appropriate grounds for denying a party's motion. See Borum v. Brentwood Village, Civ. A. No. 16-1723, 2020 WL 5291982, at *10 (D.D.C. Sept. 4, 2020"  Our motions and memoranda currently before the Court (ECFs 72, 75, 76) shine the light on the reality that 'failure to adhere to the (Supreme Courts') promulgated rules pursuant to the law' is appropriate grounds for denying a party's motion.  The motion for lifting the stay is merely housekeeping suited for the associated motion

for declaratory judgment or partial finding of fact.

### The Defendants Fail To Show Evidence That They Are Prejudiced By Plaintiffs' Motions

28. The Defendants have failed to show by any evidence that they are prejudiced by these motions made by the Plaintiffs. There can be no injustice to anyone when the Court applies the law and the Rules.

29. The Defendants ask the Court to deny our alternative motion to certify the Court's remand order, forgetting that we first asked the Court to make findings of fact and conclusions of law upon which such a certification would be based. We believe that it is most likely that the Court will be convinced by its finding of fact and conclusions of law that remand is not appropriate according to fact and law of this case. The statutes and Rules must be more compelling than statements like "generally grant" (ECF 77, p. 4.) Amazingly, the Defendants falsely state "*First, Plaintiffs have failed to identify any "controlling question of law as to which there is substantial difference of opinion.*"" The Plaintiffs and Defendants cannot be more polarized on whether the "controlling" statutes and rules do not provide for the remand. The Courts' finding of fact and conclusions of law are necessary for our vindication or education.

30. We admit the difficult matter on our alternative motion is to overcome the hurdle of the Rules' phrase, "materially advance the ultimate termination of the litigation." The word "termination" seems to war against the purpose of litigation. If the goal is to "terminate" litigation for "termination's" sake, there is an invitation to cause serious, perhaps irreparable, consequence where the injured Plaintiffs are denied the civil remedies design to right the wrongs and find complete relief. Defendants' initial motions for dismissal on Rule 12(b) and on summary judgment were not frivolous, but were merely erroneous. The ploy by the Defendants now is insidious. We Plaintiffs would not be here in this case if it were not for our particularly

high regard for the law of the Creator and the law and government for which he has instituted as his minister for our good.  Therefore, any artful dodging by the Defendants that undermines that structure is an interference with the ultimate termination of this litigation.  For every action there is an equal and opposite reaction.

**SUMMARY**

We categorically deny accusations of the Defendants that we have "failed" to fulfill any requirement to allege, make claim, refute, support, show prejudice, or whatever other statement made by the Defendant that might be used to accuse us of waiving, or failing in, any argument made in this litigation without us expressly abandoning the fact, argument or claim.

I, David Alan Carmichael, Plaintiff, hereby certify that this reply is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;  The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;   The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

I submit this reply, after consulting with Plaintiffs Lewis and Pakosz. Our notice of joining this reply is submitted in the filing herewith.

/s/ *David Alan Carmichael*

David Alan Carmichael, Plaintiff
1748 Old Buckroe Road
Hampton, Virginia  23664
david@freedomministries.life
(757) 850-2672