United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.* )<br>)<br>*Plaintiffs* )<br>)<br>v. )<br>)<br>Antony John Blinken, *in his* )<br>*Official capacity as Secretary of State, et al.,* )<br>)<br>*Defendants* ) | Case No: 1:19-CV-2316-RC<br><br>ECF 75 |

**PLAINTIFF DAVID ALAN CARMICHAEL SUPPLEMENTAL MEMORANDUM,
EVIDENCE TO SHOW DEFENDANT'S OBSTRUCTION OF DUE PROCESS**

1.   I, David Alan Carmichael, I was going through some old files today for a reason not related to this case.  I found copies of the letters that I sent to the Defendants in December 2007 or January 2008, for the issuance of my original passport.

2.   I believe that I submitted a birth certificate with the passport application, and that it was returned to me with the issued passport.

3.   The first attachment contains the letters that I submitted with the passport application. The first letter was an express request for religious accommodation.  The second letter, signed and dated the same day, was a letter explaining what I understood the law to be that would allow for the technical aspects of the accommodation.  The third letter explained that if the passport could not be issued with me being identified with a SSN, due to obligations of religion, I did not want the passport.

4.   A State Department passport adjudicator named Tamara contacted me by telephone in response to my passport application.  Tamara explained that my situation was not so unusual as I might think, and that they've encountered people in my situation before.  She said she had to

verify that I was not somebody trying to do identity theft.

5. In my letter to Tamara, I reiterated what it was that she requested of me, "You requested five documents that will verify (my) long-standing identification. Attachment 2 has a copy of that letter and a copy of the list of things that I sent to Tamara to comply with her request. It shows that I sent copies of fourteen documents to her, to ensure that she had at least five that would assure her of my identity.

6. These are all documents presumed to be in the possession of the Defendants. Considering that tomorrow is the due date of a status report from the Defendants, I hurriedly drafted this notice. I had intended on obtaining a copy of these documents as a matter of discovery. Now I can submit it with a query for admissions.

7. The Defendants are violating the Rules of Court. Their remand is for an improper purpose, to harass, unnecessarily delay and needlessly increase the cost of litigation, to include my being able to literally survive this litigation. The stress of this litigation is the one thing that I cannot conform to my cardiologists demands for my heart health. My lifestyle of not smoking, not drinking, eating right, and vigorous high intensity exercise could not stave off the need for a 5-way bypass. The only dangerous activity that I had to confess is stress. My physical life is the cost of this litigation.

8. The Defendant's claims, defenses, and other legal contentions are not warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

9. The Defendants' factual contentions have no evidentiary support and will likely not have evidentiary support after a reasonable opportunity for further investigation or discovery.

10. The Defendants, through their promised new action, and motion for remand pursuant

thereto, are obstructing our due process and justice.  The Defendants ought to be sanctioned when that particular motion is file after discovery is complete.

Under penalty of perjury under the laws of the United States of America,

        /s/ *David Alan Carmichael*

        David Alan Carmichael, Plaintiff
        1748 Old Buckroe Road
        Hampton, Virginia  23664
        david@freedomministries.life / (757) 850-2672