United States District Court,
District of Columbia

David Alan Carmichael, *et al.*  )
                                            )
    *Plaintiffs*  )
                                            )     Case No: 19-CV-2316-RC
v.  )
                                            )     Re:  ECF 80
Antony John Blinken, *in his Offiicial*  )
   *capacity as Secretary of State, et al.*,  )
    *Defendants*  )

## PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' STATUS REPORT

# TABLE OF CONTENTS

PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' STATUS REPORT ................... 1

A. The Non-New-Agency-Action Shows That The Remand Premise Was False ...................... 2

B. The Defendants Are Playing The Court And The Plaintiffs, By Baiting The Court .............. 3
   To Distraction, And Baiting The Plaintiffs To Tactical Suicide

C. A Court Order Is Warranted, Without Necessity Of Remand, To Order The Defendants ..... 5
   To Fulfill Their Duty To Approve The Passport Renewals Of Lewis And Pakosz,
   And Rescind The Revocation Of Carmichael's Passport

D. There Is No Need For The Plaintiffs To File A New Application. It Would Work .............. 6
   Another Injustice And Injury To The Plaintiffs

E. The Approval Of The Current Renewal Applications Of Lewis And Pakosz, ..................... 6
   And The Voiding Of The Revocation Of Carmichael's Passport, Cannot Moot
   The Case Where There Is Not Yet Complete Relief

F. The Defendants Status Report Reveals That Further Denials Of Similar ............................ 7
   Requests Are In Bad Faith, In Hostility To Religion, Designed To Put Each
   Religiously Conscientious Applicant Through Capricious Coercion That May
   Cause Some To Violate Their Religious Conscience

G. The Plaintiffs Motions For Declaratory Judgment And Partial Finding Of Fact And ........... 7
   Conclusions Of Law On The Court's Remand Order Is Still Ripe For Court Action.
   It Can Be Appealed Pursuant To 28 U.S.C. § 1291 Unless The Remand Order
   Is Rescinded

Summary ........................................................................................................................ 8

# TABLE OF AUTHORITIES

United States Code

* **28 U.S.C. § 1291**..................................................................................................7, 8
    *Final Decisions of District Courts*

United States Supreme Court

    463 U.S. 29 ..................................................................................................................1
    *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*

    U.S. District Court, District of Columbia, 1:19-cv-02316-RC ...............................3
    *Carmichael, et al. v. (Blinken) et al.*

    140 S. Ct. 1891, 1908 (2020)......................................................................................1
    *Sec. v. Regents of the Univ. of Cal.*

    332 U.S. 194, 201 (1947)
    *SEC v. Chenery Corp.*..............................................................................................1

* **592 U.S. ____ (March 8, 2021)** ...........................................................................6
    ***Uzuegbunam, et al. v. Preczewski, et Al.***

United States Court of Appeals

    *Limnia v. Dep't of Energy*........................................................................................3
    857 F.3d 379 (2017)

United States Code of Federal Regulations

    22 C.F.R. 51.60.........................................................................................................5
    *Denial of Passports*

* **22 C.F.R. 51.65(c)**..................................................................................................5
    *Notification of denial, revocation or cancellation of passports and Consular Reports of Birth Abroad*

State Law

    Constitution of Virginia, Article 1, Section 16.........................................................6
    *Free exercise of religion; no establishment of religion*

United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re: ECF 80 |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFFS' COMBINED RESPONSE TO DEFENDANTS' STATUS REPORT**

1.  On March 5, 2021, the Defendants filed a Status Report in compliance with the Court order of February 26, 2021.  The Status Report shows that **the Defendants have a duty to approve the passport-renewal applications of Pakosz and Lewis, and rescind the revocation Carmichael's passport**, in accordance with the promises in their remand motion documents.

**A.  The Non-New-Agency-Action Shows That The Remand Premise Was False**

2.  The premise of the remand motion and order was that the Defendants were going to institute the "new agency action."  That "new agency action" was their supposed legal justification grounds for a remand (ECF 61, pp. 7-8):

> "Finally, Defendants do not request a remand simply to engage in post hoc rationalization for its passport actions. See *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 50 (1983) (noting that courts may not usually accept post hoc rationalizations for agency action). Rather, as noted above, the remand would permit the Department to consider alternate means of **identification** <u>for the first time</u>. As the Supreme Court recently noted, a court may remand for the agency to "deal with the problem afresh" by taking new agency action. *Dep't of Homeland Case* 1:19-cv-02316-RC Document 61 Filed 12/18/20 Page 7 of 108 *Sec. v. Regents of the Univ. of Cal*., 140 S. Ct. 1891, 1908 (2020) (quoting *SEC v. Chenery Corp*., 332 U.S. 194, 201 (1947)). "An agency taking this route is not limited to its prior reasons but must comply with the

procedural requirements for new agency action." Id. Defendants' requested voluntary remand **is simply to permit the Department to consider whether it can accommodate Plaintiffs by requesting alternate identification information** in order to fulfill its responsibility to issue passports lawfully." (ECF 61, pp. 7-8) (Emphasis added)

3.  **If** <u>the voluntary remand motion was legitimate</u>, the Defendants would have requested information from the Plaintiffs like that which had been done for Carmichael's original passport issued January 2008 (ECF 79, Attachment 2). There are official forms, such as DS-71, that the Defendants' normally use to accomplish those ends. The Defendants promised the Court that their considering alternative means of identification was "for the first time." The Status Report describes the Defendants' actions as conducting "a thorough review." That thorough review had no need for a remand. It is what the Defendants had a duty to do since August 16, 2017 (Pakosz Notice & Demand, ECF 53, pp. 1-112). Their alternative-means-of-identification process is ordinarily accomplished for those who are willing to sign the unauthorized extra affidavit saying that they are certain that no SSN has ever been associated with them. The extra-ordinary circumstances of this case, including conversations between Carmichael and the agency's Law Enforcement Liaison Division about Plaintiff Pakosz passport adjudication, evoke the reasonable expectation of continual "thorough review" not needing to wait for a remand.

4.  As we intended, the Defendants benefited from our treatise on the law related to verification of identity and eligibility for a passport (ECF 75). The supplement of a list of 14 items that were sent to verify the Carmichael's identity for his passport in 2008 (Supplement, ECF 79, Attachment 2) may have also convinced them of their not having any further need for more information. Their Status Report rightly admitted that the Plaintiffs sincerity of religion, identification and eligibility information was already known **and in the Defendants' possession and is <u>sufficient</u>** (ECF 80, ¶2.).

**B.   The Defendants Are Playing The Court And The Plaintiffs, By Baiting The Court To Distraction, And Baiting The Plaintiffs To Tactical Suicide**

5.  The remand minute order, drafted by the Defendants and given carte blanche by the Court, threatened to dismiss our case should we not give "further information" 'reasonably' requested by the Defendants.  **That "further information" was supposed to be limited to the purpose of verifying our identity sufficient for the purposes of the passport**.  There was no demand in the order that <u>we</u> do something to institute a "new agency action" at the penalty of having our case dismissed.  The Defendants' Status Report deceptively alludes to there being some requirement for us to initiate a new action by means of a new DS-82 form.  That allusion contradicts their selling points made to the Court to persuade the remand minute order:

> "Plaintiffs pivot and argue that a remand is "foreclosed" by *Limnia* because, in their view, Defendants lack the requisite intent to revisit the challenged actions at issue. In *Limnia*, the Department of Energy requested a remand not to reconsider the agency actions challenged in that lawsuit (i.e., Limnia's loan applications submitted in 2009); rather, the Department of Energy **sought a remand to review any new loan applications Limnia might choose to file in the future**. See *Limnia*, 857 F.3d at 387. The D.C. Circuit found that a <u>remand was improper under those circumstances</u> **because** the Department of Energy <u>did not intend to revisit the original application decisions under review</u>. *Id.* at 388. The D.C. Circuit made clear that an agency "need [not] confess error or impropriety in order to obtain a voluntary remand." *Id*. at 387. Rather, at a minimum <u>the agency must</u> "profess intention to reconsider, re-review, or modify the <u>original agency decision</u> that is the subject of the legal challenge." *Id.* Here, the Department revoked Plaintiff Carmichael's passport in 2019 and denied the passport renewal applications of Plaintiffs Paskoz and Lewis in 2018 and 2019, respectively. See Rolbin Decl. ¶¶ 9, 15, & 25. <u>These are the decisions challenged in Plaintiffs' complaint and are the subject of Defendants' motion for a voluntary remand</u>, and, **if Plaintiffs establish upon remand their eligibility for passports, their 2018 and 2019 passport applications will be granted and the revocation of Plaintiff Carmichael's passport will be rescinded**. These circumstances militate in favor of a voluntary remand. See Case 1:19-cv-02316-RC Document 66 Filed 01/06/21 Page 5 of 96 *Limnia*, 857 F.3d at 386-87. **Defendants do not,** as Plaintiffs speculate, <u>seek</u> <u>to</u> "**back the Plaintiffs up to a time prior to their original passport issuances in 2007 and 2008**." See Opp'n at 10." (ECF 66, Defendant Reply, pp. 5-6), to Plaintiff Response (ECF 65) to remand motion (ECF 61) (Emphasis added)

6. The Defendants point out that it is clear in *Limnia* that a remand "was improper under those circumstances because the (agency) did not intend to revisit the original application decisions under review." The Defendants in our case are inviting us to file new renewal applications, Forms DS-82, notwithstanding the satisfaction of the requirements of the applications currently before the court. Though it was not a part of the "minute" remand order drafted by the Defendants, we think that the Defendants are obligated to the boundaries that they placed upon themselves in their remand motion and reply whether or not a remand power is legitimately operative in this case. Look at the promise of the Defendants: "…**if the Plaintiffs establish upon remand their eligibility for passports, their 2018 and 2019 passport applications will be granted and the revocation of Plaintiff Carmichael's passport will be rescinded**." (ECF 66, pp. 506) Look what the Defendants said in their March 5, 2021 Status Report (ECF 80):

> "The Department recently completed this review and **has determined that there is no need to request any additional evidence from the Plaintiffs** during the remand period. Specifically, based on Plaintiffs' prior passport submissions and court records, **the Department is satisfied with (1) the sincerity of Plaintiffs' religious beliefs; and (2) the adequacy of the citizenship and <u>identity evidence previously submitted</u> by each Plaintiff**." (ECF 80, ¶ 2.)

7. The Defendants show, in paragraph 3. of their Status Report, that there is no requirement for the Plaintiffs to identify themselves with a SSN for future applications for a passport renewal, "Plaintiffs are not required to identify any Social Security Number in their Form DS-82 applications and should write 'refused for religious reasons." (ECF 80, ¶3.a.) That indicates that under the circumstances, as a matter of fact and law, the Plaintiffs were not at the time of the current applications and passport, and are not now, required to identify with a SSN. Their remand motion was an illegitimate delay tactic, not warranted by fact or law.

**8.** The tactical litigation suicide they invite us to do is to initiate a new action

through a DS-82 Form that will obviate the benefits of our success so far in the litigation. The Defendants responded (ECF 67) to our notices and demands to show cause (ECFs 53, 56, 57). In their response**, they elected to not challenge any of the facts cited in the notices**. That affirmed that we eligible in all respects for the issuance and maintaining of renewed passports. In their precisely-worded Status Report, they reveal their tactic to undermine our current action in the Court where they say, "Assuming that Plaintiffs otherwise meet the Department's eligibility requirements to receive a passport, see 22 C.F.R. § 51.60, the Department intends....." The Plaintiffs already meet the Department's eligibility requirements to receive a passport with regard to those prohibitions of 22 C.F.R. § 51.60 (*Denial of Passports)* as a matter of the action that is currently before the Court. The Defendants have either affirmed it or waived contest to it by their Response (ECF 67) to our Notices and Demands (ECFs 53, 56, 57). **The Defendants' ploy is sinister**.

C. **A Court Order Is Warranted, Without The Necessity Of Remand, To Order The Defendants To Fulfill Their Duty To Approve The Passport Renewals Of Lewis And Pakosz, And Rescind The Revocation Of Carmichael's Passport**

9.  The Defendants have a duty as a matter of fact and law to approve the passport renewals of Lewis and Pakosz, and rescind the revocation of Carmichael's passport based upon:

    a.  The promises of their remand motion and reply documents;

    b.  Their stated findings for no need of any additional evidence;

    c.  Showing that identification with a SSN is not a requirement;

    d.  Their own rule that allows them to re-open the adjudication of a passport by their own discretion with or without remand pursuant to 22 C.F.R. § 51.65(c).

10.  If the Defendants do not approve the passport renewals of Lewis and Pakosz and rescind the revocation of Carmichael's passport on their own initiative, the Court must coerce

them to do so by order.  It is the relief that we have come to the Court to obtain by the remedies provided by law.

**D.  There Is No Need For The Plaintiffs To File A New Application.  It Would Work Another Injustice And Injury To The Plaintiffs**

11. We have no need to file a new DS-82 form until ten years after the Defendants grant the passport renewals for which Plaintiffs Pakosz and Lewis already applied; and not until January 2028 in the case of Carmichael since his passport was unlawfully revoked and the Defendants have a duty to rescind the revocation.  Any suggested need to file a new application contradicts the premise of the Defendants remand motion.  The **Defendants promised the approval the 2018 and 2019 passport renewals of Pakosz and Lewis, and the rescission of Carmichael's passport revocation upon the fulfillment of identification verification.**  Those promises have nothing to do with, and no suggestion of, a new application submitted in 2021.  Such a new DS-82 application jeopardizes our actionable case that is currently before the Court.

**E.  The Approval Of The Current Renewal Applications Of Lewis And Pakosz, And The Voiding Of The Revocation Of Carmichael's Passport, Cannot Moot The Case Where There Is Not Yet Complete Relief**

12. Our case continues to be actionable as an Article III case, due to the concrete injury suffered by us at the Defendants' unlawful hands.  The case will not be mooted even after the Court orders the Defendants to fulfill their obligations to approve the passport renewals for Lewis and Pakosz, and rescind the revocation of Carmichael's passport.  The actions of the Defendants without doubt will be proven to be at least arbitrary and capricious as a result of discovery.  The Plaintiffs predict that the Defendants' actions will be proven to be malevolent.  We've demanded appropriate relief that is not merely nominal.  All causes of action demand appropriate relief.  *Uzuegbunam, et al. v. Preczewski, et Al.* 592 U.S. ____ (March 8, 2021)

**F.    The Defendants' Status Report Reveals That Further Denials Of Similar Requests Are In Bad Faith, In Hostility To Religion, Designed To Put Each Religiously Conscientious Applicant Through Capricious Coercion That May Cause Some To Violate Their Religious Conscience**

13.    No doubt, the instructions in paragraph 3. of the Status Report will be helpful for future passport applicants who should not be placed in a position of choosing between a passport and the Duty they owe the Creator.[1]  From what we hear however, the Defendants continue to subject applicants to threats of denying people passports unless they identify with a SSN notwithstanding the applicants' religious obligations and objections.  The Defendants' conduct in this case, and in their capricious coercion of other applicants, shows that the remedy of injunction powers is relief that we must pursue for ourselves, our posterity, and our neighbors.

**G    The Plaintiffs Motions For Declaratory Judgment And Partial Finding Of Fact And Conclusions Of Law On The Court's Remand Order Is Still Ripe For Court Action. It Can Be Appealed Pursuant To 28 U.S.C. § 1291 Unless The Order Is Rescinded**

14.    It is apparent that the Defendants' status report was ordered in reaction to our motion for declaratory judgment, etc., regarding the remand order.  The remand order remains illegitimate as a matter of fact and law.  There is no remand.  The Defendants determination that they would demand a new DS-82 form is void.  The Court has power to order the Defendants to correct their records and to fulfill their duty.  The Court has not been empowered to permit the Defendants to arbitrarily and capriciously make the Plaintiffs run gauntlets that are whimsically manufactured and potentially limitless.

15.    The remand order, if enforced, can be appealed to the D.C. Circuit without the need for District Court certification under Rules 59 or 60.  Because the remand order is a collateral action which substantially injures us in our due process rights, we have access to the

---

[1] Constitution of Virginia, Article 1, Section 16.  *Free exercise of religion; no establishment of religion*

D.C. Circuit pursuant to 28 U.S.C. § 1291.

16. If the remand order is not rescinded, the Plaintiffs' motion for Declaratory Judgment and Partial Finding of Fact And Conclusions of law need to be acted upon by the District Court. If the Court rescinds its remand order, the collateral action will not exist and the motion for declaratory judgment will be mooted.

**Summary**

17. The Defendants affirm in their Status Report that the Plaintiffs' accusations were correct. The Defendants remand motion was based upon false premises. If the Court will not rescind its remand order now, then the Court will have to act upon the Plaintiffs motion for Declaratory Judgment and Partial Finding of Fact and Conclusions of Law (ECF 75). The Court should not take the Defendants' bait and put the Plaintiffs in a position of having to abide by the unreasonable invitation o come into the Defendants' lair by way of DS-82 form on remand. Otherwise, the Plaintiffs intend to challenge the collateral action remand order by way of 28 U.S.C. § 1291. The right thing to do, according to the statutes, the Rules, the facts, and the law of the case, is to rescind the remand order, and proceed to adjudication according to the ordinary course of litigation which includes timely and robust discovery.

18. Sanctions upon the Defendants, for their illegitimate delay, are a consideration.

19. Under penalty of perjury under the laws of the United States of America regarding statement of fact; and for the purpose of establishing and preserving justice, I submit this combined response for myself, in agreement with all Plaintiffs who join me.

/s/ *David Alan Carmichael*
David Alan Carmichael, Plaintiff
1748 Old Buckroe Road
Hampton, Virginia  23664
david@freedomministries.life / (757) 850-2672