United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*.  )<br>  )<br>   *Plaintiffs*   )<br>  )<br>     v.    )<br>  )<br>Antony John Blinken, *in his Offiicial*  )<br>   *capacity as Secretary of State, et al.,*  )<br>  )<br>   *Defendants*   ) | Case No: 19-CV-2316-RC<br><br>Re:  ECF 80, 82 |

### PLAINTIFF CARMICHAEL'S MOTION FOR STATUS CONFERENCE

1.   I, David Alan Carmichael, hereby move for a Status Conference, as soon as practicable, on the matters of the Defendants' Status Report (ECF 80) and Plaintiffs' Response (ECF 82).  The other plaintiffs have been notified and intend to participate.  The Defendants have been notified and queried for scheduling preferences.  The Defendants replied, "We defer to the Court regarding the need for and scheduling of a status hearing in this matter."

2.   We need to determine:

   a.   Is the admission that the Plaintiffs had already identified themselves adequately, for the DS-82 already submitted, sufficient to motivate the Court to rescind its remand order?

   b.   If the Court is not going to rescind its remand order on that basis, is it going to act on the Plaintiffs' Motion For Declaratory Judgment Or Partial Finding Of Facts And Conclusions Of Law Regarding Remand Order Of January 19, 2021?

   c.   After those considerations, is the Court going to hinge the Plaintiffs' action-at-law on whether the Plaintiffs file a new Form DS-82 pursuant to the Defendants'

'invitation' under the auspices of the remand order?

3. In the event that the Court does not rescind its remand order, the Plaintiffs need a final determination date where the Court ultimately has decided that the remand is binding on the Plaintiffs. The Plaintiffs need to calculate the deadline for appeal pursuant to 28 U.S.C. § 1291 and the Federal Rules of Appellate Procedure.

4. If the Plaintiffs must appeal the collateral matter of the remand, the Court should consider certifying, under Rules 59 or 60, some of the matters upon which the Court has ruled on the merits of the Plaintiffs causes of action (ECF 44, 45). We believe the Court dismissing the First Cause of Action, under the theory that the Defendants did not try to change our religious belief, is clear error (ECF 47, Remonstrance, Objections, And Preservation of Error). Congress goes through great trouble to pass laws like 22 U.S.C. § 2721. It appears to the Plaintiffs that it squarely applies in our case. It is one of those statutes that is designed to protect fundamental and absolute rights and ought to be construed liberally. It also appears to not yet have been examined by the Courts as to its application. Guidance from the D.C. Circuit will be enlightening, and probably liberating.

5. Dismissing causes of action that relate to crimes was also erroneous. The Court cited its rarity, but did not provide substantial fact or law that would absolutely dismiss the applicability to this case. Discovery will allow us to show that this case is one of those rare instances where a civil court needs to weigh in on punitive measure upon malevolent actors and provide damage relief to the victim Plaintiffs.

6. This case is very unique where we do not have other Federal cases to cite the application of the specific law to these specific facts. It is a very important case of first impression where other people besides the Plaintiffs are continually injured. The solution to this

case will provide protection for many people who are especially vulnerable in their poverty.

7. Plaintiffs Carmichael and Lewis can readily arrange for video or audio conference by computer/online. Plaintiff Pakosz only has ready access to telephonic conference. A proposed order is submitted for the Court's consideration.

8. I hereby certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) The motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information

Under penalty of perjury under the laws of the United States of America,

/s/ *David Alan Carmichael*

David Alan Carmichael, Plaintiff
1748 Old Buckroe Road
Hampton, Virginia  23664
david@freedomministries.life / (757) 850-2672