United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re:  ECF 84 |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**[Proposed] Order Compelling Defendants To Issue
Renewed Passports To Plaintiffs' Lewis And Pakosz**

Plaintiffs Lewis and Pakosz move the Court to compel the issuance of their passport for which they applied for renewal, and which are the subject of this litigation.  The Court has power to grant the relief.

The Defendants stated in their Status Report (ECF 80):

"Specifically, based on Plaintiffs' prior passport submissions and court records, the Department is satisfied with (1) the sincerity of Plaintiffs' religious beliefs; and (2) the adequacy of the citizenship and identity evidence previously submitted by each Plaintiff." (ECF 80, ¶2.)

The regulation that controls whether a new DS-82 application, fee, photograph, or other documentary information is needed is 22 C.F.R. § 51.65.  It indicates that such a new application, fee, photograph, etc. is only required if the Plaintiff applicants had failed to meet their burden of proof under the applicable regulations, or otherwise did not provide documentation sufficient to establish entitlement to a passport at the instance of the time of the filing of the Form DS-82 application.  The Defendants have admitted that everything that was required as a matter of law was provided by the Plaintiffs at the time of their submitting Form DS-82 passport renewal applications in 2019 (ECF 80, ¶2.)  According to law, there is no need

for either of the Plaintiffs to "submit a new application, supporting documents, and photograph along with all applicable fees." 22 C.F.R. § 51.65(b)

On April 19, 2021, the Defendants issued a replacement passport to Plaintiff Carmichael using the photograph that he submitted as identity evidence at the time of his submission of the Form DS-82 in January, 2018 (Mot. Mem. Attach. 4). The issue date of the replacement passport is April 19, 2021, but the expiration date is January, 29, 2028; ten years from the day that his passport was initially renewed on January 30, 2028. The age of the photograph is inconsequential.

On April 19, 2021, the Defendants wrote letters to Plaintiffs Lewis and Pakosz saying that Defendants denied the Plaintiff renewal applications. The Defendants quoted 22 C.F.R. § 51.26, saying that the regulation ""… provides that an applicant for a U.S. passport "must submit with his or her application photographs as prescribed by the Department that are a good likeness of and satisfactorily identity the applicant."" (Mot. Mem. Attach 5). There is no question that the Plaintiffs, with their applications, had submitted photographs as prescribed by the Department.

In stark contrast to the C.F.R. references to the photograph needing to be current at the time of application, the Defendants' letter says in quotes that the photograph must be, ""taken within the six months preceding the issue date."" The other references cited by the defendants in their April 19th letters either do not mention the six month time requirement; or they reference the six month age of the photograph related to the date of the application:

> "(2)   The photograph must be taken within the past six months (ICAO 9303 Section 3.9), be a good likeness of and *satisfactorily* identity the applicant at the time of the applications (See 22 CRF 51.26)." (Mot. Mem. Attach #, p. 2, 8 FAM 402.1-2 PASSPORT PHOTOGRAPH REQUIREMENTS)

Unless the Defendants can produce hard-copy evidence where that "issue date" quote can be found, the plain meaning of 22 C.F.R. § 51.65 and § 51.26 fixing the photograph currency to

the date of application rather than the date of issuance, the Plaintiffs' refusal to provide another photograph is lawful as well as reasonable.

The Plaintiffs passport renewal photographs supplied with their application fulfill all the requirements of the Code of Federal Regulations and the other references cited by the Defendants that are subject to those regulations.  If the Defendants are concerned that the photographs provided with the application are now going to carry on for a period of ten years from issuance date in the future, making the photographs potentially over twelve years old at the expiration date, the law allows for shortening of the expiration date.  The normal passport validity period is ten years from the issue date pursuant to 22 C.F.R. 51.4(b), "unless the Department limits the validity period to a shorter period."  (Mot. Mem. Attach. 7).   Denying the Plaintiffs' passports for not providing new passport photographs is not reasonable, nor lawful according to 22 C.F.R. § 51.65(b).  The answer as a matter of law is to adjust the term of the passport validity to match the age of the photograph rather than to injure the Plaintiffs again by arbitrarily denying their application.

Therefore, the Defendants are herby ordered to issue the renewed passports to Plaintiffs Lewis and Pakosz.  Any shortening of the expiration date to account for the age of the photographs is at the discretion of the Department pursuant to 22 C.F.R. § 51.4(b).

IT IS SO ORDERED

                                              Rudolph Contreras
                                              United States District Court Judge