**United States District Court,**
**District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al*. | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) Case No: 19-CV-2316-RC |
| v. | ) Re:  ECF 84 |
| | ) |
| Antony John Blinken, *in his Official* | ) |
| *capacity as Secretary of State, et al.,* | ) |
| | ) |
| *Defendants* | ) |

**Memorandum In Support of Plaintiffs' Combined Motion To Compel Defendants To**
**Issue Passport Renewals To Lewis And Pakosz**

1.      Plaintiffs Lewis and Pakosz, hereby move the Court to compel the Defendant to

issue renewed passports to plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz in

accordance with the applications which are the subject of this litigation.  The Plaintiffs pled for

this relief in the amended complaints (ECFs 15, 51).  The Court has power to grant the relief.

2.      On April 19, 2021, the Defendants again unreasonably, arbitrarily, and capriciously

say that they denied the Plaintiff renewal applications.  They **falsely** claimed in their denial letter

that their regulations require a passport photograph be as recent as six months old at the time of

the "issue" date.  The Code of Federal Regulations, and the regulations and policy references

which they cited in their April 19, 2021 denial letter, altogether confirm that the photograph must

be within six months old at the time of "**application**."  The Plaintiffs' passport renewal

photographs supplied with their application fulfill all the requirements of the Code of Federal

Regulations and the other references cited by the Defendants that are subject to those regulations.

The Code of Federal Regulations provides for an adjustment of time for the age of the photo

placed upon the end of the validity period.  It does not require a denial of application for the

aging of the photograph that was supplied in conformance with the regulations at the time of

application.  Refusal to provide a new photograph is not only reasonable, it fulfills the law.

## I.  All That Was Necessary To Issue The Passport Renewals Was Provided At The Time Of Application

3.      The Defendants stated in their Status Report (ECF 80):

"Specifically, based on Plaintiffs' prior passport submissions and court records, the Department is satisfied with (1) the sincerity of Plaintiffs' religious beliefs; and (2) the adequacy of the citizenship and identity evidence previously submitted by each Plaintiff." (ECF 80, ¶2.)

4.      The regulation that controls whether a new photograph is needed is 22 C.F.R. § 51.65(b) (Attach 1).  A "new application, supporting documents, photographs, along with all applicable fees" is only required if the Plaintiff applicants had failed to meet their burden of proof under the applicable regulations, or otherwise did not provide documentation sufficient to establish entitlement to a passport at the instance of the time of the filing of the Form DS-82 application:

"(b) An application for a passport or Consular Report of Birth Abroad will be denied if an applicant fails to meet his or her burden of proof under the applicable regulations or otherwise does not provide documentation sufficient to establish entitlement to a passport or a Consular Report of Birth Abroad, or does not provide additional information as requested by the Department within the time provided in the notification by the Department that additional information is required. Thereafter, if an applicant wishes the Department to adjudicate his or her claim of entitlement to a passport or Consular Report of Birth Abroad, he or she must submit a new application, supporting documents, and photograph, along with all applicable fees. 22 C.F.R. § 51.65(b) (Emphasis added)

5.      The Defendants admitted in a phone conference on March 26, 2021, that the DS-82 Form and other information listed in paragraph 3. of the Status Report (ECF 80) where not actually required but would merely be convenient (Attach 2, ltr summarizing phoncon).  In that conversation, the Plaintiffs explained that 22 C.F.R. § 51.65(c) enables the Defendants to issue the renewed passport.  Since there was nothing to cause the Defendants to deny the passport

renewal applications at the <u>time of the</u> **application**, and no "information" that was not

"adequately" provided when the **applications** were unlawfully denied, there is no need for a

"new application, supporting documents, and <u>photograph</u>, etc."

## II.    Plaintiffs Explained Rationale To Defendants

6.  On the early morning of April 20, 2021, plaintiff Carmichael sent a letter to the

Defendants attorney by email that letter explained the rationale of the Plaintiffs not sending new

photographs to the Defendants (Attach. 3).  Carmichael explained that the Plaintiffs were

motivated by the plain language of 22 C.F.R. § 51.65.  He also asked the Defendants to provide a

clearly stated regulation that would show a new photograph was required.  He emphasized that

the Plaintiffs were compelled to abide by law rather than that which seems "reasonable."

Carmichael also asked if there was a provision in the regulations for relating the newly issued

passports back to the denial date of the applications, in order that the photographs submitted with

the application would not be inordinately aged at the passport's expiration date.

## III.    Plaintiffs On Equal Footing Arbitrarily Get Opposite Results

7.      About four hours after delivering the letter to the Defendant by email, Plaintiff

Carmichael received the delivery of a passport issued for him on the previous day, April 19,

2021 (Attach. 4).  The Defendants issued a replacement passport to Plaintiff Carmichael using

the photograph that he submitted as identity evidence at the time of his submission of the Form

DS-82 in January, 2018   The issue date of the replacement passport is April 19, 2021, but the

expiration date is January, 29, 2028, ten years from the passport initially renewed on January 30,

2018.  The photograph age will be ten years and ten days old at the date of passport-expiration.

8.      The same day as the issuance of Carmichael's passport, the Defendants wrote letters

to Plaintiffs Lewis and Pakosz saying that Defendants denied the Plaintiff renewal applications.

The Defendants quoted 22 C.F.R. § 51.26, saying that the regulation ""… provides that an

applicant for a U.S. passport "must submit with his or her application photographs as prescribed

by the Department that are a good likeness of and satisfactorily identity the applicant."" (Attach.

5, Defendant ltr to Pakosz, April 19, 2021).

### IV.    Defendants Erroneously Reference Issue Date Instead of Application Date

9.    In stark contrast to the C.F.R. references to the photograph being suitable at the time

of application, the Defendants' letter says in quotes that the photograph must be, "taken within

the six months preceding the **issue** date." The other references cited by the defendants in their

April 19th letters either - do not mention the six month time requirement, or they reference the six

month age of the photograph related to the date of the application:

> "(2)   The photograph must be taken within the past six months (ICAO 9303 Section 3.9),
> be a good likeness of and *satisfactorily* identity the applicant an the time of the
> applications (See 22 CRF 51.26)." (Attach 6. p. 2. - 8 FAM 402.1-2 PASSPORT
> PHOTOGRAPH REQUIREMENTS)

10.    There is no question that the Plaintiffs submitted photographs with their **application**,

as prescribed by the Department. Those photographs supplied with their **application** fulfill all

the requirements of the Code of Federal Regulations and the other references cited by the

Defendants that are subject to those regulations. It is clearly more reasonable for the regulatory

authority to fix the currency photograph to a finite date of "application" rather than an unfixed

"issue" date. The Defendants requiring the photographs to be referenced to the "issue" date is

not only unreasonable, it is unlawful.

### V.    The Law Provides The Solution To A Passport Photograph's Delayed Issuance

11.    If the Defendants are concerned that the age of the photographs might extend beyond

the normal age of photographs due to the delay in issuance of the passports, there is a reasonable

and lawful fix that does not require denial of the application. The normal passport validity

period is ten years from the issue date pursuant to 22 C.F.R. 51.4(b), "unless the Department limits the validity period to a shorter period." (Attach. 7)

**Summary**

Rightfully issuing Carmichael's replacement passport and denying renewals for Pakosz and Lewis under the same condition is arbitrary, and likely capricious. The Defendants have erroneously appealed to their own reasoning, while the Plaintiffs have reasonably clung to the law. The law provides for the photograph given at the time of application to be current within six months of that application date, verified by the declaration of the applicants under penalty of perjury. The Defendants already have in their possession the useful photographs that comply with the requirements of the law. The law has also provided for the logical effect of the aging of a photograph during the period of delay of a passport's adjudication. It allows the Department to shorten the validity period as was done for the passport issued for Carmichael. Denying the Plaintiffs passports for not providing new passport photographs is not reasonable, nor lawful according to 22 C.F.R. § 51.65(b). The answer as a matter of law is to adjust the term of the passport validity to match the age of the photograph rather than to injure the Plaintiffs again by arbitrarily denying their applications.

Therefore, in consideration of the facts, the law, the memorandum and the proposed order provided herewith, this Plaintiffs' motion to compel should be granted, and the order given, without a hearing.

_____
William Mitchell Pakosz

Date signed: _____

_____
Lawrence Donald Lewis

Date Signed: **23 APRIL 2021**

period is ten years from the issue date pursuant to 22 C.F.R. 51.4(b), "unless the Department limits the validity period to a shorter period." (Attach. 7)

**Summary**

Rightfully issuing Carmichael's replacement passport and denying renewals for Pakosz and Lewis under the same condition is arbitrary, and likely capricious. The Defendants have erroneously appealed to their own reasoning, while the Plaintiffs have reasonably clung to the law. The law provides for the photograph given at the time of application to be current within six months of that application date, verified by the declaration of the applicants under penalty of perjury. The Defendants already have in their possession the useful photographs that comply with the requirements of the law. The law has also provided for the logical effect of the aging of a photograph during the period of delay of a passport's adjudication. It allows the Department to shorten the validity period as was done for the passport issued for Carmichael. Denying the Plaintiffs passports for not providing new passport photographs is not reasonable, nor lawful according to 22 C.F.R. § 51.65(b). The answer as a matter of law is to adjust the term of the passport validity to match the age of the photograph rather than to injure the Plaintiffs again by arbitrarily denying their applications.

Therefore, in consideration of the facts, the law, the memorandum and the proposed order provided herewith, this Plaintiffs' motion to compel should be granted, and the order given, without a hearing.

William Mitchell Pakosz

Date signed: 23 April 2021

Lawrence Donald Lewis

Date Signed: 23 APRIL 2021