**United States District Court,
District of Columbia**

David Alan Carmichael, *et al.*   )
                                    )
    *Plaintiffs*               )
                                    )  Case No: 19-CV-2316-RC
        v.                      )
                                    )
Antony John Blinken, *in his Offiicial*   )
   *capacity as Secretary of State, et al.*,  )
                                    )
    *Defendants*           )

## COVER SHEET

**Plaintiffs' Combined Motion To Compel Defendants To
Issue Passport Renewals To Lewis And Pakosz**

**ATTACHMENT 2**

**Letter – Carmichael to Hair
Summary of Phone Conversation**

Cover sheet plus 3 pages

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

March 29, 2021

United States Attorney
United States Attorney's Office
c/o Christopher Hair
555 4th Street, North West
Washington, District of Columbia 20530

Re: Party Telephonic Conference, March 26, 2021, Case 1:19-cv-02316-RC

Mr. Hair,

We observe after our party conference on Friday, March 26, 2021, in your mind's-eye, the discussion was in the context of a remand. You regularly said you would not discuss matters of law. We hold as a matter of law, **there is no remand**. The context of the discussion in our mind's eye was that the discussion was only tolerable as a pretrial discussion to narrow the dispute such as under Rule 16(a)(5) settlement discussions or Rule 26(f) matters of discovery.

We explained that to file a new FORM DS-82 would in effect be - us voluntarily filing a new agency action that would nullify the progress of our current case. You assured us that the current DS-82 Forms of Mr. Lewis and Pakosz are "alive." I reiterated in the conversation that such an "alive" status was consistent with 22 C.F.R § 61.65 and the relief we described in our complaint. You explained that the form was merely for the convenience of the person processing the paperwork. In response to a question from Mr. Lewis, you clarified that there is actually no need for a new DS-82 form. You admitted that there was really no need to verify anything on the form such as address, etc. I mentioned that a passport holder's address can change regularly and that it is filled in with pencil on the passport. You had one sticking point, that was a request for the current photograph. I explained that the photographs provided with the DS-82 forms of Mr. Pakosz and Lewis were current when the passport application was submitted and that those passports are issued for ten years where those photographs are presumed to be adequate for ten years. I explained that there was no need for me to file a photograph since my passport was revoked unlawfully and the only thing needed to be done with mine is to rescind the revocation.

You used the word "refusing" when describing our not wanting to provide photographs to you. I explained that we are not necessarily refusing absolutely to give a new photograph but that such a need for a photograph would have to come by "court order." Your Defendant must be held to the complete relief that we demand in our complaint. Some of that relief is a judgment on the merits, and a declaration of what the law is, as well as court ordered correction in the Defendants' behavior. I explained in so many words that we hold the remand order to be illegitimate. Your client has a duty to make the current files "alive" as a matter of 22 C.F.R. § 61.65 and according to the relief we demanded in our complaint.

Before a court order, we need discovery. Discovery will show that the Defendants do indeed issue passports to people whose photos are older than that is required of the photo age at the date of the application. Whatever is decided about photographs, **by the Court**, it needs to be done according to the merits of our case, submitting to the requirements of law, regulation and court rules. So far, we've seen the Defendant do nothing but evade (not merely avoid) the fundamental law, statutory law, and the regulations and rules of court which are the force of law.

The passport renewal applications forms DS-82 provided by Mr. Pakosz and Lewis were unlawfully denied. The only thing necessary for the Defendants to do is to correct the record to show the passports approved rather than denied. No further "information" is necessary as a condition for the court to rightfully order the Defendants to correct the record. If the passport issue date is related back to the date of approval, nobody has any need to worry about the passport photos being used for 11 or 13 years instead of ten years. If the issue date is whenever the Defendants finally get around to it, it is not the fault of the Plaintiffs that it has taken so long. Providing a photograph would be a courtesy, not a requirement, and not necessary as a matter of law for the correction of the record and the issuing of renewed passports to Mr. Lewis and Pakosz.

In my situation, I have no need to submit a photo when the Defendants are ordered to rescind the revocation of my passport. The passport renewal was issued appropriately as a matter of law back in January 2018. The supposed revocation was unlawful, in violation of the constitution, without lawful authority but rather under the color of law. Therefore, it is void as a matter of law, and voidable as a matter of paperwork. There is no need to issue a new passport to me. I already have it but cannot use it until the Defendants' record is corrected.

We refuse any benefit from a remand. The remand is not legitimate. We have filed our objections to the remand order and filed a motion to the Court for a Declaratory Judgment and Partial Finding of Fact And Law on that matter. If the court makes a finding or conclusions that we believe are not warranted by the law and the lawful rules, we have the prerogative to appeal the decision pursuant to 28 U.S.C. § 1291. If the Court intends to bind us or obligate us to a remand, that same appeal provision is available to us.

Your Defendants need no remand to change the record regarding the denial of the passport renewals of Lewis and Pakosz, nor is there a need of remand to change the record regarding the revocation of the Carmichael passport. Your Defendants have a duty. A Court order is a remedy if the Defendants do not fix the record voluntarily. That is one portion of relief that our complaint and that the law demands.

Sincerely,

Sign: _____  Date: March 29, 2021
David Alan Carmichael

I, Lawrence Donald Lewis, agree,

Sign: _____  Date: 28 MARCH 2021
Lawrence Donald Lewis

I, William Mitchell Pakosz, agree,

Sign: _____  Date: 29 March 2021
William Mitchell Pakosz