United States District Court,
District of Columbia

David Alan Carmichael, *et al*.                )
                                                )
   *Plaintiffs*                  )
                                                )   Case No: 19-CV-2316-RC
     v.                )
                                                )
Antony John Blinken, *in his Offiicial*        )
   *capacity as Secretary of State, et al.,*  )
                                                )
   *Defendants*                  )

## COVER SHEET

**Plaintiffs' Combined Motion To Compel Defendants To
Issue Passport Renewals To Lewis And Pakosz**

**ATTACHMENT 3**

**April 20, 2021 Letter – Carmichael to Hair
Explaining Rationale**

Cover sheet plus 5 pages

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

April 20, 2021

United States Attorney
United States Attorney's Office
c/o Christopher Hair
555 4th Street, N.W.
Washington, D.C. 20530

Dear Mr. Hair,

We received notice of the Court's minute order yesterday, April 19, 2021.

With regard to our status report, we want to report that we are indeed pursuing the fulfillment of law. That is why we opposed the remand order. The remand order that you submitted to the Judge used the term "reasonable" requests, but then used the term "justified" and then "legitimately" regarding reasons why are passports might be denied. Those are precise words with particular power. To be "legitimate" or "justified" it must be shown that there is a law that requires it.

You've explained that a DS-82 form is not required. It might be a reasonable request according to someone's reasoning, but if it is not required by law it is not legitimate and therefore cannot be "just" notwithstanding any pragmatism or reasoning. Of course, our mailing and residence addresses noted on the record and used for continual communication are still the same as those on the application. Therefore, reasonably, or legitimately, there is just no need for supplying what is already in the Defendants' possession.

To prepare for our status report, we need to see what is the law that rules in the matter of providing an updated photograph depending on the length of time that it takes to process/adjudicate a passport application. We need to know and see that publication that rules and guides the Defendant's decisions in that matter. We also need to see the law that rules whether the denial date of the Lewis and Pakosz passport renewals can have the record changed to say, "approved." That way, the photograph provided will be good for ten years from that date, and the passport expiration would also be ten years from that date. If the renewed passports of Pakosz and Lewis cannot be related back to what should have been an approval rather than a denial, according to the law, than your client is faced with an obligation in law to only record a passport approved or issued from a future date. When the Court in 2005 ruled that I was unlawfully separated from the Navy, my pay and status reverted back to the date of the unlawful separation rather than a future date. We want to know what law it is that would prevent the unlawful denial from being voided and incapable of relating back. It is the law that we intend to uphold. Such law may not seem reasonable to those who did not enact it but it is never-the-less that which we all have a duty to uphold.

It is reasonable to us that sometimes a passports adjudication can take many months, and that new photographs are not demanded from the agency notwithstanding that 60 days window

Attach 3, 1 of 5                             p. 1 of 2

of the photograph's age is exceeded. We need to see those guiding rules. If the law, or lawful regulations, demand an updated photograph when a passport adjudication exceeds a particular time, then we are "all in." Under those circumstances, when it is a matter of upholding the law, we are excited to participate in the providing of updated photographs. What is the publication or document that chronicles the lawful or legitimate provisions of when a new passport photo is necessary depending on the time delay in the adjudication of a passport renewal? Can we have a copy?

Your response will be helpful in the preparation of our join or individual status report.

Sincerely

*David Alan Carmichael*

David Alan Carmichael
Plaintiff / Case Manager

Attach 3, 2 of 5

Print | Close Window

Subject: Request For Reference
From: david@freedomministries.life
Date: Tue, Apr 20, 2021 5:09 am
To: "Christopher Hair" <Christopher.Hair@usdoj.gov>
Attach: 1-19-cv-02316-RC-ltr-20210420-carmichael-to-hair.pdf
1-19-cv-02316-RC-20210420-cert-service.pdf

April 20, 2021

United States Attorney
United States Attorney's Office
c/o Christopher Hair
555 4th Street, N.W.
Washington, D.C. 20530

Dear Mr. Hair,

We received notice of the Court's minute order yesterday, April 19, 2021.

With regard to our status report, we want to report that we are indeed pursuing the fulfillment of law. That is why we opposed the remand order. The remand order that you submitted to the Judge used the term "reasonable" requests, but then used the term "justified" and then "legitimately" regarding reasons why are passports might be denied. Those are precise words with particular power. To be "legitimate" or "justified" it must be shown that there is a law that requires it.

You've explained that a DS-82 form is not required. It might be a reasonable request according to someone's reasoning, but if it is not required by law it is not legitimate and therefore cannot be "just" notwithstanding any pragmatism or reasoning. Of course, our mailing and residence addresses noted on the record and used for continual communication are still the same as those on the application. Therefore, reasonably, or legitimately, there is just no need for supplying what is already in the Defendants' possession.

To prepare for our status report, we need to see what is the law that rules in the matter of providing an updated photograph depending on the length of time that it takes to process/adjudicate a passport application. We need to know and see that publication that rules and guides the Defendant's decisions in that matter. We also need to see the law that rules whether the denial date of the Lewis and Pakosz passport renewals can have the record changed to say, "approved." That way, the photograph provided will be good for ten years from that date, and the passport expiration would also be ten years from that date. If the renewed passports of Pakosz and Lewis cannot be related back to what should have been an approval rather than a denial, according to the law, than your client is faced with an obligation in law to only record a passport approved or issued from a future date. When the Court in 2005 ruled that I was unlawfully separated from the Navy, my pay and status reverted back to the date of the unlawful separation rather than a future date. We want to know what law it is that would prevent the unlawful denial from being voided and incapable of relating back. It is the law that we intend to uphold. Such law may not seem

Attach.3 3 of 5

reasonable to those who did not enact it but it is never-the-less that which we all have a duty to uphold.

It is reasonable to us that sometimes a passports adjudication can take many months, and that new photographs are not demanded from the agency notwithstanding that 60 days window of the photograph's age is exceeded. We need to see those guiding rules. If the law, or lawful regulations, demand an updated photograph when a passport adjudication exceeds a particular time, then we are "all in." Under those circumstances, when it is a matter of upholding the law, we are excited to participate in the providing of updated photographs. What is the publication or document that chronicles the lawful or legitimate provisions of when a new passport photo is necessary depending on the time delay in the adjudication of a passport renewal? Can we have a copy?

Your response will be helpful in the preparation of our join or individual status report.

                                        Sincerely

                                        David Alan Carmichael
                                        Plaintiff / Case Manager

David Alan Carmichael
1-19-cv-02316-RC Plaintiff / Case Manager
(757) 320-2220
Mail: P.O. Box 3172
Hampton, Virginia  23663-0172

Copyright © 2003-2021. All rights reserved.

Attach 3, 4 of 5

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered email my letter to the United States Attorney, c/o Mr. Christopher Hair signed April 20, 2021 in the case of Carmichael v. Blinken, #1:19-CV-02316-RC.

The Defendant was notified electronically:

United States Attorney
United States Attorney's Office
c/o Christopher Hair
555 4th Street, N.W.
Washington, D.C.  20530

Courtesy Copies are mailed or delivered by other hardcopy service to:

William Mitchell Pakosz
Box 25
Matteson, Illinois  60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848

And I served myself

Under penalty of perjury under the laws of the United States, the foregoing is true.

Signed: *David Alan Carmichael*  Date: April 20, 2021
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

*Attach 3, 5 of 5*