United States District Court
District of Columbia

| | | |
|---|---|---|
| David Alan Carmichael, *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | Case No: 1:19-CV-2316-RC |
| | ) | |
| | ) | Re: Minute Order of |
| Antony John Blinken, *in his* | ) | April 19, 2021 |
| *Official capacity as Secretary of State, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

**Plaintiffs' Immediate Response In Opposition To Court Minute Order And Notice Of Defendant Misconduct; Relief From The April 19, 2021 Order Is Requested**

TABLE OF CONTENTS

Table of contents ........................................ i

Table of Authorities ........................................ ii

Plaintiffs' Combined Certification ........................................ iii

Plaintiffs' Immediate Response In Opposition To Court Minute Order And Notice Of Defendant Misconduct; Relief From The April 19, 2021 Order Is Requested ........................................ 1

I. Introduction ........................................ 1

II. The Motivation of The Plaintiffs Is Lawful Rather Than Subjectively Reasonable ........................................ 4

III. The Right Or Wrong (Lawfulness) Of The Remand Order, Remaining Unanswered, ........................................ 5

IV. The Reasonable Policy Of The Department Is The Code Of Federal Regulations. The C.F.R. Agrees With The Plaintiffs And Contradicts The Defendants ........................................ 6

V. The Plaintiffs Explained Their Reasonableness To The Defendants' Attorney ........................................ 7

VI. Unofficial Communications Contradict Official Actions ........................................ 8

VII. In The Order Of April 19, 2021, The Court Erroneously Acts On The Basis Of Reason Rather Than Law ........................................ 8

VIII. The Court Order Precipitates The Defendants' Unlawful Conduct ........................................ 9

a. The Court Order Enticed The Defendant To Act Prematurely ........................................ 9

b. The Court Order Misconstrued The Nature Of The Action At Law ........................................ 10

IX. Relief From The April 19, 2021 Order Is Requested And Warranted ........................................ 10

Summary ........................................ 11

# TABLE OF AUTHORITIES

Code of Federal Regulations

22 C.F.R. § 51.4 ........................................................................ 8
*Validity of Passports*

22 C.F.R. § 51.65 ........................................................................ 4, 6, 7, 9, 10, 11
*Notification of denial, revocation or cancellation of passports And Consular Reports of Birth Abroad*

Federal Rules of Civil Procedure

Rule 60 ........................................................................ 4, 11
*Relief From A Judgment Or Order*

**PLAINTIFFS' COMBINED CERTIFICATION**

1. The Plaintiffs, David Alan Carmichael, Lawrence Donald Lewis and William Mitchel Pakosz, hereby agree and join with our "Plaintiffs' Immediate Response In Opposition To Court Minute Order And Notice Of Defendant Misconduct; Relief From The April 19, 2021 Order Is Requested"

2. We hereby certify that to the best of our knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) The motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under penalty of perjury under the laws of the United States of America,

Signed: S/ David Alan Camrichael, Plaintiff Date: May 4, 2021
1748 Old Buckroe Road
Hampton, Virginia 23664

Signed: S/ Lawrence Donald Lewis, Plaintiff Date: May 4, 2021
966 Bourbon Lane
Nordman, Idaho 83848

Signed: S/ William Mitchell Pakosz, Plaintiff Date: May 4, 2021
P.O. Box 25
Matteson, Illinois 60443

Custody of the signed originals are maintained by the Signatories or the Case Manager

**United States District Court,**
**District of Columbia**

| | | |
|---|---|---|
| David Alan Carmichael, *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | Case No: 19-CV-2316-RC |
| v. | ) | |
| | ) | Re: Minute Order of April 19, 2021 |
| Antony John Blinken, *in his Offiicial capacity as Secretary of State, et al.,* | ) | |
| | ) | |
| | ) | |
| *Defendants* | ) | |

**Plaintiffs' Immediate Response In Opposition To Court Minute Order**
**And Notice of Defendant Misconduct; Relief From The April 19, 2021 Order Is Requested**

## I. Introduction

1. In its Minute Order of April 19, 2021, the Court said, "… the Court is perplexed by Plaintiffs', apparent, refusal to take advantage of that opportunity." This response intends to relieve the Court of its perplexity; and to explain that refusal, advantage, and opportunity are not the operative words to describe the Plaintiffs' conduct. It also does not describe the nature of the Defendants' Status Report (ECF 80) offer of what is "reasonable" under the facts and law of the circumstance. The Defendants explained on the record (ECF80, ¶2.), that all the information needed to lawfully approve all three of the Plaintiffs' passport renewal applications was provided at the time of application. Paragraph 2 of the Defendants' Status Report said:

> "After the Court's Remand Order, the Department conducted a thorough review of Plaintiffs' prior passport applications and submissions in this litigation. The Department recently completed this review and has determined that **there is no need to request any additional evidence** from the Plaintiffs during the remand period. Specifically, based on Plaintiffs' prior passport submissions and court records, the Department is satisfied with (1) the sincerity of Plaintiffs' religious beliefs; and (2) the adequacy of the citizenship **and identity evidence previously submitted by each Plaintiff**." (Emphasis added)

2. Coincident on the day of the Court's Minute Order, the Defendants issued and delivered a "replacement" passport for Plaintiff Carmichael using the photograph supplied with the original application that is three-years and eighty-nine days old on April 19, 2021 (ECF 84, Attach. 6). On the same day, the Defendants issued and delivered a letter to Plaintiffs Lewis and Pakosz saying their passports are now denied for not having a current photograph (ECF 84, Attach 7). Those photographs are newer than the one on the replacement passport issued for Carmichael. The Defendants **falsely stated**, in quotations, that the measure of the currency of the passport-renewal-application photograph was supposed to be "taken within six months preceding the issue date." That statement contradicts the Code of Federal Regulations and the other references cited in their April 19, 2021 letter, id. Tying the currency of the photograph to a variable "issue date" contradicts reason. The Code of Federal Regulations and other references say that the photograph currency must be within six months of the date of application (ECF 84, Attachs. 3 & 8). That incongruity between the regulations and the Defendants' actions is a "reason" for the Plaintiffs' hesitancy.

3. The Defendants' letter was issued on the 89th day of what the Plaintiffs argue is a faux remand according to law. Prior to that date, the Defendant agency sent no communications to the Plaintiffs providing information relating to any law that showed the existing photographs to be insufficient, or to formally request a photograph, or to explain whether providing one was voluntary or mandatory. A conference call from the U.S. Attorney, not the agency, arguing in equipoise with the Plaintiffs regarding the rationale for a new photograph is not an agency acting on its own behalf under the auspices of a remand. There was no direct communication between an agency passport adjudication officer and the Plaintiffs as would be normal under a legitimate remand. The Plaintiffs did not authorize the U.S. Attorney to act as attorney for the Plaintiffs.

4. Such strange processing by the Defendant is fruit of an ambiguous court order that baited the Defendant to think that the agency was free to now claim to deny the original passport renewal application Forms DS-82 on the basis of some unnamed person's rationale. The Court order at least indicated that it was the Court that was to decide what was reasonable. A decision of reasonableness requires an adversarial due process where the facts and the law are weighed, potentially by a jury, after full discovery. The jury would have to consider, not merely whether the request was reasonable under the circumstance. A jury would have to find whether a reasonable person would decline the U.S. Attorney's invitation to supply new photographs when the Plaintiffs only reference for reasonableness was the Code of Federal Regulations. Those regulations fix the currency of the photograph to the date of the application. A jury might be persuaded that the evidence weighs in favor of the Plaintiffs having a stronger interest in upholding the law than do the Defendants. If the judicial process determines and declares as a matter of law that new photographs are required to fulfill the relief owed the Plaintiffs, the Plaintiffs will fulfill the Court's order with zeal, providing a photograph in a timely manner. It is clear error and abuse of discretion to dismantle the Plaintiffs case in subjection to the arbitrary unregulated process of this particular remand order, and in contradiction to the controlling regulation.

5. There is now a new question as to which of the passports issued to Carmichael is valid as a matter of law and reason. Under what law was a "replacement" passport issued? How can a passport be replaced if it has not existed lawfully? The U.S. Attorney explained to the Court that the "revocation" would be rescinded for the passport issued for Carmichael January 30, 2018 (ECF 66, p. 5). Since the Court never fulfilled its judicial duty to make a finding of fact and conclusion of law, the Court did not declare the passport-revocation void as a matter of law.

It is reasonable in the Plaintiffs' mind, though inconvenient, to stand for the complete relief of finding-of-fact and conclusions-of-law due them only through the powers of the Court.

6. The Plaintiffs notify the Court of the Defendants' misconduct, committing both direct and extrinsic fraud upon the Court and the Plaintiffs. The Defendants are attempting again to injure the Plaintiffs in their due process rights, by fraud, and contrary to law and regulation.

7. The Defendants' conduct is arbitrary in its differing treatment among the Plaintiffs, not acting in accordance with fixed regulation, but according to subjective reasoning.

8. Relief from the Court's April 19, 2021 Order, denying Plaintiff Carmichael's motion (ECF 83), is warranted pursuant to Rule 60(b), subparagraphs (2), (3), and (6).

**II. The Motivation of The Plaintiffs Is Lawful Rather Than Subjectively Reasonable**

9. The nature of law is a matter of rights and wrongs[1]. For the government to act contrary to law is a wrong. To partner with the government's unlawful act is a wrong, tempting as it may be to partner with it for personal convenience. If the government's act is not according to law, but is rather the action of a mere man according to his own reasoning without the provision of law, the government's act is at least arbitrary and easily descends to capriciousness. The Plaintiffs explained to the U.S. Attorney in their phone discussion (ECF 84, Attach. 4), and in Plaintiff Carmichael's letter to the Defendants' Attorney (ECF 84, Attach. 5) that 22 C.F.R. § 51.65(b) guides what is lawful to the exclusion of the merely reasonable. The Plaintiffs cannot forsake the law in order to comply with that which seems reasonable to some.[2]

---

[1] "MUNICIPAL law, thus understood, is properly defined to be "a rule of civil conduct prescribed by the supreme power in "a state, commanding what is right and prohibiting what is "wrong." Sir William Blackstone, Commentaries on The Laws of England, Introduction, Section The Second, Of The Nature of The Laws In General, p. 44 (1758) (Avalon.law.yale.edu/18th_century/blackstone_intro.asp#1)

[2] "If the man knows the good he ought to do and does not do it, to him it is sin." James 4:17

### III. The Right Or Wrong (Lawfulness) Of The Remand Order, Remaining Unanswered, Ties The Hands Of The Plaintiffs

10. Whether or not the law allows for the remand ordered by the Court, on the basis of the power granted to the Court by the Act of Congress, and in accordance with lawful Rules instituted by the Supreme Court under the purview of the Congress, **is a question put to Court by the Plaintiffs and whose answer the Court has not revealed**. In our search of the Judicial Procedure statutes and the Rules of Appellate Procedure and Civil Procedure, we cannot find the authority or power for the remand order. We've diligently sent timely cries to the court to provide that authority with no answer. If our search of law had revealed the authority in law for such a remand, **we would reasonably embrace it depending on the specifics of the law as applied to the facts**. If the Court revealed the authority upon which it acted as a matter of law, we would be released in our conscience to submit to the order. Refusal to answer a request of "by what authority" is not reasonable. Even Moses, when face-to-face with the Creator, asked by what authority he was to act.[3] When our fellow Saint Peter was given a command to submit to the order of the Sandhedrin, he appealed to the reasoning of his obligations to the higher law. His refusal to participate in their order, unanswered as to the question of whose authority he was reasonably supposed to submit, caused him to not succumb to their conflict-avoiding

[3] And Moses said unto God, Who am I, that I should go unto Pharaoh, and that I should bring forth the children of Israel out of Egypt? And he said, Certainly I will be with thee; and this shall be a token unto thee, that I have sent thee: When thou hast brought forth the people out of Egypt, ye shall serve God upon this mountain. And Moses said unto God, Behold, when I come unto the children of Israel, and shall say unto them, The God of your fathers hath sent me unto you; and they shall say to me, What is his name? what shall I say unto them? And God said unto Moses, I Am That I Am: and he said, Thus shalt thou say unto the children of Israel, I Am hath sent me unto you. And God said moreover unto Moses, Thus shalt thou say unto the children of Israel, the Lord God of your fathers, the God of Abraham, the God of Isaac, and the God of Jacob, hath sent me unto you: this is my name for ever, and this is my memorial unto all generations. Exodus, 3:11-15

invitation.[4] Religion, or the duty we owe the Creator, and the manner of discharging it,[5] transcends reason. We must not compromise the integrity of the law for the sake of pragmatism.

**IV. The Reasonable Policy Of The Department Is The Code Of Federal Regulations. The C.F.R. Agrees With The Plaintiffs And Contradicts The Defendants**

11. 22 CFR § 51.65(c) reveals that the agency can reopen a previously filed application "in order to issue a passport." (ECF 84, Attach 3.) That same regulation, 22 CFR § 51.65 subparagraph (b) reveals that a photograph is only needed when "he or she must submit a new application, supporting documents, and photograph, along with all applicable fees." That new application requirement is only in the event that the applicant "fails to meet his or her burden of proof under the applicable regulations or otherwise does not provide documentation sufficient to establish entitlement to a passport or does not provide additional information as requested by the Department within the time provided in the notification by the Department that additional information is required."

> "(b) An application for a passport or Consular Report of Birth Abroad will be denied if an applicant fails to meet his or her burden of proof under the applicable regulations or otherwise does not provide documentation sufficient to establish entitlement to a passport or a Consular Report of Birth Abroad, or does not provide additional information as requested by the Department within the time provided in the notification by the Department that additional information is required. Thereafter, if an applicant wishes the Department to adjudicate his or her claim of entitlement to a passport or Consular Report of Birth Abroad, he or she must submit a new application, supporting documents, and photograph, along with all applicable fees. 22 C.F.R. § 51.65(b) (ECF 84, Attach. 3)

12. By the first half of subparagraph (b), id, we understand that denial of the passport renewal applications was unjust on the basis of what the Defendants reported in their Status

[4] "But that it spread no further among the people, let us straitly threaten them, that they speak henceforth to no man in this name. And they called them, and commanded them not to speak at all nor teach in the name of Jesus. But Peter and John answered and said unto them, Whether it be right in the sight of God to hearken unto you more than unto God, judge ye. For we cannot but speak the things which we have seen and heard. " Acts 4:17-20

[5] Constitution of Virginia, Article I, § 16

Report (ECF 80, ¶2.). There is no need for the filing of a new DS-82, or a fee, or other information, and there is also no requirement for the Plaintiffs to submit a new photograph. The District Court must determine the law and the lawful duty of the agency to issue a passport on the basis of the material submitted with the application according to the demands of regulations.

**V. The Plaintiffs Explained Their Reasonableness To The Defendants' Attorney**

13. In a conversation with the Defendant Attorney, on Friday, March 29, 2021, the Defendant Attorney explained that the Plaintiffs denied applications are "alive" consistent with 22 C.F.R. § 51.65 (ECF 84, Attach. 4). **The Defendants' Attorney admitted** that there is no necessity to file a DS-82 form. **The Defendants' Attorney admitted** that there is no necessity to verify addresses of the Plaintiffs since the operative mailing addresses of the Plaintiffs in their passport applications are the same addresses to which the Defendants successfully send service to the Plaintiffs. If those things are true, what is the motive for the Defendants tempting the Plaintiffs to submit new DS-82 forms? Such a new form is the Plaintiffs themselves initiating a new agency action that will obviate the "alive" application records and the basis upon which the Plaintiffs have standing. We are perplexed as to why the Court would not readily recognize the reasonable response of the Plaintiffs to avoid succumbing to such a temptation to the undermining of their case.

14. In the March 5th conversation, id, the Defendant Attorney wrongly proposed that we were "refusing" to provide a photograph. The Plaintiffs explained that "refuse" was not the operative word. The Plaintiffs explained in so many words that they might readily provide a new photograph **if the Court** would declare that indeed the law provides for the requirement. The Plaintiffs explained that the photographs provided with the application were good for ten years. The Plaintiffs explained that the date of the passport ought to be related back to that date of when

the photographs should have been approved rather than denied, and the passports should expire ten years from that date. The Department policy is the Code of Federal Regulations. That Code matches the Plaintiffs reasoning. The length of the passport's validity can be shortened, pursuant to 22 C.F.R. § 51.4(b) to adjust for the inordinate delay in the processing of the application (ECF 84, Attach. 9).

## VI. Unofficial Communications Contradict Official Actions

15. The Plaintiffs have received no formal communication from the Agency to whom the matter was supposed to be remanded. There has been no official demand from the agency for such a DS-82 form or photograph. Had the agency actually exercised an Executive Department Act to which we are subject to as an administrative process? So far, we have only a Status Report that has allegations of what the Executive has done, or might do, without any evidentiary support of fact in deed or law. We have no declaration under oath by any officer of the agency. We have no citing of law that would explain why the Plaintiffs are excepted from the requirement of identifying with a SSN while the official website continues to misconstrue the laws and regulations while threatening other applicants with denial of their passports for not identifying with a SSN (Attachment 1)[6]

## VII. In The Order of April 19, 2021, The Court Erroneously Acts On The Basis of Reason Rather Than Law

16. The Court's April 19th order saying it does not intend to dissolve the remand order, is a perfunctory and insufficient response to Plaintiff Carmichael's motion for a hearing (ECF 83), and merely an oblique hint to its indifference to the Plaintiffs combined motion for declaratory judgment and finding of fact and conclusions of law (ECF 75). If the remand order is an

[6] https://travel.state.gov/content/travel/en/passports/ passport-help/faqs.html/#ssn)

exercise of power resting merely on subjective reasoning rather than law, it is an abuse of discretion and clear error.

17. The Court reiterated that, "Plaintiffs are encouraged to comply with Defendants' reasonable requests for further information in furtherance of Defendants' efforts on remand." What about lawful requests? Whose reasoning wins? Is the Court going to allow a jury to see the plainly worded regulation 22 C.F.R. § 51.65(b) to determine under these circumstances whether the request is reasonable in light of the lawful regulation or will the jury be limited to only hearing subjective sophistry? We've observed that the plainly written law is usually kept from the juries. The deck is stacked against objective justice.

18. The Court then leaves the term "reasonable" for the term "justified" quoting its January 19th, order, "The refusal by Plaintiffs to provide such requested information, if the Court finds that Defendants' new requests were justified." Reasonable means that whatever decision was made is appropriate given the particular circumstances, and most would regard it as so. Justified means that whatever was made is done for a good reason, in the interest of fairness.[7] According to 22 C.F.R. § 51.65(b), there are finite boundaries that define what is reasonable in this instance, and it is not dependant on the reasoning of the Court, the U.S. Attorney, the Defendant or the Plaintiffs.

19. The Court said in its order that the Plaintiffs not submitting to undefined "reasonable" requests, "may serve as a basis for the State Department to legitimately deny the requests for accommodation." The Court there again is wrongly implying that mere reasoning can "legitimately" determine something without being fettered to its root word, "*legis*."

---

[7] https://ell.stackexchange.com/questions/3028/whats-the-difference-between-justified-and-reasonable

20. If the Court determines that there is a law or regulation that makes the original photographs obsolete, then the Plaintiffs are willing to provide updated photographs. That is a determination of law, or lawfully instituted regulation that has the force of law. On its face, by the plain reading of 22 C.F.R. § 51.65(b), we cannot reasonably conclude that a DS-82 form is required in this instance and therefore neither is a fee, photograph or other information since everything that was required for the renewal of their passports was adequately provided with the original DS-82 forms.

**VIII. The Court Order Precipitates The Defendants' Unlawful Conduct**

**a. The Court Order Enticed The Defendant To Act Prematurely**

21. The Plaintiff understood, what the Court affirmed its order, that there would be a hearing regarding any impasse between the parties on the issue. The Court order said, "At this juncture (without the benefit of briefing by the parties), it appears to the Court that, given the passage of time since the original applications were submitted, the State Department would be acting reasonably to assure itself that the information in the previously submitted applications is still accurate and that up-to-date photographs are provided." That briefing-by-the-parties has not been made available, yet the Defendant has already acted – again arbitrarily. In the original Remand order that scheduled a joint status report for May 6, 2021, it was reasonable for the Plaintiffs to expect an opportunity for a hearing before having more insult and injury from the Defendant in the supposed new denial of the Plaintiffs' passport renewal under the color of law.

**b. The Court Order Misconstrued The Nature Of The Action At Law**

22. The Court misconstrued the purpose of the lawsuit when it said, "Plaintiffs should carefully consider their options before rejecting an opportunity to quickly obtain what was purported to be the primary purpose of the lawsuit." The injury to the Plaintiffs that gave them

standing was indeed the denial and revocation of the passport renewals. **The purpose of the lawsuit was to uphold the law**. Restoration of the right to a renewed passport is an inevitable consequence of the action to uphold the law. The other relief cited in the complaint is also for the purpose of upholding the law. We must do what we must do in order to protect the rights of ourselves, our posterity, our Christian community, and the people.

**IX. Relief From The April 19, 2021 Order Is Requested And Warranted**

23. Contrary to the Court's order stated "Because the parties can convey their positions to the Court at that time, a hearing now is unnecessary." Pursuant to the Rules of Civil Procedure, Rule 60(b), subparagraphs (2)(3) and (6), the Plaintiffs request relief from the order of April 29, 2021. The Defendants actions of the Agency giving no direct communication to the Plaintiffs except on the 89th day of the colorable remand, giving no formal request for information, and giving no warning of what will happen and when it would happen, is new information not available to the Court when it made its order (Rule 60(b)(2). The agency action on April 19, 2021, violates the provisions of 22 C.F.R. § 51.65(b), communicated a fraud to the Plaintiffs, is misconduct as arbitrary and capricious, and is based upon a misrepresentation of the court that encouraged the Defendants to consider their own prejudicial reasoning to be the sole determination of what ought to be done (Rule 60(b)(3). The injuries to the Plaintiffs are exacerbated by the confusing departure from the Rules of Civil Procedure, without regard for the Rule of Appellate procedure, and the statutes that empower those rules in the Court's unjustified so called remand. It has birthed new injustices and complications to the due process, remedy and relief sought by, and due, the Plaintiffs (Rule 60(b)(6).

**Summary**

The increasing complexity of the case is due to the Courts' departure from the rules of civil

and appellate procedure, and the Defendants elevating agency-staff unilateral reasoning above the Department policy which is published in the Code of Federal Regulations. Unjust means reap unjust ends. Whether or not the Court rules upon the motion declaratory motion of the Plaintiffs (ECF 75), whether or not the Court rescinds or dissolves its remand order, it is abuse of discretion and clear error to enforce the remand order against the Plaintiffs in penalty for their not changing their legal position in response to mere innuendo.

Signed: S/ David Alan Carmichael, Plaintiff Date: May 4, 2021
1748 Old Buckroe Road
Hampton, Virginia 23664

Signed: S/ Lawrence Donald Lewis, Plaintiff Date: May 4, 2021
966 Bourbon Lane
Nordman, Idaho 83848

Signed: S/ William Mitchell Pakosz, Plaintiff Date: May 4, 2021
P.O. Box 25
Matteson, Illinois 60443

Custody of the signed originals are maintained by the Signatories or the Case Manager