UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

*Plaintiffs,*

v.                                                    Civil Action No. 19-2316 (RC)

ANTHONY J. BLINKEN, in his official
capacity as Secretary of State, *et al.*,

*Defendants*.

## JOINT STATUS REPORT

1.      Pursuant to the Court's Minute Order dated April 19, 2021, Plaintiffs, David Alan

Carmichael, Lawrence Donald Lewis, William Mitchell Pakosz; Defendants, Antony L. Blinken

in his official capacity as the Secretary of State, the U.S. Department of State, and the United

States, respectfully submit this status report and proposal for further proceedings in this action.

### I.  Case History[1]

2.      The Plaintiffs challenge the Department of State's revocation of Plaintiff

Carmichael's passport and denial of Plaintiffs Lewis and Pakosz's passport renewal applications

for failure to provide social security numbers as part of their respective applications.  *See* 2d Am.

Compl. (ECF No. 50, ¶ 1).  The Plaintiffs requested a religious accommodation because they

could not identify themselves with a Social Security Number as requested on block 5 of the

passport renewal Form DS-82.  As a result of their claims, the Plaintiffs request damages,

declaratory relief, injunctive and mandamus relief, including an order compelling the State

---

[1]      The Parties submit the following summary to assist the Court.  This summary does not
represent any concession by Plaintiffs or Defendants regarding any legal or factual issue in this
case.

Department "to take action to restore the Plaintiff Carmichael's passport . . . [and] renew the Plaintiffs' passport for which they applied[.]"  *Id.* at 60 (Plaintiffs' Prayer for Relief).

3.      On August 28, 2020, the Court granted in part and denied in part Defendants' motion to dismiss, leaving Plaintiffs' claims under the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment, and the Privacy Act.  *See* Mem. Op. (ECF No. 45) at 2.  The Court also afforded Plaintiffs the opportunity to file an amended complaint with respect to their claim related to Mr. Carmichael's passport revocation under the Fifth Amendment, *id.* at 18, which Plaintiffs have now filed, *see* ECF No. 50.  The Plaintiffs submitted a rebuttal to the Court's August 28, 2020 order and opinion (ECF 47), and filed an amended complaint (ECF 51).

4.      The Court stayed Defendants' response to Plaintiffs' second amended complaint in order to permit the parties to confer regarding the Defendants' proposal for a voluntary remand to allow the State Department to reconsider the relevant passport adjudications and determine whether it can grant Plaintiffs' religious accommodation requests (Minute Order, Nov. 11, 2021).

5.      The Plaintiffs and Defendants filed separate status reports respectively on December 3rd and December 4th, 2021 (ECF 54 filed Dec. 3, ECF 52 filed Dec. 4).  The Plaintiffs filed a motion for a Rule 16(b) scheduling conference (ECF 55), and filed declarations by the Plaintiffs citing facts relating to the identity information provided with their original and renewed passports.  The Plaintiffs' position was that the proper procedure was to proceed with discovery according to the rules.  The Plaintiffs considered the voluntary remand proposed by the Defendants to be for the purpose of delay, and if granted would effectively be a dismissal of the Plaintiffs' complaint.  The Defendants' status report said, "Department of State acknowledges that it did not consider Plaintiff's religious accommodation requests and, accordingly is willing to reconsider Plaintiffs' applications based on alternative methods of identity verification and

passport entitlement."  The Defendants objected to the Plaintiffs' motion for a scheduling conference saying, "doing so would be inefficient at this juncture because Defendants intend to respond to Plaintiffs' second amended complaint with a dispositive motion, which will likely further define the scope of any discovery."  The Defendants gave notice of their intention to file a motion for remand within fourteen days.  The Plaintiffs filed a response in opposition to the legal position communicated in the Defendants' status report (ECF 63).

6.     On December 18, 2020, the Defendants filed a motion for voluntary remand, saying, "Subsequent to a remand, Plaintiffs would be afforded the opportunity to present evidence to substantiate their RFRA claim, and would need to submit appropriate evidence to sufficiently verify their respective identities and demonstrate that they are otherwise eligible for a passport." (ECF 61).  The Plaintiffs responded in opposition on December 27, 2020 (ECF 65), primarily objecting to the legal grounds and to a delay in judicial adjudication.  The Defendants replied January 6, 2021 (ECF 66) where they stated, "… and if the Plaintiffs establish upon remand their eligibility for passports, their 2018 and 2019 passport applications will be granted and the revocation of Plaintiff Carmichael's passport will be rescinded."

7.     On January 6, 2021, the Defendants responded (ECF 67) to the Plaintiffs notice and demand filings of December 3, 2021 (ECFs 53, 56, 57).  Plaintiffs believe that Defendants' response did not refute the factual statements but instead addressed the relevance to their remand motion as a matter of law.  The Plaintiffs replied to the Defendants response, mailing it January 19, 2021 (ECF 68).  Before receiving that reply, the Court granted the Defendants' motion for voluntary remand (Minute Order, January 20, 2021).  The Court also ordered the parties to submit a joint status report on or before May 6, 2021.

8.     The Plaintiffs responded in opposition to the Court's remand order (ECF 72) on the basis of legal grounds, moving for reconsideration in light of the Court not considering the Plaintiffs' reply (ECF 68).  On February 25, 2021, via CM/ECF, the Plaintiffs followed their opposition with their Motion For Declaratory Judgement Or Partial Finding Of Facts And Conclusions Of Law Regarding Remand Order… (ECF 75) and moved to lift the stay so the court could consider their motion (ECF 76).  The next day, the Court ordered the Defendants to file a status report regarding the progress of the Defendants on the remand order (Minute Order, February 26, 2021).  The same day, the defendants filed a response to the Plaintiffs' (ECF 72/73) reconsideration motion (ECF 77).  The Plaintiffs replied (ECF 78).

9.     In their status report of March 5, 2021, the Defendants reported:

"After the Court's Remand Order, the Department conducted a thorough review of Plaintiffs' prior passport applications and submissions in this litigation. The Department recently completed this review and has determined that there is no need to request any additional evidence from the Plaintiffs during the remand period. Specifically, based on Plaintiffs' prior passport submissions and court records, the Department is satisfied with (1) the sincerity of Plaintiffs' religious beliefs; and (2) the adequacy of the citizenship and identity evidence previously submitted by each Plaintiff."  (ECF 80, ¶2.)

10.   Paragraph 3. of the Defendants status report said:

"Accordingly, the Department is inviting Plaintiffs to submit Form DS-82, U.S. Passport Renewal Application for Eligible Individuals, with new photographs, using the following instructions:

a.   Plaintiffs are not required to identify any Social Security Number in their Form DS-82 applications and should write 'refused for religious reasons.'
b.   Plaintiffs are not required to submit any fees with their applications.
c.   Plaintiffs do not need to submit their previous passports.
d.   Plaintiffs must send their completed applications, along with a new photograph that conforms with instructions included in the Form DS-82, to the below address:  (National Passport Center Address)"

11.   The Plaintiffs responded to the status report on March 19, 2021 (ECF 82).  The Plaintiffs protested the need for a new DS-82 on the basis of their perception that it would nullify

the applications that were supposed to be under review on remand; the photographs provided with their original applications fulfilled the requirements at the time of application; and participation in the remand would nullify their protest to the remand process as a matter of law, among other things.

12. Plaintiff Carmichael moved for a status conference (ECF 83, March 22, 2021) to discuss whether the remand order would be rescinded; whether the Court would rule on the Plaintiffs motion for Declaratory Judgment (ECF 75); whether the Court would obligate the Plaintiffs to file a new Form DS-82; and whether the remand was binding upon the Plaintiffs.

13. On day 89 of the remand order, the Court issued its Minute Order saying it did not intend to dissolve the remand order. The Court said it was "perplexed" by the Plaintiffs "apparent refusal to take advantage of that opportunity.... At this juncture (without the benefit of briefing by the parties), it appears to the Court that, given the passage of time since the original applications were submitted, the State Department would be acting reasonably to assure itself that the information in the previously submitted applications is still accurate and that up-to-date photographs are provided." Since a joint status report had been ordered for May 6, 2021, the Court said the hearing moved for by Carmichael (ECF 83) was not necessary (Minute Order, April 19, 2021).

14. The same day of the Court's Minute Order, April 19, 2021, the Defendants issued a replacement passport to Plaintiff Carmichael to replace the one issued January 30, 2018, without requiring Carmichael to provide a new photograph. The Defendants on that same day sent a letter to Plaintiffs Lewis and Pakosz saying that their passport applications were denied for not providing a new photograph. The Defendants' letter said that the passport photographs were required to be within six months current of the passport's "issue" date. Plaintiffs contend that

the references cited in the letter explained that passport photographs are required to be current within six months of the "application" date.

15.    In response to the approval and denial of the passport renewals, Plaintiffs Lewis and Pakosz filed a motion for the Court to compel the Defendants to issue passport renewals to them (ECF 84).  The Plaintiffs explained that the Defendants possessed all the information that was needed to approve the passport renewal applications at the time the applications were submitted, that the photograph age requirement is tied to regulation rather than reasoning, and that the aging of the photographs due to the length of process is mitigated by the regulation providing for the shortening of the validity date pursuant to 22 C.F.R. § 51.4(b) (ECF 84).

## II.  Defendants' Proposal For Further Proceedings

16.    As noted above, the State Department granted Plaintiffs' religious accommodation requests during the remand period.  Although Plaintiffs did not submit any additional information, including any new photographs, the State Department reversed its revocation of Plaintiff Carmichael's passport and re-issued that passport.  However, the State Department determined that it was unable to approve the passport renewal applications for Plaintiffs Lewis and Pakosz because their photographs were not sufficiently recent.

17.    In light of the State Department's actions during the remand period, Defendants believe that some of Plaintiffs' claims are now moot.  Accordingly, Defendants intend to respond to Plaintiffs' amended complaint with a renewed motion to dismiss and for summary judgment.  Defendants also note that, during the remand period and stay in this action, Plaintiffs submitted a motion to compel the issuance of a passport for Plaintiffs Lewis and Pakosz.  *See* ECF No. 84.  Defendants believe it would be most efficient to submit a consolidated opposition to Plaintiffs' motion with their forthcoming dispositive motion on July 2, 2021.  Accordingly, Defendants

respectfully request that the Court consolidate the briefing on this issue with the agreed-upon schedule listed below in Section V. The Plaintiffs object to this request.

### III.  Plaintiffs Plan For Further Proceedings

### a.  Outstanding Motions On The Matter Of Remand

18.    The Plaintiff's filed a motion for reconsideration (ECFs 71/72) and a motion for declaratory judgment or partial finding of facts and conclusions of law (ECF 75). They have not been answered by the Court. The Plaintiffs understand that the issue of the remand order is not yet final for the purpose of an interlocutory appeal pursuant to 28 U.S.C. § 1291. Whether or not an interlocutory appeal, as a matter of right, is necessary hinges on whether the Court decides the legitimacy of the Defendants' basis of the remand motion, decides the legitimacy of the court's remand order itself, and whether or not the Plaintiffs find themselves to be injured by the Court's remand order or the actions of the Defendants pursuant to the remand order.

### b.  Motion To Compel

19.    Plaintiffs Lewis and Pakosz filed a Combined Motion To Compel Defendants To Issue Passport Renewals To Lewis And Pakosz. It is the most immediate matter to be determined by the Court. Plaintiffs expect the Defendants to file a response in opposition to the motion by May 21, 2021; and Plaintiffs intend to reply by June 4, 2021.

### IV.  Scheduling Conference

20.    The Plaintiffs expect the Court to set a date for a the Rule 16(b) Scheduling Conference pursuant to Plaintiffs' motion (ECF 55).

21.    Defendants believe that a scheduling conference is unnecessary prior to the ruling on their renewed dispositive motion in this action, and respectfully defer to the Court for the scheduling of any hearings, conferences, or oral arguments.

## V.  Schedule Agreed To By Parties

22.  Deferring to the Court to determine scheduling matters where the parties disagree, the Defendants have conferred with Plaintiffs and respectfully propose the following briefing schedule:

- Defendants dispositive motion due by July 2, 2021.

- Plaintiffs Response in opposition to Defendants dispositive motion due by August 6, 2021.

- Defendants reply due by August 20, 2021.

## Other Scheduling Considerations

23.  The Plaintiffs request, and the Defendants do not object, for the Court to exclude the week of June 7 through June 11 from time calculations but rather to provide additional time for any deadlines ordinarily set that would include those days.

\*     \*     \*

Dated May 6, 2021                         Respectfully submitted,

                                          /s/ David Alan Carmichael
                                          1748 Old Buckroe Road
                                          Hampton, Virginia  23664

                                          /s/  Lawrence Donald Lewis
                                          966 Bourbon Lane
                                          Nordman, Idaho  83848

                                          /s/  William Mitchell Pakosz
                                          P.O. Box 25
                                          Matteson, Illinois  60443

                                          *Plaintiffs*

                                          CHANNING D. PHILLIPS, D.C. Bar #415793
                                          Acting United States Attorney

                                          BRIAN P. HUDAK
                                          Acting Chief, Civil Division

                                          /s/ *Christopher C. Hair*
                                          CHRISTOPHER C. HAIR, PA Bar # 306656
                                          Assistant United States Attorney
                                          Civil DivisionUnited States Attorney's Office
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          Telephone:  (202) 252-2541
                                          Email:  christopher.hair@usdoj.gov

                                          *Counsel for Defendants*