**United States District Court,
District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al.* ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re:  1st Minute Order of May 07, 2021 |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFFS PAKOSZ AND LEWIS COMBINED RESPONSE IN OPPOSITION TO THE FIRST MINUTE COURT ORDER OF MAY 07, 2021**

**I. The Court Is Unjustly Delaying The Removal of Our *Ne Exeat Repulica***

1.   The Court First Minute Order of May 07, 2021 states:

"MINUTE ORDER: Upon consideration of 87 the parties' Joint Status Report, it is hereby ORDERED that the following schedule shall govern further proceedings: Defendants shall file their dispositive motions and their response to 84 Plaintiffs' Combined Motion to Compel Defendants to Issue Passport Renewals to Lewis and Pakosz on or before July 2, 2021; Plaintiffs shall file their response and reply on or before August 6, 2021; and Defendants shall file their reply on or before August 20, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3)"

2.   We Plaintiffs Lewis and Pakosz object to the Court's granting the Defendants delay in responding to our motion to compel the issuance of our passports.

   a)   There is no mention in the Court order of any consideration of the Joint Status Report's communicating our objection to the Defendants' proposal for delay.  There is no mention of any justification for the delay.  The Defendants motion was for efficiency without providing any weighable evidence of such efficiency.  The Court has again elevated unsubstantiated efficiency above justice.

   b)   The Defendants should have been held to the fourteen-day response deadline

of May 21st and our reply should have been due June 4th.

      c)      The Plaintiffs continue to be in a state of *ne exeat republica* without due process, with our passport application being denied contrary to law.

      d)      The Defendants have admitted that, as a matter of law, our passport applications should have been approved rather than denied.

      e)      The Defendants have made no allegation that our photographs were not valid at the time of the application.

      f)      The Defendants have shown no evidence that there is any regulation that requires the passport photograph to be current within six months of an unpredictable "issue" date.

      g)      The Defendants have not rebutted any of our judicial notices of the regulations that show the passport photo must be current within six months of the "application" date.

      h)      The Court continues to show a gross indifference to the law regarding the remedy and due process instituted by the Congress through positive law and their oversight of the Rules of Court.

      i)      The Court continues to show a gross indifference to law and facts of the case which are plead for, and relied upon, by us.

## II.  Summary

3.    We still hold that the remand is illegitimate as a matter of the due process instituted by the Congress and the regulations of the Supreme Court.  The basis of the remand motion was false according to evidence we supplied before the Defendants motion was made.  The order has no grounds as a matter of the remedies provided by law, upon which we have standing in this case.  The finagling of the Defendants self-induced an enticement to produce a faux application

denial under the guise that photographs should be on documents that are now two years old. However, the admissions of the Plaintiff in their Status Report (ECF 80) shows that there was no reason to deny the passport renewals. It is stipulated evidence that is relevant and material to the real litigation. The "invitation" of the Defendants to participate in a colorable remand, where the law and regulation does not require our participation in order for the Defendants to fulfill their duty to issue our passports, is no basis to justify the Court's failure to do justice. The Court's May 7, 2021 order to which we hereby object, and its final refusal to make the colorable remand of no-effect, evidences a final order or judgment on the matter of the remand controversy.

s/ Lawrence Donald Lewis
Lawrence Donald Lewis, Plaintiff
966 Bourbon Lane,
Nordman, Idaho  83848

s/ William Mitchell Pakosz
William Mitchell Pakosz, Plaintiff
P.O. Box 25
Matteson, Illinois  60443