United States District Court,
District of Columbia

David Alan Carmichael, *et al*.          )
                                          )
   *Plaintiffs*                         )
                                          )  Case No: 19-CV-2316-RC
   v.                                  )
                                          )  Re:  1st Minute Order of May 07, 2021
Antony John Blinken, *in his Official*    )       & ECF 88
   *capacity as Secretary of State, et al.*, )
                                          )
   *Defendants*                         )

**PLAINTIFF CARMICHAEL RESPONSE IN OPPOSITION TO THE FIRST MINUTE
COURT ORDER OF MAY 07, 2021**

1. The Court First Minute Order of May 07, 2021 states:

"MINUTE ORDER: Upon consideration of 87 the parties' Joint Status Report, it is hereby ORDERED that the following schedule shall govern further proceedings: Defendants shall file their dispositive motions and their response to 84 Plaintiffs' Combined Motion to Compel Defendants to Issue Passport Renewals to Lewis and Pakosz on or before July 2, 2021; Plaintiffs shall file their response and reply on or before August 6, 2021; and Defendants shall file their reply on or before August 20, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3)"

2. I object to the Court's granting the Defendants delay in responding to Plaintiff's Lewis and Pakosz combined motion to compel the issuance of their passports. I have private and personal interest and injury relating to: the unlawful denial of their passports originally; the supposed denial based upon their not providing photographs that are current within six months of the "issue" date; and to the interference with the adjudication of their case according to law and the rules of court rather than the judicial fiat colored as remand. I continue to be injured until such time as the Court adjudicates the lawfulness of the revocation of my January 30, 2018 passport as compared to the lawfulness of the issuance of that passport. Until that adjudication, I

am technically in the same status of Lewis in Pakosz in that my application for passport renewal is under reconsideration if indeed it was initially approved prematurely since I had neither provided a SSN or the non-OMB-approved affidavit form which the Defendants used as an excuse to deny the passports of Lewis and Pakosz.  I am not signing an erroneously issued "replacement" passport for which there is a question as to whether there is a need for it, or whether it was issued according to law, and until the matters on those issues of law have been adjudicated according to our case which has standing.  The Congressionally provided remedy, and complete relief, can only be had by judicial adjudication with full disclosure to the public eye and in the public's interest.  The Defendants' willful injury to me came as a retaliatory response to my lawful redress to government on behalf of my fellow Christians.  It is redress protected by the First Amendment.  I got punched in the nose for trying to get the Defendants to obey the law, and to approve the passport renewal applications of Pakosz, and Lewis, and ultimately of those of my posterity, my religious class, and the public.

3.    My objection here is an intervention of right due to my personal and private interests, according to my natural rights and duties of first friend in long-term Christian fellowship with by brethren Lawrence and William; and in my duty to uphold and defend the Constitution against all enemies foreign and domestic as a matter of my oath confessed June 27, 1980, and several times thereafter.

4.    I hereby object in that:

a)    There is no mention in the Court order of any consideration of the Joint Status Report's communicating our objection to the Defendants' proposal for delay.  There is no mention of any justification for the delay.  The Defendants motion was for efficiency without providing any weighable evidence of such efficiency.  The Court has again

elevated unsubstantiated efficiency above justice.

  b)  The Defendants should have been held to the fourteen-day response deadline of May 21st with the Plaintiffs able to reply no later than June 4th.

  c)  The Plaintiffs Lewis and Pakosz, as well as I, continue to be in a state of *ne exeat republica* without due process, with our passport renewal applications being denied or revoked contrary to law.

  d)  The Defendants have admitted that, as a matter of law, our passport applications should have been approved rather than denied. Mine was lawfully approved but has been interfered with rather than restored by Defendant machinations that intend to, and do, evade law and accountability.

  e)  The Defendants have made no allegation that our photographs were not valid at the time of the application.

  f)  The Defendants have shown no evidence that there is any regulation that requires the passport photograph to be current within six months of an unpredictable "issue" date.

  g)  The Defendants have not rebutted any of our judicial notices of the regulations that show the passport photo must be current within six months of the "application" date.

  h)  The Defendants have rendered mine suitable, though it is older than the photographs of Lewis and Pakosz.

The Court continues to show a gross indifference to the law regarding the remedy and due process instituted by the Congress through positive law and their oversight of the Rules of Court.

  i)  The Court continues to show a gross indifference to law and facts of the case

which are plead for, and relied upon, by us.

## Summary

5.     We still hold that the remand is illegitimate as a matter of the due process instituted by the Congress and the regulations of the Supreme Court.  The basis of the remand motion was false according to evidence we supplied before the Defendants motion was made.  The order has no grounds as a matter of the remedies provided by law, upon which we have standing in this case.  The finagling of the Defendants self-induced an enticement to produce a faux application denial under the guise that photographs should be on documents that are now two years old.  However, the admissions of the Plaintiff in their Status Report (ECF 80) shows that there was no reason to deny the passport renewals.  It is stipulated evidence that is relevant and material to the real litigation.  The "invitation" of the Defendants to participate in a colorable remand, where the law and regulation does not require our participation in order for the Defendants to fulfill their duty to issue our passports, is no basis to justify the Court's failure to do justice.  The Court's May 7, 2021 order to which I hereby object, and its final refusal to make the colorable remand of no-effect, evidences a final order or judgment on the matter of the remand controversy.

s/ David Alan Carmichael
David Alan Carmichael, Plaintiff & Intervenor of Right for this objection
1748 Old Buckroe Road
Hampton, Virginia  23664