United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re: 2nd Minute Order of May 07, 2021 |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFF CARMICHAEL RESPONSE IN OPPOSITION TO THE SECOND MINUTE
COURT ORDER OF MAY 07, 2021**

**I. The Replacement Passport Is Not Valid**

1. The Court opened its *sua sponte* Second Minute Order of May 07, 2021 with an incorrect statement as the basis for its order:

> "Plaintiff Carmichael has obtained his passport in the litigation but the other Plaintiffs have not, Plaintiffs Lewis and Pakosz are ORDERED to notify the Court on or before May 21, 2021, if they wish to be appointed counsel by the Court to represent their potentially separate interests. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3)"

2. The "Plaintiffs' Immediate Response In Opposition To Court Minute Order And Notice Of Defendant Misconduct; Relief From The April 19, 2021 Order Is Requested" pointed out that nobody yet knows which is the valid passport for me as a matter of law (ECF 85, ¶ 5.). For the reasons set forth here below, I cannot in good faith, legally, or reasonably sign the passport that was mailed to me on April 19, 2021. Until it is signed, **it is not valid**, pursuant to 22 C.F.R. § 51.4(a).

**II. A Replacement Passport Has A Process All Of Its Own**

3. The passport mailed to me on April 19, 2021 stated, "THIS PASSPORT REPLACES

REGULAR PASSPORT NUMBER 573308010 ISSUED ON JAN 30 2018."  According to regulation and the procedure published by the Defendant, a replacement passport is issued without the payment of fee only for reasons allowed by 22 C.F.R. § 51.54.  The errors and mistake option listed in 22 C.F.R. § 51.54 are addressed on Form DS-5504.  Form DS-5504 is required to be supplied for a "replacement" passport.  It requires no fee, but it does require a photograph which is current within six months of the DS-5504 application.  If none of the three reasons for a replacement passport applies, as queried by the DS-5504 form, a DS-11 original passport or a DS-82 renewal passport must be submitted.  With Forms DS-11 or DS-82 is needed a filing fee, supporting documentation, and a photograph that is valid within six months of the "application date" rather than the "issue date" since the "issue date" cannot be naturally known at the time of application.

4.  There is no error or mistake according to the law with regard to my passport issued January 30, 2018.  There is no legitimate reason to issue a new passport under the guise of it being a "replacement" passport.

### III. That Which Does Not Lawfully Exist Cannot Be Replaced

5.  The original complaint delivered to the Court July 30, 2019, and the subsequent amendments, complained that the revocation of my passport was unlawful for a number of reasons.  The relief demanded was ""**voiding** the "cancellation"" of my passport (ECF51, ¶ 142(1), p. 60).  The Defendants said on the record filing that "the revocation of Plaintiff Carmichael's passport will be rescinded."  Rescission of my passport revocation would be the result of the Defendants' internal investigation regarding whether they had information necessary to warrant religious accommodation and to verify applicant identification (ECF 60).  Though we rebuffed the notion of a remand in lieu of full adjudication and coercive order by the Court, we

reminded all that the Defendant **had a duty as a matter of law** to rescind the revocation with or without a court order or stay of proceeding.

6.   The new information that would be 'reasonable' was solely related to those two issues.  Though they finally admitted that they already had everything they needed at the time of the application (ECF 80, ¶2.), we don't know if they "rescinded" the revocation as promised by the Defendant Attorney (ECF 60 quoted above).  **Unless they rescind the revocation, there is no "valid" passport that can be <u>replaced</u>**.  Once rescinded, there is <u>no need</u> for replacement.

### IV.   Carmichael's January 30, 2018 Passport Is Valid As A Matter Of Law

7.   If the Court, <u>through litigation</u>, finds the facts and concludes the law that my complaint is substantiated and that the revocation was not legitimate, then the passport issued January 30, 2021 has no need of replacing.  **The revocation is void as a matter of law**.  The Court needs to declare it to be so.  There is no need for me to apply for a replacement or new passport, to file a form, to give a photograph, to pay a fee, or provide other supporting documentation as normally required with a new application, even if invited.

### V.   The Court Inappropriately Insinuated That The Irregular Process Is Relief

8.   The order of the Court appears to coerce a negotiated settlement upon me, short of complete relief, without negotiation.  The Defendant has invited me to accept a passport that "replaces" the valid-as-a-matter-of-law passport that I already have.  Rescission of the revocation is the "appropriate" relief for which I applied by remedy provided by the law and the lawful rules.  The statement by the Court Plaintiff "Carmichael has obtained his passport in the litigation" is untrue and more fruit of the corrupt vine.  Evasion of law cannot appease me.

### VI.   Objection To The Implication Made Regarding "Counsel" And Status Change

9.   The last part of the Court's order is confusing.  It is strange that an invitation would

go to Plaintiffs Lewis and Pakosz and not to me.  I don't know if the Court is saying that I do not need counsel, or I am not allowed counsel.  The Court did not say which interests are separate.  It did not indicate to me how my interests have changed from theirs.  It makes me question whether the Court is favoring Pakosz and Lewis over me, or whether the Court is favoring me over them.  I object to the indiscretion.

### VII.  The Court's Presumption of Regularity Needs To Be Dissolved

10.  **The Court's presumption of the regularity of government actions needs to be dissolved**.  The Defendants have admitted the irregularity of its not applying the law that compels them to apply accommodation for religion.  The Defendant continues to operate in bad faith, making things up as they go.  They send a letter to Plaintiffs Lewis and Pakosz saying in quotation marks that a photograph must be current within six months of the issue date when the references they list say that the photograph must be current within six months of the application date.  They say to the Court that a new DS-82 form is required though the language says that the Plaintiffs are being invited to provide the form.  Yet, their attorney explains over the phone that a DS-82 form is not required.  They said to the Court that the Plaintiffs are invited to provide photographs.  I am not disqualified when not providing a photograph, which is consistent with a mere invitation as well as the requirements of regulation since there is no need for a new application.  The Government falsely stated that the passport of mine was issued in error.  Under their theory, the status of my passport after revocation put me in the same status as the other Plaintiffs.  Yet, the two other Plaintiffs in same position as me, having heard of but not seen first hand the agency's formal invitation, and having supplied photographs with their application more recently, are supposedly disqualified for not embracing the same invitation.  The Defendants are not operating according to the laws or lawful regulations.  The presumption of

regularity ought to be reversed.

## Summary

11.     When my passport was revoked in retaliation for my writing to the White House to get help for those in my religious similitude, the primary injury to me is the loss of my lawfully issued passport.  Though that is the primary personal injury, there is a greater injury to me, to my posterity, and to society.  The primary need for this litigation is get the most powerful government in the world to behave itself in accordance with the law regarding this particular issue.  We cannot partner with the undermining of that which is framed to be a government of law and not men.  We cannot let the Court be beguiled by the wiles of the Defendant.  By the Court's order, it appears that the Defendants' prestidigitation is having its harmful effects.  Why would the Defendant not issue a passport for Plaintiffs Lewis and Pakosz whose photographs fulfill the requirements of the regulations, and are newer than mine; while at the same time, not only apparently quasi-un-revoke my passport but issue a new one using the photograph given at the time of application over three years ago?  Aha…. To make the interests of the Plaintiffs appear somehow separate.  To Divide, as a means to weaken the Plaintiffs' synergy and solidarity, in order to concur by might over right.  Each step of the Defendants' appears to me to be tactically designed to undermine rights, of mine and my fellow man, as ought to be protected by law.  It is a tactic in the spirit of a sublime strategy whose foundation needs excavating.

12.     **To partner with the evasion of the application of law is a partnership with sedition**.  In good faith, I cannot abate in my standing for complete relief as a matter of law.

s/ David Alan Carmichael  
David Alan Carmichael, Plaintiff  
1748 Old Buckroe road  
Hampton, Virginia  23664  
david@freedomministries.life / (757) 850-2672