United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.* ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re:  2nd Minute Order of May 07, 2021 |
| Antony John Blinken, *in his Official* ) | & ECF 90 |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFFS LEWIS AND PAKOSZ RESPONSE IN OPPOSITION TO THE SECOND MINUTE COURT ORDER OF MAY 07, 2021**

**I. The Court Incorrectly States That There Is Fruit of Litigation**

1. The Court opened its *sua sponte* Second Minute Order of May 07, 2021 with an inaccurate and a confusing statement regarding "litigation" and need for a deadline and the appointment of counsel:

> "Plaintiff Carmichael has obtained his passport in the litigation but the other Plaintiffs have not, Plaintiffs Lewis and Pakosz are ORDERED to notify the Court on or before May 21, 2021, if they wish to be appointed counsel by the Court to represent their potentially separate interests. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3)"

2. We agree with Plaintiff Carmichael Response in Opposition that he filed this same day (ECF 90).  The supposed issuance of a replacement passport was not a result of litigation but of a non-litigious, illegitimate, collateral evasive action of the Defendants.  The faux remand is an unwarranted judicial fiat that is injurious to the rights of the Plaintiffs and to our form of government.

**II. The Court Incorrectly States That Plaintiffs' Interests Are Dissimilar**

3. We observe that the Defendants efforts to unlawfully revoke Carmichael's passport

was an attempt to place him in our application-status retroactively.  Either his passport was approved lawfully and was revoked unlawfully; or his passport was approved unlawfully and revoked lawfully.  Under the Defendants claim that his passport was approved in error, because it was approved without his identifying with a Social Security Number, we understand that Carmichael is in the same position as us until such time as there is a ruling of the lawfulness of the Defendants' conduct.  Discovery by deposition of the actors, ordinarily part of the litigation process, should clearly reveal that the Defendants' intention was to put Carmichael in our status.  It was a counter attack on Carmichael's White House communication that was his attempt to get the Defendants to place us equal to his status.  They're trying to have their cake and eat it too.

### III.  The Court's Order Is Confusing

4. Why is May 21, 2021 a deadline for our obtaining counsel at any point in this litigation?  Why is our deadline May 21, 2021, but Plaintiff Carmichael's ability to obtain counsel is indefinite?  Is the *sua sponte* order a courtesy signal that the Court intends to dismiss our case if nothing changes?  Is the Court by its inaction upon all of our motions signaling a final judgment on the collateral remand issue?  Is the court intending to pay for the counsel?  Is such counsel merely counsel, or is there a requirement that such person act as our attorney?  Without having access to the mind of the court, the answer to our questions can only be by speculation.

### Summary

5. We object to:

   a. The confining of our right to our choosing our own counsel at any point in the litigation.

   b. The Court's partnering with the Defendants' evasion of the litigation to which we filed suit according to the remedy provided by the Congress pursuant to the Constitution.

c.  The determination of our interests without the benefit of discovery that is indispensable to the finding of fact that is necessary to support conclusions of law.

s/ Lawrence Donald Lewis
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848


s/ William Mitchell Pakosz
P.O. Box 25
Matteson, Illinois  60443