UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANTONY J. BLINKEN, in his official capacity as Secretary of State, *et al.*,<br><br>*Defendants*. | Civil Action No. 19-2316 (RC) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE
AND MOTION FOR JOINDER OF MICHELLE BOULTON**

Defendants, Secretary of State Antony J. Blinken and the U.S. Department of State, respectfully submit the following opposition to Michelle Boulton's motion to intervene (ECF No. 94) and Plaintiffs' motion to join her as a party (ECF No. 92) in this Religious Freedom Restoration Act ("RFRA") matter. As discussed below, the Court should deny both motions. First, both Ms. Boulton and Plaintiffs have failed to confer with Defendants, as required, prior to filing their respective motions. Further, as explained in the declaration of Kristia Watkins (attached hereto) and contrary to Ms. Boulton's assertion, her passport application has not been denied by the State Department and she has not been denied any requested religious accommodation. Moreover, her motion to intervene is untimely as this litigation began in 2019 and a briefing schedule to resolve the parties post-remand disputes has already been set. For those reasons, Ms. Boulton and Plaintiffs fail to meet the requirements for either intervention or joinder in this matter.

## LEGAL STANDARDS

### I.     Motion to Intervene.

Federal Rule of Civil Procedure 24(a) provides that

> [o]n timely motion, the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see also Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) ("A district court must grant a timely motion to intervene that seeks to protect an interest that might be impaired by the action and that is not adequately represented by the parties."). Rule 24(a) requires four distinct elements be satisfied where a party seeks to intervene as a matter of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (internal quotation marks omitted).

Although "intervenors must demonstrate Article III standing," *Deutsche Bank Nat. Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C. Cir. 2013), in this circuit "[t]he standing inquiry is repetitive in the case of intervention as of right because an intervenor who satisfies Rule 24(a) will also have Article III standing." *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F.Supp.2d 1, 7 (D.D.C. 2008); *see also WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010) ("In most instances, the standing inquiry will fold into the underlying inquiry under Rule 24(a): generally speaking, when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and vice versa.").

**II.     Motion for Joinder.**

Under Rule 20 of the Federal Rules of Civil Procedure, persons may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits."  *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (quoting *Puricelli v. CAN Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).  The movant, however, cannot join parties "who simply engaged in similar types of behavior . . . [but are] otherwise unrelated; some allegation of concerted action . . . is required."  *Pinson v. Dep't of Justice*, 74 F. Supp. 3d 283, 289 (D.D.C. 2014) (quoting *Spaeth v. Mich. State Univ. College of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012)).

Rule 20(a)'s first prong is met if the claims are logically related.  *Disparte*, 223 F.R.D. at 10.  This is a flexible test where the "'impulse is toward entertaining the broadest possible scope of action consistent with the fairness to the parties[.]"  *Lane v. Tschetter*, Civ. A. No. 05-1414 (EGS), 2007 WL 2007493, at *7 (D.D.C. Jul. 10, 2007) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  However, the "flexibility inherent in the logical relationship test does not give the court license to disregard the 'common transaction or occurrence' requirement of Rule 20(a)."  *Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 121 (D.D.C. 2010).

Rule 20(a)'s second prong requires "that there be some common question of law or fact as to all of the plaintiffs' claims[.]"  *Disparte*, 223 F.R.D. at 11.  In making the "common question of law or fact" determination, "courts often consider the circumstances surrounding the

plaintiffs' claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008).

## ARGUMENT

As an initial matter, Defendants note that Mr. Carmichael submitted Ms. Boulton's motion to intervene on her behalf without first obtaining leave to do so. Indeed, Mr. Carmichael implicitly acknowledged as much when he separately moved for leave to file documents on Ms. Boulton's behalf simultaneously with the intervention motion. *See* ECF No. 93. In his motion for leave, Mr. Carmichael avers (without any affidavit or proof) that "Michelle Boulton has asked [him] to serve her documents . . . via the CM/ECF system." *Id.* at 1. Further, he intends to serve as "case manager" for all Plaintiffs. *See id.* at 2 (Proposed Order).

Although the Court has permitted Mr. Carmichael to electronically file documents on behalf of the other Plaintiffs, the Court first required Mr. Carmichael to "submit a document signed by Plaintiff Lewis and Plaintiff Pakosz evidencing the agreement to have Plaintiff Carmichael manage all electronic filings on behalf of all Plaintiffs[.]" Feb. 8, 2021, Minute Order. Mr. Carmichael has presented no such agreement here with respect to Ms. Boulton. For those reasons, and because of Mr. Carmichael's repeated failure to confer under the Local Rules (as discussed below), Defendants object to Mr. Carmichael serving as the default "case manager" for any additional parties in this matter and for filing documents on behalf of Ms. Boulton without obtaining prior leave from the Court to do so.

**I.   Plaintiffs and the Proposed Intervenor Failed to Confer with Defendants Prior to Filing Their Motions.**

Prior to filing their motions, neither Ms. Boulton nor any Plaintiff in this action conferred with Defendants, as required. Local Rule 7(m) requires that "[b]efore filing any nondispositive

4

motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." LCvR 7(m). Failure to adhere to the Local Rules is appropriate grounds for denying a party's motion. *See, e.g., 12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018) ("[T]he court denies Plaintiffs' motion for failure to meet and confer as required by Local Civil Rule 7(m)."); *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 25 (D.D.C. 2017) ("This Court routinely denies non-dispositive motions for failure to comply with Rule 7(m)."). Defendants have noted Mr. Carmichael's failure to confer regarding prior motions in this action. *See* Defs.' Opp'n to Pl.'s Mot. to Compel (ECF No. 41) at 4-5. Plaintiffs' repeated failure to adhere to the Local Rules should not be tolerated and the pending motions should be denied for failure to confer.

## II.     The Court Should Deny Ms. Boulton's Motion to Intervene.

Ms. Boulton asserts that she is entitled to intervene in this action by right. *See* Mot. for Leave to Intervene at 1. She further asserts that "despite claiming a religious objection to providing a Social Security Number on her passport application . . . [the State Department has] refused to issue her a passport." *Id.* at 2. In her proposed complaint, she alleges that "[o]n March 12, 2021, Defendants . . . refused to issue a passport to Boulton on the grounds she has refused to provide a Social Security Number." Proposed Compl. (ECF No. 94-1) ¶ 12. On the basis of her claims, Ms. Boulton seeks declaratory and injunctive relief as well as attorney's fees and costs. *Id.* at p.5.

Ms. Boulton's claims are based on the false premise that her passport application has been denied. As explained in Ms. Kristia Watkins's declaration, Ms. Boulton has not been denied any passport for failing to provide a social security number. On the contrary, Ms. Boulton executed a passport application on March 9, 2021. On or around the same day, the U.S.

Embassy in San Jose, Costa Rica, sent Ms. Boulton a letter requesting additional information. She has yet to respond to this request and her application is still pending review. Ms. Boulton does not claim that her passport application has been unreasonably delayed. Rather, she asserts that the State Department denied her application for failing to provide a Social Security Number. As noted, this is false. Accordingly, Ms. Boulton has not suffered an injury in fact that is cognizable in this proceeding and, thus, lacks standing. *See ANR Pipeline Co. v. F.E.R.C.*, 205 F.3d 403, 408 (D.C. Cir. 2000). Because Ms. Boulton does not have standing to intervene, the Court should deny her motion. *In re Endangered Species Act Section 4 Deadline Litigation-MDL No. 2165*, 704 F.3d 972, 976 (D.C. Cir. 2013).

Ms. Boulton's motion should also be denied because it is untimely. This action was filed nearly two years ago on July 31, 2019. *See* ECF No. 1. This Court has resolved Defendants' initial dispositive motion and ultimately remanded Plaintiffs' passport applications to the State Department for reconsideration. During the remand period, the State Department granted each Plaintiff a religious accommodation with respect to their Social Security Numbers and has rescinded its revocation of Mr. Carmichael's passport.[1] Moreover, the Court has already set a briefing schedule to resolve the Parties' post-remand disputes and Defendants have begun working on their brief that is due to be filed in a matter of weeks, i.e., by July 2, 2021. Ms. Boulton claims that her passport application was denied in March 2021. Although Defendants dispute this assertion, it would unduly delay this proceeding were Defendants required to respond to it along with the current issues in this litigation due to be briefed in the near term.

None of the other requirements for intervention support Ms. Boulton's motion. To be sure,

---

[1] Mr. Lewis and Mr. Pakosz did not receive renewed passports due to their failure to submit sufficiently recent photographs.

she fails to explain how she has any legally protected interest in the action, nor how this action threatens that interest. *See Karsner*, 532 F.3d at 885. She similarly fails to explain why any party to this action is an inadequate representative of her interests. *Id.* And she is, of course, free to separately seek judicial review of the State Department's actions with respect to her passport (which, as Defendants explained above, have not yet become final and are therefore unripe for judicial review).

Even if the Court construes Ms. Boulton's motion as seeking permissive intervention, the Court should still deny intervention. A court "'may permit' a party to intervene if that party 'has a claim or defense that shares in the main action a common question of law or fact.'" *Aref v. Barr*, Civ. A. No. 10-0539, 2020 WL 7974325, at *2 (D.D.C. June 25, 2020) (quoting Fed. R. Civ. P. 24(b)(1)(B)). Even then, "permissive intervention is an inherently discretionary enterprise, and the Court enjoys considerable latitude under Rule 24(b)." *Id*. (internal quotations and citations omitted). Three factors determine whether a favorable exercise of discretion is warranted: (1) whether the motion was timely; (2) whether the applicant's claim shares a question of law or fact in common with the main action; and (3) whether the original parties will suffer undue delay or prejudice due to the intervention. *Id*.

As noted above, Ms. Boulton's delay in seeking intervention justifies denying this motion at this advanced stage in the litigation. Moreover, she does not make any claims nor indicate any interest in this pending matter, where all the Plaintiffs have been granted a religious accommodation with respect to their passport applications. Therefore, she cannot establish any common question of law or fact with the action at hand, which further supports denying the motion. *See Parker v. John Moriarty & Assoc.*, 319 F.R.D. 18, 23 (D.D.C. Dec. 2, 2016).

The parties would also suffer undue delay if Ms. Boulton could intervene at this point in the litigation. In addition to the additional work required to decipher Ms. Boulton's arguments in her filings, the parties would also have to address her claims that appear to differ substantially from the merits of this case in its post-remand posture. Accordingly, this Court should deny the request to intervene. *See Parker*, 319 F.R.D. at 23 (denying permissive intervention in part because it would have unduly delayed the adjudication of Plaintiffs' claims by requiring discovery into matters completely unrelated to the claims before the court).

### III.    The Court Should Deny Plaintiffs' Motion for Joinder.

For similar reasons to those discussed above, Plaintiffs' joinder motion should also be denied. While Ms. Boulton, like the Plaintiffs in this action, has made a passport application and requested a religious accommodation, her application remains pending. On the other hand, the State Department has granted each Plaintiff in this matter a religious accommodation regarding their Social Security Numbers. Therefore, there is no "common question of law or fact" as to Ms. Boulton and the Plaintiffs. *Disparte*, 223 F.R.D. at 11.

Moreover, Ms. Boulton's claims would not survive a motion to dismiss as she lacks standing because, contrary to her allegations, her passport application has not been denied. Accordingly, she has not suffered any injury in fact. Relatedly, her claims are otherwise unripe for judicial review. *DKT Mem'l Fund, Ltd. v. Agency for Int'l Dev.*, 887 F.2d 275, 297 (D.C. Cir. 1989) (holding that "the constitutional requirement for ripeness is injury in fact"). Therefore, the Court should deny Plaintiffs' motion for joinder as futile because Ms. Boulton's claims would not survive a motion to dismiss. *See Breen v. Chao*, Civ. A. No. 05-0654, 2019 WL 1304327, at *2 (D.D. C. Mar. 21, 2019); *see also James Madison Ltd. By Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

## CONCLUSION

For the reasons discussed above, Defendants request that the Court deny Ms. Boulton's motion to intervene and Plaintiffs' motion for joinder.

Dated June 4, 2021          Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
Acting United States Attorney

BRIAN F. HUDAK
Acting Chief, Civil Division

/s/ *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2021, I caused the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, and proposed intervenor Michelle Boulton, via U.S. Mail with pre-paid postage, addressed as follows:

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412

              */s/ Christopher C. Hair*
              CHRISTOPHER C. HAIR
              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>MICHAEL POMPEO, in his official capacity as Secretary of State, *et al.*,<br><br>*Defendants*. | Civil Action No. 19-2316 (RC) |

**[PROPOSED] ORDER**

Upon consideration of Michelle Boulton's motion to intervene and Plaintiffs' motion for joinder, Defendants' opposition, and the entire record, it is hereby **ORDERED** that the motions are **DENIED**.

**SO ORDERED**.

_____   _____
Date                                                             Rudolph Contreras
                                                                          United States District Judge