Michelle Boulton
8491 Hospital Dr., # 178
Douglasville, GA 30134-2412
770-315-5724
LadyTia2@aquawest.net
In Propria Persona.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David Alan Carmichael, et al.,** | ) **Civil Action No.:  19-2316 (RC)** |
| | ) |
| Plaintiffs, | ) **Intervenor's Reply to Defendants'** |
| | ) **Opposition to Motion for Leave to** |
| **vs.** | ) **Intervene** |
| | ) |
| **Anthony J. Blinken, in his official** | ) |
| **capacity as Secretary of State of** | ) |
| **the United States, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Reply Of Movant In Intervention, Michelle Boulton, To Defendants'**

**Opposition To Motion For Leave To Intervene**

Comes now Michelle Boulton (*hereinafter "Boulton"*) who submits the following Reply to the Defendants' Opposition (ECF No. 95) to her Motion for Leave to Intervene (ECF No. 94) as follows:

Defendants, in their spurious Opposition, have attached a false and fraudulent Declaration of Kristia Watkins (ECF No. 95-1). In said Declaration, Ms. Watkins falsely declares:

4. On or around March 9, 2021, Ms. Boulton re-appeared at the U.S. Embassy in San Jose, Costa Rica, to execute an application for a U.S. passport using Form DS-5504, "Application for a U.S. Passport: Name Change, Data Correction, and Limited Passport Book Replacement."

4. [sic] On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identify and has given her ninety (90) days, or until June 7, 2021, to respond.

Reply to Opposition                Page 1 of 3                Case No. 19-2316

5. [sic] As of today, Ms. Boulton's March 9, 2021 application is open and pending review by the U.S. Embassy in San Jose, Costa Rica. Her application has not been denied.

Attached hereto as Exhibit A is an e-mail from Defendants dated March 12, 2021, clearly stating a passport would not be issued to Boulton unless and until she provided a Social Security Number. Attached hereto as Exhibit B is an e-mail from Defendants dated March 30, 2021 clearly stating a passport would not be issued to Boulton unless and until she provided a Social Security Number. There is thus no question whatsoever that the Defendants have refused to process the application and issue Boulton's passport for the sole reason that Boulton has not provided a Social Security Number.

The issue before the Court is whether Defendants' refusal to issue passports to the Plaintiffs, and to Boulton, for failure to provide a Social Security Number is lawful. Or stated another way, whether Defendants' refusal to issue passports is violative of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb and Presidential Executive Order 13798. There is no significant difference between the Plaintiffs' causes of action and Boulton's causes of action.

Assuming for the sake of argument that Boulton's Motion for Leave to Intervene is denied and Boulton is forced to file a new action in this Court, the two lawsuits are clearly related and would end up back before this Court as two separate cases rather than a single consolidated case. And assuming Plaintiffs are successful, then that decision would serve as a collateral estoppel bar to the Defendants in Boulton's case.

Defendants complain about minor procedural issues such as Plaintiff Carmichael using the ECF system to file Boulton's motion. This despite the fact that ECF filing is better for the court and better for the parties in a myriad of ways. Further, this is easily corrected once Boulton's motion to intervene is granted. So too, the Defendants' complaining that Plaintiff Carmichael failed to confer with Defendants prior to joining in Boulton's motion has nothing to do with the merits of Boulton's motion.

Reply to Opposition                    Page 2 of 3                    Case No. 19-2316

Defendants next argue, based on the false declaration of Ms. Watkins, that because her passport application is pending, she should not be allowed to intervene. Exhibits A and B attached hereto portend the intent of the Defendants to deny Boulton's passport for lack of a Social Security Number. Boulton's application was pending for the sole purpose of giving her time to submit her Social Security Number which the Defendants know she refuses to do based on her religious objection. Exhibits A and B leave no doubt Boulton's application will be denied unless and until this Court tells Defendants, in no uncertain terms, they are required to comply with 42 U.S.C. § 2000bb and Presidential Executive Order 13798

Defendants also argue that Boulton's motion is untimely. Merely adding Boulton to the pending litigation presents no issue of delay to the existing set schedule. On the contrary, having the Court start another litigation to resolve the same issues flies in the face of judicial economy. While Defendants state that adding Boulton would unduly delay the proceeding, Defendants fail to state how.

And finally, Defendants frivolously state that Boulton fails to explain how she has any legally protected interest in the action. Her legally protected interest is identical to that of the Plaintiffs; i.e. she is wrongfully, frivolously, and maliciously being denied the benefits of 42 U.S.C. § 2000bb and Presidential Executive Order 13798 in violation of her First Amendment right to religious freedom.

WHEREFORE, Boulton is entitled to and order granting her leave to intervene.

Dated: June 10, 2021

_____
Michelle Boulton
In Propria Persona
8491 Hospital Dr., #178
Douglasville, GA 30134-2412
770-315-5724
LadyTia2@aquawest.net