UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID CARMICHAEL, et al. | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No.19-CV-2316 (RC) |
| ANTONY J. BLINKEN, in his official capacity as Secretary of State, et al. | ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## DECLARATION OF KRISTIA WATKINS

I, Kristia N. Watkins, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the Acting Director of the Office of Adjudication within the Passport Services Directorate of the U.S. Department of State's Bureau of Consular Affairs. In this capacity, I oversee the passport adjudication program worldwide, which includes reviewing adjudication policies and procedures to ensure the quality and integrity of the passport adjudication process. I also develop new adjudication policies and procedures, particularly when Congress enacts federal laws relevant to passports, and I develop antifraud initiatives within the Department, with the U.S. Government, and with foreign governments.

2. I submit this declaration in support of the Department's dispositive motion in the above-captioned case. I am familiar with the cases of David Carmichael, Lawrence Lewis, and William Paskosz. I base this declaration on my review of Department of State records, discussions with Department of State employees, and my personal knowledge of the

Code of Federal Regulations, the Immigration and Nationality Act, and the Department's guidance documents.

3. Plaintiffs David Carmichael, Lawrence Lewis, and William Pakosz applied to renew their passports in 2018, 2017, and 2018, respectively. In all three cases, the Department denied the application or revoked an erroneously issued passport because the Plaintiffs had failed to provide their social security numbers.

4. On January 20, 2021, the Court granted the Department's motion for a voluntary remand.

5. The Department conducted a thorough review of Plaintiff's prior passport applications and submissions in the litigation, and found the Plaintiffs had sincerely-held religious beliefs that the Department could accommodate under the Religious Freedom Restoration Act (RFRA). Additionally, the Department was satisfied with the citizenship and identity evidence previously submitted by each Plaintiff. Accordingly, the Department provided instructions on how Mr. Lewis and Mr. Pakosz could receive a passport, and issued Mr. Carmichael a passport valid until January 29, 2028, ten years from when his revoked passport had been issued in 2018.

6. Further, the Department has notated in its records that it granted each Plaintiff's religious accommodation request. In the event any of the Plaintiffs apply for a passport in the future and request a religious accommodation to providing their Social Security numbers, the Department will reference those notations when adjudicating any future passport applications.

7. Additionally, the Department has been revisiting how it adjudicates religious accommodation requests and is in the process of formalizing new policies that will be in place if the Plaintiffs applied for passports again in the future.

8. I declare under penalty of perjury that the foregoing is true an correct to the best of my knowledge.

Executed this 1 day of July, 2021.

*Kristia Watkins*
_____
Kristia N. Watkins