**United States District Court,**
**District of Columbia**

David Alan Carmichael, *et al*.  )
)
    *Plaintiffs*  )
)   Case No: 19-CV-2316-RC
    v.  )
)   Motion
Antony John Blinken, *in his Offiicial*  )
    *capacity as Secretary of State, et al.,*  )
)
    *Defendants*  )

## PLAINTIFF CARMICHAEL MOTION FOR COURT TO MAINTAIN CUSTODY OF REPLACEMENT PASSPORT IN EVIDENCE

### I. The Replacement Passport Is *Ultra Vires*

1.    On May 21, 2021, I, Plaintiff David Alan Carmichael, filed an objection in opposition to the Courts May 7, 2021, Second Minute Order. I said that the Court made an incorrect statement as the basis for its order:

> "Plaintiff Carmichael has obtained his passport in the litigation but the other Plaintiffs have not, Plaintiffs Lewis and Pakosz are ORDERED to notify the Court on or before May 21, 2021, if they wish to be appointed counsel by the Court to represent their potentially separate interests. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3)"

2.    I reminded the Court that I had made a motion for relief from the Court's order of April 18, 2021 where I pointed out that nobody yet knows which is the valid passport for me as a matter of law (ECF 85, ¶ 5.). I cannot in good faith, legally, or reasonably sign the passport that was mailed to me on April 19, 2021. Until it is signed, **it is not valid**, pursuant to 22 C.F.R. § 51.4(a). (Enclosed - Unsigned passport document #658435211)

3.    I've explained and reiterate here:

    a.    The replacement passport is not valid (See Plaint Resp. in Oppstn, ECF 90, p.

Mail Room

JUL – 6 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

2, ¶1-2).

    b.    A "Replacement Passport" has a process all of its own and that process did not

occur  (*Ibid*, p. 1-2, ¶3-4).

    c.    "That which does not lawfully exist cannot be replaced."  (*Id.*, p. 2-3, ¶5-6).

    d.    The passport issued to me on January 30, 2018, is valid as a matter of law; that

the Court needs to declare it to be so (*Id.*, p. 3, ¶7).

    e.    The Court erroneously described the irregular process as relief (*Id.*, p. 3, ¶8).

    4.    The case and controversy before the court is due to the *ultra vires* activities of the

Defendants.  When a passport comes to me in the mail, and I find that even that "replacement"

passport document is a result of *ultra vires* activities, I have the moral and civil duty to not

participate or benefit from the act.  As I said in my opposition to the statement in the order, " **To**

**partner with the evasion of the application of law is a partnership with sedition**.  In good

faith, I cannot abate in my standing for complete relief as a matter of law."

## II.  The Passport Document Is Material Evidence Relevant To The Cases of Lewis and Pakosz

    5.    The Defendants willingly, intelligently, negligently, or recklessly falsely stated to

Plaintiffs Lewis and Pakosz that the photographs supplied by the Plaintiffs with their

applications needed to be no older than six months from the time of the passports' **issuance**

(ECF 84, Attach 7.).  Otherwise, the Defendants' statement must be the result of gross

incompetence, unlikely at the level of agency scrutiny that is clearly applied in this case.

    6.    As a matter of acting for the agency writing to 'applicants' rather than making a

declaration within the confines of litigation, the agency actor violated 18 U.S.C. §1001, False

Statements.  The false statement was made with the knowledge that it would be used as a tool to

evade sanctions in an ongoing civil action.  The 'replacement' passport document is evidence of

the malevolence of the Defendants against Plaintiffs Lewis and Pakosz, and of actions that violate United States Regulations as well as civil or criminal laws.  Discovery is likely to reveal or prove material evidence that warrants sanctions, or civil or criminal penalty.

**MOTION**

7.      I move the Court to hold the passport document #658435211 in the Court's custody pending the Court's declaration of law regarding which passport ought to be the one that is valid as a matter of law.  A **[PROPOSED] ORDER** is submitted.

8.      I communicated to the Defendant my intention to have the Court hold the identified passport document pending a declaration of law.  The Defendant said that they leave  the passport document custody issue to the Court's discretion.  They reserve the right to respond to the statements in the motion.

9. Plaintiffs Lewis and Pakosz communicated that they approve of the motion.

David Alan Carmichael, Plaintiff
1748 Old Buckroe road
Hampton, Virginia  23664
david@freedomministries.life / (757) 850-2672

**United States District Court,**
**District of Columbia**

| | | |
|---|---|---|
| David Alan Carmichael, *et al.* | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | Case No: 19-CV-2316-RC |
| v. | ) | |
| | ) | Motion |
| Antony John Blinken, *in his Offiicial* | ) | |
| *capacity as Secretary of State, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

## [PROPOSED] ORDER

   Plaintiff David Alan Carmichael has objected to the Defendants' issuing a "replacement" passport in lieu of rescinding the revocation of his passport that was issued January 30, 2018. Plaintiff Carmichael has submitted to the Court the unsigned replacement passport document for filing. Rule 79(a)(2)(A) provides for the Clerk to keep records of the papers filed with the Clerk.

   The Clerk shall accept the unsigned passport document and shall maintain custody of it in the Clerk's records until the Court makes a determination of law regarding its validity or issues an order for the disposition of the passport document.

   SO ORDERED.


                              RUDOLF CONTRERAS
                              United States District Judge

## CERTIFICATE OF SERVICE

I, David Alan Carmichael, certify that I served the "PLAINTIFF CARMICHAEL MOTION FOR COURT TO MAINTAIN CUSTODY OF REPLACEMENT PASSPORT IN EVIDENCE" upon the Court by certified mail. I also certify that I included in the same package an unsigned passport document #658435211. I served the the Defendants, and the other Plaintiffs electronically or other means, in the case of Carmichael, et al., v. Blinken, et al., case no. 1-19-cv-02316-RC.

I mailed the documents to:

      Angela D. Caesar
      Clerk of Court, District Court of the United States
      Attn: Tonya Hightower
      United States Courthouse
      333 Constitution Ave NW
      Washington, DC 20001
          U.S. Certified Mail #7019 0160 0000 9640 6715

Others were served at:

      United States Attorney
      United States Attorney's Office
      Attn: Christopher Hair
      555 4th Street, N.W.
      Washington, D.C. 20530 (Christopher.Hair@usdoj.gov)

Lawrence Donald Lewis; 966 Bourbon Lane; Nordman, Idaho 83848

William Mitchell Pakosz; Box 25; Matteson, Illinois 60443

I served myself at: David Alan Carmichael; 1748 Old Buckroe Road Hampton, Virginia 23664

Under penalty of perjury under the laws of the United States, the foregoing is true.


Signed: _David Alan Carmichael_      Date: _July 1, 2021_
      David Alan Carmichael