**United States District Court,
District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al*. | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) Case No: 19-CV-2316-RC |
| v. | ) |
| | ) Re:  ECF 92, 95 |
| Antony John Blinken, *in his Official* | ) |
|    *capacity as Secretary of State, et al.,* | ) |
| | ) |
| *Defendants* | ) |

**PLAINTIFF LEWIS'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL, AS DEFENDANTS' RESPONSE IS EMBEDDED IN THEIR MOTION FOR DISMISSAL**

TABLE OF CONTENTS

Table of contents ................................................................................................................. i

Table of Authorities ........................................................................................................... ii

Plaintiff Lewis's Reply To Defendants' Response In Opposition To Plaintiffs' Motion To ......... 1
Compel, As Defendants' Response Is Embedded In Their Motion For Dismissal

  I.    History of The Plaintiffs' Motion To Compel ................................................................. 1

  II.   Erroneous Theory In Defendants' Motion To Dismiss Is No Bar To Grant of .................. 2
        Plaintiffs' Motion To Compel Issuance of Passport Renewals

  III.  Defendants' Concessions To Validity of Documents At The Time of Application, ........... 2
        And Written Policy References, Endorse The Grant of Plaintiffs' Motion To
        Compel Issuance of Passport Renewals

  IV.   The Response's Exhibit A Affirms The Accusation of Maladministration ....................... 5
        Embedded In The Plaintiffs Motion To Compel

  V.    The Defendants' Report of Carmichael's Passport Status Is Relevant And ...................... 6
        Supports Our Motion To Compel

  VI.   The Defendants' Report of The Replacement Passport Using Carmichael's Photo ........... 8
        of January 2018 Is Relevant And Supports Our Motion To Compel

  VII.  The Defendants Offered No Material Facts Or Evidence In Dispute To Preclude ............ 9
        Denial of The Motion To Compel

  VIII. The Authority To Issue The Order To Compel Is 5 U.S.C. § 706, and/or ...................... 10
        28 U.S.C. § 1651 and/or 28 U.S.C. § 1361

  IX.   Lack of An Administrative Record Before The Court Precludes Preemption of .............. 11
        Our Motion Since Defendants' Dismissal Motion Is Not Viable On Its Face

  Summary ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**United States Supreme Court Decisions**

 *Norton v. S. Utah Wilderness All.* ........................................................................................... 9
  542 U.S. 55, 64 (2004)

**United States Court of Appeals**

 *Am. Wildlands v. Kempthorne* ................................................................................................ 11
  530 F.3d 991, 1002 (D.C. Cir. 2008)

 *Cuomo v. U.S. Nuclear Regulatory Comm'n* ........................................................................... 1
  772 F.2d 972, 974 (D.C. Cir. 1985)

\* *Harper v. Levi* ......................................................................................................................... 10
  C.A.D.C. 1975, 520 F.2d 53, 171 U.S. App. D.C. 32

 *Hill Dermaceuticals, Inc. v. Food & Drug Admin* ................................................................. 11
  709 F.3d 44, 47 (D.C. Cir. 2013)

 *James Madison Ltd. by Hecht v. Ludwig* ............................................................................... 11
  2 F.3d 1085, 1095 (D.C. Cir. 1996)

 *Kitchen v. CSX Transp., Inc.* ..................................................................................................... 9
  6 F.3d 727, 732 (11th Cir. 1993)

 *Occidental Petroleum Corp. v. SEC* ....................................................................................... 10
  873 F.2d 325, 339 (D.C. Cir. 1989)

 *Walter O. Boswell Mem'l Hosp. v. Heckler* ............................................................................ 11
  749 F.2d 788, 792 (D.C. Cir. 1984)

**United States District Court**

\* *Farrell v. Tillerson* ................................................................................................................... 10
  315 F. Supp. 3d 47, 54 (D.D.C. 2018)

\* *Grace v. Whitaker* ............................................................................................................ 11, 12
  344 F.Supp3d 96 (D.D.C. 2018)

\* *Kirwa v. United States Department of Defense* ................................................................... 1, 9
  285 F.Supp.3d 21 (D.D.C. 2017)

\* *Liberty Fund, Inc. v. Chao* ................................................................................................ 10, 11
  D.D.C. 2005, 394 F.Supp.2d 105

*McNeil-PPC, Inc. v. Granutec, Inc*...................................................................................1
      919 F. Supp. 198, 201 (E.D.N.C. 1995);

## United States Code

5 U.S.C. § 555(b) ..............................................................................................................10
      *Ancillary Matters*

5 U.S.C. § 556....................................................................................................................12
      *Hearings; presiding employees; powers and duties; burden of proof; evidence; record as basis of decision*

5 U.S.C. § 557....................................................................................................................12
      *Initial decisions; conclusiveness; review by agency; submissions by parties; contents of decisions; record*

5 U.S.C. § 701-706 ............................................................................................................10
      *Judicial Review*

5 U.S.C. § 706...........................................................................................................1, 10, 11
      *Scope of Review*

28 U.S.C. § 1361...........................................................................................................1, 10
      *Action to compel an officer of the United States to perform his duty*

28 U.S.C. § 1651...........................................................................................................1, 10
      *Writs*

## Code of Federal Regulations

22 CFR 51.26......................................................................................................................6
      *Photographs*

22 C.F.R. 51.4(b) ................................................................................................................8
      *Validity of Passports*

## United States Policy Reference

\*    8 FAM 402.1-2 ...........................................................................................................5, 6, 9
      *Passport Photographs Requirements (CT:CITZ-14; 12-08-2018)*

DS-82 ................................................................................................. 2, 3, 4, 5, *passim*
      *Passport Renewal Application*

United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al.* ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | Re:  ECF 84 |
| ) | |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFF LEWIS'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL, AS DEFENDANTS' RESPONSE IS EMBEDDED IN THEIR MOTION FOR DISMISSAL**

### I. History of The Plaintiff's Motion To Compel

1. Plaintiffs Lewis and Pakosz, on April 23, 2021, moved the Court to compel the Defendant to issue renewed passports to plaintiffs Lawrence Donald Lewis and William Mitchell Pakosz in accordance with the applications which are the subject of this litigation (ECF 84). The Plaintiffs pled for this relief in the amended complaints (ECFs 15, 51, pp. 2, 4, 59-62). The Court has power to grant the relief either by mandamus or injunction pursuant to the all writs act, 28 U.S.C. § 1651, or 28 U.S.C. § 1361, or under the relief powers of the Administrative Procedures Act, 5 U.S.C. § 706, *inter alia*.

> "Where multiple causes of action are alleged, plaintiff need only show likelihood of success on one claim to justify injunctive relief." *Kirwa v. United States Department of Defense*, 285 F.Supp.3d 21 citing *McNeil-PPC, Inc. v. Granutec, Inc*., 919 F. Supp. 198, 201 (E.D.N.C. 1995); see also *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

2. The Court ordered the deadline for the Defendants' to respond, to the motion to compel, by July 2, 2021 (Minute Order May 7, 2021).  The Defendants did not forthrightly

respond by way of a document naming itself as a response to the motion to compel. The Defendants on July 2, 2021, filed a motion for dismissal (ECF 99). With that motion for dismissal, the Defendants filed a memorandum in support, a statement of facts, a declaration by Kristia N. Watkins, an Exhibit containing letters sent from the agency to Plaintiffs Lewis and Pakosz, and a proposed order (ECF 99-1 through 99-5). This is a reply to those things in the Defendants' motion which reach the motion to compel as if those portions constitute a "response" to our motion to compel. The combined response to the Defendants motion to dismiss is forthcoming, <u>due</u> no later than <u>August 20</u>, 2021 (Fox/Neal Order, ECF 100).

## II. Erroneous Theory In Defendants' Motion To Dismiss Is No Bar To Grant of Plaintiffs' Motion To Compel Issuance of Passport Renewals

3. The dismissal motion of the Defendants rests totally, or primarily, on an erroneous theory that the activities of the Defendants, their legal team in the U.S. Attorney's office, and "the Department" during the period between the minute orders of January 19 and April 19, 2021, usurp the legal action of the Plaintiffs as filed in their amended complaints and supporting exhibits. That erroneous theory is addressed separately in the forthcoming combined response to the Defendants motion for dismissal or summary judgment but is relevant here so far as it reaches what appears to be part of a response to our motion to compel. The context of the factual allegations in the exhibits of the Defendants' motion to dismiss address our motion to compel (ECF 99-2,3,4). Those Defendants' exhibits actually support our motion to compel the Defendants to issue the passport renewals.

## III. Defendants' Concessions To The Validity of Documents At The Time of Application, And Written Policy References, Endorse The Grant of Plaintiffs' Motion To Compel Issuance of Passport Renewals

4. The Defendants' response, particular to our motion, rests on the proposition that a <u>new</u> photograph is somehow necessary to process the actual Form DS-82 applications for

passport renewal that are the subject of this action.  The <u>Plaintiffs</u> <u>have</u> made the claim and have shown, that the photographs submitted with their renewal applications, affirming under oath as being current at the time of application, were suitable and complied with the requirements of law and regulation (ECF 51, p. 7, ¶ 21., p. 14. ¶ 42 for Lewis; *Id.* p. 27, ¶ 85. & ECF 53, p. 27 of 112 for Pakosz).  The Defendants never refuted that the photographs provided with the applications were suitable according to law, regulation and their written policy, though they've have many opportunities (Plaint. Complaints ECFs 1, 15, 51; Plaint. Notice and Demand, ECFs 53, 56, 57).  The Defendants have, therefore, conceded that those photographs were suitable and lawful at the time of the passport renewal applications.

5.    The U.S. Attorney alleged that "the Department" (Defendants) sent an invitation to provide new DS-82 forms and new photographs (ECF 80, ¶3.).  The supposed "invitation" about which the U.S. Attorney informed the Court ex parte, lovingly and passive-aggressively hinted-at mandating the Plaintiffs to voluntarily provide a <u>new</u> <u>Form</u> <u>DS-82</u> **and** a photograph.  Such a statement <u>does not constitute evidence</u>.  There is no evidence of such an invitation ever being sent by the Defendant in their ex-litigation autonomous status as an agency ("the Department").

6. The Watkins Declaration (ECF 99-3) only made a conclusive allegation that, "Accordingly, the Department provided instructions on how Mr. Lewis and Mr. Pakosz could receive a passport…"  The only document shown from "the Department" is not, as Watkins declared, an instruction on how to receive a passport in the context of the Plaintiffs' Form DS-82 that is the subject of this litigation.  The document which Watkins did not particularly reference, but is assumed to be "the Department" letter submitted by the Defendant Attorney as Exhibit A, is only an instruction about the requirements to apply for a passport in the future (Def. Exh A, ECF 99-4).

7.      The Exhibit A, supplied by the Defendants (ECF 99-4), displays the confusion of the Defendants that their Attorney passed to the Plaintiffs and to the Court.  Director Miller said, "… the Department determined that it would grant your religious accommodation request and invited you to submit new passport photographs so that the Department could continue processing your passport application."  That correspondence from "the Department" has no reference to any actual correspondence from "the Department."  There is no definition of what an "invitation" constitutes and whether such an invitation was mandatory or voluntary.  Director Miller said, "On March 5, 2021, the Department requested that you provide a new passport photograph taken within the last six months."  There is no mention of an invitation to supply a new Form DS-82 as alleged by the U.S. Attorney.   Yet, not volunteering to produce a new Form DS-82 is apparently not one of the bars to passport renewal issuance according to its absence in the text of Exhibit A.  It is arbitrarily and capriciously only a new photograph that is the new non-religious impediment to the Plaintiffs passport renewal, notwithstanding that a "new" photograph is also not necessary as a matter of fact and law just like the "invitation" Form DS-82.  The Defendant certainly cites no case law that indicates their whimsical request for a "new" photograph somehow supersedes the provision for our supplying a legitimate photograph with the legitimate application.

8.      Exhibit A goes on to say that providing a photograph is **voluntary**.  "However, you have refused to <u>voluntarily</u> provide a new passport photograph and the Department has not received one from you."  (Emphasis added)  Notwithstanding the yet-to-be-shown documentary evidence of the invitation being voluntary, Director Miller acting as "the Department" says, "Absent a new photograph, the Department <u>cannot</u> process your passport application at this time and your application is therefore denied on this basis (Emphasis added)."

9.      Let's not forget, we did not ask the Defendants to process our applications "at this

time." Those applications were processed at the time of their being submitted, and were unlawfully denied. Such renewal passport **denial is subject to vacatur** and the compelling of issuance <u>on the basis of</u> what was put to the Defendants upon <u>submission of the applications</u>.

10.  The Defendants' action holding our passports hostage to an unnecessary "new" photograph is not only contrary to the published policy they cite in the Exhibit A letter, 8 FAM 402.1 (*See* actual text ECF 84-8), it is not rational, reasonable, or fair; it is arbitrary and capricious; and it perpetuates the Plaintiffs *ex neat republica* without due process and *ultra vires*.

11.  The passport renewal applications of the Plaintiffs from 2018 and 2019 are still on the desk of the Defendants', with all the required information due at time of application as required by law and regulation (ECF 99-3, ¶ 3.). We are not in a situation of - <u>new-application</u>-filed-by-the-Plaintiffs post-religious-accommodation. Otherwise, a new photograph, new Form DS-82, and fee is required, though allegedly a SSN would not be required as a matter of religious accommodation. Had there been a "new" application, Director Miller would have been right to send correspondence asking for the photograph that is due at the time of "new" application. His writing an absolute denial of a "new" application without a formal request for the information on "the Department" letterhead, and without the requisite legitimate authority to request it, would be a new violation of the Privacy Act and the Paperwork Reduction Act and would generate its own agency appeal or litigation for relief.

### IV.  The Response's Exhibit A Affirms The Accusation of Maladministration Embedded In The Plaintiffs' Motion To Compel

12.  In our Plaintiffs' Motion To Compel (ECF 84-1, ¶2.), we accused the Defendants of arbitrarily, capriciously and falsely stating that submission of a new photograph is legally necessary. Notwithstanding that we spelled out the actual quote of the reference cited by Director Miller in our motion to compel, that contradicts that photographs must be current as

related to the passport "issue" date, the Defendants in their response expressly state that the "issue" date is the measure.  They cited but elusively did not quote the written policy that says the currency reference is the "application" date.  The Defendants willfully, intelligently, and not merely negligently but recklessly, attempt to mislead the Plaintiffs and the Court that a passport cannot be issued without a "new" photograph (Def. Exh. A):

> "Department records indicate you executed your passport application on June 13, 2018, meaning the passport photograph you submitted with your application is no longer compliant with the Department's requirement that passport photographs be taken within the six months preceding the issue date"  (ECF 99-4, pp. 2, 3, 4, 5 of 5)

13.  The policy document referenced by Defendants in their April 19, 2021, denial letter and the Defendants constructive response (ECF 99-4 & 99-1) is the <u>fatal flaw</u> in their contention. The publication actually quoted says, **"(2) The photograph must be taken within the past six months (ICAO 9303 Section 3.9), be a good likeness of and *satisfactorily* identify the applicant <u>at the time of the application</u> (see 22 CFR 51.26)."**  (Plaintiff Exhibit, ECF 84-8, p. 2 of 2, last para.: "8 FAM 402.1-2 PASSPORT PHOTOGRAPHS REQUIREMENTS, *(CT:CITZ-14; 12-08-2018)"*) (Emphasis added to accentuate the quote).  The requirements cited in that official policy document are joined by conjunctions – "past six months (comma) be a good likeness of (and) *satisfactorily* identify the applicant…"  The photographs must be all those things, "… at the time of the application."  The correct requirement supports the Plaintiffs' motion where the photographs that the Defendants have are current within six months of the application, are suitable as a matter of "the Department's" written policy and according to law.

### V.   The Defendants' Report of Carmichael's Passport Status Is Relevant And Supports Our Motion To Compel

14.  The Defendants' memorandum said that the passport revocation of Carmichael's would be rescinded as the Defendants' promised it would be if they ever concluded that they had

no question about Carmichael's identity and the accommodation of religion for him (ECF 66, p.5, last full sentence).  The Defendants' later memorandum said that the revocation of Carmichael's renewed passport was rescinded (ECF 96, p. 6, ¶ 2nd).  Such a rescission would put Plaintiff Carmichael in a different status than us and our need for a motion to compel the approval of our passport renewal applications.  In the Defendants' response to our motion to compel, they shift position by making no mention of Carmichael's passport revocation being "rescinded."  They make a comment about a different case discussing "rescission and republication of challenged regulations regulation or policy" (ECF 99-1, p. 10, ¶ 1st) but carefully <u>side-stepped</u> what would highlight the consequences of their actually rescinding the revocation of the Carmichael renewed passport.  The Defendants' actions issuing Carmichael a "replacement" passport using the photograph that he sent to them in 2018 demonstrates the frivolity of their claiming our 2018 and 2019 applications ought to be denied having photographs newer than Carmichael's.

> "During the remand period, Defendants granted Plaintiffs' religious accommodations and issued a replacement passport to Carmichael on April 19, 2021, to replace the previously revoked passport issued on January 30, 2018. The replacement passport used the photo from the 2018 passport and is valid until the expiration date of the previous passport—January 29, 2028. Defendants also sent a letter to Lewis and Pakosz stating that their passport applications were denied for not providing a photograph taken within the prior six months. See Exhibit A (copies of the State Department's letters issued to Lewis and Pakosz)."  (Def. Mem. ECF 99-1, p. 4, ¶ 2nd)

15.    According to the statement of the Defendants, issuing a "replacement" passport means that the revocation of Carmichael's passport was not rescinded.  If Carmichael's passport issued January 30, 2018, was "erroneously" issued and revoked because Carmichael did not provide a SSN, that Form DS-82 passport renewal application is revitalized until such time as the Defendants sent Carmichael a request for the missing information and he provide the missing

SSN so that the Defendants could issue a passport non-erroneously.  If the passport document on file with the Court (ECF 101) is as the Defendants paint it to be - a result of the Defendants' non-erroneously issuing a passport in response to Carmichael's renewal application Form DS-82 of January 2018 using the photograph of January 2018 - the Court must order the Defendants' to likewise issue our non-erroneously issued passport renewals using the photograph filed with our application.  The Defendants are estopped from rejecting our photographs supplied with our applications.

### VI.  The Defendants' Report of  The Replacement Passport Using Carmichael's Photo of January 2018 Is Relevant And Supports Our Motion To Compel

16.  The Defendants' explanation of the validity date of the Carmichael "replacement passport" also supports our motion to compel.

> "The replacement passport used the photo from the 2018 passport and is valid until the expiration date of the previous passport—January 29, 2028."  (Def. Mem. ECF 99-1, p. 4, ¶ 2nd – As quoted above)

17.   Limiting the new "replacement passport" to the period of less than ten years from its issue date of April 19, 2021 is consistent with the normal passport validity period of ten years from the issue date pursuant to 22 C.F.R. 51.4(b), "unless the Department limits the validity period to a shorter period."  (*See* Plaint. Mot. Attach. 7, ECF 84-9)  Thereby, Carmichael's photograph age at the end of the passport validity does not exceed ten years plus the currency of the photograph being within 6 months of the application date, though exceeding the issue date by approximately three years three months and one day.

18.   We've communicated no objection to the renewed passports having a validity period to be not ten years from the issue date.  We suggest here that they issue the renewal passports validity to be ten years from the date of the first correspondence from the agency saying that it was not yet approved for the want to a SSN; or from the application date as a minimum.  That is

consistent with what the Defendants say they did for Carmichael in the above quoted memorandum paragraph.

### VII. The Defendants Offered No Material Facts Or Evidence In Dispute To Preclude Denial of The Motion To Compel

19.   The only fact offered by the Defendants in their July 2, 2021, response is that the written policy that they go by to measure the currency of a passport application photograph is the 8 FAM 402.1-2 PASSPORT PHOTGRAPHS REQUIREMENTS (citing ECF 99-4, Exh A.). Though that document of Director Miller does not qualify as evidence for a jury, the text of the "8 FAM 402.1-2" shows that we are correct regarding the validity of the photographs already in the possession of the Defendants.  Notwithstanding there is a factual dispute as to whether the guiding document text uses the word "issue" or "application", the matter of whether the reference for the photograph validity date is a matter of law.  The word "application" is plainly discernable in the guiding document.

20.   As we have protested from the beginning of the frivolous delay tactic of the Defendants' threat of a remand motion, the Defendants already had everything they needed to approve our passports from the time that they received our passport applications, fees, photographs, and requests for religious accommodation.  The duty of the Court is to discern whether the Defendant had a ministerial duty to issue the renewed passports at the time of the application based upon those things provided with the application.

> Finally, because it is a ministerial duty, certification of honorable service for purposes of immigration and naturalization is unlikely to be committed to DOD's sole discretion or to be otherwise unreviewable. See, e.g., *Norton v. S. Utah Wilderness All*., 542 U.S. 55, 64 (2004) (referring to courts' power to compel an agency to perform a ministerial act); *Kitchen v. CSX Transp., Inc*., 6 F.3d 727, 732 (11th Cir. 1993) ("A ministerial act is one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.") (internal quotation marks omitted).  *Kirwa v. Pompeo* D.D.C. 1:17-cv01793-PLF, Docket 29, p. 23; 285 F.Supp.3d 21

### VIII.  The Authority To Issue The Order To Compel Is 5 U.S.C. § 706, and/or 28 U.S.C. § 1651 and/or 28 U.S.C. § 1361

21.  Since we do not have the sophistication of formal training in law as does the Court, the Defendants, and their Attorney, we do not know whether the absence of the actual agency record would preclude the Court from issuing an order in the nature of mandamus or injunction to compel the issuing of our passports.  It appears by the Rules of Court and the Administrative Procedures Act laid out in 5 U.S.C. § 701-706 that it is mandated for the entire record of the agency's processing to be filed with the Court if it is acting in the capacity of an appeals court in an agency action on review.

> As this Circuit has recognized, "in order to allow for meaningful judicial review, [an] agency must produce an administrative record that delineates the path by which it reached its decision." *Farrell v. Tillerson*, 315 F. Supp. 3d 47, 54 (D.D.C. 2018) citing *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 339 (D.C. Cir. 1989).

22.  Since the common law writ of mandamus is an extraordinary remedy of last resort, and ought to be supported by clear and authentic evidence of fact and evidence of law, it does not seem to the Plaintiffs that we can yet reach that threshold without discovery promised to us in law and the court Rules.  Notwithstanding the lack of formal investigation by discovery, and the Court's self-imposed inability to have a "meaningful review" of the administrative record, there is enough before the Court to compel the Defendants to act pursuant to 5 U.S.C. § 706 or the all writs act, 28 U.S.C. § 1651, or 28 U.S.C. § 1361:

> Courts are empowered to rectify agency action erroneously taken or to compel agency action erroneously withheld, and continuing agency authority to act independently is not a jurisdictional prerequisite to such relief.  *Harper v. Levi*, C.A.D.C. 1975, 520 F.2d 53, 171 U.S. App. D.C. 32

>  The Court clearly has jurisdiction to review a claim of unreasonable delay of agency action. The Administrative Procedure Act requires an agency to act "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to "compel agency action ... unreasonably delayed," § 5 U.S.C. 706(1). Whether petitioners have,

in fact, demonstrated unreasonable delay — and thus, a "clear right" to relief under the Mandamus Act — is intertwined with the merits inquiry, which the Court will thus consider through summary judgment based on the undisputed material facts, as discerned from the parties' briefs and exhibits.  *Liberty Fund, Inc. v. Chao*, D.D.C. 2005, 394 F.Supp.2d 105

### IX.   Lack of An Administrative Record Before The Court Precludes Preemption of Our Motion Since Defendants' Dismissal Motion Is Not Viable On Its Face

23.   The Defendants' pending disposing motion is on its face not viable since it cannot dispose of our demand for declaratory judgment, and such declaratory judgment cannot be adjudicated without the exposure of the administrative record as a minimum.

> **"[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision**.'" *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ).  This is because, under the APA, the court is confined to reviewing "the whole record or those parts of it cited by a party," 5 U.S.C. § 706, and the administrative record only includes the "materials 'compiled' by the agency that were 'before the agency at the time the decision was made,'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citations omitted).  *Grace v. Whitaker*, 344 F.Supp3d 96 (D.D.C. 2018) (Emphasis added)

24.   Their motion being pending is not a bar to this motion for immediate relief.  The Court not imposing the Rules upon the Defendant and discovery being barred to the Plaintiffs demonstrates an unusual circumstance justifying departure from the general rule that would require the administrative record to be on the Court's desk.  The Defendants make no opposition to our motion to compel on the basis of the benefit they have secured of evading administrative record exposure.

> Accordingly, when, as here, plaintiffs seek to place before the court additional materials that the agency did not review in making its decision, a court must exclude such material unless plaintiffs "can demonstrate unusual circumstances justifying departure from th[e] general rule." *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (citation omitted). A court may appropriately consider extra-record materials: (1) if the agency "deliberately or negligently excluded documents

that may have been adverse to its decision," (2) if background information is needed to "determine whether the agency considered all of the relevant factors," or (3) if the agency "failed to explain [the] administrative action so as to frustrate judicial review." Id. *Grace v. Whitaker*, 344 F.Supp3d 96 (D.D.C. 2018)

### Summary

25.     The Defendants have not sufficiently refuted the claims, evidence supplied, or demands of our motion to compel the issuance of our properly and suitably filed Form DS-82 applications for renewal of our passports (ECF 84). In the Defendants' response (ECF 99-1), they cited though not quoted the written policy that reveals the photographs must be current to within six months of the "application" date. We have shown that the passport renewal photographs supplied with our applications fulfill all the requirements of the Code of Federal Regulations and the other references cited by the Defendants that are subject to those regulations. The Code of Federal Regulations provides for an adjustment of validity-time for the age of the photos. It does not require a denial of application for the aging of the photograph that was supplied in conformance with the regulations at the time of application. Refusal to provide a new photograph is not only reasonable, it fulfills the law. Issuing a replacement passport for Carmichael and denying renewals to us, who are under the same condition, is arbitrary and capricious; an abuse of discretion; not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

26.     The immediate relief that is so necessary to us must be accomplished on merely the Pleadings, the sworn statements of the Plaintiffs, and what constitutes Defendant concessions of

fact by memorandum which are all external to the administrative record since review of the administrative record has been neglected. So be it. In consideration of the facts, the law, our memorandum, our exhibits including sworn testament of our personal knowledge, and statements of the Defendants that support our motion, this Plaintiffs' motion to compel should be granted, and the proposed order given, without a hearing. The Defendants in submissions to the "court" record, show their behavior was not merely arbitrary and capricious, but contrary to law and published policy. We are perpetually injured by the *writ ne exeat republica* that is unlawfully imposed on us, to which a complete remedy is not available not withstanding the potential for monetary damages relief. On the face of what's been before the court, any further delay in the approval of our passport renewal applications is a gross injustice and reprehensible.


s/Lawrence Donald Lewis                              Date : _____
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848