**United States District Court,
District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al*.     ) | |
| ) | |
| *Plaintiffs*     ) | |
| )   | Case No: 19-CV-2316-RC |
| v.     ) | |
| )   | Re:  ECF 99, 99-2 |
| Antony John Blinken, *in his Official* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants*     ) | |

**PLAINTIFFS' DISPUTE OF DEFENDANTS' STATEMENT OF
MATERIAL FACTS**

1.  Firstly, the Plaintiffs object to the Defendants' statement of material facts where it is says that it is filed in accordance with Local Rule 7(h). That rule relates to the Defendants' motion for summary judgment about an administrative record that does not exist anywhere in the Court record. Their statement of facts is wholly focused on what they call "the remand period" in their memorandum to support their motion to dismiss. Their motion to dismiss must be denied until such administrative record actually exists on record of the Court. Their statement of material facts squarely violates Local Rule 7(h)(2): "Paragraph (1) shall not apply to cases in which judicial review is based solely on the administrative record. In such cases, motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record." Contrary to Rule 7(h)(2), the Defendants incorrectly act as if 7(h)(1) applies. Local Rule 7(h)(1) might apply if they wrote facts to support a motion for summary judgment on some other facet of the case, such as the Constitutional violations and injuries to the Plaintiffs rights under the Religious Freedom Restoration Act, Fifth Amendment, Privacy Act, etc., where something external to the record might be tolerated under particular circumstances

that do not apply in the process of this case so far.  The Defendant's statement of facts appears to not provide any support for any other grounds for summary judgment other than their "remand period" façade (Definition:  an outward appearance that is maintained to conceal a less pleasant or creditable reality).

2.  Plaintiffs David Carmichael, Lawrence Lewis, and William Pakosz applied to renew their passports in 2018, 2017, and 2018, respectively.  Plaintiffs' Statement of facts submitted herewith separately is more accurate.  The Defendants referenced the Declaration of Kristia N. Watkins.  We genuinely, generally and specifically, refute the Declaration of Kristia N. Watkins.

3.  We genuinely dispute the facts as stated by the Defendant in their paragraph 2. where they quote Kristia N. Watkins in her paragraph 3.  She falsely stated that the (Carmichael passport) was issued erroneously.  We say that it was not issued erroneously but that it was indeed issued lawfully.  The revocation was erroneous, unlawful and malicious.  Discovery is necessary to examine the record and those who were principals to the revocation.  Kristia N. Watkins declared that the Plaintiffs "failed" to provide a social security number.  We genuinely dispute that analysis and it is material and relevant to our case.  We did not fail.  Failure might qualify for denial or revocation depending on the circumstance.  We put enough information to the Defendant with our applications so that it was glaringly obvious that we were no "failing" to provide a SSN.  We intend to prove those facts which are matters for a trial of fact subsequent to discovery.

4.  On January 20, 2021, the Court granted the Department's motion for a voluntary remand. See Minute Order dated Jan. 20, 2021. The Plaintiffs object to this insertion as a statement of fact.  It is merely a history of the docket and it misleadingly excludes the relevant and substantial contest to the remand order (ECFs 71/72, inter alia).  See our response to the Def. Mot. Dismiss,

ECF 99 on the docket.

    5.   We genuinely contest the factual statement of the Defendants in their Statement of Facts, Paragraph 4.  There is no actual black-letter record of the alleged "thorough review."  The record of review needs to be produced as a matter of initial disclosures since it is relied upon by the Defendants as evidence to support their defense.  We contest that no "thorough review" was necessary since it is not a legitimate process but merely a colorable description of their whimsical conduct.  The Defendants had been given everything that they needed to approve the Plaintiffs passports with submission of their passports.  We protest since that if it were a legitimate remand, the agency would not be doing a thorough review of the submissions in litigation but would only be determining what happened and what should have happened the day that the Defendants denied or revoked the passport renewals.  The reality is that the Defendants admit, in so many distracting words, that the Defendants unlawfully denied or revoked the Plaintiffs passport renewals, since they admitted the fact that Plaintiffs "<u>had</u> sincerely-held religious beliefs that the Department could accommodate under the (RFRA – Emphasis added)."  We object to the categorization of "could accommodate" where it was and is their duty to accommodate where there is no compelling interest proven as a matter of fact to necessitate a consideration of least restrictive means.

    6.   The Defendants added, "Additionally, the Department was satisfied with the citizenship and identity evidence previously submitted by each Plaintiff."  There, they admit that the premise upon which they moved for a remand was false.  It is a fact that we have accused the premise as being false, beginning before they even filed their motion.  They have never refuted our accusation though they've had many opportunities.  Kristia N. Watkins needs to be deposed with the records upon which she testifies to expose the malevolence and artful deception of the

Defendants.

7. We dispute the relevance of Kristia N. Watkins Declaration in paragraph 5. where she said, "Accordingly, the Department provided instructions on how Mr. Lewis and Mr. Pakosz could receive a passport, and issued Mr. Carmichael a passport valid until January 29, 2028, ten years from when his revoked passport had been issued in 2018." The fact is that they Plaintiffs knew how they could receive a passport and it had already been accomplished by them when they filed their applications. The fact is that the correct way for them to receive a passport was to for them to open their mail box when the passport arrived after being approved on the basis of what was submitted on and with the application.

8. We challenge the statement of Krisia N. Watkins where in her paragraph 5. she excluded relevant information of the nature and basis of the issue passport mailed to Mr. Carmichael. She excluded all factual information that was available to her and her record to show that there was no necessity to send a new passport when the one in Mr. Carmichael's hand should be declared by the Court to be valid as a matter of law, as was a available as a matter of fact had Krisia N. Watkins or an administrative tribunal actual thoroughly reviewed the agency record of the unlawful revocation. She excluded the facts that show that the prerequisites do not exist to warrant the type of passport issued, "Replacement passport." She excluded the fact that the Defendant agency was ignoring the lawful process applicable to the situation in order to generate means to evade scrutiny and accountability for violations of law by herself or her co-workers.

9. We have a genuine dispute as to the conclusions of the Defendants, in their statement of facts paragraph 7., regarding the letter sent to Mr. Lewis and Pakosz on April 19, 2021. We agree that the letter referenced is a true record, only that the Defendants summary expresses a falsehood as to the factual matter of whether the agency's written policy is that the photograph

must be current within six months of the "issue" date or six months of the "application" date. We object to the Defendants' citing the "issue" date statement on the letter but not actually including a copy of the written policy cited on the letter where that written policy clearly uses the word "application." Such use of partial facts is intended to lead to a false understanding. It is extrinsic fraud.

10. We genuinely dispute the Defendants' statement in paragraph 8. of their statement of facts. The Defendants have no evidence that the Plaintiffs "refused to voluntarily provide a new passport photograph and the Department never received any updated photographs." There is no evidence that the agency ever requested new passport photographs. There is no evidence that the agency made such a request, in compliance with 5 U.S.C. 552a(e) where they would have to expressly explain whether the request of the record (photograph) was voluntary or mandatory, what law authorized it, and what the consequences were for not providing it. There is no evidence of who it was who claimed to have sent Mr. Lewis and Pakosz such a request. In camera discussions of what the Plaintiffs might have said in a phone conversation with the U.S. Attorney do not constitute evidence and are prejudicial to fair adjudication, especially when "refusal" was not perfected in those conversations.

11. We genuinely dispute the Defendants' statement of fact, paragraph 9. Lewis and Pakosz did not "fail" to submit updated photographs. The Defendants glaringly neglect to point out that the photograph used by the Defendants for the Carmichael "replacement" passport used a photograph older than those of Lewis and Pakosz. Like Carmichael, Pakosz and Lewis had indeed submitted up-to-date photographs with their applications for which the Defendants have a duty to approve. We do not dispute that the Defendants are using it as an excuse to unlawfully deny the Plaintiffs' passports.

12. We genuinely dispute that "The Department has notated in its records that it granted each Plaintiffs' religious accommodation request so that, in the event any of the Plaintiffs apply for a passport in the future and request a religious accommodation to providing their social security numbers, the Department will reference those notations when adjudicating any future passport applications. Watkins Decl. ¶ 6." The Defendants, in their Exhibit filed with their Statement of Facts, cited a written policy but made a factual statement that contradicted the text of the reference that the cited without showing the actual text. We can see in that black-letter reference that the Defendants are making false statements. We naturally presume that they are prone to making a false statement especially where all black-letter documentation is completely hidden. A real declaration, sufficient as extra-record support for a summary judgment motion, would have the black-letter record attached to it. Mere conclusive statements by Kristia N. Watkins and the U.S. Attorney do not constitute evidence of fact.

Respectfully submitted,

s/David Alan Carmichael        s/Lawrence Donald Lewis
David Alan Carmichael          Lawrence Donald Lewis
1748 Old Buckroe Road          966 Bourbon Lane
Hampton, Virginia  23664       Nordman, Idaho  83848
(757) 850-2672
david@freedomministries.life

August 20, 2021