**United States District Court,
District of Columbia**

David Alan Carmichael, *et al.*       )
                                        )
     *Plaintiffs*                     )
                                        )  Case No: 19-CV-2316-RC
           v.                         )
                                        )  Motion
Michael Richard Pompeo, *in his Offiicial*   )
    *capacity as Secretary of State, et al.,*[1]  )
                                        )
     *Defendants*                   )

### PLAINTIFFS CARMICHAEL AND LEWIS COMBINED MOTION FOR RELIEF FROM ORDER OF AUGUST 28, 2020 AND MEMORANDUM IN SUPPORT

1.    On August 28, 2020, the Court denied the Plaintiffs' motion for summary judgment on their first cause of action, violation of 22 U.S.C. § 2721, impermissible basis for denial of passports.  The Court also granted the Defendants' motion for dismissal on most of the counts of the complaint, including the first cause of action.  September 25, 2020, the Plaintiffs mailed their "Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And Memorandum of August 31, 2020" (ECF 47) (Referenced to date of notification).

2.    The basis cited by the Court for its denial of the Plaintiffs motion for summary judgment was:

> Plaintiffs do not cite any facts suggesting that the Government instead denied and revoked their passports because of their religious belief. To the extent that Plaintiffs claim that requiring them to provide their social security numbers on their passport renewal applications burdens their religious beliefs, that claim is addressed below in the Court's discussion of the Religious Freedom Restoration Act. Because Plaintiffs have not alleged sufficient facts to plausibly establish that the Government denied their passport application because of any religious beliefs, the Court grants the Government's motion to dismiss on Plaintiffs' first cause of action. The Court denies Plaintiffs' cross motion for partial summary judgment and injunction on their first cause of action. (ECF 45, p. 9)

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

3.      Notwithstanding the Court's departure from logic and reasonable inferences, the Plaintiffs sufficiently alleged, and demonstrated to the extent that was available without ordinary discovery exposure and validation of evidence, that the activity for which the Defendants denied and revoked our passports was motivated by our religious belief.  The statements made by the defendants were that the reason for not identifying with a Social Security Number (hereinafter "SSN") is due to religion, and that obligation of religion was plainly communicated to the Defendants and was the basis for the forthright request to warrant not identifying with a SSN in order to obtain the passport.  Religion is the duty that we owe the Creator according to religious belief and includes that manner of discharging it which is religious activity (See Plaintiff cross-motion ECF 27-1, reply ECF 39-1, and remonstrance ECF 47).  Our Remonstrance addressed the principals upon which the Court should have applied the statute's positive enforcement of the fundamental law (ECF 47, pp. 3-8).

4.      Since that time, the Defendants have taken the correct position, as communicated by their memoranda, that the activity of the Plaintiffs where they do not identify with a SSN, is indeed our practice of sincere and bona fide religion.  (ECF 99-1, memorandum pp. 1-3, 7-9) The Defendants' say, "Specifically, the Department found that Plaintiffs "had sincerely-held religious beliefs that the Department could accommodate."  (ECF 99-1, memorandum p. 9)  The Court needs to go on record declaring that the prohibition of 22 U.S.C. § 2721 applies in this case.  It impacts other elements of this case.  The Defendants have committed *mala prohibita* felonies whereby they denied rights, benefits, and privileges of ours, for our not identifying with an SSN; and those denials were done in violation of the law of the United States, especially violating 22 U.S.C. 2721.

5.      The most efficient use of the Court's, Plaintiffs', and Defendants' time would have

been to rightly apply the full text of the protective statute, 22 U.S.C. § 2721, and grant the Plaintiffs' motion for partial summary judgment, and compel the Defendants to void Carmichael's passport revocation, and issue renewal passports to Lewis and Pakosz.

6.    In all of our rapid learning, we discovered Rule 60 after our remonstrance.  It was in effect a motion for relief from judgment or order pursuant to Rule 60.  It was filed in a timely manner, less than 30 days from the order.  There is an ultimate deadline in the rules that such a motion for relief be filed within 1 year of the judgment or order.  Our remonstrance summarized that "The claims ought not to have been dismissed outright, but should necessarily be held in abeyance awaiting the progress, discovery, and declarations on the other counts."  We particularly urge the court to reverse itself on the first cause of action according to the merit of our remonstrance, pp. 3-8.  That first cause of action is relevant to the motion of Lewis (and Pakosz) to compel the issuance of their passports (ECF 84), as well as the Plaintiffs original cross-motion for partial declaratory judgment on the first cause of action, (Cross Motion ECF 27-1, Reply ECF 39-1).  The other causes of action warrant the Plaintiffs having the opportunity to prove their case applying ordinary discovery in accordance with their motion that remains before the Court (ECF 55, motion for scheduling conference).

7.    We understand that the U.S. Attorney is not available due to vacation.  We presume that he intends to respond in opposition considering the context of this motion.  Intervener Michelle Boulton told us that she does not object to the motion.

s/*David Alan Carmichael*      August 28, 2021
David Alan Carmichael, Plaintiff
1748 Old Buckroe road
Hampton, Virginia  23664
david@freedomministries.life / (757) 850-2672

s/*Lawrence Donald Lewis*      August 28, 2021
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848