**United States District Court,**
**District of Columbia**

David Alan Carmichael, *et al.*　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　*Plaintiffs*　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　Case No: 19-CV-2316-RC
　　　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　Motion
Michael Richard Pompeo, *in his Offiicial*　　)
　　*capacity as Secretary of State, et al.,*[1]　)
　　　　　　　　　　　　　　　　　　　　　)
　　*Defendants*　　　　　　　　　　　　　)


**PLAINTIFFS CARMICHAEL AND LEWIS COMBINED MOTION FOR RELIEF**
**FROM ORDER OF AUGUST 28, 2020 AND MEMORANDUM IN SUPPORT**

**[PROPOSED] ORDER**

1.　　On August 28, 2020, the Court denied the Plaintiffs' motion for summary judgment

on their first cause of action, violation of 22 U.S.C. § 2721, impermissible basis for denial of

passports, among other causes of action.  September 25, 2020, the Plaintiffs mailed their

"Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And

Memorandum of August 31, 2020" (ECF 47) (Title referenced to date of notification).  The

Plaintiffs' remonstrance was in effect a memorandum in what might support a motion for relief

pursuant to Rule 60(b)(6) 'any other reason that justifies relief.'   One year from the order

dismissing several of the Plaintiffs' claims, the Plaintiffs filed their motion for relief from the

August 28, 2020 order, referencing their remonstrance as support.

　Based upon that remonstrance and matters that have developed in the course of litigation,

the Court finds that its denial of the Plaintiffs motion for summary judgment was unjust:

　　　"Plaintiffs do not cite any facts suggesting that the Government instead denied and
　　　revoked their passports because of their religious belief. To the extent that Plaintiffs

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

claim that requiring them to provide their social security numbers on their passport renewal applications burdens their religious beliefs, that claim is addressed below in the Court's discussion of the Religious Freedom Restoration Act. Because Plaintiffs have not alleged sufficient facts to plausibly establish that the Government denied their passport application because of any religious beliefs, the Court grants the Government's motion to dismiss on Plaintiffs' first cause of action. The Court denies Plaintiffs' cross motion for partial summary judgment and injunction on their first cause of action. (ECF 45, p. 9)"

3.      Since that time, the Defendants have often acknowledge that the denial and revocation of the Plaintiffs' passports was because of their not identifying with a SSN, and that practice of theirs is motivated by sincere religious belief (ECF 99-1, memorandum pp. 1-3, 7-9) The Defendants' say there, "Specifically, the Department found that Plaintiffs "had sincerely-held religious beliefs that the Department could accommodate."  (ECF 99-1, memorandum p. 9)

The Court goes on the record here declaring that the prohibition of 22 U.S.C. § 2721 applies in this case.  It impacts other elements of this case.  The Plaintiffs in fact have sufficiently alleged, and demonstrated to the extent that was available without ordinary discovery exposure and validation of evidence, that the activity for which the Defendants denied and revoked the passport was motivated by religious belief and practice.  (See Plaintiff cross-motion ECF 27-1, reply ECF 39-1, and remonstrance ECF 47, pp. 3-8).  Plaintiffs have alleged that the Defendants have committed mala prohibita felonies whereby they denied the Plaintiffs' rights, benefits, and privileges because they did not identify with an SSN.  Because the Plaintiffs did not identify with a SSN for reasons of religion, and religion is protected by the First Amendment, the denial and revocation of the Plaintiffs' renewed passports was done in violation of the law of the United States 22 U.S.C. 2721.

5.      The pro se Plaintiffs explained that they have come to understand that their remonstrance was in effect a motion for relief from judgment or order pursuant to Rule 60.  It was filed in a timely way addressing matters that were before the Court at that time.  The

position consistently taken by the Defendants since that time shows the Plaintiffs' allegations were sufficiently pled with all inferences logically applied.  The Court finds that the Plaintiffs have taken timely action to find relief from the order of August 28, 2021, pursuant to Rule 60(c)(1).  Rule 60(b)(6) is empowers the Court to grant the Plaintiffs' motion for relief .

6.  In their Remonstrance, the Plaintiffs state that, "The claims ought not to have been dismissed outright, but should necessarily be held in abeyance awaiting the progress, discovery, and declarations on the other counts."  The Court agrees.  The Court reverses its order granting the Defendants' motion to dismiss.  The Plaintiffs have shown that they stand to win substantially on the merits in at least one cause of action.  They deserve opportunity for the discovery available according to the Rules, in order to prove their allegations and to expose violations of law and regulation, or to give the Defendants the opportunity to disprove them.

The Plaintiffs will have another opportunity to move for summary judgment on the facts and merits upon completion of discovery.


IT IS SO ORDERED                          Rudolf Contreras, District Judge
                                          U.S. District Court, District of Columbia