United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) Case No: 19-CV-2316-RC |
| v. | ) |
| | ) Re: ECF 99, 110 |
| Antony John Blinken, *in his Official* | ) |
| *capacity as Secretary of State, et al.,* | ) |
| | ) |
| *Defendants* | ) |

**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO REPLY REGARDING THEIR MOTION FOR DISMISSAL (99)**

1. We oppose the Defendants' motion for leave to continue the delay in relief for Plaintiffs' in their *writ ne exeat republica* status without due process. The only way we would not oppose the Defendants' motion for extension of time for their reply is if the Court would compel the Defendant to issue Plaintiff Lewis's passport and order the Defendant to void the cancellation/revocation of Carmichael's passport issued January, 30, 2018; with such order being fulfilled as soon as practicable, and not later than September 20, 2021, ten days from when the Defendants' reply is due.

2. The evidence submitted by the Plaintiffs and the admissions by the Defendants by memorandum shows that both the Lewis and Carmichael's passports were denied or revoked unlawfully. There is evidence of bad faith on the part of the Defendants were there Declarations are fraudulent, made merely for the delay of relieving the Plaintiffs. Mr. Miller's letter explaining why Mr. Lewis could not have a passport contradicted the very words of the reference he cited regarding whether the photograph needed to be within six months of issue date instead

of the written policy's "application" date (Def. Exh. 99-4).  Kristin N. Watkins wantonly lied about the status of Mrs. Boulton's denial of a passport and religious accommodation (Def. Exh.95-1, Plaint. Boulton Exh. 109-11).

3. The Plaintiffs were warned by the Court in the Fox/Neal Order (ECF 100) that our case would likely be dismissed should we not respond by August 20, 2021, to the Defendants motion to dismiss (ECF 99) for which they now want a pass on any deadline imposed by their own motion for dismissal.  The Plaintiffs moved to have the schedule not only reflect that dire deadline, the Plaintiffs included additional time to accommodate a special request by the Defendant Attorney who scheduled his vacation in that "Reply" time period.  The Plaintiffs are shocked by the inordinate request for an additional thirty-one days (to pass the reply up the chain of command for review???).  There is no Declaration by those in the chain of command to inform the court that the extra 30 days is not due to those folks also wanting to be on vacation during that time.  Scheduling such an important procedure as to the elimination of our case right in the midst of the Defendant Attorney's vacation has predictable consequences that ought to be felt by the moving party, not the suffering injured Plaintiffs.  The Defendants' filings two years in a row, the Friday before Christmas vacation, caused us to have to spend our holidays researching, writing, consulting with one another and responding in a timely manner while the moving party enjoyed their Christmas stand-down.

4. We communicated to the Defendants' Attorney that we had no opposition to the October 11th deadline for the Defendants' response to the Rule 60 motion or their reply to the Boulton response to the status report.  We realized those filings showed up on the desk of the Defendant Attorney when he got back from vacation and that he would be concentrating on his reply to his motion for our dismissal.

5.	The description of what the Defendants consider a good cause is exactly what we understand the Court consider as no<u>t</u> the definition of good cause; neither is it excusable neglect.

6.	Therefore, for those reasons at least, the Court must deny the Defendants' motion for additional time to reply to their motion to dismiss (ECF 99) unless the Court is willing to do its duty to compel the Defendant to immediately issue Plaintiff Lewis's passport and void the cancellation/revocation of Carmichael's January 30, 2018.  There would be no injury to the Defendants, they would be fulfilling the law, we would no longer be kept from travels which include the traveling to celebrate Succoth, and we know that the Defendants can quickly revoke a passport should there be found any lawful justification from here on out.

7.	Plaintiff Lawrence Donald Lewis had discussed this prior to its drafting and he conveyed his agreement to these matters.  He was not available to review its final form.  It is signed by Plaintiffs Carmichael and Boulton with no objection by Lewis.


s/David Alan Carmichael, September 9, 2021
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 850-2672
david@freedomministries.life



s/Michelle Boulton, September 9, 2021
Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412