UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>ANTONY J. BLINKEN, Secretary of the U.S. Department of State, *et al.*,<br><br>　　Defendants. | Civil Action No. 19-2316 (RC) |

**DEFENDANTS' RESPONSE TO MOTION TO SUBSTITUTE
PLAINTIFF WILLIAM MITCHELL PAKOSZ**

Defendants, Antony J. Blinken, in his official capacity as the Secretary of State, and the United States, by and through undersigned counsel, respectfully submit their response to the motion to substitute Plaintiff William Mitchell Pakosz submitted by his son-in-law, Mr. Rick Dale Hollingsworth. *See* ECF No. 113. Plaintiffs previously notified the Court and Defendants that Mr. Pakosz died on July 5, 2021. *See* ECF No. 103. In his substitution motion, Mr. Hollingsworth states that Mr. Pakosz "discussed . . . his intention that one of us become his successor" should he die "in order to vindicate his own claims and rights for damages, and other relief, as well as to protect others that have his religious convictions." Mot. at 1. Mr. Hollingsworth also states that he has an "interest in ensuring that any damages are paid to [Mr. Pakosz's estate for the benefit of his wife and family." *Id.* For the reasons discussed below, the substitution motion should be denied.[1]

---

[1] Although the substitution motion states that "[t]he parties have been notified by phone or email, and none object[,]" *see* Mot. at 1, undersigned counsel for Defendants did not receive any correspondence from the movant prior to receiving the motion via the Court's electronic filing system.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1)).

## ARGUMENT

*First*, Mr. Hollingsworth has insufficiently established that he is a proper party, i.e., a "successor or representative," for purposes of substitution under Rule 25(a). Although "a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate[,]" *see Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999), Mr. Hollingsworth provides no information whatsoever regarding his status as either a successor or representative of Plaintiff Pakosz's estate. Rather, Mr. Hollingsworth merely claims that he is Mr. Pakosz's son-in-law and has a general "interest" in continuing this action on Plaintiff's behalf. Although Rule 25(a) provides for "flexibility in substitution of parties[,]" *McSurely v. McClellan*, 753 F.2d 88, 98-99 (D.C. Cir. 1985) (per curiam), there is no indication from the current record as to what specific status Mr. Hollingsworth is claiming here or what his relationship is with respect to Plaintiff Pakosz's estate. Without this information, the Court should deny the substitution motion.

*Second*, save for one potential claim, Plaintiff Pakosz's claims have extinguished because they are now moot. As established in the government's pending motion to dismiss, Plaintiffs' equitable claims to obtain passports without having to identify with a social security number are now moot because the State Department has granted that request. *See* Defs.' Mot. (ECF No. 99)

at 7.[2]  Therefore, the Court lacks jurisdiction over those claims. *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011).  The Court also lacks jurisdiction over Plaintiff's claim for damages under the Religious Freedom Restoration Act ("RFRA") because the United States has not waived its sovereign immunity for that claim.  *See* Def.'s Mot. at 17-18 (citing *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006)).

The only potential non-extinguished claim with respect to Plaintiff Pakosz is his claim for damages under the Privacy Act, which the government has also moved to dismiss, *see id.* at 18-22.  Whether a federal claim survives is a question of federal law.  *See Carlson v. Green*, 446 U.S. 14, 23 (1980).  Here, the Privacy Act is silent as to how courts should resolve situations like this one and "[t]here is no general survival statute for federal-question cases." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1954.  Therefore, the question of survival "is governed by federal common law when, as here, there is no expression of contrary intent" from Congress.  *Smith v. Dep't of Human Servs.*, 876 F.2d 832, 834 (10th Cir. 1989).

Defendants are unaware of any authority to suggest that a claim for damages under the Privacy Act's damages provision under Section 552a(g) survives a Plaintiff's death.  However, Defendants acknowledge that under federal common law federal claims typically survive a decedent's death if they are remedial in nature and not penal.  *See Ex parte Schreiber*, 110 U.S. 76, 80 (1884) ("At common law, actions on penal statutes do not survive.").  Both the Supreme Court and D.C. Circuit have described the purposes of the Privacy Act to be remedial.  *See Doe v. Chao*, 540 U.S. 614, 615 (2004); *Liff v. Office of Inspector General for U.S. Dep't of Labor*, 881

---

[2]  Furthermore, the equitable claims cannot survive the death of Plaintiff Pakosz as State Department policy prohibits the issuance of passports to deceased individuals.

F.3d 912, 923 (2018). Relatedly, the D.C. Circuit has held that claims under the Freedom of Information Act ("FOIA") may also survive a plaintiff's death. *See Sinito*, 176 F.3d at 517.

Therefore, even if Mr. Hollingsworth can show that he is a proper party for purposes of substitution, the only claim that should be substituted for is Plaintiff Pakosz's Privacy Act damages claim.

## CONCLUSION

For the foregoing reasons, the Court should deny substitution for Plaintiff Pakosz.

Dated: September 24, 2021          Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/   Christopher C. Hair
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
christopher.hair@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, a copy of the foregoing was served upon Plaintiffs and proposed intervenor via first class U.S. Mail addressed to:

Michelle Boulton
8491 Hospital Dr. #178
Douglasville, GA 30134-2412

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

Rick Dale Hollingsworth
P.O. Box 25
Matteson , IL 60443

/s/ *Christopher C. Hair*
CHRISTOPHER C. HAIR
Assistant United States Attorney