United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. ) <br> ) <br> *Plaintiffs* ) <br> ) <br> v. ) <br> ) <br> Michael Richard Pompeo, *in his Offiicial* ) <br> *capacity as Secretary of State, et al.*,[1] ) <br> ) <br> *Defendants* ) | Case No: 19-CV-2316-RC <br><br> Re:  108, 118 |

**PLAINTIFFS COMBINED REPLY TO DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION FOR RELIEF FROM ORDER OF AUGUST 28, 2020 AND MEMORANDUM IN SUPPORT"**

1. The Plaintiffs herein reply to the Defendants' response to the Plaintiffs' motion for relief from the Court order of August 28, 2021, pursuant to Rule 60 (check the ref). The Defendants do not contest its timeliness. The Defendants only challenge the justification of the motion. Our motion (ECF 108) was utilized to perfect our remonstrance (ECF 47) that was intended to have the Court reconsider its order as a matter of justice. The Court order was clear error and that error was produced by the Court in such a way that we were not able to litigate the theory upon which the Court based its order. It is no doubt reviewable by a court of appeals. If we want to have the Court of Appeals review the decision, we have a duty to notify the District Court of our objections. Rule 60 gives the District Court the opportunity and power to reverse its order for the sake of justice.

2. The Defendants challenge our motion saying that we are merely re-litigating the matter upon which the Court ruled after considering the positions of the parties. It is not true.

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

The Court invited the Plaintiffs to submit an amendment to address things in the complaint that were not adequately pled. In its misunderstanding of the issues of the case, the Court's opinion manufactured evidence of law, and a legal theory that the Plaintiffs had to plead a certain way to fit the Court's manufactured evidence of law without the Plaintiffs being forewarned of the manufacture. We pointed out that clear error in other words;

> "Notwithstanding the Court's departure from logic and reasonable inferences, the Plaintiffs sufficiently alleged, and demonstrated to the extent that was available without ordinary discovery exposure and validation of evidence, <u>that the activity for which the Defendants denied and revoked our passports was motivated by our religious belief</u>. The statements made by the defendants were that the reason for not identifying with a Social Security Number (hereinafter "SSN") is due to religion, and that obligation of religion was plainly communicated to the Defendants and was the basis for the forthright request to warrant not identifying with a SSN in order to obtain the passport. Religion is the duty that we owe the Creator according to religious belief and includes that manner of discharging it which is religious activity (See Plaintiff cross-motion ECF 27-1, reply ECF 39-1, and remonstrance ECF 47). Our Remonstrance addressed the principals upon which the Court should have applied the statute's positive enforcement of the fundamental law (ECF 47, pp. 3-8)." (ECF 108, ¶ 4., Emphasis added)

3.   The Defendant's citing of Kramer v. Gates's quote of *Good Luck Nursing Home, Inc. v. Harris,* rescuing "a litigant from strategic choices that later turn out to be improvident" is grossly misplaced. The "strategic choice" was made by the Court and manifests injustice in the ways cited in our motion. The appropriate and applicable quote from *Good Luck Nursing Home, Inc.* is:

> A district <u>court was not powerless to correct errors</u> into which it was led by a party's failure to make key facts known; when a party timely presented a previously undisclosed fact so essential to the litigation that it showed the initial judgment to have been manifestly unjust, reconsideration under subd. (b)(6) of former rule was proper even though the original failure to present that information was inexcusable. *Good Luck Nursing Home, Inc. v. Harris*, C.A.D.C. 1980, 636 F.2d 572, 204 U.S. App. D.C. 300. (Emphasis added)

4.   In this case, the Defendant Party has constructively admitted that we properly put before the Defendants a request for religious accommodation on the basis of our belief <u>and</u>

activity of religion.  Their saying by memorandum, rather than evidence, that they are going to accommodate our religious activity from now on shows that First Amendment protection applies to us.  It should have been a no-brainer for the court that 22 U.S.C. § 2721 barred the Defendants from denying or revoking our passport renewal *ab initio*.  Taking on the position that the Defendants must be concertedly trying to "change" our "belief" is a requirement for First Amendment protection is clear error.  There is no text in the evidence of law of the First Amendment or in statute that protects it, 22 U.S.C. § 2721, impermissible basis for the denial of passports.

5. Whether or not the power to render relief for which we moved should be used sparingly, our motion is one for which the power should be applied:

> Subd. (b)(6) of this rule permitting court to relieve a party or his legal representative from a final judgment for any "other reason" justifying relief from operation of the judgment vests the court with power adequate to enable it to vacate judgment whenever such action is appropriate to accomplish justice. *Klapprott v. U.S.,* U.S.N.J. 1949 (Emphasis added)

6. The motion for reconsideration and this accompanying motion for relief from the order do not merely repeat arguments from our brief in opposition, they counter the Court itself.  There is no way to advance an argument earlier when the Court did not forewarn us on its perspective that only the first prong of the prohibitive statute 22 U.S.C. § 2721 was solely controlling.  The Remonstrance and accompanying motion for relief gives the opportunity for the Court to see the clear error of its ways, giving it an opportunity to reverse itself as well as registering and preserving our objection for appeal.

> This rule authorizing vacation of judgment for any reason justifying relief from operation of judgment does not change the basic principle that application for vacation of judgment is addressed to sound discretion of trial court, but does bring to bear a more liberal attitude than pertained before its adoption.  *Erick Rios Bridoux v. Eastern Air Lines*, C.A.D.C. 1954, 214 F.2d 207, 93 U.S. App. D.C. 369 certiorari denied 75 S.Ct. 33, 348 U.S. 821, 99 L. Ed. 647  (Emphasis added)

7. The Defendant's say we repeated words in our remonstrance (ECF 47) (they say "motion for reconsideration"). They are wrong there. There are things that we've taken from our memorandum in support of the amended complaint (ECF 46). That has not been litigated. That Defendant has been busy evading that litigation. The "motion for reconsideration" (ECF 72) has not yet a formal ruling by the Court. Our "remonstrance" which is associated with our motion for relief from the August 28, 2021 order, was not acted upon by the Court or responded to by the Defendants. It was ignored, we think because its nature as a Rule 60 motion was not perfected. The Defendants particular quotation of *Gaither v. District of Columbia* does not apply to our motion. In fact, that case points out that the Court has discretion to reverse any of its interlocutory orders at any point in the litigation:

> Under Rule 54(b) of the Federal Rules of Civil Procedure, the district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54 (b). While Rule 54(b) affords a procedural mechanism for courts to reconsider prior interlocutory orders, its actual text provides little guidance as to when reconsideration may be appropriate. *Wultz v. Islamic Republic of Iran,* ___ F. Supp. 2d ___, 2011 WL 263676, at *3 (D.D.C. Jan. 28, 2011). To fill this gap, the United States Court of Appeals for the District of Columbia has provided that relief under Rule 54(b) is available "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.,* ___ F.3d ___, 2011 WL 117067, at *8 (D.C. Cir. Jan. 14, 2011). The "as justice requires" standard may be met where the district court has "patently" misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the submission of the issue. *Konarski v. Donovan,* ___ F. Supp. 2d ___, 2011 WL 383995, at *5 (D.D.C. Feb. 7, 2011). In the final analysis, the district court must ask whether relief upon reconsideration is "necessary under the relevant circumstances." *Lewis v. District of Columbia,* 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted). In this regard, the district court's discretion is broad. *Id. Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)

8. Not yet being introduced to the *Gaither case*, we did not quote words from it that said that the District Court ""has "patently" misunderstood the parties, strayed far afield of the issues presented, or failed to consider a controlling or significant change in the law or facts since the

submission of the issue.""  *Gaither* citing *Konarski v. Donovan*, 763 F. Supp. 128 (D.D.C. Feb. 7, 2011).  We did in so many words say that the Court patently misunderstood the parties and stayed far afield of the issues presented.  The controlling or significant change in the "facts" is that it is clear that the Defendants do not misunderstand the Plaintiffs' allegations and injuries, and the duties of the Defendants to provide First Amendment protection to the Plaintiffs regarding their application for passport renewal according to their Status Report (ECF 80).

9.     Our remonstrance to the Court's order thoroughly refuted the Court's straying far afield of the facts and issues presented as applied to the "Haig" case upon which the Court so strongly relied.

**Summary**

Contrary to the assertions of the Defendants' in their reply, we've pointed out that the basis of the Court's dismissing our First Cause of Action is clear error, patently misunderstanding the issues, run far afield of the issues and the application of law to the complaint's allegations, and should be awakened to the First Amendment protections recognized even by our opposition. We are making every effort to exhort the Court to reverse its errors for the sake of justice.


s/*David Alan Carmichael*                                          October 16, 2021
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 850-2672 / david@freedomministries.life


s/*Lawrence Donald Lewis*                                        October 16, 2021
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848
(208) 443-3852  /  larrynordlewis@povn.net

| | |
|---|---|
| s/*Michelle Boulton*<br>Michelle Boulton<br>8491 Hospital Dr., # 178<br>Douglasville, GA 30134-2412<br>770-315-5724  /  LadyTia2@aquawest.net | October 16, 2021 |
| | |
| s/*Rick Dale Hollingsworth*<br>Rick Dale Hollingsworth<br>P.O. Box 25<br>Matteson, Ill 60443<br>708-306-0040  /  grnmachine95@yahoo.com | October 16, 2021 |