United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, *et al*. ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | Re: Substitute Party |
| *Michael Richard Pompeo*, *in his Offiicial* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFF CARMICHAEL'S MOTION TO GRANT PLAINTIFF CARMICHAEL POWERS AS THE ALTERNATIVE PAKOSZ SUBSTITUTE**

1.  Rick Dale Hollingsworth, son-in-law of William Mitchell Pakosz, has moved to succeed William Mitchell Pakosz in this action against the Secretary of State, et al. I endorse Mr. Hollingsworth's motion, his being "first blood" of Mr. Pakosz according to the situation of their family and the common law rights retained and protected by the Ninth Amendment to the Constitution of the United States of America. Alternatively, I move that the Court order me to substitute Mr. Pakosz for reasons set forth herein should Mr. Hollingsworth be disqualified.

**The Motion Complies With Rule 25(a)(1) and Is Timely**

2.  According to Rule 25(a)(1), the court has the discretion (the word "may" indicates discretion) to order substitution of the proper party. The motion may be made by any party or by the decedent's successor or representative. On July 19, 2021, I attempted to notify with Court of the death of William Mitchell Pakosz and the Court determined it to be merely a suggestion (ECF 103). On September 10, 2021, Mr. Hollingsworth provided a copy of the death certificate (ECF 113-1). The soonest the time could expire to file a motion to substitute is October 17,

2021, if the Court considers the notice filed by Carmichael on July 19, 2021 as notice. Otherwise, the deadline will toll to December 9, 2021, ninety days from ECF 113-1.

### The Parties Were Served The Death Notice According To The Rules

3.  Rule 25(a)(3) requires notice to the parties to be accomplished by Rule 5 due to the progress of the case.  The parties were served in accordance with Rule 5(b)(2)(E).

### The Court Controls Notice of Hearing

4.  During this case, I've contacted the Judge's assistant/secretary to try to schedule hearings.  I was told that hearing schedules are initiated by the judge's office.  Therefore, the responsibility in fulfilling the portion of the rule that requires "A motion to substitute, <u>together with a notice of hearing</u>,…" is upon the Court.

### Plaintiff Pakosz Sought A Substitute

5.  I spoke with William Mitchell Pakosz regarding his desire to have someone substitute for him should he become incompetent or die.  We discussed it several times, over several months.  The Rules do not provide for a preemptive filing for a substitute for death or incapacity before the event.  I saw the document that Plaintiff Pakosz prepared for his family to use in the event of his death or incapacity.  It was much like what was submitted by Mr. Hollingsworth except that Mr. Hollingworth's filing was personalized.  I spoke about it with Plaintiff Pakosz's wife Delores in January of this year when she had questions about the document that Plaintiff Pakosz had prepared.  After Plaintiff Pakosz's death, Mr. Hollingsworth contacted me by telephone, introduced himself, and explained to me that he intended to take up the role as a substitute for William.  I interviewed Delores Pakosz, Rick Hollingsworth, Angela Pakosz Hollingsworth, and Cheryl Pakosz O'Lear (who was listed by Mr. Pakosz on his passport application) to investigate their interest or motivation in acting as William's Substitute.  I learned

from those interviews, and was impressed, that among his family, Mr. Hollingsworth was most informed about the basis and progress of the case.  He had the zeal to see it through to judgment for the many reasons the case of Pakosz ought to find judgment on the law and the facts, and the relief for declaratory judgment and damages for the compensation of the Pakosz Estate and for the protection of the public at large.  Mr. Hollingsworth fits the role historically considered under the common law in that he has taken up the role as the protector of Delores Pakosz, just as Apostle John was assigned the role of protector for Mary, mother of our Lord and Savior Jesus the Christ.  He is first blood, or otherwise a next friend, of William Mitchell Pakosz.

6. Mr. Hollingsworth filed his motion to substitute for William (ECF 113) and the Defendants opposed it by way of anything upon which they could grasp (ECF 114).  Mr. Hollingsworth replied to the Defendants opposition (ECF 115) without any legal training on those qualifiers or disqualifiers that the trained lawyer would know how to address.  The Court needs to <u>not</u> disqualify Mr. Hollingsworth without a hearing since it is in the interest of justice that the Court determine the suitability of Mr. Hollingsworth using the Courts powers to interview him on matters that will sway the Court's determination.  Because of our understanding of the Biblical standards and duties of protection particularly by male family members, I conclude that Mr. Hollinsgworth has first precedence over my interest to substitute for Mr. Pakosz.

**Plaintiff Carmichael Has Beneficial, Sacrificial, Injury, Relief, And Damages Interest, Among Others, In The Case Of William Mitchell Pakosz**

7. Throughout the Plaintiffs' complaint, we allege and intend to prove that I was invited by William Pakosz to assist him in the administrative process necessary for him to obtain a religious accommodation in the renewing of his passport.  He went so far as to grant to me power-of-attorney to speak to the State Department on his behalf (ECF 51, ¶¶ 1-3 & 25-30, *inter*

*alia*).  It was that assistance to William that got me in hot water with the Defendant, United States Department of State, and certain actors that have been hiding behind titles of 'Customer Service' and 'Law Enforcement Liaison Division' (ECF 46, Attach. 9/ECF 51, ¶¶ 31-35). Though I am not first blood, it is demonstrated by the verified-under-oath-statements by Mr. Pakosz and myself that I have been the next friend throughout this ordeal.

8. William's injury is causal to my injury.  The facts the actions and motivations of the persons in and out of their official capacity that carried out the unlawful denial of William's passport renewal denial are intricately woven with the unlawful revocation of my passport.  As evidence, I give my verified original complaint (ECF 1), my first amended complaint (ECF 9) and the second amended complaint (ECFs 46, Attach. 9 / 51).  It is necessary for me to be able to depose those persons who acted unlawfully when acting unlawfully upon (rather than adjudicating) William's case.  My efforts for William were not only to protect him, but to protect the People from the unlawful acts of the Defendants and those who shall be named as Defendants when we have the discovery to clearly reveal their identities and the specifics of their unlawful activities and bad motivations yet hidden behind the curtain.  In William's case, it is both his works of administration and my works of administration with him that together made it brutally obvious to the Defendant-bad-actors that his case warranted accommodation and that the law of the land provided protection for him.

9. The relief that I, we, and the people need related to declaratory judgment, mandamus, injunction, record correction, and various damages, will be only properly served by full adjudication of the Pakosz case.

10. For these reasons, should Rick Hollingsworth not be found to be adequately suited as a substitute, then I move the court to name me.

11.   The Court has control of its own hearing scheduling and I do not.  Otherwise I would provide notice to the parties regarding such a hearing.

12.   The Defendants have not been contacted prior to their notice of this filing.  I presume by their opposition (ECF 114) to the motion of Mr. Hollingsworth (ECF 113) that the Defendants will respond in opposition.

13.   The Co-Plaintiffs have been notified and they communicated to me that they do not oppose this motion of mine.

14.   My motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*s/David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664