UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David Alan Carmichael, et al.,** | ) Civil Action No.: 19-2316 (RC) |
| Plaintiffs, | ) Re: Motion For Sanctions |
| vs. | ) |
| **Michael Richard Pompeo,** in his official capacity as Secretary of State of the United States, et al., | ) |
| Defendants. | ) |

**Plaintiff Bolton's Motion For Sanctions Against The Defendants
For Violation of Rule 11(b)(3) & (4), and 18 U.S.C. § 1001, and Memorandum In Support**

1. The Defendants have made and have repeated factual contentions that have no evidentiary support, and have no likelihood of having evidentiary support after a reasonable opportunity for further investigation or discovery in violation of Rule 11(b)(3); and,

2. The Defendants have made and have repeated denial of factual contentions, with their denials being unwarranted on the basis of the evidence known to the Defendants and are not reasonable based upon their belief or lack of knowledge in violation of Rule 11(b)(4); and,

3. The Defendants' wantonly-false, factual contentions and denials of factual contentions, were made accompanied with, and reliant upon, declarations under oath where they willfully committed direct and extrinsic fraud upon the judicial branch of the United States; a contempt of court and a felony pursuant to 18 U.S.C. § 1001.

4. Sanctions against the Defendants, the Defendants' Attorney, and Kristia N. Watkins are warranted, are demanded by me, and are so moved for hereby.

## The Defendants, Kristia N. Watkins, and Attorney Christopher Hair Violated Rule 11(b)(3) & (4) and 18 U.S.C. § 1001

5. On May 21, 2021, I moved to intervene (join) saying that the Defendants violated the law when they recently denied my application for passport renewal that was accompanied by a request for religious accommodation to not be required to identify with a social security number (hereinafter "SSN") for purposes of having a U.S. passport (ECF 94 & 94-1 Intervener Complaint). Referring to the Application for passport renewal that I filed on March 9, 2021, my complaint alleged, saying, "The SSN block on the forms used the words, "Refused for religious reasons" just as was instructed by the Defendants in the case Docket 80, paragraph 3." (ECF 94-1, ¶ 11.) They then alleged, saying "On March 12, 2021, Defendants, and each of them, refused to issue a passport to Boulton on the grounds she has refused to provide a Social Security Number." (ECF 94-1, ¶ 12.) I complained for the Defendants' violation of 28 U.S.C. § 2721, Impermissible basis for the denial of passports, violation of 42 U.S.C. § 2000bb, et. seq., Religious Freedom Restoration Act; and for Declaratory and Injunctive Relief.

6. The Defendants then committed their first violation of Rule 11(b)(3) & (4), and 18 U.S.C. 1001 in their response memorandum (ECF 95) and their declaration under oath by Kristia N. Watkins (ECF 95-1). In the first paragraph of their response memorandum, the Defendant falsely contended, "Further, as explained in the declaration of Kristia Watkins (attached hereto) and contrary to Ms. Boulton's assertion, her passport application has not been denied by the State Department and she has not been denied any requested religious accommodation." No evidence was supplied by the Defendants' Attorney or by Kristia N. Watkins to support their contention and declaration.

7. The gravamen of the Defendants', their Attorney's and Kristia N. Watkin's willing deception is:

"Ms. Boulton's claims are based on the false premise that her passport application has been denied. As explained in Ms. Kristia Watkins's declaration, Ms. Boulton has not been denied any passport for failing to provide a social security number. On the contrary, Ms. Boulton executed a passport application on March 9, 2021. On or around the same day, the U.S. 6 Embassy in San Jose, Costa Rica, sent Ms. Boulton a letter requesting additional information. She has yet to respond to this request and her application is still pending review." Ms. Boulton does not claim that her passport application has been unreasonably delayed. Rather, she asserts that the State Department denied her application for failing to provide a Social Security Number. As noted, this is false. (Def. Mem. ECF 95-1, p. 5, last para. through p. 6, 1st para.)

8. The Defendants' supplied the Declaration of Kristia N. Watkins in support of their Response memorandum in opposition to my joining the case (ECF 95-1 and 95, respectively).

Kristia N. Watkins stated:

"On or around March 9, 2021, Ms. Boulton re-appeared at the U.S. Embassy in San Jose, Costa Rica, to execute an application for a U.S. passport using Form DS-5504, "Application for a U.S. Passport: Name Change, Data Correction, and Limited Passport Book Replacement." 4. On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identify and has given her ninety (90) days, or until June 7, 2021, to respond."

9. Notwithstanding her declared familiarity of my case and her "review of Department of State records and discussions with Department of State employees", Kristia N. Watkins excluded any mention of my request for religious accommodation to not have to identify with a SSN (ECF 109-3, ltr. Req. Rel. Accom.; 109-4, Reiteration of rel. accom. req.; 109-5, status query; 109-6, status and position query). Rather than stating the fact that her Department denied my application for want of a SSN, she declares, "On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identify and has given her ninety (90) days, or until June 7, 2021, to respond."

10. On March 12, 2021, the Defendants official email correspondence stated:

"Upon review of your passport application dated March 9, 2021, we note <u>a Social Security Number has not been provided</u>. Per federal regulations, if an applicant has been issued a Social Security Number and either cannot or refuses to

provide it for whatever reason, they are only eligible for a direct return passport.
Please see https://travel.state.gov/content/travel/en/passports/passport-help/faqs.html#ssn for questions regarding Social Security Numbers and passport applications.
Accordingly, your passport application will remain pending at the Embassy for 90 days based on when the application was received. <u>If the required information is not received</u> within the 90-day period, <u>the application will be denied</u>. Please let us know if you wish to proceed with a direct return passport or if you wish to provide your social security number, we can process the application." (My Attached Declaration, ¶ 11.; ECF 98-1, Plaint. Boulton, Exh. A, ECF 109-1, Exh. A) (Emphasis added)

11. If Kristia N. Watkins declaration was true regarding her review of my records, she had to be well aware that on March 23, 2021, I reiterated my request for religious accommodation, my eligibility, my civil allegiance, and my fulfilling the law (My Attached Declaration, ¶¶ 12 – 14 & ECFs 109-3-6). On March 30, the Defendants official email correspondence repeated the exact words demanding a SSN, and that lack of the "required information" SSN guaranteed the application denial and that the application could not be processed without my supplying a SSN.

12. The "additional information regarding her identity" declared by Kristia N. Watkins is clearly a deliberately evasive and misleading conclusive summary statement. The "additional information" for which they waited was a SSN. The March 12th and 30th agency letters expressly stated that they will not process the application. That was an absolute. There was certainly no other "information" for which the agency waited on the day of Kristia N. Watkins declaration and the Defendants' Attorney's submission of their response memorandum where they more than once accused me of making a false statement. That is their first count of violating Rule 11(b)(3) & (4), and 18 U.S.C. § 1001.

13. It was Friday, June 4, 2021 that the Defendants said they were waiting for that "further information" that they did not say was a SSN, while knowing it was. They said the deadline was Monday, June 7, 2021 which was **the very next business day**.

14. The next business day came and passed with no action from the Defendants and no action from me to provide the "further information" SSN.

15. June 15, 2021, I refuted the claims of the Defendants and Kristia N. Watkins. I submitted copies of the agency official email correspondence of March 12 and 30, 2021 in my June 15, 2021 reply to the Defendant's opposition to my joining the case (ECF 98, 98-1, 98-2).

16. Two months after the supposed "further information" deadline, on Sunday, August 8, 2021, the Court ordered the Defendant to provide a status report by August 23, 2021, regarding the status of my passport application for which they said they were awaiting "further information" without admitting it was a SSN (Aug. 8, 2021 Minute Order).

17. The second business day after the Court order for a status report, August 10, 2021, the Defendant notified me by email that they had approved my passport renewal application. Discovery will show what prompted the post-90 day deadline sudden repentance. I never did supply that "further information" demanded by the Defendant (See my attached Declaration). It is glaringly obvious that they only stopped the persecution against me under the clear and present danger of the litigation.

18. On August 20, 2021, in its status report demanded by the Court, the Defendant reinforced the June 4, 2021, false contention of the Defendants, violating Rule 11(b)(3) & (4) and 18 U.S.C. § 1001 for the second time. In the context of their June 4th deliberate misstatements and exclusion of relevant facts, the Defendants' status report paints the false picture that the reasons for the denial of my passport renewal to that date was due to some "further information" other than a SSN and that I had provided it:

> "On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identity no later than June 7, 2021, to respond. Id. On August 10, 2021, the State Department notified Ms. Boulton that the administrative process regarding her passport application has been completed and a passport has been issued. See Exhibit A (attached hereto)." (ECF

105)

19. Satisfied to some extent that the egregious labors of myself and other Plaintiffs had finally coaxed the Defendants into obeying the law, I was nonetheless appalled by the Defendants' fraud. I filed my response to the Defendants' status report where I filed a declaration of the actual facts, and black letter evidence to support it, showing the falsehood of the Declaration of Kristia N. Watkins and the false contentions of the Defendants through their Attorney (ECF 109, with 12 Exhibits).

### Sanctions Pursuant To Rule 11(c) Are Warranted By The Actual And Verified Facts

20. The latest, and third false contention of the facts by the Defendants through their Attorney has doubled down on their violation of Rule 11(b)(3) & (4) and 18 U.S.C. § 1001. There, the Defendants by their Attorney blatantly falsely stated, ""<u>After Ms. Boulton submitted additional information</u>, see id., Ex. 3, the Department notified her that "[t]he administrative process has been completed and your passport has been issued." Id., Ex. 8 at 1."" (ECF 117/118, p. 9, last para., emphasis added).

21. As well as the record already on file in the Court, and according to my attached declaration herewith**: I have not provided that "additional information" for which the Defendants falsely stated they were waiting, about which Attorney Hair made a false statement in his filing docketed as 117 and 118**.

### Demand For Sanctions And Special Prosecution

22. I demand the Defendants, Kristia Watkins, and more particularly their Attorney Christopher Hair, to show the Court and the Plaintiffs that "additional information" that I submitted to the agency - or otherwise; show cause why they should not be sanctioned pursuant to Rule 11(c)(4) and investigated for violation of 18 U.S.C. § 1001.

23. I move the Court to schedule a show-cause hearing via electronic media so that I, my fellow Plaintiffs and the public, may attend remotely. I propose the hearing to be scheduled on November 8, 9, 11, or 12, 2021. I've notified the Defendant before the opening of business today, and received no response by the close of business.

24. If that cause cannot be shown, I demand the Court to order sanctions upon Kristia N. Watkins, Christopher Hair, and their accomplices in or out of the United States Department of State to such an extent to ensure that it "deters the repetition of the conduct or comparable conduct by others similarly situated" pursuant to Rule 11(c)(4).

25. I move the Court to order Attorney Christopher Hair, Kristia N. Watkins, and any of their accomplices, to pay a pecuniary penalty to the Court for the amount of money paid to them by their Employer the United States and its agencies in relation to the time that they spent in the production of their declarations, memoranda and etcetera in this matter relating to their filings of ECFs 95, 105, and 117/118. It is restitution. Their acts violated the law. Their acts are therefore not in an official capacity, yet were being paid for by the United States. They owe restitution for the benefits of their ill-gotten-gain.

26. I move the Court to appoint a special prosecutor or refer the matter to the United States Department of Justice, Criminal Division and/or Federal Bureau of Investigation, and/or the United States Marshall's Office, or whatever enforcement mechanisms is applicable, for investigation and prosecution of these violations of 18 U.S.C. § 1001.

s/*Michelle Boulton*       Dated: October 21, 2021
In Propria Persona
8491 Hospital Drive, #178
Douglasville, Georgia 30134-2412
770-315-5724
ladytia@Waquawest.net