UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David Alan Carmichael, et al.,**  Plaintiffs,  vs.  **Michael Richard Pompeo, in his official capacity as Secretary of State of the United States, et al.,**  Defendants. | ) Civil Action No.: 19-2316 (RC)  ) Re: Motion For Sanctions |

**Plaintiff Boulton's Motion For Sanctions Against The Defendants
For Violation of Rule 11(b)(3) & (4), and 18 U.S.C. § 1001, and Memorandum In Support**

**[PROPOSED] ORDER**

1.   Intervenor/Plaintiff Michelle Boulton has moved for sanctions against the Defendants, witness Kristia N. Watkins, and their Attorney Christopher Hair pursuant to Rule 11(c). They allege, and provide support by declaration and citings of documents on the record, that the Defendants, witness Kristia N. Watkins, and their Attorney Christopher Hair have:

   a.   Made and have repeated factual contentions that have no evidentiary support, and have no likelihood of having evidentiary support after a reasonable opportunity for further investigation or discovery in violation of Rule 11(b)(3); and,

   b.   Made and have repeated denial of factual contentions, with their denials being unwarranted on the basis of the evidence known to the Defendants and are not reasonable based upon their belief or lack of knowledge in violation of Rule 11(b)(4); and,

   c.   The Defendants' wantonly-false, factual contentions and denials of factual contentions, were made accompanied with, and reliant upon, declarations under oath

where they willfully committed direct and extrinsic fraud upon the judicial branch of the United State; a contempt of court and a felony pursuant to 18 U.S.C. § 1001.

2. Boulton moved for Sanctions against the Defendants, the Defendants' Attorney, and Kristia N. Watkins.  The Court finds the allegations credible and have substantial support by the docketed declarations and documentation supplied by Boulton, and the docketed declarations and memoranda of the Defendants and their Attorney.

Unless shown otherwise, the Court finds on the basis of the record before the Court that Defendants, Kristia N. Watkins, and Attorney Christopher Hair Violated Rule 11(b)(3) & (4) and 18 U.S.C. § 1001On May 21, 2021.

**Factual Basis and Finding**

3. Boulton moved to intervene (join) saying that the Defendants violated the law when they recently denied her application for passport renewal that was accompanied by a request for religious accommodation to not be required to identify with a social security number (hereinafter "SSN") for purposes of having a U.S. passport (ECF 94 & 94-1 Intervener Complaint).  Referring to the Application for passport renewal that Mrs. Boulton filed on March 9, 2021, her complaint alleged, saying, "The SSN block on the forms used the words, "Refused for religious reasons" just as was instructed by the Defendants in their Status Report, Docket 80, paragraph 3."  (ECF 94-1, ¶ 11.)  It went on to allege, "On March 12, 2021, Defendants, and each of them, refused to issue a passport to Boulton on the grounds she has refused to provide a Social Security Number."  (ECF 94-1, ¶ 12.) Boulton complained for the Defendants' violation of 28 U.S.C. § 2721, Impermissible basis for the denial of passports, violation of 42 U.S.C. § 2000bb, et. seq., Religious Freedom Restoration Act; and for Declaratory and Injunctive Relief.

4. Boulton alleges that in the first paragraph of their response memorandum, the Defendant falsely contended, "Further, as explained in the declaration of Kristia Watkins (attached hereto) and contrary to Ms. Boulton's assertion, her passport application has not been denied by the State Department and she has not been denied any requested religious accommodation." No evidence was supplied by the Defendants' Attorney or by Kristia N. Watkins, notwithstanding her access to the documentary evidence that would support or refute her declaration. Boulton alleges that the Defendants committed their first violation of Rule 11(b)(3) & (4), and 18 U.S.C. 1001 in their response memorandum (ECF 95) and the declaration by Kristia N. Watkins (ECF 95-1).

5. The gravamen of the Defendants', their Attorney's and Kristia N. Watkin's willing deception is:

> "Ms. Boulton's claims are based on the false premise that her passport application has been denied. As explained in Ms. Kristia Watkins's declaration, Ms. Boulton has not been denied any passport for failing to provide a social security number. On the contrary, Ms. Boulton executed a passport application on March 9, 2021. On or around the same day, the U.S. 6 Embassy in San Jose, Costa Rica, sent Ms. Boulton a letter requesting additional information. She has yet to respond to this request and her application is still pending review." Ms. Boulton does not claim that her passport application has been unreasonably delayed. Rather, she asserts that the State Department denied her application for failing to provide a Social Security Number. As noted, this is false. (Def. Mem. ECF 95-1, p. 5, last para. through p. 6, 1st para.)

6. The Defendants' supplied the Declaration of Kristia N. Watkins in support of their Response memorandum in opposition to my joining the case (ECF 95-1 and 95, respectively). Kristia N. Watkins stated:

> "On or around March 9, 2021, Ms. Boulton re-appeared at the U.S. Embassy in San Jose, Costa Rica, to execute an application for a U.S. passport using Form DS-5504, "Application for a U.S. Passport: Name Change, Data Correction, and Limited Passport Book Replacement." 4. On or around

March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identify and has given her ninety (90) days, or until June 7, 2021, to respond."

7. Notwithstanding her declared familiarity of Boulton's case and her "review of Department of State records and discussions with Department of State employees", Kristia N. Watkins excluded any mention of Boulton's request for religious accommodation to not have to identify with a SSN (ECF 109-3, ltr. Req. Rel. Accom.; 109-4, Reiteration of rel. accom. req.; 109-5, status query; 109-6, status and position query). Rather than stating the fact that her Department denied the Boulton application for want of a SSN, Kristia N. Watkins declared, "On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identify and has given her ninety (90) days, or until June 7, 2021, to respond."

8. On March 12, 2021, the Defendants official email correspondence stated:

"Upon review of your passport application dated March 9, 2021, we note <u>a Social Security Number has not been provided</u>. Per federal regulations, if an applicant has been issued a Social Security Number and either cannot or refuses to provide it for whatever reason, they are only eligible for a direct return passport.
Please see https://travel.state.gov/content/travel/en/passports/passport-help/faqs.html#ssn for questions regarding Social Security Numbers and passport applications.
Accordingly, your passport application will remain pending at the Embassy for 90 days based on when the application was received. <u>If the required information is not received</u> within the 90-day period, <u>the application will be denied</u>. Please let us know if you wish to proceed with a direct return passport or if you wish to provide your social security number, we can process the application." (My Attached Declaration, ¶ 11.; ECF 98-1, Plaint. Boulton, Exh. A, ECF 109-1, Exh. A) (Emphasis added)

9. If Kristia N. Watkins declaration was true regarding her review of the Boulton records, she had to be well aware that on March 23, 2021, Boulton reiterated her request

for religious accommodation, eligibility, civil allegiance, and non-violation of relevant statutes (Boulton's Declaration, ECF 109, ¶¶ 12 – 14 & Exhibits 3-6).  On March 30, the Defendants official email correspondence repeated the exact words demanding a SSN, and that lack of the "required information" SSN guaranteed the application denial and that the application could not be processed without Boulton supplying a SSN".

10.   The "additional information regarding her identity" declared by Kristia N. Watkins is clearly a deliberately evasive and misleading conclusive summary statement.  The "additional information" for which they waited was a SSN.  The March 12th and 30th agency letters expressly stated that they will not process the application.  That was an absolute.  The Defendants have not shown any other "information" for which the agency waited on the day of Kristia N. Watkins declaration and the Defendants' Attorney's submission of their response memorandum where they more than once accused Boulton of making a false statement.  That is their first count of violating Rule 11(b)(3) & (4), and 18 U.S.C. § 1001.

11.  Friday, June 4, 2021 was the day that the Defendants said they were waiting for that "further information" that they did not say was a SSN, while knowing it was.  They said the deadline was Monday, June 7, 2021, **the very next business day**.

12.  The next business day came and passed with no action from the Defendants and no action from Boulton to provide the "further information" SSN.  Therefore, the denial of Boulton's passport renewal was the next business day from when the Defendants and Kristia N. Watkins declared that Boulton's passport renewal was not being denied.  The declaration and contention by the Defendants was technically accurate, and intended ultimately to communicate a falsehood.  It is bad faith.

13. June 15, 2021, Boulton refuted the claims of the Defendants and Kristia N. Watkins. Boulton submitted copies of the agency official email correspondence of March 12 and 30, 2021 in her June 15, 2021 reply to the Defendant's opposition to her joining the case (ECF 98, 98-1, 98-2).

14. Two months after the supposed "further information" deadline, on Sunday, August 8, 2021, the Court ordered the Defendant to provide a status report by August 23, 2021, regarding the status of the Boulton passport application for which they said they were awaiting "further information" without admitting it was a SSN (Aug. 8, 2021 Minute Order).

15. The second business day after the Court order for a status report, August 10, 2021, the Defendant notified Boulton by email that they had approved her passport renewal application. Boulton declared that she never supplied that "further information" demanded by the Defendant (See Boulton Motion, ECF 121-1 Declaration). On its face, the Defendant renewed Boulton's passport in the face of the litigation.

16. On August 20, 2021, in its status report demanded by the Court, the Defendant reinforced the June 4, 2021, false contention of the Defendants, violating Rule 11(b)(3) & (4) and 18 U.S.C. § 1001. In the context of their June 4th deliberate misstatements and exclusion of relevant facts, the Defendants' status report paints the false picture that the reasons for the denial of Boulton's passport renewal to that date was due to some "further information" other than a SSN, implying that Boulton had provided it:

> "On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identity no later than June 7, 2021, to respond. Id. On August 10, 2021, the State Department notified Ms. Boulton that the administrative process

regarding her passport application has been completed and a passport has been issued. See Exhibit A (attached hereto)." (ECF 105)

17. Boulton filed a response to the Defendants' status report, providing a declaration and twelve exhibits in order to show evidence that the statements of the Defendants communicated falsehoods. (ECF 109, with 12 Exhibits).

## Sanctions Pursuant To Rule 11(c) Are Warranted By The Actual And Verified Facts

18. The latest false contention of the facts by the Defendants through their Attorney has doubled down on their violation of Rule 11(b)(3) & (4) and 18 U.S.C. § 1001. There, the Defendants by their Attorney clearly stated falsley, ""<u>After Ms. Boulton submitted additional information</u>, see id., Ex. 3, the Department notified her that "[t]he administrative process has been completed and your passport has been issued." Id., Ex. 8 at 1."" (ECF 117/118, p. 9, last para., emphasis added).

19. As well as the record already on file in the Court, and according to Boulton's declaration attached to her motion for sanctions, evidence shows that Boulton did not file the "additional information" for which the Defendant claimed to be waiting.

## Order For Sanctions and Referal

20. The Court orders the Defendants, Kristia Watkins, and their Attorney Christopher Hair, to show the Court and the Plaintiffs that "additional information" that they claim Boulton was supposed to have supplied if it was not a SSN. Show the "additional information" of which the Defendants claim in their Reply (ECF 117) that Boulton supplied. Otherwise, show cause why they should not be sanctioned pursuant to Rule 11(b)(4) and investigated for violation of 18 U.S.C. § 1001.

**Show Cause Hearing**

21.   The Court orders the scheduling of a hearing by video conference, on Monday, November 8, at 10:00 a.m.  The Boulton and the Defendants and their Attorney shall appear.  The participants shall arrange for access and the details of the video conference with the Clerks office.

22.   The show cause hearing will give opportunity for the Defendants, Kristia N. Watkins, and Attorney Christopher Hair to show cause why they should not be sanctioned for violations of Rules 11(b)(3) and (4).  They shall also have opportunity to show why the matter should not be referred for criminal investigation.

   IT IS SO ORDERED

                                            Rudolf Contreras, District Judge
                                            U.S. District Court, District of Columbia