UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

        *Plaintiffs*,

    v.

ANTONY J. BLINKEN, Secretary of State, *et al.*,

        *Defendants*.

Civil Action No. 19-2316 (RC)

## DEFENDANTS' OPPOSITION TO PROPOSED INTERVENOR MICHELLE BOULTON'S MOTION FOR SANCTIONS

Defendants, Secretary of State Antony J. Blinken and the U.S. Department of State, respectfully submit the following opposition to Michelle Boulton's motion for sanctions in this Religious Freedom Restoration Act ("RFRA") matter. *See* Mot. for Sanctions (ECF No. 121). Although Ms. Boulton is not a party to this action, her motion to intervene (*see* ECF No. 94)—which Defendants have opposed (*see* ECF No. 95)—is currently pending before this Court.[1] Ms. Boulton's motion seeks sanctions under Federal Rule of Civil Procedure ("Rule") 11, and a criminal investigation under 18 U.S.C. § 1001, based on allegedly false statements made in Defendants' pleadings by Defendants' counsel and declarant regarding the status of Ms. Boulton's passport applications. As discussed below, the Court should deny Ms. Boulton's motion because it is both procedurally and substantively flawed.

---

[1]    Plaintiffs have separately moved to join Ms. Boulton as a party (*see* ECF No. 92), which Defendants have also opposed.

**LEGAL STANDARDS**

Under Rule 11(b), courts may impose sanctions if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" The Court applies "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 554 (1991). Rule 11 is designed to ensure that allegations made in filings "are supported by a sufficient factual predicate at the time that the claims are asserted." *City of Yonkers v. Otis Elevator Co.*, 106 F.R.D. 524, 525 (S.D.N.Y. 1985) (emphasis removed). As such, Rule 11 "states unambiguously that [the attorney] must conduct a 'reasonable inquiry' or face sanctions." *Bus. Guides*, 498 U.S. at 548.

In deciding on a Rule 11 motion, courts consider: (1) whether each presenting attorney "conducted a reasonable inquiry," (2) whether each presenting attorney "determined that [the] papers filed with the court are well grounded in fact [and] legally tenable," and (3) whether the papers were "interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). This Court has "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (internal quotations omitted). Under Rule 11(c)(1), if a rule has been violated, the court may impose sanctions on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "The sanction should be imposed on the persons—whether attorneys . . . or parties—who have violated the rule or may be determined to be responsible for the violation." Fed. R. Civ. P. 11(c)(1), advisory comm.'s note

to 1937 amendments (subdivisions (b) and (c)); *see also Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 23-24 (D.D.C. 2004). Courts do not impose Rule 11 sanctions lightly; such sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings. *See Henok v. Chase Home Fin., LLC*, 926 F. Supp. 2d 100, 104 (D.D.C. 2013). As such, the purposes of Rule 11 include "protect[ing] the court from frivolous and baseless filings that are not well grounded [or are] legally untenable." *Cobell*, 211 F.R.D. at 10.

Before imposing sanctions, the Court must find that both procedural and substantive requirements have been met. *See Naegele v. Albers*, 355 F. Supp. 2d 129, 146 (D.D.C. 2005). "The procedural fairness [of a Rule 11 motion] is determined by [a] two-prong test of notice and an opportunity to respond." *Id.* (citing Fed. R. Civ. P. 11(c)). The "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). "The allegedly offending party must [also] be served twenty-one days before a motion for sanctions is filed with the Court, allowing an opportunity for that party to rectify its behavior" before sanctions are imposed. *Brown v. FBI*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (citing Fed. R. Civ. P. 11(c)(2)).

## ARGUMENT

Ms. Boulton's motion should be denied for three reasons. *First*, Ms. Boulton failed to comply with Rule 11's procedural requirements by failing to provide Defendants with notice or an opportunity to respond before filing her motion for sanctions with the Court. *Second*, Ms. Boulton's motion is entirely without merit because the record in this case establishes that Defendants never denied her passport application and that Ms. Boulton did indeed submit additional information in further support of her application, which the State Department ultimately approved. *Third*, and finally, Ms. Boulton's request for relief under 18 U.S.C. § 1001

is misplaced because that bare criminal statute provides no basis for relief in this civil judicial proceeding.

**I.      Ms. Boulton Failed to Comply with Rule 11's Procedural Requirements.**

As an initial matter, Ms. Boulton filed her motion directly with the Court and did not provide Defendants' counsel any opportunity to respond—therefore, sanctions are not appropriate. *See Pinson v. Dep't of Just.*, 273 F. Supp. 3d 1, 14 (D.D.C. 2017).  The only prior notice provided by Ms. Boulton consisted of an email received by Defendants' counsel on October 20, 2021 at 8:34 p.m., which stated the following:

> Today, I am filing a motion for the court to order sanctions upon you, Kristia N. Watkins and the Defendants for violations of Rule 11(b)(3) & (4), and 18 U.S.C. § 1001.  I have chosen Monday, November 8, 2021, as a day for a show cause hearing, more than ten days from today.  Is that a suitable day for you or should I suggest Tuesday, November 9, 2021 as an alternative (weeks)?

*See* Exhibit A (attached hereto).  Before Defendants had the opportunity to respond, Ms. Boulton filed her motion the next day on October 21, 2021.

The procedural requirements of Rule 11 are clear: a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *See* Fed. R. Civ. P. 11(c)(2).  Ms. Boulton provided Defendants with less than 24-hours to respond to her email—which notably failed to include *any* notice regarding the factual basis for claims—prior to submitting to the Court.  Moreover, Ms. Boulton's email did not purport to consult on the substance of the motion itself—rather, it sought Defendants' position on her preferred date for a hearing.  Under these circumstances, Ms. Boulton's motion should be denied for failure to comply with Rule 11(c).  *See Brown*, 873 F. Supp. 2d at 408.

## II.     Ms. Boulton's Allegations of False Statements Lack Merit.

Sanctions like the ones sought-after by Ms. Boulton require "clear and convincing evidence ... of the predicate misconduct" and "of bad faith." *3E Mobile, LLC v. Global Cellular, Inc.*, 222 F. Supp. 3d 50, 53-54 (D.D.C. 2016) (citing *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995)); *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015).  Here, there is no evidence, let alone clear and convincing evidence, that Defendants made any false statements or failed to engage in a reasonable inquiry into the facts.

Ms. Boulton's motion alleges that Defendants made three false statements.  First, Ms. Boulton argues that Defendants submitted "no evidence" to support their allegedly false assertion that Ms. Boulton's passport application had not been denied.  *See* Mot. at 2.  Second, Ms. Boulton argues that Defendants falsely stated that "the reasons for the denial of [her] passport renewal . . . was due to some 'further information' other than a [social security number]" that she provided.  *Id.* at 5.  Third, Ms. Boulton argues that Defendants falsely stated that she submitted "additional information" in support of her passport application, which she claims she did not provide.  *Id.* at 6; *see* Boulton Decl. (ECF No. 121-1) ¶ 2.

Ms. Boulton's allegations are plainly without merit.  As previously noted by Defendants, the Department has issued Ms. Boulton a passport without the need for her to submit her social security number.  *See* Defs.' Status Report (ECF No. 105) at 1.  Also, as Defendants noted in their reply brief in further support of their motion to dismiss, the correspondence appended to Ms. Boulton's response to Defendants' status report makes clear that her application was never denied.  *See* Defs.' Reply (ECF No. 117) at 9; Boulton Resp. to Defs.' Status Report (ECF No. 109).  Indeed, the emails from the Embassy clearly informed Ms. Boulton that her "passport application will *remain pending* at the Embassy for 90 days" and "[i]f the required information is

5

not received within the 90-day period, the application will be denied." Boulton Ex. 2 (ECF No. 109-2) at 3 (emphasis added). As noted above, the Department never issued any denial (as required by State Department regulations at 22 C.F.R. § 51.65(a)), and Ms. Boulton does not show otherwise.

Ms. Boulton appears to take issue with the language included in the Embassy's correspondence to her, which stated that "[i]f the required information is not received within the 90-day period, the application will be denied." *See* Mot. at 4 (citing Boulton Ex. 1 (ECF No. 109-1)). Although Ms. Boulton is correct that she did not submit a social security number with her application and that the U.S. Embassy noted that failure to provide a social security number could prevent her from receiving a passport, that does not transform any of Defendants' statements into falsehoods. As Defendants have previously noted in this litigation (in the context of the Department's Privacy Act notice, which clearly states that the failure to provide any of the requested information on the form may cause delays and/or result in the application being denied), this statement is consistent with the Department's long-standing practice of requesting social security numbers to assist its review of an applicant's eligibility for a passport benefit under State Department regulations. *See* Defs.' Mem. in Support of Mot. to Dismiss (ECF No. 99-1) at 20. Further, Defendants have already noted the Department's ongoing efforts to revisit how it adjudicates religious accommodation requests. *See* Watkins Decl. (ECF No. 99-3) ¶ 7.

Next, there is no dispute that Ms. Boulton submitted additional information in support of her passport application (as demonstrated in her prior submissions in this Court). *See, e.g.,* Boulton Ex. 3 (ECF No. 109-3) (March 3, 2021, "Declaration and Request for Waiver Pursuant to 22 U.S.C. § 2714a(1)(B) and 42 U.S.C. § 2000bb, et seq."). This information was eventually considered by the Department, which later notified her that "[t]he administrative process has

been completed and your passport has been issued." Boulton Ex. 8 at 1. Thus, whatever Ms. Boulton's misgivings about the nature of the Department's consideration of her additional information, there is no dispute that the Department considered her submissions and eventually issued her a passport without requiring her to provide her social security number. Ms. Boulton offers no evidence whatsoever to show otherwise.

Considering the foregoing, Ms. Boulton's motion merely quibbles with the Department's correspondence and fails to identify any evidence, let alone any clear and convincing evidence, that Defendants' counsel or their declarant made any false statements in this litigation or failed to engage in a reasonable inquiry regarding the Department's correspondence with Ms. Boulton. Therefore, Ms. Boulton's motion is meritless and should be denied.

## III.     Ms. Boulton Provides No Basis for Relief Under 18 U.S.C. § 1001.

Finally, Ms. Boulton's request for relief by way of a criminal investigation or special prosecution under 18 U.S.C. § 1001 is misplaced. Section 1001 provides the following:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
>   (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
>   (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
>   (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years, or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

18 U.S.C. § 1001.

Importantly, Section 1001 contains an exception for judicial proceedings like this one. Specifically, the statute states that "Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding." 18 U.S.C. § 1001(b). Since Ms. Boulton primarily takes issue with Defendants' pleadings in this matter and representations of counsel, Section 1001 does not apply. Nor does Section 1001 provide Ms. Boulton with any other basis for relief in this action, as the D.C. Circuit has specifically held that Section 1001 does not provide any private right of action. *See Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 76 (D.C. Cir. 2017). Moreover, as established above, Defendants have not made any false statement in this litigation as alleged by Ms. Boulton. Therefore, Ms. Boulton's reliance on Section 1001 of the Criminal Code is inapposite.

\*     \*     \*

## CONCLUSION

For the reasons discussed above, the Court should deny Ms. Boulton's motion for sanctions.

Dated November 4, 2021	Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/   *Christopher C. Hair*
CHRISTOPHER C. HAIR, PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
Christopher.Hair@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2021, I caused the foregoing to be served on *pro se* Plaintiffs David Carmichael, William Mitchell Pakosz, and Lawrence Donald Lewis, and proposed intervenor Michelle Boulton, via U.S. Mail with pre-paid postage, addressed as follows:

Michelle Boulton
8491 Hospital Dr. #178
Douglasville, GA 30134-2412

David Alan Carmichael
1748 Old Buckroe Road
Hampton, VA 23664

William Mitchell Pakosz
c/o Rick Dale Hollingsworth
P.O. Box 25
Matteson, IL 60443

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, ID 83848

             */s/ Christopher C. Hair*
             CHRISTOPHER C. HAIR
             Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

        *Plaintiffs*,

v.

MICHAEL POMPEO,
Secretary of State, *et al.*,

        *Defendants*.

Civil Action No. 19-2316 (RC)

## **[PROPOSED] ORDER**

Upon consideration of Michelle Boulton's motion for sanctions, and the entire record, it is hereby ORDERED that the motion is DENIED.

SO ORDERED.

_____                       _____
Date                                                                           RUDOLPH CONTRERAS
                                                                           United States District Judge