UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David Alan Carmichael, et al.,**  ) <br> ) <br> Plaintiffs,  ) <br> ) <br> vs.  ) <br> ) <br> **Michael Richard Pompeo,** in his ) <br> official capacity as Secretary of State of ) <br> the United States, et al.,  ) <br> ) <br> Defendants  ) | **Civil Action No.: 19-2316 (RC)** <br><br> **RE:  ECF 121, 122** |

**Plaintiff Boulton's Reply to Defendants' Opposition to Motion For Sanctions**

1.  Contrary to the opening statement of the Defendants' response (ECF 122), I am a plaintiff as a matter of right.  It is the fact that I filed an actionable claim, with Article III standing, that has jostled the Defendants into fulfilling their duty under the law to renew my passport.  The Defendants' angst about the timeline of my submission of the motion is inconsequential.  I began notifying them of their misconduct June 15, 2021.  They offered no allegation of prejudicial effect of the timing of my motion.  Rather than demurring my charge against them under an allegation of inadequate notice, they responded in a timely manner.  In their response, they continued their misconduct.

2.  The Defendants have abandoned this opportunity given them to produce evidence of their administrative record to provide substance to show cause why they ought not to be sanctioned for willingly, intelligently, recklessly, and not merely negligently, providing false information and excluding information in order to lead the Court into false conclusions that would unjustly prejudice me in order to thwart justice.

    3.    It is time for the court to use an objective standard to ensure that the Defendants' allegations - of non-denial, and their waiting for additional information, and my providing that information, and their issuing a passport based upon their getting that missing information from me – are supported by a sufficient factual predicate <u>at the time that the claims were asserted</u>. See Defendants' Response citing of *Bus. Guides, Inc. v. Chromatic Commc'ns Enters*., 498 U.S. 533, 554 (1991).  *City of Yonkers v. Otis Elevator Co*., 106 F.R.D. 524, 525 (S.D.N.Y. 1985).

    4.    The Defendants executed the denial of my religious accommodation request and unlawful denial of my passport renewal on the day of their first letter from the Defendant telling me that I have ninety days to count the cost of not identifying with a SSN (ECFs 98-1 & 109-1).  The Defendants in so many words told me that I had 90 days to forsake Christ or forego a United States passport.  On March 12, 2021, the denial of my application and accommodation request was effective and unlawful.   At the end of 90 days from my application date of March 9, 2021 (June 7, 2021), the denial was operative, absolutely.  The regulation, 22 C.F.R. § 51.65(b) says a new application is required after that date.  The Defendants' contention has no basis in fact or law.

    5.    In their citing of LEGAL STANDARDS, the Defendants departed from the actual text of the rule.  They quoted statements relating to considering motives of the person who is subject to sanctions.  They cited cases that were prior to the 1993 amendments to Rule 11.  In the 1993 amendment, the Supreme Court said the purpose of subdivisions (b) and (c) was to "emphasize the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention."

**Instead of protecting themselves from sanctions in their Response**, the Defendants'

Attorney, who is a target of the sanctions motion, **tripled-down** on the untenable and insupportable accusation. He expressed falsely again that the Defendants had not denied my request for religious accommodation on the basis of my not identifying with a SSN, and were merely waiting for further information unrelated to the matter of my request for accommodation, and that after the fake-waiting-period I had provided that further information. Those subject to my sanctions motion have not repented when given the opportunity even over the last 21 days of being notified. The Defendants' Attorney provided no documentary evidence that my passport renewal application was not denied effectively on March 12, 2021, and completely during the period of June 7th through August 10th, 2021.

6.  Regarding the Defendants' motives for an improper purpose of providing a false narrative that is not supportable by evidence, clairvoyance is not required. The Defendants' and their attorney's false statements are particularly made to substantiate their opposition to the court's taking jurisdiction to provide me with complete relief in my action at law. To justify why I should not be allowed to intervene/join the case, the Defendants said, "Further, as explained in the declaration of Kristia Watkins (attached hereto) and contrary to Ms. Boulton's assertion, her passport application has not been denied by the State Department and she has not been denied any requested religious accommodation." (ECF 95, Def. Oppos. to Mot. to Intervene and Mot. for Join, p. 1) Going on to explain why I should be prohibited from joining the case, the Defendants' Attorney wrote, "As explained in Ms. Kristia Watkins's declaration, Ms. Boulton has not been denied any passport for failing to provide a social security number. On the contrary, Ms. Boulton executed a passport application on March 9, 2021. On or around the same day, the U.S. Embassy in San Jose, Costa Rica, sent Ms. Boulton a letter requesting additional information. She has yet to respond to this request and her application is still pending

review." (*Id*. p. 5)  In that statement, either the Attorney is willingly being deceptive, or he has failed to make a reasonable inquiry into any supporting evidence.

7.   It is possible that the Defendants' Attorney came to the wrong conclusion that I had provided that "further information" for which Kristin N. Watkins falsely declared under penalty of perjury was not yet in the Defendants' possession according to her professed, but not demonstrated, reading of my application record and discussing it with the adjudicators.  That would relieve the Defendants' Attorney of outright fraud in his (ECF 117) insupportable statement that I had produced that "further information."  It does not relieve him of his duty to make a reasonable inquiry into the facts before making the conclusive statement that is not supportable by evidence.  He is therefore subject to sanction.  However, when we look at the full context of the Defendants' Attorney's false statement, and then read his statements of justification in his response to my sanctions motion, willing deception is evident:

> ""Indeed, the correspondence appended to Ms. Boulton's filing makes clear that her application was never denied. 3 See id., Ex. 2 at 2 (Embassy email dated March 30, 2021, stating that Ms. Boulton's "passport application will remain pending at the Embassy for 90 days" and "[i]f the required information is not received within the 90-day period, the application will be denied"). After Ms. Boulton submitted additional information, see id., Ex. 3, the Department notified her that "[t]he administrative process has been completed and your passport has been issued." Id., Ex. 8 at 1."" (ECF 122, p. 5)

8.   Take note - The context of the March 30, 2021, Defendants' official letter expresses that "the required information" had not yet been received even by March 30, 2021.  That information is in fact a SSN, and was known to be so by Kristen N. Watkins on the day of her Declaration, June 3, 2021.  It should have been known to be so by Mr. Hair after reasonable inquiry for the purpose of his June 4, 2021 memorandum.  Going on, as the "further information" for which they were supposedly waiting - the Defendants' Attorney next uses my declaration signed March 3, 2021, which was six days before I filed it, along with the

application of March 9, 2021 as that supposedly "further information" for which they were waiting in June:

> ""Next, there is no dispute that Ms. Boulton submitted additional information in support of her passport application (as demonstrated in her prior submissions in this Court). See, e.g., Boulton Ex. 3 (ECF No. 109-3) (March 3, 2021, "Declaration and Request for Waiver Pursuant to 22 U.S.C. § 2714a(1)(B) and 42 U.S.C. § 2000bb, et seq.")."" (ECF 122, p. 6, last para.)

9. Thus, a factual check of the Defendants' records will reveal that the Defendants had that information as of March 9, 2021, and they could not have been waiting for that particular "further information" which the Defendants' Attorney listed in the above quotation. He does not supply any documentary evidence to show cause why he, and they, should not be sanctioned. He merely misdirects the court to a document for which the Defendants could not be waiting.

### The Unresolved Standing Dispute Is Not Relevant

10. The Defendants and their Attorney erred when they suggested that the Court lacks the power to sanction them under the theory that the Court has not yet ruled upon my standing in this action. It is the fidelity of the Article III process and my fundamental rights to redress and due process that are attacked by the Defendants. It is within the power of the Court to enforce the rule and the law against them.

> "(b) The District Court's order in this case does not lie outside the range of action constitutionally permitted to an Article III court. Willy concedes that Congress has the power to regulate the courts and to authorize the imposition of sanctions. He errs in contending that Rule 11 sanctions must be aborted whenever it is determined that a court lacked jurisdiction at the time the objectionable conduct occurred. A court's concern with the maintenance of orderly procedure, even in the wake of a jurisdictional ruling later found to be mistaken, justifies the conclusion that the sanction here need not be upset. See, e.g., *United States v. Mine Workers*, 330 U.S. 258. Because it deals with the issue whether the court's rules were violated, the instant order is collateral to the merits of the case. Thus, it implicates no constitutional concern, because it does not deal with the court's assessment of the complaint's legal merits, over which the court lacked jurisdiction. See *Cooter Gell v. Hartmarx Corp.*, 496 U.S. 384. And the District Court's interest in having rules of

procedure obeyed did not disappear with the subsequent determination that it lacked subject matter jurisdiction. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72. Pp. 135-139." *Willy v. Coastal Corp.,* 503 U.S. 131

11.   The Defendants and their Attorney have an opportunity to recant their insupportable allegations made by Kristen N. Watkins under the penalty of perjury, and by the Attorney who is under a sacred trust and code of conduct.  This is being filed one day prior to what the Defendants' Attorney considers the 21-day deadline.  Even under the Attorney's narrow calculation, they have until 11:59 p.m. the next working day to admit that the Declaration of Kristen N. Watkins was false as a matter of extrinsic fraud; admitting the allegations that I have made on more than one occasion since the Defendants' Declaration and Attorney's memorandum of June 3rd & 4th, 2021, respectively (ECFs 95-0 & 95-1).

**The Notice Requirement Was Accomplished Much More Than 21 Days Earlier**

12.   The Defendants, Kristen N. Watkins, and their attorney were put on notice of their Rule 11 violation on June 15, 2021, one-hundred twenty-eight (128) days before my motion for sanctions (ECF 98).  The Defendants not only did not repent of the direct and extrinsic fraud (violations of Rule 11(b)(3) & (4)), they repeated the lie and expanded on it in their expounding on it by way of their August 30, 2021 Status Report (ECF 105).  I then immediately repeated my demand for their repentance on September 2, 2021, forty-nine (49) days before my motion for sanctions (ECF 109).

13.   It is not the waving of a "Rule-11-flag" by name that constitutes sufficient notice for their repentance.  The wrong itself is not merely a *mala prohibita faux pas* of civil construction. It is a *mala in se* violation of the ten commandments, the laws of mankind, and the common law.  The Rule 11 script removes from them the excuse of not innately knowing or understanding the right or wrong of it.  According to logic and the commentaries of the 1993 Amendments to Rule 11, the rule's requirement is for me to notify them of their wrong conduct

in order for them to have an opportunity repent. Rule 11 establishes a fixed time of reasonableness of twenty-one days to repent of their wrongful conduct. It is the Defendants' lawyer who is required to know, and ought to be presumed to know, his obligations under Rule 11 as one admitted to the bar of the District Court. I knew their conduct was wrong upon reading their first iteration of it (ECF 95) without their lawyerly training and without ever reading Rule 11. Yet, I notified them in the public forum (ECF 98). I certainly fulfilled the 21-day minimum before filing sanctions in my public reply to the public wrong (ECF 95).

14. Due to the public nature of the Defendants' violation of Rule 11, my notification of the wrong in public was suitable under the circumstance (ECF 98). Rule 11 is not instituted to add a level of duplicate notice. It is for the purpose of corrective behavior without having the need for a collateral suit. It is not like the application of Rule 11 requiring discrete notice to a discrete wrong, prior to bringing a complaint in the public eye. Prior to my bringing suit, the Defendants were discretely notified of the discrete violation of law and injury to me. I notified them on March 23, 2021 (ECF 109-4) and gave them opportunity to repent. On March 30, after having no evidence of the Defendants' repentance, I queried them to see if they were considering my notice and admonition to repent that I had sent on March 23rd (ECF98-5) On March 30, 2021, they refused to repent (ECF 109-2). They were adequately notified of their discrete wrong prior to my bringing suit. I brought suit May 21, 2021, giving them a full sixty-one (61) days from the initial discrete notice, exceeding the Rule 11 notice requirements.

### The Second Prong of The Defendants' Response Argument
### Brazenly Reinforces Their Wrong

15. The Defendants' attorney says that it is the "record" of the case that supports his contention of not lying. He lied on the record. A recorded lie is not proof of the narrative provided by the lie. There is no actual "record" of the Defendants conduct that offers any

evidence to refute my challenge to the false statement of Kristin N. Watkins.  I do not have access to the agency's administrative record via the Freedom Of Information Act since this matter is in litigation.  The Court has not granted access to discovery for me or any of the Plaintiffs.  The Defendants did not proffer any documentary evidence to refute our claim that they were misleading the Court.  There is no document in my possession or the Defendants' that can show that there was some "further information" for which they were waiting other than a SSN, without which my religious accommodation and passport renewal were effectively, operationally denied.  There is no evidence or allegation from the Defendant that they had any intention of repenting of the denial of my accommodation and passport renewal at the expiration of the 90-day deadline - unless of course that if I was willing to abandon my obligations of religion and confess a SSN to them as an element of my identity.

**The Third Prong of The Defendants' Response Argument Exposes The
Difficult Procedures Hurdles And Obstructions To My Getting Relief From
The Defendants' Wrongs**

16.   The Defendants express that my "bare criminal statute provides no basis for relief in this judicial proceeding."  It may be true.  Discovery would help but the record of the case management gives me cause to wonder whether it will be accessible.  However, "this judicial proceeding" is collateral to my motion for sanctions.  The wrong was performed upon the Court in the Defendants' and their Attorney's effort to evade judicial accountability.  Sanctions is in the civil power of the civil court.  With my learning-law-on-the-fly status, I am trying to discern the proper enforcement provision for holding the perpetrators accountable for their actions.  If separation of powers keeps the U.S. Justice Department Executive Branch agency from enforcing violations of law accomplished in the judicial venue, then the Court would have to assign a special prosecutor to investigate the crime.  That is why I listed options that might

be available to the Court, believing that the Court has the knowledge and discretion to assign the matter to the proper enforcement agent.

### The Defendants' Attorney's Conclusions Regarding The Notification Provision of 22 C.F.R. § 51.65 Is Misapplied And Misleads The Court

17. Fulfilling 22 C.F.R. § 51.65(a), the Defendant did indeed "send notice in writing" to me informing me that my renewal application was denied for the reason of not providing a Social Security Number. The notification set forth the specific reason for the denial. Due to the reason for denial, no review was available under 22 CFR 51.70 through 51.74.

> 22 C.F.R. § 51.65 Notification of denial, revocation or cancellation of passports and Consular Reports of Birth Abroad.
> (a) The Department will send notice in writing to any person whose application for issuance of a passport or Consular Report of Birth Abroad has been denied, whose passport has been revoked, or whose Consular Report of Birth Abroad has been cancelled. The notification will set forth the specific reasons for the denial, revocation or cancellation and, if applicable, the procedures for review available under 22 CFR 51.70 through 51.74.

18. That provision shows that it was the March 12th <u>denial notification letter</u> that set forth the procedures for review. It set forth a 90-day deadline where, if not met, it would extinguish as a matter of time any opportunity for me to change their mind. The application was officially and finally denied as of March 12, 2021, with no other communication of denial necessary (ECF 109-1). My response of March 23, 2021 and prompting for a status report on March 30, 2021 elicited their confirming the denial and conditions for reversal in their denial confirmation letter on March 30, 2021 (ECF 109-2). After that 90 days, a new application and fee are necessary. The only thing the 90-day deadline did is to extinguish the opportunity for me to successfully obtain the applied for passport if I was willing to recant my faith by that date. If I recanted anytime thereafter, I was required to file a new application, fee, proofs of identity, photograph, ect., pursuant to the regulation cited by the Defendants, 22 C.F.R. § 51.65(b). The continued reference for "further information" for which Kristia N. Watkins and Attorney Christopher Hair

said they were waiting, by implication a SSN, is an allusion to 22 C.F.R. § 51.65(b) where it says, "or does not provide further information."

> " (b) An application for a passport or Consular Report of Birth Abroad will be denied if an applicant fails to meet his or her burden of proof under the applicable regulations or otherwise does not provide documentation sufficient to establish entitlement to a passport or a Consular Report of Birth Abroad, or does not provide additional information as requested by the Department within the time provided in the notification by the Department that additional information is required. Thereafter, if an applicant wishes the Department to adjudicate his or her claim of entitlement to a passport or Consular Report of Birth Abroad, he or she must submit a new application, supporting documents, and photograph, along with all applicable fees." 22 C.F.R. § 51.65

19. Again, there was no information for which the Defendants waited. There was merely no impetus for them to repent. It was the prodding of the Court by sua sponte status report mandate that motivated them to employ the provision of 22 C.F.R. § 51.65(c). Notwithstanding the denial being absolutely operational from the date of their March 12, 2021 denial letter, the Department may administratively re-open a "previously filed" application any time after the denial. That is essentially what happened in my case. Notwithstanding the lack of the make-believe "further information" the Defendant agency reopened the denied application and issued the passport on August 10, 2021

> (c) The Department may, in its sole discretion, administratively re-open a previously filed passport or Consular Report of Birth Abroad application in order to issue a passport or Consular Report of Birth Abroad. [83 FR 21874, May 11, 2018] 22 C.F.R. § 51.65

### Summary

20. The Defendants, Kristen N. Watkins, and Attorney Hair were notified of my complaint of their misconduct for the first time on June 15, 2021 (ECF 98). I thought that my filing there was sufficient to quash the negative effects of the fraud for the matter of the case. I thought it sufficient to warn them to not repeat the wrong conduct. In their August 20, 2021 Status Report (ECF 105), they fraudulently expanded and elaborated upon their initial fraud in

an effort that appears to me to be intended to paint over the initial fraud. A lie to cover a lie. I notified them of their continued misconduct (ECF 109). Not only did they not repent at that point with any admission of wrong or retraction of statement, they took the opportunity to inject the lie as a new item in their reply to their motion to dismiss the complaint of Complaint of Carmichael, Lewis and Pakosz on August 11, 2021 (ECFs 117 & 118). Now, finally responding to the notices of wrong by way of response to my motion for sanctions, their attempt to show cause why they should not be sanctioned actually supports why they should be sanctioned. They state that the "further information" for which they falsely stated they were waiting, is the very documentary information that they had on the day of my application. They've had time to respond to my motion for sanctions and demand that they show cause, they responded, and their response substantiates my complaint in the collateral matter of their misconduct.

21.   Their procedural contention must be considered by the Court. Is the public notice given on June 15, 2021 and September 2, 2021 insufficient? Does the Defendants' repeating the wrong more than 21 days after notice of the wrong show they've had time to repent but refuse to do so? If the Defendants respond to the sanctions motion with a reply to the substance of the motion, and in so doing they repeat the wrong, does that waive their objection to the procedural timeliness? I put them on notice more than once, and more than 21 days before making my motion. They did not repent. The Court needs to schedule a show cause hearing on the basis of my complaint and the lack of any credible documentary support for the Defendants lie that there was some "further information" for which they were waiting for me to provide in order that my passport renewal would not be in "denied" status. It may be that such a show cause hearing ought to be after I have access to discovery so that the full extent of the lie can be brought to light to fulfill the Defendants' cited threshold of "clear and convincing evidence ...

of the predicate misconduct" and "of bad faith." *3E Mobile, LLC v. Global Cellular, Inc*., 222 F. Supp. 3d 50, 53-54 (D.D.C. 2016) (citing *Shepherd v. ABC, Inc.,* 62 F.3d 1469, 1478 (D.C. Cir. 1995)); *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015)

s/*Michelle Boulton*  
Michelle Boulton  
In Propria Persona  
8491 Hospital Drive, #178  
Douglasville, Georgia  30134-2412  
770-315-5724 / ladytia@aquawest.net

Dated:  November 11, 2021