APPEAL,PROSE−NP,TYPE−F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:19−cv−02316−RC</u>

CARMICHAEL v. POMPEO
Assigned to: Judge Rudolph Contreras
Cause: 42:1981 Civil Rights

Date Filed: 07/31/2019
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**DAVID ALAN CARMICHAEL**       represented by   **DAVID ALAN CARMICHAEL**
1748 Old Buckroe Road
Hampton, VA 23664
757−850−2672
Email: <u>david@freedomministries.life</u>
PRO SE

**Plaintiff**

**LAWRENCE DONALD LEWIS**       represented by   **LAWRENCE DONALD LEWIS**
966 Bourbon Lane
Nordman, ID 83848
PRO SE

**Plaintiff**

**WILLIAM PAKOSZ**       represented by   **WILLIAM PAKOSZ**
Box 25
Matteson, IL 60443
PRO SE

V.

**Defendant**

**MICHAEL R. POMPEO**
*in his official capacity as Secretary of*
*State, of the United States of America*

represented by   **Christopher Charles Hair**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252−2541
Fax: (202) 252−2599
Email: <u>christopher.hair@usdoj.gov</u>
*TERMINATED: 04/07/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen DeGenaro**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW

Washington, DC 20530
(202) 252−7229
Fax: (202) 252−2599
Email: Stephen.DeGenaro@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**                 represented by    **Christopher Charles Hair**
                                                               (See above for address)
                                                               *TERMINATED: 04/07/2022*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Stephen DeGenaro**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT**                 represented by    **Christopher Charles Hair**
**OF STATE**                                                   (See above for address)
*TERMINATED: 12/03/2019*                                       *TERMINATED: 04/07/2022*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Stephen DeGenaro**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Movant**

**MICHELLE BOULTON**                         represented by    **MICHELLE BOULTON**
*TERMINATED: 03/25/2022*                                       8491 Hospital Dr.
                                                               #178
                                                               Douglasville, GA 30134−2412
                                                               (770) 315−5724
                                                               PRO SE

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 07/31/2019 | 1 |      | COMPLAINT against MICHAEL RICHARD POMPEO (Filing fee $ 400, receipt number 4616100029) filed by DAVID ALAN CARMICHAEL. (Attachment: # 1 Civil Cover Sheet) (tth) (Entered: 08/05/2019) |
| 07/31/2019 |   |      | SUMMONS Not Issued as to MICHAEL RICHARD POMPEO. (tth) (Entered: 08/05/2019) |
| 08/23/2019 | 2 |      | LEAVE TO FILE DENIED − Notice of Lawsuit and Request to Waive Service of a Summons, and Waiver of the Service Summons. This document is unavailable as the Court denied its filing. "Leave to File Denied. The parties |

2

| | | | |
|---|---|---|---|
| | | | may not communicate with the Court by letter. Local Rules. In order to effect service, plaintiff must request summonses from the Clerk's Office, and serve the United States pursuant to Fed.R.Civ.P. 4 (i), including in this case, service on Department of State, Department of Justice, Attorney General, and U.S. Attorney's Office for the District of Columbia Attention Civil Process Clerk. A plaintiff may not use the waiver of service provisions to serve the United States." Signed by Judge Rudolph Contreras on 8/23/2019. (ztth) (Entered: 08/28/2019) |
| 09/09/2019 | | | SUMMONS (3) Issued as to MICHAEL RICHARD POMPEO, U.S. Attorney and U.S. Attorney General. (ztth) (Entered: 09/09/2019) |
| 09/19/2019 | 3 | | MOTION to Amend/Correct 1 Complaint by DAVID ALAN CARMICHAEL (Attachments: # 1 Summons)(ztd) (Entered: 09/25/2019) |
| 09/20/2019 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MICHAEL RICHARD POMPEO served on 9/13/2019; UNITED STATES OF AMERICA served on 9/13/2019, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/13/19., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/13/2019. ( Answer due for ALL FEDERAL DEFENDANTS by 11/12/2019.) (ztd) (Entered: 09/25/2019) |
| 09/24/2019 | 5 | | MOTION for Joinder by DAVID ALAN CARMICHAEL. (Attachment: # 1 Text of Proposed Order) (ztth) (Entered: 09/26/2019) |
| 09/27/2019 | 6 | | MOTION for Joinder by DAVID ALAN CARMICHAEL. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit − Attachment) (ztth) (Entered: 10/01/2019) |
| 11/12/2019 | 7 | | NOTICE of Appearance by Christopher Charles Hair on behalf of MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA (Hair, Christopher) (Entered: 11/12/2019) |
| 11/12/2019 | 8 | | RESPONSE re 3 MOTION to Amend/Correct 1 Complaint, 6 MOTION for Joinder, 5 MOTION for Joinder filed by MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 11/12/2019) |
| 11/12/2019 | 9 | | MOTION for Extension of Time to File Answer re 1 Complaint by MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA (Hair, Christopher) (Entered: 11/12/2019) |
| 11/14/2019 | 10 | | Memorandum in opposition re 9 MOTION for Extension of Time to File Answer re 1 Complaint filed by DAVID ALAN CARMICHAEL. (jf) (Main Document 10 replaced on 11/19/2019) (zjf). (Entered: 11/19/2019) |
| 11/20/2019 | 11 | | ORDER granting 3 Plaintiff's motion to amend; granting 5 6 Plaintiff's motions to join plaintiffs; denying as moot 9 Defendant's motion for extension of time; and denying 10 Plaintiff's request for default. See document for details. Signed by Judge Rudolph Contreras on November 20, 2019. (lcrc3) (Entered: 11/20/2019) |
| 11/25/2019 | 13 | | Memorandum in opposition to re 9 MOTION for Extension of Time to File Answer re 1 Complaint filed by DAVID ALAN CARMICHAEL. (ztd) |

3

| | | | |
|---|---|---|---|
| | | | (Entered: 11/27/2019) |
| 11/25/2019 | 14 | | MOTION MOTION for Order to deny by DAVID ALAN CARMICHAEL MOTION for Entry of Default by DAVID ALAN CARMICHAEL. (ztd) (See docket entry no.l 13 to view.) Modified event and date filed on 12/2/2019 (znmw). (Entered: 11/27/2019) |
| 11/26/2019 | 12 | | RESPONSE TO ORDER OF THE COURT re 11 Order, filed by DAVID ALAN CARMICHAEL. (eg) (Entered: 11/27/2019) |
| 12/03/2019 | | | Summons (1) Issued as to UNITED STATES DEPARTMENT OF STATE. (ztth) (Entered: 12/03/2019) |
| 12/03/2019 | 15 | | AMENDED COMPLAINT against MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA filed by DAVID ALAN CARMICHAEL.(ztd) (Entered: 12/05/2019) |
| 12/15/2019 | 17 | | LEAVE TO FILE DENIED − Lawrence Donald Lewis, Plaintiff Lawrence Donald Lewis Objection to Defendant's Motion for Additional Time to Respond to Original and Amended Complaint This document is unavailable as the Court denied its filing. "LEAVE TO FILE DENIED FILER WAS NOT PARTY AT TIME OF SUBMISSION". Signed by Judge Rudolph Contreras on 12/15/2019. (ztth) (Entered: 12/18/2019) |
| 12/15/2019 | 18 | | LEAVE TO FILE DENIED − William Mitchell Pakosz, Plaintiff William Mitchell Pakosz Objection to Defendant's Motion for Additional Time to Respond to Original and Amended Complaint. This document is unavailable as the Court denied its filing. "LEAVE TO FILE DENIED Movant was not a party to case at time of submission." Signed by Judge Rudolph Contreras on 12/15/2019. (ztth) (Entered: 12/18/2019) |
| 12/17/2019 | 16 | | Letter from David Alan Carmichael. "LET THIS BE FILED" by Judge Rudolph Contreras on 12/17/2019. (ztth) (Entered: 12/18/2019) |
| 12/19/2019 | 19 | | MOTION for Extension of Time to File Answer re 15 Amended Complaint by MICHAEL RICHARD POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA (Hair, Christopher) (Entered: 12/19/2019) |
| 12/27/2019 | 20 | | Memorandum in opposition to re 19 MOTION for Extension of Time to File Answer re 15 Amended Complaint filed by DAVID ALAN CARMICHAEL. (ztd) Modified date filed on 1/2/2020 (ztd). (Entered: 12/31/2019) |
| 01/06/2020 | 21 | | MOTION to Amend/Correct by DAVID ALAN CARMICHAEL. (ztth) (Entered: 01/08/2020) |
| 01/07/2020 | 22 | | Letter from William Mitchell Pakosz. "LET THIS BE FILED" by Judge Rudolph Contreras on 1/7/2020. (ztth) (Entered: 01/09/2020) |
| 01/10/2020 | 23 | | MOTION for CM/ECF Password by DAVID ALAN CARMICHAEL. (ztth) (Entered: 01/14/2020) |
| 01/14/2020 | | | MINUTE ORDER: Upon consideration of 19 Defendants' motion for extension of time and Plaintiffs' objection to that motion, it is hereby ORDERED that 19 the motion is GRANTED. It is FURTHER ORDERED that Defendants shall file their response to Plaintiffs' amended complaint by January 20, 2020. SO |

| | | | |
|---|---|---|---|
| | | | ORDERED. Signed by Judge Rudolph Contreras on January 14, 2020. (lcrc3) (Entered: 01/14/2020) |
| 01/14/2020 | | | Set/Reset Deadlines: Response to amended complaint due by 1/20/2020 (tj) (Entered: 01/14/2020) |
| 01/17/2020 | 24 | | MOTION to Dismiss *Or, In The Alternative, For Summary Judgment* by MICHAEL RICHARD POMPEO (Attachments: # 1 Memorandum in Support, # 2 Declaration of Jonathan Roblin, # 3 Declaration Florence Fultz, # 4 Text of Proposed Order)(Hair, Christopher). Added MOTION for Summary Judgment on 1/24/2020 (jf). (Entered: 01/17/2020) |
| 01/22/2020 | 25 | | FOX/NEAL ORDER advising Plaintiffs to respond, on or before February 21, 2020, to 24 the Government's motion to dismiss, or the Court may deem the motion conceded. See document for details. Signed by Judge Rudolph Contreras on January 22, 2020. (lcrc3) (Entered: 01/22/2020) |
| 01/22/2020 | | | Set/Reset Deadlines: Responses due by 2/21/2020 (tj) (Entered: 01/22/2020) |
| 02/20/2020 | 26 | | Mail Returned as Undeliverable/Refused; Sent to David Alan Charmichael, 1748 Old Buckroe Road, Hampton, VA 23664; Type of Document Returned: Order dated 1/22/2020; No Forwarding address provided. (tj) (Entered: 02/20/2020) |
| 02/24/2020 | 27 | | RESPONSE re 24 MOTION to Dismiss *Or, In The Alternative, For Summary Judgment* MOTION for Summary Judgment filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Memorandum in Support, # 2 Statement of Disputed Facts, # 3 Submission of Undisputed or Uncontroverted Facts Relevant to the First Cause of Action, # 4 Text of Proposed Order) (ztth) (Entered: 02/26/2020) |
| 02/24/2020 | 28 | | Cross MOTION for Declaratory Partial Summary Judgment, MOTION for Injunction on the First Cause of Action by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (See Docket Entry 27 to view document) (ztth) (Entered: 02/26/2020) |
| 03/04/2020 | 29 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *Or, In The Alternative, For Summary Judgment* MOTION for Summary Judgment, 28 MOTION for Partial Summary Judgment MOTION for Preliminary Injunction by MICHAEL RICHARD POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA (Hair, Christopher) (Entered: 03/04/2020) |
| 03/04/2020 | | | MINUTE ORDER granting 29 Defendants' motion for extension of time. It is hereby ORDERED that Defendants shall file their combined reply in support of their motion to dismiss or, in the alternative, for summary judgment, and opposition to Plaintiffs' motion for partial summary judgment by March 25, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on March 4, 2020. (lcrc3) (Entered: 03/04/2020) |
| 03/20/2020 | | | Set/Reset Deadlines: Replies due by 3/25/2020. (tj) (Entered: 03/20/2020) |
| 03/25/2020 | 30 | | REPLY to opposition to motion re 24 MOTION to Dismiss *Or, In The Alternative, For Summary Judgment* MOTION for Summary Judgment filed by MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 03/25/2020) |

| 03/25/2020 | 31 | | Memorandum in opposition to re 28 MOTION for Partial Summary Judgment MOTION for Preliminary Injunction filed by MICHAEL RICHARD POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 03/25/2020) |
|---|---|---|---|
| 04/02/2020 | 32 | | ERRATA by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ re 27 Response to motion, filed by DAVID ALAN CARMICHAEL, WILLIAM PAKOSZ, LAWRENCE DONALD LEWIS. (Attachment: # 1 Exhibit − Attachment) (ztth) (Entered: 04/06/2020) |
| 04/06/2020 | 33 | | MOTION to Add to Record as Evidence by DAVID ALAN CARMICHAEL. (Attachment: # 1 Certificate of Service) (ztth) Modified event title on 4/13/2020 (znmw). (Entered: 04/09/2020) |
| 04/06/2020 | 34 | | REPLY to opposition to motion re 28 MOTION for Partial Summary Judgment MOTION for Preliminary Injunction filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 04/09/2020) |
| 04/10/2020 | 35 | | AMENDED REPLY to opposition to motion re 28 MOTION for Partial Summary Judgment MOTION for Preliminary Injunction filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Additional attachment(s) added on 4/13/2020: # 1 Exhibit Addendums 1−3) (ztth). (Entered: 04/13/2020) |
| 04/10/2020 | 36 | | MOTION to Add to Record as Evidence by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (See Addendums 1−3 of Docket Entry 35 to view document). (ztth) (Entered: 04/13/2020) |
| 04/10/2020 | 37 | | MOTION for Hearing by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 04/13/2020) |
| 04/10/2020 | 38 | | ERRATA by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ re 34 Reply to opposition to Motion filed by DAVID ALAN CARMICHAEL, WILLIAM PAKOSZ, LAWRENCE DONALD LEWIS. (Attachment: # 1 Exhibit − Attachment) (ztth) (Entered: 04/13/2020) |
| 04/10/2020 | 40 | | MOTION to Compel by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ (Attachment: # 1 Exhibit − Attachments 1 − 3) (ztth) (Entered: 04/16/2020) |
| 04/12/2020 | 39 | | ERRATA by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ 34 Reply to opposition to Motion filed by DAVID ALAN CARMICHAEL, WILLIAM PAKOSZ, LAWRENCE DONALD LEWIS. (Attachment: # 1 Exhibit − Cover Sheet) (ztth) (Entered: 04/13/2020) |
| 04/30/2020 | 41 | | Memorandum in opposition to re 40 MOTION to Compel filed by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE. (Hair, Christopher) (Entered: 04/30/2020) |
| 05/04/2020 | 42 | | REPLY to opposition to motion re 40 MOTION to Compel filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 05/04/2020) |

| 06/22/2020 | 43 | | NOTICE by DAVID ALAN CARMICHAEL. (ztth) (Entered: 06/25/2020) |
|---|---|---|---|
| 08/28/2020 | 44 | | ORDER granting in part and denying in part 24 Defendants' Motion to Dismiss; denying 24 Defendants' Motion for Summary Judgment; denying 28 Plaintiffs' Motion for Partial Summary Judgment and Injunction; denying 14 , 21 , 23 , 33 , 36 , 37 , 40 Plaintiffs' other pending motions. See document for details. Signed by Judge Rudolph Contreras on 08/28/2020. (lcrc3) (Entered: 08/28/2020) |
| 08/28/2020 | 45 | | MEMORANDUM OPINION granting in part and denying in part 24 Defendants' Motion to Dismiss; denying 24 Defendants' Motion for Summary Judgment; denying 28 Plaintiffs' Motion for Partial Summary Judgment and Injunction; denying 14 , 21 , 23 , 33 , 36 , 37 , 40 Plaintiffs' other pending motions. See document for details. Signed by Judge Rudolph Contreras on 08/28/2020. (lcrc3) (Entered: 08/28/2020) |
| 09/30/2020 | 46 | | MOTION to Amend Complaint by DAVID ALAN CARMICHAEL (Attachments: # 1 Memorandum in Support, # 2 Exhibit)(zrdj) (Additional attachment(s) added on 10/20/2020: # 3 Exhibit Amended Complaint) (zjf). (Entered: 10/02/2020) |
| 10/02/2020 | | | MINUTE ORDER: Upon consideration of 46 Plaintiffs' Motion to Amend Complaint, the Court notes that Local Rule 7(i) states that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." D.D.C. Civ. R. 7(i). Similarly, Local Rule 15.1 states that "[a] motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended." D.D.C. Civ. R. 15.1. Accordingly, it is hereby ORDERED that Plaintiffs shall make a filing that complies with the Local Rules on or before October 23, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 10/2/2020. (lcrc3) (Entered: 10/02/2020) |
| 10/02/2020 | 47 | | Remonstrance, Objections, And Preservation of Error Regarding The Dismissal Opinion And Memorandum Of August 31, 2020 by DAVID ALAN CARMICHAEL (zrdj) (Entered: 10/05/2020) |
| 10/08/2020 | | | Set/Reset Deadlines: Plaintiffs filing due by 10/23/2020. (tj) (Entered: 10/08/2020) |
| 10/20/2020 | 48 | | Letter to the Court from David Alan Carmichael "LET THIS BE FILED", Signed by Judge Rudolph Contreras on 10/20/2020(zrdj) (Entered: 10/20/2020) |
| 10/22/2020 | 49 | | NOTICE by DAVID ALAN CARMICHAEL (zrdj) (Entered: 10/23/2020) |
| 10/28/2020 | | | MINUTE ORDER: It is hereby ORDERED that Defendants shall file their response to 46 Plaintiffs' Motion to Amend on or before November 11, 2020. SO ORDERED. Signed by Judge Rudolph Contreras on 10/28/2020. (lcrc3) (Entered: 10/28/2020) |
| 10/28/2020 | | | Set/Reset Deadlines: Responses due by 11/11/2020. (tj) (Entered: 10/28/2020) |
| 11/11/2020 | 50 | | RESPONSE re 46 MOTION to Amend/Correct filed by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 11/11/2020) |
| 11/11/2020 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting <u>46</u> Plaintiffs' Motion to Amend Complaint. It is hereby ORDERED that Plaintiffs' Amended Complaint, ECF No. 46−3, shall be docketed. Upon consideration of <u>50</u> Defendants' Response to Plaintiffs' Motion to Amend, it is FURTHER ORDERED that the parties shall submit a joint status report, on or before December 4, 2020, that proposes a schedule for further proceedings, including Defendants' request for a remand and Defendants' response to the amended complaint. It is FURTHER ORDERED that Defendants' deadline to respond to the amended complaint shall be STAYED pending further order of the Court. SO ORDERED. Signed by Judge Rudolph Contreras on 11/11/2020. (lcrc3) (Entered: 11/11/2020) |
| 11/11/2020 | <u>51</u> | | AMENDED COMPLAINT against MICHAEL R. POMPEO, UNITED STATES OF AMERICA filed by DAVID ALAN CARMICHAEL. (ztth) (Entered: 11/13/2020) |
| 11/12/2020 | | | Set/Reset Deadlines: Status Report due by 12/4/2020. (tj) (Entered: 11/12/2020) |
| 12/03/2020 | <u>53</u> | | NOTICE by WILLIAM PAKOSZ. (ztth) (Entered: 12/07/2020) |
| 12/03/2020 | <u>55</u> | | MOTION for Rule 16(b) Scheduling Conference by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 12/07/2020) |
| 12/03/2020 | <u>56</u> | | NOTICE by LAWRENCE DONALD LEWIS. (ztth) (Entered: 12/07/2020) |
| 12/03/2020 | <u>57</u> | | NOTICE by DAVID ALAN CARMICHAEL. (ztth) (Entered: 12/07/2020) |
| 12/03/2020 | 58 | | MOTION for Order to Show Cause by WILLIAM PAKOSZ. (See Docket Entry <u>53</u> to view document) (ztth) (Entered: 12/08/2020) |
| 12/03/2020 | 59 | | MOTION for Order to Show Cause by LAWRENCE DONALD LEWIS. (See Docket Entry <u>56</u> to view document) (ztth) (Entered: 12/08/2020) |
| 12/03/2020 | 60 | | MOTION for Order to Show Cause by DAVID ALAN CARMICHAEL. (See Docket Entry <u>57</u> to view document) (ztth) (Entered: 12/08/2020) |
| 12/04/2020 | <u>52</u> | | STATUS REPORT by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 12/04/2020) |
| 12/07/2020 | <u>54</u> | | STATUS REPORT by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (ztth) (Entered: 12/07/2020) |
| 12/18/2020 | <u>61</u> | | MOTION to Remand to U.S. Department of State *And To Stay Proceedings* by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA (Hair, Christopher) (Entered: 12/18/2020) |
| 12/18/2020 | <u>62</u> | | CERTIFICATE OF SERVICE by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA re <u>61</u> MOTION to Remand to U.S. Department of State *And To Stay Proceedings* . (Hair, Christopher) (Entered: 12/18/2020) |
| 12/21/2020 | <u>63</u> | | Memorandum in opposition to <u>52</u> STATUS REPORT filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Certificate of Service) (ztth); Modified text and docket entry relationship on 12/30/2020 (ztth). (Entered: 12/21/2020) |

| 12/21/2020 | 64 | | RESPONSE re 52 Status Report filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (See Docket Entry 63 to view document) (ztth) (Entered: 12/21/2020) |
| --- | --- | --- | --- |
| 12/30/2020 | 65 | | Memorandum in opposition to re 61 MOTION to Remand to U.S. Department of State *And To Stay Proceedings* filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachment: # 1 Certificate of Service) (ztth) (Entered: 12/30/2020) |
| 01/06/2021 | 66 | | REPLY to opposition to motion re 61 MOTION to Remand to U.S. Department of State *And To Stay Proceedings* filed by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE. (Hair, Christopher) (Entered: 01/06/2021) |
| 01/06/2021 | 67 | | RESPONSE re 59 MOTION for Order to Show Cause, 60 MOTION for Order to Show Cause, 58 MOTION for Order to Show Cause filed by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE. (Hair, Christopher) (Entered: 01/06/2021) |
| 01/19/2021 | | | MINUTE ORDER: The Plaintiffs recently complained that they are being prejudiced by their lack of access to the courthouse and the Court's prior denial of their use of the electronic filing system. The Court previously considered and denied, without prejudice, Plaintiffs' motion for electronic filing privileges, noting that "Plaintiffs must describe their access to the internet, confirm their capacity to file documents and receive filing electronically on a regular basis, and certify that they have completed the Clerk's Office on−line tutorial." Mem. Op. at 23, ECF No. 45. The Court stated that Plaintiffs could refile their motion with the required information. Id. Accordingly, to the extent that Plaintiffs continue to desire electronic filing privileges, it is hereby ORDERED that they file a motion for electronic filing privileges that complies with all the requirements of Local Rule 5.4(b)(2). SO ORDERED. Signed by Judge Rudolph Contreras on 1/19/2021. (lcrc3) (Entered: 01/19/2021) |
| 01/20/2021 | | | MINUTE ORDER granting 61 Defendants' motion for voluntary remand and stay. Upon consideration of Defendants' motion for voluntary remand and stay, Plaintiffs' opposition thereto, and the entire record herein, it is hereby ORDERED that Defendants' motion is GRANTED; the passport applications regarding each Plaintiff are hereby REMANDED to the State Department for a period of 90 days from the date of this Order. Notwithstanding Plaintiffs' argument that no further information is required from them to adjudicate their requests for accommodation (because their identity is not at issue given their submission of their prior passports by mail), Plaintiffs are encouraged to comply with Defendants' reasonable requests for further information in furtherance of Defendants' efforts on remand. The refusal by Plaintiffs to provide such requested information, if the Court finds that Defendants' new requests were justified, may serve as a basis for the State Department to legitimately deny the requests for accommodation. After conclusion of the remand period, the parties shall submit a joint status report on or before May 6, 2021, proposing a schedule for further proceedings. It is FURTHER ORDERED that, in light of the Court's decision on Defendants' motion for voluntary remand and stay, 58 , 59 , 60 Plaintiffs' pending motions to show cause are DENIED AS MOOT and 55 Plaintiffs' motion for a Rule 16(b) Scheduling Conference is DENIED AS PREMATURE. It is FURTHER |

| | | |
|---|---|---|
| | | ORDERED that this action, including all deadlines, is STAYED pending further order of the Court. SO ORDERED. Signed by Judge Rudolph Contreras on 1/20/2021. (lcrc3) (Entered: 01/20/2021) |
| 01/22/2021 | 68 | REPLY re 67 Response to motion filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachment: # 1 Exhibit) (ztth) (Entered: 01/28/2021) |
| 02/03/2021 | 69 | MOTION for CM/ECF Password by DAVID ALAN CARMICHAEL. (ztth) Modified Date Filed on 2/5/2021 (ztth). (Entered: 02/05/2021) |
| 02/03/2021 | 70 | NOTICE of Proposed Order by DAVID ALAN CARMICHAEL. (ztth) (Entered: 02/05/2021) |
| 02/08/2021 | | MINUTE ORDER: Upon consideration of 69 Plaintiff Carmichael's motion for CM/ECF Password, it is hereby ORDERED that Plaintiff Carmichael shall submit a document signed by Plaintiff Lewis and Plaintiff Pakosz evidencing the agreement to have Plaintiff Carmichael manage all electronic filings on behalf of all Plaintiffs and to circulate electronically filed materials to all Plaintiffs. SO ORDERED. Signed by Judge Rudolph Contreras on 2/8/2021. (lcrc3) (Entered: 02/08/2021) |
| 02/10/2021 | 71 | RESPONSE re Order on Motion for Hearing, Order on Motion for Order to Show Cause, Order on Motion to Remand to Agency, filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 02/12/2021) |
| 02/11/2021 | 72 | MOTION for Reconsideration, MOTION to Stay, MOTION to Certify the Order for Interlocutory Apeal by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 02/12/2021) |
| 02/16/2021 | 73 | RESPONSE TO ORDER OF THE COURT re Order, filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (ztth) (Entered: 02/17/2021) |
| 02/17/2021 | 74 | ORDER granting 69 Motion for CM/ECF Password. See document for details. Signed by Judge Rudolph Contreras on 2/17/2021. (lcrc3) (Entered: 02/17/2021) |
| 02/25/2021 | 75 | MOTION for Declaratory Judgment *MOTION for Declaratory Judgment* by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Memorandum in Support Memorandum In Support Of Motion For Declaratory Judgement On Remand Order Of Jan. 19, 2021, # 2 Affidavit Notice of Parties Joining Motion For Declaratory Judgment, # 3 Certificate of Service Certificate of Service)(Carmichael, David Alan) (Entered: 02/25/2021) |
| 02/25/2021 | 76 | MOTION to Lift Stay re 75 MOTION for Declaratory Judgment *MOTION for Declaratory Judgment*, Order on Motion for Hearing,,,,,,, Order on Motion for Order to Show Cause,,,,,,,,,,,,,,,,,,,, Order on Motion to Remand to Agency,,,,,, 72 MOTION for Reconsideration MOTION to Stay MOTION to Certify the Order for Interlocutory Apeal *Immediate Motion* by David Alan Carmichael. (Attachments: # 1 Text of Proposed Order Proposed Order To Lift Stay And Schedule Response And Reply, # 2 Certificate of Service Certificate of |

| | | | |
|---|---|---|---|
| | | | Service)(Carmichael, David Alan) (Entered: 02/25/2021) |
| 02/26/2021 | 77 | | Memorandum in opposition to re 72 MOTION for Reconsideration MOTION to Stay MOTION to Certify the Order for Interlocutory Apeal filed by MICHAEL R. POMPEO, UNITED STATES DEPARTMENT OF STATE, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 02/26/2021) |
| 02/26/2021 | | | MINUTE ORDER: It is hereby ORDERED that the government shall submit, on or before March 5, 2021, a status report on the progress of this case on remand since the Court's January 20, 2021 order. SO ORDERED. Signed by Judge Rudolph Contreras on 2/26/2021. (lcrc3) (Entered: 02/26/2021) |
| 03/02/2021 | 78 | | REPLY re 72 MOTION for Reconsideration MOTION to Stay MOTION to Certify the Order for Interlocutory Apeal *Reply* filed by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Affidavit Plaintiffs Join Reply, # 2 Certificate of Service Certificate of Service)(Carmichael, David Alan) (Entered: 03/02/2021) |
| 03/04/2021 | 79 | | SUPPLEMENTAL MEMORANDUM to re 75 MOTION for Declaratory Judgment *MOTION for Declaratory Judgment Evidence* filed by David Alan Carmichael. (Attachments: # 1 Exhibit Carmichael−2007−application−letters, # 2 Exhibit 2007−Identity−Evidence, # 3 Certificate of Service)(Carmichael, David Alan) (Entered: 03/04/2021) |
| 03/05/2021 | 80 | | STATUS REPORT by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 03/05/2021) |
| 03/09/2021 | 81 | | NOTICE *of Intent To Respond To Status Report* by David Alan Carmichael re 80 Status Report (Attachments: # 1 Certificate of Service)(Carmichael, David Alan) (Entered: 03/09/2021) |
| 03/19/2021 | 82 | | RESPONSE re 80 Status Report *Plaintiff Combined Response* filed by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Notice and Consent Plaintiffs Join Response To 080, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 03/19/2021) |
| 03/22/2021 | 83 | | MOTION for Hearing re 82 Response to Document, 80 Status Report *Motion For Status Conference* by David Alan Carmichael. (Attachments: # 1 Text of Proposed Order Proposed Order For Conference, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 03/22/2021) |
| 04/19/2021 | | | MINUTE ORDER denying 83 Plaintiffs' Motion for Hearing. The Court does not intend to dissolve the remand order. See Min. Order (Jan. 20, 2021). The Court reiterates that, as it said in that order, "Plaintiffs are encouraged to comply with Defendants' reasonable requests for further information in furtherance of Defendants' efforts on remand. The refusal by Plaintiffs to provide such requested information, if the Court finds that Defendants' new requests were justified, may serve as a basis for the State Department to legitimately deny the requests for accommodation." Id. Plaintiffs brought this case in order to obtain Passports without having to identify with a Social Security Number. The State Department has now offered them that opportunity and the Court is perplexed by Plaintiffs', apparent, refusal to take advantage of that opportunity. At this juncture (without the benefit of briefing by the parties), it appears to the Court that, given the passage of time since the original applications were submitted, the State Department would be acting |

| | | |
|---|---|---|
| | | reasonably to assure itself that the information in the previously submitted applications is still accurate and that up−to−date photographs are provided. Certainly, even if the Passports are issued, this case is not necessarily moot. If Plaintiffs have a viable claim for damages pursuant to the Religious Freedom Restoration Act (or any other law), that aspect of the case would likely not be moot. Other claims may also survive. But that is an argument for another day. Plaintiffs should carefully consider their options before rejecting an opportunity to quickly obtain what was purported to be the primary purpose of the lawsuit. The Court's original remand order indicated that: "After conclusion of the remand period, the parties shall submit a joint status report on or before May 6, 2021, proposing a schedule for further proceedings." Id. Because the parties can convey their positions to the Court at that time, a hearing now is unnecessary. SO ORDERED. Signed by Judge Rudolph Contreras on 4/19/2021. (lcrc3) (Entered: 04/19/2021) |
| 04/23/2021 | 84 | MOTION to Compel *Passport Issuance To Pakosz And Lewis* by LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Text of Proposed Order Proposed Order To Compel, # 2 Memorandum in Support Memorandum In Support of Order To Compel, # 3 Exhibit Attach−1_22CFR51.65, # 4 Exhibit Attach−2_Summary−of−Phoncon, # 5 Exhibit Attach−3_Ltr−Explaining−Rationale, # 6 Exhibit Attach−4_Carmichael−New−Passport, # 7 Exhibit Attach−5_Pakosz−Denial−Ltr, # 8 Exhibit Attach−6_ICAO−Photo−Requirements, # 9 Exhibit Attach−7_22CFR51.4, # 10 Certificate of Service)(Carmichael, David Alan) (Entered: 04/23/2021) |
| 05/04/2021 | 85 | RESPONSE TO ORDER OF THE COURT re Order on Motion for Hearing,,,,,,,, *Opposition, notice and request for relief from order* filed by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Exhibit Passport SSN FAQ Gov Webpage, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 05/04/2021) |
| 05/04/2021 | 86 | MOTION Relief From Order re 85 Response to Order of the Court, by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Carmichael, David Alan) (Entered: 05/04/2021) |
| 05/06/2021 | 87 | Joint STATUS REPORT by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 05/06/2021) |
| 05/07/2021 | | MINUTE ORDER: Upon consideration of 87 the parties' Joint Status Report, it is hereby ORDERED that the following schedule shall govern further proceedings: Defendants shall file their dispositive motions and their response to 84 Plaintiffs' Combined Motion to Compel Defendants to Issue Passport Renewals to Lewis and Pakosz on or before July 2, 2021; Plaintiffs shall file their response and reply on or before August 6, 2021; and Defendants shall file their reply on or before August 20, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3) (Entered: 05/07/2021) |
| 05/07/2021 | | MINUTE ORDER: Because Plaintiff Carmichael has obtained his passport in the litigation and the other Plaintiffs have not, Plaintiffs Lewis and Pakosz are ORDERED to notify the Court on or before May 21, 2021, if they wish to be appointed counsel by the Court to represent their potentially separate interests. SO ORDERED. Signed by Judge Rudolph Contreras on 5/7/2021. (lcrc3) (Entered: 05/07/2021) |

| 05/14/2021 | | | Set/Reset Deadlines: Responses due by 5/21/2021. (tj) (Entered: 05/14/2021) |
|---|---|---|---|
| 05/14/2021 | | | Set/Reset Deadlines: Motions due by 7/2/2021. Responses due by 8/6/2021 Replies due by 8/20/2021. (tj) (Entered: 05/14/2021) |
| 05/21/2021 | 88 | | RESPONSE TO ORDER OF THE COURT re Order,, *1st Order of May 7, 2021* filed by LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 89 | | RESPONSE TO ORDER OF THE COURT re Order,, *Objection to 1st Order of May 7, 2021* filed by David Alan Carmichael. (Attachments: # 1 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 90 | | RESPONSE TO ORDER OF THE COURT re Order, *Objection To 2nd Order of May 7, 2021,* filed by David Alan Carmichael. (Attachments: # 1 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 91 | | RESPONSE TO ORDER OF THE COURT re Order, *Objection to 2nd Order of May 7, 2021* filed by LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 92 | | MOTION for Joinder *of Michelle Boulton* by David Alan Carmichael, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Text of Proposed Order Proposed Order To Join Boulton, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 93 | | MOTION for Leave to File *CM/ECF Documents For Intervener* by David Alan Carmichael. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 05/21/2021 | 94 | | MOTION to Intervene *as Plaintiff* by Michelle Boulton. (Attachments: # 1 Exhibit Intervener Plaintiff Complaint, # 2 Certificate of Service)(Carmichael, David Alan) (Entered: 05/21/2021) |
| 06/04/2021 | 95 | | Memorandum in opposition to re 94 MOTION to Intervene *as Plaintiff*, 92 MOTION for Joinder *of Michelle Boulton* filed by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Attachments: # 1 Declaration of Krista Watkins)(Hair, Christopher) (Entered: 06/04/2021) |
| 06/08/2021 | 96 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 92 MOTION for Joinder *of Michelle Boulton until June 28, 2021* by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 06/08/2021) |
| 06/09/2021 | | | MINUTE ORDER granting 96 Plaintiffs' Unopposed Motion for Extension of Time. It is hereby ORDERED that Plaintiffs shall file their reply in support of 92 Plaintiffs' Motion for Joinder on or before June 28, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 6/9/2021. (lcrc3) (Entered: 06/09/2021) |
| 06/15/2021 | 98 | | REPLY to opposition to motion re 94 MOTION to Intervene *as Plaintiff* filed by MICHELLE BOULTON. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service) (ztth) (Entered: 06/25/2021) |

| 06/24/2021 | 97 | | REPLY to opposition to motion re 94 MOTION to Intervene *as Plaintiff*, 92 MOTION for Joinder *of Michelle Boulton* filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 06/24/2021) |
| --- | --- | --- | --- |
| 07/02/2021 | 99 | | MOTION to Dismiss *Or, In The Alternative*, MOTION for Summary Judgment by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of Kristia Watkins, # 4 Exhibit A (State Department letters to Lewis and Pakosz), # 5 Text of Proposed Order)(Hair, Christopher) (Entered: 07/02/2021) |
| 07/06/2021 | 100 | | FOX/NEAL ORDER advising Plaintiffs to respond, on or before August 20, 2021, to 99 Defendants' motion to dismiss or, in the alternative, for summary judgment, or the Court may deem the motion conceded. See document for details. Signed by Judge Rudolph Contreras on 7/6/2021. (lcrc3) (Entered: 07/06/2021) |
| 07/06/2021 | 101 | | MOTION for Order by DAVID ALAN CARMICHAEL. (ztth) (Entered: 07/07/2021) |
| 07/19/2021 | 102 | | REPLY to opposition to motion re 84 MOTION to Compel *Passport Issuance To Pakosz And Lewis with full "Response" to 99 Still Pending* filed by LAWRENCE DONALD LEWIS. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 07/19/2021) |
| 07/19/2021 | 103 | | SUGGESTION OF DEATH *of DEATH Re: William MItchell Pakosz* by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID); Modified text and docketing event on 7/23/2021 (ztth). (Entered: 07/19/2021) |
| 07/28/2021 | 104 | | MOTION to Amend/Correct 100 Fox/Neal Order, Order,, *of May 7*, Unopposed MOTION for Briefing Schedule *Change to Match Fox/Neal Order Schedule* by DAVID ALAN CARMICHAEL. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 07/28/2021) |
| 07/29/2021 | | | MINUTE ORDER granting 104 Plaintiff Carmichael's Motion to Reset Schedule. It is hereby ORDERED that, in accordance with 100 the Fox/Neal Order, Plaintiffs shall file their response to 99 Defendants' motion to dismiss or, in the alternative, for summary judgment on or before August 20, 2021. It is FURTHER ORDERED that Defendants shall file their reply on or before September 10, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 7/29/2021. (lcrc3) (Entered: 07/29/2021) |
| 08/08/2021 | | | MINUTE ORDER: According to Defendants' declaration submitted with their opposition to Michelle Boulton's motion to intervene, Ms. Boulton's application had not been denied at the time of the opposition's filing (June 4, 2021) and she had been given 90 days (until June 7, 2021) to provide additional information. ECF No. 95−1 at 2. With that date having passed, it is hereby ORDERED that Defendant State Department shall submit a status report regarding Ms. Boulton's application on or before August 23, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 8/8/2021. (lcrc3) (Entered: 08/08/2021) |
| 08/13/2021 | | | Set/Reset Deadlines: Status Report due by 8/23/2021 (tj) (Entered: 08/13/2021) |

| 08/20/2021 | 105 | | STATUS REPORT by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (8/10/21 Email to M. Boulton re: passport application))(Hair, Christopher) (Entered: 08/20/2021) |
|---|---|---|---|
| 08/20/2021 | 106 | | RESPONSE re 99 MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment *Opposition* filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # 1 Declaration Carmichael−With−Evidence−Exhibits−Attached, # 2 Declaration Lewis−Regarding−Damages, # 3 Declaration Lewis−Expounding−Facts−With−Relevance, # 4 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 08/20/2021) |
| 08/21/2021 | 107 | | MOTION for Leave to File 106 Response to motion, *Motion For Leave To File Overlooked Document* filed by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # 1 Supplement Plaintiffs' Declaration of Facts, # 2 Certificate of Service)(CARMICHAEL, DAVID); Modified event and text on 8/25/2021 (ztth). (Entered: 08/21/2021) |
| 08/28/2021 | 108 | | MOTION for Relief from Judgment *or Order Dismissing Causes of Action, ECF 45, August 28, 2020* by DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 08/28/2021) |
| 09/02/2021 | 109 | | RESPONSE re 105 Status Report *In Opposition and Refuting* filed by MICHELLE BOULTON. (Attachments: # 1 Exhibit ACS Email 3−12−21 Denying Passport For No SSN, # 2 Exhibit ACS Email 3−30−21 Denying Passport For No SSN, # 3 Exhibit Boulton Dclrtn & Rqst For Accommodation, # 4 Exhibit Boulton Email 3−23−21 Reiterating Rqst For Accommodation, # 5 Exhibit Boulton Email 3−30−21, # 6 Exhibit Boulton Email 4−2−21 Reiterating Rqst For Accommodation, # 7 Exhibit ACS Email To Boulton 4−2−21 Acknowledging Email, # 8 Exhibit ACS Email to Boulton 8−10−21 Notice of Passport Issuance, # 9 Exhibit ACS Email to Boulton 8−18−21 Notice Passport Ready For Pickup, # 10 Exhibit Watkins Declaration 7−1−21 Re: Carmichael, Lewis, Pakosz, # 11 Exhibit Watkins Declaration 7−3−21 Re: Boulton, # 12 Exhibit Boulton Reply to Def. Opposing Mot. to Intervene, # 13 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 09/02/2021) |
| 09/09/2021 | 110 | | MOTION for Extension of Time to File Response/Reply as to 99 MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment , 108 MOTION for Relief from Judgment *or Order Dismissing Causes of Action, ECF 45, August 28, 2020* by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 09/09/2021) |
| 09/09/2021 | | | MINUTE ORDER granting 110 Defendants' Motion for Extension of Time. Upon consideration of Defendants' motion and Plaintiffs' opposition to the requested reply−brief extension, it is hereby ORDERED that Defendants shall file their reply in support of their motion to dismiss or, in the alternative, for summary judgment; opposition to Plaintiffs' motion for relief from judgment; and response to Michelle Boulton's response to the government's status report, on or before October 11, 2021. SO ORDERED. Signed by Judge Rudolph Contreras on 9/9/2021. (lcrc3) (Entered: 09/09/2021) |
| 09/09/2021 | 111 | | Memorandum in opposition to re 110 MOTION for Extension of Time to File Response/Reply as to 99 MOTION to Dismiss *Or, In The Alternative* |

| | | |
|---|---|---|
| | | MOTION for Summary Judgment , <u>108</u> MOTION for Relief from Judgment *or Order Dismissing Causes of Action, ECF 45, August 2,* <u>99</u> MOTION to Dismiss *Or, In The Alternative MOTION for Summary Judgment Opposition to Extension* filed by MICHELLE BOULTON, DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS. (Attachments: # <u>1</u> Text of Proposed Order *Plaintiff Proposed Order,* # <u>2</u> Certificate of Service)(CARMICHAEL, DAVID) (Entered: 09/09/2021) |
| 09/09/2021 | <u>112</u> | Emergency MOTION for Reconsideration re <u>111</u> Memorandum in Opposition,, Order on Motion for Extension of Time to File Response/Reply,, <u>99</u> MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment *Objection To Exparte Decisions* by DAVID ALAN CARMICHAEL. (Attachments: # <u>1</u> Certificate of Service)(CARMICHAEL, DAVID) (Entered: 09/09/2021) |
| 09/10/2021 | <u>113</u> | MOTION to Substitute *Rick Dale Hollingsworth As Successor* by WILLIAM PAKOSZ. (Attachments: # <u>1</u> Exhibit Death Certificate, # <u>2</u> Certificate of Service)(CARMICHAEL, DAVID) (Entered: 09/10/2021) |
| 09/10/2021 | | MINUTE ORDER denying <u>112</u> Plaintiff Carmichael's Emergency Motion for Reconsideration. The Court has read and considered the arguments presented in <u>111</u> Plaintiffs' Consolidated Response in Opposition to Defendants' Motion for Extension of Time to Reply Regarding Their Motion for Dismissal (99) but is not persuaded to reconsider its order. Therefore, it is hereby ORDERED that the motion is DENIED. SO ORDERED. Signed by Judge Rudolph Contreras on 9/10/2021. (lcrc3) (Entered: 09/10/2021) |
| 09/24/2021 | <u>114</u> | RESPONSE re <u>113</u> MOTION to Substitute *Rick Dale Hollingsworth As Successor* filed by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 09/24/2021) |
| 10/01/2021 | <u>115</u> | REPLY to opposition to motion re <u>113</u> MOTION to Substitute *Rick Dale Hollingsworth As Successor* filed by WILLIAM PAKOSZ. (Attachments: # <u>1</u> Exhibit Declaration of Spouse Delores Pakosz, # <u>2</u> Exhibit Declaration of Daughter Angela Hollingsworth, # <u>3</u> Certificate of Service)(CARMICHAEL, DAVID) (Entered: 10/01/2021) |
| 10/02/2021 | <u>116</u> | RESPONSE re <u>113</u> MOTION to Substitute *Rick Dale Hollingsworth As Successor,* <u>99</u> MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment *Response, Motion To Join Plaintiffs Opposition* <u>106</u> filed by WILLIAM PAKOSZ. (Attachments: # <u>1</u> Certificate of Service)(CARMICHAEL, DAVID) (Entered: 10/02/2021) |
| 10/11/2021 | <u>117</u> | REPLY to opposition to motion re <u>99</u> MOTION to Dismiss *Or, In The Alternative* MOTION for Summary Judgment filed by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 10/11/2021) |
| 10/11/2021 | <u>118</u> | Memorandum in opposition to re <u>108</u> MOTION for Relief from Judgment *or Order Dismissing Causes of Action, ECF 45, August 28, 2020* filed by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Hair, Christopher) (Entered: 10/11/2021) |
| 10/16/2021 | <u>119</u> | REPLY to opposition to motion re <u>108</u> MOTION for Relief from Judgment *or Order Dismissing Causes of Action, ECF 45, August 28, 2020* filed by MICHELLE BOULTON, DAVID ALAN CARMICHAEL, LAWRENCE |

| | | |
|---|---|---|
| | | DONALD LEWIS, WILLIAM PAKOSZ. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 10/16/2021) |
| 10/16/2021 | 120 | MOTION to Substitute *Carmichael for Pakosz as Alternative to Hollingsworth* by DAVID ALAN CARMICHAEL. (Attachments: # 1 Text of Proposed Order to grant Carmichael as alternative substitute for Pakosz, # 2 Certificate of Service)(CARMICHAEL, DAVID) Modified docket entry information on 10/18/2021 (ztth). (Entered: 10/16/2021) |
| 10/21/2021 | 121 | MOTION for Sanctions , *Show Cause Hearing, Investigation and Prosecution* by MICHELLE BOULTON. (Attachments: # 1 Declaration Michelle Boulton Declaration, # 2 Text of Proposed Order Proposed Order For Show Cause Hearing Considering Sanction, Investigation and Prosecution, # 3 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 10/21/2021) |
| 11/04/2021 | 122 | Memorandum in opposition to re 121 MOTION for Sanctions , *Show Cause Hearing, Investigation and Prosecution* filed by MICHAEL R. POMPEO, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Hair, Christopher) (Entered: 11/04/2021) |
| 11/11/2021 | 123 | REPLY to opposition to motion re 121 MOTION for Sanctions , *Show Cause Hearing, Investigation and Prosecution* filed by MICHELLE BOULTON. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 11/11/2021) |
| 03/25/2022 | 124 | ORDER denying 72 , 75 , 76 , 86 Plaintiffs' motions concerning remand; denying 84 Plaintiffs' motion to compel; denying 92 , 93 , 94 Plaintiffs' and Boulton's motions concerning intervention and joinder; granting in part and denying in part 99 Defendants' motion to dismiss or, in the alternative, for summary judgment; denying 101 Plaintiff Carmichael's motion for Court to maintain custody of replacement passport; granting 107 Plaintiff Carmichael's motion for leave of late filing of statement of facts; denying 108 Plaintiffs' combined motion for relief; denying 113 , 120 Plaintiff Carmichael's and Hollingsworth's motions regarding substitution; and denying 121 Boulton's motion for sanctions. See document for details. Signed by Judge Rudolph Contreras on 3/25/2022. (lcrc3) (Entered: 03/25/2022) |
| 03/25/2022 | 125 | MEMORANDUM OPINION denying 72 , 75 , 76 , 86 Plaintiffs' motions concerning remand; denying 84 Plaintiffs' motion to compel; denying 92 , 93 , 94 Plaintiffs' and Boulton's motions concerning intervention and joinder; granting in part and denying in part 99 Defendants' motion to dismiss or, in the alternative, for summary judgment; denying 101 Plaintiff Carmichael's motion for Court to maintain custody of replacement passport; granting 107 Plaintiff Carmichael's motion for leave of late filing of statement of facts; denying 108 Plaintiffs' combined motion for relief; denying 113 , 120 Plaintiff Carmichael's and Hollingsworth's motions regarding substitution; and denying 121 Boulton's motion for sanctions. See document for details. Signed by Judge Rudolph Contreras on 3/25/2022. (lcrc3) (Entered: 03/25/2022) |
| 03/30/2022 | 126 | LEAVE TO FILE DENIED − Motion. This document is unavailable as the Court denied its filing. "LEAVE TO FILE DENIED. "Motion" does not comply with Local Rules page limits and pertains to matters not germane to the remaining issues in the case." Signed by Judge Rudolph Contreras on 3/30/2022. (ztth) (Additional attachment(s) added on 4/1/2022: # 1 Exhibit) |

| | | | |
|---|---|---|---|
| | | | (ztth). (Entered: 03/31/2022) |
| 04/04/2022 | 127 | | RESPONSE TO ORDER OF THE COURT re 125 Memorandum & Opinion,,, 124 Order on Motion for Reconsideration,,,, Order on Motion to Stay,,,, Order on Motion for Miscellaneous Relief,,,, Order on Motion for Declaratory Judgment,,,, Order on Motion to Lift Stay,,,, Order on Motion to Compel,,,,,,, Order on Motion for Joinder,,,, Order on Motion for Leave to File,,,, Order on Motion to Intervene,,,, Order on Motion to Dismiss,,,, Order on Motion for Summary Judgment,,,, Order on Motion for Order,,,,,,,, Order on Motion for Relief from Judgment,,,, Order on Motion to Substitute,,,, Order on Motion to Substitute Party,,,, Order on Motion for Sanctions,,, filed by DAVID ALAN CARMICHAEL. (Attachments: # 1 Exhibit Idaho Man Denied No−SSN Passport, # 2 Exhibit Nevada Man Denied No−SSN Passport, # 3 Exhibit IRS Form 13977 Good Cause For No SSN On Passport Form, # 4 Exhibit Florida Woman Denied No−SSN Passport Application Opened, # 5 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 04/04/2022) |
| 04/07/2022 | 128 | | NOTICE OF SUBSTITUTION OF COUNSEL by Stephen DeGenaro on behalf of All Defendants Substituting for attorney Christopher Hair (DeGenaro, Stephen) (Entered: 04/07/2022) |
| 04/14/2022 | 129 | | RESPONSE re 125 Memorandum & Opinion,,, 124 Order on Motion for Reconsideration,,,, Order on Motion to Stay,,,, Order on Motion for Miscellaneous Relief,,,, Order on Motion for Declaratory Judgment,,,, Order on Motion to Lift Stay,,,, Order on Motion to Compel,,,,,,, Order on Motion for Joinder,,,, Order on Motion for Leave to File,,,, Order on Motion to Intervene,,,, Order on Motion to Dismiss,,,, Order on Motion for Summary Judgment,,,, Order on Motion for Order,,,,,,,, Order on Motion for Relief from Judgment,,,, Order on Motion to Substitute,,,, Order on Motion to Substitute Party,,,, Order on Motion for Sanctions,,, *Response to order and Carmichael Response* filed by LAWRENCE DONALD LEWIS. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 04/14/2022) |
| 04/14/2022 | 130 | | RESPONSE re 125 Memorandum & Opinion,,, 124 Order on Motion for Reconsideration,,,, Order on Motion to Stay,,,, Order on Motion for Miscellaneous Relief,,,, Order on Motion for Declaratory Judgment,,,, Order on Motion to Lift Stay,,,, Order on Motion to Compel,,,,,,, Order on Motion for Joinder,,,, Order on Motion for Leave to File,,,, Order on Motion to Intervene,,,, Order on Motion to Dismiss,,,, Order on Motion for Summary Judgment,,,, Order on Motion for Order,,,,,,,, Order on Motion for Relief from Judgment,,,, Order on Motion to Substitute,,,, Order on Motion to Substitute Party,,,, Order on Motion for Sanctions,,, *Response to Order and Carmichael Response* filed by WILLIAM PAKOSZ. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 04/14/2022) |
| 04/18/2022 | 131 | | RESPONSE TO ORDER OF THE COURT re 125 Memorandum & Opinion,,, 124 Order on Motion for Reconsideration,,,, Order on Motion to Stay,,,, Order on Motion for Miscellaneous Relief,,,, Order on Motion for Declaratory Judgment,,,, Order on Motion to Lift Stay,,,, Order on Motion to Compel,,,,,,, Order on Motion for Joinder,,,, Order on Motion for Leave to File,,,, Order on Motion to Intervene,,,, Order on Motion to Dismiss,,,, Order on Motion for Summary Judgment,,,, Order on Motion for Order,,,,,,, Order on Motion for Relief from Judgment,,,, Order on Motion to Substitute,,,, Order on Motion to |

| | | | |
|---|---|---|---|
| | | | Substitute Party,,,, Order on Motion for Sanctions,,, *and Carmichael's response (127)* filed by MICHELLE BOULTON. (Attachments: # 1 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 04/18/2022) |
| 05/18/2022 | 132 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 125 Memorandum & Opinion,,, 124 Order on Motion for Reconsideration,,,, Order on Motion to Stay,,,, Order on Motion for Miscellaneous Relief,,,, Order on Motion for Declaratory Judgment,,,, Order on Motion to Lift Stay,,,, Order on Motion to Compel,,,,,,,, Order on Motion for Joinder,,,, Order on Motion for Leave to File,,,, Order on Motion to Intervene,,,, Order on Motion to Dismiss,,,, Order on Motion for Summary Judgment,,,, Order on Motion for Order,,,,,,, Order on Motion for Relief from Judgment,,,, Order on Motion to Substitute,,,, Order on Motion to Substitute Party,,,, Order on Motion for Sanctions,,, by MICHELLE BOULTON, DAVID ALAN CARMICHAEL, LAWRENCE DONALD LEWIS, WILLIAM PAKOSZ. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Civil Cover Sheet Civil Docketing Statements of All Plaintiffs/Appellants, # 2 Certificate of Service)(CARMICHAEL, DAVID) (Entered: 05/18/2022) |
| 05/18/2022 | 133 | | NOTICE re 132 NOTICE OF APPEAL TO DC CIRCUIT COURT (Attachments: # 1 Errata Notice of Payment By Money Order, # 2 Certificate of Service)(CARMICHAEL, DAVID); Modified docketing event, text, and added docket entry relationship on 5/19/2022. (ztth) (Entered: 05/18/2022) |

David Alan Carmichael, et al.      )
                                  )
      *Plaintiffs*          )
                                  )   Case No: 19-CV-2316-RC
           v.               )
                                  )
Michael Richard Pompeo, *in his Offiicial*  )
     *capacity as Secretary of State, et al.,*[1]  )
                                  )
      *Defendants*          )

## Notice of Appeal

Notice is hereby given that David Alan Carmichael, Lawrence Donald Lewis, Michelle Boulton, William Mitchell Pakosz with Rick Dale Hollingsworth as substitute or David Alan Carmichael as the Alternate, the Plaintiffs in the above named case,[2] appeal to the United States Court of Appeals for the District of Columbia Circuit from the order of March 25, 2022.  The Plaintiffs' case was erroneously and abusively dismissed; leaving only an arbitrary suggestion to the Defendants and an order to Plaintiff Carmichael to direct the Clerk where to send one evidence document.  The Plaintiffs' directive is submitted with this notice.  This notice is entered in this action on this 18th day of May, 2022.

            (s) *David Alan Carmichael*
            David Alan Carmichael
            1748 Old Buckroe Road
            Hampton, Virginia  (23664}
            (757) 850-2672 (LL) (757) 320-2220 (c)
            david@freedomministries.life

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

[2] See Rule 3(c) for permissible ways of identifying appellants.

s/Lawrence Donald Lewis
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848
(208) 443-3852  /  larrynordlewis@povn.net


s/*Michelle Boulton*
Michelle Boulton
8491 Hospital Dr., # 178
Douglasville, GA 30134-2412
770-315-5724 / LadyTia2@aquawest.net


s/*Rick Dale Hollingsworth*
Rick Dale Hollingsworth
P.O. Box 25
Matteson, Ill 60443
708-306-0040  /  grnmachine95@yahoo.com

David Alan Carmichael, et al.       )
                                   )
       *Plaintiffs*            )
                                   )   Case No: 19-CV-2316-RC
             v.            )
                                   )
Michael Richard Pompeo, *in his Offiicial*   )
    *capacity as Secretary of State, et al.,*[1]  )
                                   )
       *Defendants*        )

**Plaintiff's Notice of No Transcript, and Directive**
**To Forward The Complete Record And One Particular**
**Evidentiary Document To The Circuit Court of Appeals**

Notice is hereby given, pursuant to Rule 10(b)(1)(B) of the Rules of Appellate Procedure, that there is no transcript in the above styled case which is the subject of appeal to the Court of Appeals, District of Columbia.

Pursuant to Rule 11 (b)(2) of the Rules of Appellate Procedure, the Clerk of Court of the District Court, District of Columbia, is hereby directed to fulfill its duty to forward the complete record to the Circuit Court.  Rule 11(b)(2) states that **a party may direct the Clerk of the District Court to forward such a document along with the complete record**.  Pursuant to that Rule, and the order of the District Court, ECF 124 and 125, the Clerk is directed to send the passport document which was mentioned in the Court's order to the Clerk of the Circuit Court along with the complete record.

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

This notice is entered in this action by Plaintiff David Alan Carmichael on this

_____ day of May, 2022.


(s) *David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  (23664}
(757) 850-2672 (LL) (757) 320-2220 (c)
david@freedomministries.life

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, certify that I served to the U.S. District Court, District of Columbia, in the case of *Carmichael, et al., v. Pompeo, et al*., case no. 1-19-cv-02316-RC, the Plaintiffs' Appellants' "Notice of Appeal" along with its "Notice of No Transcript" and its Civil Docketing Statements from each Plaintiff, and its "Attachment to the Civil Docket Sheet." These items were served electronically to all parties. I certify that I served that associated filing fee of $505.00 to the Court by check through the U.S. Priority Mail, tracking number 9505 5139 2032 2138 6176 33. The Court, Defendants and Plaintiffs were notified at:

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001 / electronically via pacer CM/ECF portal

United States Attorney
United States Attorney's Office
c/o Stephen DeGenaro
601 D. Street, N.W.
Washington, D.C. 20530 / Stephen.DeGenaro@usdoj.gov>

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412

The Substitute of William Pakosz, Rick Hollingsworth
P.O. Box 25
Matteson, Illinois 60443

s/ David Alan Carmichael                    Dated: May 18, 2022
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664 / (757) 850-2672
david@freedomministries.life

**United States District Court,**
**District of Columbia**

David Alan Carmichael, et al.                          )
                                                       )
    *Plaintiffs*                     )
                                                       )  Case No: 19-CV-2316-RC
       v.               )
                                                       )
Michael Richard Pompeo, *in his Offiicial*             )
    *capacity as Secretary of State, et al.,[1]*  )
                                                       )
    *Defendants*                    )

### Plaintiff's Notice of No Transcript, and Directive
### To Forward The Complete Record And One Particular
### Evidentiary Document To The Circuit Court of Appeals

Notice is hereby given, pursuant to Rule 10(b)(1)(B) of the Rules of Appellate Procedure, that there is no transcript in the above styled case which is the subject of appeal to the Court of Appeals, District of Columbia.

Pursuant to Rule 11 (b)(2) of the Rules of Appellate Procedure, the Clerk of Court of the District Court, District of Columbia, is hereby directed to fulfill its duty to forward the complete record to the Circuit Court. Rule 11(b)(2) states that **a party may direct the Clerk of the District Court to forward such a document along with the complete record**. Pursuant to that Rule, and the order of the District Court, ECF 124 and 125, the Clerk is directed to send the passport document which was mentioned in the Court's order to the Clerk of the Circuit Court along with the complete record.

---

[1] Original styling - Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

This notice is entered in this action by Plaintiff David Alan Carmichael on this

_____ day of May, 2022.

(s) *David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  (23664}
(757) 850-2672 (LL) (757) 320-2220 (c)
david@freedomministries.life

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

May 18, 2022

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
Attn: Finance
333 Constitution Ave NW
Washington, DC 20001

Re: Case #1:19-CV-2316-RC, Carmichael v. Pompeo – Plaintiffs' Filing Fee For The
     Notice of Appeal

Clerk Caesar,

Enclosed is the payment of $505.00 according to the filing fee schedule for our notice of
appeal to the Circuit Court, D.C. Circuit.

Please apply the payment to the process for which we have applied.

Respectfully,

David Alan Carmichael
Plaintiff

Enclosed: U.S. Money Order #27222543167



# CERTIFICATE OF SERVICE

I, David Alan Carmichael, certify that I served to the U.S. District Court, District of Columbia, in the case of *Carmichael, et al., v. Pompeo, et al*., case no. 1-19-cv-02316-RC, the Plaintiffs' Appellants' "Notice of Appeal" along with its "Notice of No Transcript" and its Civil Docketing Statements from each Plaintiff, and its "Attachment to the Civil Docket Sheet." These items were served electronically to all parties. I certify that I served that associated filing fee of $505.00 to the Court by check through the U.S. Priority Mail, tracking number 9505 5139 2032 2138 6176 33. The Court, Defendants and Plaintiffs were notified at:

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001 / electronically via pacer CM/ECF portal

United States Attorney
United States Attorney's Office
c/o Stephen DeGenaro
601 D. Street, N.W.
Washington, D.C. 20530 / Stephen.DeGenaro@usdoj.gov>

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412

The Substitute of William Pakosz, Rick Hollingsworth
P.O. Box 25
Matteson, Illinois 60443


s/ David Alan Carmichael            Dated: May 18, 2022
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664 / (757) 850-2672
david@freedomministries.life

DAVID ALAN CARMICHAEL, *et al.*,       :

                                        :

        Plaintiffs,                  :       Civil Action No.:     19-2316 (RC)

                                          :

        v.                         :       Re Document Nos.:  72, 75, 76, 84, 86,

                                          :                         92, 93, 94, 99,

ANTONY J. BLINKEN, Secretary of State,  :                        101, 107, 108,

*et al.*,                                       :                         113, 120, 121

                                          :

        Defendants.                :

## ORDER

**DENYING PLAINTIFFS' MOTIONS CONCERNING REMAND (ECF NOS. 72, 75, 76, 86);**
**DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO ISSUE PASSPORT RENEWALS TO**
**LEWIS AND PAKOSZ (ECF NO. 84);**
**DENYING PLAINTIFFS' AND BOULTON'S MOTIONS CONCERNING INTERVENTION AND JOINDER**
**(ECF NOS. 92, 93, 94);**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE**
**ALTERNATIVE, FOR SUMMARY JUDGMENT (ECF NO. 99);**
**DENYING PLAINTIFF CARMICHAEL'S MOTION FOR COURT TO MAINTAIN CUSTODY OF**
**REPLACEMENT PASSPORT IN EVIDENCE (ECF NO. 101);**
**GRANTING PLAINTIFF CARMICHAEL'S MOTION FOR LEAVE OF LATE FILING OF STATEMENT**
**OF FACTS (ECF NO. 107);**
**DENYING PLAINTIFFS' COMBINED MOTION FOR RELIEF (ECF NO. 108);**
**DENYING CARMICHAEL'S AND HOLLINGSWORTH'S MOTIONS REGARDING SUBSTITUTION**
**(ECF NOS. 113, 120);**
**DENYING BOULTON'S MOTION FOR SANCTIONS (ECF NO. 121)**

For the reasons stated in the Court's Memorandum Opinion separately and

contemporaneously issued, the party's motions are decided as follows:

- Plaintiffs' motions concerning the remand (ECF Nos. 72, 75, 76, 86) are

  **DENIED**.

- Plaintiffs' Motion to Compel Defendants to Issue Passport Renewals to Lewis and

  Pakosz (ECF No. 84) is **DENIED**.

- Plaintiffs' and Boulton's motions concerning Boulton's intervention and joinder (ECF Nos. 92, 93, 94) are **DENIED**.

- Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 99) is **GRANTED IN PART** with respect to Plaintiffs' damages claims and otherwise **DENIED IN PART**.  Defendants are **ORDERED** to reevaluate their positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports in light of Plaintiffs' arguments and this opinion.  The parties are **ORDERED** to file a joint status report within 60 days of the issuance of this opinion either describing Defendants' progress toward complying with Plaintiffs' proposed procedures or proposing a briefing schedule to resolve these issues.  Such briefing must address at least Plaintiffs' existing objections to the procedures used by Defendants and Defendants' authority authorizing their chosen procedures.

- Plaintiff Carmichael's Motion for Court to Maintain Custody of Replacement Passport in Evidence (ECF No. 101) is **DENIED**.  The parties shall explain in their next status report how they would like to handle getting this passport to Carmichael, e.g., if the Clerk of Court should mail it to Carmichael's address listed in his signature blocks, or if Carmichael will come collect it from the Clerk of Court.

- Plaintiff Carmichael's Motion for Leave of Late Filing of Statement of Facts (ECF No. 107) is **GRANTED**.

- Plaintiffs' Combined Motion for Relief from Order of August 28, 2020 and Memorandum in Support (ECF No. 108) is **DENIED**.

- Carmichael's and Hollingsworth's motions regarding substitution for Pakosz (ECF Nos. 113, 120) are **DENIED**.

- Boulton's Motion for Sanctions (ECF No. 121) is **DENIED**.

  **SO ORDERED**.

Dated: March 25, 2022                                    RUDOLPH CONTRERAS
                                                         United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 19-2316 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 72, 75, 76, 84, 86, |
| | : | | 92, 93, 94, 99, |
| ANTONY J. BLINKEN, Secretary of State, | : | | 101, 107, 108, |
| *et al.*, | : | | 113, 120, 121 |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**DENYING PLAINTIFFS' MOTIONS CONCERNING REMAND (ECF NOS. 72, 75, 76, 86);
DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO ISSUE PASSPORT RENEWALS TO
LEWIS AND PAKOSZ (ECF NO. 84);
DENYING PLAINTIFFS' AND BOULTON'S MOTIONS CONCERNING INTERVENTION AND JOINDER
(ECF NOS. 92, 93, 94);
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT (ECF NO. 99);
DENYING PLAINTIFF CARMICHAEL'S MOTION FOR COURT TO MAINTAIN CUSTODY OF
REPLACEMENT PASSPORT IN EVIDENCE (ECF NO. 101);
GRANTING PLAINTIFF CARMICHAEL'S MOTION FOR LEAVE OF LATE FILING OF STATEMENT
OF FACTS (ECF NO. 107);
DENYING PLAINTIFFS' COMBINED MOTION FOR RELIEF (ECF NO. 108);
DENYING CARMICHAEL'S AND HOLLINGSWORTH'S MOTIONS REGARDING SUBSTITUTION
(ECF NOS. 113, 120);
DENYING BOULTON'S MOTION FOR SANCTIONS (ECF NO. 121)**

## I. INTRODUCTION

Plaintiffs David Alan Carmichael, Lawrence Donald Lewis, and Mitchell Pakosz bring

this case against Defendants Antony J. Blinken, in his official capacity as Secretary of State, and

the U.S. State Department regarding Plaintiffs' attempts to obtain passports without providing

social security numbers. Plaintiffs assert that identifying with a social security number is

prohibited by their Christian faith and requested religious accommodations. They initially

brought nine causes of action against Defendants under various federal laws. Three causes of

action remained after the Court's opinion resolving Defendants' earlier motion: the Religious Freedom Restoration Act ("RFRA"), the Fifth Amendment, and the Privacy Act. As explained below, Plaintiffs' claims for damages are dismissed, Defendants' motion regarding mootness is denied, and the parties are ordered to file a joint status report within 60 days either describing Defendants' progress toward complying with Plaintiffs' proposed procedures or proposing a briefing schedule to resolve the remaining mootness issues.

## II. BACKGROUND

### A. Background Leading up to Previous Opinion[1]

In 2007, Plaintiffs Carmichael and Pakosz applied for U.S. passports and both asked for a religious accommodation exempting them from the requirement that they provide their social security numbers on the application. Am. Compl. ¶¶ 16–17, ECF No. 15. Plaintiff Lewis did the same in 2008. *Id.* ¶ 18. All three plaintiffs received passports despite not including their social security numbers on their passport applications. *Id.* ¶¶ 16–18. Carmichael, Lewis, and Pakosz assert that they are "prohibited from identifying with a Social Security Number . . . on the basis of the Christian religion" and "[a]ny demand for either of them to identify with a [social security number] places a substantial burden upon their religion." *Id.* ¶ 14. While Carmichael, Lewis, and Pakosz allege that they were granted a religious accommodation when they were originally issued passports, *see id.* ¶¶ 16–18, the Government asserts that "[t]here was no consideration of [a] claim for a religious accommodation," and applicants were not required to provide social security numbers in their passport applications at that time, Rolbin Decl. ¶ 4, ECF No. 24-2. However, The Government notes that the Fixing America's Surface Transportation ("FAST")

---

[1] This section is drawn from the Court's previous opinion in this case. *See Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 365–66 (D.D.C. 2020).

Act, enacted in 2015, granted the Government the authority to "deny a passport application if the applicant fails to provide their [social security number]." *Id.*

In 2018, Carmichael applied to renew his passport and, again, he requested a religious accommodation to the requirement that he provide his social security number in his passport renewal application. Am. Compl. ¶ 19. Lewis and Pakosz applied to renew their passports, also including a request for a religious accommodation, in 2019 and 2017, respectively. *Id.* ¶¶ 20–21. With their passport renewal applications, Carmichael, Lewis, and Pakosz sent letters to the Government explaining why identifying with a social security number violated their religious beliefs. *See id.* ¶¶ 19, 42–43, 55, 57. Plaintiffs' passport renewal applications were also accompanied by a "Privacy Act Statement" from the Government that outlined the authority under which the Government requested Plaintiffs' social security numbers, the purpose of requesting the social security numbers, and a non-exhaustive list of routine uses for information collected from passport renewal applications. *Id.* ¶ 104; *see also* Pls.' Mem. Supp. Resp. Mot. Dismiss & Cross Mot. Summ. J. ("Pls.' Mem.") ¶ 57(ii), ECF No. 27-1 (reproducing the statement as an undisputed fact). The "Privacy Act Statement" also included a statement that, while providing the requested information was voluntary, failing to provide that information could result in a processing delay or application denial. Am. Compl. ¶ 104; *see also* Pls.' Mem. ¶ 57(ii).

Carmichael's passport renewal was approved, and his renewed passport was issued in January 2018 without Carmichael providing his social security number on his application. Am. Compl. ¶ 19. However, the government contacted Lewis and Pakosz, asking each to either provide their social security number or sign a statement that they had never been issued one. *Id.* ¶¶ 46, 56. Both Lewis and Pakosz responded that they could not sign a statement that they had

3

never been issued a social security number and reiterated their request for a religious accommodation. *See id.* ¶¶ 47, 56–67. Both Lewis and Pakosz's passport renewal applications were subsequently denied. *Id.* ¶¶ 49, 68. Neither Lewis nor Pakosz was given the opportunity to appeal the denial. *Id.* ¶¶ 26, 82; *see also id.* ¶ 124 (asserting that all three Plaintiffs were denied an appeal process).

After Pakosz's application was denied, Pakosz contacted Carmichael for assistance and, on Pakosz's behalf, Carmichael spoke to an employee of the government who stated that there was no appeal process for the denial of a religious accommodation. *Id.* ¶¶ 26–27. Carmichael and Pakosz then filed Freedom of Information Act requests for the names and contact information of Department employees involved in processing passport applications, *see id.* ¶¶ 29, 73, and sent letters to various politicians, including President Donald Trump and Vice President Mike Pence, among others, further explaining their request for a religious accommodation, *id.* ¶¶ 31, 69–71, 76–79, 86. Enclosed with one letter to the government, Pakosz states that he "sent information that explains the SSN offence against religion in a document called 'The Mark of The Beast . . . It Is Here, Now.'" *Id.* ¶ 69.

Approximately three months later, Carmichael received a letter from the government stating that his renewed passport had been issued erroneously because he did not provide his social security number in his passport renewal application, that his passport had been revoked pursuant to 22 C.F.R. § 51.62(a)(2), and that he could request an appeal hearing. *Id.* ¶ 33. Carmichael seemingly did not request a hearing. Def. Mot. Dismiss at 20, ECF No. 24; *see also* Am. Compl. (nowhere mentioning that Carmichael availed himself of this opportunity for a hearing).

4

Carmichael brought this action on July 31, 2019, *see* Compl., ECF No. 1, and Plaintiffs

Lewis and Pakosz were added to this action in November 2019, *see* Order, ECF No. 11.

Carmichael, Lewis, and Pakosz filed their amended complaint in December 2019, in which they

raised nine causes of action under the United States Constitution and various federal laws. *See*

Am. Compl. Defendants moved to dismiss or, in the alternative, for summary judgment, on all

nine causes of action. Carmichael, Lewis, and Pakosz moved for partial summary judgment and

requested an injunction on their first cause of action under the Foreign Relations Authorization

Act. *See* Pls. Mem.

## B. Background Since Previous Opinion

The Court denied Plaintiffs' motion for partial summary judgment, granted Defendants'

motion to dismiss on several grounds, and denied Defendants' motion on three grounds.

*Carmichael*, 486 F. Supp. 3d at 377. Remaining after that opinion were Plaintiffs' second, fourth

(with respect to Lewis and Pakosz), and seventh causes of action, which concern RFRA, the

Fifth Amendment Due Process Clause, and the Privacy Act, respectively. *Id.* Plaintiffs were

granted leave to file an amended complaint regarding Carmichael's claim for a Fifth Amendment

violation, *id.*, and they did so, 2d Am. Compl., ECF No. 51.

A few months later, Defendants moved to voluntarily remand this matter to the State

Department so it could "reconsider its prior renewal and revocation actions," after

"acknowledge[ing] that it did not previously consider Plaintiffs' religious accommodation

requests." Defs.' Mot. Voluntary Remand at 1, 5, ECF No. 61. The Court granted this motion

over Plaintiffs' objection and remanded the passport applications to the State Department for 90

days. Min. Order (Jan. 20, 2021). The Court encouraged Plaintiffs "to comply with Defendants'

reasonable requests for further information in furtherance of Defendants' efforts on remand." *Id.*

During the remand period, Plaintiffs filed several motions objecting to the remand, which are discussed below. After most of these were filed, the Court denied one of these motions and stated that "[t]he Court does not intend to dissolve the remand order." Min. Order (Apr. 19, 2021). The Court noted that "Plaintiffs brought this case in order to obtain Passports without having to identify with a Social Security Number," Defendants were offering them that opportunity, and Plaintiffs' "refusal to take advantage of that opportunity" was "perplex[ing]." *Id.* Also, the Court assured Plaintiffs that if they still had viable damages claims after the passports were issued, the case would not necessarily be moot. *Id.*

During the remand period, Defendants alerted the Court that they were satisfied with the sincerity of Plaintiffs' religious beliefs, stated that Plaintiffs would not need to identify any social security numbers to receive passports, and invited Plaintiffs to submit U.S. Passport Renewal Applications for Eligible Individuals with new photographs. Joint Status Report ¶¶ 9–10, ECF No. 87. Defendants also sent a replacement passport to Carmichael without requiring a new photograph. *Id.* ¶ 14. Lewis and Pakosz objected that, among other things, new photographs were not necessary under the relevant rules and accordingly did not send them. *Id.* ¶ 11. Defendants denied Lewis's and Pakosz's applications for failure to submit new photographs. *Id.* ¶ 14. Carmichael objected to the procedure used to issue his new passport and refused to sign it, as discussed below.

Shortly after the Court confirmed that it would not dissolve the remand order, Plaintiffs filed what they styled as their Motion to Compel Defendants to Issue Passport Renewals to Lewis and Pakosz ("Mot. Compel"), ECF No. 84. The Court then set a briefing schedule for responses to the motion to compel and Defendants' forthcoming dispositive motions. Min. Order (May 7, 2021). The briefing was somewhat scattered, but the issues appear to be fully

briefed.[2]  Defendants argue that Plaintiffs' claims for equitable relief are moot after Defendants granted the religious accommodations, Plaintiffs' Due Process claims fail on the merits, and Plaintiffs' damages claims fail because no damages are available under RFRA or the Fifth Amendment for official-capacity claims or the Privacy Act given the facts alleged.  *See* Defs.' Mem.

Plaintiffs filed several additional motions while these motions were being briefed: Plaintiffs and a proposed intervenor, Michelle Boulton, moved for joinder and intervention and to allow Carmichael to file Boulton's documents electronically.  *See* ECF Nos. 92–94. Carmichael moved the Court to maintain custody of the replacement passport he was sent.  Pl. Carmichael Mot. Court Maintain Custody of Replacement Passport in Evidence ("Custody Mot."), ECF No. 101.  Plaintiffs moved for reconsideration of the Court's earlier opinion.  Pls.' Carmichael & Lewis Combined Mot. Relief from Order of Aug. 28, 2020 & Mem. Supp. ("Mot. Reconsideration"), ECF No. 108.  And there are motions to substitute Pakosz's son-in-law or, in the alternative, Carmichael, for Pakosz after his death.  Mot. Substitute Pl. Pakosz, ECF No. 113; Pl. Carmichael's Mot. Grant Pl. Carmichael Powers as the Alternative Pakosz Substitute, ECF No. 120.

### III.  PRELIMINARY MOTIONS

#### A.  Motion to Compel Passports

Shortly before the parties' main substantive briefing began regarding Defendants' motion discussed below in Section V, Plaintiffs filed a short motion asking the Court to compel

---

[2] *See* Mem. P. & A. Supp. Defs.' Mot. Dismiss or, in the Alternative, for Summ. J. ("Defs.' Mem."), ECF No. 99-1; Pl. Lewis's Reply at 2, ECF No. 102; Pls. Carmichael & Lewis Combined Resp. Opp'n to Defs.' Mot. Dismiss or, in the Alternative, for Summ. J. ("Pls.' Opp'n"), ECF No. 106; Defs.' Reply Supp. Mot. Dismiss or, in the Alternative, Summ. J. & Opp'n Pls.' Mot. Reconsideration, ECF Nos. 117, 118.

Defendants to issue passport renewals to Lewis and Pakosz. Mot. Compel. Neither the motion nor its supporting memorandum of points and authorities identifies the legal basis for the motion, e.g., a Federal Rule of Civil Procedure under which the motion was brought. *See* Mot. Compel & ECF No. 84-2. Plaintiffs argue essentially that they should not need to provide the new photographs requested by Defendants because Defendants are mistaken that photographs must be taken within six months of the passport's issue date, as opposed to within six months of the passport application date. *See* Mot. Compel at 2. Defendants acknowledge this motion in their motion to dismiss or, in the alternative, for summary judgment, but do not discuss it in detail. *See* Defs.' Mem. at 4 (citing ECF No. 84). But they do address the relevant issue by reaffirming that they require passports photographs that are "taken within the six months preceding the issue date." *Id.* at 12. Plaintiff Lewis filed a reply responding to the parts of Defendants' motion "which reach the motion to compel." Pl. Lewis's Reply at 2.

The Court construes this motion as a motion for summary judgment on Lewis and Pakosz's claims for equitable relief, i.e., issuing renewed passports, because they are asking the Court to "compel" Defendants to do exactly what they request in their complaint's prayer for relief. *See* 2d Am. Compl. ¶ 142(1) (demanding that the Court "compel renewal of their passport applications"). Under that interpretation, the motion clearly fails. Plaintiffs' five-page memorandum and its attachments, which do not even explain which causes of actions are relied on, do not demonstrate entitlement to judgment in Plaintiffs' favor beyond any genuine dispute of material fact. Regardless, the main issue of the motion—whether Lewis and Pakosz must submit new photographs—is addressed below regarding mootness.

### B. Substitution for Pakosz

Plaintiff Pakosz died during this litigation and his son-in-law, Rick Dale Hollingsworth, moves to be substituted. Mot. Substitute Pl. Pakosz, ECF No. 113. Defendants object for several reasons, including that passports may not be issued to the deceased (albeit without citation). Defs.' Resp. Mot. Substitute Pl. Pakosz, ECF No. 114 at 3 n.2. Hollingsworth's reply does not contest that passports may only be issued to living persons. *See* Pl.'s Reply Mot. Substitute Pl. Pakosz, ECF No. 115. Plaintiff Carmichael later moved to become Pakosz's alternate substitute. Pl. Carmichael's Mot. Grant Pl. Carmichael Powers as the Alternative Pakosz Substitute, ECF No. 120.

Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of a proper party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). As explained below, Defendants' motion is granted as to all damages claims, and with the equitable claim for Pakosz's passport no longer available due to his death, there appears to be no remaining claim. The motions for substitution are therefore denied.

### C. Remand

Plaintiffs have several outstanding motions regarding this Court's remand to the State Department, which began January 20, 2021, and ended 90 days later. *See* Min. Order (Jan. 20, 2021); Pl.'s Mot. for Recons. & Rescission, Stay of Remand, & Mot. Certify for Interlocutory Appeal ("Remand Mot."), ECF No. 72; Pl.'s Mot. Declaratory J. or Partial Finding of Facts & Conclusions of Law Regarding Remand Order of Jan. 19, 2021, ECF No. 75-1 ("Mot. Declaratory J."); Pl. Carmichael's Mot. Immediate Lifting of Stay, ECF No. 76; Pls.' Request for Relief from Apr. 19, 2021 Order, ECF No. 86; *see also* Pl.'s Reply Defs.' Opp'n Pls.' Mot.

Remand, Stay, Certification for Interlocutory Appeal, ECF No. 78.  Plaintiffs also addressed the remand in their opposition to Defendants' motion to dismiss or, in the alternative, for summary judgment.  *See* Pls.' Opp'n at 20–24.  After most of those motions were filed, Plaintiffs moved for a hearing to discuss, among other things, whether the Court would rescind its remand order. *See* Pl. Carmichael's Mot. for Status Conference at 1, ECF No. 83 (stating that "we need to determine" if recent "admission[s]" were "sufficient to motivate the Court to rescind its remand order" and, if not, whether the Court will act on "Plaintiffs' Motion For Declaratory Judgment Or Partial Finding Of Facts And Conclusions Of Law Regarding Remand Order Of January 19, 2021," ECF No. 75-1).  The Court denied Plaintiffs' motion for a hearing by minute order, stating that "[t]he Court does not intend to dissolve the remand order."  Min. Order (Apr. 19, 2021).  Although this minute order did not officially deny Plaintiffs' motions seeking reversal of the remand, the Court holds the same view today despite Plaintiffs' briefing.

The clearest justification for denying these motions is that the remand period concluded many months ago, rendering this issue moot.  *See* Min. Order (Jan. 20, 2021) ("After conclusion of the remand period, the parties shall submit a joint status report on or before May 6, 2021 . . . .").  In fact, we now know that the remand was largely productive because the State Department concluded that it could issue passports to Plaintiffs without them submitting social security numbers.  *See* Joint Status Report ¶ 16 (Defendants stating that "the State Department granted Plaintiffs' religious accommodation requests during the remand period").  The parties' briefs do not address mootness because they were filed before the end of the remand period, i.e., before the issue became moot.  But reversing the remand order at this point would have no effect.

Upon review of the parties' briefs, the Court does not see any reason to doubt the legality or propriety of the remand order. "A district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand. But a voluntary remand is typically appropriate only when the agency intends to revisit the challenged agency decision on review." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir. 2017); *see also id.* at 387 (explaining that agency need not "confess error or impropriety in order to obtain a voluntary remand[,] [b]ut the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge"). Here, Defendants sought a remand "to reconsider its prior renewal and revocation actions relevant to this action." Defs.' Mot. Voluntary Remand at 1. We now know that Defendants did reconsider their prior decisions during the remand because they did not previously consider Plaintiffs' religious accommodation requests yet have now granted them and will allow Plaintiffs to obtain passports without identifying with social security numbers. Joint Status Report ¶¶ 5, 10. Despite any remaining issues about whether existing passports or applications are appropriate versus new passports or applications, Defendants clearly revisited their original decision not to allow (or consider) Plaintiffs' religious accommodation.

Plaintiffs' first motion is for reconsideration of the remand order. Remand Mot. at 5. They do not specify the rule under which they bring the motion for reconsideration, and Defendants suggest Federal Rule of Civil Procedure 59(e), Def.'s Opp'n Pls.' Mot. Remand, Stay, & Certification for Interlocutory Appeal at 2, ECF No. 77, but Rule 54(b) is the relevant rule, *see* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  Relief

pursuant to Rule 54(b) is to be provided "as justice requires," and may be warranted when a

court has "patently misunderstood the parties, made a decision beyond the adversarial issues

presented, made an error in failing to consider controlling decisions or data, or where a

controlling or significant change in the law has occurred."  *United States ex rel. Westrick v.*

*Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (cleaned up); *see also*

*Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004).  "These considerations leave a great deal

of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to

determining 'whether [relief upon] reconsideration is necessary under the relevant

circumstances.'"  *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010)

(alteration in original) (quoting *Cobell*, 224 F.R.D. at 272).  Here, reconsideration is not

necessary under the relevant circumstances because the Court continues to believe that the order

under reconsideration was correct.  Plaintiffs' complaint that the Court did not consider one of

their filings before entering the remand order is irrelevant because that filing was in response to a

different motion; the Court did consider Plaintiffs' opposition to Defendants' motion for remand.

*See* Pls.' Resp. in Opp'n to Defs.' Mot. Voluntary Remand, ECF No. 65 (filed several weeks

before remand order).

Plaintiffs then move the Court to certify this question for interlocutory appeal under 28

U.S.C. § 1292.  Remand Mot. at 5.  That statute requires at least that the Court "shall be of the

opinion that such order involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially

advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  This is not met at least

because the mootness of this question ensures that certifying it to the court of appeals would not materially advance the ultimate termination of the litigation.

Plaintiffs also move for a stay of the remand order to allow the Court to consider their motion for declaratory judgment or judgment on partial findings "on the matter of whether the court has any lawful power to remand to the agency."  Remand Mot. at 5.  The request for a stay is denied as moot given the conclusion of the remand period.  Regarding the related motion itself, which Plaintiffs filed shortly after moving for a stay, Plaintiffs make a dizzying number of arguments in this paper styled "Plaintiffs' Motion for Declaratory Judgment or Partial Finding of Facts and Conclusions of Law Regarding Remand Order of January 19, 2021."[3]  *See, e.g.*, Mot. Declaratory J. at 12 (arguing that the Federal Rules of Civil Procedure do not provide for a remand); *id.* at 16 (arguing that the APA does not empower the Court to abdicate its powers through a remand); *id.* at 31 (arguing that the Privacy Act "does not say that the Court may remand the action without ordering the agency to correct the record").  But none refute that the D.C. Circuit has clearly endorsed this Court's authority to remand matters to agencies, nor show that this Court abused its discretion by ordering remand here.  *See Limnia, Inc.*, 857 F.3d at 381 ("A district court has broad discretion to decide whether and when to grant an agency's request for a voluntary remand.  But a voluntary remand is typically appropriate only when the agency intends to revisit the challenged agency decision on review.").  Despite this precedent, Plaintiffs maintain that the remand procedure is unlawful.  *See* Mot. Declaratory J. at 1 ("The statutes and rules give adjudication remedy and relief powers to the Court as a matter of law, and remand is not provided for as a matter of the law of this case."); Pls.' Request for Relief from Apr. 19,

---

[3] Plaintiffs also moved the Court to lift the "stay," referring to the remand order, to allow the Court to consider this motion.  Pl. Carmichael's Mot. Immediate Lifting of Stay, ECF No. 76.  It is denied for the same reason as the request for a stay—the remand has concluded so there is nothing left to stay.

2021 Order at 5 ("In our search of the Judicial Procedure statutes and the Rules of Appellate Procedure and Civil Procedure, we cannot find the authority or power for the remand order."). This Court disagrees. But, even if it did not, it must follow binding circuit precedent.

Finally, after the Court's minute order on April 19, 2021, confirming that it did not intend to dissolve the remand order, Plaintiffs filed a motion requesting relief from that April 19, 2021 minute order under Federal Rule of Civil Procedure 60(b). Pls.' Request for Relief from Apr. 19, 2021 Order at 11. However, Rule 54(b) is again the relevant standard to reconsider an interlocutory order. Because nothing in this motion convinces the Court that the remand was unlawful or that the Court erred in denying Plaintiffs' request for a hearing, reconsideration is again not necessary under the relevant circumstances. The motion touches on other issues, such as the rules governing passport photo currency and whether new forms must be submitted, *id.* at 3, 7–8, but those issues are dealt with in other motions discussed below.

### D. Joinder and Intervention

Michelle Boulton moves for leave to intervene as a plaintiff. Mot. Leave Intervene, ECF No. 94. Plaintiffs move to join her as well. Pls.' Combined Mot. Join Michelle Boulton, ECF No. 92. Boulton argues that intervention is justified as a matter of right under Federal Rule of Civil Procedure 24 because her claims "relat[e] to the transactions that are the subject of the action." Mot. Leave Intervene at 2. Defendants oppose intervention or joinder because Boulton and Plaintiffs failed to confer with Defendants before filing their motions, Boulton's passport application was not denied, and the motions are untimely given the stage of this litigation. Defs.' Opp'n Mot. Intervene & Mot. Joinder of Boulton at 1, ECF No. 95. After the parties' briefs were filed, and in response to the Court's request, Defendants filed a status report with an update about Boulton's passport application: the processing of Boulton's application had completed and

14

her passport had been issued.  Defs.' Status Report at 2, ECF No. 105.  Boulton confirmed that she received her passport on August 20, 2021, without submitting a social security number. Boulton's Resp. Defs.' Status Report ¶ 24, ECF No. 109.

Boulton does not have standing for equitable relief because she already has her passport. And, as explained below, there are no live claims for damages.  Therefore, even if Boulton were joined as a plaintiff in this case, she would not have standing for any relief.  The motions for leave to intervene, for joinder, and to file documents on behalf of Boulton, ECF No. 93, are therefore denied.

### E.  Sanctions

Boulton moves for Rule 11 sanctions against Defendants, a State Department declarant whose declarations were used to support Defendants' positions, and the Assistant U.S. Attorney who signed Defendants' briefs.  Boulton's Mot. Sanctions & Mem. Supp. ("Sanctions Mot."), ECF No. 121.[4]  She argues that Defendants misrepresented three facts about her passport applications process.  The facts seem largely undisputed even though the parties' interpretations of them differ.  Although Boulton's complaints are somewhat understandable given Defendants' descriptions of the facts, sanctions are not justified.

Boulton received an email from the State Department on March 12, 2021, informing her that her passport application lacked a social security number and that "if an applicant has been issued a Social Security Number and either cannot or refuses to provide it for whatever reason, they are only eligible for a direct return passport."  *See* Boulton's Resp. Defs.' Status Report Ex.

---

[4] Boulton also asks the Court to appoint a special prosecutor or otherwise cause an investigation and prosecution for violations of 18 U.S.C. § 1001.  Sanctions Mot. at 7.  The Court will not do so at least because, as Defendants point out, Section 1001 "does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding."  18 U.S.C. § 1001(b).

1, ECF No. 109-1.  It said that her application "will remain pending for 90 days" and said Boulton should let them know if she wished to proceed with a direct return passport or if she wished to email them her social security number to process her application.  *Id.*  After receiving that email, Boulton "reiterated" her request for a religious accommodation.  Sanctions Mot. at 4.  On March 30, Boulton received another email from the State Department confirming receipt of her reiterated request.  *See* Boulton's Resp. Defs.' Status Report Ex. 2, ECF No. 109-2.  The State Department said that "[t]he situation remains unchanged," her application would remain pending for 90 days, and "[i]f the required information is not received within the 90-day period, the application will be denied."  *Id.*

A declaration dated June 3, 2021, submitted by Defendants in support of their opposition to Boulton's motion to intervene stated that the declarant was familiar with Boulton and her application.  Defs.' Opp'n Mot. Intervene & Mot. Joinder of Boulton Decl. ¶ 2, ECF No. 95-1.  It stated that, on or around March 9, the State Department "requested that Ms. Boulton provide additional information regarding her identi[t]y" and gave her 90 days to respond.  *Id.* ¶ 4.  Finally, it said that Boulton's application was open, pending review, and had not been denied.  *Id.* ¶ 5.  On August 10, 2021, the State Department emailed Boulton saying that her passport has been issued.  *See* Boulton's Resp. Defs.' Status Report Ex. 8, ECF No. 109-8.  Boulton picked up her passport on August 20.  Boulton's Resp. Defs.' Status Report ¶ 24.  On October 11, in Defendants' reply supporting their motion to dismiss or, in the alternative, for summary judgment, they state that Boulton's passport was issued "[a]fter Ms. Boulton submitted additional information."  Defs.' Reply Supp. Mot. Dismiss or, in the Alternative, Summ. J. & Opp'n Pls.' Mot. Reconsideration at 9.

"By presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . the factual contentions have evidentiary support . . . and . . . the denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b).  If a "court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction."  Fed. R. Civ. P. 11(c)(1).  A motion for sanctions under Rule 11 must be served before being filed to allow 21 days for "the challenged paper, claim, defense, contention, or denial [to be] withdrawn or appropriately corrected."  Fed. R. Civ. P. 11(c)(2); *see Dixon v. Midland Mortg. Co.*, No. 09-CV-1789 (RLW), 2013 WL 5350906, at *2 (D.D.C. Sept. 25, 2013) ("Pursuant to the Rule's 'safe-harbor' provision, a motion for sanctions may not be filed until at least 21 days after serving the motion on the offending party.").

Courts impose "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings."  *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 554 (1991).  And courts have "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation."  *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (internal quotations omitted).  Rule 11 sanctions are an extreme punishment for filings that frustrate judicial proceedings.  *See Henok v. Chase Home Fin., LLC*, 926 F. Supp. 2d 100, 104 (D.D.C. 2013); *see also Robinson-Reeder v. Am. Council on Educ.*, 626 F. Supp. 2d 11, 18 (D.D.C. 2009) ("The Court must also take into consideration that Rule 11 sanctions are a harsh punishment, and what effect, if any, the alleged violations may have had on judicial proceedings." (internal quotation marks omitted)).

Preliminarily, sanctions are not warranted because Boulton did not comply with Rule 11's procedural requirement to serve the motion for sanctions 21 days before filing to allow the

accused offender to correct the problem.  *See* Fed. R. Civ. P. 11(c)(2).  Boulton does not argue

that she served the motion on Defendants at least 21 days before filing.  She instead argues that

she put Defendants "on notice of their Rule 11 violation" several months earlier when she

described Defendants' supposed lies in earlier filings.  Boulton's Reply Supp. Mot. Sanctions at

6–7, ECF No. 123.  Boulton invokes the purpose behind the rule—providing an opportunity to

"repent."  *Id.* at 7.  But purpose cannot override the rule's unambiguous provisions.

Even if the motion were procedurally proper, it would still fail.  Boulton argues that

Defendants made three false statements: (1) Boulton's application was not denied, Sanctions

Mot. at 2; (2) the State Department sought some "further information" other than a social

security number, *id.* at 5; and (3) Boulton submitted some "additional information" that allowed

her passport approval, *id.* at 6.  None of these succeed.

Boulton argues that her application was denied either when the State Department gave

her 90 days to provide her social security number or, alternatively, when those 90 days ran out.

Boulton's Reply Supp. Mot. Sanctions at 2.  For support, she cites a State Department regulation:

"An application for a passport . . . will be denied if an applicant . . . does not provide additional

information as requested by the Department within the time provided in the notification by the

Department that additional information is required."  22 C.F.R. § 51.65(b).  Although the State

Department said that it *would* deny Boulton's application absent her providing a social security

number, that is not the same as going through with the denial.  In fact, the same regulation cited

by Boulton says that "[t]he Department will send notice in writing to any person whose

application for issuance of a passport or Consular Report of Birth Abroad *has been denied*."  *Id.*

§ 51.65(a) (emphasis added).  Boulton's apprehension of a denial was understandable, but

Boulton points to no notice informing her that her application had been denied.

The latter two accusations can be analyzed together. Boulton's argument seems to be that Defendants are trying to make their actions sound more defensible by claiming that they needed "further information" (when they really meant social security number) and that Boulton provided "additional information" to justify granting her application (when they really mean information they already had). Her complaints are not unreasonable. Defendants do not explain in detail what "further information" or "additional information" they refer to. They do cite one document dated March 3, 2021, Defs.' Opp'n Boulton's Mot. Sanctions at 6, ECF No. 122, but they do not say what in this document constitutes the additional information. Also, it is a stretch to claim that Defendants approved the application in October *because of* this document that had been in their possession since March. But that is what Defendants seem to be implying when they say that "[t]his information was *eventually* considered by the Department." *Id.* (emphasis added).

Even if these were attempts to save face, they were at worst misleading and ultimately harmless given the stakes of this particular factual dispute and Boulton's access to the evidence allowing her to call out her concerns (e.g., emails sent to her by the State Department). Boulton's theory is that Defendants are "providing a false narrative" to keep her out of the case, Boulton's Reply Supp. Mot. Sanctions at 3, but her motion to intervene is denied regardless of any supposedly false statements, as explained above. Therefore, even if there were false statements here, the Court would exercise its discretion against imposing sanctions.

### F. Reconsideration

Exactly one year after this Court issued its earlier opinion resolving the parties' motions for partial summary judgment and to dismiss, Plaintiffs moved for reconsideration of that opinion under Federal Rule of Civil Procedure 60, Mot. Reconsideration, although, again, Rule

54(b) is the relevant reconsideration standard. Specifically, Plaintiffs focus on their first cause of action—violation of 22 U.S.C. § 2721, which prohibits denying or revoking passports because of, among other things, belief that is protected by the First Amendment. *Id.* at 1. In the earlier opinion, the Court granted Defendants' motion to dismiss this cause of action because Plaintiffs did "not cite any facts suggesting that the Government . . . denied and revoked [Plaintiffs'] passports because of their religious belief," as opposed to alleging that Plaintiffs' religious beliefs were burdened by having to provide their social security numbers, the latter being covered by the RFRA claim. *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 368 (D.D.C. 2020). Plaintiffs argue that this was wrong because they have "sufficiently alleged . . . that the activity for which the Defendants denied and revoked our passports was motivated by our religious belief." Mot. Reconsideration at 2. But their only support is the (uncited) facts that Plaintiffs' reason for not identifying with social security numbers was their religion and that this was communicated to Defendants. *Id.* This does not demonstrate allegations that the denials or revocations were "because of" Plaintiffs' beliefs. 22 U.S.C. § 2721. As with the motions for reconsideration discussed above, the Court maintains that its earlier decision was correct and again concludes that reconsideration is not necessary under the relevant circumstances. This motion is therefore denied.

Plaintiffs also include a short reference to their other causes of action, arguing that they "warrant the Plaintiffs having the opportunity to prove their case applying ordinary discovery." Mot. Reconsideration at 3. This bare reference is insufficient to be considered a motion for reconsideration relating to these other causes of action.

20

### G. Motion for Court to Maintain Custody of Replacement Passport

Carmichael moves the Court to maintain custody of the replacement passport he received in the mail because it is, according to him, evidence relevant to Lewis and Pakosz's claims. Custody Mot. at 2–3. To support this motion, Carmichael cites Federal Rule of Civil Procedure 79(a)(2)(A). Custody Mot. at Proposed Order. Carmichael interprets this rule to allow the Clerk of Court "to keep records of the papers filed with the Clerk." *Id.* But that rule provides that "papers filed with the clerk" "must be marked with the file number and entered chronologically on the docket." Fed. R. Civ. P. 79(a)(2)(A). It does not appear to require the Clerk to maintain custody of a party's potential evidence. With no citation to a rule requiring the Court to maintain custody of this replacement passport, Carmichael's motion is denied. The parties shall explain in their next status report how they would like to handle transporting this passport to Carmichael, e.g., if the Clerk of Court should mail it to Carmichael's address listed in his signature blocks, or if Carmichael will collect it from the Clerk of Court.

### IV. LEGAL STANDARD

Federal courts have subject-matter jurisdiction where a claim "arises under" federal law. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (quoting *Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007)). Subject-matter jurisdiction cannot be waived, and "[w]hile *pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction." *Id.* at 33 (citations and internal quotations omitted); *see also Jathoul v. Clinton*, 880 F. Supp. 2d 168, 170 (D.D.C. 2012)

("To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear her claims."). To evaluate "a motion to dismiss under Rule 12(b)(1), [courts] must treat the complaint's factual allegations as true . . . [granting] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Clinton*, 880 F. Supp. 2d at 169 (internal quotations omitted) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). Courts are not required to accept "legal conclusion[s] couched as factual allegations[s]" as true. *Id.* (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

To invoke federal jurisdiction, a plaintiff must demonstrate the existence of an actual and concrete dispute. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). If, at any point before or during the proceedings, the case becomes moot, then such a case is no longer within the jurisdiction of the federal courts. *Id.* The D.C. Circuit has explained that "[f]ederal courts lack [subject matter] jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)); *see also Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (noting that a court has "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it") (citations omitted). A case becomes constitutionally moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013), or when "intervening events make it impossible to grant the prevailing party effective relief," *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting *Burlington N. R.R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996)).

"Corrective action by an agency is one type of subsequent development that can moot a previously justiciable issue." *Nat. Res. Def. Council*, *Inc. v. U.S. Nuclear Regul. Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982); *see also Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 79 (D.C. Cir. 2011) (finding as moot superseded agency Record of Decision that had "no current force or effect"). "The initial 'heavy burden' of establishing mootness lies with the party asserting a case is moot." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010). The party opposing mootness has the burden of showing an exception to the mootness doctrine. *Id.*

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint" under that standard; it asks whether the plaintiff has properly stated a claim. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

However, a court considering a motion to dismiss presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), while a dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant, *see Scott v. Harris*, 550 U.S. 372, 380 (2007). The principal purpose of summary judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, a court cannot make credibility determinations or weigh the evidence. *See Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007). All underlying facts and inferences must be analyzed in the light most favorable to the non-movant. *See Anderson*, 477 U.S. at 255. That said, conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## V. ANALYSIS

The main substantive motion at this time is Defendants' motion to dismiss or, in the alternative, for summary judgment. Defendants argue that (1) Plaintiffs' claims for equitable

relief of issuance of their passports are moot because the State Department has granted their requests to obtain passports without having to identify with a social security number, Defs.' Mem. at 7; (2) Carmichael still fails to state a claim for a Fifth Amendment Due Process violation even after amending the complaint, *id.* at 13–14, (3) Lewis and Pakosz's Fifth Amendment Due Process claims fail in light of "the State Department's action during the remand period," *id.* at 14, (4) neither RFRA nor the Fifth Amendment allow damages claims for official-capacity suits, *id.* at 17, and (5) Plaintiffs have no viable claim for damages under the Privacy Act, *id.* at 18. As explained below, Defendants' motion regarding mootness is denied and the parties are ordered to file a joint status report within 60 days either describing Defendants' progress toward complying with Plaintiffs' proposed procedures or proposing a briefing schedule to resolve the remaining mootness issues. Defendants' motion is granted with respect to damages claims under the three causes of action.

### A. Mootness

Defendants move to dismiss Plaintiffs' claims as moot to the extent Plaintiffs seek the equitable relief of obtaining their passports without providing social security numbers. *Id.* at 7. If Defendants have in fact provided passports to Plaintiffs, then the requests for equitable relief would be moot because "intervening events [will have made] it impossible to grant the prevailing party effective relief." *Lemon*, 514 F.3d at 1315–16 (quoting *Burlington N. R.R. Co.*, 75 F.3d at 688). But the parties do not squarely address each other's arguments.

Defendants argue that they have granted Plaintiffs' request "to obtain passports without having to identify with a social security number" such that Plaintiffs' related request for equitable relief is now moot. Defs.' Mem. at 7. According to Defendants, "the State Department reversed its prior revocation of Carmichael's passport and invited Lewis and Pakosz to update

their photographs to allow the State Department to adjudicate their renewal applications without the need to submit their social security numbers." *Id.* at 8. Although Plaintiffs dispute the propriety of the procedures followed by Defendants, Plaintiffs do not dispute that Defendants communicated to Plaintiffs that their religious accommodations would be granted to allow them to receive passports, one way or another, without providing social security numbers. *See* Pls.' Dispute Defs.' Statement of Material Facts ¶¶ 5–11, ECF No. 107-1.[5] Defendants also argue that no mootness exception applies, Defs.' Mem. at 9–11, that Carmichael cannot manufacture standing "based on his subjective apprehensions regarding how his passport was reissued," *id.* at 11, and that, "notwithstanding Plaintiffs' tortured reading of the State Department's regulations and requirements regarding the submission of photographs, the State Department's request for updated photographs was reasonable," *id.* at 12. The last one concerns Defendants' insistence "that passport photographs must be 'taken within the six months preceding the *issue date*.'" *Id.* (emphasis added) (citing "https://travel.state.gov/content/travel/en/passports/how-apply/photos.html, 8 FAM 402.1, and ICAO Machine Readable Travel Document 9303 3.9.1").

Lewis argues that Defendants' requirement that the photograph be taken within six months of the passport's issue date is incorrect; instead, according to Lewis, the photograph needs to be taken within six months of the *application*, and the photograph he already submitted meets this requirement. Pl. Lewis's Reply at 6. Indeed, the sources cited by Defendants for this proposition do not seem to support their proposed issue-date limitation, despite Defendants purporting to quote that phrase from one of their sources. The first source—a State Department website—only states that "[y]our passport photo needs to have been taken within the last 6

---

[5] Plaintiffs moved for leave to file their response to Defendants' statement of undisputed material facts one day late. Pl. Carmichael's Mot. Leave Late Filing Statement of Facts, ECF No. 107. Seeing no opposition from Defendants, the motion is granted.

months."  The second source—the Foreign Affairs Manual—appears to state that a "photograph

must be taken within the past six months (ICAO 9303 Section 3.9), be a good likeness of and

satisfactorily identify the applicant *at the time of the application*."  8 FAM 402.1-2: Passport

Photograph Requirements, ECF No. 84-8 (emphasis added).  The third source—an International

Civil Aviation Organization document—appears to require that "[a] submitted portrait shall have

been captured within the last six months before *application*."  (emphasis added).  International

Civil Aviation Organization, *Machine Readable Travel Documents: Part 3: Specifications

Common to all MRTDs*, § 3.9.1.2 (2021), https://www.icao.int/publications/Documents/

9303_p3_cons_en.pdf.[6]  Accordingly, the source of Defendants' insistence on requiring an

updated photograph for Lewis—and, therefore, one of the roadblocks to Lewis receiving his

passport—is unclear.

 Plaintiffs' opposition does not explain Carmichael's objections to accepting and signing

the passport that was sent to him, but it does argue that the revocation of his passport should be

declared void.  Pls.' Opp'n at 2.  Carmichael explained his objection in earlier filings.  He seems

to want Defendants to void the cancelation of his passport rather than issue a replacement

passport.  Pl. Carmichael Resp. Opp'n 2d Min. Order ¶¶ 3, 5, ECF No. 90.  His justifications

seem to be that the regulations only allow replacement passports for certain reasons that are not

applicable to him, the relief he requested was voiding the earlier cancelation, and Defendants

stated that the revocation of his passport would be rescinded.  *Id.*  Defendants' briefs do not

address the propriety of issuing Carmichael a replacement passport rather than voiding the

cancelation.  And Defendants' argument that this is irrelevant because "Plaintiffs' operative

---

[6] Although it appears to be the document referenced by Defendants, it is possible that the
document cited here by the Court is not the one intended by Defendants; the Court could not
locate a copy of the ICAO standard in the parties' attachments.  If a party believes that this is the
incorrect document, it can be addressed in further briefing.

complaint contains no claim with respect to the process by which Carmichael's passport was reissued, nor would Plaintiffs have standing to raise such a claim," Defs.' Mem. at 11, is misplaced because that process is relevant to whether the claims are moot. Defendants must appreciate that, hypothetically, providing Carmichael a passport issued via an obviously invalid process—likely rendering that hypothetical passport ineffective—would not moot this case. Yet Defendants' argument about the complaint's contents would apply equally to such a scenario.

On one hand, Plaintiffs have received the major part of the equitable relief requested and their objections now turn on issues unrelated to their religious accommodation. They have been given relatively low-burden pathways to obtaining passports without providing social security numbers. On the other hand, Plaintiffs raise arguments about the processes followed by Defendants that are not clearly incorrect. In light of the issues raised by Plaintiffs, Defendants have not convincingly shown that the requests for equitable relief have become moot based on their actions during the remand. Defendants' motion is therefore denied on that ground.

However, based on Defendants' representations and actions in this litigation, including them granting Plaintiffs' religious accommodation requests, it appears that Defendants have all intentions of providing Plaintiffs passports without Plaintiffs providing social security numbers and there may be an opportunity to resolve this issue without further litigation. Defendants are ordered to reevaluate their positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports in light of Plaintiffs' arguments and this opinion. The parties are ordered to file a joint status report within 60 days of the issuance of this opinion either describing Defendants' progress toward complying with Plaintiffs' proposed procedures or proposing a briefing schedule to resolve these issues. Such briefing must address at least

Plaintiffs' existing objections to the procedures used by Defendants and Defendants' authority authorizing their chosen procedures.

### B. Due Process

It is not necessary at this time to address Defendants' motion with respect to due process because there appears to be a nontrivial chance that the equitable relief issues can be resolved without further litigation and, as explained below, there are no remaining claims for damages.

### C. Damages

Defendants move to dismiss or, in the alternative, for summary judgment on, Plaintiffs' claims for damages. For RFRA and the Fifth Amendment claims, Defendants argue that sovereign immunity is not waived for damages on official-capacity claims. Defs.' Mem. at 16. For the Privacy Act, Defendants argue that "Plaintiffs have failed to plead any viable claim for damages." *Id.* The Court agrees.

#### 1. RFRA

Defendants argue that "RFRA does not supply a damages remedy" in official-capacity suits. *Id.* at 17. Indeed, "RFRA does not waive the federal government's sovereign immunity for damages." *Simpson v. Fed. Bureau of Prisons*, No. 19-CV-03173 (CJN), 2020 WL 95814, at *2 (D.D.C. Jan. 8, 2020) (quoting *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006)). The Supreme Court recently "clarified in *Tanzin* that monetary damages are available for individual-capacity RFRA claims," but this did not disturb "Circuit precedent" that RFRA does not waive sovereign immunity for damages. *Driever v. United States*, No. CV 19-1807 (TJK), 2021 WL 1946391, at *3 (D.D.C. May 14, 2021). The Court stated in *Tanzin* that "this case features a suit against individuals, who do not enjoy sovereign immunity." *Tanzin v. Tanvir*, 141 S. Ct. 486, 493 (2020). Plaintiffs do not cite anything to the contrary. They suggest

that *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), supports their argument, but, as Plaintiffs acknowledge, that case concerned Article III standing, not sovereign immunity. Pls.' Opp'n at 44. Defendants' motion to dismiss Plaintiffs' damages claims under RFRA is therefore granted.

## 2. Fifth Amendment

Defendants argue that sovereign immunity bars Plaintiffs' official-capacity claims for damages under the Fifth Amendment. Defs.' Mem. at 17. "The D.C. Circuit's decision in *Clark* bars suits for money damages against officials for actions taken in their official capacity absent a waiver." *Williams v. Veneman*, No. CV 03-2245(CKK), 2005 WL 8177882, at *4 (D.D.C. July 5, 2005); *see Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity . . . does bar suits for money damages against officials in their official capacity absent a specific waiver by the government."). Plaintiffs do not point to an applicable waiver. Therefore, Defendants' motion to dismiss Plaintiffs' damages claims under the Fifth Amendment is granted.

## 3. Privacy Act

Defendants argue that "Plaintiffs have failed to establish any plausible claim for damages under the Privacy Act." Defs.' Mem. at 23. The Court's previous opinion laid out its understanding of Plaintiffs' Privacy Act claim:

> Plaintiffs' Privacy Act claim pertains to the requirements under 5 U.S.C. § 552a(e)(3), which states in relevant part that agencies must "inform each individual whom it asks to supply information . . . whether disclosure of such information is mandatory or voluntary." 5 U.S.C. § 552a(e)(3)(A). Plaintiffs allege that the Privacy Act Statement that they received failed "to correctly state in what conditions make [disclosure of a social security number] voluntary and what make[s] [disclosure] mandatory." *See* Am. Compl. ¶ 133. The Court understands Plaintiffs' claim to be that while the Privacy Act Statement indicates that providing a social security number is voluntary, it is in fact mandatory and, therefore, the Government has not complied with the statutory requirements.

*Carmichael*, 486 F. Supp. 3d at 375 (alterations in original). The Court then denied Defendants' motion to dismiss because Plaintiffs alleged that "disclosure of a social security number is

mandatory to obtain a passport and yet the Privacy Act Statement says disclosure is voluntary," and Defendants' briefing suggested that providing a social security number was indeed mandatory. *Id.*

Defendants make several arguments for why Plaintiffs' Privacy Act claim cannot support a damages award: (1) given Defendants' subsequent decision to allow Plaintiffs' to obtain passports without identifying with social security numbers, the Privacy Act Statement correctly stated that providing a social security number was voluntary, Defs.' Mem. at 20; (2) Plaintiffs do not allege that the violations were intentional or willful, as required by the Privacy Act, *id.*, (3) the Privacy Act requires proving actual damages and Plaintiffs' alleged damages do not qualify, *id.* at 20–22; and (4) Plaintiffs "fail to plead any causal link between [the alleged losses] and the alleged Privacy Act violations, let alone plead such a link with 'particularity' as required by Rule 9(g)," *id.* at 22. Several of these may be correct, but the last is most obviously correct.

The relevant civil remedies provision of the Privacy Act states that an individual may bring a civil action against an agency for "fail[ure] to comply with any other provision of this section . . . in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). "[T]he reference in § 552a(g)(1)(D) to 'adverse effect' acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing to sue." *Doe v. Chao*, 540 U.S. 614, 624 (2004).

Here, Plaintiffs do not plead any connection between the alleged Privacy Act violations and any adverse effects or damages. The section of the operative complaint stating the Privacy Act cause of action lists these injuries: unlawful denial of passport or cancelation of passport, expenses and injury to property right in passport application and its process; injury to "property

and liberty rights in travel and the applied-for passport necessary to that travel," and "monetary suffering in the amounts and ways set forth in the demand for relief below." 2d Am. Compl. ¶ 134. All of these are traced to Defendants' decisions not to issue passports, not to the Privacy Act Statements. *See, e.g.*, Pls.' Opp'n at 41 ("Plaintiffs Lewis and Pakosz spent pre-litigation money which would not have been necessary had the defendants issued his passport rather than unlawfully deny it."). As best the Court can tell, no material facts would have changed based on any hypothetical change to the contents of the Privacy Act Statement, as opposed to changes to Defendants' actual decisions or policies about how to handle passport applications. Accordingly, Defendants' motion to dismiss Plaintiffs' damages claims under the Privacy Act is granted.

## VI. CONCLUSION

For the foregoing reasons, the parties' motions are decided as follows:

- Plaintiffs' motions concerning the remand (ECF Nos. 72, 75, 76, 86) are **DENIED**.

- Plaintiffs' Motion to Compel Defendants to Issue Passport Renewals to Lewis and Pakosz (ECF No. 84) is **DENIED**.

- Plaintiffs' and Boulton's motions concerning Boulton's intervention and joinder (ECF Nos. 92, 93, 94) are **DENIED**.

- Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 99) is **GRANTED IN PART** with respect to Plaintiffs' damages claims and otherwise **DENIED IN PART**. Defendants are **ORDERED** to reevaluate their positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports in light of Plaintiffs' arguments and this opinion. The parties are **ORDERED** to file a joint status report within 60

32

days of the issuance of this opinion either describing Defendants' progress toward complying with Plaintiffs' proposed procedures or proposing a briefing schedule to resolve these issues. Such briefing must address at least Plaintiffs' existing objections to the procedures used by Defendants and Defendants' authority authorizing their chosen procedures.

- Plaintiff Carmichael's Motion for Court to Maintain Custody of Replacement Passport in Evidence (ECF No. 101) is **DENIED**. The parties shall explain in their next status report how they would like to handle getting this passport to Carmichael, e.g., if the Clerk of Court should mail it to Carmichael's address listed in his signature blocks, or if Carmichael will come collect it from the Clerk of Court.

- Plaintiff Carmichael's Motion for Leave of Late Filing of Statement of Facts (ECF No. 107) is **GRANTED**.

- Plaintiffs' Combined Motion for Relief from Order of August 28, 2020 and Memorandum in Support (ECF No. 108) is **DENIED**.

- Carmichael's and Hollingsworth's motions regarding substitution for Pakosz (ECF Nos. 113, 120) are **DENIED**.

- Boulton's Motion for Sanctions (ECF No. 121) is **DENIED**.

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: March 25, 2022                    RUDOLPH CONTRERAS
                                         United States District Judge