## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-2316 (RC) |
| ) | |
| ANTONY J. BLINKEN, Secretary of State, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' STATUS REPORT

Pursuant to this Court's March 25, 2022, Order (ECF No. 124) and Memorandum Opinion (ECF No. 125), Defendants, Secretary of State Antony J. Blinken and the U.S. Department of State, respectfully submit this Status Report to update the Court on Defendants' "positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports." ECF No. 124.[1]

### BACKGROUND

Following the Court's August 28, 2020 Order (ECF Nos 44 and 45), three of Plaintiffs' causes remained: (1) the Religious Freedom Restoration Act ("RFRA"), (2) the Fifth Amendment, and (3) the Privacy Act. *See* ECF No. 125 at 1-2. On March 25, 2022, this Court granted in part and denied in part Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. Specifically, the Court determine that the Government had not waived sovereign immunity for

---

[1] Pursuant to the Court's Order (ECF No. 124), undersigned counsel shared a draft of this Status Report with Plaintiff David Alan Carmichael on May 23, 2022 and asked Plaintiffs to provide their input on the draft. On May 24, 2022, Plaintiff Carmichael informed undersigned by email that Plaintiffs "cannot agree" to filing this status report jointly and asked undersigned not to style the status report as a joint report.

damages claims in official capacity suits under RFRA and the Fifth Amendment (ECF No. 125 at 29-30) and that Plaintiff had not pleaded a viable claim for damages under the Privacy Act (ECF No. 125 at 30-32).  This Court denied Defendants' motion with respect to the equitable relief sought by Plaintiffs, on the grounds that Defendants had not established that Plaintiffs' equitable claims are moot in light of two questions raised by Plaintiffs in their papers: (1) whether Plaintiff Lewis needed to provide the Department with an updated photograph or a photo submitted within six months of the application sufficed; and (2) whether the Department can issue Plaintiff Carmichael a replacement passport without requiring Carmichael to identify with a social security number, or if the Department must declare the revocation of Carmichael's 2018 passport "void" rather than issue a replacement passport.

## STATUS OF PLAINTIFFS' REMAINING CLAIMS

The Department reports the following progress towards bringing resolution to Plaintiffs' remaining claims.

With respect to Plaintiff Lewis's outstanding claim, the Department has determined that it can issue Plaintiff Lewis a new passport that will be valid for a full ten years based on the photograph that Plaintiff Lewis had previously submitted.  Previously, when the Department had insisted that Mr. Lewis's passport photo had to be taken within six months of the issuance date for the passport, it was relying upon guidance from the International Civil Aviation Organization (ICAO) Document 9303, which had been in effect since 2015.  Unbeknownst to the Department, the ICAO changed its standard last year when it issued its Eighth Edition of Document 9303. Under the Eighth Edition's new standard, which the Department has adopted by reference at 8 FAM 402.1-2, a photo must be submitted within six months of the date of application.  The requirements for the photos at 22 C.F.R. § 51.26 still hold, including that the passport must be "a

good likeness of and satisfactorily identify the applicant"; however, as Mr. Lewis is an adult and only a few years have passed, the Department believes this requirement has been met with the previously submitted photograph.  As a result, Mr. Lewis's previously submitted passport from 2019 is acceptable and the Department is now prepared to issue him a regular passport, which will be valid for ten years.  The Department has asked Plaintiff Lewis to confirm the address to which he would like his newly issued passport sent, but thus far Plaintiff Lewis has not submitted a response.  Accordingly, the Department respectfully suggests that Plaintiff Lewis will have fully received the equitable relief he seeks in this matter when he confirms the address to which he would like the Department to send his passport.

With respect to Plaintiff Carmichael's claim, the Department does not have the authority to void the revocation of Plaintiff Carmichael's 2018 passport.  Passports are valid for a period of ten years from the date of issuance, *see* 22 C.F.R. § 51.4(b)(1), until, among other events, the Department approves a revocation notification.  22 C.F.R. § 51.4(g)(1).  When this occurs, the Department will inform both U.S. agencies and foreign countries that a passport is no longer valid. The Department, however, "may issue a replacement passport . . . [t]o correct an error or rectify a mistake of the Department[.]"  22 C.F.R. § 51.54(a).  During the remand period in this case, the Department concluded that it should not have revoked Plaintiff Carmichael's passport and has issued him a replacement passport to replace the revoked 2018 passport.

The Department lacks the authority to deviate from this process, and in any event there are strong pragmatic reasons why the Department would not deviate from this process if it could.  First, the Department receives its passport books from the Government Publishing Office ("GPO") with pre-printed numbers that are used to ensure that passports are not lost, stolen, or duplicated.  The Department cannot reissue a passport book with an old number because the passport number is

attached to the physical book itself.  Instead, once the passports are received by the Department, each applicant's personal information and photograph are added before it is issued.

Second, the Department cannot control how other U.S. agencies or foreign countries accept and incorporate into their systems a later communication rescinding a notice that the Department had revoked a passport tied to a particular passport number.  Because Plaintiff Carmichael's 2018 passport number has been noticed to other U.S. agencies and foreign countries as having been revoked, those entities' systems have flagged that number as associated with a revoked passport. The Department cannot control how those entities (especially foreign countries) would incorporate a later notice indicating the previous number is no longer invalid into their systems.  Thus, there would be a risk that an individual traveling on such a passport would be detained for suspicions of traveling on an invalid or revoked passport.

As such, because the Department is not authorized to "void" its prior revocation of Plaintiff Carmichael's 2018 passport and can only issue a replacement passport as it has, the Department respectfully suggests that Plaintiff Carmichael will fully receive the equitable relief he seeks in this matter when he indicates the manner in which he would like to receive this replacement passport.[2]

## PROPOSED SCHEDULE

Defendants respectfully propose that this Court issue a stay in this matter in light of Plaintiffs' Notice of Appeal now that it appears that Plaintiffs have sought the United States Court of Appeals for the District of Columbia Circuit to assert jurisdiction over this matter.  *See* ECF

---

[2]     In support of its position with respect to Plaintiff Carmichael's claim, the Department attaches as an exhibit to this Status Report the Declaration of Paul Peek, the Director of Passport Services' Office of Adjudication.  *See* Exhibit A.  A copy of this declaration was shared with Plaintiff Carmichael on May 23, 2022.

No. 133.  Defendants further respectfully propose that the parties file a Joint Status Report within 30 days of the issuance of any mandate by the District of Columbia Circuit to further apprise the Court of further proceedings in this matter.

Dated: May 24, 2022

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

_____/s/ Stephen DeGenaro_____
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-7229
stephen.degenaro@usdoj.gov

*Attorneys for Defendants*