**United States District Court,**
**District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al.*, ) | |
| ) | Plaintiffs, *in propria persona* |
| Plaintiffs ) | Case No: **19-CV-2316-RC** |
| ) | |
| v. ) | RE: ECF 136 |
| ) | |
| Michael Richard Pompeo, *et al.* ) | |
| ) | |
| Defendants-Respondents ) | |

**Plaintiffs' Combined Response To Defendant Status Report of May 24, 2024**

1. The Defendants provided their status report draft to the Plaintiffs, after working hours, the day before their status report was due. We've scrambled over the last several hours to come up with a response.

**Regarding The Background**

2. We only affirm that generally, the court dismissed our complaint. The Defendant failed to point out that the court did so in error as a matter of law, clearly erroneously as a matter of fact, and abusing its discretion, in violation of the Rules of Court, the rule of law, *inter alia*, and has enabled the Defendants' injury to the Plaintiffs and others in their situation, continually.

3. The Defendants mischaracterized the court's order of March 25, 2022. The court obliquely admitted that the Defenants' argument to justify the second instance of the denial of Plaintiffs Pakosz's and Lewis's passport renewal application was a false argument and that the Defendants declaration of fact was false. Since the Court dismissed our complaint, and refused to squarely adjudicate the complaint of the unlawful denial of passport renewal applications and of unlawful revocation, the Plaintiffs are in a position of 'no standing' on their complaint

according to the court. The courts' encouragement for the Defendants to rethink their position was gratuitous. The court merely encouraged rather than ordered the Defendants to issue the Lewis passport in accordance with law and regulation, etc. The etceteras include an allusion to those things so far demanded by the Plaintiffs in their complaints, motions, and memoranda; referring to those things as the Plaintiffs' wishes.

4. The Defendants have admitted that their statements were false, only now after four and a half years since Mr. Pakosz applied for his passport renewal, and more than a year after they told the court and the Plaintiffs falsely that a new photograph was necessary. That's funny. The Plaintiffs pointed out the fact, and the law as applied to the fact, is that there was nothing required of the Plaintiffs for the relief due them by the Defendants. The Plaintiffs pointed that out, not just prior to the Defendants' motion for remand, but prior to their status report in December 2020 where they notified the court that they intended to file a remand motion and that the Plaintiffs by necessity would need to provide things of which the Defendants would ask (ECF 53 – 57). The Defendants' status report (ECF-52) was cunningly docketed by the court prior to the Plaintiffs' ECFs 53-57, although the Plaintiffs' documents were filed prior to the document of the Defendants. We explained to the court the wrong of the Defendants' mischief prior to its occurrence. We did not need a prophetic revelation to see what the Defendants intended to attempt. Our merely-cognitive prognostication has been fulfilled in totality.

5. The court's arbitrary order of March 25, 2022 gave no litigation order, rights or privileges to the Plaintiffs. By the courts' abuse of discretion to this point, there is no authenticated evidence to support any of the merely **conclusive allegations** of the Defendants in their status report or the Declaration of Paul Peek. Again, the Plaintiffs are denied access to the due process of discovery, being subjected to the Defendants' exhibits that do not qualify as

evidence according to the rules of evidence.

### Status Of Plaintiffs' Remaining Claims

6. The Plaintiffs' remaining claims are the entirety of their complaint, the motions for scheduling discovery, the opportunity to amend the complaint after discovery, the opportunity to name the names of those conspirators who are liable personally for their malevolent conspiratorial conduct that continues to injure the Plaintiffs, among other things that are available as remedy for complete relief.

### Defendants' Attorney Falsely State That Photo Requirements Changed Last Year

7. The Defendants' Attorney falsely stated that the requirements of the ICAO Document 9303 changed "unbeknownst" to the Department. Discovery should reveal actionable charges that need to be added to the amended complaint regarding this ridiculous assertion by the Defendants and their attorney here. When we looked up the Eighth Edition of ICAO Document 9303, we found that the section regarding the currency of the passport photo was updated in June of 2016, not merely last year (Attachment 1 and 2).

### Plaintiff Lewis's Passport Application Continues To Be Unlawfully Denied

8. Plaintiff Lewis objects to the fact that instead of sending him a letter of a second denial of his passport renewal application, the Defendants were duty bound to issue the renewed passport to him on that very same day that they issued a quasi-replacement passport for Carmichael. It certainly could have been accomplished on March 26, 2022, the day after the court pointed out that the Plaintiffs were correct, <u>that the law and facts did not support the Defendants contention of a justification for the second denial of passport renewals</u> to Pakosz and Lewis. Yet…. Look what the Defendant continues to do…. They promise the court that someday they intend to issue a renewal passport to Lewis. They did not tell him or the court

whether he can make plans for his ordinary religious pilgrimage to for a Sebach Hag Succoth (Happy Feast of Tabernacles) with his religious fellowship in Canada.  He remains chained in false arrest until who knows when.  Each day is another day of false imprisonment, actionable as a matter of law, though not yet actionable in the U.S. District Court without scrutiny and mandate of a higher court.

9. The Defendant falsely stated that Plaintiff Lewis has "not submitted a response" to their request to confirm his mailing address.  Plaintiff Lewis did submit a response (Attachment 2), and Carmichael pointed it out to the Defendants Attorney in the email chain regarding that response (Attachment 3).  The Defendant Attorney mischaracterizes his query, not the agency's query as a matter of Department action, where he says it was merely a query to confirm the address.  The language of the Defendant Attorney was, "Mr. Lewis's letter did not address whether he is willing to accept the Department's offer to issue him a regular passport, which will be valid for 10 years."  The Defendants' Attorney linked any response from Mr. Lewis on the merits of his query to the "Department's offer to issue him a regular passport…" On its face, the Defendant Attorney's offer was baiting Mr. Lewis into settlement discussions.

10. Mr. Carmichael and Mr. Lewis both communicated to the Defendants through their Attorney that the Plaintiffs can have no objection to the Defendants issuing a ten year passport (unless of course they wait another ten years) because the law, Code of Federal Regulations, allows them wiggle room to issue the ten-year passport if it makes sense.  Shortening the term of the passports was merely a concession that we were willing to make because our intent and behavior all along has been to uphold the law as it is applied to actual facts.  Our intent and actions are in stark contrast to the Defendants to this point.  Without the scrutiny that we demand in our complaint, the Defendants are likely to continue their trend to

evade the application of law and the protection of the rights of passport applicants unless coerced to do so.

11.     What is are the Defendants waiting for with regard to the issuance of Lewis's renewed passport?  They have a duty to issue the thing.  There is no need to obtain "wishes" of the Plaintiffs.  Those wishes are expressed fully in their complaint, motions, and memoranda prior to the courts' arbitrary order and opinion of March 25, 2022.  Promise of future obedience to the law is not evidence of obedience to the law.   The Defendants have a duty to obey the law notwithstanding litigation status, especially since there is no question regarding their duty to issue the renewed passport to Mr. Lewis.

12.     We reject the notion that Plaintiff Lewis will have fully received equitable relief when he confirms the address to which he would like the Department to send his passport.  The substance of the response of Mr. Lewis, and the response of Mr. Carmichael, was due to the Defendants invitation to treat the matter of Mr. Lewis passport renewal as a carrot on a stick.  The response was done in such a way as to ensure that the Plaintiffs in no way were conceding to the judge's arbitrary dismissal, and the court's sua sponte setting up the Plaintiffs to participate in a new remand/settlement agreement with the lawless Defendants.  The Defendants have a duty as a matter of law to issue the renewed passport, <u>sending it to the address listed on the application</u>.  That address happens to be the service of process address for Mr. Lewis that is listed on the Docket and that is cited in every filing and certificate of service from the beginning to inopportune end of his case in the District Court.  The Defendants, and their new Attorney, continue to play games with the Plaintiffs, the court, and the law.

13.     Notice the scheme of the Defendants manifested in their attempting to bait the Plaintiffs into a seemingly voluntary "paid-in-full" status where the Defendants Attorney states,

"Accordingly, the Department respectfully suggests that Plaintiff Lewis will have fully received the equitable relief he seeks in this matter when he confirms the address to which he would like the Department to send his passport." None of the Plaintiffs will be "paid-in-full" (obtained complete relief) until their complaint is fully adjudicated, a judgment is a matter of record, and all damages as a matter of law as well as equity are fully paid from all liable parties; or until there is a substantive consent decree where the Plaintiffs, their posterity, and those of their religious community can be reasonably sure that they will not be subjected to the same lawless persecution and torment by the Defendants, and suitable compensation can salve some of the hurt to the lives and liberties of the Plaintiffs.

### Carmichael's Passport Revocation Adjudication Will Reveal In Fact And Law That The Passport Revocation Can And Should Be Voided

14. The Defendants Attorney's statement regarding the voiding of the revocation of Carmichael's passport is not supported by his mere conclusive statements or by the mere conclusive statements of Mr. Paul Peek in his declaration. Contrary to the Attorney's statement, the Department does have the authority to void the revocation since the revocation is void as a matter of law. This matter needs to be adjudicated with full due process, discovery, etc., according to the Rules of court in order to obtain complete relief as demanded by the complaint and as a matter of law.

15. As the Defendants Attorney stated, "passports are valid for a period of ten years from the date of issuance, see 22 C.F.R. § 51.4(b)(1)." However, the caveat offered by the Attorney is untrue where he says, "until, among other events, the Department approves a revocation notification. 22 C.F.R. § 51.4(g)(1)." If the Department unlawfully "approves a revocation," the revocation is void as a matter of law. We have no evidence that the Department merely "approve(d) a revocation." Discovery would have revealed that the due process

necessary to "approve" a revocation did not occur; and that the due process was wantonly malevolent, or deliberately negligent, and actionable against both the Department and the miscreant officer, employee or agent of the Department (That means by implication… not in an official capacity).  The complaint demanded a judgment, after discovery to find the hidden actors, and the hidden acts, that led to the malevolent unlawful (not merely erroneous or a "misstate") revocation of Carmichael's passport.  The complaint did not say that complete relief is where the matter is swept under the rug.

16. The conclusive statements by the Defendant Attorney, alluding to or quoting the declaration of Paul Peek is not evidence, and the declaration of Paul Peek is not evidence.  It wants adversarial challenge.

17. The secret adjudication described as "During the remand period" by the Defendants' Attorney is not the remedy provided by law to which we demand to be provided.  It is the court that is duty bound to find as fact and conclude as law "that (Defendants) should not have revoked Plaintiff Carmichael's passport."  It is up to the adjudication of the court to determine what the Defendant can and cannot do regarding the voiding of the revocation, after full discovery of the processes that are demanded by law, in light of what the conspirators did contrary to the laws.

18. Again, the Defendant Attorney, without producing evidence, says that "the Department lacks the authority to deviate from this process."  What process?  That process can only be determined after robust discovery and evidence examination in an adversarial process.

19. The Defendant then suggests some pragmatic reasons, without evidence, why the Department would not deviate from the alleged process.  Its <u>first reason</u> has no basis.  Plaintiff Carmichael has not demanded that the Defendant reissue a passport book as the Defendants'

Attorney alleges, with either an old or new number. Plaintiff Carmichael has demanded that the revocation be declared void. There is no need for the reissue of the passport document that he continues hold in his custody.

20. The Defendant Attorney's <u>second reason</u> is irrelevant. Not only can the Defendant not control how other U.S. agencies or foreign countries accept and incorporate into their systems a later communication rescinding a notice that the Department had revoked a passport tied to a particular passport number, it is none of their concern. The Defendant cannot benefit from arguing opposite points in their favor. The Defendant at one time said that it was irrelevant that the Transportation Safety Administration (TSA) will not let the Plaintiffs on airplanes now that their passport are revoked or not renewed but that it was a matter that we had to take up with that agency (ECF TBD).

21. The Defendant then hypocritically misapplied compassion for Carmichael, that it must not void the revocation of Carmichael's passport in speculative fear that he might have some trouble at the border on suspicions of traveling on an invalid or revoked passport. <u>Such a speculative situation puts Mr. Carmichael **in a much better situation than he is now**</u>. At least in that situation, he can get on an airplane and cross the border after an opportunity to tell his story, showing other documentation such as a judgment order or correspondence from the repentant Defendant, and tell people of the good news of Gods plan for our salvation in both temporal and internal things. It will be just like the last foray of Carmichael's crossing the border of Canada when they applied extra scrutiny on Carmichael, asking why he does not have a driver's license and why he does not have a social security number. Its all in a good days work of testifying of the good things of God. Again, Carmichael's detention, delay, or interesting conversations at the border are not the Defendants' concern. Interestingly, there was no offer

from the Defendants asking Carmichael whether he wished to face the speculative challenges.

22. Again, **we reject** the notion that the Defendant fulfilling its duty as a matter of law to issue Lewis a passport and to void the revocation of Carmichael's passport fulfills the magnitude of the equitable relief that they seek.

### Proposed Schedule Not In The District Court's Power To Set

23. The Defendants note that the case has been docketed as on Appeal to the District of Columbia Circuit Court (ECF 132-135).  The Court ought not to entertain the Defendants' motions until the Circuit reviews the case de novo, vacates the district court order, and issues the appropriate mandate.

### Summary

24. "All Plaintiffs have been notified of this response and have communicated their affirmation that the Defendants' status report has falsehoods in it, and is a testament to the Defendants continuing to exhibit in practice hostility to the natural, fundamental, and relative rights, privileges and immunities of the Plaintiffs.

(s) *David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  (23664}
(757) 850-2672 (LL) (757) 320-2220 (c)
david@freedomministries.life


s/*Lawrence Donald Lewis*
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848
(208) 443-3852  /  larrynordlewis@povn.net

s/*Michelle Boulton*
Michelle Boulton
8491 Hospital Dr., # 178
Douglasville, GA 30134-2412
770-315-5724 / LadyTia2@aquawest.net


s/*Rick Dale Hollingsworth*
Rick Dale Hollingsworth
P.O. Box 25
Matteson, Ill 60443
708-306-0040  /  grnmachine95@yahoo.com