## Re: Mr. Lewis's Response To DeGenaro Email

david freedomministries.life <david@freedomministries.life>
Tue 5/17/2022 4:03 PM

To: DeGenaro, Stephen (USADC) <Stephen.DeGenaro@usdoj.gov>

Dear Mr. DeGenero,

Thank you again for your very prompt response.  It is a marvelous motivation for me to provide the same courtesy.  Your concern for me pushes you to the top of my day's agenda.

Mr. Lewis in his response today, and I in my response (discussed among Plaintiffs) to your initial email addressed your communication consistent with everything we've said to this point in the case.  The Court's April 25th order did not order the Plaintiffs to do anything.  It ordered the Defendant to rethink its position of which we had exposed to the court as being faulty.  The court ordered the defendant to issue the passports, in my case correct its records, in accordance with the law, etc., and the wishes of the Plaintiffs.  We are not going to communicate any wishes to you subsequent to the judge's order that has enabled a continuance of our injuries.  All of our wishes were filed in the nature of a demand prior to the judge's order.  From the inception of the complaint, Mr. Lewis demanded that your client issue the passport of which your client unlawfully denied its application in 2019; and of which it committed a second violation of the Privacy Act and Paperwork Reduction Act, inter alia, when it unlawfully denied it again for non-religious reasons, under the auspices of the supposed remand, the false statement regarding a photograph, and the false statement regarding the agency's communications to Mr. Lewis, Pakosz, and myself.    Your suggestion or question of whether Mr. Lewis's passport renewal should be sent to Mr. Lewis at his address in Nordman Idaho seems out of place to me.  When the Passport agency approves a passport renewal application, they send to the application at the application address.  They don't try to use the stalling of their lawful duty to issue the passport renewal as a means to bait the applicant into appearing to be settling a matter of litigation.  Unless their conduct is malevolent.  Mr. Lewis did not fall for the bait of asking for his approval of whether his renewed passport is for ten years or for a shorter time.  The delay in loosening his chains is not mitigated by a Lewis silence.  The duty for your client to issue the passport is not hinged upon any discretion of Mr. Lewis, it is a matter of law.  We would have some concern if the Code of Federal Regulations language did not leave any wiggle room for you to issue a ten year passport versus a 7 year passport.  The shortening of the time of the total age of photograph in the renewed passport does not appear to be demanded by the CFR.  So as far as we have discussed among ourselves, a ten-year renewed passport is not likely be worthy of the sustaining of any objection because it does not seem to be prohibited.  Again, there is no settlement, it is not about our wishes, it is about the law.

In my situation, I've stated from the beginning that as a matter of law, the revocation of my renewed passport was done contrary to the law and is therefore void as a matter of law.  However, as I understand it as a practical matter, your client's paper record is not void until voided.  The record is voidable but will take that act of a clerk to make it void as a matter of a paper record.  At that point, that renewed passport of which I still hold will no longer be in a revoked status as far as the agency, and the border officials, among others are concerned.  I will no longer be unlawfully imprisoned in the geographical boundaries of the United States and will not be subject to the impounding of my passport that was lawfully renewed in January of 2018.  That is why I expressed in my filings that the Court needed to impose whatever mandates were necessary once we found out by discover what the actual internal process was to correct the paperwork.  Your client needs to do their duty as a matter of law, which includes that which is morally right.

Thus, we have no duty to agree to anything with regard to your client's duty to do that which is right.  I, and we, should not have to suggest that which your client should do unless it is a matter of a settlement agreement proposal.  So far, your agency and the agency of your client has not shown the propensity to address this issue from a morally right or lawfully right perspective, nor has it shown the propensity to fulfill even a meager portion of its duties with being coerced to do so.

On a separate subject.  If your client is open to settlement, we have demands that need to be addressed.  I am continuing to have to take on a workload of assisting those who continue to have their renewal applications denied just as ours have been.  I have other things that I ought to be doing with my time but for the systemic disfunction of your clients' administrations.  That conduct of your clients' needs to be reversed and I, and we, are more than happy and even eager to assist your client in solving that problem.  If you read our filings, you'll find that one of our duties to Almighty God is to submit to the institution of men that He has providentially set in place.  We have an obligation to make sure that you, your client, we, the court, and all concerned, are doing our part to preserve the law that is the minister that God intends should preserve the people of our land.  It appears to us, that we Plaintiffs are more suited to a reasonable view of what is needed in order to apply the law to those in situations such as ours.

We have been damaged.  It most likely has shortened my life span.  My heart calcifications and blood pressure are particularly tied to the emotional stress that this civil conflict  has initiated.  It brought misery to Mr. Pakosz, to the very last few days of his very noble life.  He was denied his sacred pilgrimage when he was at a place to still be able to travel to Poland to celebrate the sacrifices that his ancestors made for the sake of the freedom of mankind.  His battle with cancer was something that he knew that he could not stave off too much longer.  The timing of the scheduled celebration in Poland was going to be a fulfillment of a major item on his bucket list for those things he hoped to accomplish while he remained alive.  His wife Dolores, and his adult children suffered by his side as he had anguish over the chains that your client unlawfully placed upon him.  The personal relationships of Mr. Lewis's, with people across our borders, have been injured by the forced alienation of opportunity to share Christian faith and affection.  It is, as a matter of law, a trespass of false imprisonment, a damage for which temporal relief might merely be pecuniary compensation to the injured; and it wants imposition of punitive sanctions on the perpetrator.  Should the facts be exposed regarding what they did to Michelle Boulton, it would likely fulfill the burden necessary for criminal sanctions, notwithstanding punitive damages from those acting under the color of law.  Ultimately, we know that it is appointed for once man to die and then the judgment.  But for the salvation by belief on the Son of God, nobody escapes the wages of sin.

So... If you want to talk about wishes... you are going to have to find someone to belly up to the bar who is a responsible and moral adult, from within the agency, who has the fulfillment of the law and the purposes of government as espoused by our founders as their foremost motive.

Thus... our wishes are expressed in our papers prior to the order of April 25th.

As always, I will forward this communication to the other Plaintiffs.  Let them say what they might if they so desire.  I will be the point of contact.

Thank you again for your courteous and timely responses.

David Alan Carmichael
(757) 320-2220

**From:** DeGenaro, Stephen (USADC) <Stephen.DeGenaro@usdoj.gov>
**Sent:** Tuesday, May 17, 2022 1:35 PM
**To:** david freedomministries.life <david@freedomministries.life>
**Subject:** RE: Mr. Lewis's Response To DeGenaro Email

Mr. Carmichael,

Thank you for sharing.  Mr. Lewis's letter did not address whether he is willing to accept the Department's offer to issue him a regular passport, which will be valid for 10 years.  The Department is prepared to issue Mr. Lewis a passport with the previously submitted photograph and without having to submit a social security number.  The Department has asked me to confirm the manner in which Mr. Lewis would like to receive his passport.  Mr. Lewis appears to wish to communicate through you, so could you please ask him?  Should the Department send it to his address in Nordman, Idaho?

Thank you,
Stephen

Stephen M. DeGenaro
Assistant United States Attorney
United States Attorney's Office
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-7229
Email: Stephen.DeGenaro@usdoj.gov

**From:** david freedomministries.life <david@freedomministries.life>
**Sent:** Tuesday, May 17, 2022 1:22 PM
**To:** DeGenaro, Stephen (USADC) <SDeGenaro@usa.doj.gov>
**Subject:** [EXTERNAL] Mr. Lewis's Response To DeGenaro Email

Dear Mr. DeGenaro,

Attached is the Lewis response to your email.

Sincerely,

David Alan Carmichael
(757) 320-2220

cc:  Plaintiffs