United States District Court,
District of Columbia

| | |
|---|---|
| David Alan Carmichael, et al. )<br>)<br>*Plaintiffs* )<br>) Case No: 19-CV-2316-RC<br>v. )<br>)<br>Michael Richard Pompeo, *in his Offiicial* )<br>*capacity as Secretary of State, et al.,*[1] )<br>)<br>*Defendants* ) | |

**Plaintiffs' Objections To May 25, 2022 Minute Order and Notice of Intentions To Move For Stay In Circuit Court**

1.  Plaintiffs-Appellants object to the District Court's minute order of May 25, 2022.

2.  We object to the court coercing a legal strategy upon, their favored party, the Defendants-Appellees.  After the Plaintiffs-Appellants filed their notice of appeal to the Circuit Court, the Defendants-Appellees exercised their prerogative to make a motion for stay of proceeding in the District Court (ECF 136).  Three Attorneys in the Department of Justice considered the motion for stay, Matthew M. Graves, D.C., United States Attorney, Brian P. Hudak Chief, Civil Division, and Stephen DeGenaro, Assistant United States Attorney (*Id*. p. 5).  The Court denied the government's stay motion and, sua sponte, imposed a duty upon them to file another dispositive motion for mootness or any other thing.  The particular order to file a dispositive motion on its face seems <u>intended</u> to bode badly upon the Plaintiff-Appellants, denying them the complete relief that is due them.  That tactic by the District Court, in prejudice against the Plaintiffs-Appellants, is an abuse of discretion.

---

[1] Original styling -  Antony L. Blinken is now the principal of record by succession of office, Rule 25(d).

3.      After the status report of the Defendants-Appellees and the Response by the Plaintiffs-Appellants, a more appropriate sua sponte order would be one of granting the Plaintiffs' standing demand for the voiding of Carmichael's passport.  Carmichael's demand for the voiding of the revocation of his passport is something that can be accomplished as a matter of law and is warranted on the basis of fact and law.  Another more suitable order would be the granting of their standing motion for a scheduling conference to commence discovery in order to enable the court to make an authentic finding of fact and conclusion of law on the merits of the case.

4.      The Court was aware through its CM/ECF filing system that the <u>Circuit</u> Court docketed the case on the Morning of May 25, 2022, as No. 22-5143 (Dkt. 1948008).  A scheduling order had been issued by the Circuit Court many hours before the Judge's minute order in the District Court (Dkt 1948010).  It is the prerogative of the Circuit Court to schedule the deadline for dispositive motions for matters on appeal pursuant to the Rules of Appellate Procedure (Rule 8(b), local rules of the D.C. Circuit).  The deadline for such a dispositive motion is forty-five (45) days pursuant to Rule 27(g) *id*, not the thirty (30) days given the Defendant-Appellee in the District Court's minute order.  As well, it is the prerogative of the party to elect the legal tactic.

5.      The District Court also ordered that Appellant Carmichael convey how he wants to take possession of a document submitted to the District Court as evidence.  Mr. Carmichael had filed a directive to the District Court clerk to send that document to the Circuit Court with the complete record pursuant to Rule 11(b)(2) of the Rules of Appellate Procedure (ECF 132-1).  It is the party's prerogative to direct the Clerk to send that document with the record, not the prerogative of the District Court to order the Appellant to "take possession" of it.

6.      The District Court errored as a matter of law as well as abused its discretion where it issued mandamus by minute order without a finding of fact and conclusions of law on the substantial

matter of the passport renewal application approval of Plaintiff-Appellant Lewis. Whether or not Mr. Lewis's passport was unlawfully denied, how it was denied, and why it has remained denied for three years is the substance of the merits of Mr. Lewis's complaint. The absence of a finding of fact and conclusions of law is fruit of the District Court's unwarranted denial of the Plaintiffs-Appellants' motions for discovery.

> The heavy burden of demonstrating an abuse of discretion is made more difficult for appellant by the trial judge's failure to make, as required by Super.Ct.Dom.Rel.R. 52(a), written findings of fact and separate conclusions of law. This court has declared on a number of occasions that such findings of fact and conclusions of law are a prerequisite to meaningful appellate review. Petition of G.F.C., Jr. and L.M.C., D.C.App., 314 A.2d 486 (1974). See also Sheridan v. Sheridan, D.C.App., 267 A.2d 343 (1970); Butler v. Butler, D.C.App., 239 A.2d 616 (1968); O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486 (1958).

7. Fact and law related to all of the Appellants' passport denials or revocations is the basis upon which damages are the appropriate relief for the unlawful restraint upon the Plaintiffs-Appellants, confining them within the borders for over three years without due process and in violation of the laws protecting religion. A real judgment is necessary for the sake of the public interest, complete relief, and for the qualification of costs under the Equal Access to Justice Act.

### Notice of Motion for Stay To Be Filed In The Circuit Court

8. The Plaintiffs-Appellants perceived in the Court's March 25, 2022, order that it placed no duty upon the Plaintiffs for which they were required to file a motion for stay in the District Court prior to their filing the notice of appeal. Since the District Court has already denied the Defendants'-Appellees' motion for stay pending appeal; and since the Court filed its May 25, 2022, order after the case was fully docketed to the Circuit Court; and since the Plaintiffs-Appellants perceive hostility and prejudice by the District Court's one-sided preferences throughout the case notwithstanding all law and facts that favor the Plaintiffs-Appellants; among other things; <u>we hereby notify</u> the District Court that, pursuant to Rule 8(a) of the Rules of

Appellate Procedure, we intend to file a motion for stay in the Circuit Court, regarding the District Court's minute order of May 25, 2022.

        s/*David Alan Carmichael*
        David Alan Carmichael
        1748 Old Buckroe Road
        Hampton, Virginia  23664


        s/*Lawrence Donald Lewis*
        Lawrence Donald Lewis
        966 Bourbon Lane
        Nordman, Idaho  83848


        s/*Michelle Boulton*
        Michelle Boulton
        8491 Hospital Dr., # 178
        Douglasville, GA 30134-2412


        s/*Rick Dale Hollingsworth*
        Rick Dale Hollingsworth
        P.O. Box 25
        Matteson, Ill 60443