David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664

June 13, 2022

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
Attn:  Finance
333 Constitution Ave NW
Washington, DC 20001

Re:  U.S. Circuit Court Case #22-5143, Notice of Motion For Stay, Case of District
     Court Case #1:19-CV-2316-RC

Clerk Caesar,

Enclosed a copy of the motion that we filed in the U.S. Court of Appeals for the D.C.
Circuit today, case No. 22-5143.

Respectfully,

David Alan Carmichael
Plaintiff

Enclosed:  Motion filed in the Circuit Court, D.C.

RECEIVED
Mail Room

JUN 1 4 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

No. 22-5143

United States Court of Appeals for the District of Columbia

David Alan Carmichael, Lawrence Donald Lewis, Michelle Boulton, Willaim Pakosz (Rick Hollingsworth as Substitute/Carmichael Alternate)

Plaintiffs-Appellants

v.

Antony L. Blinken, in his official Capacity Succeeding Michael Richard Pompeo as Secretary of State, the United States Department of State, the United States, and Yet To Be Named Anonymous Co-Conspirators (not in their official capacity)

Appeal from the United States District Court for the District of Columbia
Case No 1:19-cv-02316-RC
The Honorable Rudolph Contreras

**Appellants Motion To Stay The District Court Order of May 25, 2022**

(Unrepresented)

RECEIVED
Mail Room

JUN 1 4 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# TABLE OF CONTENTS

Table of Authorities.................................................................................................iii

Appellants' Motion To Stay The District Court Order of May 25, 2022 ................. 1

The Appellants File The Notice of Appeal Prior To The District Court Order....... 1.

The District Cour Denied Appelless' Motion For Stay ........................................... 1

The Circuit Court Has Jurisdiction......................................................................... 1

The Distric Court Denied The Appellees' Motion For Stay ..................................... 2

Circuit Court Immediate Injunction Is The Appropriate Relief............................... 2

Background – Summary of The Case Proceeding .................................................... 3

Apellants Survived First Challenge To Standing..................................................... 4

Appellees Commenced Frivolous and Fraudulent Delay.......................................... 5

Frivolous Remand Rubberstamped .......................................................................... 6

Appellants Demanded The District Court To Explain Itself by A Finding .............. 7
    of Fact and Conclusions of Law

Notional Accommodation Without Actual Accommodation.................................... 8

Appellant Boulton Religious Accommodation Denied And Lied About It............ 12

The Case Is Summarily Dismisssed Without Consideration of Fact or Law ......... 15

The Appellants Objected To The District Court Order and Gave Notice............... 16
    of Intent To Move The Cirucit Court To Stay The District Court Order

Rule 8 Reasons Why A Circuit Court Injunction Is Warranted............................... 16

The Appellants Perceive Hostility ............................................................................ 16

The Minute Order Does Not Fulfill The Rules Regarding Injunctive Relief ......... 17
    Demanded By The Appellant in Their Complaint – Which Is the Finding
    of Fact and Conclusions of Law

The Non-Finding of Fact or Conclusion of Lw Orders Have Perpetuated ............. 18
    Injustice

The Appellants Are Likely To Prevail, Their Complaint Is Sufficient ................... 20
    To Warrant Nominal Damages At Least, Among Other Damages

The Appellants Notified The District Court of This Motion For Stay .................... 22

The District Courts' Ordering Appellant to File Another Dispositive Motion ....... 23
    In the District Court Initiates Another Unnecessary Delay

The District Courts' Standing Denial of Discovery For The Appellants ................ 23
    Precludes Justice Even If The Appellees File Another Dispository
    Motion In The District Court

Summary .............................................................................................................. 24

Enclosures

    Certificate of Compliance

    Certificate of Service

# TABLE OF AUTHORITIES

United States Supreme Court

    *Uzuegbunam, et al. v. Preczewski, et Al.* ...................................................... 21
        592 U.S. ____ (March 8, 2021)

United States Code of Federal Regulations

    22 C.F.R.  51.26 .......................................................................................... 11
        *Photographs*

United States Code

    22 U.S.C. § 2721 .......................................................................................... 5
        *Impermissible basis for the denial of passports*

Federal Rules of Appellate Procedure

    Rule 8(a)(2) ........................................................................... 1, 2, 3, 24, 25
        *Motion in the Court of Appeals; Conditions on Relief*

Federal Rules of Civil Procedure

    Rule 16 ....................................................................................................... 5
        *Pretrial Conferences; Scheduling; Management*

    Rule 26 ....................................................................................................... 5
        *Duty to Disclose; General Provisions Governing Discovery*

**Appellants' Motion To Stay The District Court Order of May 25, 2022**

1.     The Plaintiffs-Appellants (hereinafter "Appellants) David Alan Carmichael, Lawrence Donald Lewis, Rick Dale Hollingsworth (substitute for William Mitchell Pakosz) and Michelle Boulton, move the Circuit Court to stay the May 25, 2022, minute order of the District court, District of Columbia, case no. 1:19-cv-02316 (Addendum, U.S. Dist. Ct. Docket, May 25, 2022 – Minute Order). The situation warrants that this motion be filed in the Circuit Court, pursuant to Rule 8(a)(2).

**The Appellants Filed The Notice of Appeal Prior To The District Court Order**

2.     The Appellants filed a notice of appeal which the district court docketed on May 22, 2022, on record with the circuit court, Case No. 22-5143, Document No. 1948008.

**The District Court Denied Appellees' Motion For <u>Stay</u>**

3.     May 24, 2022, the <u>Appellees</u> filed a status report in the district court where they moved to stay the proceedings of the district court pending the determination of the Circuit Court on appeal (Doc.#1948008, p. 17, Dkt. 137).

**The Circuit Court Has Jurisdiction**

4.     The morning of May 25, 2022, the Circuit Court docketed case number 22-5143 (Doc.#1948008) and a scheduling order was issued (Doc.#1948010).

### The District Court Denied The Appellees' Motion For Stay

5.    The same day, many hours later, the district court denied the Appellee's stay motion, and sua sponte ordered the Appellee to file a dispository motion of for mootness or any type by June 24, 2022 (Doc.#1948008, p. 17, Minute Order 05-25-2022).

### Circuit Court Immediate Injunction Is The Appropriate Relief

6.    The District Court had dismissed all of the substantive and procedural motions of the Appellants in its minute order of March 25, 2022.  It left merely a suggestion to the Appellees that they rethink their position related to the admittedly unlawfully denied and revoked passports of the Appellants.

7.    The Appellants objected to the March 25, 2022, minute order (*Id.*, pp. 15-16, Dkt. 127, 129-131, Apr. 4 – 18).  The conduct of the district court and its abuse of discretion, error as a matter of law, and clear error as a matter of fact; ignoring all of the Appellants details substantive motions, arguments, facts, statutes, procedures, rules, and complaints of the Appellees' misconduct – the Appellants were compelled to file for appeal as a matter of right.

8.    Pursuant to Rules of the Court of Appeals, Rule 8(a)(2)(A)(i), the filing for a stay in the district court is impracticable; and (ii) that it has already been denied.  Also, Pursuant to local Rule 8(a)(2)(B)(i) it is likely that the moving party will prevail on the merits; (ii) there is a high probability that there will be

2

irreparable injury to the moving party, particularly Mr. Carmichael, if relief is withheld; (iii) there is no possibility of harm to other parties if relief is granted; and (iv) the public interest is served only if the Circuit Court takes jurisdiction to ensure: The facts of the case are fully exposed by a legitimate adversarial process; the government acts according to law and regulation rather than what seems reasonable to a potentially reprobate bureaucrat; the law protecting religion is construed liberally; the remedies provided by law to protect religion are construed liberally; and the Rules and adversarial processes are construed in such a way to reach justice for the injured rather than hiding the malevolence of the perpetrators.

## Background – Summary of The Case Proceeding

9.    The Appellants made requests for religious accommodation that they have their passports renewed without identifying with a Social Security Number (SSN) (Doc.#1948008, pp. 2 & 7, Dkts 1 & 50).  The requests for religious accommodation were completely ignored and the passport renewal applications of Mr. Lewis, Mr. Pakosz, and later Mrs. Boulton, were denied.  Mr. Carmichael's passport, renewed in January 2018 without a SSN, was revoked in response to his attempting advocacy for his similarly religiously situated friend Mr. Pakosz.

10.    Mr. Carmichael filed suit, pro se, on nine counts.  Lewis and Pakosz joined Carmichael a few months later (*Id.*, p. 2-3, Dkts 1, 5, 6).  Mrs. Boulton moved to intervene/join in May 2021, (*Id.*, p. 13, Dkts 92, 94).

11. The Appellees have turned from demurring the complaint by arguments not supported by law or fact, to trying to moot the case notwithstanding law and fact. The district court has enabled the Appellee to evade scrutiny, embracing perjured statements, rubberstamping unsupportable frivolous Appellee dilatory motions, denying discovery to the Appellants, and tag-teaming with the Appellees in tactics to unjustly clear the Appellants from the district court's docket. After three years of the Appellants attempting to litigate for the finding of fact and conclusions of law, the district court with the Appellee Attorneys have strung out the process so that the Appellees have had to merely conceded that they should not have denied or revoked the Appellants' passports. During that time the Appellants have unnecessarily suffered the unlawful restraint upon their liberty, and the unwarranted delay to the cessation of that restraint. Yet the appropriate adversarial process to expose the particulars of the unlawful conduct and get complete relief to include a finding of fact and conclusions of law, and damages, etc., has been denied to the Appellants contrary to law, contrary to the Rules of Court, and contrary to justice.

**Appellants Survived First Challenge To Standing**

12. After a first round of dispository motions by the Appellees, the standing of Carmichael, Lewis and Pakosz survived in the district court on three counts of their complaint, the Religious Freedom Restoration Act, the Fifth Amendment, and

4

the Privacy Act., *Carmichael et al. v. Pompeo, et al.* 486 F.3d 360 (D.C. Dist. Aug.

28. 2020 (*Id.*, p. 7, Dkts 44, 45).

13.   The Appellants filed objections and a motion for reconsideration on parts

of the opinion and order that the district court dismissed or decided incompletely

(*Id.*, p. 7, Dkt 47).   The Appellants intend to bring those objections to the Circuit

Court due to the grave injustice and evisceration of a statute intended to protect

first amendment rights (22 U.S.C. 2721, Impermissible basis for the denial of

passports, among other things.

14.   Having previously been denied a motion for discovery, the Appellants

provided the Appellees with a thorough discovery proposal pursuant to Rule 26

after the order and opinion of August 28, 2020.   It was in preparation for a motion

for a scheduling conference pursuant to Rule 16 (*Id.* p. 8, Dkt 54, labeled in the

document as Att. 2 – Clerk's office combined all attachments into one document)

### Appellees Commenced Frivolous and Fraudulent Delay

15.   Rather than answer the Appellants' discovery proposal, the Appellees

invited the Appellants to participate in a voluntary remand (*Id.*, p. 8, Dkt 54, Att.

3).   The Appellants protested on the record in their status report, explaining to the

district court that such a remand notion was a frivolous delay, not supported by

evidence; the government already had all the information that they needed from the

Appellants from the time that their passport renewal applications were submitted;

5

that the Remedies provided by law to the complainants and the Rules of Court to

administer that remedy did not provide for the proposed remand; and that the

Appellees had a duty as a matter of law to issue the passport renewals of Lewis and

Pakosz, and void the revocation of Carmichael's (*Id.*, p. 8 , Dkt 54-0), among other

things.

16.   The Appellants further protested and rebutted the Appellees remand

motion, providing evidentiary affidavits with their notices and demands for the

Appellees to stop their frivolous delays or produce evidence to show cause why the

matter should go forward (*Id.* p.8, Dkts 53 and 56-60).  The Appellants then

responded to the Appellees' remand motion with a strong protest, addressing the

matter as a matter of law and fact (*Id.* p. 9, Dkt 65).  There the Appellants provided

substantive arguments and citings of higher court authorities that barred the district

court for the whimsical remand proposed by the Appellees.

### Frivolous Remand Rubberstamped

17.   Without requiring any evidentiary support for the governments' remand

motion, contrary to the rules, against the Appellants' substantive objections,

without addressing the Appellants' substantive arguments supported by statute and

higher court rulings, the district court by minute order imposed a supposed 90-day

remand by mere minute order (*Id.*, p. 9, Minute Order, Jan. 20, 2021).  The

Appellants motioned the district court to "reconsider its mistake, error, and abuse of discretion, and rescind the order." (*Id.*, p. 10 Dkt 72)

## Appellants Demanded The District Court To Explain Itself by A Finding of Fact and Conclusions of Law

18. Appellants then moved for declaratory judgment and partial finding of fact and conclusions of law on the lawfulness and propriety of the remand order as a matter or law and the Rules of Court (*Id.*, p. 183-187, Dkt 75-0). The alternative was for the district court to order discovery and compel the Appellees to issue the unlawfully denied passports and to rescind the unlawful revocation. The memorandum in support of the motion was extremely substantive citing principles and fundamentals of law, statutes, rulings by the U.S. Supreme Court, statutes, and Rules promulgated by that court (*Id.*, p. 10, Dkt 75-1). There, the Appellants summarized prophetically the fruit of the district court's refusal to adjudicate:

> "The Plaintiffs' studied-treatises are intended to rightly guide the Defendant to lawful conduct in reaching our goals of relief. However, without the Court making finding of facts and conclusions of law, on the basis of those facts and law rather then the mere rhetoric of the Defendants, the labor and the treatises of the Plaintiffs are merely chasing the wind." (Dkt 75-1, pp. 43-44)

19. The district court has thus far refused to address the matters of fact and law relating to its order imposing its remand order and the motion of the Appellants for the district court to declare the law. Yet, the district court and the Appellees continually cite the remand as the controlling circumstance.

7

20. The next day, in reaction to the Appellants' moving for declaratory judgment and finding of fact and conclusions of law, the district court ordered a status report from the Appellees. (*Id.*, Dkt minute order Feb. 26, 2021).

### Notional Accommodation Without Actual Accommodation

21. The Appellee provided a status report on March 5, 2021 (*Id.* p. 11, Dkt 80). There they admitted the frivolity of their remand motion:

> "After the Court's Remand Order, the Department conducted a thorough review of Plaintiffs' prior passport applications and submissions in this litigation. The Department recently completed this review and has determined that there is no need to request any additional evidence from the Plaintiffs during the remand period." (Dkt 80, pp. 1-2, ¶2.)

22. There was no correspondence from the agency to the Appellants as would be expected under an actual remand. It was merely conclusive statements by the U.S. Attorney in its status report. The Appellants understood that there was no requirement whatsoever to provide the new applications and new photographs listed in the status report (Dkt 80, p. 2, ¶3.). It was a ploy to have the Appellants abandon the basis of their lawsuit, the unlawfulness of the denial of the applications that were the subject of the lawsuit. It was in effect a move at a supervised settlement. The new application and photographs were <u>not</u> required as a matter of law. The Appellants pointing these things out in their protest response to the government Appellees status report (Doc.#1948008, p. 11, Dkt 82).

23.   Appellant Carmichael moved for a status conference to address the

Appellants' motions (*Id.*, p. 11, Dkt 83).   On April 19, 2021, the district court

denied all of the Appellants' pending motions by minute order, <u>never making a</u>

<u>finding of fact or conclusion of law on the challenged remand</u>.   The district court

explained,

> """The Court reiterates that, as it said in that order, "Plaintiffs are
> encouraged to comply with Defendants' reasonable requests for further
> information in furtherance of Defendants' efforts on remand. The refusal
> by Plaintiffs to provide such requested information, if the Court finds that
> Defendants' new requests were justified, may serve as a basis for the
> State Department to legitimately deny the requests for accommodation."
> Id. Plaintiffs brought this case in order to obtain Passports without having
> to identify with a Social Security Number. The State Department has now
> offered them that opportunity and the Court is perplexed by Plaintiffs',
> apparent, refusal to take advantage of that opportunity. At this juncture
> (without the benefit of briefing by the parties), it appears to the Court
> that, given the passage of time since the original applications were
> submitted, the State Department would be acting reasonably to assure
> itself that the information in the previously submitted applications is still
> accurate and that up-to-date photographs are provided."" (*Id.,* pp. 11-12,
> Minute Order, Apr. 19, 2021)

24.   The remand order required the Appellants to provide whatever

"reasonable" thing for which the Appellees asked.   The Appellants protested

saying that <u>reasonableness is not the standard upon which the Appellees are</u>

<u>allowed to operate</u>, but rather according to the law and lawfully instituted

regulations (*Id.*, p. 12, Dkt 85, p. 4, ¶9.).   Those things asked for by the Appellees

were not required as a matter of law or regulation, and it would require the

Appellants to abandon any standing they would have in their protest that the Appellees remand delay tactic was frivolous and ought to be sanctioned.

25. On the 89th day of the remand period, April 19, 2021, the Appellees sent a letter to Lewis and Pakosz saying that their passport renewal was denied for non-religious reasons because they did not provide new photographs (*Id.,* p. 12, Dkt 85-7). The Appellees claimed that the photograph given at the time of application was not sufficient as a matter of law and policy. However, the reference cited, but not quoted by the Appellee, actually should that the photographs of Lewis and Pakosz were sufficient according to the reference that they cited. The same day, the Appellees sent a "replacement" passport to Mr. Carmichael using a photograph that was older than those of Lewis and Pakosz. (*Id.*, p. 12, Dkt 84–6). The process to obtain a replacement passport actually requires a new application and a new photograph. As a matter of law, regulation and the ordinary policies and practices of the Appellees, Carmichael would be required to provide a new photograph and Lewis and Pakosz would not. The Appellees were maneuvering to moot the case rather than acquiesce to the Appelants prevailing in substance.

26. Curiously, the district court issued a minute order the same day:

> """The Court reiterates that, as it said in that order, "Plaintiffs are encouraged to comply with Defendants' reasonable requests for further information in furtherance of Defendants' efforts on remand. The refusal by Plaintiffs to provide such requested information, if the Court finds that Defendants' new requests were justified, may serve as a basis for the State Department to legitimately deny the requests for accommodation."

10

Id. Plaintiffs brought this case in order to obtain Passports without having to identify with a Social Security Number. The State Department has now offered them that opportunity and the Court is perplexed by Plaintiffs', apparent, refusal to take advantage of that opportunity.'"

27. On May 4, 2021, Carmichael, Pakosz and Lewis protested the district court's April 19th minute order, notified the court of Appellee misconduct, and moved for relief from the court's order (*Id.*, p. 12, Dkt 85). Prior those objections to the April 19th order, Appellants Lewis and Pakosz filed a motion for the district court to compel the approval and issuance of their unlawfully denied passport applications (*Id.*, p. 12, Dkt 84). There the Appellants cited the Code of Federal Regulation, 22 C.F.R. § 51.26, that says that the applicant, "must submit with his or her application photographs as prescribed by the Department that are a good likeness of and satisfactorily identify the applicant." The Appellants also actually quoted the reference that the April 19th denial letter (*Id.*, p12, Dkt 84-8)

28. Mr. Carmichael complained in nearly every document since then that a replacement passport was not authorized in the situation, his passport having never been lost, a 'replacement passport' requiring an application and new photograph, and that part of the complete relief he demanded was the voiding of the unlawful revocation of his passport that he continued to hold in his custody (Ex. *Id.*, p. 13, Dkt. 90). Mr. Carmichael eventually sent the unlawful "replacement" passport document to the district court to hold it as the custodian until a determination was

made as to which passport is the lawfully issued passport (*Id.*, p. 14, Dkt 101).

Carmichael reminded the district court of the importance of applying the law:

> "The case and controversy before the court is due to the ultra vires activities of the Defendants. When a passport comes to me in the mail, and I find that even that "replacement" passport document is a result of ultra vires activities, I have the moral and civil duty to not participate or benefit from the act. As I said in my opposition to the statement in the order, " To partner with the evasion of the application of law is a partnership with sedition. In good faith, I cannot abate in my standing for complete relief as a matter of law." (*Id.*, p. 14, Dkt 101, p. 2, ¶4)

### Appellant Boulton Religious Accommodation Denied And Lied About It

29. After the Appellees told the district court that the religious accommodation issue had been solved (Doc. #1948008, p. 11, Dkt 80), Appellant Bouton applied to renew her passport without a SSN, requesting a religious accommodation. Mrs. Boulton's passport renewal application was denied solely because she did not put a SSN on the application (*Id.*, p. 13, Dkt 98, Boulton Response To Opposition to Join/Intervene, with Attachments 98-1 & 98-2, evidence). Upon first being denied her passport renewal application, Mrs. Boulton rebutted the denial, quoting the government's position in their status report to the district court about the availability of religious accommodation for Carmichael, Lewis and Pakosz (*Id.*, p. 15, Dkt 109, Boulton Affidavit p. 4, ¶12.). Mrs. Boulton joined the case after the second correspondence from the agency that denied her passport renewal (*Id.*, p. 15, Dkt 109, p. 6, ¶16, Boulton Affidavit).

30. The government's wantonly false answer to Mrs. Boulton's complaint was that they had not actually denied her religious accommodation request, or her

application, but were merely waiting for more information. In their opposition to

Boulton joining the case, the Appellees said:

> "As explained in Ms. Kristia Watkins's declaration, Ms. Boulton has not
> been denied any passport for failing to provide a social security number.
> On the contrary, Ms. Boulton executed a passport application on March
> 9, 2021. On or around the same day, the U.S. Embassy in San Jose, Costa
> Rica, sent Ms. Boulton a letter requesting additional information. She has
> yet to respond to this request and her application is still pending review.
> Ms. Boulton does not claim that her passport application has been
> unreasonably delayed. Rather, she asserts that the State Department
> denied her application for failing to provide a Social Security Number.
> As noted, this is false." (*Id.*, p. 13, Dkt. 95)

31.  What was that additional information requested? The SSN. Their under-

oath declaration that Mrs. Boulton's application was not denied for failing to

provide a social security number was submitted to the court one working day

before the denial was absolute due to the 90-day time expiring for her to give the

information, the SSN.

32.  It was indeed the denial of her religious accommodation request and the

demand for a SSN that was the bar to the renewal of Mrs. Boulton's passport

renewal. The government declarant, committed perjury by extrinsic fraud. Mrs.

Boulton filed a formal protest to the fraud (*Id.*, p. 13, Dkt 98, 98-1, 98-2).

33.  The supposed undenied Boulton application remained actually denied

over two months after the Appellees said that it was not denied for failure to

provide a SSN. After the two-month mark, the district court ordered the Appellee

to give a status report regarding the status of the government waiting for

information from Boulton (*Id.*, p. 14, Minute Order, Aug. 8, 2022). The next business day after getting the district courts' status report order, the government sent a letter to Mrs. Boulton telling her where and when she could pick up her renewed passport (*Id.*, p. 15, Dkt 109, @ 109-8 "Exhibit 8").

34. In their status report, the Appellee in so many words said that the government had provided the Boulton passport in due course after receiving information from Mrs. Boulton for which they were waiting:

> "On or around March 9, 2021, the U.S. Embassy in San Jose, Costa Rica, requested that Ms. Boulton provide additional information regarding her identity no later than June 7, 2021, to respond. Id. On August 10, 2021, the State Department notified Ms. Boulton that the administrative process regarding her passport application has been completed and a passport has been issued." (*Id.*, p. 15, Dkt 105, p. 2)

35. Mrs. Boulton had sent them nothing, and protested to the fraud once again (*Id.*, p. 15, Dkt 109, with twelve exhibits 109-1 through 109-12).

36. The Appellee then moved for dismissal on standing, Rule 12(b)(1) and (6), and for summary judgment (*Id.*, p. 14, Dkt 99). Notwithstanding Mrs. Boulton's protests and refutation of the false claims by supplying evidence, the Appellee for the third time wantonly falsely stated their motion's reply:

> ""<u>After Ms. Boulton submitted additional information</u>, see id., Ex. 3, the Department notified her that "[t]he administrative process has been completed and your passport has been issued." Id., Ex. 8 at 1."" (*Id.*, p. 16, Dkt 117, p. 9, last para.). (Underline emphasis added)

37.    Mrs. Boulton filed a motion for sanctions for the Appellees violations of

Rule 11 and 28 USC § 1001  (*Id.*, p. 17, Dkt 121).

**The Case Is Summarily Dismissed Without Consideration of Fact or Law**

38.  March 25, 2022, the district court dismissed the case of the Appellants,

never addressing the substance of the Appellants' briefs; never allowing the

discovery and adversarial process that is necessary for determination of the issues

put to the district court; never allowing the process necessary for the Appellants to

obtain the complete relief that is demanded by them and due to them as a matter of

law or equity.

39.  The district court then left to its own jurisdiction a not-moved-for order

for the Appellees, over a period of sixty-days (until May 24, 2022), to reconsider

the Appellee's position on how to treat the passports of the Appellants.  The

district court merely encouraged the Appellees to consider issuing Appellants'

passports and to void the revocation of Carmichael's passports pursuant to the law,

regulations and "wishes" of the Appellants.

**Appellants Filed For Appeal As of Right**

40.  With the substance of the case being ignored; the briefs of the Appellants

not being refuted but merely ignored; the substance of the case being dismissed;

the injury and relief of the complainants being swept under the rug; and the matter

of Carmichael's passport revocation being left to the whims of the Appellees rather

than to adversarial due process and the law; the matters summarily dismissed without find of fact and conclusions or law, nor with any support of fact or law; and those matter being of vital public importance, among other things; the Appellants filed their notice of appeal on May 18, 2022 (22-5143 Gen. Dkt., p. 1).

**The Appellants Objected To The District Court Order and Gave Notice of Intent To Move The Circuit Court To Stay The District Court Order**

41.   The Appellants filed an objection to the district court order of May 25, 2022 on June 1, 2022.  The Appellants notified the district court of the Appellants' intention to move the circuit court for a stay of the district court's order.

### Rule 8 Reasons Why A Circuit Court Injunction Is Warranted

42.   Since the district court immediately dimmissed the Appellees' motion for a stay of proceeding, it appears to the Appellants, on its face, the filing the same motion in the district court is futile, Rule 8(a)(2)(A)(ii).

### The Appellants Perceive Hostility

43.   Secondly, we Appellants perceive hostility from the judge's ordering the Appellee to exercise a particular legal tactic after the Appellee had opted for the tactic of having the case be considered by the Circuit Court.  The Appellee's stay motion was made by Matthew M. Graves, United States Attorney, Brian P. Hudak Chief, Civil Division, and Stephen DeGenaro, Assistant United States Attorney (Addendum, p. 5).  Unless there is some mandatory procedural requirement for the Defendant-Appellee to file a dispository motion on mootness or any other thing,

we Appellants perceive the district court's sua sponte order to be an abuse of discretion.

44.   Thirdly, the district court's order for Mr. Carmichael to retrieve the particular document from the clerk of the district court goes against a procedural right that Mr. Carmichael has in the Circuit Court pursuant to Rule 11(b)(2).  Mr. Carmichael, with his notice of no transcript, filed a directive for the clerk of the district court to send the particular document to the circuit court with the complete record (Doc.#1948008, p. 19, Dkt 132-1).  The document is to be used as evidence of the Appellees' malfeasance, frivolous and vexatious litigation, and potential violation of the standards of regulation, policy and practice which the Appellees claim motivated them to continue to deny passports to Mr. Pakosz and Mr. Lewis. The word of art used by the district court, "take possession" is an invitation for Carmichael to abandon his protest to the unlawful alternative to the pure application-of-the-law relief to which he demanded from the start, which is the voiding of the unlawful revocation of his passport.

### The Minute Order Does Not Fulfill The Rules Regarding Injunctive Relief Demanded By The Appellant in Their Complaint – Which Is the Finding of Fact and Conclusion of Law

45.   In its minute order, the district court ordered the Appellees to issue the passport for Mr. Lewis.  Ordinarily, the district court should have provided that injunctive relief in response to the motion to compel the issuance of passports

made by Lewis and Pakosz a year ago. Instead, the district court claimed in denying the motion to compel the issuance of the passports said that there was no legal basis to support it. (*Id.* p. 17, Dkt 124, p. 8). The district court did its part to ensure that the legal basis to support the motion was unreachable by the Appellants by the denial of their motions for discovery. The Appellants did provide affidavits and citing of law, regulation, and documentation of the Appellees' policies and procedures that were sufficient to warrant the district court to compel the issuance of the passports to Pakosz and Lewis. The district court in its dismissal of the motion to compel, instead of making a finding of fact and conclusion of law, merely suggested to the Appellees that they rethink their position.

## The Non-Finding of Fact or Conclusion of Law Orders Have Perpetuated Injustice

46.   After taking sixty (60) days after the March 25, 2022 order to rethink their position, the Appellees merely told the district court what the Appellees might do in the future (1:19-cv-02316, Dkt 136). Their commentary of whether they wanted to void the revocation of Carmichael's passport provided no evidence, merely commentary about what is allowed by the regulations. They speculated that Carmichael might be inconvenienced if he went to the border and a revocation rescission notice did not get into the hands of the border officials. Again, without discovery, a false conclusive statement by the Appellees cannot be exposed.

18

47. Each time that there is a document that can actually be examined to see if the Appellee's conclusive statements are true, they've been found to be abjectly false. To white-wash their frivolous denial and delay of passports to Pakosz and Lewis, the Appellees frivolously stated that "unbeknownst to them" that "last year" the rules regarding the currency of the passport photo were changed. When the document reference by the Appellees conclusive statement was examined, it was shown that their rules document regarding the currency of photographs was last changed in June of 2016.

48. The Appellees' conclusive, without evidence, outright fraudulent, false or frivolous statements have been the entirety of what the district court has relied upon, in lieu of evidence, to stall and deny the Appellants' relief throughout the case. The most recent example, even with a change in the assigned attorney, the Appellees told the court that "unbeknownst" to them, the instruction had changed last year to say that a photograph had to be current as of the date of the passport application. When the actual instruction was examined, it was found to have been last revised in June of 2016 for the section regarding photographs. It is possible that the requirement has always been the same, the Appellees are merely implying without actually saying that it changed "unbeknownst" to them. It is likely that the procedural requirement prior to 2016 was the same. Notwithstanding "unbeknownst" is not excusable neglect, it is likely that nothing has changed

regarding the standard that the photographs are required to be current at the time of application rather than at the time of passport issuance. The Appellees need to be held accountable for their frivolous delays and unlawful denials of passports to the Appellants, and that requires discovery.

49. Without any change in the supposed insufficient legal basis, the district court issued a *sua sponte* mandate on May 25, 2022, to issue the passport for Lewis in contradiction to the reason it denied the Appellants' motion to compel.

50. After the filing of the Appeal to the Circuit Court, the renewed passport has finally come to Mr. Lewis. The three-year unlawful and frivolous delays caused actionable grievous injury to his liberties and cross-border fellowship relationships. The passport renewal was due him with or without the district courts May 25, 2022 order. However, the minute order comes with no finding of fact or conclusions of law to support the order and it does not provide the complete relief demanded by Mr. Lewis.

### The Appellants Are Likely To Prevail, Their Complaint Is Sufficient To Warrant Nominal Damages At Least, Among Other Damages

51. The district court has rubberstamped the Appellees' claim that the case is moot on the mere promise of an accommodation of religion and that there is no need to examine the wrongs of the actors who injure the Appellants. The district court should not be allowed to evade its duty to make a decision on the merits, without examination of facts by discovery, and merely sweeping the Appellants'

injuries under the rug. The U.S. Supreme Court, only last year in *Uzuegbunam Et Al. V. Preczewski Et Al*, explained that the violation of a right warrants nominal damages as relief in order to ensure that the violation of the right is adjudicated rather than be mooted:

> To begin with, the cases themselves did not require a plea for compensatory damages as a condition for receiving nominal damages. Lord Holt spoke in categorical terms: "[E]very injury imports a damage," so a plaintiff who proved a legal violation could always obtain some form of damages because he "must of necessity have a means to vindicate and maintain [the right]." Ashby, 2 Raym. Ld., at 953–955, 92 Eng. Rep., at 136–137. Justice Story's language was no less definitive: "The law tolerates no farther inquiry than Cite as: 592 U. S. ____ (2021) 9 Opinion of the Court whether there has been the violation of a right." Webb, 29 F. Cas., at 508. When a right is violated, that violation "imports damage in the nature of it" and "the party injured is entitled to a verdict for nominal damages." Id., at 508. …..

(And in conclusion the U.S. Sup. Ct. said)

> Applying this principle here is straightforward. For purposes of this appeal, it is undisputed that Uzuegbunam experienced a completed violation of his constitutional rights when respondents enforced their speech policies against him. Because "every violation [of a right] imports damage," Webb, 29 F. Cas., at 509, nominal damages can redress Uzuegbunam's injury even if he cannot or chooses not to quantify that harm in economic terms. *Uzuegbunam Et Al. V. Preczewski Et Al*, 592 U.S. ____ (2021) decided March 8, 2021

52.     The non-judicial processing by the district court, of that which should have been judicially adjudicated, has denied the Appellants the opportunity to expose the name and the conduct of those who have denied or revoked the passports contrary to law and not in their official capacity. There are damages

21

owed Mr. Lewis, Mrs. Boulton, and the estate of Mr. Pakosz as substituted by

Appellant Hollingsworth for the unlawful denial of their passports, and for the

fraudulent and frivolous delays by the Appellees and their Attorneys. The same is

said for Mr. Carmichael whose passport revocation is admittedly unlawfully

revoked. The circumstances of Carmichael's passport revocation, as a matter of

fact, scream of retaliation against him for his advocacy to protect those of his

religious fellowship. Discovery is warranted an necessary for Carmichael to be

able to expose the wrong-doing, the wrong-doers, and amend his complaint to

achieve the complete relief that is due.

### The Appellants Notified The District Court of This Motion For Stay

53. The Appellants filed a notice to the district court telling of the

Appellants' intent to file this motion for stay. The District court order of March

25, 2022, was worded in such a way as to leave nothing for the Appellants to

pursue in the district court and imposed no duty on the Appellants. There was no

mandate in the Court's order to communicate wishes. The "wishes" of the

Appellants were well communicated in their litigation filings. The Appellants

perceived that even the Appellees had no actual duty placed upon them by the

order of March 25, 2022, only a suggestion to reconsider their position. There was

in effect, no order by the district court that we needed to have stayed at the time of

the notice of appeal.

**The District Courts' Ordering Appellants to File Another Dispositive Motion
In the District Court Initiates Another Unnecessary Delay**

54.   The district court's denial of the Appellees' motion for stay appears to be

an interference with their right of legal strategy prerogative.  The district court is

mandating that they exercise a different tactic.  The district courts' order, if

fulfilled, is an unnecessary delay in what is a foregone conclusion that the district

court has erroneously determined that we have no standing for the sake of

mootness.  Without the Circuit Court taking and reserving jurisdiction, it is not

likely that the adversarial due process owed to the Appellants will be allowed by

the district court for the resolution of any matter where there needs to be a finding

of fact before there can be conclusions of law.

**The District Courts' Standing Denial of Discovery For The Appellants
Precludes Justice Even If The Appellees File Another Dispository Motion In
The District Court**

55.   It appears that the district court perceives only one issue left since it has

not made any determination regarding whether Appellant Carmichaels' passport

revocation ought to be voided.  The conclusive statements of the Appellees by

declaration are not evidence, but are likely the only basis upon which the district

court intends to act if it is consistent with every decision thus far.  The district

court has precluded any real adversarial due process, with access to evidence and

authentication by means of discovery.

56. The "any dispositive" motion demand of the court can only delay the inevitable appeal of even whatever the government Appellees attorney might produce by June 24th., and force the Appellees and Appellants to unnecessarily labor.

57. Also, the order of the Court for Appellant Carmichael to take possession of the evidentiary document needs to be stayed.

### Summary

58. Pursuant to Rules of Appellate Procedure, Rule 8(a)(2)(A)(i), that the filing for a stay in the district court is impracticable; and (ii) that it has already been denied. Also, Pursuant to local Rule 8(a)(2)(B)(i) it is likely that the moving party will prevail on the merits; (ii) there is a high probability that there will be irreparable injury to the moving party, particularly Mr. Carmichael, if relief is withheld. Carmichael is the one whose passport is still in an unlawfully revoked status. As a matter of law, the revocation ought to be voided. That is issue is likely to be lawfully adjudicated and resolved without the compelling of discovery by the determination of our appeal by the Circuit Court.; (iii) there is no possibility of harm to other parties if relief is granted; and (iv) the public interest is served only if: The facts of the case are fully exposed by a legitimate adversarial process; the government acts according to law and regulation rather than what seems reasonable to a potentially reprobate bureaucrat; the law protecting religion is

construed liberally; the remedies provided by law to protect religion are construed

liberally; and the Rules and adversarial processes are construed in such a way to

reach justice for the injured rather than hiding the malevolence of the perpetrator.

59.  The Appellees have been given reasonable notice pursuant to Rule

8(a)(2)(C).  The district court docket #137 has the notice and their was a follow-up

email to the Appellee Attorney DeGenaro.

Therefore,

60.  The Appellants move the Circuit Court to stay the May 25, 2022, order of

the district court's.  We move the Circuit Court to mention that the district court

nor the Appellee shall interfere with the passport renewal issued to Appellant

Lewis, notwithstanding that it was subsequent to the district court's order of May

25, 2022.

61.  We move the Circuit Court to order the Clerk of the United States

District Court, District of Columbia to forward the subject passport document

referred to by the May 25, 2022, order to Circuit Court when the district court clerk

transfers the complete record pursuant to Rule 11 of the Rules of Appellate

Procedure.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664


s:  *Lawrence Donald Lewis*
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848


s:  *Rick Dale Hollingsworth*
The Substitute of William Pakosz, Rick Hollingsworth
14930 Greenbrier Ln
Homer Glen, IL 60491


s:  *Michelle Boulton*
Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412


Each Appellant is custodian of the original of their signed copies.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664


s: *Lawrence Donald Lewis*
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848


s: *Rick Dale Hollingsworth*
The Substitute of William Pakosz, Rick Hollingsworth
P.O. Box 25
Matteson, Illinois  60443


s: *Michelle Boulton*
Michelle Boulton
8491 Hospital Dr., #178
Douglasville, GA 30134-2412


Each Appellant is custodian of the original of their signed copies.

## CERTIFICATE OF COMPLIANCE

I, David Alan Carmichael, submitting the Appellants' Motion To Stay The District Court

Order of May 25, 2002, hereby certify that the word count of the document's text, not

including Tables or Signature pages, is 6373, according to the word count application

using Microsoft Word (doc) format.  I hereby certify it to be true, under the penalty of

perjury of the laws of the United States of America.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  23664
david@freedomministries.life
(757) 320-2220

## CERTIFICATE OF SERVICE

I, David Alan Carmichael, certify that I served to the U.S. Court of Appeals, U.S. Circuit Court, District of Columbia, in the case of *Carmichael, et al., v. Blinken, et al.*, case no. 22-5143, the Appellants' "Appellants' Motion To Stay The District Court Order of May 25, 2022. I notified that court and parties at:

Clerk, United States Court of Appeals
333 Constitution Avenue, N.W.
Washington, DC 20001 (By Express Mail)

Angela D. Caesar
Clerk of Court, District Court of the United States
United States Courthouse
333 Constitution Ave NW
Washington, DC 20001 (By Express Mail)

United States Attorney
United States Attorney's Office
c/o Stephen DeGenaro
601 D. Street, N.W.
Washington, D.C. 20530 (By Express Mail)

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho 83848 (Electronically by agreement)

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664 (Electronically by agreement)

Michelle Boulton
8491 Hospital Dr., #178
Douglasville, Georgia 30134-2412 (Electronically by agreement)

The Substitute of William Pakosz, Rick Hollingsworth
14930 Greenbrier Lane
Homer Glen, Illinois 60491 (Electronically by agreement)

I certify under the penalty of perjury under the laws of the United States of America, that the foregoing is true.

*David Alan Carmichael*                                    Dated: June 13, 2022

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia 23664 / (757) 850-2672
david@freedomministries.life

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2

---

**UNITED STATES POSTAL SERVICE®**   |   **PRIORITY MAIL EXPRESS®**

EI 392 624 724 US

**CUSTOMER USE ONLY.**

FROM: (PLEASE PRINT)   PHONE (757) 850-2612



David Alan Carmichael
1248 Old Buckroe Road
Hampton, Virginia
23664

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE (202) 354-3000

Angela Caesar
Clerk of Court Dist. Ct. U.S.
United States Courthouse
333 Constitution Ave NW,
Washington, DC. 20001

ZIP + 4® (U.S. ADDRESSES ONLY)
20001

● For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
● $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO
PO ZIP Code   Scheduled Delivery Date (MM/DD/YY)   Postage
23663   6/14/22   $

Date Accepted (MM/DD/YY)   Scheduled Delivery Time   Insurance Fee   COD Fee
6/13/22   ☐ 10:30 AM   ☑ 3:00 PM   $

Time Accepted   ☐ AM   ☑ PM   Return Receipt Fee   Live Animal Transportation Fee
2:10   $

Special Handling/Fragile   Sunday/Holiday Premium Fee   Total Postage & Fees
$   $

Weight   ☑ Flat Rate   Acceptance Employee Initials
     lbs.      oz.   MS

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

⬅ **PEEL FROM THIS CORNER**

---

  

**UNITED STATES POSTAL SERVICE®**