UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ALAN CARMICHAEL, *et al.*,

       *Plaintiffs,*

v.

ANTONY J. BLINKEN,
Secretary of State, *et al.*,

       *Defendants*.

Civil Action No. 19-2316 (RC)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

MATTHEW M. GRAVES
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHEN DEGENARO
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia

## TABLE OF CONTENTS

**BACKGROUND** ............................................................................................................ 2

**LEGAL STANDARDS** ................................................................................................. 5

**ARGUMENT** ................................................................................................................ 6

    I.    Plaintiffs' Claims for Equitable Relief Related to Their Passport Applications Are Now Moot. ...................................................................................................................... 6

    II.   No Mootness Exception Applies. ............................................................................ 8

**CONCLUSION** ........................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Already, LLC v. Nike,*
 133 S. Ct. 721 (2013) ................................................................................................. 7

*Am. Bar Ass'n v. FTC,*
 636 F.3d 641 (D.C. Cir. 2011) .................................................................................. 6

*Arizonans for Official English v. Arizona,*
 520 U.S. 43 (1997) ..................................................................................................... 7

*Armstrong v. FAA,*
 515 F.3d 1294 (D.C. Cir. 2008) .......................................................................... 9, 10

*Burlington N. R.R. Co., v. Surface Transp. Bd.,*
 75 F.3d 685 (D.C. Cir. 1996) .................................................................................... 7

*Christian Knights of the Ku Klux Klan v. District of Columbia,*
 972 F.2d 365 (D.C. Cir. 1992) .................................................................................. 6

*Cierco v. Mnuchin,*
 857 F.3d 407 (D.C. Cir. 2017) ............................................................................ 8, 10

*Clarke v. United States,*
 915 F.2d 699 (D.C. Cir. 1990) .................................................................................. 7

*Ctr. for Sci. in the Pub. Int. v. Regan,*
 727 F.2d 1161 (D.C. Cir. 1984) ................................................................................ 9

*Curran v. Holder,*
 626 F. Supp. 2d 30 (D.D.C. 2009) ............................................................................ 5

*Davis v. FEC,*
 554 U.S. 724 (2008) ................................................................................................. 10

*Del Monte Fresh Produce Co. v. United States,*
 570 F.3d 316 (D.C. Cir. 2009) ................................................................................ 10

*Grand Lodge of Fraternal Order of Police v. Ashcroft,*
 185 F. Supp. 2d 9 (D.D.C. 2001) .............................................................................. 6

*Hollingsworth v. Duff,*
 444 F. Supp. 2d 61 (D.D.C. 2006) ........................................................................ 5, 6

*Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n,*
 628 F.3d 568 (D.C. Cir. 2010) .................................................................................. 8

*Kingdomware Techs., Inc. v. United States,*
 136 S. Ct. 1969 (2016) .......................................................................................... 7, 9

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
 511 U.S. 375 (1994) ................................................................................................... 5

*Leonard v. Dep't ofDef.,*
 38 F. Supp. 3d 99 (D.D.C. 2014) .............................................................................. 6

*Los Angeles County v. Davis,*
 440 U.S. 625 (1979) ................................................................................................... 8

*Los Angeles v. Lyons*,
 461 U.S. 95 (1983) ............................................................................................... 10
*Natural Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*,
 680 F.2d 810 (D.C. Cir. 1982) .......................................................................... 8, 10
*O'Shea v. Littleton*,
 414 U.S. 488 (1974) ................................................................................................ 6
*Pharmachemie B.V. v. Barr Labs., Inc.*,
 276 F.3d 627 (D.C. Cir. 2002) ......................................................................... 6, 10
*Preiser v. Newkirk*,
 422 U.S. 395 (1975) ................................................................................................ 7
*Renne v. Geary*,
 501 U.S. 312 (1991) ................................................................................................ 6
*Senate Permanent Subcomm. on Investigations v. Ferrer*,
 856 F.3d 1080 (D.C. Cir. 2017) ........................................................................... 10
*Spencer v. Kemna*,
 523 U.S. 1 (1998) .................................................................................................... 9
*Taylor v. Resolution Trust Corp.*,
 56 F.3d 1497 (D.C. Cir. 1995) ............................................................................... 6
*United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer*,
 778 F. Supp. 2d 37 (D.D.C. 2011) ......................................................................... 5
*Van Valin v. Gutierrez*,
 587 F. Supp. 2d 118 (D.D.C. 2008) ....................................................................... 9
*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011) ................................................................................................ 7
*Weinstein v. Bradford*,
 423 U.S. 147 (1975) .............................................................................................. 10

Rules

Federal Rule of Civil Procedure 12(b)(1) ....................................................... 5, 10

Regulations

22 C.F.R. § 51.26 ....................................................................................................... 3
22 C.F.R. § 51.4 ......................................................................................................... 3
22 C.F.R. § 51.54 ....................................................................................................... 3

Plaintiffs David Alan Carmichael and Lawrence Donald Lewis, each proceeding *pro se*, have received the equitable relief they sought in this lawsuit, yet Plaintiffs still refuse to take "yes" for an answer.   Throughout this ongoing litigation, the U.S. Department of State (the "Department") has taken numerous steps to issue Plaintiffs with valid passports that did not violate Plaintiffs' sincerely held religious beliefs about having to provide the Department with social security numbers—including moving (over Plaintiffs' objection) for a voluntary remand to offer Plaintiffs a religious accommodation, sending Lewis his passport at his address on record, and providing Carmichael with a declaration explaining why the Department is legally unable to "void" his revoked passport he decided he preferred to have instead of the valid replacement passport that the Department had already issued him.

Undaunted by these efforts to accommodate their religious beliefs and afford them with the equitable relief that they seek in this case, Plaintiffs persist in pressing non-religious objections to the current posture of the case.   Lewis has received his passport without need of providing either his social security number or (as he complained in the most recent round of dispositive motion practice) an updated photograph.   Carmichael, meanwhile, has already received a replacement passport but asks the Department to exceed its authority and practice, rather than accept possession of the replacement passport that the Department has already issued him.   These unfounded and irrelevant objections, however, cannot change the fact that their claims for equitable relief are now moot.   Moreover, because the Department's religious accommodations will extend to Plaintiffs' subsequent renewal applications (to the extent any are submitted), there is no reasonable, non-speculative expectation that Plaintiffs will again be subject to a similar requirement to submit their social security numbers in the foreseeable future.   Therefore, the Court should dismiss this lawsuit with prejudice.

**BACKGROUND**

This case's lengthy procedural posture is described in this Court's March 25, 2022, Memorandum Opinion, which the Department incorporates here by reference.  *See* ECF No. 125. In pertinent part, this Court denied the Department's motion on mootness grounds.  This Court recognized that it was undisputed that the Department had "communicated to Plaintiffs that that their religious accommodations would be granted to allow them to receive passports, one way or another, without providing social security numbers."  *Id.* at 26.  The Court, however, determined that there were outstanding issues that precluded dismissing Plaintiffs' claims on mootness grounds.  As to Plaintiff Lewis, this Court denied the Department's motion, which had argued Lewis's claim for equitable relief was moot notwithstanding his unwillingness to provide an updated photograph for his passport, explaining that "the source of Defendants' insistence on requiring an updated photograph from Lewis—and therefore, one of the roadblocks to Lewis receiving his passport—is unclear."  *Id.* at 27.  As to Plaintiff Carmichael, the Court denied the Department's motion because its "briefs do not address the propriety of issuing Carmichael a replacement passport rather than voiding the cancellation," and "hypothetically, providing Carmichael a passport issued via an obviously invalid process—likely rendering that hypothetical passport ineffective—would not moot this case."  *Id.* at 27-28.  But, because "it appear[ed] that Defendants have all intentions of providing Plaintiffs passports without Plaintiffs providing social security numbers," this Court ordered the Department to "reevaluate [its] positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports in light of Plaintiffs' arguments and this opinion."  *Id.* at 28.

In the duration between the Court's March 25, 2022, Opinion, and the Department's May 24, 2022, Status Report (ECF No. 136), the Department took the following steps to bring resolution to the outstanding issues bearing on Plaintiffs' claims for equitable relief.  The

Department determined that it could issue Lewis a new passport, valid for a full ten years, based on the passport photograph that Lewis had previously submitted with his application.  ECF No. 136 at 3; Ex. B - Second Decl. of Paul Peek ¶ 5.  Following recent changes to guidance from the International Civil Aviation Organization (ICAO) Document 9303, the Department determined that it could use the photograph submitted by Lewis because it met the requirements of 22 C.F.R. § 51.26.  *Id.*  The Department reported that it was prepared to issue Lewis his new passport on May 24, 2022.  *See* ECF No. 136 at 3.  And, in response to the Court's May 25, 2022, Minute Order that the Department "send Mr. Lewis his passport at the address he provided in ECF No. 137-3," the Department issued Lewis a new passport and mailed it to him on May 31, 2022. Ex. B - Second Decl. of Paul Peek ¶ 5.  Lewis received his passport on June 1, 2022.  *Id.* Ex. 1.

The Department also provided Plaintiff Carmichael with the Declaration of Paul Peek, the Director of Passport Services' Office of Adjudication, to explain why the Department was unable to "void" its revocation of Carmichael's 2018 passport on May 23, 2022.  *See* Decl. of Paul Peek ("First Peek Decl.", previously filed at ECF No. 136-1 and attached hereto).  As explained by Director Peek, passports are valid for a period of ten years from the date of issuance, *see* 22 C.F.R. § 51.4(b)(1), until, among other events, the Department approves a revocation notification. 22 C.F.R. § 51.4(g)(1); First Peek Decl. ¶ 6.  When this occurs, the Department will inform both U.S. agencies and foreign countries that a passport is no longer valid.  *Id.*  The Department, however, "may issue a replacement passport . . . [t]o correct an error or rectify a mistake of the Department[.]"  22 C.F.R. § 51.54(a); First Peek Decl. ¶ 7.

Director Peek further explained that the Department determined during the remand period in this case that it should not have revoked Carmichael's passport and has issued him a replacement passport to replace the revoked 2018 passport.  *Id.* ¶ 10.  When the Department issues a

replacement passport, it includes an endorsement code that states "THIS PASSPORT REPLACES PASSPORT NUMBER (NUMBER) ISSUED ON (MON DY, YEAR). IT IS VALID UNTIL (MON DY, YEAR)." *Id.* ¶ 8.  In doing so, the Department links the new, replacement passport (issued with a new passport number) with the old passport number so that any visa and/or other information associated with the passport holder carries over to the replacement passport. *Id.*  The Department adheres to this procedure whenever it issues a replacement passport, whether it is to replace an erroneously revoked or cancelled passport, or an inadvertently destroyed passport. *Id.* ¶ 11.

As Director Peek explained however, the only option is to issue Carmichael a replacement passport and the Department is unable to deviate from this option due to overriding prudential policy concerns and thus lacks a procedure for voiding a now-revoked passport. *Id.* ¶ 5.  The Department receives its passport books from the Government Publishing Office ("GPO") with pre-printed numbers that are used to ensure that passports are not lost, stolen, or duplicated. *Id.* ¶ 13. The Department cannot reissue a passport book with an old number because the passport number is attached to the physical passport book itself. *Id.*  Instead, once the passports are received by the Department, each applicant's personal information and photograph are added before it is issued. *Id.*

As important, the Department cannot control how other U.S. agencies or foreign countries accept and incorporate into their systems a later communication rescinding a notice that the Department had revoked a particular passport number. *Id.* ¶ 14.  The Department is able to retract a mistaken notification of passport revocation, but only if it does so immediately. *Id.*  After that period, the Department cannot control how the recipient of any such notice about a mistaken revocation would receive that notice. *Id.*  And because Plaintiff Carmichael's 2018 passport

number has been noticed to other U.S. agencies and foreign countries as having been revoked, those entities' systems have flagged that passport as having been revoked. *Id.* The Department cannot control how those entities (especially foreign countries) would incorporate a later notice indicating the previous number is no longer invalid into their systems, and thus there is a risk that Carmichael could be detained for suspicions of traveling on an invalid or revoked passport by a foreign country even if the Department issued a notice of mistaken revocation. *Id.*

Based on these representations, the Department respectfully submitted that Carmichael received the full equitable relief he sought in this action when he was issued his replacement passport. ECF No. 136 at 4. In response, the Court ordered Carmichael to "convey how he wants to take possession of his [replacement] passport which is in the possession of the Clerk's Office." May 25, 2022, Minute Order. Rather than doing so, Carmichael filed a response that was docketed on June 1, 2022, that indicated that he "had filed a directive to the District Court clerk to send that document to the Circuit Court with the complete record pursuant to Rule 11(b)(2) of the Rules of Appellate Procedure (ECF 132-1)."

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the Court's jurisdiction," and thus "the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). "[I]t is presumed that a cause lies outside [the federal courts'] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), unless the plaintiff can establish by a preponderance of the evidence that the Court possesses jurisdiction. *See, e.g.*, *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citing *Hollingsworth v. Duff*, 444 F. Supp. 2d 61,

63 (D.D.C. 2006)).  Thus, the "'plaintiff's factual allegations in the complaint . . . will bear closer

scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a

claim.'" *Id.* (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9,

13-14 (D.D.C. 2001) (internal citation and quotation marks omitted)).

## ARGUMENT

I.      **Plaintiffs' Claims for Equitable Relief Related to Their Passport Applications Are
        <u>Now Moot.</u>**

        In this case, Plaintiffs seek equitable relief to reverse Defendants' actions related to

Plaintiffs' passport applications "for reasons of failure to be identified with a [social security

number] in the basis of their religion[.]"  2d Am. Compl. ¶ 143.  However, "[a] request for

injunctive relief remains live only so long as there is some present harm left to enjoin." *Taylor v.

Resol. Tr. Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995).  "Past exposure to illegal conduct does not

in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by

any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991) (quoting

*O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *Christian Knights of the Ku Klux Klan v.

District of Columbia*, 972 F.2d 365, 369 (D.C. Cir. 1992)).  Subsequent events "may render a claim

moot if there is no reasonable expectation that the conduct will recur." *Leonard v. Dep't of Def.*,

38 F. Supp. 3d 99, 104 (D.D.C. 2014) (citing *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d

627, 631 (D.C. Cir. 2002)).

        Simply put, Plaintiffs brought this case to obtain passports without having to identify with

a social security number.  The Department has now granted that request.  When "events have so

transpired that the decision will neither presently affect the parties' rights nor have a more-than-

speculative chance of affecting them in the future," a case becomes moot, and the courts no longer

have jurisdiction over the matter. *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011)

(citing *Clarke v. United States*, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc) (quotation marks omitted)); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

For courts to have jurisdiction over a matter under Article III of the U.S. Constitution, "'an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" *Kingdomware Techs., Inc. v. United States,* 136 S. Ct. 1969, 1976 (2016) (quoting *Already, LLC v. Nike*, 133 S. Ct. 721, 726 (2013)); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Preiser*, 422 U.S. at 401.  In addition, a court will dismiss a case as moot where events have transpired that prevent the court from granting the plaintiff effective relief. *Burlington N. R.R. Co., v. Surface Transp. Bd.*, 75 F.3d 685, 688 (D.C. Cir. 1996).  Similarly, a plaintiff who cannot reasonably be expected to benefit from prospective relief ordered against the defendant, in light of intervening events, has no claim for an injunction. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (concluding that plaintiffs whose employment ended after an action was filed had no claim for injunctive relief against their former employer concerning its employment practices).

In this case, events have transpired during the remand period and after the Court's March 25, 2022, Order that have removed any controversy related to Plaintiffs' social security numbers or their religious beliefs, as well as their non-religious objections raised in the previous round of dispositive motion practice.  Specifically, as noted above, the Department issued a passport to Lewis that, according to Department records, has been in his possession since June 1, 2022, and the Department issued Carmichael a replacement passport to cure the mistaken revocation which he has refused to take possession of it despite a court order to provide instruction on how to receive it.  Accordingly, the period since the March 25, 2022, Order has permitted the Department to reconsider its prior decisions and take appropriate corrective actions (in the case of

Lewis) and to explain why it is not legally able to provide the specific type of relief sought beyond what it has already done (in the case of Carmichael).   As the D.C. Circuit has recognized, "[c]orrective action by an agency is one type of subsequent development that can moot a previously justiciable issue." *Nat. Res. Def. Council, Inc.* ("*NRDC*") *v. Nuclear Regulatory Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982).   Once the corrective action has been taken, the case becomes moot because a court "can hardly order [an agency] . . . to do something that it has already done." *Id.*   Here, there is no genuine dispute of material fact that Lewis has received a valid passport, without the need to provide a social security number or a passport photograph other than the one previously submitted with his application.   Likewise, there is no genuine dispute of material fact that the Department has issued Carmichael a replacement passport, is unable to "void" revocation of his old passport, and that it is only Carmichael and not the Department stands between him and a passport that complies with his religious beliefs.   Accordingly, Plaintiffs have no viable claim for any further equitable relief.

## II.   <u>No Mootness Exception Applies.</u>

Once the proponent has met its burden of establishing the mootness of a case, the burden shifts to the opposing party to establish that an exception to the mootness doctrine applies. *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010).   Courts recognize an exception to mootness based on a defendant's "voluntary cessation of allegedly illegal conduct," which generally "does not deprive [a court] of power to hear and determine the case." *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017) (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)).   But voluntary cessation will make a case moot where "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" and there is no reasonable expectation . . .' that the alleged violation will recur." *Los Angeles*, 440 U.S. at 631.

In this case, there can be no reasonable expectation that the alleged unlawful revocation and renewal actions will recur because the Department has granted Plaintiffs' religious accommodations and there is no reasonable expectation that Plaintiffs will again be required to submit their social security numbers on any future passport application. *See* ECF No. 99-3 ¶¶ 5-6. Specifically, the Department found that Plaintiffs "had sincerely-held religious beliefs that the Department could accommodate." *Id.* ¶ 5. Further, the Department notated in its records Plaintiffs' religious accommodation request so that, if Plaintiffs apply for a passport in the future and request a religious accommodation, the Department will reference those notations when adjudicating any future passport applications. *Id.* ¶ 6.

A matter is capable of repetition only if a party can make "a reasonable showing that [it] will again be subjected to the alleged illegality." *Armstrong v. FAA*, 515 F.3d 1294, 1296 (D.C. Cir. 2008). As the D.C. Circuit has stated, "jurisdiction cannot be predicated upon a speculative or irrational fear as to future agency conduct." *Ctr. for Sci. in the Pub. Int. v. Regan*, 727 F.2d 1161, 1166 n.6 (D.C. Cir. 1984). Similarly, there is no doubt that granting of Plaintiffs' religious accommodations completely and irrevocably eradicated the effects of any prior action based on Plaintiffs' failure to submit a social security number. *See Van Valin v. Gutierrez*, 587 F. Supp. 2d 118, 120-21 (D.D.C. 2008) (holding that the agency's rescission and republication of challenged regulations completely and irrevocably eliminated prior effects). Accordingly, this Court should dismiss Plaintiffs' remaining equitable claims for lack of subject matter jurisdiction.

The Supreme Court also recognizes an exception to the mootness doctrine for cases that are "'capable of repetition, yet evading review.'" *Kingdomware Techs.*, 136 S. Ct. at 1976 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). This exception applies only in the "'exceptional situation,'" *id.*, "where (1) the challenged action is in its duration too short to be

fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Cierco v. Mnuchin*, No. 16-5185, 2017 WL 2231107, at *5 (D.C. Cir. May 23, 2017) (emphasis added) (quoting *Davis v. FEC*, 554 U.S. 724, 735 (2008)). The plaintiff has the burden of making "a reasonable showing that he will again be subjected to the alleged illegality," *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), and "[a] controversy 'is capable of repetition' only if 'the same parties will engage in litigation over the same issues in the future.'" *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1088 (D.C. Cir. 2017) (emphasis added) (quoting *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002)).

This case is not one that would typically evade review. The passport revocation and renewal application denials were not "too short in duration to be fully litigated prior to its cessation or expiration." *Armstrong*, 515 F.3d at 1296 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Nor can the Plaintiffs establish that the short duration was "typical of the challenged action[s]," as is required to establish that the action cannot be fully litigated prior to its cessation. *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009); *see also NRDC*, 680 F.2d at 814 ("no reason to believe that [agency] will promulgate other rules without notice and comment during this proceeding or that, if it does, its actions will be so short in duration as to preclude judicial review"). (citation omitted). Moreover, as noted above, Plaintiffs cannot show that they will again be subjected to the alleged illegality. *See Lyons*, 461 U.S. at 109.

\*   \*   \*

## CONCLUSION

For the reasons set forth above, the Department respectfully requests that the Court dismiss Plaintiffs' claims for equitable relief under Federal Rule of Civil Procedure 12(b)(1).


Dated June 24, 2022                    Respectfully submitted,

                                       MATTHEW M. GRAVES, D.C. Bar No. 481052
                                       United States Attorney

                                       BRIAN P. HUDAK
                                       Chief, Civil Division

                                       /s/   *Stephen DeGenaro*
                                       STEPHEN DEGENARO, D.C. Bar No. 1047116
                                       Assistant United States Attorney
                                       601 D Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 252-7229
                                       Stephen.DeGenaro@usdoj.gov

                                       *Counsel for Defendants*