# Ex. A - Declaration of Paul Peek (Previously filed at ECF No. 136-1)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID CARMICHAEL, et al. | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Civil Action No. 19-2316 (RC) |
| ANTONY J. BLINKEN, in his official capacity as Secretary of State, et al., | ) | |
| *Defendants*. | ) | |

## DECLARATION OF PAUL PEEK

I, Paul Peek, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am the Director of Passport Services' Office of Adjudication. I manage the office responsible for creating polices related to adjudication of passport applications.

2. I submit this declaration in support of the Department's status report in the above-captioned case. I am familiar with the passport reissuance process, including the physical qualities of the passport books. I base this declaration on my review of Department of State records and discussions with Department of State employees.

3. In 2018, David Carmichael applied to renew his passport, which was approved, and his renewed passport was issued in January 2018. Later, Mr. Carmichael's passport was revoked by written notice. This written notice demanded that he return his passport to the Department, consistent with 22 C.F.R. §§ 51.7 and 51.66. As of May 2022, the Department has not received Mr. Carmichael's revoked passport.

4. In 2021, the Department issued Mr. Carmichael a replacement passport. As I understand it, Mr. Carmichael has demanded that the Department void the cancellation of his old passport rather than issue him a replacement passport.

5. Under its' regulations and policies, the Department's only option is to issue Mr. Carmichael a replacement passport. The limitation in these regulations is grounded in overriding policy and prudential concerns that make it impractical to void the revocation of a particular

passport book, even when the Department acknowledges the revocation was an error, and as a result no procedure exists for Mr. Carmichael or is authorized to that end.

6. Department regulations provide that regular passports—like the one Mr. Carmichael was issued in 2018—are valid for a period of ten years from the issuance date. 22 C.F.R. § 51.4(b)(1). The regulations further provide that "[a] United States passport is invalid as soon as: (1) [t]he Department approves the revocation notification pursuant to § 51.65(a)…." 22 C.F.R. § 51.4(g)(1). Once a United States passport becomes invalid, the Department will inform other U.S. agencies as well as foreign countries that a passport is no longer valid.

7. Pursuant to 22 C.F.R. §§ 51.10 and 51.54(a), the Department "may issue a replacement passport… (a) [t]o correct an error or rectify a mistake of the Department…." 22 C.F.R. § 51.54(a).

8. When the Department issues a replacement passport, it will include an endorsement code stating "THIS PASSPORT REPLACES PASSPORT NUMBER (NUMBER) ISSUED ON (MON DY, YEAR). IT IS VALID UNTIL (MON DY, YEAR)." See 8 FAM 505.2-2. This process links the new, replacement passport (issued with a new passport number) with the old passport number so that any visa and/or other information associated with the passport holder carries over to the replacement passport.

9. By letter dated June 20, 2019, the Department revoked Mr. Carmichael's passport by revocation notification, consistent with 22 C.F.R. § 51.65(a). Per 22 C.F.R. § 51.4(g)(1), Mr. Carmichael's 2018 passport became invalid on June 20, 2019, the moment the Department approved the revocation notification.

10. During the remand period, the Department concluded it should not have revoked Mr. Carmichael's 2018 passport. Relying upon §§ 51.10 and 51.54(a), the Department issued Mr. Carmichael a replacement passport to replace his revoked 2018 passport. The replacement passport included the aforementioned endorsement code, thereby linking the replacement passport to Mr. Carmichael's 2018 passport.

11. It is the Department's practice to issue replacement passports in this manner. If the Department accidentally cancelled and/or destroyed a valid passport, the same process would be followed.

12. Even if the Department could deviate from the above process, there are strong policy justifications and practical limitations that militate against doing so.

13. First, the Department receives its passport books from the Government Publishing Office ("GPO") with pre-printed numbers. These numbers are used, in part, for inventory control purposes to ensure that passport books are not lost, stolen, or duplicated. Once the passports books are received by the Department, each applicant's personal information and photograph are added before it is issued. The Department cannot reissue a passport book with an old number because the passport number is attached to the physical book itself. Thus, when the Department issues a replacement passport, the replacement passport contains the above endorsement, which associates it with the old passport number.

14. Second, when a passport has been revoked, the Department notifies other U.S. agencies and foreign countries, and the passport number of the revoked passport is the main identifier used. When the Department mistakenly revokes a passport, it can retract its notification so long as it is done immediately (within one day) after the original notification is sent. After this notification has been disseminated for more than a day, the Department of State cannot ensure that other U.S. agencies or foreign countries would accept and incorporate into their systems updated information provided by the Department that the revocation tied to a particular passport number was rescinded. As a result, voiding the revocation of a passport years after the fact, like Mr. Carmichael's 2018 passport, could lead to an individual being detained or delayed overseas or domestically for traveling on what might be believed is an invalid and/or revoked passport. This concern underpins the process established in the Department regulations, which only authorize issuance of a new passport book with a new passport number in these types of cases.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 23rd day of May 2022.

*Paul Peek*
_____
Paul Peek