**United States District Court,**
**District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al.*,  )  | |
| )  | Plaintiffs, *in propria persona* |
| Plaintiffs   )  | Case No: **19-CV-2316-RC** |
| )  | |
| v.   )  | RE:  ECFs 132, 134-140 |
| )  | |
| Michael Richard Pompeo, *et al*.   )  | |
| )  | |
| Defendants-Respondents   )  | |

**Plaintiffs' Combined Cross Motion for Stay of Proceeding**

1.  The Plaintiffs move the District Court, as a cross-motion to Defendants' motion for dismissal (ECF-140), to stay the proceeding while the Circuit Court processes the Plaintiffs appeal, United States Court of Appeals, District of Columbia Circuit, Case No. 22-5143.

2.  The Plaintiffs have appealed the decisions of the District Court whereby the District Court has denied every Plaintiffs' motion for adjudication on the merits of their claim by procedural due process.  The District Court has either expressly or constructively denied the Plaintiffs' motions for discovery and to amend their complaint to account for new information revealed or deducible by the filings of the Defendants or found by other sources.  The Court has erroneously determined that the Foreign Relations Act, Religious Freedom Restoration Act, Privacy Act, Article III of the United States Constitution and its amendments are no remedy or relief to the Plaintiffs for the felonies, misdemeanors, torts, statutory and other violations of law that are causal to the injuries to the liberty and property rights of the Plaintiffs.

3.  The Defendants moved the District Court to stay the proceeding in the District Court pending the determinations of the Circuit Court (ECF #136).  The District Court denied the

Defendants' stay motion without explanation. The Defendants' motion for dismissal is not one of their own legal-decision making but is ordered by the District Court himself through the minute order of May 25, 2022.

4. The Plaintiffs' appeal is basis is that it appears by the orders of August 28, 2020 and March 25, 2022 orders, that the District Court has dismissed the entirety of the Plaintiffs' case on the merits without adjudicating it. Those dismissals justify the appeal as-of-right pursuant to 28 U.S.C. § 1291. <u>If that is not true</u>, the District Court has the duty to say what remains to be adjudicated to substantiate the denial of this motion on the grounds that the merits of the case are not final for purposes of review on appeal.

5. The Plaintiffs appeal on the collateral issue of what is the bad-faith, frivolous, unsupportable, Defendants' remand motion and its effects, is an appeal as-of-right pursuant to 28 U.S.C. § 1292. The District Court's interlocutory orders granting, continuing, modifying, and refusing injunctions that combine to compel the Plaintiffs to submit to the *ultra vires*, non-adversarial, improvised, *en camera*, in-agency judgment of the Defendants' own cause; as well as the court's refusal of the Plaintiffs' demand to injoin the Defendants from imposing the unjust process and its consequences upon the Plaintiffs; are causal of additional tortious injury to the Plaintiffs.

> A Court of Appeals has jurisdiction over orders from a District Court that, while not explicitly "interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions," have the practical effect of such orders and have a "serious, perhaps irreparable, consequence." *Commodity Futures Trading Com'n v. Walsh*, C.A.2 (NY) 2010, 618 F.3d 218

6. The matter of whether this case is appealable as a matter of right regarding the finality of the merits of the case pursuant to 28 U.S.C. § 1291; or whether the orders relating to the collateral matter of the remand pursuant to 28 U.S.C. § 1292; has been squarely put to the United

States Circuit Court of Appeals, District of Columbia Circuit, Case No. 22-5143, and docketed (Doc. #1948008).  The schedule for filings has been published (*Id.* Doc. #1948010).  The Appellees, the Defendants in this case, have moved there for dismissal according to the forty-five-day deadline of the Rules of Appellate Procedure (*Id.* Doc. #1954389).  The Appellants, we Plaintiffs, have responded to the Appellees dispositive motion (*Id.* Doc. # 1956601, 1956602).

7. The Appellees' motion for dismissal in the Circuit Court is based upon their having a motion pending in the District Court.  They revealed to the Circuit Court that their pending motion in the District Court is a motion for dismissal based upon the District Court having exhausted its jurisdiction.  In so many words:  1)  The District Court has dismissed as final all of the Appellants attempts to have the merits of their case adjudicated; and 2)  The collateral matters consequential to the remand have now only to be enforced as final.

8. Appellate review jurisdiction regarding the District Court's interlocutory orders granting, continuing, modifying, refusing injunctions upon the Appellant-Plaintiffs ought be determined by the Circuit Court before the District Court enforces in consequences of its orders that are erroneous in law, clearly erroneous in fact, and where discretion was abused, stripping the Plaintiffs of their rights to due process and adjudication to judgment according to the law and the lawful rules.

9. The Appellants have moved in the Circuit Court for an injunction to stay the order of May 25, 2022 (22-5143, Doc. #1950771 & 1952235).  The Appellees responded in opposition to the motion 1950771  (*Id.* Doc. 1951686).

10. This motion for Stay of Proceeding is followed separately by an alternative motion that has already been put to the Circuit Court for affirmative relief.  As affirmative relief from the orders of the District Court, the Appellants have moved the Circuit Court for leave to amend the

complaint and for the Circuit Court to order that discovery is provided according to the Rules.

11.   Therefore, we herewith move the District Court to stay its proceeding pending the results of the appeal of this case that is currently before the Court of Appeals.

(s) *David Alan Carmichael*
David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia  (23664}
(757) 850-2672 (LL) (757) 320-2220 (c)
david@freedomministries.life


s/Lawrence Donald Lewis
Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho  83848
(208) 443-3852  /  larrynordlewis@povn.net


s/Michelle Boulton
Michelle Boulton
8491 Hospital Dr., # 178
Douglasville, GA 30134-2412
770-315-5724 / LadyTia2@aquawest.net


s/Rick Dale Hollingsworth
Rick Dale Hollingsworth
The First Substitute of William Pakosz
14930 Greenbrier Lane
Homer Glen, IL 60491