UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ANTONY J. BLINKEN, <br> Secretary of State, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-2316 (RC) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

MATTHEW M. GRAVES
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHEN DEGENARO
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia

## TABLE OF CONTENTS

**ARGUMENT** ............................................................................................................................... 1

    I.    Plaintiffs have Largely Conceded Arguments Raised by Defendants ................................. 1

    II.   Plaintiffs' Remaining Arguments Lack Merit ..................................................................... 3

**CONCLUSION** ........................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bryant v. Gates*,
  532 F.3d 888 (D.C. Cir. 2008) .................................................................................................. 1
*Cox v. Nielsen*,
  Civ. A. No. 16-1966 (TNM), 2019 WL 1359806 (D.D.C. Mar. 26, 2019) ............................... 1
*Georgiades v. Martin-Trigona*,
  729 F.2d 831 (D.C. Cir. 1984) .................................................................................................. 2
*Johnson v. Panetta*,
  953 F. Supp. 2d 244 (D.D.C. 2013) .......................................................................................... 1
*Mullen v. Bureau of Prisons*,
  843 F. Supp. 2d 112 (D.D.C. 2012) .......................................................................................... 2
*Phrasavang v. Deutsche Bank*,
  656 F. Supp. 2d 196 (D.D.C. 2009) .......................................................................................... 1
*Rosenblatt v. Fenty*,
  734 F. Supp. 2d 21 (D.D.C. 2010) ............................................................................................ 2
*United States v. TDC Mgmt. Corp.*,
  827 F.3d 1127 (D.C. Cir. 2016) ................................................................................................ 1

Statutes

42 U.S.C. § 408(a)(8) ................................................................................................................. 3, 4

Rules

Federal Rule of Civil Procedure 12(b)(1) ...................................................................................... 6

Regulations

22 C.F.R. § 51.4(a) ......................................................................................................................... 5
22 C.F.R. § 51.54(a) ....................................................................................................................... 5
22 C.F.R. §§ 51.10 .......................................................................................................................... 5

Defendants respectfully submit this reply in further support of their motion to dismiss (ECF No. 140). As discussed herein, Plaintiffs' opposition fails to persuasively rebut the grounds for dismissal of the remaining claims for equitable relief in this case.

## ARGUMENT

**I.     <u>Plaintiffs have Largely Conceded Arguments Raised by Defendants</u>**

Where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009). Moreover, "[p]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." *Cox v. Nielsen*, Civ. A. No. 16-1966 (TNM), 2019 WL 1359806, at *14 (D.D.C. Mar. 26, 2019) (quoting *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) (internal quotation marks omitted)). Indeed, a party may "forfeit [an argument] because [the party] does not further develop it (or even mention it again) after [a] 'single, conclusory statement.'" *United States v. TDC Mgmt. Corp.*, 827 F.3d 1127, 1130 (D.C. Cir. 2016) (quoting *Bryant v. Gates*, 532 F.3d 888, 898 (D.C. Cir. 2008)).

Here, Defendants argued, in part, that (1) Plaintiffs' claims for equitable relief had been mooted by subsequent corrective action by the Department to issue valid passports without the need for Plaintiff to provide a social security number, and (2) no mootness exception applies because there is no reasonable expectation that the Department's alleged violation of Plaintiffs' religious beliefs will reoccur. ECF No. 140-1 at 10-14.

In response, Plaintiffs fail to address these arguments. For the most part, Plaintiffs flag several allegedly "tortuous" and "twisted" statements made in Defendants' opening filing, and they demand both discovery and damages (ECF No. 144 at 8-13);[1] they quibble with the—

---

[1]     Pagination refers to the numbering assigned by the ECF header.

accurate—content of the background section of Defendants' motion (*id.* at 13-20); they argue the distinct point regarding standing (*id.* at 20); they seek to relitigate this Court's damages ruling (*id.* at 20-22); they raise the specter of non-parties having similar claims as those asserted by Plaintiffs here (*id.* at 22-23); and they complain that this Court's May 25, 2022, Order raises a matter for injunctive relief for not only Plaintiff Carmichael but also for "those who contact him for unpaid administrative help."[2] *Id.* at 23-24. These arguments, which seek discovery on damages claims, are irrelevant to any remaining claims because this Court has determined that Plaintiffs cannot state cognizable claims for damages under RFRA, the Fifth Amendment, or the Privacy Act, and the Court accordingly granted Defendants' motion to dismiss these claims. ECF No. 125 at 29-32. Moreover, none of these statements argue or provide authority for concluding that Defendants' actions of providing valid passports to Plaintiffs has not mooted the remaining claims for equitable relief. Thus, this Court should treat Defendants' arguments on mootness as conceded. *See Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 115 (D.D.C. 2012) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." (quoting *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010))).

Lastly, even if this Court were to disagree and conclude that Plaintiffs have not conceded Defendants' arguments on these points, Defendants' arguments are well-supported on their merits, and nothing in Plaintiffs' opposition alters that conclusion. As such, Defendants respectfully request that this Court grant its motion to dismiss for all the reasons stated in its opening papers. *See* ECF No. 140.

---

[2]  Based on the information available to undersigned, Plaintiff Carmichael is not an attorney admitted to practice before this Court. *Cf. Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (a pro se party "may appear pro se but is not qualified to appear in the District Court or in this court as counsel for others").

## II. Plaintiffs' Remaining Arguments Lack Merit

If any responsive arguments can be ascertained from Plaintiffs' opposition as implicating Defendants' mootness arguments, it is those that appear to respond to the reasons that Defendants articulated for explaining why Plaintiffs' claims for equitable relief are now moot. Specifically, Plaintiffs appear to question (1) the authenticity of Mr. Peek's representation that the Department of State cannot guarantee that U.S. agencies or foreign countries would incorporate into their systems a notification that a passport revocation should be voided unless sent immediately to correct an inadvertent revocation (ECF No. 144 at 12), (2) the authority that the Department relied upon in explaining its change of position on Plaintiff Lewis' passport (*id.* at 14-15), and (3) the authority for the Department to issue a replacement passport (*id.* at 17). These arguments lack merit, and Defendants respond to each as follows.

Plaintiff Carmichael provides no authority for the statement that "rescinding the revocation and providing notice is within the realm of the Department's authority" and that Director Peek "speculate[s]" on the "hassles [that] might be faced by Carmichael." ECF No. 144 at 12. As explained by Director Peek, it is not in dispute that the Department has a limited ability to notify external recipients of a revocation notice, but only if the notification is sent immediately. ECF No. 140-2 ¶ 14. In the face of this competent evidence, Plaintiff Carmichael relies on an irrelevant criminal statute that dictates penalties for "compel[ling] the disclosure of the social security number of any person in violation of the laws of the United States." *See* 42 U.S.C. § 408(a)(8). This statute does not contradict Director Peek's averment, based on personal knowledge, that "the Department of State cannot ensure that other U.S. agencies or foreign countries would accept and incorporate into their systems updated information provided by the Department that the revocation tied to a particular passport number was rescinded." ECF No. 140-2 ¶ 14. More fundamentally, section 408 does not contradict Defendants' arguments that the Department cannot afford Plaintiff

3

Carmichael any further equitable relief than what it has already done (issued a replacement passport to Carmichael that he has refused to accept),[3] and there is no exception to mootness that applies to Carmichael's circumstances.

Next, Plaintiff Lewis contends that the Department's authority for changing its position with respect to his passport application is "twisted sophistry" that has "been proven false." ECF No. 144 at 14-15. In support of this argument, Plaintiff Lewis purports to quote from prior versions of ICAO Document 9303 and 8 FAM 402.1 to claim that "the ability to use the photograph of Mr. Lewis is not a new innovation and the rewording of the latest foreign ICAO document to appropriately conform to the U.S. standards has nothing to do with the Defendants' obligation as a matter of United States law to issue the Lewis and Pakosz passports." ECF No. 144 at 15. Lewis' argument is defective for several reasons, however. He relies on inapplicable sections of both documents, *compare id.* (citing 8 FAM 105.1-2 and 8 FAM 101.1-1) *with* ECF No. 140-3 (Second Peek Decl. (citing 8 FAM 402.1)); outdated versions of the documents, *compare* ECF No. 144 at 15 (citing 2015 edition of ICAO 9303 and 2018 version of 8 FAM 402.1) *with* ECF No. 140-3 (Second Peek Decl. (citing 2021 editions of ICAO 9303 and 8 FAM 402.1); and mischaracterizations of the Second Peek Declaration. *Compare* ECF No. 144 at 15 ("The United States and its Foreign Affairs Manual is their boss, not the foreign ICAO.") *with* ECF No. 140-3 ¶ 3 (averring that the Department "will look to the standards set by" ICAO when the Department "promulgate[s] [its own] regulations and public guidance"). Most importantly, Plaintiff Lewis's argument does not persuasively explain how the Department has not completely mooted his claim

---

[3] Plaintiff Carmichael appears not to have taken custody of his replacement passport and it appears to remain in the custody of the Clerk of Court for either the United States District Court for the District of Columbia or the United States Court of Appeals for the District of Columbia Circuit. Regardless, the Department is unable to take any further action as it relates to Plaintiff Carmichael's decision whether to take custody of his replacement passport.

4

for equitable relief now that he has a valid passport that complies with his religious beliefs or how a mootness exception applies to his circumstances.[4]

Finally, Plaintiff Carmichael purports to identify an error in the regulatory authority that the Department relied on to issue a replacement passport. Specifically, Plaintiff Carmichael contends that the Department cited 22 C.F.R. § 51.4(a) in the First Peek Declaration. *See* ECF No. 144 at 17. This is demonstrably untrue. The cited portion of the Peek Declaration quotes from 22 C.F.R. § 51.54(a), not 22 C.F.R. § 51.4(a). *See* ECF No. 140-2 ¶ 7 ("Pursuant to 22 C.F.R. §§ 51.10 and 51.54(a), the Department "may issue a replacement passport… (a) [t]o correct an error or rectify a mistake of the Department[.]"). In fact, section 51.4(a), which discusses the validity of passports, is not cited at all in the Department's opening memorandum itself. *See generally* ECF No. 140.

Moreover, Plaintiff Carmichael's invocation of an inapplicable Department regulation follows from an incorrect factual premise. He contends that because "[w]e do not know as a matter of fact based upon material evidence whether or not 'The Department' approved the revocation of Carmichael's passport," the only valid passport pursuant to section 51.4(a) is the one "in the possession of Mr. Carmichael." ECF No. 144 at 16-17. This assertion is belied both by Plaintiff's allegations in the operative complaint, *see* ECF No. 51 ¶ 33 ("On or about June 24, 2019,

---

[4] Elsewhere, Plaintiffs insinuate that Defendants hinged providing Plaintiff Lewis with a passport as a "carrot on a stick" settlement tactic. *See* ECF No. 144 at 19; *see also* ECF No. 144-6. This is plainly belied by Plaintiffs' own memorandum and exhibit. Defendants plainly were adhering to the Court's March 25, 2022, Order that the Department "reevaluate [its] positions on the appropriate ways, consistent with federal law and regulations, to get Plaintiffs their passports in light of Plaintiffs' arguments and this opinion." ECF No. 125 at 28. The correspondence, which asked Plaintiff Lewis to "advise if he has a different view as to what needs to be remedied in light of the Court's most recent order," plainly reflects that the Department was attempting to solicit from Plaintiff Lewis whether he viewed the Department's decision to issue the passport as remedying his request for a passport in order to inform the Court via a Joint Status Report of "Plaintiffs' existing objections to the procedures used by Defendants." ECF No. 125 at 33.

Carmichael received [by] express delivery . . . a letter from the United States Department of State . . . that stated: The Department of State has revoked U.S. Passport number 573308010, issued to you in error on January 30, 2018."), as well as the First Peek Declaration. *See* ECF No. 140-2 ¶ 3. Thus, even if this Court ignored Plaintiff Carmichael's invocation of the incorrect regulation, he would still be incorrect to assert that the Department had not in fact revoked his old passport. Finally, as with Plaintiffs' other arguments, these points do not persuasively show that Plaintiff Carmichael has not yet been provided full equitable relief by Defendants, or that an exception to the mootness doctrine applies.

## CONCLUSION

For the reasons stated above, and for the reasons stated in the Department's opening memorandum, the Department respectfully requests that this Court dismiss Plaintiffs' claims for equitable relief under Federal Rule of Civil Procedure 12(b)(1).

Dated September 2, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

/s/   *Stephen DeGenaro*
STEPHEN DEGENARO, D.C. Bar No. 1047116
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Counsel for Defendants*