Carmichael, et al, v. Pompeo, et al.
1:19-cv-02316

Plaintiffs' Combined Objections to the Order and Opinion Memorandum
of March 20, 2023, ECFs 149 and 150

Attachment 1

8 FAM 403.1-4 MATERIAL DISCREPANCIES
(MAJOR NAME CHANGES)
(Excerpts pp. 9, 21, 22, 27)



# 8 FAM 403.1-4  MATERIAL DISCREPANCIES (MAJOR NAME CHANGES)

*(CT:CITZ-64;   11-08-2021)*

a. A material discrepancy is **any** name change that is not defined as immaterial in 8 FAM 403.1-5.  The applicant must explain any material discrepancies between the name on the application and the name recorded in the evidence of U.S. citizenship/non-citizen U.S. nationality and the evidence of identity (see 22 CFR 51.25).

b. Material discrepancies between the name recorded on the application, the applicant's evidence of U.S. citizenship/non-citizen U.S. nationality, or the evidence of identity must be documented by submission of one or more of the documents listed in this section (see an exception for married names in 8 FAM 403.1-4(C)).  Acceptable means of documenting a material name change include (per 22 CFR 51.25):

   (1)  Court orders or decrees:

      (a)  Name change orders; or

      (b)  Divorce decrees;

   (2)  Certificates of naturalization;

   (3)  Marriage certificates;

   (4)  Documentation demonstrating change of name by operation of state law; or

   (5)  Documentation of customary usage.

> **NOTE**:  Evidence of material name changes must be reviewed for evidence of counterfeiting or alteration (see 8 FAM 201.1)

c. The applicant may not continue to use a previous name after a material name change unless the name change documentation specifically permits the applicant to continue using that name (see 8 FAM 403.1-6 regarding "known as" names).

d. The applicant's name is an integral part of their identity.  Consequently, under 22 CFR 51.23(c), you may require evidence of identity in accordance with Department guidance to establish the name that best identifies the applicant:

   (1)  If the applicant has had a material name change more than one year prior to applying on form DS-11, but has not updated *their* ID to reflect the material name change, you must suspend the application to request an acceptable ID in the new name;

   (2)  The applicant generally will need the name change documentation to change the name on their ID.  You must fully notate the name change documentation prior to returning the documentation, including that the

please scan and e-mail the application and associated documents to at AskPPTAdjudication@state.gov.

## 8 FAM 403.1-4(E)  Change of Name by Customary Usage

*(CT:CITZ-64;   11-08-2021)*

a. The Department recognizes a less formal method of name change through customary usage over a period of at least five years (22 CFR 51.25(c)(5)).

b. An applicant may only request a change of name by customary usage on form DS-11.

c. The applicant should present three or more public or private documents, including one government-issued ID with photograph, reflecting **exclusive use** of the acquired name, each one evidencing that they have used the assumed name for five years or longer.  The applicant may not be able to submit an acceptable ID because many issuing authorities do not issue IDs that are valid for five years or longer, and because many issuing authorities retain expired IDs.  If this is the case, you may accept the applicant's currently valid ID and two additional documents that meet these criteria.

> **NOTE**:  Both parents must provide notarized written consent in the assumed name for minor applicants, i.e., the form DS-3053 must list the minor's assumed name (see 8 FAM 403.1-4 for more information on notarized written consent).

d. If the assumed name has not been used for five years, or if the documentation provided by the applicant does not show exclusive use, i.e., the applicant has used the former name at any point in the last five years, the applicant cannot change their name by customary usage.  The assumed name may still be included as a "known as" name (see 8 FAM 403.1-6).

e. The documentary evidence must show the issue date, acquired name, and one other piece of identifying data such as the applicant's date of birth, place of birth, age, photograph, or Social Security number.  Acceptable documentary evidence includes, but is not limited to:

   (1)  Driver's licenses;

   (2)  Non-driver state-issued IDs;

   (3)  Military records;

   (4)  Employment records;

   (5)  Tax records;

   (6)  School records;

   (7)  Census record;

   (8)  Medical RECORDS; or

   (9)  Religious records.

> **EXCEPTION**:  The general policy in 8 FAM 403.1-2, that all documents must be original or certified copies, does not apply to **valid** IDs submitted in response to

> an IRL, as the applicant may need to retain those during the application process. Photocopies of valid IDs are acceptable.

f.  Form DS-60, "Affidavit Regarding Change of Name," or equivalent notarized affidavits, executed by two or more persons attesting that they have known the applicant by both the original and assumed names, and that the applicant has used that name for all purposes for at least five years, may be provided in place of **one** of the public documents if the applicant cannot obtain a third public record.  See 8 FAM 401.5 for further guidance on identifying witnesses.

# 8 FAM 403.1-5  IMMATERIAL DISCREPANCIES (MINOR NAME CHANGES)

*(CT:CITZ-64;   11-08-2021)*

a. Immaterial discrepancies are those name changes defined in 8 FAM 403.1-5(A) and can occur between the applicant's name as provided on the evidence of U.S. citizenship/non-citizen U.S. nationality (e.g., a previous U.S. passport), the applicant's name on the application, and the applicant's acceptable ID (see 8 FAM 401.3).  You must determine whether the applicant is requesting an immaterial name change or their full legal name by reviewing how the applicant's name is provided in block one of the form DS-11, the top of page two of the form DS-11, or the applicant's signature.  If the applicant provides their full legal name on the form DS-11, the passport should be printed in the applicant's full legal name:

   (1) The REAL ID Act of 2005 requires that states include the "full legal name" on IDs issued by the state.  ID that is not REAL ID compliant may have been truncated, and thus the evidence of U.S. citizenship/non-citizen U.S. nationality may be the best indication of the immaterial name change.  For example:

   (a) Evidence of U.S. citizenship/non-citizen U.S. nationality – "John Jacob Jingleheimer Schmidt;"

   (b) Non-REAL ID compliant ID – "John JJ Schmidt"; and

   (c) Passport application – "John Jacob Schmidt."

   (2) In the example above, the applicant is dropping a last name, which is an acceptable immaterial change.  The first and last names are supported by the applicant's ID, and the middle name by the applicant's evidence of U.S. citizenship/non-citizen U.S. nationality.

b. An immaterial name change generally must be supported by either the evidence of citizenship/nationality or the applicant's ID.

> **NOTE:**  Some states may be unable to accurately list an applicant's name on the physical copy of their ID because of technical limitations (e.g., instead of listing all of the applicant's middle names, one of them is placed in the surname field).  If an applicant claims this is the case, then you should perform an Nlets (not an acronym) check to determine the name that should actually be listed on the applicant's passport.

## 8 FAM 403.1-5(D)  Religious Names

*(CT:CITZ-1;   06-27-2018)*

a. An applicant may have assumed a name as part of a religious rite, e.g., conversion to a new faith.

b. If the assumed religious name is an immaterial name change (e.g., adding a new middle name), you must document it in accordance with 8 FAM 403.1-5(A).

c. If the assumed religious name is a material name change, you must document it in accordance with 8 FAM 403.1-4.

d. If the applicant requests the assumed religious name be included as a "known as" name, you must document it in accordance with 8 FAM 403.1-6.

## 8 FAM 403.1-6  "KNOWN AS" AND PROFESSIONAL NAMES

*(CT:CITZ-64;   11-08-2021)*

a. A passport applicant who does not meet the criteria for a customary name change (see 8 FAM 403.1-4(E)), or who has assumed a name for professional or other bona fide reasons but keeps their legal name for other purposes, may have the assumed name included in the passport as a "known as" name along with the full legal name.

b. A "known as" name may be accepted on the form DS-11 when the applicant:

   (1)  Requests inclusion of a "known as" name;

   (2)  Provides acceptable ID in both names;

   (3)  Signs the application in both names; and

   (4)  Submits evidence that clearly reflects that the applicant has used two or more distinct names openly and concurrently:

   (a)  Two or more public or private documents such as military records, employment records, or tax records.  At least one of these documents must show current use of "known as" name and one other piece of identifying data, such as date of birth or age, place of birth, or Social Security number; and

   (b)  Two affidavits executed by individuals attesting that they know the applicant by both names.  In lieu of one affidavit, a third public or private document may be submitted:

> **EXCEPTION**:  No additional evidence is needed for an applicant who is using a previous legal name as a "known as" name.  Such an applicant does not need to submit evidence showing that they are using the names openly and concurrently.

c. The form DS-82 requires that the applicant's name must be exactly the same or acceptable evidence of a material name change must be presented.  This includes any "known as" names.  Because dropping a "known as" name is an