**United States District Court,
District of Columbia**

| | |
|---|---|
| David Alan Carmichael, *et al.* ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Case No: 19-CV-2316-RC |
| v. ) | |
| ) | |
| Antony John Blinken, *in his Offiicial* ) | |
| *capacity as Secretary of State, et al.,* ) | |
| ) | |
| *Defendants* ) | |

**Plaintiffs' Combined Motion for Costs and Fees**

*Notice of Completion of Final Appeal*

Plaintiffs Carmichael and Lewis pursued appeal to the United States Supreme Court, by petition for writ of certiorari (Notice to D.C. Dist. Ct. ECF 160). The United States Supreme Court denied Plaintiffs' Carmichael and Lewis's petition for writ of certiorari on October 6, 2025. Carmichael v. Rubio, U.S. Sup. Ct. 25-122. Notice was sent to the United States Court of Appeals, D.C. Circuit, Case No. 23-5111. Document #2139037 (Oct. 6, 2025). The denial is the final, non-appealable, ruling pursuant to 28 U.S.C. 2412(d)(2)(G) in this case.

*Motion for Costs and Fees Pursuant to the Equal Access to Justice Act*

The Plaintiffs prevailed substantially regarding the merits of their complaint sufficiently to qualify for payment of their costs and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 and Rule 54 of the Federal Rules of Civil Procedure. The United States was named as a Defendant along with Mike Pompeo in his official capacity as Secretary of State, with Antony L. Blinken and Marco Rubio in succession. An application for costs, fees and expenses with supporting affidavits, an accounting of reasonable expenses

RECEIVED
Mailroom

NOV - 6 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

p. 1 of 9

is filed with this motion (Carmichael application, Exhibit 1; Carmichael affidavit with schedule of costs, Exhibit 2; Lewis Application, Exhibit 3; Lewis Affidavit, Exhibit 4).

The position of the United States and the Secretary of State that caused the litigation was not substantially justified. The position of the United States and the Secretary of State that prolonged the litigation in lieu of granting immediate relief was not substantially justified. The government Defendants cannot demonstrate substantial justification for their violations to the law and their own policy, in the revocation and denial of the Plaintiffs' passport which necessitated the legal action to obtain relief. The Plaintiffs obtained relief that was only attributable to their having to take legal action.

The Plaintiffs are parties whose net worth did not exceed $2,000,000 at the time the civil action was filed. Nor are the Plaintiffs an owner of any business operation described in 28 U.S.C. § 2412(d)(2)(B)(ii) (See Carmichael and Lewis Affidavits).

*Case History*

The Plaintiff's filed the case pro se. The Plaintiffs' alleged that the laws of the United States were violated when the Defendants revoked Carmichael's renewed passport and denied Lewis's passport renewal application, notwithstanding the Plaintiffs' accommodation request for sincerely held religious beliefs and practices that prohibit them from identifying with a Social Security Number (ECF 1 & 52). The facts alleged were never refuted by the Defendants. A reasonable, unbiased person of average intelligence should know that on its face the laws protecting free exercise of religion, beliefs, speech and activities protected by the First Amendment prohibited the denial of the religious accommodation request.

The Plaintiffs survived the government's motion for dismissal where the court found that Defendants did not demonstrate a compelling interest to the persons in requiring them to

identify themselves by an SSN of their applications for renewal of their passports, ECFs 44, 45, published at *Carmichael, et al. v. Pompeo, et al.*, 486 F. Supp. 3d, 360, 371 (D. D.C. Aug. 28, 2020). The Defendants' pre-litigation actions, and litigation positions were not substantially justified.

After the August 28, 2020, ruling in their favor, the Plaintiffs proceeded to communicate discovery demands, making motions to reach discovery. The Defendants moved to remand the case to its Department. The Plaintiffs opposed the motion, making cross motions in their pursuit to judgment on the merits, and made motions for the court to expeditiously compel the Defendants to provide the passport relief demanded in the complaint.

The Defendants admitted that they had not applied the law protecting the Plaintiffs in their rights of religion when they revoked or denied their passports without considering religious accommodation (ECF 80, Def. Status Report). Rather than immediately issue the passports and pursue their eventual mootness claims, the Defendants played litigation games.

The Defendants told the court that they would issue the passports if the Plaintiffs would merely apply again, provide a photograph, without having to pay an additional fee, *Id.* ¶¶ 2-5, and subject themselves to another adjudication. The Plaintiffs objected on the grounds that the filing of another application would be a voluntary action that would nullify the denied applications that were the object of their complaint. The Plaintiffs contended that as a matter of law, no new applications or photographs necessary. A recent ruling by the U.S. Dist. Court, District of Columbia, ruled in agreement with the legal position taken by the Plaintiffs, "While the Department represents that it stands ready to issue Jordan a passport, it refuses to do so unless Jordan submits an updated application with a new photograph. Peek Decl. ¶¶ 15–16. These extra hurdles constitute "effects of the alleged violation." *Kifafi v. Hilton Hotels Ret. Plan*,

701 F.3d 718, 725 (D.C. Cir. 2012)." *Jordan v. Blinken, et al.*, U.S. Dist. Ct., D.C., 1:24-cv-01844, Doc. 48, p. 12, Memorandum Opinion, July, 29, 2025, published.

The Defendants' conceded the position stated in their Status Report by issuing a replacement passport to Plaintiff Carmichael, using the photograph that he supplied in January 2018. The Defendants simultaneously denied a passport to Lewis saying that his photograph from April 2019 was too old, referencing a passport policy without quoting it, saying that Lewis's photograph had to be produced within six months of the issue date. Lewis contested that allegation saying that that his photograph, supplied with, and taken contemporaneously to, his passport application was sufficient as a matter of law. Upon exposure of the actual text of the passport policies, it was shown as a matter of law that Lewis was right and the statement of Defendant, who had a duty to know it, was wrong. The photograph was required to be current within six months of the passport "application" date, not the passport issue date.

Three years into the litigation, the Defendants conceded that they were wrong regarding Lewis's photograph being required, but repeated their frivolous demand for a new application from Lewis, stalling again. The Plaintiffs stood firm on their understanding of the law, confirmed recently by D.C. District Judge McFadden in *Jordan v. Blinken, et al., Ibid.*

The court evaded ruling on the merits of the controversy, yet ordered the Defendant to send Lewis' passport to the address shown in the case filing, ECF 137-3, by Minute Order, May 25, 2022. The court also ordered the Defendant to file a motion for mootness. The Defendants issued the Lewis passport in response to the court order, without requiring a new photograph or application. The Plaintiffs contested the court's order and the Defendants' subsequent motion saying that the Plaintiffs' damages claims were being ignored in violation of two recent rulings by the United States Supreme Court decided in 2020 and 2021. That

was the basis of the Plaintiffs' non-frivolous appeal, which finally terminated October 6, 2020. The court of appeals did not resolve the conflict between the D.C. Circuits position in *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir. 2006), that RFRA does not waive sovereign immunity for damages relief - as opposed to the U.S. Supreme Court's ruling in *Tanzin v. Tanvir*, 592 U.S. 1 (2020) and *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) which explains that damages are "appropriate relief" as termed by the Religious Freedom Restoration Act.

The purpose of the EAJA is to minimize the burden of legal expenses where a challenge of unreasonable government action is necessary. *Gavette v. OPM*, 808 F.2d 1456, 1459-60 (Fed.Cir.1986) (en banc); accord *Cmty. Heating & Plumbing Co. v. Garrett*, 2 F.3d 1143, 1145 (Fed.Cir.1993) (explaining that Congress enacted the EAJA to "eliminate legal expenses as a barrier to challenges of unreasonable government action"). Section 2412(d)(1)(A) of the EAJA reads as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

## *Substantial Justification*

The government bears the burden of proving that its position was substantially justified. *California Marine Cleaning v. U.S.*, 43 Fed.Cl. 724, 729 (Fed.Cl.1999) (citing *Doty v. U.S.*, 71 F.3d 384, 385 (Fed.Cir. 1995)). The Supreme Court has defined "substantially justified" as meaning "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Larsen v. U.S.*, 39 Fed.Cl. 162, 167 (1997) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). To satisfy the

substantially justified standard, defendant's position must have a reasonable basis in law and fact. *Id.* This determination is to be made on a case-by-case basis. *Gavette,* 808 F.2d at 1467. The Supreme Court has cautioned against allowing a negative determination on the merits to transcend that phase of the litigation and dictate the results of an inquiry into whether the government's position was substantially justified. *Scarborough v. Principi,* 541 U.S. 401, 415, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). It is conceivable that "the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce,* 487 U.S. at 569, 108 S.Ct. 2541. Although the two inquiries view the circumstances through different prisms, they are nevertheless somewhat intertwined. *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. U.S.,* 837 F.2d 465, 467 (Fed.Cir.1988) (citing *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1090 (D.C.Cir.1986)). The United States Court of Appeals for the District of Columbia (D.C.Circuit) has gone as far as to state that "[i]n some cases, the standard of review on the merits is so close to the reasonableness standard applicable to determining substantial justification that a losing agency is unlikely to be able to show that its position was substantially justified." *F.J. Vollmer Co., Inc. v. Magaw,* 102 F.3d 591, 595 (D.C.Cir. 1996) .

The Defendant cannot show that its reasons for revoking and denying the Plaintiffs passports are substantially justified. The duty to issue the passports was clear on its face to even the untrained plaintiffs, and without argument upon the August 28, 2020, denial of the Defendants' motion to dismiss on the Plaintiffs Second Cause of Action. The prolonging of the denial of Lewis's passport and the attempt to prolong the replacement of Carmichael's passport cannot be justified as a matter of law. In order to determine whether defendant's position is substantially justified the court must look at the arguments focused on the merits of

the case. *Devine v. Sutermeister,* 733 F.2d 892, 897 (Fed.Cir.1984) ("[A] prevailing party should not be denied fees for its failure to prevail on every procedural motion or claim where there is no clear distinction between the former and that party's ultimate success on the merits.") "There is no justification for the government's position when clear, unambiguous regulations directly contradict that position." *Filtration Dev. Co. v. U.S.,* 63 Fed.Cl. 612, 621 (Fed.Cl.2005). The prolonging of the litigation was not a close question of fact or law, but an apparent disregard for the Department's own rules and procedures and a failure to give appropriate evidence to support defendant's case. Therefore, plaintiff is eligible to recover cost and fees because defendant's position was not substantially justified.

## *Expenses*

Even the Plaintiffs could conclude by their untrained but reasonable minds that the Defendants' conduct was unlawful and hostile to religion and the fundamental rights protected under the constitution. Their pre-litigation attempts to reverse the Defendants unlawful actions were not only spurned by the Defendants, the revoking of Carmichael's passport was in retaliation for his efforts to administratively assist his friends in their attempts at pre-litigation relief. The Plaintiffs filed *pro se,* not having the money to hire a lawyer. Their efforts saved the United States tens of thousands of dollars in lawyers fees, but they incurred the cost of the litigation administration that would not be necessary but for the Defendants' refusal to apply the law as demanded by the Plaintiffs in their pre-litigation communications. The filing fee should have not been necessary, nor the printing and service of process expenses. The fee for a passport renewal was $120.00, not the thousands of dollars required as a result of the Defendants' unjustified actions that were causal to the prolonged litigation where the issuance of the passport was not completed until after three years of litigation.

The matters on appeal were not frivolous, and were in pursuit of important matters in keeping with the Federal Rules of Civil and Appellate procedure, Rule 11(b)(2). Those matters would not be necessary to address but for the Defendant's unsubstantiatable revoking of Carmichael's passport and the denial of Lewis's application to renew his passport.

> Under the amended 1985 version of the EAJA, the "substantial justification" inquiry must address both the governmental action that precipitated the lawsuit and the posture assumed by the government in the litigation. This approach is most consistent with the underlying purpose of the EAJA, which is not only to ensure that the government articulates a colorable legal position once its actions have been challenged in court, but also to encourage the government to weigh the reasonableness of its conduct when formulating policy or undertaking another action. The government is properly held liable for a fee award when it was "at fault--either in [its] primary conduct or in the course of litigation-in forcing the winner to spend money on legal services.'" As with an unreasonable posture in court, an unreasonable decision or action by the government leading to litigation unjustifiably imposes an improper legal expense upon the party challenging or resisting that government position. - *See* Gregory C. Sisk, *The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two) of Attorney's Fees for Unreasonable Government Conduct (Part Two)*, , 56 La. L. Rev. (1995) - Available at: https://digitalcommons.law.lsu.edu/lalrev/vol56/iss1/4

The schedule of costs is provided in good faith by the Plaintiffs. They account for payments made for postage and shipping, where records of the cost have been inventoried, and where the mailing costs are able to be calculated according to the standard costs based upon the size of the document mailed. Printing costs account for the number of pages printed for each document, including cover letters as well as printed necessary communications between the parties, printed for each party, times ten cents (10¢) per page. There are some costs for printing and shipping that could not be tracked, and are therefore not included. The particular documents calculated for costs relate to, or are material to, those necessary to the litigation filings that were necessary to the issuance of the Plaintiffs' passports, and the establishment of the record related to exposing the Defendants' lack of substantial justification for their pre-litigation and during-litigation positions.

*Conclusion*

For the above-stated reasons, Plaintiffs' motion for attorney costs and expenses are hereby submitted by the Application for Fees and Other Expenses Under the Equal Access to Justice Act and supporting affidavits, attached herewith. Make payments in the amount indicated thereby, payable to: David Alan Carmichael.

Sign: *[signature]*     Date: November 3, 2025

David Alan Carmichael, Plaintiff
1748 Old Buckroe Road
Hampton, Virginia 23664

Sign: *[signature]*     Date: 3 November 2025

Lawrence Donald Lewis, Plaintiff
966 Bourbon Lane
Nordman, Idaho 83848

# CERTIFICATE OF SERVICE

I, David Alan Carmichael, hereby certify that I delivered by mail, the November 3, 2025, motion of mine and fellow Plaintiff Lawrence Donald Lewis, for payment of costs and expenses under the Equal Access to Justice Act. I served it by United States mail, with its applications and declarations/affidavits regarding the costs and expenses as well as the assets of the applicants. I sent the original motion to the Court and copies to the parties at:

   Angela D. Caesar
   Clerk of Court, District Court of the United States
   United States Courthouse
   333 Constitution Ave NW
   Washington, DC 20001
   Certified mail #  9589 0710 5270 2362 2876 21

   United States Attorney
   United States Attorney's Office
   555 4th Street, N.W.
   Washington, D.C.  20530
   Certified mail #  9589 0710 5270 2362 2876 07

   Lawrence Donald Lewis
   966 Bourbon Lane
   Nordman, Idaho  83848

   David Alan Carmichael
   1748 Old Buckroe Road
   Hampton, Virginia  23664

Wherefore, I hereby certify under the penalty of perjury under the laws of the United States that the foregoing is true.

_____    _November 3, 2025_
David Alan Carmichael         Date