IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID ALAN CARMICHAEL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCO RUBIO, *et al.*, <br><br> *Defendants*. | Case No. 1:19-cv-02316-RC <br><br> Hon. Rudolph Contreras |

**DEFENDANTS' RESPONSE IN OPPOSITION TO [162] "PLAINTIFFS' COMBINED MOTION FOR COSTS AND FEES"**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

APPLICABLE STANDARD.................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    The Bill of Costs is Untimely and Incomplete................................................... 2

    II.    Plaintiffs Are Not Prevailing Parties................................................................. 3

        A.    There is No Court-Ordered Change in the Legal Relationship of the Parties ................ 3

        B.    There is No Judgment in Favor of the Party Seeking the Fees. ...................................... 5

        C.    No Judicial Relief Was Awarded. ......................................................................................... 6

    III.    Even Assuming Plaintiffs Had Prevailing Party Status, the Court Should Decline to Exercise Discretion to Award Costs. ................................................................ 6

    IV.    The Claimed Costs Are Improper and Unapportioned. ..................................... 8

    V.    A Note on Substantial Justification................................................................... 9

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,
  532 U.S. 598 (2001) ................................................................................................... 4, 4-5, 5-6
*Carmichael v. Blinken*,
  No. 19-2316 (RC), 2023 U.S. Dist. LEXIS 46645 (D.D.C. Mar. 20, 2023) .............................. 6
*Carmichael v. Blinken*,
  No. 19-2316 (RC), 2022 U.S. Dist. LEXIS 54571 (D.D.C. Mar. 25, 2022) .............................. 7
*Carmichael v. Blinken*,
  No. 22-5143, 2022 U.S. App. LEXIS 22374 (D.C. Cir. Aug. 11, 2022) ............................... 7, 8
*Carmichael v. Blinken*,
  2024 U.S. App. LEXIS 23838 (D.C. Cir. Sep. 18, 2024) ........................................................... 7
*Carmichael v. Rubio*,
  223 L.Ed.2d 65 (U.S. 2025) .................................................................................................. 2, 7
*Carmichael v. Pompeo*,
  486 F. Supp. 3d 360 (D.D.C. 2020) .......................................................................................... 7
*District of Columbia v. Jeppsen*,
  514 F.3d 1287 (D.C. Cir. 2008) ............................................................................................. 4, 7
*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................................................. 9
*Hewitt v. Helms*,
  482 U.S. 755 (1987) .................................................................................................................. 5
*Initiative & Referendum Inst. v. U.S. Postal Serv.*,
  794 F.3d 21 (D.C. Cir. 2015) .................................................................................... 1, 3, 4, 5, 6
*Kooritzky v. Herman*,
  178 F.3d 1315 (D.C. Cir. 1999) ................................................................................................ 2
*Liberman v. Barnhart*,
  232 F. Supp. 2d 18 (E.D.N.Y. 2002) ...................................................................................... 10
*Mass. Fair Share v. Law Enf't Assistance Admin.*,
  776 F.2d 1066 (D.C. Cir. 1985) ................................................................................................ 9
*Neal & Co. v. United States*,
  121 F.3d 683 (Fed. Cir. 1997) ................................................................................................... 6
*Pakosz v. Blinken*,
  Nos. 22-5143, 23-5111, 23-5113, 2023 U.S. App. LEXIS 32477 (D.C. Cir. Dec. 7, 2023) ....... 7
*Pakosz v. Blinken*,
  Nos. 22-5143, 23-5111, 23-5113, 2023 U.S. App. LEXIS 32477 (D.C. Cir. Dec. 7, 2023) ...... 8
*Pakosz v. Blinken*,
  No. 22-5143, 2023 U.S. App. LEXIS 33971 (D.C. Cir. Dec. 21, 2023) .................................... 7
*Turner v. D.C. Bd. of Elections & Ethics*,
  354 F.3d 890 (D.C. Cir. 2004) .................................................................................................. 2
*Turner v. National Transportation Safety Board*,
  608 F.3d 12 (D.C. Cir. 2010) .................................................................................................... 1
*White & White, Inc. v. Am. Hosp. Supply Corp.*,
  786 F.2d 728 (6th Cir. 1986) ..................................................................................................... 7

*Wisnewski v. Champion Healthcare Corp.*,
  No. A3-96-72, 2001 U.S. Dist. LEXIS 481 (D.N.D. Jan. 16, 2001) .......................................... 8
*Zdunek v. Wash. Metro. Area Transit Auth.*,
  100 F.R.D. 689 (1983) ............................................................................................................. 9

**Statutes**

28 U.S.C. § 2412 ............................................................................................................................. 1
28 U.S.C. § 2412(a) ............................................................................................................. 6, 8, 10
28 U.S.C. § 2412(d) ....................................................................................................................... 9

**Rules**

Fed. R. App. P. 39 .......................................................................................................................... 8
D.D.C. L. Civ. R. 54.1 ............................................................................................................... 2-3

**INTRODUCTION**

Nearly five years ago, in April 2021, Mr. Carmichael was issued a replacement passport. 1st Peek Decl. ¶ 4 (ECF No. 140-2); "Motion for Court to Maintain Custody…" (ECF No. 101, ¶ 2). Three and one-half years ago, Mr. Lewis was issued a passport. Ex. 1 to 2d Peek Decl. at 5, ECF No. 140-3. Despite receiving the equitable relief sought many years ago, what has followed included a dismissal order, three appeals, two rehearing petitions, and a petition for a writ of certiorari, all of which were decided in Defendants' favor. Nonetheless, over the last three and one-half years, this needless litigation has been a massive drain on Department of Justice and judicial resources, and it was all for nothing. For the last three and one-half years, Plaintiffs stood to gain nothing other than the mere possibility of some moral satisfaction. Plaintiffs have not prevailed, and yet, now they claim they are entitled to costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* "Plaintiffs' Combined Motion for Costs and Fees" (ECF No. 162) ("Mot."). For many reasons, the Court should deny the motion.

**LEGAL STANDARD**

To receive an award for costs or fees under EAJA, the party seeking it must be the "prevailing party." The term "prevailing party" is a term of art, having a specific meaning. To be considered a prevailing party, three elements are required. "In determining whether a fee applicant is a 'prevailing party,' this Court applies the following three-part test: '(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief.'" *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23-24 (D.C. Cir. 2015) (quoting *Turner v. National Transportation Safety Board*, 608 F.3d 12, 15 (D.C. Cir. 2010) (internal quotation marks omitted)). The award seeker "bears the burden of establishing

1

both entitlement to an award… as well as the amount properly due." *Turner v. D.C. Bd. of Elections & Ethics*, 354 F.3d 890, 895 (D.C. Cir. 2004).

## ARGUMENT

As a threshold matter, "*pro se* plaintiffs may not recover attorney fees under the EAJA." *Kooritzky v. Herman*, 178 F.3d 1315, 1321 (D.C. Cir. 1999). Likely for that reason, Carmichael appears to only seek costs, and Lewis does not appear to seek any costs of his own. *See* Motion (ECF No. 162).[1] The only questions are thus whether Plaintiffs are "prevailing parties" under EAJA, whether the Court should exercise discretion to award costs, and if so, in what amount. The only reasonable answers are "no," "absolutely not," and "nothing," respectively.

First, Plaintiffs are not prevailing parties, so no costs should be awarded. Carmichael has not demonstrated that a single element of the prevailing-party test has been met. Even if he were a prevailing party at some point, the taxpayer has had to foot the bill to defend this case for nearly five years after Carmichael received a passport and three and one-half years after Lewis received a passport, including three years on three separate appeals, with publicly-funded attorneys in front of publicly-funded judges. Asking the taxpayer to spend a penny more on Carmichael's litigiousness would be preposterous. Lastly, even if Carmichael were a prevailing party and even if an exercise of discretion in his favor were remotely appropriate, much of what he claims are not allowable costs.

### I. The Bill of Costs is Untimely and Incomplete.

As Plaintiffs acknowledge, their Petition for a Writ of Certiorari from their failed appeal was denied by the Supreme Court on October 6, 2025. *Carmichael v. Rubio*, 223 L.Ed.2d 65 (U.S. 2025). Their motion and Bill of Costs was not received by the Court until November 6, 2025, and

---

[1] For this reason, this Motion refers to Plaintiffs as "Carmichael."

2

it was not filed until November 15, 2025. ECF No. 162 at 1.[2] Even if the Court could ignore every other defect with the request, it is untimely under the Court's local rules. D.D.C. L. Civ. R. 54.1(a) ("A bill of costs must be filed within 21 days after entry of judgment terminating the case as to the party seeking costs, unless the time is extended by the Court.").

One or both of the bills of costs are also incomplete. The local rules require that "bill of costs shall specifically itemize with supporting documentation the particular costs[.]" D.D.C. L. Civ. R. 54.1(a). Carmichael includes no supporting documentation to substantiate any of the costs he claims, and Lewis's bill simply says "Amount Filed by Carmichael" without itemization or documentation. Neither the form nor the timing is compliant with the Court's local rules, and Plaintiffs' motion should be denied for that reason alone.

## II.   Plaintiffs Are Not Prevailing Parties.

### A.   There is No Court-Ordered Change in the Legal Relationship of the Parties

Taking the required elements for "prevailing party" status in turn, Carmichael must show "a court-ordered change in the legal relationship of the parties[.]" *Initiative & Referendum Inst.*, 794 F.3d at 23-24. Carmichael spends much of his motion lauding the decision issued by another court in this district, *Jordan v. Rubio*, No. 1:24-cv-01844 (TNM), 2025 LX 365035 (D.D.C. July 29, 2025). But another court's decision in a different case does not turn *these* Plaintiffs into "prevailing parties" in *this* case.

The only other order Plaintiffs point to is the Court's order for "the Defendant to send Lewis' passport to the address shown in the case filing[.]" Mot. at 4. But this order does not make Plaintiffs "prevailing parties." First, that order did not change the relationship between the parties, it merely resolved a silly impasse in which former counsel for the Government simply asked

---

[2]   Even if going by the certificate of service, it would still be untimely. ECF No. 162 at 10.

3

Plaintiffs to confirm Lewis's mailing address so Lewis's passport could be mailed to him, and Plaintiffs refused to respond because they perceived the question to be "a means to bait the applicant into appearing to be settling a matter of litigation[.]" ECF No.137-4 at 1; Status Report (ECF No. 136) at 3 ("The Department has asked Plaintiff Lewis to confirm the address to which he would like his newly issued passport sent, but thus far Plaintiff Lewis has not submitted a response."). The Court's order did nothing more than end that impasse by picking the return address from Lewis's most recent correspondence and directing Defendants to mail it to that one. *See* Minute Order (May 25, 2022). The Court did not order a change in the relationship. In fact, Plaintiffs acknowledged—and indeed, *argued*—that this order was "without a finding of fact and conclusions of law on the substantial matter of the passport renewal application approval of Plaintiff-Appellant Lewis." Plaintiffs' Objections to May 25, 2022 Minute Order and Notice of Intentions to Move for Stay in Circuit Court (ECF No. 138) at ¶ 6. And, most tellingly, Plaintiffs themselves described this order as not a "real judgment… for the qualification of costs under the Equal to Access to Justice Act." *Id.* Defendants agree.

Lastly, Plaintiffs claim that they can be considered "prevailing parties" because their litigation was the but-for cause for obtaining passports. *See* Mot. at 2 ("The Plaintiffs obtained relief that was only attributable to their having to take legal action."). Assuming *arguendo* this were true, the Supreme Court unequivocally rejected this line of argument. In *Buckhannon v. West Virginia Department of Health & Human Resources*, "the Supreme Court rejected the 'catalyst theory,' according to which a plaintiff prevailed if its lawsuit brought about the desired change in the defendant's conduct without the court ordering the defendant to change its ways – that is, without what the Supreme Court described as a 'judicially sanctioned change in the legal relationship of the parties.'" *District of Columbia v. Jeppsen*, 514 F.3d 1287, 1290 (D.C. Cir. 2008)

4

(explaining *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). The Supreme Court's *Buckhannon* decision remains good law (in non-FOIA contexts) and it squarely applies here, so this Court is bound by it.

In sum, Plaintiffs point to no order that established "a court-ordered change in the legal relationship of the parties[]" in their favor, *Initiative & Referendum Inst.*, 794 F.3d at 23-24, because there simply is none.[3]  Although the Government issued their passports, it did so without a court order to do so, and Plaintiffs are not "prevailing parties" under the law. *Buckhannon*, 532 U.S. at 605 (A "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."). Plaintiffs' case was dismissed with prejudice with nothing awarded. They are thus not prevailing parties.

### B. There is No Judgment in Favor of the Party Seeking the Fees.

The second criterion of the "prevailing party" test is that "the judgment must be in favor of the party seeking the fees." *Initiative & Referendum Inst.*, 794 F.3d at 23-24.  In lieu of a judgment, Plaintiffs appear to point to orders granting in part and denying in part Defendants' motions to dismiss.  Mot. at 2-3 (describing "surviv[ing] the government's motion for dismissal" as a "ruling in their favor"). But barely surviving a motion to dismiss is "not the stuff of which legal victories are made." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).  Plaintiffs are thus not "prevailing parties." *Buckhannon*, 532 U.S. at 605 (rejecting the proposition that "a plaintiff could recover attorney's fees if it established that the 'complaint had sufficient merit to withstand a

---

[3] And even if this order *could* be characterized as "a court-ordered change in the legal relationship of the parties," that order bore only on Lewis, not Carmichael, and Lewis failed to submit an itemized bill of costs. *See* L. Cv. R. 54.1(a).  Despite repeated admonitions at both levels, Plaintiffs fail to understand that Carmichael is not anyone's attorney and cannot litigate anyone else's claims or on anyone else's behalf.

5

motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted.'"). As there is no such judgment in favor of Carmichael or Lewis, they are, therefore, not "prevailing parties" who are eligible for an award of costs under 28 U.S.C. § 2412(a).

### C.  No Judicial Relief Was Awarded.

The third criterion of the "prevailing party" test requires that "the judicial pronouncement must be accompanied by judicial relief." *Initiative & Referendum Inst.*, 794 F.3d at 23-24. Plaintiffs' lawsuit was ordered dismissed with prejudice (ECF No. 149), and the Court awarded no relief.  Moreover, the Court's judgment dismissing this lawsuit was affirmed by the D.C. Circuit. *Carmichael v. Blinken*, No. 23-5111, 2024 LX 183323, at *3 (D.C. Cir. May 30, 2024). As Plaintiffs were awarded nothing, Plaintiffs fail the third criterion for "prevailing party" status.

### III.  Even Assuming Plaintiffs Had Prevailing Party Status, the Court Should Decline to Exercise Discretion to Award Costs.

Even assuming Plaintiffs came anywhere close to meeting the "prevailing party" showing, the Court still has discretion over whether to award costs or not.  28 U.S.C. § 2412(a).  "The term 'may' in EAJA provides… wide discretion to award costs." *Neal & Co. v. United States*, 121 F.3d 683, 686 (Fed. Cir. 1997). Therefore, "EAJA does not create a presumption in favor of an award of costs to the prevailing party. Rather EAJA vests the trial court with considerable discretion to award costs. This discretion authorizes the trial court to consider a wide variety of factors, including the conduct of the parties during trial, in reaching its costs decision." *Id.* at 687.  Even in a scenario where Plaintiffs were prevailing parties, awarding costs would not be appropriate here.

As the Court recognized nearly three years ago, this litigation has been purely for the sake of litigation for a long, long time. *Carmichael v. Blinken*, No. 19-2316 (RC), 2023 U.S. Dist. LEXIS 46645, at *2 (D.D.C. Mar. 20, 2023) ("[Plaintiffs] still refuse to take Defendants' 'yes' for

6

an answer"); *id.* at \*8-\*9 ("The Court will not entertain Mr. Carmichael's attempts to prolong this moot case further by manufacturing new reasons to reject the relief that Defendants have provided."). Despite the lack of any cognizable stakes, Carmichael and his compatriots have pursued three different appeals, none of which were resolved in their favor.[4] This last three years of needless and arguably frivolous litigation has come at a tremendous cost to the judiciary's and the Department of Justice's resources, both of which are paid for the taxpayer.[5] The taxpayer should not be forced to spend a penny more on Carmichael's insatiable appetite for litigation, and even if Plaintiffs met any of the required elements to be considered a "prevailing party," costs should still be denied given Plaintiffs' unnecessary protraction of this litigation. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (denial of costs appropriate "for unnecessarily prolonging trial or for injecting unmeritorious issues").

Second, Defendants obtained a dismissal against Plaintiffs on all of their claims, and Plaintiffs were denied all relief. As such, under EAJA, Defendants are in "prevailing party" status[6]

---

[4] *Carmichael v. Blinken*, No. 22-5143, 2022 U.S. App. LEXIS 22374, at \*2 (D.C. Cir. Aug. 11, 2022) (dismissing Carmichael's and Lewis's appeals as prematurely filed); *Pakosz v. Blinken*, Nos. 22-5143, 23-5111, 23-5113, 2023 U.S. App. LEXIS 32477, at \*4 (D.C. Cir. Dec. 7, 2023) (granting summary affirmance from the order denying Hollingsworth's motion to substitute, and dismissing Pakosz's appeal); *Pakosz v. Blinken*, No. 22-5143, 2023 U.S. App. LEXIS 33971, at \*2 (D.C. Cir. Dec. 21, 2023) (affirming the denial of Boulton's motion to intervene, dismissing her appeal from ancillary orders); *Carmichael v. Blinken*, No. 23-5111, 2024 LX 183323, at \*5 (D.C. Cir. May 30, 2024) (affirming the dismissal in part and dismissing the appeal in part), *reh'g denied*, 2024 U.S. App. LEXIS 23838, at \*1 (D.C. Cir. Sep. 18, 2024), *reh'g en banc denied*, 2025 LX 119183 (D.C. Cir. Jan. 14, 2025), *cert denied*, 223 L.Ed.2d 65 (U.S. 2025).

[5] The undersigned alone has spent over 300 hours from July 2022 to the present defending the appeals and responding to barrages of appellate *pro se* motions, none of which were found to have any merit.

[6] At a minimum, Defendants are prevailing parties as to the claims that were dismissed for failure to state a claim. *See Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 372-77 (D.D.C. 2020); *Carmichael v. Blinken*, No. 19-2316 (RC), 2022 U.S. Dist. LEXIS 54571, at \*45-\*48 (D.D.C. Mar. 25, 2022) (dismissing the Privacy Act claims for failure to state a claim). Many of the other dismissals likely also conferred prevailing party status on Defendants, *see Jeppsen*, 514 F.3d at 1290, but it is unnecessary to delve into that here.

7

and costs may be awarded *against Plaintiffs*. 28 U.S.C. § 2412(a).  But rather than trigger another maelstrom of *pro se* filings, Defendants would prefer to spare the Court and the taxpayer—as they did for the D.C. Circuit by declining to seek costs under Fed. R. App. P. 39—the time, expense, and migraines that litigating, calculating, and collecting an award of costs against each Plaintiff would entail.  The Court should simply decline to award costs to either side. *Wisnewski v. Champion Healthcare Corp.*, No. A3-96-72, 2001 U.S. Dist. LEXIS 481, at *12 (D.N.D. Jan. 16, 2001) ("Instead of being consumed with apportioning costs, a much cleaner approach is to deny costs to both sides.").

### IV.    The Claimed Costs Are Improper and Unapportioned.

Even if the Court excuses untimeliness, prevailing party status, and even if discretion could be exercised in Plaintiffs' favor—notwithstanding that they unnecessarily prolonged the litigation by a matter of years—much of the claimed costs are improper.  They are also not apportioned between successful and unsuccessful parties and claims.

First, Carmichael appears to be seeking costs on behalf of others.  But as he has been repeatedly reminded by the D.C. Circuit, he is not a lawyer, and he cannot litigate others' claims or on others' behalf.  *Pakosz v. Blinken*, Nos. 22-5143, 23-5111, 23-5113, 2023 U.S. App. LEXIS 32477, at *5 (D.C. Cir. Dec. 7, 2023) ("Appellants are reminded that a *pro se* litigant may not represent another person in court."); *Carmichael v. Blinken*, No. 22-5143, 2022 U.S. App. LEXIS 22374, at *3 (D.C. Cir. Aug. 11, 2022) ("The appellants request that this court allow appellant Carmichael, who is not an attorney, to file submissions on their behalf. A pro se litigant may not represent another person in court.").  So, for example, Carmichael cannot seek costs on behalf of Pakosz's estate, particularly considering Pakosz was also not a prevailing party. *See* Expenses Data Sheet (ECF No. 162-1 at 6-7).  He also cannot seek Boulton's or Hollingsworth's costs,

8

considering neither were "parties" at all, much less "prevailing parties." *See id.* Based on his affidavit, Carmichael appears to have shouldered the costs for Pakosz, Lewis, Boulton, Hollingsworth, and others, making four or more copies of most documents. *Id.*; Carmichael Affidavit (ECF No. 162-1) at 2 (explaining he "print[ed] and sen[t] copies of the documents to the Parties Plaintiff" and "The amounts indicating to charge are the small amount attributable to that which was paid by William Pakosz")). The Government is not liable for costs in a case where Plaintiffs were not prevailing parties, much less any costs Carmichael voluntarily incurred for other non-prevailing parties and non-parties.

But even if the Court were to allow Carmichael to litigate others' costs or claim costs that he voluntarily shouldered for others, his costs should be apportioned downward for every claim on which Plaintiffs were unsuccessful or for every non-prevailing party. *See Hensley v. Eckerhart*, 461 U.S. 424, 439 (1983); *see also Wisnewski*, 2001 U.S. Dist. LEXIS 481, at *12. Under either apportioning method, the resulting amount is $0. Furthermore, none of Carmichael's claimed shipping costs are taxable at all, even if any Plaintiff were a prevailing party. *Mass. Fair Share v. Law Enf't Assistance Admin.*, 776 F.2d 1066, 1069 (D.C. Cir. 1985). Neither is travel, nor process servers. *Zdunek v. Wash. Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (1983). Consequently, no costs should be awarded.

## V.  A Note on Substantial Justification.

Almost all of Carmichael's motion is dedicated to re-arguing his case via a "substantially justified" argument, pertinent to whether attorneys' fees are appropriate under 28 U.S.C. § 2412(d). His argument is entirely misplaced because—his lack of prevailing party status aside—Carmichael is not an attorney and cannot recover attorneys' fees under § 2412(d). As such, even

9

if he had prevailed, he could only make an argument for costs under § 2412(a).[7] An award of costs is discretionary. 28 U.S.C. § 2412(a). This is unlike EAJA *fees*, which are prohibited if the Government's position is "substantially justified." *Compare id. with id.* § 2412(d)(1)(A). The "substantially justified" analysis for fees has little or no relevance to a § 2412(a) cost discussion.[8]

As such, it suffices to say Defendants do not agree with Carmichael's characterizations, but Defendants otherwise decline to spar with Plaintiffs on the merits of this moot case. The Court should likewise reject Carmichael's transparent attempt to obtain an advisory opinion on the merits of a case that has been moot for years. Plaintiffs are clearly not entitled to costs because they are not "prevailing parties" as that term is used in the law, and that alone is determinative.

## CONCLUSION

For the foregoing reasons, Defendants alone would be entitled to costs. Plaintiffs are entitled to nothing. In lieu of an award of costs to Defendants, Defendants request that each party be ordered to bear their own costs, and that the Court also certify that an appeal from such an order would not be taken in good faith.

---

[7] Although some courts have held that *pro se* litigants cannot recover costs under EAJA, *e.g.*, *Liberman v. Barnhart*, 232 F. Supp. 2d 18, 20 (E.D.N.Y. 2002), it is unnecessary to decide that question in this case where the *pro se* Plaintiffs are clearly not "prevailing parties."

[8] A court may consider many things, including justification, in its discretionary determinations about costs. *See Wisnewski*, 2001 U.S. Dist. LEXIS 481, at *11.

10

DATED: November 26, 2025                    Respectfully submitted,

                                            BRETT SHUMATE
                                            Assistant Attorney General
                                            Civil Division

                                            DREW C. ENSIGN
                                            Deputy Assistant Attorney General
                                            Office of Immigration Litigation

                                            */s/ David J. Byerley*
                                            DAVID J. BYERLEY (D.C. Bar 1618599)
                                            Senior Litigation Counsel
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation
                                            P.O. Box 868, Washington D.C. 20044
                                            david.byerley@usdoj.gov

                                            *Counsel for Defendants*

1

## CERTIFICATE OF SERVICE

      I hereby certify that on November 26, 2025, I served a copy of the foregoing document via the Court's CM/ECF filing system.

DATED: November 26, 2025         <u>*/s/ David J. Byerley*</u>
      DAVID J. BYERLEY (D.C. Bar 1618599)
      Senior Litigation Counsel
      U.S. Department of Justice, Civil Division
      Office of Immigration Litigation
      P.O. Box 868, Washington D.C. 20044
      david.byerley@usdoj.gov

      *Counsel for Defendants*